LAURENCE F. PULGRAM (CSB No. 115163)
lpulgram@fenwick.com
JENNIFER L. KELLY (CSB No. 193416)
jkelly@fenwick.com
CLIFFORD C. WEBB (CSB NO. 260885)
cwebb@fenwick.com
FENWICK & WEST LLP
555 California Street
San Francisco, CA  94104
Telephone:    415.875.2300
Facsimile:    415.281.1350

Attorneys for Plaintiff and Counterdefendant
NEXTDOOR.COM, INC. and Counterdefendant
PRAKASH JANAKIRAMAN

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

NEXTDOOR.COM, INC., a Delaware
corporation,

Plaintiff,

v.

RAJ ABHYANKER, an individual,

Defendant.

RAJ ABHYANKER, an individual,

Counterclaimant,

v.

NEXTDOOR.COM, INC., a Delaware
corporation; PRAKASH JANAKIRAMAN, an
individual; BENCHMARK CAPITAL
PARTNERS VII, L.P., a Delaware limited
partnership; BENCHMARK CAPITAL
MANAGEMENT CO. VII LLC, a Delaware
limited liability company; SANDEEP SOOD, an
individual; MONSOON COMPANY, an
unknown business entity, and DOES 1-50,
inclusive,

Counterdefendants.

Case No.: 3:12-cv-05667-EMC

**REQUEST FOR JUDICIAL NOTICE
IN SUPPORT OF NEXTDOOR.COM,
INC. AND PRAKASH
JANAKIRAMAN'S MOTION TO
DISMISS COUNTERCLAIMS AND
STRIKE AFFIRMATIVE DEFENSES**

Date:        May 2, 2013
Time:        1:30 P.M.
Judge:      Honorable Edward M. Chen

FENWICK & WEST LLP
ATTORNEYS AT LAW
SAN FRANCISCO

In support of their Motion to Dismiss Counterclaims and Strike Affirmative Defenses ("Motion to Dismiss and Strike"), Plaintiff and Counterdefendant Nextdoor.com, Inc. ("Nextdoor.com") and Counterdefendant Prakash Janakiraman ("Janakiraman") (collectively "Counterdefendants") submit this Request for Judicial Notice concerning the following documents, which are properly before the Court on the Motion to Dismiss and Strike:

1) Counterclaimant Raj Abhyanker's ("Abhyanker") November 22, 2006 public patent application number 11/603,442 entitled Map Based Neighborhood Search and Community Contribution (**Exhibit 1**) (*see also* Declaration of Jennifer L. Kelly in Support of Counterdefendants' Request for Judicial Notice ("Kelly Decl.") ¶ 2);

2) Abhyanker's publicly recorded January 28, 2008 assignment of United States Patent Application No. 11/603,442 to Fatdoor, Inc. (**Exhibit 2**) (*see also* Kelly Decl. ¶ 3);

3) The Complaint filed by Abhyanker on November 10, 2011 in California Superior Court (Santa Clara County), Case No. 1-11-cv-212924, *Abhyanker v. Benchmark Capital Partners VII, L.P.* et al. (the "State Court Action") (**Exhibit 3**) (*see also* Kelly Decl. ¶ 4);

4) The First Amended Complaint ("FAC") filed by Abhyanker on December 6, 2011 in the State Court Action (**Exhibit 4**) (*see also* Kelly Decl. ¶ 5);

5) Abhyanker's Notice of Opposition to Nextdoor.com's application to register the NEXTDOOR mark filed in the United States Trademark Trial and Appeal Board ("TTAB") on January 10, 2012, Opposition No. 91203462 ("First Opposition") (**Exhibit 5**) (*see also* Kelly Decl. ¶ 6);

6) Abhyanker's February 7, 2012 Request for Dismissal of the State Court Action (**Exhibit 6**) (*see also* Kelly Decl. ¶ 7);

7) Abhyanker's Notice of Opposition to Nextdoor.com's application to register the NEXTDOOR mark filed in the TTAB on February 9, 2012, Opposition No. 91203762 ("Second Opposition") (**Exhibit 7**) (*see also* Kelly Decl. ¶ 8).

8) The order issued by the TTAB on November 6, 2012 suspending Proceeding No. 91204462 pending determination of this action. (**Exhibit 8**) (*see also* Kelly Decl. ¶ 9).

As explained below, these documents are properly the subject of judicial notice under Federal Rule of Evidence 201, and this Court may consider them and their contents in deciding Counterdefendants' Motion to Dismiss and Strike.

FENWICK & WEST LLP
ATTORNEYS AT LAW
SAN FRANCISCO

1    **I.      ABHYANKER'S STATE COURT ACTION AND TRADEMARK TRIAL AND
2            APPEAL BOARD PLEADINGS ARE APPROPRIATELY THE SUBJECT OF
             JUDICIAL NOTICE.**

3          Under Federal Rule of Evidence 201, the Court may take judicial notice of any facts "not

4    subject to reasonable dispute" in that they are "capable of accurate and ready determination by

5    resort to sources whose accuracy cannot reasonably be questioned."  Fed. R. Evid. 201(b)(2).

6    Courts in the Ninth Circuit routinely take judicial notice of documents filed in related litigation,

7    including documents filed in related state court proceedings and the TTAB.  *See, e.g., Reyn's*

8    *Pasta Bella, LLC v. Visa USA, Inc.*, 442 F.3d 741, 746 n.6 (9th Cir. 2006) (taking judicial notice

9    of court documents and pleadings in related litigation and considering their contents); *Burbank-*

10   *Glendale-Pasadena Airport Authority v. City of Burbank*, 136 F.3d 1360, 1364 (9th Cir. 1998)

11   (taking judicial notice, in a federal action, of pleadings filed in California Superior Court);

12   *Sensible Foods, LLC v. World Gourmet, Inc.*, Case No. 11-2819, 2012 U.S. Dist. LEXIS 21446,

13   at *12-*13 (N.D. Cal. Feb. 21, 2012) (taking judicial notice of documents filed in the TTAB in

14   related federal litigation).  This includes not only noticing the fact of these documents' filing, but

15   the nature of the allegations and arguments made in those documents.  *See, e.g., Reyn's Pasta*

16   *Bella*, 442 F.3d at 746 n.6 (considering the contents of court documents in related litigation to

17   determine the issues actually litigated in that case); *Sensible Foods*, 2012 U.S. Dist. LEXIS

18   21446, at *12-*13 (considering the contents of documents filed in the TTAB and dismissing with

19   prejudice based on those contents).  Consideration of such documents does not convert a motion

20   to dismiss into one for summary judgment.  *See, e.g., In re Calpine Corp. Sec. Litig.*, 288 F.

21   Supp. 2d 1054, 1076 (N.D. Cal. 2003).

22         Exhibits 3-7 to this Request for Judicial Notice are pleadings that Counterclaimant

23   Abhyanker filed in the California Superior Court for the County of Santa Clara and in the TTAB

24   in related litigation against Counterdefendant Nextdoor.com, and Exhibit 8 is an order issued by

25   the TTAB suspending those proceedings pending determination of this action.  These prior

26   pleadings assert many of the same factual allegations and claims that Abhyanker has asserted in

27   this litigation.  As further explained in the Motion to Dismiss and Strike, in the State Court

28

FENWICK & WEST LLP
ATTORNEYS AT LAW
SAN FRANCISCO

1   Action, Abhyanker alleged a number of related causes of action against Counterdefendant

2   Nextdoor.com, including a claim for trade secret misappropriation based on the same general

3   theories asserted here.  *See* Ex. 4.  The TTAB Oppositions also involve many overlapping

4   allegations to those asserted here—in essence, claiming that Abhyanker has prior rights in a

5   neighborhood social networking website called Nextdoor.com that he claims Counterdefendant

6   Nextdoor.com stole.  Exs. 5, 7.

7          As explained by the Motion to Dismiss and Strike, consideration of these documents is

8   appropriate given that they directly contradict assertions now made by Abhyanker in this related

9   litigation.  The genuineness of these publicly available documents cannot be disputed.  *See, e.g.,*

10  *Reyn's Pasta Bella*, 442 F.3d at 746 n.6 (court filings "are readily verifiable and, therefore, the

11  proper subject of judicial notice").  As such, this Court may take judicial notice of Exhibits 3-8 in

12  deciding Counterdefendants' Motion to Dismiss and Strike.

## II.   ABHYANKER'S PATENT FILINGS ARE ALSO SUBJECT TO JUDICIAL NOTICE.

15         Courts also routinely take judicial notice of the existence and contents of documents filed

16  with the United States Patent and Trademark Office, including patent applications and patent

17  assignments.  *See, e.g., Applied Materials v. Advanced Semiconductor Materials Am.*, C-92-

18  20643, 1994 U.S. Dist. LEXIS 17569, at *5 (N.D. Cal. Apr. 19, 1994) (taking judicial notice of

19  patents and patent applications); *Welcome Co. v. Harriet Carter Gifts, Inc.*, Case No. 98-0598,

20  1998 U.S. Dist. LEXIS 21884, at *9-*10 (C.D. Cal. Mar. 26, 1998) (taking judicial notice of

21  USPTO Notice of Recordation of Assignment).  Exhibits 1-2 to the Request for Judicial Notice

22  are a patent application and assignment filed by Abhyanker.  As explained by the Motion to

23  Dismiss and Strike, these documents are fatal to Abhyanker's claims here—demonstrating

24  Abhyanker's public disclosure of his purported trade secrets and confirming his lack of ownership

25  over the asserted intellectual property.  As publicly available documents, they are appropriately

26  the subject of judicial notice and can be considered by the Court in deciding the Motion to

27  Dismiss and Strike.

28

## **CONCLUSION**

For the foregoing reasons, Counterdefendants respectfully request that the Court take judicial notice of Exhibits 1-8 to this Request for Judicial Notice in deciding their Motion to Dismiss and Strike.

Dated:   March 15, 2013                              FENWICK & WEST LLP


                                                     By: */s/ Jennifer L. Kelly*
                                                         Jennifer L. Kelly

                                                     Attorneys for Plaintiff and Counterdefendant
                                                     NEXTDOOR.COM, INC. and Counterdefendant
                                                     PRAKASH JANAKIRAMAN