LAURENCE F. PULGRAM (CSB No. 115163)
lpulgram@fenwick.com
JENNIFER L. KELLY (CSB No. 193416)
jkelly@fenwick.com
CLIFFORD C. WEBB (CSB NO. 260885)
cwebb@fenwick.com
FENWICK & WEST LLP
555 California Street
San Francisco, CA  94104
Telephone:     415.875.2300
Facsimile:     415.281.1350

Attorneys for Plaintiff and Counterdefendant
NEXTDOOR.COM, INC. and Counterdefendant
PRAKASH JANAKIRAMAN

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| NEXTDOOR.COM, INC., a Delaware corporation,<br><br>　　　　　　Plaintiff,<br><br>　　v.<br><br>RAJ ABHYANKER, an individual,<br><br>　　　　　　Defendant. | Case No.: 3:12-cv-05667-EMC<br><br>**REQUEST FOR JUDICIAL NOTICE IN SUPPORT OF NEXTDOOR.COM, INC. AND PRAKASH JANAKIRAMAN'S MOTION TO DISMISS COUNTERCLAIMS AND STRIKE AFFIRMATIVE DEFENSES**<br><br>Date:　　　June 6, 2013<br>Time:　　　1:30 P.M.<br>Judge:　　　Honorable Edward M. Chen |
| RAJ ABHYANKER, an individual,<br><br>　　　　　　Counterclaimant,<br>　　v.<br><br>NEXTDOOR.COM, INC., a Delaware corporation; PRAKASH JANAKIRAMAN, an individual; BENCHMARK CAPITAL PARTNERS, L.P., a Delaware limited partnership; BENCHMARK CAPITAL MANAGEMENT CO. LLC, a Delaware limited liability company; SANDEEP SOOD, an individual; MONSOON ENTERPRISES, INC., a California corporation, and DOES 1-50, inclusive,<br><br>　　　　　　Counterdefendants. | |

In support of their Motion to Dismiss First Amended Counterclaims and Strike Affirmative Defenses ("Motion to Dismiss and Strike"), Plaintiff and Counterdefendant Nextdoor.com, Inc. ("Nextdoor.com") and Counterdefendant Prakash Janakiraman ("Janakiraman") (collectively "Counterdefendants") submit this Request for Judicial Notice concerning the following documents, which are properly before the Court on the Motion to Dismiss and Strike:

1) Counterclaimant Raj Abhyanker's ("Abhyanker") November 22, 2006 public patent application number 11/603,442 entitled Map Based Neighborhood Search and Community Contribution (**Exhibit 1**) (*see also* Declaration of Jennifer L. Kelly in Support of Counterdefendants' Request for Judicial Notice ("Kelly Decl.") ¶ 2);

2) The Complaint filed by Abhyanker on November 10, 2011 in California Superior Court (Santa Clara County), Case No. 1-11-cv-212924, *Abhyanker v. Benchmark Capital Partners VII, L.P.* et al. (the "State Court Action") (**Exhibit 2**) (*see also* Kelly Decl. ¶ 3);

3) The First Amended Complaint ("FAC") filed by Abhyanker on December 6, 2011 in the State Court Action (**Exhibit 3**) (*see also* Kelly Decl. ¶ 4);

4) Abhyanker's Notice of Opposition to Nextdoor.com's application to register the NEXTDOOR mark filed in the United States Trademark Trial and Appeal Board ("TTAB") on January 20, 2012, Opposition No. 91203462 ("First Opposition") (**Exhibit 4**) (*see also* Kelly Decl. ¶ 5);

5) Abhyanker's February 7, 2012 Request for Dismissal of the State Court Action (**Exhibit 5**) (*see also* Kelly Decl. ¶ 6);

6) Abhyanker's Notice of Opposition to Nextdoor.com's application to register the NEXTDOOR mark filed in the TTAB on February 9, 2012, Opposition No. 91203762 ("Second Opposition") (**Exhibit 6**) (*see also* Kelly Decl. ¶ 7).

7) Abhyanker's public posted excerpt of patent application number 11/603,442 explaining that it discloses that "at least one of the embodiments will be used will be on 'nextdoor.com.'" (**Exhibit 7**) (see also Kelly Decl. ¶ 8.)

8) The order issued by the TTAB on November 6, 2012 suspending Proceeding No. 91204462 pending determination of this action. (**Exhibit 8**) (*see also* Kelly Decl. ¶ 9).

As explained below, these documents are properly the subject of judicial notice under Federal Rule of Evidence 201 or the incorporation by reference doctrine, and this Court may consider them and their contents in deciding Counterdefendants' Motion to Dismiss and Strike.

REQUEST FOR JUDICIAL NOTICE      2      Case No.: 3:12-cv-05667-EMC

I. **ABHYANKER'S STATE COURT ACTION AND TRADEMARK TRIAL AND APPEAL BOARD PLEADINGS ARE APPROPRIATELY THE SUBJECT OF JUDICIAL NOTICE.**

Under Federal Rule of Evidence 201, the Court may take judicial notice of any facts "not subject to reasonable dispute" in that they are "capable of accurate and ready determination by resort to sources whose accuracy cannot reasonably be questioned." Fed. R. Evid. 201(b)(2). Courts in the Ninth Circuit routinely take judicial notice of documents filed in related litigation, including documents filed in related state court proceedings and the TTAB. *See, e.g., Reyn's Pasta Bella, LLC v. Visa USA, Inc.*, 442 F.3d 741, 746 n.6 (9th Cir. 2006) (taking judicial notice of court documents and pleadings in related litigation and considering their contents); *Burbank-Glendale-Pasadena Airport Authority v. City of Burbank*, 136 F.3d 1360, 1364 (9th Cir. 1998) (taking judicial notice, in a federal action, of pleadings filed in California Superior Court); *Sensible Foods, LLC v. World Gourmet, Inc.*, Case No. 11-2819, 2012 U.S. Dist. LEXIS 21446, at *12-*13 (N.D. Cal. Feb. 21, 2012) (taking judicial notice of documents filed in the TTAB in related federal litigation). This includes not only noticing the fact of these documents' filing, but also the nature of the allegations and arguments made in those documents. *See, e.g., Reyn's Pasta Bella*, 442 F.3d at 746 n.6 (considering the contents of court documents in related litigation to determine the issues actually litigated in that case); *Sensible Foods*, 2012 U.S. Dist. LEXIS 21446, at *12-*13 (considering the contents of documents filed in the TTAB and dismissing with prejudice based on those contents). Consideration of such documents does not convert a motion to dismiss into one for summary judgment. *See, e.g., In re Calpine Corp. Sec. Litig.*, 288 F. Supp. 2d 1054, 1076 (N.D. Cal. 2003).

Exhibits 2-6 to this Request for Judicial Notice are pleadings and papers that Counterclaimant Abhyanker filed in the California Superior Court for the County of Santa Clara and in the TTAB in related litigation against Counterdefendant Nextdoor.com, and Exhibit 8 is an order issued by the TTAB suspending those proceedings pending determination of this action. These prior pleadings assert many of the same factual allegations and claims that Abhyanker has asserted in this litigation. As further explained in the Motion to Dismiss and Strike, in the State Court Action, Abhyanker alleged a number of related causes of action against Counterdefendant

REQUEST FOR JUDICIAL NOTICE                        3                        Case No.: 3:12-cv-05667-EMC

Nextdoor.com, including a claim for trade secret misappropriation based on the same general theories asserted here. *See* Ex. 3. The TTAB Oppositions also involve many overlapping allegations to those asserted here—in essence, claiming that Abhyanker has prior rights in a neighborhood social networking website called Nextdoor.com that he claims Counterdefendant Nextdoor.com stole. Exs. 4, 6.

As explained by the Motion to Dismiss and Strike, consideration of these documents is appropriate given that they directly contradict assertions now made by Abhyanker in this related litigation. The genuineness of these publicly available documents cannot be disputed. *See, e.g., Reyn's Pasta Bella*, 442 F.3d at 746 n.6 (court filings "are readily verifiable and, therefore, the proper subject of judicial notice"). As such, this Court may take judicial notice of Exhibits 2-6 and Exhibit 8 in deciding Counterdefendants' Motion to Dismiss and Strike.

## II. ABHYANKER'S PATENT FILINGS AND RELATED DOCUMENTS ARE ALSO SUBJECT TO JUDICIAL NOTICE.

Courts also routinely take judicial notice of the existence and contents of documents filed with the United States Patent and Trademark Office, including patent applications. *See, e.g., Applied Materials v. Advanced Semiconductor Materials Am.*, C-92-20643, 1994 U.S. Dist. LEXIS 17569, at *5 (N.D. Cal. Apr. 19, 1994) (taking judicial notice of patents and patent applications); *Welcome Co. v. Harriet Carter Gifts, Inc.*, Case No. 98-0598, 1998 U.S. Dist. LEXIS 21884, at *9-*10 (C.D. Cal. Mar. 26, 1998) (taking judicial notice of USPTO Notice of Recordation of Assignment). Likewise, courts may consider documents referenced but not attached to a pleading under the separate incorporation by reference doctrine. *See Knievel v. ESPN*, 393 F. 3d 1068, 1076-66 (9th Cir. 2005); *Parrino v. FHP, Inc.*, 146 F.3d 699, 705-06 (9th Cir. 1998); *Branch v, Tunnel*, 14 F.3d 449, 453 (9th Cir. 1994). When a document is considered on a Rule 12(b)(6) motion to dismiss under this doctrine, it is treated as "part of the complaint," and thus, its contents may be presumed accurate for purposes of the motion. *Daniels-Hall v. National Educ. Ass'n.*, 629 F.3d 992, 998 (9th Cir. 2010).

Exhibit 1 to the Request for Judicial Notice is a patent application filed by Abhyanker and explicitly referenced in his First Amended Counterclaims. *See* Dkt. 59 ("AC") ¶ 120. As such it

is appropriately the subject of judicial notice and may be considered under the incorporation by reference doctrine.

Exhibit 7 to the Request for Judicial Notice is an excerpt of this same patent application that Abhyanker publicly posted on his public Scribd account as part of a document entitled "Evidence, Benchmark Capital & Nextdoor.com, Inc. lawsuit exhibits – CounterClaims."[1] It includes an exhibit coversheet that explains that the patent application discloses that "at least one of the embodiments will be used on 'nextdoor.com.'" Ex. 7 at 1. The excerpted application is annotated with a red circle around Paragraph 236—presumably pointing to this as the disclosed embodiment of the disclosed invention on nextdoor.com. *Id*. at 3. Courts may take judicial notice of documents like these that a party posts on a website under its control, including on a motion to dismiss. *See, e.g.*, *Rearden LLC v. Rearden Commerce, Inc.*, 597 F. Supp. 2d 1006, 1013 n.3 (N.D. Cal. 2009) (taking judicial notice of material on party's website); *Californians for Humane Farms v. Schafer*, No. 08-3843, 2008 U.S. Dist. LEXIS 74861, at *10 n.1 (N.D. Cal. Sep. 29, 2008) (in dispute regarding California Proposition 2, taking judicial notice of contents of "No on Prop 2" website); *O'Toole v. Northrop Grumman Corp.*, 499 F.3d 1218, 1225 (10th Cir. 2007) (noting that "[i]t is not uncommon for courts to take judicial notice of factual information found on the world wide web" and reversing district court's refusal to take judicial notice of financial materials on Northrop Grumman's website); *Equal Employment Opportunity Commission v. AMX Communications, Ltd.*, No. 09-2483, 2010 U.S. Dist. LEXIS 65015, at *3 n.5 (D. Md. June 30, 2010) (contents of company website were properly the subject of judicial notice); *Doron Precision Sys., Inc. v. FAAC, Inc.*, 423 F. Supp. 2d 173, 179 n.8 (S.D.N.Y. 2006) (on a motion to dismiss, the court may properly take judicial notice of the materials on a party's website).

As explained by the Motion to Dismiss and Strike, these documents are fatal to Abhyanker's claims here—demonstrating Abhyanker's public disclosure of his purported trade secrets and confirming his lack of ownership over the asserted intellectual property. They are appropriately the subject of judicial notice or are incorporated into the First Amended

---

[1] Publicly available at: http://www.scribd.com/rabhyanker/documents. *See* Kelly Decl. ¶ 8.

Counterclaim by reference and can be considered by the Court in deciding the Motion to Dismiss and Strike.

### CONCLUSION

For the foregoing reasons, Counterdefendants respectfully request that the Court take judicial notice of Exhibits 1-8 to this Request for Judicial Notice in deciding their Motion to Dismiss and Strike.

Dated: April 25, 2013      FENWICK & WEST LLP

By: */s/ Jennifer L. Kelly*
     Jennifer L. Kelly

Attorneys for Plaintiff and Counterdefendant NEXTDOOR.COM, INC. and Counterdefendant PRAKASH JANAKIRAMAN