1    LAURENCE F. PULGRAM (CSB No. 115163)
     lpulgram@fenwick.com
2    JENNIFER L. KELLY (CSB No. 193416)
     jkelly@fenwick.com
3    CLIFFORD C. WEBB (CSB NO. 260885)
     cwebb@fenwick.com
4    FENWICK & WEST LLP
     555 California Street
5    San Francisco, CA 94104
     Telephone:    415.875.2300
6    Facsimile:     415.281.1350

7    Attorneys for Plaintiff and Counterdefendant
     NEXTDOOR.COM, INC. and Counterdefendant
8    PRAKASH JANAKIRAMAN

9             UNITED STATES DISTRICT COURT

10         NORTHERN DISTRICT OF CALIFORNIA

11             SAN FRANCISCO DIVISION

12

13    NEXTDOOR.COM, INC., a Delaware        Case No.: 3:12-cv-05667-EMC
     corporation,
14                               **JOINT CASE MANAGEMENT**
                   Plaintiff,               **STATEMENT**
15

16           v.

17    RAJ ABHYANKER, an individual,

18                    Defendant.

19    RAJ ABHYANKER, an individual,

20                    Counterclaimant,

21           v.

22    NEXTDOOR.COM, INC., a Delaware
     corporation; PRAKASH JANAKIRAMAN, an
23    individual; BENCHMARK CAPITAL
     PARTNERS, L.P., a Delaware limited
24    partnership; BENCHMARK CAPITAL
     MANAGEMENT CO. LLC, a Delaware limited
25    liability company; SANDEEP SOOD, an
     individual; MONSOON ENTERPRISES, INC., a
26    California corporation, and DOES 1-50,
     inclusive,
27
                   Counterdefendants.
28

FENWICK & WEST LLP
ATTORNEYS AT LAW
SAN FRANCISCO

Pursuant to Civ. L.R. 16-9 and the Court's Standing Order, the below-signing parties respectfully submit the following Joint Case Management Statement.[1]

Defendant and Counterclaimant Abhyanker notes that there are two pending motions scheduled to be heard on June 6, 2013 and that Counterdefendants Benchmark Capital Partners, L.P. and Benchmark Capital Management Co., LLC remain to be served.  To the extent the Court is inclined, Abhyanker respectfully submits that it would be more efficient and fruitful to continue the Case Management Conference to June 6, 2013 or shortly thereafter, which would allow the motions to be decided prior to the CMC and would allow for the Benchmark entities to be served, appear, and contribute to the matters required to be discussed at the CMC.

**1.     <u>Jurisdiction and Service</u>**

The Declaratory Judgment Complaint ("DJ Complaint") filed by Plaintiff Nextdoor.com, Inc. ("Nextdoor.com") is within the Court's federal question jurisdiction pursuant to 28 U.S.C. §§ 1331, 1338, and 1367.  Dkt. 1.  Venue is proper in this District pursuant to 28 U.S.C. § 1291. Nextdoor.com, Inc. has completed service of the DJ Complaint, and no parties have raised any objection to venue or personal jurisdiction.

Defendant and Counterclaimant Abhyanker submits that this Court has supplemental jurisdiction pursuant to 28 U.S.C. § 1367 over his counterclaim for trade secret misappropriation. Counterdefendants Benchmark Capital Partners, L.P. and Benchmark Capital Management Co., LLC have not yet been served with Abhyanker's counterclaim.  Abhyanker is waiting for the Court to issue Summonses for Counterdefendants Benchmark Capital Partners, L.P. and Benchmark Capital Management Co., LLC and will serve them shortly thereafter.

**2.     <u>Facts</u>**

<u>**Counterdefendants' Statement of Facts**</u>.  Abhyanker alleges that he founded a company called Fatdoor ("Fatdoor") in late 2006 to pursue a neighborhood-based social networking business.  Fatdoor operated a beta-website for this business at www.fatdoor.com for a short period of time before shutting down and eventually being acquired by Google (after changing its

---

[1] Counterdefendants Benchmark Capital Partners, L.P. and Benchmark Capital Management Co. LLC had not been served as of the filing of this statement and do not join in it.

FENWICK & WEST LLP
ATTORNEYS AT LAW
SAN FRANCISCO

name and business model multiple times).  In relation to this Fatdoor business, Abhyanker applied for trademarks for FATDOOR, FATDOOR GET TO KNOW YOUR NEIGHBORS, and GET TO KNOW YOUR NEIGHBORS.  Abhyanker allegedly made attempts to obtain the domain name www.nextdoor.com in 2006 but was unable to do so.  Fatdoor never launched any website using the name Nextdoor, and Abhyanker did not launch a website using the Nextdoor name until 2012.

Independently of Abhyanker, Plaintiff and Counterdefendant Nextdoor.com, along with its co-founder Counterdefendant Prakash Janakiraman ("Janakiraman"), developed the concept for an online social network designed to help neighbors connect in late 2010.  In January of 2011, they obtained the domain www.nextdoor.com to use for this website, and in February of 2011, Nextdoor.com applied for a trademark in the NEXTDOOR mark.  Nextdoor.com and Janakiraman had no knowledge of Abhyanker's alleged plans for a social network to be called Nextdoor or his previous attempts to obtain the domain at this time.

In his Amended Counterclaim, Abhyanker alleges that he, independent of his company Fatdoor, developed and owns various trade secrets related to an online social network to be called Nextdoor.  Abhyanker alleges that he disclosed those secrets to Counterdefendant Sandeep Sood while he was a contractor working for Abhyanker in 2006 and 2007.  Abhyanker also alleges that he disclosed his Nextdoor-related trade secrets to Counterdefendant Benchmark Capital in 2007 in an effort to obtain funding for his Fatdoor entity.  Abhyanker contends that both Sood and Benchmark Capital then disclosed these trade secrets to Nextdoor.com and Janakiraman, and that they used the secrets in developing their business.  Counterdefendants deny this.

Based on this alleged misappropriation, Abhyanker filed an action for trade secret misappropriation and various related causes of action in California Superior Court for the County of Santa Clara (the "State Court Action") in December 2011 against Nextdoor.com, Janakiraman, two Benchmark Capital entities, and others.  Facing demurrers in the State Court Action arguing, *inter alia*, that Abhyanker had no standing or viable trade secrets, Abhyanker filed two oppositions to Nextdoor.com's application to register the NEXTDOOR mark in the Trademark

FENWICK & WEST LLP
ATTORNEYS AT LAW
SAN FRANCISCO

Trial and Appeal Board in early 2012.  Those oppositions argued that Nextdoor.com's mark infringed the FATDOOR, FATDOOR GET TO KNOW YOUR NEIGHBOR, GET TO KNOW YOUR NEIGHBOR, and NEXTDOOR marks all allegedly owned by Abhyanker.  After filing these oppositions, Abhyanker dismissed the State Court Action before the court could rule on the defendants' demurrers.

Around this same time in February 2012, Nextdoor.com alleges that Abhyanker, for leverage in litigation against Nextdoor.com, registered the www.nextdoor.cm domain name and began publicly using the NEXTDOOR mark for the first time.  Based on these actions and Abhyanker's allegations of infringement, Nextdoor.com filed this action for a declaration of non-infringement and cybersquatting.  Abhyanker has filed a Counterclaim and an Amended Counterclaim again making his allegations of trade secret misappropriation now against Nextdoor.com, Janakiraman, Sandeep Sood ("Sood"), Sood's company Monsoon Enterprises, Inc. ("Monsoon"), Benchmark Capital Partners, L.P., and Benchmark Capital Management Co. LLC.

**Defendant and Counterclaimant Abhyanker's Statement of Facts.**  Nextdoor.com, Benchmark Capital, and the individuals associated with them have a pattern and practice of building companies based on stolen information.  This case is one example of their common pattern and practice.  Around September 2006, Abhyanker developed the concept of a private online neighborhood social network for inventors to be called LegalForce, and a separate spin off idea using the same code base called Nextdoor.  In connection with his LegalForce and Nextdoor concept, Abhyanker developed and owned trade secret information, a list of which is described in Abhyanker's counterclaim.  Abhyanker disclosed the trade secrets to Counterdefendants Sandeep Sood, Monsoon Enterprises, and the Benchmark entities under obligations of confidentiality.  Despite their obligations of confidentiality, Sandeep Sood, Monsoon, and Benchmark disclosed the trade secrets to Nextdoor.com and Prakash Janakiraman.  Despite knowing that the trade secret information was improperly acquired (and encouraging the improper disclosure),

Nextdoor.com and Janakiraman publicly launched the www.nextdoor.com online neighborhood social network that uses and was built on the trade secrets misappropriated from Abhyanker.

**3.      Legal Issues**

At this point in the case, Nextdoor.com, Prakash Janakiraman, and Monsoon submit that the manner in which the case will proceed depends substantially on the resolution of the following legal issues:

- Whether Nextdoor.com has priority of use for the NEXTDOOR mark for online social networking.

- Whether Abhyanker's use of the NEXTDOOR mark creates a likelihood of confusion with Nextdoor.com's mark.

- Whether Nextdoor's use of its NEXTDOOR mark creates any likelihood of confusion between Abhyanker's claimed FATDOOR, GET TO KNOW YOUR NEIGHBORS, or FATDOOR GET TO KNOW YOUR NEIGHBORS marks.

- Whether Abhyanker owns any rights in the NEXTDOOR, FATDOOR, GET TO KNOW YOUR NEIGHBORS, or FATDOOR GET TO KNOW YOUR NEIGHBORS marks.

- Whether Abhyanker registered the www.nextdoor.cm domain in a bad faith attempt to profit from Nextdoor.com's NEXTDOOR mark.

- Whether Abhyanker is the owner of any of the purported trade secrets he asserts in his Amended Counterclaim.

- Whether public disclosure of the "nextdoor.com" name in relation to an online neighborhood social network in a published patent application extinguished any trade secret rights in that concept Abhyanker may have had.

- Whether Monsoon and or Sood are subject to a contractual obligation of confidentiality to Abhyanker in connection with Abhyanker's purported trade secrets.

- Whether Monsoon and or Sood disclosed to Nextdoor.com or Janakiraman any of the

FENWICK & WEST LLP
ATTORNEYS AT LAW
SAN FRANCISCO

purported trade secrets Abhyanker claims to own in his Amended Counterclaim.

Defendant and Counterclaimant Abhyanker submits that there are no "disputed points of law." Abhyanker respectfully submits that the above bulleted list provided by Counterdefendants are not disputed points of law, but simply issues involving the application of law to facts that remain subject to dispute and discovery, and which need to be decided in the case.

**4.**     **Motions**

Counterdefendants Nextdoor.com, Janakiraman, Monsoon, and Sood have pending motions to dismiss Abhyanker's Amended Counterclaim with a hearing date of June 6, 2013. Plaintiff and Counterdefendant Nextdoor.com also has a pending motion to strike Abhyanker's affirmative defenses set for hearing on that date. Abhyanker has a pending motion to disqualify Plaintiffs' Counsel, also set for hearing on June 6, 2013.

If their motion to dismiss is denied and Abhyanker's misappropriation claim stays in the case, Nextdoor.com and Janakiraman anticipate filing a motion for summary judgment on Abhyanker's Amended Counterclaim. Nextdoor.com also anticipates filing a motion for summary judgment on its affirmative claims—including that Nextdoor.com has priority of use in the NEXTDOOR mark, that Abhyanker's recent use of the NEXTDOOR mark is infringing, that Abhyanker does not own any rights in the FATDOOR, GET TO KNOW YOUR NEIGHBORS, or FATDOOR GET TO KNOW YOUR NEIGHBORS marks, that Nextdoor's mark does not infringe those marks, and that Abhyanker engaged in cybersquatting in registering and using the www.nextdoor.cm domain.

If their motion to dismiss is denied and Abhyanker' misappropriation claim stays in the case, Monsoon Enterprises, Inc. and Sood anticipate filing a motion for summary judgment on Abhyanker's Amended Counterclaim.

Defendant and Counterclaimant Abhyanker anticipates filing one or more motions for summary judgment directed at Nextdoor.com's claims and/or Abhyanker's counterclaim.

**5.**     **Amendment of Pleadings**

Plaintiff and Counterdefendant Nextdoor.com, Inc. does not currently plan to amend its DJ Complaint, but may seek leave to do so depending on the fact learned through discovery.

At this time, Defendant and Counterclaimant Abhyanker does not expect to amend its pleading. However, Abhyanker notes that Counterdefendants Nextdoor.com, Prakash Janakiraman, and Monsoon have filed motions to dismiss. In the event the motions are granted, Abhyanker would respectfully ask the Court for leave to amend. In addition, Abhyanker may seek to amend its pleading depending on facts learned through discovery.

**6.     Evidence Preservation**

The parties have taken reasonable steps to preserve evidence.

**7.     Disclosures**

The parties propose exchanging initial disclosures two weeks after the final counterdefendant is served. Presently, counterdefendants Benchmark Capital Management, L.P and Benchmark Capital Management Co. LLC remain to be served with the Amended Counterclaim. Abhyanker is waiting for the Court to issue Summonses for the two remaining Counterdefendants and will serve them shortly thereafter.

**8.     Discovery**

Nextdoor.com served an initial set of requests for production and interrogatories on Defendant Abhyanker on April 24, 2013. Responses to those requests are due on May 28, 2013. No other discovery has been taken.

The parties anticipate entering into a stipulated protective order.

Defendant and Counterclaimant Abhyanker anticipates serving written discovery in May 2013 and notices of depositions thereafter. At this time, Abhyanker does not anticipate modifications to the discovery rules, but reserves the right to request such modifications if appropriate moving forward. As detailed in Section 17 below, Abhyanker respectfully submits that it is premature to schedule discovery cutoffs because (i) Counterdefendants Benchmark Capital Partners, L.P. and Benchmark Capital Management Co., LLC remain to be served and have not had an opportunity to provide input into a discovery schedule and (ii) the discovery

schedule will be affected substantially by the outcome of the pending motions to dismiss, which will determine whether Abhyanker's counterclaim for trade secret misappropriation remains in the case.

**9.    Class Actions**

Not applicable.

**10.    Related Cases**

There are co-pending oppositions to Nextdoor.com's registration of its NEXTDOOR mark in the Trademark Trial and Appeal Board ("TTAB") filed by Abhyanker (Opposition Nos. 31203462 and 91203762).  Those opposition proceedings have been suspended pending the outcome of this case.

**11.    Relief**

Nextdoor.com's DJ Complaint against Abhyanker seeks a declaration that Nextdoor.com is lawfully using its NEXTDOOR mark and not infringing any trademark rights held by Abhyanker; that Nextdoor.com has priority of use of the NEXTDOOR mark in the field of online social networking; and that there is no likelihood of confusion between Nextdoor.com's use of its NEXTDOOR mark and any purported trademark rights of Abhyanker with respect to the terms "fatdoor" or "fatdoor get to know your neighbors."  Nextdoor.com also seeks transfer of the www.nextdoor.cm domain name; an award of statutory damages up to $100,000 for Abhyanker's registration and use of that domain; an award of Abhyanker's profits from his infringing conduct; an order enjoining Abhyanker from use of the NEXTDOOR mark, or any colorable imitation thereof, in the field of online social networking; and Nextdoor.com's costs and attorneys' fees.

Monsoon and Sood seek to have the Abhyanker's Amended Counterclaim dismissed with prejudice, that Abhyanker take nothing by way of his counterclaim and for an award of Monsoon and Sood's costs and attorneys' fees.

Defendant and Counterclaimant Abhyanker seeks the following relief: (i) that Nextdoor.com take nothing by its Complaint; (ii) that Nextdoor.com's Complaint be dismissed with prejudice; (iii) that Abhyanker be awarded his costs of suit and attorneys' fees; (iv) that all

Fenwick & West LLP
Attorneys at Law
San Francisco

FENWICK & WEST LLP
ATTORNEYS AT LAW
SAN FRANCISCO

Counterdefendants be preliminarily and permanently enjoined from further disclosing or using Abhyanker's LegalForce/Nextdoor trade secrets, as well as Abhyanker's confidential and proprietary non-trade secret information, including, but not limited to, the nextdoor.com website and domain name; (v) that Counterdefendant be enjoined from the practice of hiring and/or placing Entrepreneurs in Residence (EIR) that the fund intends to invest in, and which have not yet come up with a public business plan for their venture, to listen in on or participate in any way in meetings involving other entrepreneurs pitching ideas to the fund in an area of technology specialization that the EIRs intend to start a company of their own within and has not thought of or publicly released; (vi) that the Court order Nextdoor.com to transfer the nextdoor.com domain name to Abhyanker and order and direct VeriSign, Inc., the domain name registry for the nextdoor.com domain name, to change the registrar of record for the nextdoor.com domain name to a registrar selected by Abhyanker; (vii) on his trade secret misappropriation claim, that Abhyanker recover damages for his actual loss caused by the misappropriation; (viii) on his trade secret misappropriation claim, that Abhyanker recover for the unjust enrichment caused by Counterdefendants' misappropriation; (ix) on his trade secret misappropriation claim, that Abhyanker recover a reasonable royalty to the extent neither damages nor unjust enrichment are provable; (x) on his trade secret misappropriation claim, that Abhyanker recover exemplary damages;  and (xi) that the Court order such further relief as it deems just and proper.

## 12.   **Settlement and ADR**

There have been limited settlement discussions to date.  The parties are in discussions to determine whether they can agree to mediation through the Court's ADR unit.  The parties submitted a Notice of Need for ADR Phone Conference on April 19, 2013( Dkt. 61) and such conference has been scheduled for May 6, 2013.

Defendant and Counterclaimant Abhyanker is agreeable to mediation.  In addition, Abhyanker believes that any decisions regarding ADR should involve Counterdefendants Benchmark Capital Partners, L.P. and Benchmark Capital Management Co., LLC.  Abhyanker is waiting for the Court to issue Summonses for these Counterdefendants and will serve them

1   shortly thereafter.

2   **13.      Consent to Magistrate Judge**

3         Nextdoor.com, Prakash Janakiraman, and Monsoon do not consent to a Magistrate Judge.

4         Defendant and Counterclaimant Abhyanker consents to have a magistrate judge conduct

5   all further proceedings, including trial and entry of judgment.

6   **14.      Other References**

7         No other references are necessary.

8   **15.      Narrowing of Issues**

9         As discussed above, Nextdoor.com, Prakash Janakiraman, and Monsoon believe the issues

10  can be narrowed through resolution of counterdefendants' motions to dismiss and strike, and/or

11  motions for summary judgment.

12        At this time, Defendant and counterclaimant Abhyanker does not believe that there are

13  issues that can be narrowed by agreement or motion, has no suggestions to expedite the

14  presentation of evidence at trial, and does not request to bifurcate any issues, claims, or defenses.

15  **16.      Expedited Schedule**

16        The parties do not believe that this case is suitable for an expedited schedule.

17  **17.      Scheduling**

18        Subject to the Court's calendar, Nextdoor.com, Prakash Janakiraman, and Monsoon

19  propose to set April 14, 2014 as a date to start trial; in accordance therewith, the parties propose

20  to set the following pretrial schedule:

21  • Initial Disclosures:                    Two weeks after service of Benchmark entities

22  • Initial CMC                             May 9, 2013

23  • Last day to amend pleadings:            August 1, 2013

24  • Fact Discovery Cutoff:                  October 1, 2013

25  • Opening expert reports:                 November 5, 2013

26  • Supplemental/Rebuttal

27     Expert Reports:                        December 10, 2013

28

FENWICK & WEST LLP
ATTORNEYS AT LAW
SAN FRANCISCO

JOINT CMC STATEMENT                        9                        Case No. 3:12-cv-05667-EMC

- Expert Discovery Cutoff:                    December 20, 2013
- Last day to file dispositive motions:    January 13, 2014
- Dispositive Motion hearing date:        TBD
- Final pretrial conference:                   March 18, 2014
- Trial:                                                April 14, 2014

Defendant and Counterclaimant Abhyanker believes that it is premature to schedule a trial date or discovery cutoffs because (i) Counterdefendants Benchmark Capital Partners, L.P. and Benchmark Capital Management Co., LLC remain to be served and have not had an opportunity to provide input into a schedule of dates and (ii) the schedule will be affected substantially by the outcome of the pending motions to dismiss, which will determine whether Abhyanker's counterclaim for trade secret misappropriation remains in the case.

## 18. Trial

All parties have consented to a trial by jury.  Based on the current knowledge of all parties, it is believed that the case should last between 8 to 10 days of trial based on the Court's current published trial scheduling procedures.

## 19. Disclosure of Non-Party Interested Entities

All parties have made the required disclosures.

Plaintiff and Counterdefendant Nextdoor.com has no parent corporation and no publicly held corporation is known to own 10% or more of Nextdoor.com's stock.

Counterdefendant Monsoon has no parent corporation and no publicly held corporation is known to own 10% or more of Monsoon's stock.

Pursuant to Civil Local Rule 3-16, Defendant and Counterclaimant Abhyanker certifies that, as of this date, other than the named party, there is no such interest to report.

## 20. Other Matters

There are no other matters the Court should address at this Case Management Conference.

FENWICK & WEST LLP
ATTORNEYS AT LAW
SAN FRANCISCO

Dated:   May 2, 2013                    FENWICK & WEST LLP

                                        By: /s/ Jennifer L. Kelly
                                            Jennifer L. Kelly

                                        Attorneys for Plaintiff and Counterdefendant
                                        NEXTDOOR.COM, INC. and Counterdefendant
                                        PRAKASH JANAKIRAMAN


                                        LEGALFORCE RAJ ABHYANKER, P.C.


                                        By: /s/ Bruno W. Tarabichi
                                            Bruno W. Tarabichi

                                            Attorneys for Defendant and Counterclaimant
                                            RAJ ABHYANKER


                                        ROYSE LAW FIRM, PC


                                        By: /s/ Harpreet S. Walia
                                            Harpreet S. Walia

                                            Attorneys for Counterdefendants SANDEEP
                                            SOOD and MONSOON ENTERPRISES, INC.

FENWICK & WEST LLP
ATTORNEYS AT LAW
SAN FRANCISCO

**ATTESTATION PURSUANT TO CIVIL LOCAL RULE 5-1**

I, Jennifer L. Kelly, am the ECF User whose identification and password are being used to file this **ADR CERTIFICATION BY PARTIES AND COUNSEL**. In compliance with Civil Local Rule 5-1, I hereby attest that all signatories have concurred in this filing.

Dated:    May 2, 2013                              */s/ Jennifer L. Kelly*
                                                   Jennifer L. Kelly

FENWICK & WEST LLP
ATTORNEYS AT LAW
SAN FRANCISCO