LAURENCE F. PULGRAM (CSB No. 115163)
lpulgram@fenwick.com
JENNIFER L. KELLY (CSB No. 193416)
jkelly@fenwick.com
CLIFFORD C. WEBB (CSB NO. 260885)
cwebb@fenwick.com
FENWICK & WEST LLP
555 California Street
San Francisco, CA  94104
Telephone:     415.875.2300
Facsimile:     415.281.1350

Attorneys for Plaintiff and Counterdefendant
NEXTDOOR.COM, INC. and Counterdefendant
PRAKASH JANAKIRAMAN

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| NEXTDOOR.COM, INC., a Delaware corporation,<br><br>           Plaintiff,<br><br>     v.<br><br>RAJ ABHYANKER, an individual,<br><br>           Defendant. | Case No.: 3:12-cv-05667-EMC<br><br>**DECLARATION OF SANDEEP SOOD IN SUPPORT OF NEXTDOOR.COM, INC. AND PRAKASH JANAKIRAMAN'S OPPOSITION TO ABHYANKER'S MOTION TO DISQUALIFY PLAINTIFF'S COUNSEL**<br><br>Date:     June 6, 2013<br>Time:    1:30 p.m.<br>Judge:   Honorable Edward M. Chen |
| RAJ ABHYANKER, an individual,<br><br>           Counterclaimant,<br><br>     v.<br><br>NEXTDOOR.COM, INC., a Delaware corporation; PRAKASH JANAKIRAMAN, an individual; BENCHMARK CAPITAL PARTNERS, L.P., a Delaware limited partnership; BENCHMARK CAPITAL MANAGEMENT CO. LLC, a Delaware limited liability company; SANDEEP SOOD, an individual; MONSOON ENTERPRISES, INC., a California corporation, and DOES 1-50, inclusive,<br><br>           Counterdefendants. | |

SOOD DECL.                                                                                                   Case No. 3:12-cv-05667-EMC

I, Sandeep Sood, declare as follows:

1. I am the President of Monsoon Enterprises, Inc., which along with me, has been named as a Counterdefendant in the above-captioned litigation.

2. I have reviewed Defendant and Counterclaimant Raj Abhyanker's Motion to Disqualify Plaintiff's Counsel (the "Motion"), together with the supporting papers including Mr. Abhyanker's declaration and exhibits (as amended) [Dkt. 73] (the "Abhyanker Declaration").

3. The Abhyanker Declaration contains a number of statements, that I know, based on my own personal knowledge, to be false. These include at least the following:

4. The first false statement by Mr. Abhyanker is that I "admitted to filling out a survey for the Plaintiff and providing information related to the LegalForce trade secrets to a co-founder of the Plaintiff's company Nextdoor.com, Inc. (Exhibit A)." *See* Abhyanker Decl. ¶ 5. While I did fill out a survey for Nextdoor.com, and told Mr. Abhyanker that I had done so, his statement that I admitted I disclosed information related to the purported "LegalForce trade secrets" is false. I do not even know what the alleged LegalForce trade secrets are, much less "admit" that I had disclosed them to anyone. Further, the document attached as Exhibit A to the Abhyanker Declaration does not contain the purported "admission" Mr. Abhyanker claims that it does; my email to him merely states that I recalled filling out a survey.

5. The second and third false statements by Mr. Abhyanker are that I "personally worked with Fenwick attorneys, in the firm's offices, to prepare [] agreements" for his company, Legalforce, Inc., and "worked with Fenwick to negotiate and execute the non-disclosure and confidentiality provisions related to the investment agreements which Fenwick negotiated …" *See* Abhyanker Decl. ¶ 9. Both statements are false. I never worked with any attorneys from Fenwick in connection with any of the work that I did for Mr. Abhyanker's company, had no role in the drafting of his or his company's corporate documents, and have never even been to Fenwick's offices.

6. Finally, I am informed that Mr. Abhyanker has claimed that I consented to the recording of a telephone conversation I had with him in or about December 2012. Although the January 10, 2013 letter to Fenwick in which Mr. Abhyanker made this claim is absent from his

SOOD DECL.    1    Case No. 3:12-cv-05667-EMC

Motion, I have reviewed Fenwick's response thereto (which is attached as Exhibit F to the Motion), which references the purportedly consented-to recording. While I do not know whether Mr. Abhyanker actually recorded our conversation (I have never been provided with a copy of the alleged recording), I did not even know that the recording was made. To the best of my recollection, I did not consent to it, nor did Mr. Abhyanker even ask me to.

    I declare under penalty of perjury under the laws of the United States that the foregoing is true and correct and that this declaration was executed on May 9, 2013, in Oakland, California.



Sandeep Sood