1  LAURENCE F. PULGRAM (CSB No. 115163)
   lpulgram@fenwick.com
2  JENNIFER L. KELLY (CSB No. 193416)
   jkelly@fenwick.com
3  CLIFFORD C. WEBB (CSB NO. 260885)
   cwebb@fenwick.com
4  FENWICK & WEST LLP
   555 California Street
5  San Francisco, CA  94104
   Telephone:     415.875.2300
6  Facsimile:      415.281.1350

7  Attorneys for Plaintiff and Counterdefendant
   NEXTDOOR.COM, INC. and Counterdefendant
8  PRAKASH JANAKIRAMAN

## UNITED STATES DISTRICT COURT

## NORTHERN DISTRICT OF CALIFORNIA

## SAN FRANCISCO DIVISION

| | |
|---|---|
| NEXTDOOR.COM, INC., a Delaware corporation,<br><br>Plaintiff,<br><br>v.<br><br>RAJ ABHYANKER, an individual,<br><br>Defendant. | Case No.: 3:12-cv-05667-EMC<br><br>**COUNTERDEFENDANTS' OBJECTIONS TO EVIDENCE IN OPPOSITION TO ABHYANKER'S MOTION TO DISQUALIFY**<br><br>Date:       June 6, 2013<br>Time:      1:30 p.m.<br>Judge:     Honorable Edward M. Chen |
| RAJ ABHYANKER, an individual,<br><br>Counterclaimant,<br><br>v.<br><br>NEXTDOOR.COM, INC., a Delaware corporation; PRAKASH JANAKIRAMAN, an individual; BENCHMARK CAPITAL PARTNERS, L.P., a Delaware limited partnership; BENCHMARK CAPITAL MANAGEMENT CO. LLC, a Delaware limited liability company; SANDEEP SOOD, an individual; MONSOON ENTERPRISES, INC., a California corporation, and DOES 1-50, inclusive,<br><br>Counterdefendants. | |

COUNTERDEFENDANTS' OBJECTIONS
TO EVIDENCE                                                                                                       Case No. 3:12-cv-05667-EMC

Plaintiff and Counterdefendant Nextdoor.com, Inc. ("Nextdoor.com") and Counterdefendant Prakash Janakiraman ("Janakiraman") (collectively "Counterdefendants") respectfully submit the following evidentiary objections to Defendant and Counterclaimant Raj Abhyanker's ("Abhyanker") Motion to Disqualify.  Civil Local Rule 7-5(b) provides that "[a]n affidavit or declarations may contain only facts, must conform as much as possible to the requirements of Fed. R. Civ. P. 56(e), and must avoid conclusions and argument," and that "[a]n affidavit or declaration not in compliance with this rule may be stricken in whole or in part." Civil L.R. 7-5(b).  Federal Rule of Civil Procedure 56(c)(4) similarly provides that a "declaration used to support or oppose a motion must be made on personal knowledge, set out facts that would be admissible in evidence, and show that the affiant or declarant is competent to testify on the matters stated." Fed. R. Civ. P. 56(c)(4).  Abhyanker's supporting declaration contains numerous baseless and objectionable assertions that are not competent or evidence and should be stricken under Civil Local Rule 7-5(b).  *See* Dkt. 73 ("Abhyanker Decl.").

| **OBJECTION NUMBER 1** | **GROUNDS FOR OBJECTION NUMBER 1**: |
|---|---|
| "I hired Fenwick & West ('Fenwick') to represent me and my company LegalForce, Inc. between 2006 and 2007 in matters related to corporate law.  Particularly, in 2006, I signed an executed **Engagement Letter** with Fenwick & West . . . ." Abhyanker Decl. ¶ 2 (emphasis added). | **Best evidence.  Fed. R. Evid. 1001, 1002.** Abhyanker's characterization of LegalForce's Engagement Letter with Fenwick & West violates the best evidence rule in asserting that Fenwick & West represented Abhyanker personally.  The Engagement Letter (Baker Decl. Ex. 20) speaks for itself and is the best evidence of the engagement. |
| **OBJECTION NUMBER 2** | **GROUNDS FOR OBJECTION NUMBER 2**: |
| "In or about October 2007, LegalForce, Inc. was dissolved on recommendation by its Board of Directors.  In the wind-down, **I purchased** all of the company's assets and liabilities, including all of its trade secrets – the same trade secrets which are at the heart of the current suit in exchange for releasing the company from over $300,000 debt owed to me and in exchange for personally assuming all $150,000 outstanding convertible notes – thus **becoming the** | **Best evidence.  Fed. R. Evid. 1001, 1002.** Abhyanker describes complex transactions and relies on their effect in claiming the authority to assert LegalForce's attorney-client relationship for the purposes of attempting to disqualify Fenwick & West.  *See also* Dkt. 70 ("Motion") at 6-7.  The instruments affecting these transactions are themselves the best evidence; Abhyanker has not introduced those instruments or provided any justification for not doing so; and Abhyanker's description and characterization of them should |

| COUNTERDEFENDANTS' OBJECTIONS TO EVIDENCE | 1 | Case No. 3:12-cv-05667-EMC |
|---|---|---|

FENWICK & WEST LLP
ATTORNEYS AT LAW
SAN FRANCISCO

| | | |
|---|---|---|
| 1 | **successor in interest** to LegalForce, Inc." Abhyanker Decl. ¶ 3 (emphasis added). | therefore be excluded. |
| 2 | | **Inadmissible legal conclusion. Fed. R. Evid. 701.** Abhyanker's assertion that he is the "successor in interest to LegalForce, Inc." is a legal conclusion and should be excluded. Fed. R. Evid. 701 (precluding lay opinion); *see also Hoover Community Hotel Dev. Corp. v. Thomson*, 167 Cal. App. 3d 1130, 1136 (1985) (declaration stating duration of five year period in contract was inadmissible legal conclusion; "at best it is a conclusion of law which is utterly ineffective to raise a triable issue of fact. It is no more than an expression of the declarant's personal opinion to which he could not competently testify"); *Pierce v. Kaiser Found. Hospitals*, CV 09-03837 WHA, 2010 WL 4590930, at *8 (N.D. Cal. Nov. 4, 2010) *aff'd,* 470 F. App'x 649 (9th Cir. 2012) (declaration that opponent "breached" agreement or "violated" laws is inadmissible legal conclusion). |
| 12 | **OBJECTION NUMBER 3** "The ownership of intellectual property developed by LegalForce, Inc. and protected through **instruments negotiated and designed by Fenwick** is a **central issue** in the instant case." Abhyanker Decl. ¶ 4 (emphasis added). | **GROUNDS FOR OBJECTION NUMBER 3**: **Best evidence. Fed. R. Evid. 1001, 1002.** Abhyanker describes documents purportedly protecting alleged trade secrets supposedly drafted by Fenwick & West without attaching the actual agreements. The alleged instruments, if any exist, are in Abhyanker's possession (Baker Decl. ¶ 21); they are the best evidence of their content; and Abhyanker has provided no basis for not introducing them. His description and characterization of them should be excluded. **Inadmissible lay opinion. Fed R. Evid. 701.** Whether or not the missing documents are a "central issue" in the action is a legal conclusion to be determined by the Court based on their content, not based on opinion of a party. |
| 23 | **OBJECTION NUMBER 4** "In or about December 2012, Sood admitted . . . providing information related to the LegalForce trade secrets to a co-founder of the Plaintiff's company Nextdoor.com, Inc. (See Exhibit A). This information was provided to the Plaintiff by Sood in violation of Sood's **independent contractor, non-disclosure, and confidentiality agreements** with LegalForce, Inc. signed in 2006." | **GROUNDS FOR OBJECTION NUMBER 4**: **No foundation or personal knowledge. Fed. R. Evid. 602.** Abhyanker provides no foundation for his contention that Counterdefendant Sandeep Sood ("Sood") admitted providing trade secret information, in fact provided trade secret information, or violated any confidentiality agreement. The declaration describes no facts supporting such assertions, referring only to Exhibit A. But that Exhibit does not support any inference of disclosure of trade secret |

FENWICK & WEST LLP
ATTORNEYS AT LAW
SAN FRANCISCO

| | | |
|---|---|---|
| 1 | Abhyanker Decl. ¶ 5 (emphasis added). | information—stating only that Sood responded to a friends and family survey of interest in using local social networking. |
| 2 | | |
| 3 | | **Best evidence. Fed. R. Evid. 1001, 1002.** Abhyanker describes the existence and purported effects of legal agreements between LegalForce and Sood without attaching the actual agreements. The instruments referred to are themselves the best evidence, and Abhyanker's description and characterization of them should be excluded. |
| 4 | | |
| 5 | | |
| 6 | | |
| 7 | **OBJECTION NUMBER 5** | **GROUNDS FOR OBJECTION NUMBER 5**: |
| 8 | | |
| 9 | "Before disclosing my concept and associated trade secrets to Sood and Big Circle Media, I required them to execute and [sic] **Independent Contractor Agreement and Non-Disclosure Agreement**, which were also executed on September 21, 2006. The agreements required Sood and Big Circle Media to keep my LegalForce.com and Nextdoor.com concepts and all the accompanying details and work product relating to it confidential." Abhyanker Decl. ¶ 8 (emphasis added). | **Best evidence. Fed. R. Evid. 1001, 1002.** Abhyanker describes the existence and purported effects of legal agreements between LegalForce and Counterdefendant Sood without attaching the actual agreements. The instruments referred to are themselves the best evidence; Abhyanker has provided no explanation for not including them; and his description and characterization of them should be excluded. |
| 10 | | |
| 11 | | |
| 12 | | |
| 13 | | |
| 14 | | |
| 15 | | |
| 16 | **OBJECTION NUMBER 6** | **GROUNDS FOR OBJECTION NUMBER 6**: |
| 17 | | **No foundation, no personal knowledge. Fed. R. Evid. 602.** Abhyanker provides no foundation to know what Sood personally did with Fenwick, or that Sood did anything at Fenwick's offices, or that Sood "then breached" any agreement. To the contrary, Sood has negated any basis for Abhyanker's personal knowledge, testifying that he did not work directly with Fenwick or visit their offices. *See* Sood Declaration ¶ 5. *See also* Objection 4 (addressing lack of evidence of any disclosure of trade secret information, as necessary to establish breach). |
| 18 | "Sood also personally worked with Fenwick attorneys, in that firm's offices, to prepare these **agreements**, which he then breached. Sood also worked with Fenwick to negotiate and execute the non-disclosure and confidentiality provisions related to the **investment agreements** which Fenwick negotiated with outside investors Warren Myer (who had purchased a LegalForce $125,000 convertible note) and Jeffrey Drazan (the first outside investor in both LegalForce, Inc. and in Fatdoor, Inc.)." Abhyanker Decl. ¶ 9 (emphasis added). | |
| 19 | | |
| 20 | | |
| 21 | | |
| 22 | | |
| 23 | | |
| 24 | | **Best evidence. Fed. R. Evid. 1001, 1002.** Abhyanker describes the existence and purported effects of legal agreements between LegalForce and Counterdefendant Sood without attaching the actual agreements. The instruments referred to are themselves the best evidence; Abhyanker provides no basis for not introducing them; and Abhyanker's description and characterization of them should be excluded. |
| 25 | | |
| 26 | | |
| 27 | | |
| 28 | | |

FENWICK & WEST LLP
ATTORNEYS AT LAW
SAN FRANCISCO

| | | |
|---|---|---|
| 1<br>2<br>3<br>4<br>5<br>6 | | **Inadmissible legal conclusion. Fed R. Evid. 701**. Additionally, Abhyanker's contention that Sood "breached" the agreements is an inadmissible legal conclusion. Fed. R. Evid. 701 (precluding lay opinion); *Pierce v. Kaiser Found. Hospitals*, CV 09-03837 WHA, 2010 WL 4590930, at *8 (N.D. Cal. Nov. 4, 2010) *aff'd*, 470 F. App'x 649 (9th Cir. 2012) (declaration that opponent "breached" agreement or "violated" laws is inadmissible legal conclusion). |
| 7<br>8<br>9<br>10<br>11<br>12<br>13<br>14<br>15<br>16<br>17<br>18<br>19<br>20 | **OBJECTION NUMBER 7**<br><br>"Because Drazan and I remained equity holders in LegalForce, Inc., purposefully excluded from this transfer **(following Fenwick's counsel)** were all technologies related to LegalForce and Nextdoor, including the exclusion of the LegalForce/Nextdoor Trade Secrets and the Nextyard, Nextlawn, and LegalForce domains. Drazan's attorney Daniel Hansen **drafted this agreement** after **consulting Fenwick & West**." Abhyanker Decl. ¶ 13 (emphasis added). | **GROUNDS FOR OBJECTION NUMBER 7**:<br><br>**No foundation or personal knowledge. Fed. R. Evid. 602.** Abhyanker's declaration characterizes purported consultations that unnamed persons at Fenwick & West supposedly had with a third party attorney, Daniel Hansen, when Hansen performed legal work. Abhyanker does not contend that he was a party to or observed any such consultation, and thus lacks personal knowledge upon which to claim any involvement by Fenwick.<br><br>**Hearsay. Fed. R. Evid. 801, 802.** To the extent that Abhyanker contends that he heard indirectly of any supposed consultation by Fenwick, such information is inadmissible hearsay.<br><br>**Best evidence. Fed. R. Evid. 1001, 1002.** Abhyanker describes the existence and purported effects of legal agreements purportedly excluding rights from transfer, without attaching the actual agreements. The instruments referred to are themselves the best evidence; Abhyanker provides no basis not to introduce them; and Abhyanker's description and characterization of them should be excluded. |
| 21<br>22<br>23<br>24<br>25<br>26<br>27<br>28 | **OBJECTION NUMBER 8**<br><br>"The **assignment** only covered technology related to the Fatdoor concept, and specifically excluded all assets owned by LegalForce, Inc. (of which I and Drazan were shareholders) including my LegalForce/Nextdoor Trade Secrets and domains of LegalForce.com, Nextyard.com, and Nextlawn.com based around a private social network for neighborhood because of **recommendations by Fenwick & West** in their representation of LegalForce, Inc." Abhyanker Decl. ¶ 14 (emphasis added). | **GROUNDS FOR OBJECTION NUMBER 8**:<br><br>**No foundation or personal knowledge. Fed. R. Evid. 602.** Abhyanker's declaration characterizes purported recommendations that unnamed persons at Fenwick & West supposedly made when Hansen performed legal work. Abhyanker does not contend that he was a party to or observed any such recommendation, and thus lacks personal knowledge upon which to claim any involvement by Fenwick.<br><br>**Hearsay. Fed. R. Evid. 801, 802.** To the extent that Abhyanker contends that he heard indirectly of any supposed recommendation by Fenwick, |

| | | |
|---|---|---|
| | | such information is inadmissible hearsay.<br><br>**Best evidence. Fed. R. Evid. 1001, 1002.** Abhyanker describes the existence and purported effects of an assignment purportedly excluding rights from transfer, without attaching the actual assignment. The instruments referred to are themselves the best evidence; Abhyanker provides no basis not to introduce them; and Abhyanker's description and characterization of them should be excluded. |
| | **OBJECTION NUMBER 9:**<br><br>"In or about May 2007, a convertible note holder in LegalForce, Inc. through an **instrument** prepared by and negotiated by Fenwick & West, **Mr. Warren Myers complained** to the Fatdoor Board of Directors that he was concerned that Nextdoor and LegalForce owned technologies and trade secrets were used or planning to be used in Fatdoor, Inc. This dispute was disclosed to Series B investors in Fatdoor, Inc. in **board minutes** and **disclosures** in conjunction with Series B financing. A **decision was made** that if the Nextdoor domain would be desired for Fatdoor again, permission from the LegalForce, Inc. equity investors and convertible note holders, including Warren Myer would first be required through Fenwick & West, which represented the interests of LegalForce. Inc. These disclosures were prepared by Daniel Hansen, and **it was stated** that Mr. Myers now understood that the original LegalForce trade secrets including the Nextdoor name as useable with a private social network for neighbors remained property of LegalForce, Inc.**"** Abyhanker Decl. ¶15 (emphasis added). | **GROUNDS FOR OBJECTION NUMBER 9:**<br><br>**Best evidence. Fed. R. Evid. 1001, 1002.** Abhyanker describes the existence and purported effects of a convertible note owned by Mr. Meyers; board minutes; and disclosures in connection with a Series B financing (prepared by Mr. Hansen). The documents referred to are themselves the best evidence; Abhyanker provides no basis not to introduce them; and Abhyanker's description and characterization of them should be excluded.<br><br>**No foundation or personal knowledge. Fed. R. Evid. 602.** Abhyanker characterizes that a purported "decision was made" without describing who made it or how he has personal knowledge of it. Abhyanker also states that "it was stated" "that Mr. Myers now understood" certain facts, without describing who so stated or how Mr. Abhyanker had personal knowledge of either such statement or understanding.<br><br>**Hearsay. Fed. R. Evid. 801, 802.** Abhyanker testimony as to purported out-of-court complaints by Mr. Meyers is hearsay. His testimony that "a decision was made" by an unnamed source is also based on hearsay unless he made that decision (which his testimony does not state). His testimony that "it was stated" by an unnamed source that Mr. Myers understood certain facts is double hearsay from an unidentified speaker. |

| **OBJECTION NUMBER 10:** | **GROUNDS FOR OBJECTION NUMBER 10:** |
|---|---|
| "**Upon information and belief**, Sood had disclosed my bidding [for the nextdoor.com domain] to the Plaintiff (See Exhibit A)." Abhyanker Dec. ¶16 (emphasis added). | **No foundation or personal knowledge. Fed. R. Evid. 602.** Testimony on information and belief is impermissible, especially where the only cited basis for the purported belief, Exhibit A, does not support the allegation. |

Dated: May 9, 2013      FENWICK & WEST LLP


By: */s/ Laurence F. Pulgram*
    Laurence F. Pulgram

Attorneys for Plaintiff and Counterdefendant
NEXTDOOR.COM, INC. and Counterdefendant
PRAKASH JANAKIRAMAN