Harpreet S. Walia, Esq. (SBN 176136)
Lisa M. Chapman, Esq. (SBN 118113)
ROYSE LAW FIRM, PC
1717 Embarcadero Road
Palo Alto, California 94303
Telephone: (650) 813-9700
Facsimile: (650) 813-9777
E-Mail: hwalia@rroyselaw.com
        lchapman@rroyselaw.com

Attorneys for Counterdefendant SANDEEP SOOD and
MONSOON ENTERPRISES, INC., a California corporation

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| NEXTDOOR.COM, INC., a Delaware corporation, <br><br> Plaintiff, <br><br> v. <br><br> RAJ ABHYANKER, an individual, <br><br> Defendant. | Case No.: 3:12-cv-05667-EMC <br><br> **COUNTERDEFENDANTS SANDEEP SOOD AND MONSOON ENTERPRISES, INC'S REPLY TO DEFENDANT AND COUNTERCLAIMANT RAJ ABHYANKER'S OPPOSITION TO MOTION TO DISMISS FIRST AMENDED COUNTERCLAIM** |
| RAJ ABHYANKER, an individual, <br><br> Counterclaimant, <br><br> v. <br><br> NEXTDOOR.COM, INC., a Delaware corporation; PRAKASH JANAKIRAMAN, an individual; BENCHMARK CAPITAL PARTNERS, L.P., a Delaware limited partnership; BENCHMARK CAPITAL MANAGEMENT CO. LLC, a Delaware limited liability company; SANDEEP SOOD, an individual; MONSOON ENTERPRISES, INC., a California corporation, and DOES 1-50, inclusive <br><br> Counterdefendants. | Complaint Filed:    November 5, 2012 <br> Counterclaim Filed:   January 10, 2013 <br> First Amended Counterclaim Filed: April 8, 2013 <br><br> Date:    June 6, 2013 <br> Time:    1:30 PM <br> Judge:   Honorable Edward M. Chen <br> Place:   Courtroom 5 - 17th Floor <br>         450 Golden Gate Avenue <br>         San Francisco, California 94102 |

{00016582;1}

## I. INTRODUCTION

Counterdefendants Sandeep Sood ("Sood") and Monsoon Enterprises Inc.'s ("Monsoon") ("Sood and "Monsoon collectively referred to herein as "Counterdefendants") Motion to Dismiss First Amended Counterclaim (Dkt 66-69 "Motion to Dismiss") should be granted. Counterclaimant Raj Abhyanker ("Abhyanker") in his Opposition to the Motion to Dismiss (Dkt 78 "Opposition") fails to address the arguments raised by Sood and Monsoon in their Motion to Dismiss. Abhyanker attempts to overcome this shortcoming by cynically making a new allegation in his Opposition that was never raised in his Amended Counterclaim. Specifically, he now alleges that Nextdoor.com's CEO Nirav Tolia ("Tolia") in an apparent consented to recording "essentially admitted the misappropriation through Sood's improper disclosure…". Opposition at 1:5-1:10. How such a crucial allegation – an allegation that Abhyanker would now have the Court believe means that it is "now a known fact that Monsoon committed trade secret misappropriation" – never made its way into either Abhyanker's Counterclaim or the Amended Counterclaim stretches the limits of credulity. Unfortunately, this is but just one example of implausibility that Abhyanker relies on in making his claims in this instant action.

## II. ARGUMENT

As pointed out in Sood and Monsoon's Motion to Dismiss, Abhyanker fails to allege the essential elements for a claim of trade misappropriation against Counterdefendants. Abhyanker's claim that Counterdefendants "improperly request that the Court look beyond the pleadings and make factual determinations regarding ownership, misappropriation, and damages" is without merit. Opposition at 5:4-5:6. First, it should be noted that the matters that Counterdefendants ask this Court to consider are Abhyanker's own unambiguous claims and allegations made in his prior pleadings in the State Court Action and in his patent filing. *See generally* Dkt 68 "RJN" Exhibit 2, Exhibit 3. Those previous claims directly contradict the allegations made by Abhyanker in this instant action. As Counterdefendants have pointed out in their Motion to Dismiss, in ruling on a motion to dismiss, the Court may disregard allegations that are contradicted by documents that are judicially noticeable. *See* Motion to Dismiss at 6:3-6:17. Additionally, it is not enough for Abhyanker to simply just plead "that he owns trade secrets, the [Counterdefendants] misappropriated them and that he has been damaged" to survive a motion to dismiss as he claims. Opposition at 5:6- 5:8. In fact, the Court need not accept as true any conclusory

allegations, legal conclusions, unwarranted deductions of fact or unreasonable inferences. *See Clegg v. Cult Awareness Network,* 18 F.3d 752, 754-55 (9th Cir. 1994).

While Abhyanker's Opposition attempts to skirt the fact that by his own admission, Google owns the underlying alleged trade secrets in question by now claiming that only some of the trade secrets in question were sold to Google,[1] these claims are countered by the unambiguous allegation in the State FAC that "Google now owns the rights to the original technology of the Nextdoor/Fatdoor concept." *See* RJN Exhibit B ("State FAC") ¶169.

In fact, if Abhyanker's arguments are to be believed, one would have to conclude that his State Court Action was seeking to address claims that were completely unrelated to the present action. Such a conclusion would certainly stretch any common sense reading. The only conclusion that one can credibly reach is that in fact the LegalForce/Nextdoor concepts were the same as the Fatdoor concepts – a position essentially taken by Abhyanker himself in his State Court Action.

### A. Abhyanker Admittedly Does Not Own Any of the Purported Trade Secrets Asserted Here.

As Counterdefendants point out in their Motion to Dismiss, Abhyanker's claim that he owns the trade secrets asserted in his Amended Counterclaim are directly contradicted by his concessions in the State Court Action. *See* Motion to Dismiss at 6:18-8:8. No amount of renaming the trade secrets or attempts at slicing and dicing the technology in his counterclaim can save Abhyanker from this fact.

While he now attempts to argue that the technology relating to Fatdoor was somehow distinct from LegalForce/Nextdoor technology, Abhyanker's previous allegations in the State Court Action clearly belie this claim. First, it must be remembered that the basis of Abhyanker's State Court Action was a claim that Nextdoor.com's entire business rests on stolen misappropriated materials of the Nextdoor/Fatdoor concept. *See generally* State FAC. In his Amended Counterclaim, Abhyanker now makes the same allegation against Nextdoor.com except this time claiming that its business is based on

---

[1] It should also be noted that the State FAC does not once mention the name LegalForce. Presumably Abhyanker was fully aware of the role LegalForce had in terms of the alleged ownership of trade secrets. That no reference was made in the State FAC should again call into question the plausibility of Abhyanker's claims in the instant action.

{00016582;1} -3-

COUNTERDEFENDANTS SANDEEP SOOD AND MONSOON ENTERPRISES, INC.'S REPLY TO DEFENDANT AND COUNTERCLAIMANT RAJ ABHYANKER'S OPPOSITION TO MOTION TO DISMISS FIRST AMENDED COUNTERCLAIM

the LegalForce/Nextdoor technology. Given these allegations, how is it remotely plausible for Abhyanker to now argue that the Nextdoor/Fatdoor technology and the LegalForce/Nextdoor technology were separate and distinct? Second, while Abhyanker now claims that the trade secrets were not specifically identified in his State Court Action, the underlying thrust of the technology is essentially the same. The State FAC identifies the Nextdoor/Fatdoor business model as "neighborhood social networking" and the Amended Counterclaim identifies the LegalForce/Nextdoor as a "private online neighborhood social network." State FAC ¶¶ 3, 21; Amended Counterclaim ¶ 109. The State FAC identified the name "Nextdoor.com" as a key component of the Nextdoor/Fatdoor concept, whereas the Amended Counterclaim alleges the name "Nextdoor.com" as a trade secret of LegalForce/Nextdoor. *Id.* The State FAC identifies elements of the Nextdoor/Fatdoor concept as "covering a wide variety of geo-spatial database, architecture, and application technologies associated with neighborhood communication and geo-spatial social networking" while the Amended Counterclaim identifies the LegalForce/Nextdoor concept to include "geo-spatial database," "architecture" and " a private social network activation in a geospatially constrained area."

**B.  Abhyanker Admits He Publically Disclosed The Nextdoor Name.**

As noted in the Motion to Dismiss, the only purported trade secret that Abhyanker describes in anything but the most conclusory terms, as well as the only one that he alleges that Counterdefendants disclosed,[2] or that Nextdoor.com used, is the "Nextdoor" name.

In his Opposition, Abhyanker concedes that he disclosed the Nextdoor.com name in his patent application. As such, there can be no dispute that any trade secret claim associated with the Nextdoor name has been extinguished at the time of the patent publication which was more than three years prior to any alleged disclosure by Sood or Monsoon.

///
///
///

---

[2] Abhyanker alleges in the Amended Counterclaim that in late 2010 Sood responded to a survey circulated by Nextdoor.com at a time when Nextdoor.com had *already developed its business model*. *See* Amended Counterclaim ¶ 145. Given this, it is difficult to determine what alleged trade secrets Sood or Monsoon could have disclosed.

### C. Abhyanker Fails to Allege How Sood or Monsoon Wrongfully Acquired Trade Secrets or Wrongfully Disclosed Them.

In his Opposition, Abhyanker fails to address the failures of the Amended Counterclaim to adequately allege facts upon which one of the linchpin elements to his claim for trade secret – namely that Monsoon or Sood were subject to an obligation to maintain confidentiality.[3] Without such an obligation of confidentiality, there could have been no wrongful acquisition or disclosure by Monsoon or Sood. It must be noted again that Abhyanker does not attach a copy of the written agreements that purport to create such an obligation. Abhyanker even fails to reference any of the particular language under the written agreements that would create such an obligation or the scope of any such obligation. Additionally, Abhyanker fails to allege any specific concepts or alleged trade secrets that were disclosed to Monsoon or Sood other than the "Nextdoor" name. All we are left with is mere self-serving conclusory allegations without the necessary factual clams to support them.

Abhyanker's Opposition also fails to address the Amended Counterclaim's lack of factual allegations to support the claim that Monsoon or Sood disclosed any alleged trade secrets to Janakiraman or Nextdoor.com. Instead, the Opposition merely restates the conclusory claims in the Amended Complaint. With the exception of the "Nextdoor" name, Abhyanker's Amended Counterclaim is silent on any other trade secrets disclosed by Sood or Monsoon other than a vague mention of "key technologies including neighborhood levels of privacy controls." *See* Amended Counterclaim ¶ 147.

In an attempt to avoid dealing with this defect, Abhyanker points to his Amended Counterclaim and falsely asserts that Tolia admitted to the misappropriation by Sood. Opposition at 12:3-12:4. However, upon examination, this "smoking gun" is no such admission at all – Abhyanker claims that because Tolia, attributed in a *San Jose Mercury News* article in October 26, 2011 that Janakiraman developed key technologies for Nextdoor.com including neighborhood levels of privacy controls, Sood must have disclosed the information to Janakiraman. *See* Amended Counterclaim ¶ 147. Such leaps of

---

[3] Additionally, Abhyanker alleges that Counterdefendants were hired by him to perform services for a private social network for neighborhood inventors. Amended Counterclaim ¶ 110. He does not allege that they were hired to perform services for his "Nextdoor" concept. As such it is highly implausible, even assuming he had a Non-Disclosure Agreement in place with Counterdefendants, that such agreement would extend to concepts for which Counterdefendants were not hired to perform.

{00016582;1} -5-

COUNTERDEFENDANTS SANDEEP SOOD AND MONSOON ENTERPRISES, INC.'S REPLY TO DEFENDANT AND COUNTERCLAIMANT RAJ ABHYANKER'S OPPOSITION TO MOTION TO DISMISS FIRST AMENDED COUNTERCLAIM

conclusion are found throughout Abhyanker's pleadings in the instant action as Abhyanker constantly attempts to take innocuous statements or facts to bend them into admissions of wrongdoing.   Such leaps and speculations fail to establish any credible claim against Monsoon or Sood with the sufficient plausibility required under *Twombly* and *Iqbal*.   As such, Abhyanker's trade secret action against Counterdefendants should be dismissed.

### IV.   CONCLUSION

For the foregoing reasons, Abhyanker's claim for trade secret misappropriation against Counterdefendants Sood and Monsoon should be dismissed with prejudice.

Dated:   May 16, 2013                                     ROYSE LAW FIRM, PC


By: _____*/s/ Harpreet S. Walia*_____
Harpreet S. Walia, Attorneys for Counterdefendants SANDEEP SOOD and MONSOON ENTERPRISES, INC.

{00016582;1}                                               -6-

COUNTERDEFENDANTS SANDEEP SOOD AND MONSOON ENTERPRISES, INC.'S REPLY TO DEFENDANT AND COUNTERCLAIMANT RAJ ABHYANKER'S OPPOSITION TO MOTION TO DISMISS FIRST AMENDED COUNTERCLAIM