| | |
|---|---|
| 1 | LAURENCE F. PULGRAM (CSB No. 115163) |
| | lpulgram@fenwick.com |
| 2 | JENNIFER L. KELLY (CSB No. 193416) |
| | jkelly@fenwick.com |
| 3 | CLIFFORD C. WEBB (CSB NO. 260885) |
| | cwebb@fenwick.com |
| 4 | FENWICK & WEST LLP |
| | 555 California Street |
| 5 | San Francisco, CA 94104 |
| | Telephone: 415.875.2300 |
| 6 | Facsimile: 415.281.1350 |

Attorneys for Plaintiff and Counterdefendant
NEXTDOOR.COM, INC. and Counterdefendant
PRAKASH JANAKIRAMAN

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| NEXTDOOR.COM, INC., a Delaware corporation, | Case No.: 3:12-cv-05667-EMC |
| Plaintiff, | **OBJECTION TO REPLY EVIDENCE OFFERED IN RAJ ABHYANKER'S REPLY TO COUNTERDEFENDANTS' OPPOSITION TO MOTION TO DISQUALIFY COUNSEL** |
| v. | |
| RAJ ABHYANKER, an individual, | Date: June 6, 2013 |
| Defendant. | Time: 1:30 p.m. |
| | Judge: Honorable Edward M. Chen |
| RAJ ABHYANKER, an individual, | |
| Counterclaimant, | |
| v. | |
| NEXTDOOR.COM, INC., a Delaware corporation; PRAKASH JANAKIRAMAN, an individual; BENCHMARK CAPITAL PARTNERS, L.P., a Delaware limited partnership; BENCHMARK CAPITAL MANAGEMENT CO. LLC, a Delaware limited liability company; SANDEEP SOOD, an individual; MONSOON ENTERPRISES, INC., a California corporation, and DOES 1-50, inclusive, | |
| Counterdefendants. | |

OBJECTION TO REPLY EVIDENCE                                                                 Case No. 3:12-cv-05667-EMC

Counterdefendants Nextdoor.com, Inc. ("Nextdoor.com") and Prakash Janakiraman (collectively "Counterdefendants") hereby object to new and improper evidence offered for the first time by Counterclaimant Raj Abhyanker's ("Abhyanker") Reply to Counterdefendants' Opposition to Motion to Disqualify Counsel (Dkt. 86 ("Reply")) and the supporting declaration of Raj Abhyanker (Dkt. 87 ("Abhyanker Decl.")).

## I. THE REPLY IMPROPERLY OFFERS NEW EVIDENCE.

In an eight-page declaration with over seventy five pages of related exhibits, Abhyanker offers new evidence related to, among other things, non-consented taped conversations between himself and Counterdefendant Sandeep Sood ("Sood") and Nextdoor.com co-founder, Nirav Tolia ("Tolia"), and Abhyanker's friendship with Fenwick & West partner Rajiv Patel. *See* Dkt. 87. This "evidence" is new to Abhyanker's Reply and Counterdefendants have not been given an opportunity to respond to it. Abhyanker has no excuse for failing to address this evidence in his Motion, and it is improper to do so now on reply for the first time. *See, e.g.*, *Provenz v. Miller*, 102 F.3d 1478, 1483 (9th Cir. 1996) ("[w]here new evidence is presented in a reply . . . the district court should not consider the new evidence without giving the [non-]movant an opportunity to respond," finding error in the district court's refusal to grant non-moving party opportunity to respond to new evidence presented in reply to motion for summary judgment) (internal citation omitted); *Zamani v. Carnes*, 491 F.3d 990, 996 (9th Cir. 2007) (district court need not consider new arguments raised on reply); *Dytch v. Yoon*, 2011 WL 839421, at *3 (N.D. Cal. Mar. 7, 2011) (improper for moving party to introduce new facts or different legal arguments in the reply brief than those presented in the moving papers, and granting motion to strike).

## II. ABHYANKER'S NEW EVIDENCE IS INADMISSIBLE.

Much of the purported new "evidence" that Abhyanker offers in support of his Reply is also inadmissible. Civil L.R. 7-5(b) provides that "[a]n affidavit or declarations may contain only facts, must conform as much as possible to the requirements of Fed. R. Civ. P. 56(e), and must avoid conclusions and argument." Civil L.R. 7-5(b). Federal Rule of Civil Procedure 56(c)(4) similarly provides that a "declaration used to support or oppose a motion must be made on personal knowledge, set out facts that would be admissible in evidence, and show that the affiant

or declarant is competent to testify on the matters stated." Fed. R. Civ. P. 56(c)(4). Abhyanker's declaration contains numerous baseless and objectionable assertions that are not competent or best evidence and should be stricken under Civil Local Rule 7-5(b). These are summarized here:

| **OBJECTION NUMBER 1:** | **GROUNDS FOR OBJECTION NUMBER 1:** |
|---|---|
| "During the State Court lawsuit in November 2011, I agreed to a narrow ethical screen by Fenwick & West ("Fenwick") that was expressly limited to the State Court lawsuit because I thought that my trade secrets were misappropriated through Bret Taylor and Jim Norris at Benchmark Capital in 2007, and were unconnected to Fenwick's representation of me in 2006 in protecting my assets through a company they created for me that year called 102103, Inc. (and later renamed to LegalForce, Inc.)." Abhyanker Decl. at 1:3-1:10. | **Best evidence. Fed. R. Evid. 1001, 1002.** Abhyanker's characterization of his agreement to an ethical screen violates the best evidence rule. The correspondence agreeing to that screen (Dkt. 81 ("Baker Decl.") Exs. 4-6) speaks for itself and is the best evidence. <br><br> **Inadmissible legal conclusion. Fed. R. Evid. 701.** Abhyanker's assertion as to the scope of the ethical screen is an impermissible legal conclusion. Fed. R. Evid. 701 (precluding lay opinion); *see also Hoover Community Hotel Dev. Corp. v. Thomson*, 167 Cal. App. 3d 1130, 1136 (1985) (testimony as to the purported construction of a contract inadmissible as a legal conclusion). |
| **OBJECTION NUMBER 2:** | **GROUNDS FOR OBJECTION NUMBER 2:** |
| "I requested that my attorneys file a trademark opposition with the United States Trademark Trials and Appeals Board (TTAB) after dropping the State Court lawsuit which was based on priority and trademark law, and did not involve trade secrets. Because the TTAB opposition did not involve trade secrets in 2006, there was no conflict with Fenwick's representation of the counter-defendants in the TTAB opposition." Abhyanker Decl. at 1:15-1:20. | **Best evidence. Fed. R. Evid. 1001, 1002.** Abhyanker's characterization of the contentions in his TTAB Oppositions violates the best evidence rule. The Oppositions and the arguments Abhyanker made in them speak for themselves and specifically asserted theft of trade secrets. *See* Dkt. 64 Ex. 4 ("First Opposition") ¶ 7 (alleging that Nextdoor.com "misappropriated and stole trade secrets owned by Opposer relating to the NEXTDOOR mark and Nextdoor/Fatdoor concept"). <br><br> **Inadmissible legal conclusion. Fed. R. Evid. 701.** Abhyanker's conclusion that the TTAB Oppositions and State Court Action were not substantially related and thus there was no conflict (regardless of his written waiver) is an inadmissible legal conclusion. Fed. R. Evid. 701. |

| OBJECTION NUMBER 3: | GROUNDS FOR OBJECTION NUMBER 3: |
|---|---|
| "In the summer of 2006, I hired my friend Rajiv Patel ("Patel"), a partner in the intellectual property group at Fenwick to represent my interests and incorporate a new corporation (102103, later renamed LegalForce) to protect the software technologies I was developing, including the technologies related to Nextdoor being developed by Sood." Abhyanker Decl. at 1:22-1:25. | **Best evidence. Fed. R. Evid. 1001, 1002.** Abhyanker describes the terms of his company's engagement of Fenwick and West without attaching the actual Engagement Agreement (Baker Decl. Ex. 20). That Engagement Agreement is the best evidence of the scope of Fenwick's engagement. Abhyanker description and characterization of it should be excluded. |
| **OBJECTION NUMBER 4:** | **GROUNDS FOR OBJECTION NUMBER 4:** |
| "Since Fenwick was forming a new company for me, I understood that they would be representing me in my personal capacity and as the majority/sole shareholder of the company I was forming. As such, they sent the Engagement Letter to my personal partnership email address, raj@rajpatent.com and wrote that they were enthusiastic about the opportunity to work with me (which I understood to mean in my personal capacity) and as the sole/majority shareholder of my new company that they were helping to incorporate and form." Abhyanker Decl. at 2:4-2:11. | **Best evidence. Fed. R. Evid. 1001, 1002.** Abhyanker describes the existence and purported terms of correspondence between himself and Fenwick, contending that it supports a personal engagement without actually attaching that correspondence or the Engagement Letter. The correspondence is itself the best evidence and Abhyanker has no excuse for not attaching it. |
| **OBJECTION NUMBER 5:** | **GROUNDS FOR OBJECTION NUMBER 5:** |
| "Sood improperly divulged information to the counter-defendants when Sood admitted filling out a survey for the counter-defendants prior to the launch of the counter-defendant's company." Abhyanker Decl. at 2:15-17. | **No foundation or personal knowledge. Fed. R. Evid. 602.** Abhyanker provides no foundation for his assertion that any response to a survey included trade secret information. |
| **OBJECTION NUMBER 6:** | **GROUNDS FOR OBJECTION NUMBER 6:** |
| "[Fenwick's] current representation of the counter-defendants was substantially related to their prior representation of me and LegalForce, Inc. which included the protection of trade secrets developed by Sood in 2006." Abhyanker Decl. at 3:5-3:8 | **Best evidence. Fed. R. Evid. 1001, 1002.** Abhyanker's claim that Fenwick personally represented him with respect to trade secrets is contradicted by the Engagement Agreement. That agreement is the best evidence of the purported scope of the representation and Abhyanker's characterization to the contrary is inadmissible.<br><br>**Inadmissible legal conclusion. Fed. R. Evid. 701.** Abhyanker's conclusion that the prior representation was substantially related is an inadmissible legal conclusion. Fed. R. Evid. 701 (precluding lay opinion). |

FENWICK & WEST LLP
ATTORNEYS AT LAW
SAN FRANCISCO

| **OBJECTION NUMBER 7:** | **GROUNDS FOR OBJECTION NUMBER 7:** |
|---|---|
| Abhyanker's declaration (at 3:11-5:21) states that "I learned the following information" in conversations with Nextdoor.com co-founder Nirav Tolia ("Tolia") and Counterdefendant Sandeep Sood ("Sood") that he alleges to have recorded. Contrary to Abhyanker's contention, any such recordings were not consented to, and, at least it the case of Tolia, took place in the context of confidential settlement communications. *See, e.g.*, Dkt. 84 at 6 n.4; Dkt. 80 ¶ 6. | **Best evidence. Fed. R. Evid. 1001, 1002.** Abhyanker describes purported taped conversations with Tolia and Sood without providing a copy of those communications. To the extent they exist, those recordings are the best evidence of these supposed statements, and Abhyanker's characterizations are inadmissible.<br><br>**No foundation or personal knowledge. Fed. R. Evid. 602**. Abhyanker generally does not state what Sood or Tolia actually said to him, but rather describes "information" that he purportedly "learned," without foundation in their words or, where words are quoted, for his interpretations of what Tolia or Sood meant by whatever they may have said to him.<br><br>**Settlement communication. Fed. R. Evid. 408.** Tolia's communications with Abhyanker took place in the context of a confidential settlement communication in relation to this litigation and are therefore inadmissible. |
| **OBJECTION NUMBER 8:**<br><br>"If the Court permits Fenwick to represent the counter-defendants, my interests would be severely and detrimentally harmed due to Fenwick's representation of me in 2006 in protecting the very same trade secrets that they now claim I do not own." Abhyanker Decl. at 6:4-6:6. | **GROUNDS FOR OBJECTION NUMBER 8:**<br><br>**Best evidence. Fed. R. Evid. 1001, 1002.** Abhyanker's claim that Fenwick personally represented him is contradicted by the Engagement Agreement. That agreement is the best evidence of the purported scope of the representation and Abhyanker's characterization to the contrary is inadmissible |
| **OBJECTION NUMBER 9:**<br><br>"In contrast, the counter-defendants can easily afford to find new counsel at this time." Abhyanker Decl. at 6:11. | **GROUNDS FOR OBJECTION NUMBER 9:**<br><br>**No foundation or personal knowledge. Fed. R. Evid. 602.** Abhyanker provides no foundation for his purported knowledge of what Counterdefendants Nextdoor.com or Prakash Janakiraman can and cannot afford. |
| **OBJECTION NUMBER 10:**<br><br>References to prior unrelated legal proceedings involving the counter-defendants and to Fenwick's participation in unrelated SEC proceedings. Abhyanker Decl. at 6:17-6:24. | **GROUNDS FOR OBJECTION NUMBER 10:**<br><br>**Irrelevant. Fed. R. Evid. 401, 402.** Abhyanker's reference to completely unrelated prior litigation and to SEC proceedings that in no way involve him is not probative of any issue on this motion, and seems calculated merely to taint the record. |

FENWICK & WEST LLP
ATTORNEYS AT LAW
SAN FRANCISCO

Dated: May 30, 2013          FENWICK & WEST LLP

By: */s/ Laurence F. Pulgram*
       Laurence F. Pulgram

Attorneys for Plaintiff and Counterdefendant
NEXTDOOR.COM, INC. and Counterdefendant
PRAKASH JANAKIRAMAN