| | |
|---|---|
| 1 | **BRUNO W. TARABICHI**, CA State Bar No. 215129<br>bruno@legalforcelaw.com |
| 2 | **ROY MONTGOMERY**, CA State Bar No. 279531<br>roy@legalforcelaw.com |
| 3 | **KUSCHA HATAMI**, CA State Bar No. 282954<br>kuscha@legalforcelaw.com |
| 4 | **LEGALFORCE RAJ ABHYANKER, P.C.**<br>1580 W. El Camino Real, Suite 13 |
| 5 | Mountain View, California 94040<br>Telephone: 650.965.8731 |
| 6 | Facsimile: 650.989.2131 |

Attorneys for Defendant
Raj Abhyanker

*Additional Counsel Appears on Signature Page*

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| NEXTDOOR.COM, INC., a Delaware corporation,<br><br>Plaintiff,<br><br>vs.<br><br>RAJ ABHYANKER, an individual,<br><br>Defendant. | Case No. 3:12-cv-05667-EMC<br><br>**JOINT REPORT REGARDING PLAN FOR TRADE SECRET DESIGNATION BY COUNTERDEFENDANT RAJ ABHYANKER**<br><br>Judge: Honorable Edward M. Chen |
| RAJ ABHYANKER, an individual<br><br>Counterclaimant,<br><br>vs.<br><br>NEXTDOOR.COM, INC., a Delaware corporation; PRAKASH JANAKIRAMAN, an individual; BENCHMARK CAPITAL PARTNERS, L.P., a Delaware limited partnership; BENCHMARK CAPITAL MANAGEMENT CO. LLC, a Delaware limited liability company; SANDEEP SOOD, an individual; MONSOON ENTERPRISES, INC., a California corporation, and DOES 1–50, inclusive;<br><br>Counterdefendants. | |

1    On June 6, 2013, this Court heard oral argument on Nextdoor.com, Inc.'s, Prakash
Janakirman's, Monsoon Enterprises, Inc.'s, and Sandeep Sood's (collectively,
"Counterdefendants'") motions to dismiss Raj Abhyanker's counterclaim for trade secret
misappropriation. Although the Court denied the motions (except as to the use of the name
nextdoor.com, which it concluded could not be a trade secret), it determined that early
identification of Mr. Abhyanker's alleged trade secrets, and the facts underlying his allegations
that they were misappropriated and used by Counterdefendants, is appropriate in this case. The
Court thus ordered the parties to meet and confer to discuss a process by which such disclosures
would be made, and to provide the Court with a joint report on the status of their discussions by
June 27, 2013. *See* Dkt. Nos. 95 at 1; 97 at 24, 35. In accordance with the Court's order, the
parties hereby submit the following joint report.

As summarized herein, the parties are nearly in agreement as to what Mr. Abhyanker's
disclosure should include, but disagree about its timing and whether the Court has authority to
require Mr. Abhyanker to include particular allegations of misappropriation in the trade secret
designation (as opposed to identification of the trade secrets themselves). Mr. Abhyanker
maintains that the requiring particular allegations of misappropriation in a trade secret designation
is contrary to established trade secret law; Counterdefendants maintain that the Court absolutely
has the authority to require the disclosure, as a case management device, and that if Mr.
Abhyanker cannot or will not provide it, the Court should simply grant the motions to dismiss
with leave to add those facts to his counterclaim by amendment.

**I.    Format of Trade Secret Designation**

The parties agree that the trade secret designation should provide the following
information for each trade secret asserted by Mr. Abhyanker in his First Amended Counterclaim
(with the exception of the name "Nextdoor.com"):

1. The identification of the trade secret with reasonable particularity as required by
California Code of Civil Procedure Section 2019.210 and the cases interpreting that statutory
section.

2. For each trade secret, whether the asserted trade secret was acquired by each particular

1 counterdefendant and the supporting factual basis.

  3. For each trade secret, whether the asserted trade secret was disclosed by each particular counterdefendant and the supporting factual basis.

  4. For each trade secret, whether the asserted trade secret was used by each particular counterdefendant and the supporting factual basis.

  The only point of disagreement between the parties regarding the contents of the disclosure relates to the identification of documents.

  **Counterdefendants' Position:**

  Counterdefendants believe that the trade secret designation should require Mr. Abhyanker to identify documents evidencing the scope of the trade secret asserted. Identification of these documents will help to define the scope of Mr. Abhyanker's alleged trade secrets in a way that unsupported allegations would not.

  The format for the disclosure that Counterdefendants have proposed (in chart form, as contemplated by the Court (*see* Dkt. 97 at 24)) is attached hereto as **Exhibit A**.

  **Mr. Abhyanker's Position:**

  Mr. Abhyanker does not believe that any supporting documents need to be identified in the trade secret designation, as that is the purpose of discovery, not a trade secret designation.

**II. Schedule of Trade Secret Designation**

  The parties have been unable to agree on a schedule relating to the disclosure. Accordingly, the parties hereby submit their own proposed schedules for the Court's consideration.

  **A. Raj Abhyanker's Proposed Schedule**

  As an initial matter, Mr. Abhyanker notes that he requires some time to prepare his trade secret designation, which has been expanded from its traditional contents to require identification of the misappropriation with particularity. In this regard, Mr. Abhyanker is also currently out of the country visiting his aunt who raised him and who is in dire medical condition in the intensive care unit in a hospital in India. In addition, after reviewing California case law governing trade secret cases and trade secret designations pursuant to California Code of Civil Procedure

Section 2019.210, Mr. Abhyanker believes that requiring him allege with particularity the acts of misappropriation is improper. Trade secret designations relate only to the identification of trade secrets with particularity, not acts of misappropriation. The law is clear that a trade secret plaintiff should be allowed to conduct discovery regarding the misappropriation element. Accordingly, Mr. Abhyanker intends to file a request for reconsideration and respectfully requests an opportunity to fully brief this issue or, alternatively, requests that this Court certify the issue for appeal to the Ninth Circuit.

With this in mind, Mr. Abhyanker proposes the following schedule:

| | |
|---|---|
| Parties to Negotiate and File Stipulated Protective Order | July 5, 2013 |
| Abhyanker to file request for motion for leave to file a motion for reconsideraton re misappropriation allegations being included in trade secret designation | July 15, 2013 |
| Abhyanker to file and serve motion requesting court to certify for interlocutory appeal | 14 days after either denial of motion for leave to file motion for reconsideration or denial of motion for reconsideration |
| Abhyanker to file and serve trade secret designation | 14 days after denial of motion requesting court to certify for interlocutory appeal or of affirmance on appeal |
| Parties to meet and confer regarding any issues relating to the sufficiency of the trade secret designation | Within 10 days of filing and service of trade secret designation |
| Parties to prepare joint letter to Judge if unable to resolve dispute through meet and confer | Within 7 days of meeting and conferring |

**B.     Counterdefendants' Proposed Schedule**

Counterdefendants believe that the Court's June 6, 2013 order regarding Abhyanker's

trade secret disclosures is a sound case management device and that Abhyanker should not be granted leave to file any motion for reconsideration pursuant to Civil Local Rule 7-9, nor should the issue be certified for interlocutory appeal. The Northern District of California recognizes that Cal. Code of Civ. P. § 2019.210 has a role to play in federal court, not just as a prerequisite to trade secret discovery, but as a flexible case management device. *See Interserve Inc. v. Fusion Garage PTE, Ltd.*, 2010 WL 10445553, at *3 (N.D. Cal. Apr. 9, 2010) (requiring Section 2019.210 disclosures, regardless of their applicability under the *Erie* doctrine, as a case management tool).

Moreover, courts in this District have long adopted and applied standing orders requiring specific disclosures of the facts supporting a plaintiff's claims in cases brought under the RICO statute as a case management tool. *See, e.g., Petrochem Insulation, Inc. v. Northern California and Northern Nevada Pipe Trades Council*, 1992 WL 131162, at *4-*5 (N.D. Cal. Mar. 19, 1992) (dismissing plaintiff's complaint for failure to comply with the court's RICO standing order requiring a separate identification of, *inter alia*, the alleged injury to business or property, the direct casual relationship between the alleged injury and the violation of the RICO statute, and a list of damages sustained indicating the amount for which each defendant is allegedly liable). The Ninth Circuit has affirmed the validity of using these types of orders to require a plaintiff to come forward with specific factual allegations supporting the elements of its claims. *Wagh v. Metris Direct, Inc.*, 348 F.3d 1102, 1107-09 (9th Cir. 2003) (overruled on other grounds by *Odom v. Microsoft, Inc.*, 486 F.3d 541 (9th Cir. 2006)).

Furthermore, there is no basis for reconsideration. There is no material difference in fact or law than what was presented to the Court at the hearing, there has been no intervening change in fact or law, and the Court did not fail to consider any material facts or dispositive legal arguments presented. *See* Civil L.R. 7-9(b). An interlocutory appeal likewise would be inappropriate. This is not (1) a controlling question of law that could materially affect the outcome of this litigation, (2) there is not substantial ground for difference of opinion that the Court can order the disclosure contemplated by the June 6 order as a case management device, and (3) certifying an appeal would in no way advance the ultimate termination of this case—it

would only delay it for months. *See* 28 U.S.C. § 1292(b).[1]

Counterdefendants thus maintain that the disclosure ordered by the Court is entirely appropriate, and in the interest of keeping this case moving, propose the schedule below.

| | |
|---|---|
| Parties to Negotiate and File Stipulated Protective Order | July 5, 2013 |
| Abhyanker to file (under seal) his identification of trade secrets, factual basis for claims of misappropriation, and documentary support in the form of the chart attached hereto as Exhibit A | July 19, 2013 |
| Parties to meet and confer regarding any issues relating to the sufficiency of the trade secret designation | August 2, 2013 |
| Parties to address any disagreements relating to the sufficiency of the trade secret designation in their respective portions of the CMC Statement | August 15, 2013 |
| Case Management Conference | August 22, 2013 |

Counterdefendants believe this schedule provides Abhyanker sufficient time to prepare his disclosures and will likewise help to move this case forward. It has already been three weeks since the Court's June 6, 2013 order contemplating such a disclosure. The schedule proposed by Counterdefendants would provide Abhyanker an additional three weeks to prepare these disclosures, and will allow for the resolution of any issues with these disclosures at or prior to the scheduled August 22, 2013 case management conference, as contemplated by the Court. *See* Dkt. 97 at 34 ("I'd like to come back in and meet soon after we've had [the disclosure], see whether we can talk about whether the next step is a motion, next step is some limited discovery, or what we're going to do in that regard. So I'd like for you to meet and confer and figure out something

---

[1] In any event, if the Court is inclined to entertain any such request, Mr. Abhyanker should have to do so with a motion, as contemplated by this Court's Civil Local Rules. *See* Civil L.R. 7-1.

that's going to happen to us in the next 30 to 60 days and then come back here.").

Mr. Abhyanker's steadfast resistance to making the disclosures contemplated by the Court strongly suggests he never had the required Rule 11 basis to make the sweeping allegations of misappropriation offered by his Counterclaim and First Amended Counterclaim—and indeed, throughout the last 18 months of litigation against Nextdoor.com, its founders, investors, and friends. If Abhyanker does not wish to proceed in this manner, Counterdefendants believe that the appropriate approach is for the Court to grant Counterdefendants' respective motions to dismiss, and order Abhyanker to actually plead the facts of misappropriation. The Court's constructive effort of avoiding amendment was premised on Mr. Abhyanker being able to come forward with facts in this process, and if he cannot or will not, then the First Amended Complaint should simply be dismissed with leave to add facts by amendment.

Dated: June 27, 2013                               Respectfully submitted,

                                                   LEGALFORCE RAJ ABHYANKER, P.C.


                                                   By  /s/ *Bruno W. Tarabichi*
                                                       Bruno W. Tarabichi
                                                       Roy Montgomery
                                                       Kuscha Hatami
                                                       Attorneys for Raj Abhyanker



Dated: June 27, 2013                               Respectfully submitted,

                                                   FENWICK & WEST LLP


                                                   By  /s/ *Jennifer L. Kelly*
                                                       Laurence F. Pulgram
                                                       Jennifer L. Kelly
                                                       Attorneys for Nextdoor.com and Prakash
                                                       Janakirman

| | | |
|---|---|---|
| 1 | Dated: June 27, 2013 | Respectfully submitted, |
| 2 | | ROYCE LAW FIRM, P.C. |

By /s/ *Harpreet S. Walia*
    Harpreet S. Walia
    Attorneys for Monsoon Enterprises and
    Sandeep Sood

**ATTESTATION PURSUANT TO CIVIL LOCAL RULE 5-1**

I, Jennifer L. Kelly, am the ECF User whose identification and password are being used to file this **JOINT REPORT REGARDING PLAN FOR TRADE SECRET DESIGNATION.** In compliance with Civil Local Rule 5-1, I hereby attest that all signatories have concurred in this filing.

Dated: June 27, 2013 　　　　　　　　　*/s/ Jennifer L. Kelly*
　　　　　　　　　　　　　　　　　　　　Jennifer L. Kelly