1  LAURENCE F. PULGRAM (CSB No. 115163)
   lpulgram@fenwick.com
2  JENNIFER L. KELLY (CSB No. 193416)
   jkelly@fenwick.com
3  CLIFFORD C. WEBB (CSB NO. 260885)
   cwebb@fenwick.com
4  FENWICK & WEST LLP
   555 California Street
5  San Francisco, CA  94104
   Telephone:     415.875.2300
6  Facsimile:     415.281.1350

7  Attorneys for Plaintiff and Counterdefendant
   NEXTDOOR.COM, INC. and Counterdefendant
8  PRAKASH JANAKIRAMAN

FENWICK & WEST LLP
ATTORNEYS AT LAW
SAN FRANCISCO

# UNITED STATES DISTRICT COURT

## NORTHERN DISTRICT OF CALIFORNIA

### SAN FRANCISCO DIVISION

| | |
|---|---|
| NEXTDOOR.COM, INC., a Delaware corporation,<br><br>                    Plaintiff,<br><br>         v.<br><br>RAJ ABHYANKER, an individual,<br><br>                    Defendant. | Case No.: 3:12-cv-05667-EMC<br><br>**NEXTDOOR.COM, INC. AND PRAKASH JANAKIRAMAN'S ANSWER TO DEFENDANT RAJ ABHYANKER'S FIRST AMENDED COUNTERCLAIM FOR TRADE SECRET MISAPPROPRIATION**<br><br>**DEMAND FOR JURY TRIAL**<br><br>Case Filed:  November 5, 2012<br><br>Judge:     Honorable Edward M. Chen |
| RAJ ABHYANKER, an individual,<br><br>                    Counterclaimant,<br><br>         v.<br><br>NEXTDOOR.COM, INC., a Delaware corporation; PRAKASH JANAKIRAMAN, an individual; BENCHMARK CAPITAL PARTNERS, L.P., a Delaware limited partnership; BENCHMARK CAPITAL MANAGEMENT CO. LLC, a Delaware limited liability company; SANDEEP SOOD, an individual; MONSOON ENTERPRISES, INC., a California corporation, and DOES 1-50, inclusive,<br><br>                    Counterdefendants. | |

NEXTDOOR AND JANAKIRAMAN'S
ANSWER TO ABHYANKER'S FIRST                                    CASE NO. 3:12-cv-05667-EMC
AMENDED COUNTERCLAIM

Counterdefendants Nextdoor.com, Inc. ("Nextdoor.com") and Prakash Janakiraman ("Janakiraman") (collectively "Counterdefendants") hereby answer Counterclaimant Raj Abhyanker's ("Abhyanker's") First Amended Counterclaim ("FACC") as follows. To the extent that any responsive pleading is required to the headings in the FACC, Counterdefendants herby deny them. Any allegations of the FACC not specifically admitted below are hereby denied.

**PARTIES**

95. Counterdefendants are without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 95, and on that basis, deny them.

96. Denied, except Counterdefendants admit that Nextdoor.com is a Delaware corporation.

97. Admitted.

98. Counterdefendants are without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 98, and on that basis, deny them.

99. Counterdefendants are without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 99, and on that basis, deny them.

100. Counterdefendants are without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 100, and on that basis, deny them.

101. Counterdefendants are without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 101, and on that basis, deny them.

**JURISDICTION AND VENUE**

102. Paragraph 102 contains legal conclusions to which no response is required. To the extent a response is required, Counterdefendants admit that this Court has subject matter jurisdiction over the FACC pursuant to 28 U.S.C. § 1367.

103. Paragraph 103 contains legal conclusions to which no response is required. To the extent a response is required, Counterdefendants admit that the Court has personal jurisdiction over Counterdefendants.

104. Paragraph 104 contains legal conclusions to which no response is required. To the extent a response is required, Counterdefendants admit that venue is proper.

# FACTS RELEVANT TO ALL COUNTERCLAIMS

105. Denied.

106. Counterdefendants are without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 106, and on that basis, deny them, except that Counterdefendants affirmatively deny that "at least three of the co-founders of Nextdoor.com were EIRs in formal and informal capacities at least since 2006 when Abhyanker pitched his ideas to Benchmark."

107. Counterdefendants deny the allegations of Paragraph 107 except that they admit that Nextdoor.com was founded in December 2007 as SPN, Inc., that SPN, Inc. changed its name to Round Two, Inc. in January 2008, that it launched an online almanac of professional and college athletes at www.fanbase.com, and that it subsequently changed its name to Fanbase, Inc.

108. Denied.

109. Counterdefendants deny that the use of the name "Nextdoor" was a trade secret, particularly in light of the Court's July 19, 2013 order granting in part Counterdefendants' Motion to Dismiss. Counterdefendants are without knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 109, and on that basis, deny them.

110. Counterdefendants are without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 110, and on that basis, deny them.

111. Counterdefendants deny that the use of the name "Nextdoor" is a trade secret, particularly in light of the Court's July 19, 2013 order granting in part Counterdefendants' Motion to Dismiss. Counterdefendants are without knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 111, and on that basis, deny them.

112. Counterdefendants are without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 112, and on that basis, deny them.

113. Counterdefendants deny that the use of the name "Nextdoor" is a trade secret, particularly in light of the Court's July 19, 2013 order granting in part Counterdefendants' Motion to Dismiss. Counterdefendants are without knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 113, and on that basis, deny them.

114. Counterdefendants are without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 114, and on that basis, deny them.

115. Counterdefendants deny that the use of the name "Nextdoor" is a trade secret, particularly in light of the Court's July 19, 2013 order granting in part Counterdefendants' Motion to Dismiss. Counterdefendants are without knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 115, and on that basis, deny them.

116. Counterdefendants are without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 116, and on that basis, deny them.

117. Counterdefendants are without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 117, and on that basis, deny them.

118. Counterdefendants are without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 118, and on that basis, deny them.

119. Counterdefendants are without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 119, and on that basis, deny them.

120. Counterdefendants deny that the use of the name "Nextdoor" is a trade secret, particularly in light of the Court's July 19, 2013 order granting in part Counterdefendants' Motion to Dismiss. Counterdefendants are without knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 120, and on that basis, deny them.

121. Counterdefendants are without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 121, and on that basis, deny them.

122. Counterdefendants are without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 122, and on that basis, deny them.

123. Counterdefendants are without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 123, and on that basis, deny them.

124. Counterdefendants are without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 124, and on that basis, deny them.

125. Counterdefendants are without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 125, and on that basis, deny them.

FENWICK & WEST LLP
ATTORNEYS AT LAW
SAN FRANCISCO

126. Counterdefendants are without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 126, and on that basis, deny them.

127. Counterdefendants are without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 127, and on that basis, deny them.

128. Counterdefendants are without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 128, and on that basis, deny them.

129. Counterdefendants are without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 129, and on that basis, deny them.

130. Counterdefendants are without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 130, and on that basis, deny them.

131. Counterdefendants are without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 131, and on that basis, deny them.

132. Counterdefendants are without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 132, and on that basis, deny them.

133. Counterdefendants are without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 133, and on that basis, deny them.

134. Counterdefendants are without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 134, and on that basis, deny them.

135. Counterdefendants deny that Benchmark Capital disclosed any trade secrets to Counterdefendants. Counterdefendants are without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 135, and on that basis, deny them.

136. Counterdefendants are without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 136, and on that basis, deny them.

137. Counterdefendants admit that Janakiraman was one of the founders of Nextdoor.com. Counterdefendants are without knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 137, and on that basis, deny them.

138. Counterdefendants deny that Nextdoor.com misappropriated any trade secrets. Counterdefendants admit that Janakiraman attended U.C. Berkeley along with Counterdefendant

Sood and that the two are friends. Counterdefendants are without knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 138, and on that basis, deny them.

139. Counterdefendants are without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 139, and on that basis, deny them.

140. Counterdefendants admit that Janakiraman and Sood remain friends and communicate with each other occasionally. Counterdefendants are without knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 140, and on that basis, deny them.

141. Denied.

142. Counterdefendants admit that Janakiraman and Nirav Tolia ("Tolia") are co-founders of Nextdoor.com. Counterdefendants are without knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 142, and on that basis, deny them.

143. Denied.

144. Denied.

145. Denied.

146. Denied, except that Counterdefendants admit that Counterdefendant Sood received and completed a survey from Nextdoor.com.

147. Denied, except that Counterdefendants admit that Abhyanker accurately quotes articles posted on the Internet.

148. Denied.

149. Denied.

150. Denied.

151. Counterdefendants are without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 151, and on that basis, deny them.

152. Denied, except that Counterdefendants admit that Nextdoor.com is headquartered in San Francisco.

NEXTDOOR AND JANAKIRAMAN'S
ANSWER TO ABHYANKER'S FIRST     5     CASE NO. 3:12-cv-05667-EMC
AMENDED COUNTERCLAIM

153. Denied.

154. Denied, except that Counterdefendants admit that Nextdoor.com acquired the www.nextdoor.com domain name in January 2011.

155. Counterdefendants are without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 155, and on that basis, deny them.

156. Denied.

157. Denied, except that Counterdefendants admit that Fanbase, Inc. filed a trademark application for the mark NEXTDOOR on February 8, 2011.

158. Admitted.

159. Denied, except that Counterdefendants admit that Nextdoor.com publicly launched its www.nextdoor.com website on October 26, 2011.

160. Denied, except that Counterdefendants admit that Abhyanker filed a complaint against Counterdefendants in the Superior Court of California for the County of Santa Clara asserting claims for trade secret misappropriation, breach of contract, and additional torts (the "State Court Action").

161. Admitted.

162. Denied.

163. Denied, except that Counterdefendants admit that Abhyanker dismissed the State Court Action without prejudice.

164. Counterdefendants admit that Nextdoor.com filed this lawsuit on November 5, 2012 and that the TTAB proceedings have been suspended pending its outcome. Counterdefendants are without knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 164, and on that basis, deny them.

165. Denied.

166. Denied.

167. Counterdefendants deny that Abhyanker has not pleaded that Google now owns all the trade secrets asserted here. Counterdefendants are without knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 167, and on

that basis, deny them.

168. Counterdefendants admit that Abhyanker purports to bring a counterclaim for trade secret misappropriation, but deny that it is meritorious.

## FIRST COUNTERCLAIM
## TRADE SECRET MISAPPROPRIATION
### (Against All Defendants)

169. To the extent any response is required, Counterdefendants hereby incorporate their responses to Paragraphs 95-168 herein.

170. Counterdefendants deny that the use of the name "Nextdoor" is a trade secret, particularly in light of the Court's July 19, 2013 order granting in part Counterdefendants' Motion to Dismiss. Counterdefendants are without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 170, and on that basis, deny them.

171. Counterdefendants deny that the use of the name "Nextdoor" is a trade secret, particularly in light of the Court's July 19, 2013 order granting in part Counterdefendants' Motion to Dismiss. Counterdefendants are without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 171, and on that basis, deny them.

172. Counterdefendants deny that the use of the name "Nextdoor" is a trade secret, particularly in light of the Court's July 19, 2013 order granting in part Counterdefendants' Motion to Dismiss. Counterdefendants are without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 172, and on that basis, deny them.

173. Denied.

174. Denied.

175. Denied.

## ABHYANKER'S PRAYER FOR RELIEF

To the extent any response is required, Counterdefendants deny that Abhyanker is entitled to judgment on any allegations or claims asserted in the FACC and further deny that Abhyanker is entitled to any of the relief requested.

## AFFIRMATIVE DEFENSES

Counterdefendants assert the following affirmative defenses without regard to whether they are "affirmative" or defenses.

### FIRST AFFIRMATIVE DEFENSE
### (Failure to State a Cause of Action)

Abhyanker's claim for trade secret misappropriation fails to state facts sufficient to state a claim against Counterdefendants.

### SECOND AFFIRMATIVE DEFENSE
### (Standing)

Abhyanker's claim for trade secret misappropriated is barred, in whole or in part, by his lack of ownership of the trade secrets asserted.

### THIRD AFFIRMATIVE DEFENSE
### (Unclean Hands)

Abhyanker's claim for trade secret misappropriation is barred, in whole or in part, by the doctrine of unclean hands and/or *in pari delicto*, including without limitation because of Abhyanker's bad faith misrepresentation of his ownership of the purported trade secrets at issue here.

### FOURTH AFFIRMATIVE DEFENSE
### (Waiver/Estoppel)

Abhyanker's claim for trade secret misappropriation is barred, in whole or in part, by the doctrines of waiver and estoppel, including without limitation because Abhyanker has previously pleaded that he does not personally own any of the purported trade secrets at issue here.

### FIFTH AFFIRMATIVE DEFENSE
### (Disclosure)

Abhyanker's claim for trade secret misappropriation is barred, in whole or in part, because he disclosed the purported trade secrets without any conditions of confidentiality, including without limitation to the general public through patent applications and to third parties.

### SIXTH AFFIRMATIVE DEFENSE
### (Alleged Trade Secrets Known Or Readily Ascertainable)

Abhyanker's trade secret misappropriation claim is barred, in whole or in part, because Abhyanker's purported trade secrets are known or readily ascertainable by the relevant industry and/or by persons who could obtain economic value from their information and were in the public domain.

### SEVENTH AFFIRMATIVE DEFENSE
### (No Improper Means)

Abhyanker's trade secret misappropriation claim is barred, in whole or in part, because Counterdefendants did not obtain any purported trade secrets by improper means.

### EIGHTH AFFIRMATIVE DEFENSE
### (No Basis for Injunctive Relief)

Abhyanker's claim for injunctive relief is barred, in whole or in part, because Abhyanker has failed to state facts sufficient to provide a legal or factual basis to award injunctive relief against Counterdefendants.

### NINTH AFFIRMATIVE DEFENSE
### (Failure to Disclose)

Abhyanker's claim is barred, in whole or in part, because he has failed to identify and describe any alleged trade secrets with the particularity required by the Uniform Trade Secrets Act, Cal. Civil Code § 3426, *et seq.*

### RESERVATION OF RIGHT TO ASSERT ADDITIONAL DEFENSES

Counterdefendants reserve the right to assert additional affirmative defenses in the event that clarification of Abhyanker's claims or allegations, discovery, or investigation reveals the appropriateness of such defenses.

FENWICK & WEST LLP
ATTORNEYS AT LAW
SAN FRANCISCO

NEXTDOOR AND JANAKIRAMAN'S
ANSWER TO ABHYANKER'S FIRST
AMENDED COUNTERCLAIM

9

CASE NO. 3:12-cv-05667-EMC

| | | |
|---|---|---|
| 1 | Dated: August 2, 2013 | FENWICK & WEST LLP |
| 2 | | |
| 3 | | By: */s/ Jennifer L. Kelly*<br>    Jennifer L. Kelly |
| 4 | | Attorneys for Plaintiff and Counterdefendant |
| 5 | | NEXTDOOR.COM, INC. and Counterdefendant<br>PRAKASH JANAKIRAMAN |

## **DEMAND FOR A JURY TRIAL**

Counterdefendants hereby demand a jury trial on all issues so triable.

| | | |
|---|---|---|
| Dated: August 2, 2013 | | FENWICK & WEST LLP |
| | | By: */s/ Jennifer L. Kelly*<br>    Jennifer L. Kelly |
| | | Attorneys for Plaintiff and Counterdefendant<br>NEXTDOOR.COM, INC. and Counterdefendant<br>PRAKASH JANAKIRAMAN |

FENWICK & WEST LLP
ATTORNEYS AT LAW
SAN FRANCISCO

NEXTDOOR AND JANAKIRAMAN'S
ANSWER TO ABHYANKER'S FIRST                 10                     CASE NO. 3:12-cv-05667-EMC
AMENDED COUNTERCLAIM