Harpreet S. Walia, Esq. (SBN 176136)
Lisa M. Chapman, Esq.  (SBN 118113)
ROYSE LAW FIRM, PC
1717 Embarcadero Road
Palo Alto, California   94303
Telephone:   (650) 813-9700
Facsimile:    (650) 813-9777
E-Mail:  hwalia@rroyselaw.com
            lchapman@rroyselaw.com

Attorneys for Counterdefendants SANDEEP SOOD and
MONSOON ENTERPRISES, INC. a California corporation

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| NEXTDOOR.COM., INC., a Delaware corporation,<br><br>        Plaintiff,<br><br>   v.<br><br>RAJ ABHYANKER, an individual,<br><br>        Defendant. | Case No.: 3:12-cv-05667-EMC<br><br>**COUNTERDEFENDANTS SANDEEP SOOD AND MONSOON ENTERPRISES, INC.'S ANSWER TO DEFENDANT AND COUNTERCLAIMANT RAJ ABHYANKER'S FIRST AMENDED COUNTERLCLAIM FOR TRADE SECRET MISAPPROPRIATION** |
| RAJ ABHYANKER, an individual,<br><br>        Counterclaimant,<br><br>   v.<br><br>NEXTDOOR.COM., INC., a Delaware corporation; PRAKASH JANAKIRAMAN, an individual; BENCHMARK CAPITAL PARTNERS VII, L.P., a Delaware limited partnership; BENCHMARK CAPITAL MANAGEMENT CO. VII LLC, a Delaware limited liability company; SANDEEP SOOD, an individual; MONSOON COMPANY, an unknown business entity, and DOES 1-50, inclusive,<br><br>        Counterdefendants. | Complaint Filed:      November 5, 2012<br>Countercomplaint Filed:   January 10, 2013<br>First Amended Countercomplaint Filed:<br>                April 8, 2013<br><br>Judge:      Honorable Edward M. Chen<br>Trial:      TBD |

Counterdefendants Sandeep Sood, an individual ("Sood") and Monsoon Enterprises, Inc. ("Monsoon") hereby answer the First Amended Counterclaim ("Counterclaim") filed by Counterclaimant Raj Abhyanker ("Abhyanker"), as follows:

## GENERAL DENIAL

Pursuant to California Code of Civil Procedure Section 431.130(d), Sood and Monsoon generally denies all of the material allegations set forth in the Counterclaim, and further deny that Abhyanker is entitled to any relief or damages of any kind.

## ANSWER TO FIRST AMENDED COUNTERCLAIM

### Parties

1.      In response to paragraph 95, Sood and Monsoon admit the allegations contained in paragraph 95.

2.      In response to paragraph 96, Sood and Monsoon respond that they lack knowledge or information sufficient to form a belief about the allegations contained in paragraph 96 and, therefore, deny each and every allegation.

3.      In response to paragraph 97, Sood and Monsoon respond that they lack knowledge or information sufficient to form a belief about the allegations contained in paragraph 97 and, therefore, deny each and every allegation.

4.      In response to paragraph 98, Sood and Monsoon admit the allegations contained in paragraph 98.

5.      In response to paragraph 99, Sood and Monsoon admit the allegations contained in paragraph 99.

6.      In response to paragraph 100, Sood and Monsoon respond that they lack knowledge or information sufficient to form a belief about the allegations contained in paragraph 100 and, therefore, deny each and every allegation.

7.      In response to paragraph 101, Sood and Monsoon respond that they lack knowledge or information sufficient to form a belief about the allegations contained in paragraph 101 and, therefore, deny each and every allegation.

**Jurisdiction**

8.      In response to paragraph 102, Sood and Monsoon admit the allegations contained in paragraph 102.

9.      In response to paragraph 103, Sood and Monsoon admit the allegations contained in paragraph 103.

10.      In response to paragraph 104, Sood and Monsoon admit the allegations contained in paragraph 104.

**Facts Relevant to All Counterclaims**

Nextdoor.com and Benchmark Capital have a history of stealing information and ideas

11.      In response to paragraph 105, Sood and Monsoon respond that they lack knowledge or information sufficient to form a belief about the allegations contained in paragraph 105 and, therefore, deny each and every allegation.

12.      In response to paragraph 106, Sood and Monsoon respond that they lack knowledge or information sufficient to form a belief about the allegations contained in paragraph 106 and, therefore, deny each and every allegation.

13.      In response to paragraph 107, Sood and Monsoon respond that they lack knowledge or information sufficient to form a belief about the allegations contained in paragraph 107 and, therefore, deny each and every allegation.

14.      In response to paragraph 108, Sood and Monsoon respond that they lack knowledge or information sufficient to form a belief about the allegations contained in paragraph 108 and, therefore, deny each and every allegation.

15.      In response to paragraph 109, Sood and Monsoon respond that they lack knowledge or information sufficient to form a belief about the allegations contained in paragraph 109 and, therefore, deny each and every allegation.

Abhyanker hired Sood to work on his trade secret LegalForce/Nextdoor concept

16.      In response to paragraph 110, Sood and Monsoon admit that Big Circle Media (now called Monsoon) was hired by Abhyanker on or around September 21, 2006.  Except as expressly admitted herein, Sood and Monsoon deny each and every other allegation contained in paragraph 110.

COUNTERDEFENDANTS SANDEEP SOOD AND MONSOON ENTERPRISES, INC'S ANSWER TO DEFENDANT AND
COUNTERCLAIMANT RAJ ABHYANKER'S FIRST AMENDED COUNTERCLAIM FOR TRADE SECRET
MISAPPROPRIATION

17.     In response to paragraph 111, Sood and Monsoon respond that they lack knowledge or information sufficient to form a belief about the allegations contained in paragraph 111 and, therefore, deny each and every allegation.

18.     In response to paragraph 112, Sood and Monsoon respond that they lack knowledge or information sufficient to form a belief about the allegations contained in paragraph 112 and, therefore, deny each and every allegation.

19.     In response to paragraph 113, Sood and Monsoon deny that Sood decided it would be best to start a separate venture from Legal/ForceNextdoor related to the Fatdoor concept.  Except as specifically denied herein, Sood and Monsoon respond that they lack knowledge or information sufficient to form a belief about the other allegations contained in paragraph 113 and, therefore, deny each and every other allegation.

20.     In response to paragraph 114, Sood and Monsoon respond that they lack knowledge or information sufficient to form a belief about the allegations contained in paragraph 114 and, therefore, deny each and every allegation.

21.     In response to paragraph 115, Sood and Monsoon deny each and every allegation contained in paragraph 115.

22.     In response to paragraph 116, Sood and Monsoon respond that they lack knowledge or information sufficient to form a belief about the allegations contained in paragraph 116 and, therefore, deny each and every allegation.

23.     In response to paragraph 117, Sood and Monsoon respond that they lack knowledge or information sufficient to form a belief about the allegations contained in paragraph 117 and, therefore, deny each and every allegation.

24.     In response to paragraph 118, Sood and Monsoon deny that Abhyanker spoke with Sood in early 2010 and informed him of his desire to restart the Nextdoor business and acquire the rights to the Nextdoor domain and that Sood disclosed Abhyanker's bidding to Nextdoor.com.  Except as specifically denied herein, Sood and Monsoon respond that they lack knowledge or information sufficient to form a belief about the other allegations contained in paragraph 118 and, therefore, deny each and every other allegation.

-4-

25.     In response to paragraph 119, Sood and Monsoon deny that the patent applications and the inventions/technology acquired by Google do not relate to or cover Abhyanker's LegalForce/Nextdoor concept and further deny that the trade secrets that form the basis of Abhyanker's trade secret misappropriation claim in the instant pleading were never assigned, purchased or transferred to Fatdoor/Center'd or Google and that they remain owned by Abhyanker personally.   Except as expressly denied herein, Sood and Monsoon respond that they lack knowledge or information sufficient to form a belief about the other allegations contained in paragraph 119 and, therefore, deny each and every allegation.

26.     In response to paragraph 120, Sood and Monsoon deny each and every allegation contained in paragraph 120.

Sood is not chosen to be part of Fatdoor's founding team and becomes disgruntled

27.     In response to paragraph 121, Sood and Monsoon admit that Sood and Abhyanker discussed the possibility of Sood being a co-founder.  Except as expressly admitted herein, Sood and Monsoon respond that they lack knowledge or information sufficient to form a belief about the other allegations contained in paragraph 121 and, therefore, deny each and every allegation.

28.     In response to paragraph 122, Sood and Monsoon deny that it was unfortunate that Sood was not chosen to be part of Fatdoor's founding team.  Except as otherwise explicitly denied herein, Sood and Monsoon admit to the other allegations contained in paragraph 122.

29.     In response to paragraph 123, Sood and Monsoon deny each and every allegation contained in paragraph 123.

30.     In response to paragraph 124, Sood and Monsoon respond that they lack knowledge or information sufficient to form a belief about the allegations contained in paragraph 124 and, therefore, deny each and every allegation.

31.     In response to paragraph 125, Sood and Monsoon respond that they lack knowledge or information sufficient to form a belief about the allegations contained in paragraph 125 and, therefore, deny each and every allegation.

32.     In response to paragraph 126, Sood and Monsoon respond that they lack knowledge or information sufficient to form a belief about the allegations contained in paragraph 126 and, therefore, deny each and every allegation.

33.     In response to paragraph 127, Sood and Monsoon respond that they lack knowledge or information sufficient to form a belief about the allegations contained in paragraph 127 and, therefore, deny each and every allegation.

34.     In response to paragraph 128, Sood and Monsoon respond that they lack knowledge or information sufficient to form a belief about the allegations contained in paragraph 128 and, therefore, deny each and every allegation.

35.     In response to paragraph 129, Sood and Monsoon respond that they lack knowledge or information sufficient to form a belief about the allegations contained in paragraph 129 and, therefore, deny each and every allegation.

36.     In response to paragraph 130, Sood and Monsoon respond that they lack knowledge or information sufficient to form a belief about the allegations contained in paragraph 130 and, therefore, deny each and every allegation.

37.     In response to paragraph 131, Sood and Monsoon respond that they lack knowledge or information sufficient to form a belief about the allegations contained in paragraph 131 and, therefore, deny each and every allegation.

38.     In response to paragraph 132, Sood and Monsoon respond that they lack knowledge or information sufficient to form a belief about the allegations contained in paragraph 132 and, therefore, deny each and every allegation.

39.     In response to paragraph 133, Sood and Monsoon respond that they lack knowledge or information sufficient to form a belief about the allegations contained in paragraph 133 and, therefore, deny each and every allegation.

40.     In response to paragraph 134, Sood and Monsoon respond that they lack knowledge or information sufficient to form a belief about the allegations contained in paragraph 134 and, therefore, deny each and every allegation.

41.   In response to paragraph 135, Sood and Monsoon respond that they lack knowledge or information sufficient to form a belief about the allegations contained in paragraph 135 and, therefore, deny each and every allegation.

42.   In response to paragraph 136, Sood and Monsoon respond that they lack knowledge or information sufficient to form a belief about the allegations contained in paragraph 136 and, therefore, deny each and every allegation.

Nextdoor.com founder Janakiraman's secret friendship with Sood

43.   In response to paragraph 137, Sood and Monsoon deny that Sood was hired by Abhyanker to work on his trade secret Nextdoor concept.  Except as expressly denied herein, Sood and Monsoon respond that they lack knowledge or information sufficient to form a belief about the other allegations contained in paragraph 137 and, therefore, deny each and every allegation.

44.   In response to paragraph 138, Sood and Monsoon admit that both Sood and Janakiraman attended University of California, Berkeley.  Except as expressly admitted herein, Sood and Monsoon deny each and every other allegation contained in paragraph 138.

45.   In response to paragraph 139, Sood and Monsoon deny each and every allegation contained in paragraph 139.

46.   In response to paragraph 140, Sood and Monsoon respond that they lack knowledge or information sufficient to form a belief about the allegations contained in paragraph 140 and, therefore, deny each and every allegation.

47.   In response to paragraph 141, Sood and Monsoon deny each and every allegation contained in paragraph 141.

48.   In response to paragraph 142, Sood and Monsoon respond that they lack knowledge or information sufficient to form a belief about the allegations contained in paragraph 142 and, therefore, deny each and every allegation.

49.   In response to paragraph 143, Sood and Monsoon respond that they lack knowledge or information sufficient to form a belief about the allegations contained in paragraph 143 and, therefore, deny each and every allegation.

50.    In response to paragraph 144, Sood and Monsoon respond that they lack knowledge or information sufficient to form a belief about the allegations contained in paragraph 144 and, therefore, deny each and every allegation.

Sood completes a survey on the Nextdoor concept for Nextdoor.com and has subsequent email conversations and social meetings with Prakash Janikiraman

51.    In response to paragraph 145, Sood and Monsoon respond that they lack knowledge or information sufficient to form a belief about the allegations contained in paragraph 145 and, therefore, deny each and every allegation.

52.    In response to paragraph 146 Sood and Monsoon admit that Sood received the survey and completed and returned the survey.  Except as expressly admitted herein, Sood and Monsoon deny each and every other allegation contained in paragraph 146.

53.    In response to paragraph 147, Sood and Monsoon deny each and every allegation contained in paragraph 147.

54.    In response to paragraph 148, Sood and Monsoon deny each and every allegation contained in paragraph 148.

55.    In response to paragraph 149, Sood and Monsoon respond that they lack knowledge or information sufficient to form a belief about the allegations contained in paragraph 149 and, therefore, deny each and every allegation.

Nextdoor.com prototypes Abhyanker's LegalForce/Nextdoor concept in Abhyanker's neighborhood

56.    In response to paragraph 150, Sood and Monsoon respond that they lack knowledge or information sufficient to form a belief about the allegations contained in paragraph 150 and, therefore, deny each and every allegation.

57.    In response to paragraph 151, Sood and Monsoon respond that they lack knowledge or information sufficient to form a belief about the allegations contained in paragraph 151 and, therefore, deny each and every allegation.

58.    In response to paragraph 152, Sood and Monsoon respond that they lack knowledge or information sufficient to form a belief about the allegations contained in paragraph 152 and, therefore, deny each and every allegation.

COUNTERDEFENDANTS SANDEEP SOOD AND MONSOON ENTERPRISES, INC'S ANSWER TO DEFENDANT AND COUNTERCLAIMANT RAJ ABHYANKER'S FIRST AMENDED COUNTERCLAIM FOR TRADE SECRET MISAPPROPRIATION

59.     In response to paragraph 153, Sood and Monsoon deny that Sood had a long-time friendship with Janakiraman. Except as expressly denied herein, Sood and Monsoon respond that they lack knowledge or information sufficient to form a belief about the other allegations contained in paragraph 153 and, therefore, deny each and every allegation.

After Sood's wrongful disclosure, Nextdoor.com adopts the stolen Nextdoor name

60.     In response to paragraph 154, Sood and Monsoon respond that they lack knowledge or information sufficient to form a belief about the allegations contained in paragraph 154 and, therefore, deny each and every allegation.

61.     In response to paragraph 155, Sood and Monsoon respond that they lack knowledge or information sufficient to form a belief about the allegations contained in paragraph 155 and, therefore, deny each and every allegation.

62.     In response to paragraph 156, Sood and Monsoon deny each and every allegation contained in paragraph 156.  Furthermore, as the Nextdoor.com name is no longer the basis of Abhyanker's Misappropriation Claim, this paragraph must be stricken from the Counterclaim.

63.     In response to paragraph 157, Sood and Monsoon respond that they lack knowledge or information sufficient to form a belief about the allegations contained in paragraph 157 and, therefore, deny each and every allegation.  Furthermore, as the Nextdoor.com name is no longer the basis of Abhyanker's Misappropriation Claim, this paragraph must be stricken from the Counterclaim.

64.     In response to paragraph 158, Sood and Monsoon respond that they lack knowledge or information sufficient to form a belief about the allegations contained in paragraph 158 and, therefore, deny each and every allegation.

65.     In response to paragraph 159, Sood and Monsoon respond that they lack knowledge or information sufficient to form a belief about the allegations contained in paragraph 159 and, therefore, deny each and every allegation.

The Defendants' misappropriation and wrongful acts lead to litigation between the parties

66.     In response to paragraph 160, Sood and Monsoon respond that they lack knowledge or information sufficient to form a belief about the allegations contained in paragraph 160 and, therefore, deny each and every allegation.

COUNTERDEFENDANTS SANDEEP SOOD AND MONSOON ENTERPRISES, INC'S ANSWER TO DEFENDANT AND COUNTERCLAIMANT RAJ ABHYANKER'S FIRST AMENDED COUNTERCLAIM FOR TRADE SECRET MISAPPROPRIATION

67.     In response to paragraph 161, Sood and Monsoon respond that they lack knowledge or information sufficient to form a belief about the allegations contained in paragraph 161 and, therefore, deny each and every allegation.

68.     In response to paragraph 162, Sood and Monsoon respond that they lack knowledge or information sufficient to form a belief about the allegations contained in paragraph 162 and, therefore, deny each and every allegation.

69.     In response to paragraph 163, Sood and Monsoon respond that they lack knowledge or information sufficient to form a belief about the allegations contained in paragraph 163 and, therefore, deny each and every allegation.

70.     In response to paragraph 164, Sood and Monsoon admit that Nextdoor.com, filed the instant lawsuit on or around November 5, 2012.  Except as expressly admitted herein, Sood and Monsoon respond that they lack knowledge or information sufficient to form a belief about the other allegations contained in paragraph 164 and, therefore, deny each and every allegation.

71.     In response to paragraph 165, Sood and Monsoon respond that they lack knowledge or information sufficient to form a belief about the allegations contained in paragraph 165 and, therefore, deny each and every allegation.

72.     In response to paragraph 166, Sood and Monsoon deny each and every allegation contained in paragraph 166.

73.     In response to paragraph 167, Sood and Monsoon respond that they lack knowledge or information sufficient to form a belief on whether Abhyanker is the lead inventor of 46 patent applications and six international PCT patent applications that Abhyanker assigned to Fatdoor, Inc. and that were eventually purchased by Google.  Except as to the allegations explicitly set forth above, Sood and Monsoon deny each and every allegation contained in paragraph 167.

74.     In response to paragraph 168, Sood and Monsoon deny each and every allegation contained in paragraph 168.

# FIRST COUNTERCLAIM

## TRADE SECRET MISAPPROPRIATION

### (Against All Defendants)

75.     Paragraphs 105-168 are realleged and incorporated by reference as if set forth in full.

76.     In response to paragraph 170, Sood and Monsoon respond that they lack knowledge or information sufficient to form a belief about the allegations contained in paragraph 170 and, therefore, deny each and every allegation.  Furthermore, as the Nextdoor.com name is no longer the basis of Abhyanker's Misappropriation Claim, this paragraph must be stricken from the Counterclaim.

77.     In response to paragraph 171, Sood and Monsoon respond that they lack knowledge or information sufficient to form a belief about the allegations contained in paragraph 171 and, therefore, deny each and every allegation.  Furthermore, as the Nextdoor.com name is no longer the basis of Abhyanker's Misappropriation Claim, this paragraph must be stricken from the Counterclaim.

78.     In response to paragraph 172, Sood and Monsoon deny that they were disclosed any Nextdoor Trade Secrets or that they were subject to any confidentiality agreements related thereto. Except as explicitly denied herein, Sood and Monsoon lack knowledge or information sufficient to form a belief about the other allegations contained in paragraph 172 and, therefore, deny each and every allegation.

79.     In response to paragraph 173, Sood and Monsoon respond that they lack knowledge or information sufficient to form a belief about the allegations contained in paragraph 173 and, therefore, deny each and every allegation.

80.     In response to paragraph 174, Sood and Monsoon deny each and every allegation contained in paragraph 174.

81.     In response to paragraph 175, Sood and Monsoon deny that they were induced to breach confidentiality agreements and obligations to Abhyanker by being persuaded to disclose Abhyanker's LegalForce/Nextdoor Trade Secrets.  Except as expressly denied herein, Sood and Monsoon respond that they lack knowledge or information sufficient to form a belief about the other allegations contained in paragraph 175 and, therefore, deny each and every allegation.

-11-

## AFFIRMATIVE DEFENSES

By way of further answer, Sood and Monsoon allege and assert the following defenses in response to the allegations contained in the Counterclaim. In this regard, Sood and Monsoon undertake the burden of proof only as to those defenses that are deemed affirmative defenses by law, regardless of how such defenses are denominated in the instant Answer.  Sood and Monsoon reserve the right to assert other affirmative defenses as this action proceeds based on further discovery, legal research, or analysis that may supply additional facts or lend new meaning or clarification to the claims contained in the Counterclaim.

In addition, as separate and affirmative defenses to the Counterclaim, Sood and Monsoon allege as follows:

## FIRST AFFIRMATIVE DEFENSE

1.      As a first affirmative defense, Sood and Monsoon allege that the Counterclaim fails to state facts sufficient to constitute a cause of action against Sood and Monsoon.

## SECOND AFFIRMATIVE DEFENSE

2.      As a second affirmative defense, Sood and Monsoon alleges that the Counterclaim, or certain of its claims, was brought by Abhyanker in bad faith and without reasonable inquiry and for improper purpose to harass and needlessly increase the cost and breadth of litigation and is not warranted by existing law or any non-frivolous argument for an extension, modification, or reversal of existing law.

## THIRD AFFIRMATIVE DEFENSE

3.      As a third affirmative defense, Sood and Monsoon allege that Abhyanker's claims, or certain of his claims, are barred by the equitable doctrines of laches, estoppel, waiver, and unclean hands.

## FOURTH AFFIRMATIVE DEFENSE

4.      As a fourth affirmative defense, Sood and Monsoon allege that Abhyanker's claims are barred, in whole or part, because Abhyanker has not and will not suffer any injury or damage.

-12-

**FIFTH AFFIRMATIVE DEFENSE**

5.      As a fifth affirmative defense, Sood and Monsoon allege that Abhyanker has by his own acts, conduct and omissions, waived whatever rights he might have had based on the allegations of the Counterclaim against Sood and Monsoon.

**SIXTH AFFIRMATIVE DEFENSE**

6.      As a sixth affirmative defense, Sood and Monsoon allege that the harm suffered by Abhyanker, if any, was caused by Abhyanker's own negligence.

**SEVENTH AFFIRMATIVE DEFENSE**

7.      As a seventh affirmative defense, Sood and Monsoon allege that Abhyanker's claims are barred because Abhyanker failed to mitigate his damages.

**EIGHTH AFFIRMATIVE DEFENSE**

8.      As an eighth affirmative defense, Sood and Monsoon allege that Abhyanker's claims are barred, in whole or in part, because of Abhyanker's lack of standing.

**NINTH AFFIRMATIVE DEFENSE**

9.      As a ninth affirmative defense, Sood and Monsoon alleges that the Counterclaim and each purported cause of action therein are vague, ambiguous and uncertain.

**TENTH AFFIRMATIVE DEFENSE**

10.      As a tenth affirmative defense, Sood and Monsoon allege Abhyanker authorized, consented to, and/or ratified the conduct alleged in the Counterclaim, and therefore, the Counterclaim, and all of the claims contained therein, is barred on such basis.

**ELEVENTH AFFIRMATIVE DEFENSE**

11.      As a eleventh affirmative defense, Sood and Monsoon allege that to the extent a contract existed between Abhyanker, Sood and Monsoon, Sood and Monsoon allege that by reason of the acts and omissions of Abhyanker, there was a failure of consideration for the contract alleged.

**TWELFTH AFFIRMATIVE DEFENSE**

12.      As a twelfth affirmative defense, Sood and Monsoon allege that to the extent a contract existed between Abhyanker, Sood and Monsoon, Sood and Monsoon were excused from performance thereunder because Abhyanker failed to fulfill his obligations under the contract.

COUNTERDEFENDANTS SANDEEP SOOD AND MONSOON ENTERPRISES, INC'S ANSWER TO DEFENDANT AND COUNTERCLAIMANT RAJ ABHYANKER'S FIRST AMENDED COUNTERCLAIM FOR TRADE SECRET MISAPPROPRIATION

1

### THIRTEENTH AFFIRMATIVE DEFENSE

2
      13.     As a thirteenth affirmative defense, Sood and Monsoon allege that to the extent a

3
contract existed between Abhyanker, Sood and Monsoon, Abhyanker's claims are barred because

4
Sood and Monsoon performed and satisfied all of its obligations under said alleged contract.

5

### FOURTEENTH AFFIRMATIVE DEFENSE

6
      14.     As a fourteenth affirmative defense, Sood and Monsoon allege that the Counterclaim is

7
barred, in whole or in part, by one or more of the applicable statute of limitation.

8

### FIFTEENTH AFFIRMATIVE DEFENSE

9
      15.     As a fifteenth affirmative defense, Sood and Monsoon allege that the Counterclaim fails

10
to properly state a claim for which compensatory damages, general damages, or any other type of

11
damages may be awarded.

12
      Sood and Monsoon reserve the right to assert additional, as yet unstated, affirmative defenses

13
as they may be discovered.

14

15

### PRAYER

16
      WHEREFORE, Sood and Monsoon pray for judgment against Abhyanker as follows:

17
      1.     That Abhyanker take nothing by his Counterclaim;

18
      2.     That Abhyanker's claim for trade secret misappropriation against Counterdefendants

19
Sood and Monsoon should be dismissed with prejudice;

20
      3.     That Sood and Monsoon be awarded costs of suit and attorneys' fees; and

21
      4.     That this Court order such further relief as it deems just and proper.

22

Dated:   August 2, 2013                  ROYSE LAW FIRM, PC

23

24

25
                       By:              */s/ Harpreet S. Walia*

26
                          Harpreet S. Walia, Attorneys for Counterdefendants
SANDEEP SOOD and MONSOON ENTERPRISES,

27
                          INC.

28

COUNTERDEFENDANTS SANDEEP SOOD AND MONSOON ENTERPRISES, INC'S ANSWER TO DEFENDANT AND
COUNTERCLAIMANT RAJ ABHYANKER'S FIRST AMENDED COUNTERCLAIM FOR TRADE SECRET
MISAPPROPRIATION