1   LAURENCE F. PULGRAM (CSB No. 115163)
    lpulgram@fenwick.com
2   JENNIFER L. KELLY (CSB No. 193416)
    jkelly@fenwick.com
3   CLIFFORD C. WEBB (CSB NO. 260885)
    cwebb@fenwick.com
4   FENWICK & WEST LLP
    555 California Street
5   San Francisco, CA  94104
    Telephone:    415.875.2300
6   Facsimile:    415.281.1350

7   Attorneys for Plaintiff and Counterdefendant
    NEXTDOOR.COM, INC. and Counterdefendant
8   PRAKASH JANAKIRAMAN

9                UNITED STATES DISTRICT COURT

10              NORTHERN DISTRICT OF CALIFORNIA

11                 SAN FRANCISCO DIVISION

12

13  NEXTDOOR.COM, INC., a Delaware          Case No.: 3:12-cv-05667-EMC
    corporation,
14                                          **SECOND SUPPLEMENTAL PARTIAL
                                            JOINT CASE MANAGEMENT
15                  Plaintiff,              STATEMENT**

16       v.                                 Date:      September 5, 2013
                                            Time:      10:30 a.m.
17  RAJ ABHYANKER, an individual,           Judge:     Honorable Edward M. Chen

18                  Defendant.

19  RAJ ABHYANKER, an individual,

20                  Counterclaimant,

21       v.

22  NEXTDOOR.COM, INC., a Delaware
    corporation; PRAKASH JANAKIRAMAN, an
23  individual; BENCHMARK CAPITAL
    PARTNERS, L.P., a Delaware limited
24  partnership; BENCHMARK CAPITAL
    MANAGEMENT CO. LLC, a Delaware limited
25  liability company; SANDEEP SOOD, an
    individual; MONSOON ENTERPRISES, INC., a
26  California corporation, and DOES 1-50,
    inclusive,
27
                    Counterdefendants.
28

SUPPLEMENTAL PARTIAL JOINT CMC                       Case No. 3:12-cv-05667-EMC
STATEMENT

FENWICK & WEST LLP
ATTORNEYS AT LAW
SAN FRANCISCO

Pursuant to Civil L.R. 16-9, the Court's Standing Order, and the Court's Order Granting in Part and Denying in Part Counterdefendants' Motions to Dismiss (Dkt. 100), Counterdefendants Nextdoor.com, Inc. ("Nextdoor.com"), Prakash Janakiraman ("Janakiraman"), Monsoon Enterprises, Inc. ("Monsoon"), and Sandeep Sood ("Sood") (collectively "Counterdefendants") respectfully submit the following Second Supplemental Partial Joint Case Management Statement.[1]  Pursuant to the Court's Order, Counterdefendants made multiple attempts to meet and confer with Counterclaimant Abhyanker concerning this statement and his trade secret disclosure.  Abhyanker's counsel did not respond to any of those requests, and, accordingly, the parties were unable to meet and confer as ordered by the Court. Counterdefendants accordingly submit this statement on their own.

1.    **Jurisdiction and Service**

The Declaratory Judgment Complaint ("DJ Complaint") filed by Plaintiff Nextdoor.com, Inc. ("Nextdoor.com") is within the Court's federal question jurisdiction pursuant to 28 U.S.C. §§ 1331, 1338, and 1367.  Dkt. 1.  Venue is proper in this District pursuant to 28 U.S.C. § 1291. Nextdoor.com, Inc. has completed service of the DJ Complaint, and no parties have raised any objection to venue or personal jurisdiction.

2.    **Facts**

Abhyanker alleges that he founded a company called Fatdoor ("Fatdoor") in late 2006 to pursue a neighborhood-based social networking business.  Fatdoor operated a beta-website for this business at www.fatdoor.com for a short period of time before shutting down and eventually being acquired by Google (after changing its name and business model multiple times).  In relation to this Fatdoor business, Abhyanker applied for trademarks for FATDOOR, FATDOOR GET TO KNOW YOUR NEIGHBORS, and GET TO KNOW YOUR NEIGHBORS.  Abhyanker allegedly made attempts to obtain the domain name www.nextdoor.com in 2006 but was unable to do so.  Fatdoor never launched any website using the name Nextdoor, and Abhyanker did not launch a website using the Nextdoor name until 2012.

---

[1] Counterdefendants Benchmark Capital Partners, L.P. and Benchmark Capital Management Co. LLC had not been served as of the filing of this statement and do not join in it.

FENWICK & WEST LLP
ATTORNEYS AT LAW
SAN FRANCISCO

Independently of Abhyanker, Plaintiff and Counterdefendant Nextdoor.com, along with its co-founder Counterdefendant Prakash Janakiraman ("Janakiraman"), developed the concept for an online social network designed to help neighbors connect in late 2010.  In January of 2011, they obtained the domain www.nextdoor.com to use for this website, and in February of 2011, Nextdoor.com applied for a trademark in the NEXTDOOR mark.  Nextdoor.com and Janakiraman had no knowledge of Abhyanker's alleged plans for a social network to be called Nextdoor or his previous attempts to obtain the domain at this time.

In his Amended Counterclaim, Abhyanker alleges that he, independent of his company Fatdoor, developed and owns various trade secrets related to an online social network to be called Nextdoor.  Abhyanker alleges that he disclosed those secrets to Counterdefendant Sandeep Sood while he was a contractor working for Abhyanker in 2006 and 2007.  Abhyanker also alleges that he disclosed his Nextdoor-related trade secrets to Counterdefendant Benchmark Capital in 2007 in an effort to obtain funding for his Fatdoor entity.  Abhyanker contends that both Sood and Benchmark Capital then disclosed these trade secrets to Nextdoor.com and Janakiraman, and that they used the secrets in developing their business.  Counterdefendants deny this.

Based on this alleged misappropriation, Abhyanker filed an action for trade secret misappropriation and various related causes of action in California Superior Court for the County of Santa Clara (the "State Court Action") in December 2011 against Nextdoor.com, Janakiraman, two Benchmark Capital entities, and others.  Facing demurrers in the State Court Action arguing, *inter alia*, that Abhyanker had no standing or viable trade secrets, Abhyanker filed two oppositions to Nextdoor.com's application to register the NEXTDOOR mark in the Trademark Trial and Appeal Board in early 2012.  Those oppositions argued that Nextdoor.com's mark infringed the FATDOOR, FATDOOR GET TO KNOW YOUR NEIGHBOR, GET TO KNOW YOUR NEIGHBOR, and NEXTDOOR marks all allegedly owned by Abhyanker.  After filing these oppositions, Abhyanker dismissed the State Court Action before the court could rule on the defendants' demurrers.

2

FENWICK & WEST LLP
ATTORNEYS AT LAW
SAN FRANCISCO

Around this same time in February 2012, Nextdoor.com alleges that Abhyanker, for leverage in litigation against Nextdoor.com, registered the www.nextdoor.cm domain name and began publicly using the NEXTDOOR mark for the first time.  Based on these actions and Abhyanker's allegations of infringement, Nextdoor.com filed this action for a declaration of non-infringement and cybersquatting.  Abhyanker has filed a Counterclaim and an Amended Counterclaim again making his allegations of trade secret misappropriation now against Nextdoor.com, Janakiraman, Sandeep Sood ("Sood"), Sood's company Monsoon Enterprises, Inc. ("Monsoon"), Benchmark Capital Partners, L.P., and Benchmark Capital Management Co. LLC.

**3.    Legal Issues**

At this point in the case, Nextdoor.com, Prakash Janakiraman, Monsoon, and Sood submit that the manner in which the case will proceed depends substantially on the resolution of the following legal issues:

- Whether Nextdoor.com has priority of use for the NEXTDOOR mark for online social networking.

- Whether Abhyanker's use of the NEXTDOOR mark creates a likelihood of confusion with Nextdoor.com's mark.

- Whether Nextdoor's use of its NEXTDOOR mark creates any likelihood of confusion between Abhyanker's claimed FATDOOR, GET TO KNOW YOUR NEIGHBORS, or FATDOOR GET TO KNOW YOUR NEIGHBORS marks.

- Whether Abhyanker owns any rights in the NEXTDOOR, FATDOOR, GET TO KNOW YOUR NEIGHBORS, or FATDOOR GET TO KNOW YOUR NEIGHBORS marks.

- Whether Abhyanker registered the www.nextdoor.cm domain in a bad faith attempt to profit from Nextdoor.com's NEXTDOOR mark.

- Whether Abhyanker is the owner of any of the purported trade secrets he asserts in his designation of trade secrets (Dkt. 105).

FENWICK & WEST LLP
ATTORNEYS AT LAW
SAN FRANCISCO

- Whether Abhyanker's purported trade secrets identified in his trade secret designation qualify as trade secrets.

- Whether Monsoon and or Sood are subject to a contractual obligation of confidentiality to Abhyanker in connection with Abhyanker's purported trade secrets.

- Whether Monsoon and or Sood disclosed to Nextdoor.com or Janakiraman any of the purported trade secrets Abhyanker identified in his trade secret designation.

**4.    Motions**

Nextdoor.com and Janakiraman anticipate filing a motion for summary judgment on Abhyanker's trade secret misappropriation claim.  Nextdoor.com also anticipates filing a motion for summary judgment on its affirmative claims—including that Nextdoor.com has priority of use in the NEXTDOOR mark, that Abhyanker's recent use of the NEXTDOOR mark is infringing, that Abhyanker does not own any rights in the FATDOOR, GET TO KNOW YOUR NEIGHBORS, or FATDOOR GET TO KNOW YOUR NEIGHBORS marks, that Nextdoor's mark does not infringe those marks, and that Abhyanker engaged in cybersquatting in registering and using the www.nextdoor.cm domain.

Monsoon Enterprises, Inc. and Sood anticipate filing a motion for summary judgment on Abhyanker's Amended Counterclaim.

**5.    Amendment of Pleadings**

Plaintiff and Counterdefendant Nextdoor.com, Inc. does not currently plan to amend its DJ Complaint, but may seek leave to do so depending on the fact learned through discovery.

On July 19, 2013, this Court struck Abhyanker's Second (no injury or damages), Fourth (statute of limitations), Fifth (adequate remedy at law), Sixth (estoppel), Seventh (laches), Eight (acquiescence), Ninth (waiver), and Thirteenth (failure to mitigate damages) Affirmative Defenses.  *See* Dkt. 100 at 26.  The Court provided Abhyanker leave to reallege those defenses with an adequate factual basis within 21 days of the Court's Order.  Abhyanker did not.  As such, those affirmative defenses should be considered abandoned and stricken with prejudice.

FENWICK & WEST LLP
ATTORNEYS AT LAW
SAN FRANCISCO

**6.**     <u>Evidence Preservation</u>

Counterdefendants have taken reasonable steps to preserve evidence.

**7.**     <u>Disclosures</u>

Counterdefendants propose the parties exchange initial disclosures within one week following the Case Management Conference (by September 12, 2013).  Although the parties initially agreed to wait until the Benchmark Counterdefendants had been served, it has now been over four months since Abhyanker named them as Counterdefendants in the action, but no attempt has been made to serve them.  Nextdoor, Janakiraman, Monsoon, and Sood believe that this delay should not hold up the case.

**8.**     <u>Discovery</u>

Nextdoor.com served an initial set of requests for production and interrogatories on Defendant Abhyanker on April 24, 2013 in support of its affirmative claims.  Abhyanker served deficient responses to that discovery on May 28, 2013.  To date, Abhyanker has not produced a single document in response to these requests.  Despite multiple letters on this topic, Abhyanker has not agreed to provide supplemental responses and has taken the position that discovery is on hold for the entire case, including Nextdoor.com's affirmative claims, until the Court lifts the hold on discovery in support of Abhyanker's trade secret misappropriation claim.  Absent an agreement to do so, Nextdoor.com intends to move to compel.

No other discovery has been taken.

**9.**     <u>Class Actions</u>

Not applicable.

**10.**     <u>Related Cases</u>

There are co-pending oppositions to Nextdoor.com's registration of its NEXTDOOR mark in the Trademark Trial and Appeal Board ("TTAB") filed by Abhyanker (Opposition Nos. 31203462 and 91203762).  Those opposition proceedings have been suspended pending the outcome of this case.

**11.**     <u>Relief</u>

FENWICK & WEST LLP
ATTORNEYS AT LAW
SAN FRANCISCO

FENWICK & WEST LLP
ATTORNEYS AT LAW
SAN FRANCISCO

Nextdoor.com's DJ Complaint against Abhyanker seeks a declaration that Nextdoor.com is lawfully using its NEXTDOOR mark and not infringing any trademark rights held by Abhyanker; that Nextdoor.com has priority of use of the NEXTDOOR mark in the field of online social networking; and that there is no likelihood of confusion between Nextdoor.com's use of its NEXTDOOR mark and any purported trademark rights of Abhyanker with respect to the terms "fatdoor" or "fatdoor get to know your neighbors."  Nextdoor.com also seeks transfer of the www.nextdoor.cm domain name; an award of statutory damages up to $100,000 for Abhyanker's registration and use of that domain; an award of Abhyanker's profits from his infringing conduct; an order enjoining Abhyanker from use of the NEXTDOOR mark, or any colorable imitation thereof, in the field of online social networking; and Nextdoor.com's costs and attorneys' fees.

Monsoon and Sood seek to have the Abhyanker's Amended Counterclaim dismissed with prejudice, that Abhyanker take nothing by way of his counterclaim and for an award of Monsoon and Sood's costs and attorneys' fees**.**

**12.    Settlement and ADR**

There have been settlement discussions to date but talks appear to have broken down.  The parties had also been in discussions to determine whether they can agree to mediation through the Court's ADR unit.  The parties submitted a Notice of Need for ADR Phone Conference on April 19, 2013 (Dkt. 61) and the parties have participated in two such phone calls.

**13.    Consent to Magistrate Judge**

Nextdoor.com, Prakash Janakiraman, Monsoon, and Sood do not consent to a Magistrate Judge.

**14.    Other References**

No other references are necessary.

**15.    Narrowing of Issues**

As discussed above, Nextdoor.com, Prakash Janakiraman, Monsoon, and Sood believe the issues can be narrowed through motions for summary judgment.

**16.**    **Expedited Schedule**

The Counterdefendants do not believe that this case is suitable for an expedited schedule.

**17.**    **Scheduling**

Subject to the Court's calendar, Nextdoor.com, Janakiraman, Monsoon, and Sood propose to set July 11, 2014 as a date to start trial; in accordance therewith, Counterdefendants propose to set the following pretrial schedule:

- Initial Disclosures:                         September 12, 2013
- Further CMC                                  September 5, 2013
- Last day to amend pleadings:                 September 13, 2013
- Fact Discovery Cutoff:                       December  20, 2013
- Opening expert reports:                      January 31, 2014
- Supplemental/Rebuttal

  Expert Reports:                              February 28, 2014
- Expert Discovery Cutoff:                     March 14, 2014
- Last day to file dispositive motions:        April 4, 2014
- Dispositive Motion hearing date:             TBD
- Final pretrial conference:                   June 6, 2014
- Trial:                                       July 11, 2014

**18.**    **Trial**

Counterdefendants have consented to a trial by jury.  Based on the current knowledge of Counterdefendants, it is believed that the case should last between 8 to 10 days of trial based on the Court's current published trial scheduling procedures.

**19.**    **Disclosure of Non-Party Interested Entities**

All parties have made the required disclosures.

Plaintiff and Counterdefendant Nextdoor.com has no parent corporation and no publicly held corporation is known to own 10% or more of Nextdoor.com's stock.

SUPPLEMENTAL PARTIAL JOINT CMC STATEMENT                7                Case No. 3:12-cv-05667-EMC

FENWICK & WEST LLP
ATTORNEYS AT LAW
SAN FRANCISCO

Counterdefendant Monsoon has no parent corporation and no publicly held corporation is known to own 10% or more of Monsoon's stock.

**20.    Other Matters – Abhyanker's Trade Secret Disclosure**

Pursuant to this Court's Order Granting in Part and Denying in Part Counterdefendants' Motions to Dismiss, Abhyanker was required to disclose under seal his asserted trade secrets with reasonable particularity in compliance with California Code of Civil Procedure § 2019.210 and further disclose detailed facts supporting his contention that Counterdefendants acquired, disclosed, or used his asserted trade secrets.  *See* Dkt. 100 at 26-27.  Abhyanker publicly filed a document on August 2, 2013 purporting to make this disclosure.  *See* Dkt. 105.

Despite the fact that Abhyanker has significantly narrowed the laundry list of purported trade secrets he is asserting to only three, Counterdefendants believe that Abhyanker's disclosure is still drastically insufficient both in terms of the description of the purported trade secrets themselves and Abhyanker's factual basis for his claims of acquisition, disclosure, and use of these supposed secrets by the Counterdefendants.

Indeed, Abhyanker's description of his trade secrets amounts to less than a single page of text.  *See* Dkt. 105 at 2-3.  And the alleged factual basis for Abhyanker's claims of acquisition, disclosure, and use amount to less than two pages.  *See id.* at 3-4.  Not surprisingly, these scant disclosures provide no more detail on any issue than what is already provided in Abhyanker's First Amended Counterclaim.  Given that this disclosure was designed to supplement that pleading and avoid potential serial motions to dismiss, Abhyanker should either be ordered to provide further details on both the purported trade secrets and their alleged misappropriation, or the Court should dismiss Abhyanker's First Amended Complaint now outright.

**Abhyanker's Deficient Trade Secret Disclosure**

Before even addressing the specifics of Abhyanker's disclosures, it should be noted that Abhyanker publicly filed his disclosure document, contrary to the Court's instructions to file it under seal.  This fact alone suggests that Abhyanker has not made the level of disclosure contemplated by this Court's Order.  The text of Abhyanker's disclosures confirms their

FENWICK & WEST LLP
ATTORNEYS AT LAW
SAN FRANCISCO

deficiency.  Starting first with his description of purported trade secrets, Abhyanker claims only three trade secrets: (1) "the bidding history of the Nextdoor.com domain," (2) "identification of the Lorelei neighborhood as the first neighborhood to launch Nextdoor in," and (3) "the source code for the user interface of his online private social network."  Dkt. 105 at 2.  None of these is a sufficient basis for a trade secret claim.

Under the California Uniform Trade Secret Act, trade secrets are limited to "information, including a formula, pattern, compilation, program, device, technique, or process, that (1) [d]erives independent economic value . . . from not being generally known to the public or to other persons who can obtain economic value from its disclosure or use; and (2) is the subject of efforts that are reasonable under the circumstances to maintain its secrecy."  *See* Cal. Civ. Code § 3426.1(d).  Pursuant to this Court's Order and California Code of Civil Procedure § 2019.210, before Abhyanker can proceed with his claim of trade secret misappropriation, he must identify his alleged trade secrets, under this definition, "with sufficient particularity to define the contours of discovery and to distinguish the trade secrets from matters within general or even highly specialized knowledge within the field."  *See Social Apps LLC v. Zynga, Inc.*, Case No. 4:11-cv-04910-YGR, 2012 WL 2203063, at *3 (N.D. Cal. June 14, 2012).  Under this standard, merely disclosing technology buzz words or general topics is insufficient.  *See, e.g.*, *Diodes, Inc. v. Franzen,* 260 Cal. App. 2d 244, 253 (1968) ("secret process" for the manufacture of diodes insufficient).  Abhyanker has failed to meet this burden.

The first two trade secrets that Abhyanker purports to disclose (the bidding history of the Nextdoor.com domain and the use of the Lorelei neighborhood for beta testing the Fatdoor service) on their face do not appear to be valid trade secrets under the definition set by the California Uniform Trade Secret Act.  While there may be characteristics of a neighborhood—or a city or a street corner—that make it particularly suitable to run tests, those characteristics are not a trade secret.  The demographic makeup, proximity to IT centers or resources, and other factors that might lead to use of any particular location are public and not proprietary to Abhyanker.  Neither his First Amended Counterclaim nor his trade secret disclosure allege that he

FENWICK & WEST LLP
ATTORNEYS AT LAW
SAN FRANCISCO

did any work that converted this public information into a "secret" "formula, pattern, compilation, program, device, method, technique or process, that" is not "generally known…to other persons." Cal. Civ. Code 3426.1(d)(1).  Nor does Abhyanker explain what if any confidentiality restrictions he placed on any Lorelei residents who beta tested his Fatdoor service there.  Similarly, it is unclear how Abhyanker's offers to purchase that www.nextdoor.com domain name from a *third party* (who he does not allege was or is subject to any confidentiality restrictions) could be sufficiently confidential to qualify as a trade secret.  Indeed, the moment he made those offers they were no longer confidential.  None of this is sufficient to identify any confidential, proprietary trade secret information Abhyanker can assert here.

As to Abhyanker's disclosure of "source code," it is of course possible that various specific aspects of Abhyanker's source code for his Fatdoor service could be subject to trade secret protection.  However, if Abhyanker wants to claim misappropriation of those secrets here, he has to identify them now—as per the Court's Order—and not await expert discovery as he suggests.  *See* Dkt. 105 at 3 ("[w]hether any particular feature of the source constitutes a trade secret in and of itself will be subject to expert testimony").  A bare disclosure of "the source code for the user interface," putting off the actual narrowing to expert discovery, is insufficient to satisfy § 2019.210.

In the recent *Social Apps v. Zynga* case, Judge Gonzalez Rogers dealt with a very similar disclosure of "source code" and found it insufficient.  *See Social Apps*, 2012 WL 2203063, at *3. In that case, the plaintiff had made an initial disclosure of "computer source code for Revision 21 of the myFarm game."  *Id*.  Judge Gonzalez Rogers found this insufficient.  *Id*. at *4.  The only subsequent disclosure related to source code that was found sufficient in that case was "two later additions identifying specific lines of code or files names" along with their associated functions. *Id*. at *3-*4.

Abhyanker's bare disclosure of "the source code for the user interface of his online private social network" and a promise to identify what aspects of it are protectable trade secrets in expert discovery comes nowhere near this standard.  And awaiting expert discovery to define his alleged

FENWICK & WEST LLP
ATTORNEYS AT LAW
SAN FRANCISCO

trade secrets undermines one of the core reasons for the disclosure requirement—the narrowing of

discovery at the outset of the case.  *Social Apps*, 2012 WL 2203063, at *3.

As such, Abhyanker has not disclosed any valid trade secrets with the reasonable

particularity required by California Civil Code § 2019.210 or this Court's Order.

**Abhyanker's Deficient Disclosure of the Factual Basis for Misappropriation**

Abhyanker's disclosure of the factual basis for his claims that any of the

Counterdefendants acquired, disclosed, or used any of these purported trade secrets is equally

deficient.  Abhyanker's disclosure provides no further facts than what was already offered by his

First Amended Complaint.  Were that sufficient, this disclosure would not have been required in

the first place.  All Abhyanker's disclosure offers is the same conjecture and speculation that

Counterdefendant Sandeep Sood disclosed the purported trade secrets to Nextdoor.com because

Sood and Nextdoor.com co-founder Counterdefendant Prakash Janakiraman attended college

together at UC Berkeley, are friends, and because Sood filled out a friends and family survey for

Nextdoor.com before it launched.  Dkt. 105 at 4.  Apart from this speculation as to motive, all

Abhyanker offers to support his allegations of acquisition, disclosure or use is the unsupported

and unexplained assertion that there are "striking similarities between the user interface generated

by Mr. Abhyanker's trade secret source code and the user interface used by Nextdoor.com," that

Nextdoor.com acquired the www.nextdoor.com domain name, and the fact that Nextdoor.com

tested its product in the popular Lorelei neighborhood of Menlo Park.  But none of this plausibly

suggested misappropriation.

That Nextdoor.com was able to purchase the www.nextdoor.com domain name is a

product of paying the owner of that domain what he wanted for it.  Simply because Nextdoor.com

was able to do this (and Abhyanker was not) does not suggest it relied on any bidding history of

Abhyanker's.  Likewise, the fact that Nextdoor.com also decided to use the same well-known

neighborhood in Menlo Park is not on its face indicative of acquisition, disclosure or use.  Lorelei

is a prominent neighborhood in the heart of Silicon Valley.  That Nextdoor.com used it for beta-

testing is indicative of nothing more than its own prominence.  And without some explanation of

11

FENWICK & WEST LLP
ATTORNEYS AT LAW
SAN FRANCISCO

1    what these "striking similarities" are between the interfaces of the Nextdoor.com and

2    Abhyanker's Fatdoor.com, there can be no inference that they are indicative of misappropriation

3    of source code.

4        Abhyanker's failure to provide further details than those offered in his First Amended

5    Counterclaim concerning the alleged acquisition, disclosure, or use of his purported trade secrets

6    confirms that he has none.  Given this, his complaint should be dismissed now.

7

8    Dated:   August 29, 2013                    FENWICK & WEST LLP

9                                               By: /s/ Jennifer L. Kelly
                                                    Jennifer L. Kelly
10
                                               Attorneys for Plaintiff and Counterdefendant
11                                             NEXTDOOR.COM, INC. and Counterdefendant
                                               PRAKASH JANAKIRAMAN
12

13                                             ROYSE LAW FIRM, PC

14                                             By: /s/ Harpreet S. Walia
                                                    Harpreet S. Walia
15
                                               Attorneys for Counterdefendants SANDEEP
16                                             SOOD and MONSOON ENTERPRISES, INC.

17

18

19

20

21

22

23

24

25

26

27

28

FENWICK & WEST LLP
ATTORNEYS AT LAW
SAN FRANCISCO

**ATTESTATION PURSUANT TO CIVIL LOCAL RULE 5-1**

I, Jennifer L. Kelly, am the ECF User whose identification and password are being used to file this **SECOND SUPPLEMENTAL JOINT CASE MANAGEMENT STATEMENT**.  In compliance with Civil Local Rule 5-1, I hereby attest that all signatories have concurred in this filing.

Dated:    August 29, 2013                                  */s/ Jennifer L. Kelly*
                                                                          Jennifer L. Kelly

FENWICK & WEST LLP
ATTORNEYS AT LAW
SAN FRANCISCO