1 | **BRUNO W. TARABICHI**, CA State Bar No. 215129
bruno@legalforcelaw.com
2 | **ROY MONTGOMERY**, CA State Bar No. 279531
roy@legalforcelaw.com
3 | **KUSCHA HATAMI**, CA State Bar No. 282954
kuscha@legalforcelaw.com
4 | **LEGALFORCE RAJ ABHYANKER, P.C.**
1580 W. El Camino Real, Suite 13
5 | Mountain View, California 94040
Telephone: 650.965.8731
6 | Facsimile: 650.989.2131

7 | Attorneys for Defendant
Raj Abhyanker

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| NEXTDOOR.COM, INC., a Delaware corporation, | Case No. 3:12-cv-05667-EMC |
|---|---|
| Plaintiff, | **DEFENDANT AND COUNTERCLAIMANT RAJ ABHYANKER'S CMC STATEMENT** |
| vs. | |
| RAJ ABHYANKER, an individual, | Date: September 5, 2012 |
| Defendant. | Time: 10:30 a.m. |
| | Judge: Honorable Edward M. Chen |
| RAJ ABHYANKER, an individual | |
| Counterclaimant, | |
| vs. | |
| NEXTDOOR.COM, INC., a Delaware corporation; PRAKASH JANAKIRAMAN, an individual; BENCHMARK CAPITAL PARTNERS, L.P., a Delaware limited partnership; BENCHMARK CAPITAL MANAGEMENT CO. LLC, a Delaware limited liability company; SANDEEP SOOD, an individual; MONSOON ENTERPRISES, INC., a California corporation, and DOES 1–50, inclusive; | |
| Counterdefendants. | |

CMC STATEMENT
(CASE NO. 3:12-cv-05667-EMC)

Pursuant to Civ. L.R. 16-9 and the Court's Standing Order, Defendant and Counterclaimant Raj Abhyanker ("Abhyanker") respectfully submits the following Case Management Statement. As an initial matter, Abhyanker wishes to inform the Court that, since approximately June 17, 2013, Plaintiff and Counterdefendant Nextdoor.com, Inc. ("Nextdoor.com") and Abhyanker have been involved in serious settlement discussions geared towards settling this dispute as to all parties. In fact, until very recently at the end of August, it appeared that the parties would indeed settle. At present, however, no settlement has been reached. Abhyanker brings this to the attention of the Court because it explains why little else has taken place in this case since June 2013.

**1.     Jurisdiction and Service**

There are no issues with jurisdiction or venue. On September 3, 2013, Abhyanker served the Benchmark entities with the First Amended Answer and Counterclaim. The reason for the delay in service is due to the parties' ongoing settlement negotiations that would have settled the dispute as to all parties including Benchmark.

**2.     Facts**

Based on the current pleadings, Abhyanker alleges the following facts. However, Abhyanker anticipates filing a motion for leave to file an amended answer and counterclaims, which will contain additional facts to support claims of trademark, copyright, and patent infringement.

Nextdoor.com, Benchmark Capital, and the individuals associated with them have a pattern and practice of building companies based on stolen information. This case is one example of their common pattern and practice. Around September 2006, Abhyanker developed the concept of a private online neighborhood social network for inventors to be called LegalForce, and a separate spin off idea using the same code base called Nextdoor. In connection with his LegalForce and Nextdoor concept, Abhyanker developed and owned trade secret information, a list of which is described in Abhyanker's counterclaim. Abhyanker disclosed the trade secrets to Counterdefendants Sandeep Sood, Monsoon Enterprises, and the Benchmark entities under

obligations of confidentiality. Despite their obligations of confidentiality, Sandeep Sood, Monsoon, and Benchmark disclosed the trade secrets to Nextdoor.com and Prakash Janakiraman. Despite knowing that the trade secret information was improperly acquired (and encouraging the improper disclosure), Nextdoor.com and Janakiraman publicly launched the www.nextdoor.com online neighborhood social network that uses and was built on the trade secrets misappropriated from Abhyanker.

**3.  Legal Issues**

Abhyanker anticipates that Counterdefendants will contest the sufficiency of the trade secret designation. Now that settlement negotiations have stalled, Abhyanker has served the Benchmark entities and anticipates filing an amended trade secret designation that will address Benchmark's role in the misappropriation.

**4.  Motions**

Abhyanker anticipates filing a motion for leave to file a Second Amended Answer and Counterclaims. The amended pleading will seek to add, among other things, claims for trademark, copyright, and patent infringement.

**5.  Amendment of Pleadings**

Abhyanker anticipates filing a motion for leave to file a Second Amended Answer and Counterclaims. The amended pleading will seek to add, among other things, claims for trademark, copyright, and patent infringement.

**6.  Evidence Preservation**

Abhyanker has taken reasonable steps to preserve evidence.

**7.  Disclosures**

Now that settlement has stalled and Benchmark has been served, Abhyanker proposes that the Court set a date for initial disclosures that all parties, including the newly served Benchmark entities, can meet. It would make sense for this date to be after the date when the Benchmark entities' response is due (i.e., after September 24, 2013).

**8.  Discovery**

Nextdoor.com served discovery at the end of April 2013. However, the Court then stayed all discovery in this case. No discovery has been propounded since then, as it appeared the parties were engaged in fruitful settlement negotiations. As the parties have not settled, Abhyanker will proceed to propound discovery.

**9.    Class Actions**

Not applicable.

**10.   Related Cases**

There are no related federal court proceedings.

**11.   Relief**

At this time, and based on his current pleading (which Abhyanker will seek leave to amend), Abhyanker seeks the following relief: (i) that Nextdoor.com take nothing by its Complaint; (ii) that Nextdoor.com's Complaint be dismissed with prejudice; (iii) that Abhyanker be awarded his costs of suit and attorneys' fees; (iv) that all Counterdefendants be preliminarily and permanently enjoined from further disclosing or using Abhyanker's LegalForce/Nextdoor trade secrets, as well as Abhyanker's confidential and proprietary non-trade secret information, including, but not limited to, the nextdoor.com website and domain name; (v) that Counterdefendant be enjoined from the practice of hiring and/or placing Entrepreneurs in Residence (EIR) that the fund intends to invest in, and which have not yet come up with a public business plan for their venture, to listen in on or participate in any way in meetings involving other entrepreneurs pitching ideas to the fund in an area of technology specialization that the EIRs intend to start a company of their own within and has not thought of or publicly released; (vi) that the Court order Nextdoor.com to transfer the nextdoor.com domain name to Abhyanker and order and direct VeriSign, Inc., the domain name registry for the nextdoor.com domain name, to change the registrar of record for the nextdoor.com domain name to a registrar selected by Abhyanker; (vii) on his trade secret misappropriation claim, that Abhyanker recover damages for his actual loss caused by the misappropriation; (viii) on his trade secret misappropriation claim, that Abhyanker recover for the unjust enrichment caused by Counterdefendants' misappropriation;

(ix) on his trade secret misappropriation claim, that Abhyanker recover a reasonable royalty to the extent neither damages nor unjust enrichment are provable; (x) on his trade secret misappropriation claim, that Abhyanker recover exemplary damages; and (xi) that the Court order such further relief as it deems just and proper.

**12. Settlement and ADR**

There have been substantial, serious settlement discussions to date. In fact, until just recently, it had appeared the parties had reached a settlement in principle – except for a couple of terms – and that settlement was imminent. However, settlement just recently stalled.

Abhyanker is agreeable to mediation. In addition, Abhyanker believes that any decisions regarding ADR should involve the Benchmark entities.

**13. Consent to Magistrate Judge**

Abhyanker consents to have a magistrate judge conduct all further proceedings, including trial and entry of judgment.

**14. Other References**

No other references are necessary.

**15. Narrowing of Issues**

At this time, Abhyanker does not believe that there are issues that can be narrowed by agreement or motion, has no suggestions to expedite the presentation of evidence at trial, and does not request to bifurcate any issues, claims, or defenses.

**16. Expedited Schedule**

The parties do not believe that this case is suitable for an expedited schedule.

**17. Scheduling**

Abhyanker believes that it is premature to schedule a trial date or discovery cutoffs because (i) the Benchmark entities have just been served and should be permitted input into the schedule of dates in this case and (ii) Abhyanker's anticipated Second Amended Answer and Counterclaims will include new counterclaims, such as patent infringement, that may affect the scheduling of dates.

18. **Trial**

Abhyanker seeks trial by jury.  Based on current knowledge, Abhyanker believes that trial will be approximately 7 to 14 days.

19. **Disclosure of Non-Party Interested Entities**

Pursuant to Civil Local Rule 3-16, Defendant and Counterclaimant Abhyanker certifies that, as of this date, other than the named party, there is no such interest to report.

20. **Other Matters**

There are no other matters the Court should address at this Case Management Conference

Dated: September 3, 2013                                              Respectfully submitted,

LEGALFORCE RAJ ABHYANKER, P.C.


By _____
Bruno W. Tarabichi
Roy Montgomery
Kuscha Hatami
Attorneys for Defendant
Raj Abhyanker