```
 1                                            PAGES 1 - 17
 2                   UNITED STATES DISTRICT COURT
 3                  NORTHERN DISTRICT OF CALIFORNIA
 4            BEFORE THE HONORABLE EDWARD M. CHEN, JUDGE

 5   NEXTDOOR.COM, INC., A DELAWARE     )
     CORPORATION,                       )
 6               PLAINTIFF,             )
                                        )
 7     VS.                              ) NO. C 12-5667 EMC
                                        )
 8   RAJ ABHYANKER, AN INDIVIDUAL,      )
                                        ) SAN FRANCISCO, CALIFORNIA
 9               DEFENDANTS.            )
                                        ) SEPTEMBER 5, 2013
10   _____) 10:38 O'CLOCK A.M.
                                        )
11   RAJ ABHYANKER, AN INDIVIDUAL,      )
                 COUNTERCLAIMANT,       )
12     VS.                              )
     NEXTDOOR.COM, INC., A DELAWARE     )
13   CORPORATION; PRAKASH JANAKIRAMAN,  )
     AN INDIVIDUAL; BENCHMARK CAPITAL   )
14   PARTNERS, I.P., A DELAWARE LIMITED )
     PARTNERSHIP; BENCHMARK CAPITAL     )
15   MANAGEMENT CO. LLC, A DELAWARE     )
     LIMITED LIABILITY COMPANY; SANDEEP )
16   SOOD, AN INDIVIDUAL; MONSOON       )
     ENTERPRISES, INC., A CALIFORNIA    )
17   CORPORATION, AND DOES 1-50,        )
     INCLUSIVE,                         )
18               DEFENDANTS.            )
                                        )
19   _____)

20

21      **TRANSCRIPT OF PROCEEDINGS OF THE OFFICIAL ELECTRONIC SOUND**

22                           **RECORDINGS**

23   **APPEARANCES** ON NEXT PAGE.

24

25
     FOR PLAINTIFF:          FENWICK & WEST
```

```
                                555 CALIFORNIA STREET
                                12TH FLOOR
                                SAN FRANCISCO, CALIFORNIA 94104
                         BY:    JENNIFER LLOYD KELLY, ATTORNEY AT LAW
                                LAURENCE F. PULGRAM, ESQUIRE

FOR DEFENDANT            HERMAN & SEIDMAN LLC
ABHYANKER:               2627 18TH AVENUE
                         SAN FRANCISCO, CALIFORNIA 94116
                         BY:    HEATHER RACHEL NORTON, ATTORNEY AT LAW

FOR COUNTERDEFENDANT     ROYSE LAW FIRM, PC
SOOD:                    1717 EMBARCADERO ROAD
                         PALO ALTO, CALIFORNIA 94303
                         BY:    HARPREET SINGH WALIA, ESQUIRE

FOR COUNTERDEFENDANT     LATHAM & WATKINS LLP
BENCHMARK:               140 SCOTT DRIVE
                         MENLO PARK, CALIFORNIA 94025

                         BY:    MATTHEW RAWLINSON, ESQUIRE

TRANSCRIBED BY:   KATHERINE WYATT, OFFICIAL REPORTER USDC

                  WYATTKATHY994@GMAIL.COM

                  925-212-5224
```

```
 1  SEPTEMBER 5, 2013                              10:38 O'CLOCK  A.M.
 2
 3                       P R O C E E D I N G S
 4         THE CLERK:  CALLING CASE C12-5667, NEXTDOOR VERSUS
 5  ABHYANKER.
 6     COUNSEL, PLEASE COME TO THE PODIUM AND STATE YOUR NAME FOR
 7  THE RECORD.
 8     COUNSEL, ALSO PLEASE SAY YOUR NAME BEFORE YOU SPEAK
 9  BECAUSE THIS IS UNDER DIGITAL RECORDING.
10         MR. PULGRAM:  GOOD MORNING, YOUR HONOR.  LAURENCE
11  PULGRAM FOR PLAINTIFF NEXTDOOR.COM.
12         THE COURT:  ALL RIGHT.
13         MS. NORTON:  GOOD MORNING.  HEATHER NORTON, COUNSEL
14  FOR RAJ ABHYANKER.
15         MR. WALIA:  GOOD MORNING, YOUR HONOR.  HARPREET WALIA
16  APPEARING FOR MONSOON ENTERPRISES AND SANDEEP SOOD.
17         THE COURT:  THANK YOU.
18         MR. RAWLINSON:  MATT RAWLINSON OF LATHAM & WATKINS ON
19  BEHALF OF THE BENCHMARK ENTITIES WHICH ARE A COUNTERDEFENDANT.
20  THERE IS A SERVICE ISSUE THAT WE NEED TO TALK ABOUT TODAY,
21  BUT --
22         MS. KELLY:  AND ALSO JENNIFER KELLY, FENWICK ON
23  BEHALF OF THE PLAINTIFF.
24         THE COURT:  LET'S TALK ABOUT THE SERVICE QUESTION
25  BECAUSE -- WELL, FIRST OF ALL, I'VE NOW RECEIVED DEFENDANTS'
```

1  LATE-FILED SEPARATE CMC STATEMENT, WHICH IS NOT CONSISTENT WITH
2  MY STANDING ORDER FROM THE RULES HERE. THE REASON WHY I ASK
3  FOR JOINT STATEMENTS RATHER THAN HAVING TO CROSS-REFERENCE
4  DIFFERENT STATEMENTS FROM EACH OF THE PARTIES.
5      SO I UNDERSTAND THAT THERE ARE SETTLEMENT DISCUSSIONS, ET
6  CETERA, ET CETERA, BUT THAT'S STILL NOT A REASON TO BE EXCUSED
7  FROM THE JOINT. I ASKED FOR A "JOINT" CASE MANAGEMENT
8  STATEMENT.
9      SO LET'S JUST MAKE IT CLEAR THAT'S NOT GOING TO HAPPEN
10 AGAIN, ALL RIGHT?
11     NUMBER TWO: WHAT'S THE ISSUE NOW WITH RESPECT TO SERVICE
12 UPON BENCHMARK?
13         **MR. RAWLINSON:** YES, YOUR HONOR. SO WE HAVE AGREED
14 TO ACCEPT SERVICE. AND THERE'S NO DISPUTE ON THAT POINT. ON I
15 THINK IT WAS TUESDAY NIGHT WE GOT AN E-MAIL THAT FORWARDED A
16 COMPLAINT FROM MR. TARABICHI AND SAID: "THIS IS SERVICE."
17     WE HAVE NO OBJECTION TO ACCEPTING THE SERVICE. THE
18 PROBLEM IS NO SUMMONS HAS ISSUED IN THE CASE FOR OUR CLIENTS.
19 AND THAT'S, YOU KNOW, UNDER THE RULES IT'S SERVICE OF THE
20 SUMMONS AND THE COMPLAINT.
21     BUT JUST AS A PRACTICAL MATTER, UNDER THE SYSTEM WE CAN'T
22 FILE. THOSE PARTIES DON'T APPEAR, AND WE CAN'T FILE THINGS ON
23 THEIR BEHALF OR APPEAR ON THEIR BEHALF.
24     SO I THINK WE JUST NEED TO HAVE WHATEVER PROCESS NEEDS TO
25 HAPPEN FOR THE COUNTERPLAINTIFF TO GET A SUMMONS ISSUED, AND

1   THEN WE'RE HAPPY TO ACCEPT SERVICE.
2           **THE COURT:** ALL RIGHT. ANY REASON WHY THE SUMMONS
3   CAN'T BE SERVED?
4           **MS. NORTON:** NO. WE'LL LOOK INTO THAT, YOUR HONOR.
5           **THE COURT:** I'M GOING TO ASSUME THEY ARE GOING TO
6   CONTINUE TO ACCEPT SERVICE AND THE SUMMONS WILL BE SERVED AND
7   THAT WILL COMPLETE SERVICE.
8           **MR. RAWLINSON:** ONCE ISSUED, YOUR HONOR, WE HAVE
9   AGREED TO ACCEPT SERVICE, AND WE WILL.
10          **THE COURT:** GOOD. SO LET'S OPERATE UNDER THE
11  ASSUMPTION THAT SERVICE WILL BE EFFECTUATED SHORTLY AND THAT
12  YOU CAN PARTICIPATE, BECAUSE THE NEXT THING I'M GOING TO TALK
13  ABOUT IS THE ADR PROCESS.
14      I'M GLAD THAT AT LEAST YOU'VE HAD DISCUSSIONS. DIDN'T
15  SOUND LIKE THEY WERE MEANINGFUL DISCUSSIONS, ALTHOUGH NOW IT
16  APPEARS THAT THERE'S NOT RESOLUTION AT HAND. AND WITHOUT
17  GETTING INTO ANY OF THE CONTENT OF THOSE DISCUSSIONS, I WANT TO
18  KNOW WHERE WE GO FROM HERE. SOUNDS LIKE MEDIATION IS SOMETHING
19  AGREEABLE TO YOU ALL AS A NEXT ADR STEP.
20          **MR. PULGRAM:** YOUR HONOR, LAWRENCE PULGRAM HERE FOR
21  NEXTDOOR. THERE WERE DISCUSSIONS THAT WENT A LONG WAY, AND
22  THEN THERE WAS JUST A COMPLETE BREAKDOWN. AND I CAN'T SAY THAT
23  I THINK MEDIATION IS WHAT IS NEEDED TO SOLVE IT. IT IS -- IT'S
24  A SITUATION WHERE WE HAVE SAID ALL ALONG:
25              "LOOK, WE'RE GOING FORWARD WITH THIS CASE. YOU NEED

1          TO PROVIDE US DISCOVERY AS WE HAVE THESE TALKS.  YOU NEED
2          TO PARTICIPATE IN THE DISCLOSURE PROCESS.  WE WILL HAVE A
3          DISCUSSION OF SETTLEMENT IN PARALLEL, BUT LET'S BE AWARE
4          WE'RE NOT SLOWING THIS DOWN.  WE NEED TO GET THIS DONE
5          BECAUSE WE ARE TIRED OF ANY CLOUD ON OUR NAME HERE, AND
6          WE HAVE TO BE DONE WITH IT."
7     WE HAD THE DISCUSSIONS, AND THEN WE DIDN'T HEAR ANYTHING
8  AFTER THE WITHDRAWAL OF THE LAST DEMAND BY THE DEFENDANT.  AND
9  I DON'T THINK GOING TO A MEDIATOR IS GOING TO CHANGE THAT.
10     WE'RE PREPARED TO TAKE YOUR DIRECTION.  BUT TO US IT'S NOT
11 A PROBLEM OF COMMUNICATION.  IT IS JUST ULTIMATELY IT DIDN'T
12 WORK.
13     SO -- AND I'M NOT OPTIMISTIC A MEDIATOR'S ADDITION TO THE
14 PROCESS OR A MAGISTRATE'S ADDITION, AS TALENTED AS THEY ARE,
15 WOULD NECESSARILY BREAK THE LOG JAM AT ALL.
16     AND OUR BELIEF IS THE ONLY THING THAT IS GOING TO MAKE
17 THIS CASE RESOLVE IS WHEN THE COURT SETS A TRIAL DATE AND
18 REQUIRES THE DEFENDANT TO ENGAGE IN THE DISCOVERY WE'VE BEEN
19 SEEKING THAT WILL PROVE THE FALSITY OF THEIR CONTENTIONS.
20     AND IT'S THE VERY DELAY OF THINGS THAT HAS CAUSED THIS
21 CASE NOT TO RESOLVE.  THE PLAINTIFF REPRESENTED IN MAY THAT
22 THEY WERE GOING TO SERVE BENCHMARK, AND HASN'T, BECAUSE THEY
23 DON'T WANT TO GET ON WITH IT.
24     AND THAT DRAGGING OF THINGS OUT IN THE PROCESS HERE IS
25 WHAT IS GOING TO IMPEDE RESOLUTION.  FOR THAT REASON IF WE WERE

1  GOING TO HAVE AN ADR PROCESS I WOULD OVERLAY THAT WITH A
2  CONTINUATION OF THE CASE AHEAD, BECAUSE THAT'S THE ONLY THING
3  THAT WE SEE HERE AS LIKELY TO GENERATE AN INCENTIVE TO RESOLVE
4  ON BEHALF OF ALL PARTIES.
5      **THE COURT:** WELL, LET ME ASK YOU THIS: IF WE WERE TO
6  SET DATES FOR, FOR INSTANCE, COMPLETION OF CERTAIN PHASES OF
7  DISCOVERY AND OTHER THINGS THAT NEED TO MOVE FORWARD IN YOUR
8  VIEW, WHICH MODE OF ADR WOULD BE MOST HELPFUL? LET'S SAY IT'S
9  BETWEEN COURT-SPONSORED MEDIATION AND A MAGISTRATE JUDGE
10 SETTLEMENT CONFERENCE.
11     I GUESS I'M ASKING A QUESTION WHETHER ANY VALUATIVE-TYPE
12 OF MEDIATION IS HELPFUL HERE OR NOT.
13     **MR. PULGRAM:** I DOUBT AN ENE SORT OF PROCESS WOULD BE
14 HELPFUL. AND EITHER A MEDIATOR OR A SETTLEMENT MAGISTRATE, I'M
15 SURE, WOULD BE ABLE TO PROVIDE INSIGHT. I JUST DON'T THINK
16 THAT IT'S LIKELY TO DISLODGE IN THE ABSENCE OF DEADLINES AND
17 CONSEQUENCES.
18     **THE COURT:** ALL RIGHT. WHAT'S YOUR VIEW ABOUT HOW TO
19 FACILITATE ANY FURTHER ADR?
20     **MS. NORTON:** THE DEFENDANTS DO BELIEVE THAT THERE
21 WOULD BE A VALUE TO HAVING A MEDIATOR BE INVOLVED. AND THE
22 DEFENDANT BRIEFLY ADDRESSED COUNSEL'S POINTS. THERE WAS NO
23 INTENTION ON DEFENDANT'S PART TO ANY WAY STALL. THE LACK OF
24 SERVICE AS EXPLAINED IN OUR STATEMENT WAS BECAUSE ALL THE
25 PARTIES FOR A TIME THOUGHT THAT SETTLEMENT WAS IMMINENT. AND

```
 1   ONCE IT BECAME CLEAR THAT THE SETTLEMENT TALKS HAD BROKEN DOWN,
 2   THEN WE DID MOVE FORWARD WITH SERVICE.  AND WE DO PLAN TO MOVE
 3   FORWARD WITH AMENDING OUR DISCOVERY RESPONSES AS WELL AS
 4   PROPOUNDING DISCOVERY.
 5        SO WE ARE IN NO WAY LOATHE TO GET ON WITH THE PROCESS AND
 6   WILL COMPLY WITH DISCOVERY DEMANDS AND WILL BE HAPPY TO MOVE
 7   FORWARD.
 8        BUT AT THE SAME TIME WE DO BELIEVE THAT THERE WOULD BE
 9   VALUE TO MEDIATION.
10            THE COURT:  AND WHAT ARE YOUR THOUGHTS ABOUT MEDIATOR
11   VERSUS A SETTLEMENT CONFERENCE BEFORE A MAGISTRATE JUDGE?
12            MS. NORTON:  I THINK AT THIS STAGE A MEDIATOR MIGHT
13   BE MORE HELPFUL, BUT WE WOULD BE OPEN TO EITHER.
14            THE COURT:  ALL RIGHT.  WELL, LET ME GET A SENSE OF
15   WHAT NEEDS TO HAPPEN TO GET THIS CASE ON TRACK, LET'S SAY ON
16   PARALLEL TRACK WITH SOME ADR.  IN FACT, WE'VE GOT, FIRST OF
17   ALL, SOME DISCOVERY RESPONSES.  I GUESS PLAINTIFF SAYS THAT
18   THERE'S NOT BEEN DOCUMENTS PRODUCED.  I ASSUME YOU SAY YOU ARE
19   GOING TO AMEND YOUR DISCOVERY RESPONSES.  YOU ARE GOING TO
20   ADDRESS WHATEVER DISPUTES YOU HAVE IN PRODUCTION OF DOCUMENTS.
21   AND THEN, THERE'S AN ISSUE.
22        YOU HAVE NOT PROPOUNDED DISCOVERY YET?
23            MS. NORTON:  THAT'S CORRECT.  THOUGH WE PLAN TO DO SO
24   IN THE SHORT TERM.
25            THE COURT:  AND WHAT KIND OF DISCOVERY ARE YOU
```

1   PLANNING?

2   **MS. NORTON:** INTERROGATORIES AND A DOCUMENT REQUEST.

3   **THE COURT:** HAVE ANY DEPOSITIONS BEEN SCHEDULED OR
4   CONTEMPLATED?

5   MR. PULGRAM, ANYTHING ON YOUR SIDE?

6   **MR. PULGRAM:** TWO THINGS, YOUR HONOR. WITH RESPECT
7   TO THE DISCOVERY WE SOUGHT WE HAVE REQUESTED. WE SENT A
8   LETTER, AFTER WE GOT ABSOLUTELY NOTHING IN THE INITIAL
9   RESPONSES. I MEAN, WE WERE PRETTY MUCH STIFFED. THERE'S BEEN
10  NO RESPONSE TO THE LETTER.

11  THIS IS THE FIRST WE'VE HEARD THAT THERE'S ACTUALLY SOME
12  INTENTION TO REVISE RESPONSES. THERE'S A LOT OF DOCUMENTS THAT
13  WERE DUE.

14  AND THE DOCUMENTS OUR AFFIRMATIVE CLAIMS, WHICH AS YOUR
15  HONOR WILL RECALL, IS THE DEFENDANT TOOK OUR NAME AND SET UP A
16  FAKE WEBSITE TO TRY TO ESTABLISH SOME OWNERSHIP INTEREST IN IT.

17  SO WE NEED THAT DISCOVERY. WE'VE BEEN WAITING FOR IT
18  SINCE APRIL.

19  WITH RESPECT TO THE DISCOVERY ON THEIR COUNTERCLAIM FOR
20  TRADE SECRET -- AND THAT'S THE ONLY COUNTERCLAIM THEY HAVE --
21  OUR POSITION IS THAT THEY ARE NOT ENTITLED TO ANY BECAUSE THEY
22  HAVE NOT DONE AN ADEQUATE TRADE SECRET DISCLOSURE, AND THAT
23  IT'S COMPLETELY INAPPROPRIATE FOR THEM TO BE TALKING ABOUT
24  LOOKING AT OUR SOURCE CODE BASED ON A SUGGESTION THAT BECAUSE A
25  USER INTERFACE LOOKS SOMETHING LIKE UNSPECIFIED ASPECTS OF A

1    USER FACE THEY CLAIM THEY WERE DEVELOPING, THEY THEREFORE GET
2    THE SOURCE CODE.
3         AND THE SOURCE CODE IS ONE OF THE THREE PURPORTED TRADE
4    SECRETS THAT THEY HAVE IDENTIFIED.  AND IN SOURCE CODE THEY
5    HAVE SAID NOTHING OTHER THAN SOURCE CODE ABOUT A USER
6    INTERFACE.
7         NOTHING ABOUT HOW THE USER INTERFACES ACTUALLY ARE
8    SIMILAR.  NOTHING ABOUT WHAT IT IS THAT WOULD SUBSTANTIATE THAT
9    THERE'S ANY BASIS TO BELIEVE THAT THE SIMPLE VISUAL INTERFACE
10   WAS STOLEN OR WAS EVER TRANSMITTED TO NEXTDOOR AT ALL.
11        SO OUR VIEW IS THAT THAT DISCLOSURE IS INADEQUATE.  THE
12   SECOND SET THAT THEY HAVE PURPORTED TO IDENTIFY IS THE BIDDING
13   HISTORY FOR THE WEBSITE NEXTDOOR,COM.  AND THEY HAVE PROVIDED
14   ONE SPECIFIC.  THAT SPECIFIC BEING THAT MR. SANDEEP SOOD, WHO
15   WAS THE CONTRACTOR FOR MR. ABHYANKER, RECEIVED A COPY OF AN
16   E-MAIL IN 2006 INDICATING THAT MR.  ABHYANKER HAD OFFERED $1300
17   TO PURCHASE THE WEBSITE IN 2006.
18        AND THEY SAY THE TRADE SECRET, YOUR HONOR, IS ALL
19   INFORMATION ABOUT BIDDING HISTORY THAT LED AFTER THAT.  THERE'S
20   NO SPECIFICATION OF ANY FACT THAT WAS SECRET HERE.  NOTHING
21   ABOUT A BIDDING HISTORY, ABOUT A STRATEGY --
22             **THE COURT:**  LET ME ASK -- AND YOU BRIEFED THIS, AND
23   I'VE READ YOUR BRIEFING, SO YOU MIGHT WANT TO GO OVER THE
24   QUESTION --
25             **MR. PULGRAM:**  YES, SIR.

1  **THE COURT:** -- HOW DO WE MOVE THIS ALONG AND HOW DO
2  WE RESOLVE THIS. DO WE TEE THIS UP FOR AN ADJUDICATION AS
3  TO -- YOU'VE NOW JUST MENTIONED, COUNSEL, YOU'RE THINKING ABOUT
4  FILING AN AMENDED TRADE SECRET DISCLOSURE?
5  **MS. NORTON:** THAT'S RIGHT. SO SEVERAL THINGS. ONE
6  IS THAT I THINK THIS MIGHT BE PUTTING THE CART BEFORE THE HORSE
7  IN SOME SENSE, BECAUSE, FIRST, YES, NOW THAT BENCHMARK IS
8  INCLUDED IN THE CASE WE DO HAVE PLANS TO FILE AMENDED
9  DISCLOSURES. AND I KNOW THAT COUNSEL HAS REACHED OUT TO MY
10 COLLEAGUE REQUESTING A MEET AND CONFER REGARDING THE
11 DISCLOSURES. AND WE WOULD BE HAPPY TO MEET AND CONFER WITH
12 THEM PRIOR TO FILING THE AMENDMENT IN ORDER TO TRY TO RESOLVE
13 THE ISSUES BEFORE THE AMENDED -- THE AMENDMENT IS FILED
14 **MR. PULGRAM:** AND, YOUR HONOR, WE WOULD BE HAPPY TO
15 DO THAT AND TRY TO MEET AND CONFER ABOUT THE DISCLOSURES WHEN
16 WE DIDN'T HEAR BACK FROM COUNSEL.
17     AMENDED DISCLOSURES ARE FINE. BUT DISCOVERY PRIOR TO
18 ACTUALLY HAVING SOME SUFFICIENT DISCLOSURES, WHAT WE THINK
19 SHOULDN'T HAPPEN. AND SO I THINK IN THE SHORT-TERM ORDER OUT
20 OF TODAY, AN ORDER THAT THEY WILL AMEND THEIR DISCLOSURES AND
21 THAT THEY WON'T HAVE DISCOVERY ON TRADE SECRET CLAIMS UNTIL THE
22 DISCLOSURES ARE ADEQUATE IS WHAT WE NEED.
23     BEYOND THAT, EITHER WE'RE ALL GOING TO AGREE THAT THEY ARE
24 ADEQUATE AT SOME POINT OR WE NEED TO HAVE SOME METHOD FOR
25 RESOLVING THEIR INADEQUACY AND THE INADEQUACY OF THE TRADE

1   SECRET CLAIM.  AND THAT COULD BE BY A MOTION AFTER THE

2   AMENDMENTS, OR BY ANOTHER STATUS CONFERENCE.

3        WE'D LIKE TO GET MOVING ON OUR DISCOVERY WHICH WE'VE BEEN

4   WAITING FOR.

5            **THE COURT:**  YES.

6            **MR. PULGRAM:**  WE'D LIKE TO GET AN ADEQUATE

7   DISCLOSURE.

8            **THE COURT:**  SO I'D LIKE TO SET SOME DATES TO GET

9   THESE THINGS MOVING.  SO WITH RESPECT TO AMENDING THE DISCOVERY

10  RESPONSES, THEN PROVIDING DOCUMENTS, ANY DOCUMENTS THAT MIGHT

11  BE RESPONSIVE, WHAT ARE WE TALKING ABOUT?  TWO WEEKS?  HOW LONG

12  DO YOU NEED TO GET THAT, MS. NORTON?

13           **MS. NORTON:**  I BELIEVE TWO WEEKS IS SUFFICIENT.

14           **THE COURT:**  OKAY.  IS THAT ALSO ENOUGH TIME FOR YOU

15  TO PROPOUND YOUR WRITTEN DISCOVERY, FORMULATE THAT?

16       OKAY.  AND THEN, MEET AND CONFER I'M GOING TO ORDER WITH

17  RESPECT TO AMENDING THE TRADE SECRET DISCLOSURES.  AND I DO

18  THINK IT'S APPROPRIATE TO HOLD OFF ON DISCOVERY RELATED THERETO

19  UNTIL WE DETERMINE IF THERE HAVE BEEN ADEQUATE DISCLOSURES.

20       HOW LONG?  WHAT DO YOU NEED TO MEET AND CONFER AND AT

21  LEAST CRYSTALIZE WHAT YOUR NEW DISCLOSURES ARE AND THEN, WHICH

22  WILL EITHER BE STIPULATED OR THEY WILL PRECIPITATE WHATEVER WE

23  DECIDE AS AN ADJUDICATORY PROCESS?

24           **MR. RAWLINSON:**  SO IN THE CURRENT DISCLOSURE THERE'S

25  NO -- THERE'S NO DISCLOSURE ABOUT BENCHMARK.  IF YOU READ IT

1   WE'RE ABSENT.
2        SO I DON'T KNOW IF THERE'S ANYTHING FOR US TO MEET AND
3   CONFER ABOUT.  I DON'T WANT TO SLOW UP THE PROCESS.  AND I'M
4   SENSITIVE TO THAT.  BUT I ALSO -- I DON'T WANT TO GO MEET AND
5   CONFER WHEN WE'RE STARTING WITH ZERO.
6        SO AT A MINIMUM IF THERE'S GOING TO BE SOME ADDITION OF
7   MATERIAL ABOUT BENCHMARK, WE NEED TO SEE IT BEFORE WE CAN MEET
8   AND CONFER ABOUT IT, I THINK.
9             **THE COURT:**  ALL RIGHT.  WHAT DO YOU THINK OF THAT?
10  WHAT ARE YOUR THOUGHTS ON HANDLING THAT, MS. NORTON?
11            **MS. NORTON:**  WE THINK IT WOULD BE HELPFUL TO HAVE ALL
12  PARTIES INVOLVED IN THE DISCUSSION.  AND ONE THING IF WE'RE
13  SETTING DATES THAT I WANTED TO ALSO RAISE THAT'S IN OUR
14  STATEMENT IS THAT WE ARE PLANNING ON FILING AMENDED PLEADINGS
15  AND AMENDED COUNTERCLAIMS AND AMENDED ANSWER.  AND SO THAT
16  MIGHT EFFECT -- I DON'T KNOW IF IT MIGHT MAKE SENSE TO WAIT TO
17  PROPOUND OUR DISCOVERY, WRITTEN DISCOVERY UNTIL WE'VE HAD A
18  CHANCE TO AMEND THE PLEADINGS TO INCLUDE ALL PARTIES IN ALL OF
19  OUR CLAIMS.
20            **THE COURT:**  WHAT AMENDMENTS -- WHAT'S CONTEMPLATED IN
21  TERMS OF THE AMENDMENTS?
22            **MS. NORTON:**  ADDING CLAIMS FOR PATENT INFRINGEMENT,
23  COPYRIGHT INFRINGEMENT AND TRADEMARK INFRINGEMENT.
24            **MR. PULGRAM:**  THERE'S TWO THOUGHTS ABOUT THAT, YOUR
25  HONOR.

| | |
|---|---|
| 1 | **THE COURT:** YES. |
| 2 | **MR. PULGRAM:** FIRST, IN MAY, IN THE STATUS CONFERENCE |
| 3 | STATEMENT THE COUNTERCLAIMANT STATED THAT THEY DIDN'T BELIEVE |
| 4 | THEY WERE GOING TO FILE ANY OTHER AMENDMENTS IN THIS CASE, |
| 5 | UNLESS DISCOVERY WARRANTED IT. AND THERE CERTAINLY HASN'T BEEN |
| 6 | ANY DISCOVERY TO WARRANT IT. |
| 7 | THESE AREN'T FACTS OR CLAIMS THAT ARE NEW. THIS IS MORE |
| 8 | DELAY. WHILE I DON'T KNOW WHETHER YOUR HONOR WILL ENTERTAIN |
| 9 | THAT MOTION, AND THEY HAVE RIGHTS TO FILE THINGS, IT SHOULDN'T |
| 10 | DELAY THE DISCOVERY ON THE TRADE SECRET MATTER AND THE |
| 11 | DISCLOSURES ON THE TRADE SECRET MATTER. AND -- WELL, WE'RE NOT |
| 12 | AVERSE TO THEM WAITING TO SERVE THEIR DISCOVERY REQUESTS ON US. |
| 13 | THERE'S NO REASON WHY THEY SHOULDN'T SPECIFY THE TRADE SECRETS, |
| 14 | INCLUDING BENCHMARK, INCLUDING NEXTDOOR WITH ANY MORE |
| 15 | SPECIFICITY. MEET AND CONFER ABOUT IT AND TEE UP THE |
| 16 | ADJUDICATION ON IT. |
| 17 | I DON'T THINK THAT THERE'S GOING TO BE A BASIS FOR A |
| 18 | PATENT OR TRADEMARK OR COPYRIGHT CLAIM TO BE STATED UNDER RULE |
| 19 | 11. BUT THERE'S NO REASON TO HOLD UP THE CASE WHILE WE WAIT TO |
| 20 | SEE IF THEY CAN COME UP WITH YET ANOTHER PIT. |
| 21 | **THE COURT:** YES. I'M NOT GOING TO DELAY DISCOVERY, |
| 22 | AND THERE IS NO GUARANTEE THAT YOU'LL BE -- YOUR MOTION TO SEEK |
| 23 | LEAVE TO AMEND WILL BE GRANTED. AND IF IT DOES, YOU CAN |
| 24 | PROPOUND ADDITIONAL DISCOVERY AT THAT POINT. WE NEED TO MOVE. |
| 25 | SO I'M GOING TO KEEP THE TWO-WEEK DEADLINES AS I |

1  MENTIONED.  AND WITH RESPECT TO THE REVISIONS OR THE REVISED

2  TRADE SECRET DISCLOSURES, WHICH WILL INCLUDE THOSE, VIS-A-VIS

3  BENCHMARK, I THINK THAT OUGHT TO BE DONE WITHIN THREE WEEKS.

4      AND THEN, IN TERMS OF IF THERE IS A CONTEST OF THAT AT

5  THAT POINT, I'D LIKE THE OPPOSING PARTY TO FILE A NOTICED

6  MOTION.  AND WE'LL RESOLVE IT BY MOTION RATHER THAN JUST BY

7  STATUS CONFERENCE STATEMENT.

8      THERE'S ENOUGH HERE THAT WE MIGHT AS WELL TREAT IT AS A

9  REAL MOTION.

10      **MR. PULGRAM:**  YES, YOUR HONOR.

11      **THE COURT:**  AND WITH RESPECT TO AMENDING THE

12  COUNTERCLAIM, IF YOU ARE GOING TO MOVE -- IT DOESN'T SOUND LIKE

13  YOU ARE GOING TO GET A STIPULATION ON THAT -- BUT IF YOU ARE

14  GOING TO MOVE TO SEEK LEAVE TO AND MEND, WE SHOULD HAVE THAT

15  DONE IN THREE WEEKS.  I THINK THAT'S ENOUGH TIME.

16      SO OVER THE NEXT TWO TO THREE WEEKS THERE'S GOING TO BE A

17  LOT HAPPENING IN THIS CASE, AND IT'S GOING TO BE MOVING ALONG.

18      AND MEANWHILE, I AM GOING TO REFER THIS CASE -- I'M SORT

19  OF INCLINED, UNLESS THE PARTIES FEEL OTHERWISE, TO GO TO A

20  SETTLEMENT CONFERENCE WITH A MAGISTRATE JUDGE, INASMUCH AS THAT

21  MAGISTRATE JUDGE MAY BE ABLE TO -- IT'S USEFUL TO YOU TO

22  PROVIDE SOME VALUATIVE INPUT AS WELL AS FACILITATE AND GIVE YOU

23  MORE -- A SLIGHTLY MORE EXPANSIVE OPPORTUNITY TO UTILIZE A

24  NEUTRAL.

25      SO I'LL GO AHEAD AND REFER THIS TO A MAGISTRATE JUDGE

1    SETTLEMENT CONFERENCE TO BE COMPLETED WITHIN 90 DAYS.
2         AND THEN, LET'S GET BACK HERE FOR STATUS.  AND MY INTENT
3    IF THE CASE IS NOT RESOLVED BY THEN SET TRIAL DATE AT THE NEXT
4    STATUS CONFERENCE.
5         AND THAT WILL BE FOUR MONTHS FROM NOW, BETTY?
6         AND AT THAT POINT WE'LL TALK ABOUT FULL-BLOWN DISCOVERY
7    AND TRIAL SETTING, AND ANY OTHER MOTION PRACTICE.
8              **MR. PULGRAM:**  SO THE TIMING IS IN TWO WEEKS THEY WILL
9    HAVE DISCOVERY RESPONSES AND PRODUCTION OF DOCUMENTS BY THE
10   DEFENDANT COUNTERCLAIMANT.  THREE WEEKS PROVIDE TRADE SECRET
11   DISCLOSURE, INCLUDING BENCHMARK.  THREE WEEKS AMENDED
12   COUNTERCLAIM OR MOTION FOR LEAVE TO AMEND THE COUNTERCLAIM.
13             **THE COURT:**  RIGHT.  IN THE MEANTIME, YOU'LL MEET AND
14   CONFER WITHIN THAT THREE WEEKS ABOUT TRADE SECRET DISCLOSURES.
15   ALSO WITHIN TWO WEEKS YOU'LL GET SOME WRITTEN DISCOVERY
16   PROPOUNDED BY THE DEFENDANT.
17             **MR. WALIA:**  YOUR HONOR, IF I MAY, HARPREET WALIA ON
18   BEHALF OF COUNTERDEFENDANTS MONSOON AND SANDEEP SOOD.
19        YOU HAD MENTIONED THAT THE WRITTEN DISCOVERY BY THE
20   DEFENDANTS WOULD NOT CONTAIN THE TRADE SECRET -- THE QUESTIONS
21   REGARDING TRADE SECRETS.  AS THEIR ENTIRE COUNTERCLAIM IS BASED
22   UPON TRADE SECRETS, WHAT ARE YOU -- ARE YOU SUGGESTING THAT THE
23   DISCOVERY BE RELATED TO THE ACTUAL COMPLAINT ITSELF?
24             **THE COURT:**  WELL, UNLESS -- I DON'T KNOW IF YOU HAVE
25   SOMETHING.  AND I CAN'T SPEAK FOR THE DEFENDANT AND

| | |
|---|---|
| 1 | COUNTERCLAIMANT. BUT MY INTENT IS WITH RESPECT TO GETTING -- I |
| 2 | THINK DISCOVERY THAT IS RELATED SOLELY TO THE TRADE SECRETS |
| 3 | SHOULD BE DEFERRED UNTIL WE RESOLVE EXACTLY WHETHER WE HAVE ANY |
| 4 | AND WHAT THE SCOPE, WHICH ONES THEY ARE AND WHAT THE SCOPE IS, |
| 5 | BECAUSE THAT WILL DEFINE DISCOVERY. |
| 6 | I DON'T KNOW IF YOU HAVE ANY OTHER DISCOVERY. IF NOT, |
| 7 | THAT WE'LL AWAIT. OKAY? ALL RIGHT. |
| 8 | SO BARRING A MOTION PRACTICE WHICH YOU MAY WELL HAVE, |
| 9 | WE'LL SEE YOU BACK HERE ON THE 12TH OF DECEMBER? |
| 10 | **MR. RAWLINSON:** THANK YOU. |
| 11 | **MR. PULGRAM:** THANK YOU, YOUR HONOR. |
| 12 | **THE COURT:** OKAY. THANK YOU. |
| 13 | (THEREUPON, THIS HEARING WAS CONCLUDED.) |
| 14 | |
| 15 | |
| 16 | **CERTIFICATE OF TRANSCRIBER** |
| 17 | |
| 18 | I CERTIFY THAT THE FOREGOING IS A TRUE AND CORRECT |
| 19 | TRANSCRIPT, TO THE BEST OF MY ABILITY, OF THE ABOVE PAGES OF |
| 20 | THE OFFICIAL ELECTRONIC SOUND RECORDING PROVIDED TO ME BY THE |
| 21 | U.S. DISTRICT COURT, NORTHERN DISTRICT OF CALIFORNIA, OF THE |
| 22 | PROCEEDINGS TAKEN ON THE DATE AND TIME PREVIOUSLY STATED IN THE |
| 23 | ABOVE MATTER. |
| 24 | I FURTHER CERTIFY THAT I AM NEITHER COUNSEL FOR, RELATED TO, |
| 25 | NOR EMPLOYED BY ANY OF THE PARTIES TO THE ACTIONS IN WHICH THIS |

```
1   HEARING WAS TAKEN; AND, FURTHER, THAT I AM NOT FINANCIALLY NOR
2   OTHERWISE INTERESTED IN THE OUTCOME OF THE ACTION.
3   SIGNATURE OF TRANSCRIBER
4                                           7-31-13 DATE
5        Kathy Wyatt
```