1  **BRUNO W. TARABICHI**, CA State Bar No. 215129
   bruno@legalforcelaw.com
2  **HEATHER R. NORTON**, CA State Bar No. 257014
   heather@legalforcelaw.com
3  **ROY MONTGOMERY**, CA State Bar No. 279531
   roy@legalforcelaw.com
4  **LEGALFORCE RAJ ABHYANKER, P.C.**
   1580 W. El Camino Real, Suite 13
5  Mountain View, California 94040
   Telephone:  650.965.8731
6  Facsimile:   650.989.2131

7  Attorneys for Defendant
   Raj Abhyanker

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| NEXTDOOR.COM, INC., a Delaware corporation,<br><br>Plaintiff,<br><br>vs.<br><br>RAJ ABHYANKER, an individual,<br><br>Defendant. | Case No. 3:12-cv-05667-EMC<br><br>**DEFENDANT AND COUNTERCLAIMANT RAJ ABHYANKER'S OPPOSITION TO NEXTDOOR.COM'S MOTION FOR LEAVE TO FILE A SURREPLY** |
| RAJ ABHYANKER, an individual<br><br>Counterclaimant,<br><br>vs.<br><br>NEXTDOOR.COM, INC., a Delaware corporation; PRAKASH JANAKIRAMAN, an individual; BENCHMARK CAPITAL PARTNERS, L.P., a Delaware limited partnership; BENCHMARK CAPITAL MANAGEMENT CO. LLC, a Delaware limited liability company; SANDEEP SOOD, an individual; MONSOON ENTERPRISES, INC., a California corporation, and DOES 1–50, inclusive;<br><br>Counterdefendants. | |

## I. INTRODUCTION

Defendant and Counterclaimant Raj Abhyanker ("Abhyanker") respectfully submits this memorandum in opposition to Plaintiff and Counterdefendant Nextdoor.com, Inc.'s ("Nextdoor.com") Motion for Leave to File a Surreply in Opposition to Abhyanker's Motion for Leave to File a Second Amended Answer and Counterclaims (the "Proposed Surreply").

First, Nextdoor.com fails to identify any new argument in Abhyanker's Reply that would warrant the Court's consideration of the Proposed Surreply. The exhibits that accompanied Abhyanker's Reply (the "Exhibits") mirror the facts and allegations that were set forth in Abhyanker's opening papers, and do not present any new factual or legal arguments. Moreover, the Exhibits consist of documents that were created by Nextdoor.com itself, as well as documents that discuss the functionality of Nextdoor.com. Accordingly, the facts contained in those documents are not new to Nextdoor.com, and do not warrant a surreply.

Second, Nextdoor.com's Proposed Surreply does nothing more than improperly encourage the Court to conduct claim construction and to rule on the merits of Abhyanker's patent claim at the pleading stage. The ony question of relevance is whether Abhyanker's patent claim is properly pled. The Proposed Surreply does not shed any light on that issue. It therefore would not assist the Court in determining whether an amended pleading should be allowed. Accordingly, Nextdoor.com's motion should be denied.

## II. LEGAL STANDARD

Surreplies are disfavored in this District. *See* N.D. Cal . Civ. L.R. 7-3(d). The party seeking to submit a surreply has the burden of demonstrating that good cause exists for permitting the additional filing. *In re Toys "R" Us, Inc. Privacy Litig.*, No. 00-CV-2746, 2001 WL 34517252, at *1 n . I (N.D. Cal. Oct. 9, 2001). Surreplies are generally discouraged "as they usually are a strategic effort by the nonmoving party to have the last word on a matter." *Sims v. Paramount Gold and Silver Cor*p., No. No. CV 10–356, 2010 WL 5364783, at *8 (D. Ariz. Dec. 21, 2010). Courts routinely disallow surreplies where the party seeking to file the surreply fails to demonstrate how it would assist the court in deciding the motion; there has been no new development in the law since briefing closed; the reply memorandum does not raise any new legal

arguments; or, simply, where the surreply is not otherwise justified under the circumstances. *See, e.g., Heil Co. v. Curotto Can Co.*, No. 04-1590, 2004 WL 2600134, at *1 n .1 (N.D. Cal. Nov. 16, 2004) (denying request to file surreply where reply memorandum merely responded to legal arguments in opposition), aff'd on appeal, 163 Fed.Appx. 908 (Fed. Cir. Jan. 23, 2006); *Schilz v. A.P. Green Indus., Inc* ., No. C01-4299, 2002 WL 102608, at *I n.1 (N.D. Cal Jan . 15, 2002) (denying request for leave to file surreply where party "failed to demonstrate how a surreply would assist the Court in adjudicating the instant motion") ; *Lang v. State of California*, No. C 91-1994 WL 28037, at *2 (N.D. Cal . Jan. 26, 1994) (denying ex parte application to file surreply where party failed to present any "new development in the law"); *Spina v. Maricopa County Dept. of Transportation,* 2009 WL 890997, at *1 (D. Ariz. April 1, 2009) (finding that a surreply was not justified as the reply simply responded to the opposition brief).

### III. ARGUMENT

#### A. Abhyanker's reply does not raise new legal or factual arguments, and therefore a surreply is not justified.

Nextdoor.com has not demonstrated good cause for its Proposed Surreply.  First, the evidence submitted in support of Abhyanker's reply memorandum does not present new legal or factual arguments.  Abhyanker's opening papers allege that certain Nextdoor.com functionality, including the Nextdoor.com classified feature, infringes U.S. Patent 8,433,609 (the "'609 patent").  The opening papers further alleged that Nextdoor.com encouraged and enabled its customers to use the infringing functionality. Doc. 115 (Proposed Second Amended Answer and Counterclaims), ¶¶ 205-207.

Abhyanker is not required to produce evidence of infringement at the pleading stage. *See In re Bill of Lading Transmission v. R + L Carriers, Inc*., 681 F.3d 1323, 1341 (Fed. Cir. 2012) (finding that a claim for indirect patent infringement was properly pled despite the fact that the complaint had not quoted or submitted specific documents showing that the defendant had instructed its customers to perform acts that would infringe the patent).  Nevertheless, Nextdoor.com's opposition argues in part that Abhyanker should not be allowed to proceed with his patent claim because his proposed pleading did not include sufficient evidence of

1    infringement. *See* Doc. 118 at 25-26. Accordingly, in his reply, Abhyanker attached exhibits that
2    further support the facts alleged in his opening papers. The exhibits do not raise new factual or
3    legal arguments. Rather, they support the arguments that Abhyanker's opening papers raise,
4    namely that users of Nextdoor.com routinely bid on gastronomical offers that are only available
5    to users within a certain neighborhood. Accordingly, there is no basis for Nextdoor.com's
6    Proposed Surreply. *See Heil*, 2004 WL 2600134, at * 1 n .1 ("Contrary to defendant's argument,
7    plaintiffs reply does not raise new legal arguments, but, rather, responds to legal arguments made
8    in defendant's opposition.") (denying request to file surreply).

9        A reply can properly introduce evidence that is necessary to contextualize selective
10   assertions made by the non-movant in the opposition. *See* Civil L.R. 7-3(c); *Terrell v. Contra*
11   *Costa County*, 232 Fed. Appx. 626 (9th Cir. 2007). That is precisely what Abhyanker's Reply
12   does. In particular, the Reply provides documentation of the fact that Nextdoor.com's users bid
13   on gastronomical offers that are geospatially constrained, and that Nextdoor.com facilitates and
14   encourages that use of its site. By documenting those facts, the Exhibits provide context for
15   Nextdoor.com's assertions that it would be "farfetched" to allege that its site is used in an
16   infringing manner. Doc. 118 at 20.

17       Moreover, the facts contained in the Exhibits were all known to Nextdoor.com before
18   Abhyanker filed his reply. The Exhibits are comprised of documents that were either created by
19   Nextdoor.com itself, such a presentation given by Nextdoor.com indicating that it intended to
20   facilitate and encourage the infringing behavior, and articles that discuss Nextdoor.com's
21   functionality. Evidence that is already known to the non-movant is not "new" material that
22   would justify a surreply. *First Specialty Ins. Corp. v. 633 Partners Ltd.*, 300 Fed. Appx. 777, 788
23   (11th Cir. 2008). Therefore, the Exhibits do not raise "new" facts so as to justify a surreply.

24       **B.**    **The Proposed Surreply would not help the Court in resolving the**
25           **disputed issues.**
26       Surreplies that fail to assist the Court in resolving the disputed issues are improper.
27   *Schilz*, 2002 WL 102608, at *1 n.1; *Kahrs Intern. Inc. v. U.S.*, 645 F. Supp. 2d 1251, 1260 ("after
28   the issue is properly joined , succeeding rebuttal or supplementary briefs normally serve more to

1   relieve the anxieties of counsel than to help the court.") (internal quotations omitted).
2   Nextdoor.com's Proposed Surreply argues that Abhyanker's patent claim fails on the merits,
3   when the only issue of relevance is whether Abhyanker has satisfied the pleading standard.

4   The Federal Circuit recently clarified that in order to properly plead indirect infringement,
5   a party does not need to plead facts showing that each element of a claim is infringed, nor does a
6   party need to demonstrate a probability that infringement occurred. It is sufficient to raise a
7   plausible case that will lead to a finding of liability. *In re Bill of Lading Transmi*ssion, 681 F. 3d
8   at 1335-1336. In *Bill of Lading*, the Federal Circuit noted that at the pleading stage, all that is
9   required is an inference that a direct infringer exists and a plausible allegation of indirect
10  infringement. *Id.* at 1336-1337. The court rejected the argument that specific facts were needed
11  to give rise to an inference that the defendant company had instructed instruct the user to perform
12  acts that would infringe the patent. The court also emphasized that in determining whether a
13  complaint does give rise to a plausible inference of infringement, all inferences must be drawn in
14  favor of the non-moving party. *Id.* at 1339-1340 (criticizing the district court for concluding that
15  the moving party's claims relied upon ultimate inferences that the district court found implausible
16  and unreasonable).

17  Accordingly, the only issue that is relevant here is whether Abhyanker has presented facts
18  that are sufficient to give rise to an inference that Nextdoor.com's users have infringed the '609
19  patent, and that Nextdoor.com facilitated that infringement. Nextdoor.com's Proposed Surreply
20  argues that the Exhibits "do not show" that infringement has occurred. Doc. 122-1 at 2. But as
21  discussed above, such a showing is not required.

22  Moreover, the Proposed Surreply improperly argues that the Nextdoor.com users do not
23  perform three claim elements, namely bidding, bidding on gastronomical items in particular, and
24  bidding across a spectrum of time. Those arguments are premised on Nextdoor.com's own
25  construction of the claim language, and claim construction at this stage is premature. *Fujitsu Ltd.*
26  *v. Belkin Intn'l, Inc.*, 782 F. Supp. 2d 868 (N.D. Cal. 2011). Abhyanker's pleadings are sufficient
27  to raise an inference that when users submit an offer, or payment, for a discount meal that is only
28  offered within a certain neighborhood, they infringe the '609 patent. Whether those offers

constitute bids and/or standing bids, and whether restaurant meals constitute gastronomical offers, are matters that are properly determined through discovery and the claim construction process, but not at the pleading stage.

Accordingly, the Proposed Surreply, which contains only arguments going to the merits and arguments based on claim construction will not help the court evaluate whether Abhyanker's claim is plausible, and therefore should be denied.

## IV. CONCLUSION

Nextdoor.com is improperly seeking to file a surreply based on facts that it has long known, in order to present a premature argument on the merits. Such a surreply would be improper. Abhyanker respectfully requests that Nextdoor.com's motion be denied.

Dated: October 28, 2013　　　　　　　　　　Respectfully submitted,

　　　　　　　　　　　　　　　　　　　　LEGALFORCE RAJ ABHYANKER, P.C

　　　　　　　　　　　　　　　　　　　　BY: /s Heather R. Norton
　　　　　　　　　　　　　　　　　　　　　　Bruno W. Tarabichi
　　　　　　　　　　　　　　　　　　　　　　Heather R. Norton
　　　　　　　　　　　　　　　　　　　　　　Roy Montgomery
　　　　　　　　　　　　　　　　　　　　　　Attorneys for Defendant
　　　　　　　　　　　　　　　　　　　　　　Raj Abhyanker