1

2

3

4

5       UNITED STATES DISTRICT COURT

6       NORTHERN DISTRICT OF CALIFORNIA

7

8    NEXTDOOR.COM, INC.,                          No. C-12-5667 EMC

9              Plaintiff,                         **ORDER (1) GRANTING DEFENDANT**
                                                  **ABHYANKER'S MOTION FOR LEAVE**
10           v.                                   **TO FILE SECOND AMENDED**
                                                  **ANSWER AND COUNTERCLAIMS;**
11   RAJ ABHYANKER,                               **AND (2) DENYING PLAINTIFF**
                                                  **NEXTDOOR.COM'S MOTION FOR**
12             Defendant.                         **LEAVE TO FILE A SURREPLY**
     _____/
13                                                **(Docket Nos. 115, 122)**

14

15                      I.    __INTRODUCTION__

16          Plaintiff, Nextdoor.com, Inc. ("Nextdoor.com"), brought an action against Raj Abhyanker,

17   seeking a declaratory judgment that its use of the NEXTDOOR mark does not infringe any

18   trademark rights of Abhyanker, and alleging causes of action for trademark infringement and

19   cyberpiracy.  In response, Abhyanker asserted numerous affirmative defenses and brought a

20   counterclaim for misappropriation of trade secrets against Nextdoor.com; Prakash Janakiraman, a

21   co-founder and vice-president of engineering at Nextdoor.com; Benchmark Capital Partners, L.P.;

22   Benchmark Capital Management Co. LLC; Monsoon Enterprises, Inc.; and Sandeep Sood, president

23   of Monsoon Enterprises (collectively, "Counter-Defendants").

24          Currently pending before the Court is Abhyanker's motion for leave to file a second

25   amended answer and counterclaims (the "Motion").  Abhyanker seeks to add causes of action only

26   against Nextdoor.com, for trademark infringement and unfair competition under California Business

27   and Professions Code § 17200 *et seq.* (the "UCL").  Also pending before the Court is

28   Nextdoor.com's administrative motion for leave to file a surreply to Abhyanker's reply.

The Court **GRANTS** Abhyanker's Motion and **DENIES** Nextdoor.com's motion for the reasons set forth below.

## II.   FACTUAL & PROCEDURAL BACKGROUND

Defendant Abhyanker submitted three versions of a second amended answer and counterclaims in conjunction with this Motion. *See* Docket Nos. 115, 121, 132. The following facts and discussion are based on the most recent version, Docket No. 132, Exh. A ("SAAC").

Nextdoor.com operates a neighborhood-based social network website with the eponymous domain name. SAAC ¶ 150. Abhyanker alleges that Nextdoor.com's use of the mark NEXTDOOR infringes his common law rights in the marks NEXTDOOR and FATDOOR, and his rights in the federally registered mark FATDOOR GET TO KNOW YOUR NEIGHBORS. SAAC ¶¶ 161-163, 168, 171, 177.

This action began on November 5, 2012, when Nextdoor.com filed a complaint against Abhyanker, seeking, among other things, a declaratory judgment that its use of the NEXTDOOR mark does not infringe on any purported trademark rights held by Abhyanker in the marks NEXTDOOR, FATDOOR, and FATDOOR GET TO KNOW YOUR NEIGHBOR. *See* Complaint ¶¶ 59, 63 (Docket No. 1). In response, Abhyanker asserted numerous affirmative defenses and brought a counterclaim for misappropriation of trade secrets against the Counter-Defendants. *See* Docket No. 59.

In this Motion, Abhyanker seeks to add three causes of action, only against Nextdoor.com: trademark infringement, infringement of unregistered trademark, and California unfair competition (violation of the UCL). During the hearing, Nextdoor.com clarified that it only opposes addition of the claim for infringement of unregistered mark as it pertains to the mark NEXTDOOR. No discovery deadlines or trial dates have yet been set.

In previous versions of the SAAC, Abhyanker had also sought to add a claim for patent infringement, but has since withdrawn the claim. The SAAC reflects this change. In support of the patent infringement claim, Abhyanker had attached documents to his reply. Docket No. 121. Nextdoor.com filed an administrative motion for leave to file a surreply, objecting to the documents. Docket No. 122.

**United States District Court**
For the Northern District of California

2

### III.    DISCUSSION

A.    <u>Nextdoor.com's Administrative Motion for Leave to File a Surreply</u>

Because the patent infringement claim has been withdrawn, Nextdoor.com's objections to the documents are moot.  Therefore, the Court denies Nextdoor.com's motion.

B.    <u>Legal Standard</u>

Courts should freely give leave to amend in the absence of reason such as "undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, futility of the amendment, etc." *Foman v. Davis*, 371 U.S. 178, 182; Fed. R. Civ. P. 15(a).  The Ninth Circuit commonly states this as a four-factor test: (1) undue delay, (2) bad faith, (3) prejudice to the opposing party, and (4) futility of amendment.  *See DCD Programs, Ltd. v. Leighton*, 833 F.2d 183, 186 (9th Cir. 1987) (citing *Loehr v. Ventura County Community College Dist.,* 743 F.2d 1310, 1319 (9th Cir.1984); *Howey v. United States,* 481 F.2d 1187, 1190 (9th Cir.1973)).

Among the *Foman* factors, prejudice to the opposing party "carries the greatest weight." *Eminence Capital, LLC v. Aspeon, Inc*., 316 F.3d 1048 (9th Cir. 2003).  Prime instances of prejudice are when the amendment would require reopening discovery (*see Solomon v. North American Life and Cas. Ins. Co.*, 151 F.3d 1132, 1139 (9th Cir. 1998)) or extensive new preparations for trial (*see Mir v. Forsburg*, 646 F.2d 342, 347 (9th Cir. 1980)).  "Undue delay by itself . . . is insufficient to justify denying a motion to amend."  *Bowles v. Reade*, 198 F.3d 752, 758 (9th Cir. 1999).  Amendment is futile only if "the complaint could not be saved by any amendment."  *United States v. Corinthian Colleges*, 655 F.3d 984, 995 (9th Cir. 2011) (quoting *Krainski v. Nev. ex rel. Bd. of Regents of Nev. Sys. of Higher Educ*., 616 F.3d 963, 972 (9th Cir. 2010)).

C.    <u>Application</u>

The *Foman* factors weigh in favor of leave to amend.  As to the two trademark infringement claims, there is no prejudice to Nextdoor.com.  No discovery deadlines or trial dates have yet been set.  Moreover, the claims mirror Nextdoor.com's claims seeking declaratory judgment that its use of the NEXTDOOR mark does not infringe any purported trademark rights held by Abhyanker in

the marks NEXTDOOR, FATDOOR, and FATDOOR GET TO KNOW YOUR NEIGHBOR.  *See* Complaint ¶¶ 59, 63.  The issues underlying Abhyanker's trademark infringement claims will need to be resolved when Nextdoor.com's declaratory relief claims are adjudicated.  For instance, whether Abhyanker used in commerce or abandoned unregistered marks may be adjudicated as part of that resolution.  Thus, there is no prejudice to Nextdoor.com.  In addition, there is little evidence that the claims were brought in bad faith.  While Abhyanker could have brought the claims earlier, this alone does not warrant denying leave to amend.  Therefore, the *Foman* factors weight in favor of leave to add the trademark infringement claims.

As to the UCL claim, there is also no demonstrated prejudice to Nextdoor.com.  As mentioned above, there are no pending deadlines and, in addition, the UCL claim appears to be a derivative claim that will not consume substantial additional resources to litigate.  The UCL claim is not futile because Abhyanker has stated a claim for trademark infringement, and trademark infringement is an "unlawful" practice under the UCL.  Therefore, the *Foman* factors weigh in favor of leave to add the UCL claim.

## IV.   CONCLUSION

For the reasons set forth above, the Court **GRANTS** Abhyanker's motion for leave to file second amended answer and counterclaims.  The Court deems the SAAC in Docket No. 132 as filed. The Court **DENIES** Nextdoor.com's administrative motion for leave to file a surreply.

This order disposes of Docket Nos. 115 and 122.


IT IS SO ORDERED.


Dated:  December 12, 2013

_____
EDWARD M. CHEN
United States District Judge