1  LAURENCE F. PULGRAM (CSB No. 115163)
   lpulgram@fenwick.com
2  JENNIFER L. KELLY (CSB No. 193416)
   jkelly@fenwick.com
3  ERIC J. BALL (CSB No. 241327)
   eball@fenwick.com
4  MATTHEW B. BECKER (CSB No. 291865)
   mbecker@fenwick.com
5  FENWICK & WEST LLP
   555 California Street
6  San Francisco, CA 94104
   Telephone:    415.875.2300
7  Facsimile:    415.281.1350

8  Attorneys for Plaintiff and Counterdefendant
   NEXTDOOR.COM, INC. and Counterdefendant
9  PRAKASH JANAKIRAMAN

10              UNITED STATES DISTRICT COURT

11            NORTHERN DISTRICT OF CALIFORNIA

12               SAN FRANCISCO DIVISION

13  NEXTDOOR.COM, INC., a Delaware          Case No.: 3:12-cv-05667-EMC
    corporation,
14                                          **NEXTDOOR.COM, INC. AND
15                 Plaintiff,               PRAKASH JANAKIRAMAN'S ANSWER
                                            TO DEFENDANT RAJ ABHYANKER'S
16          v.                              SECOND AMENDED COUNTERCLAIM
                                            FOR TRADE SECRET
17  RAJ ABHYANKER, an individual,          MISAPPROPRIATION, TRADEMARK
                                            INFRINGEMENT, INFRINGEMENT OF
18                 Defendant.               UNREGISTERED TRADEMARK, AND
                                            CALIFORNIA UNFAIR COMPETITION**
19  RAJ ABHYANKER, an individual,
                                            **DEMAND FOR JURY TRIAL**
20                 Counterclaimant,
                                            Case Filed:  November 5, 2012
21          v.
                                            Judge:       Honorable Edward M. Chen
22  NEXTDOOR.COM, INC., a Delaware
    corporation; PRAKASH JANAKIRAMAN, an
23  individual; BENCHMARK CAPITAL
    PARTNERS, L.P., a Delaware limited
24  partnership; BENCHMARK CAPITAL
    MANAGEMENT CO. LLC, a Delaware limited
25  liability company; SANDEEP SOOD, an
    individual; MONSOON ENTERPRISES, INC., a
26  California corporation, and DOES 1-50,
    inclusive,
27
                   Counterdefendants.
28

FENWICK & WEST LLP
ATTORNEYS AT LAW
SAN FRANCISCO

NEXTDOOR AND JANAKIRAMAN'S
ANSWER TO ABHYANKER'S SECOND                         CASE NO. 3:12-cv-05667-EMC
AMENDED COUNTERCLAIM

Counterdefendants Nextdoor.com, Inc. ("Nextdoor.com") and Prakash Janakiraman ("Janakiraman") (collectively "Counterdefendants") hereby answer Counterclaimant Raj Abhyanker's ("Abhyanker's") Second Amended Counterclaim ("SACC") [Dkt. No. 132] and Supplemental Statement [Dkt. No. 141] as follows. To the extent that any responsive pleading is required to the headings in the SACC, Counterdefendants herby deny them. Any allegations of the SACC not specifically admitted below are hereby denied. These answers are based on the knowledge and information currently available to Counterdefendants, and Counterdefendants reserve the right to amend these answers based on facts later discovered, pled, or offered.

## PARTIES

86.     Counterdefendants are without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 86, and on that basis, deny them.

87.     Denied, except Counterdefendants admit that Nextdoor.com is a Delaware corporation.

88.     Admitted.

89.     Counterdefendants are without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 89, and on that basis, deny them.

90.     Counterdefendants are without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 90, and on that basis, deny them.

91.     Counterdefendants are without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 91, and on that basis, deny them.

92.     Counterdefendants are without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 92, and on that basis, deny them.

## JURISDICTION AND VENUE

93.     Paragraph 93 contains legal conclusions to which no response is required. To the extent a response is required, Counterdefendants admit that this Court has subject matter jurisdiction over the SACC pursuant to 28 U.S.C. § 1367.

94.     Paragraph 94 contains legal conclusions to which no response is required. To the extent a response is required, Counterdefendants admit that the Court has personal jurisdiction

FENWICK & WEST LLP
ATTORNEYS AT LAW
SAN FRANCISCO

over Counterdefendants.

95.     Paragraph 95 contains legal conclusions to which no response is required.  To the extent a response is required, Counterdefendants admit that venue is proper.

## FACTS RELEVANT TO ALL COUNTERCLAIMS

96.     Denied.

97.     Counterdefendants are without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 97, and on that basis, deny them, except that Counterdefendants affirmatively deny that "[a]t least three of the co-founders of the [sic] Nextdoor.com were EIRs in formal and informal capacities at least since 2006 when the [sic] Abhyanker pitched his ideas to Benchmark."

98.     Counterdefendants deny the allegations of Paragraph 98 except that they admit that Nextdoor.com was founded in December 2007 as SPN, Inc., that SPN, Inc. changed its name to Round Two, Inc. in January 2008, that it launched an online almanac of professional and college athletes at www.fanbase.com, and that it subsequently changed its name to Fanbase, Inc.

99.     Counterdefendants are without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 99, and on that basis, deny them.

100.    Counterdefendants are without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 100, and on that basis, deny them.

101.    Counterdefendants are without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 101, and on that basis, deny them.

102.    Counterdefendants are without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 102, and on that basis, deny them.

103.    Counterdefendants are without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 103, and on that basis, deny them.

104.    Counterdefendants are without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 104, and on that basis, deny them.

105.    Counterdefendants are without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 105, and on that basis, deny them.

FENWICK & WEST LLP
ATTORNEYS AT LAW
SAN FRANCISCO

106.    Counterdefendants are without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 106, and on that basis, deny them.

107.    Counterdefendants are without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 107, and on that basis, deny them.

108.    Counterdefendants are without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 108, and on that basis, deny them.

109.    Counterdefendants are without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 109, and on that basis, deny them.

110.    Counterdefendants are without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 110, and on that basis, deny them.

111.    Counterdefendants are without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 111, and on that basis, deny them.

112.    Counterdefendants deny that the use of the name "Nextdoor" is a trade secret, particularly in light of the Court's July 19, 2013 order granting in part Counterdefendants' Motion to Dismiss.  Counterdefendants are without knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 112, and on that basis, deny them.

113.    Counterdefendants are without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 113, and on that basis, deny them.

114.    Counterdefendants are without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 114, and on that basis, deny them.

115.    Counterdefendants are without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 115, and on that basis, deny them.

116.    Counterdefendants are without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 116, and on that basis, deny them.

117.    Counterdefendants are without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 117, and on that basis, deny them.

118.    Counterdefendants are without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 118, and on that basis, deny them.

FENWICK & WEST LLP
ATTORNEYS AT LAW
SAN FRANCISCO

119.    Counterdefendants are without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 119, and on that basis, deny them.

120.    Counterdefendants are without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 120, and on that basis, deny them.

121.    Counterdefendants are without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 121, and on that basis, deny them.

122.    Counterdefendants are without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 122, and on that basis, deny them.

123.    Counterdefendants are without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 123, and on that basis, deny them.

124.    Counterdefendants are without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 124, and on that basis, deny them.

125.    Counterdefendants deny that Benchmark Capital disclosed any trade secrets to Counterdefendants.  Counterdefendants are without knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 125, and on that basis, deny them.

126.    Counterdefendants are without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 126, and on that basis, deny them.

127.    Counterdefendants deny that Abhyanker owns any valid trade secret. Counterdefendants are without knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 127, and on that basis, deny them.

128.    Counterdefendants deny that Abhyanker owns any valid trade secret. Counterdefendants are without knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 128, and on that basis, deny them.

129.    Counterdefendants are without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 129, and on that basis, deny them.

130.    Counterdefendants are without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 130, and on that basis, deny them.

FENWICK & WEST LLP
ATTORNEYS AT LAW
SAN FRANCISCO

131.    Counterdefendants are without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 131, and on that basis, deny them.

132.    Counterdefendants deny any allegations in Paragraph 132 relating to them. Counterdefendants are without knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 132, and on that basis, deny them.

133.    Counterdefendants are without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 133, and on that basis, deny them.

134.    Counterdefendants admit that Janakiraman and Nirav Tolia ("Tolia") are co-founders of Nextdoor.com. Counterdefendants deny any other allegations in Paragraph 134 relating to them. Counterdefendants are without knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 134, and on that basis, deny them.

135.    Denied.

136.    Counterdefendants deny that Nextdoor.com misappropriated any trade secrets. Counterdefendants admit that Janakiraman attended U.C. Berkeley along with Counterdefendant Sood and that the two are friends. Counterdefendants are without knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 136, and on that basis, deny them.

137.    Counterdefendants admit that Janakiraman and Sood remain friends and communicate with each other occasionally. Counterdefendants are without knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 137, and on that basis, deny them.

138.    Denied.

139.    Denied.

140.    Denied, except that Counterdefendants admit that Counterdefendant Sood received and completed a survey from Nextdoor.com.

141.    Denied.

142.    Denied, except that Counterdefendants admit that Abhyanker accurately quotes articles posted on the Internet.

FENWICK & WEST LLP
ATTORNEYS AT LAW
SAN FRANCISCO

143.   Denied.

144.   Denied.

145.   Denied.

146.   Counterdefendants are without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 146, and on that basis, deny them.

147.   Denied, except that Counterdefendants admit that Nextdoor.com is headquartered in San Francisco.

148.   Denied.

149.   Admitted.

150.   Denied, except that Counterdefendants admit that Nextdoor.com publicly launched its www.nextdoor.com website on October 26, 2011.

151.   Counterdefendants deny any allegations in Paragraph 151 relating to them. Counterdefendants are without knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 151, and on that basis, deny them.

152.   Denied.

153.   Denied, except that Counterdefendants admit that Abhyanker filed a complaint against Counterdefendants in the Superior Court of California for the County of Santa Clara asserting claims for trade secret misappropriation, breach of contract, and additional torts (the "State Court Action").

154.   Admitted.

155.   Denied, except that Counterdefendants admit that Abhyanker dismissed the State Court Action without prejudice.

156.   Counterdefendants admit that Nextdoor.com filed this lawsuit on November 5, 2012 and that the TTAB proceedings have been suspended pending its outcome. Counterdefendants are without knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 156, and on that basis, deny them.

157.   Denied.

FENWICK & WEST LLP
ATTORNEYS AT LAW
SAN FRANCISCO

158.     Counterdefendants deny that Abhyanker has not pleaded that Google now owns all the trade secrets asserted here.  Counterdefendants are without knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 158, and on that basis, deny them.

159.     Counterdefendants admit that Abhyanker purports to refer to a trademark application.  Counterdefendants are without knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 159, and on that basis, deny them.

160.     Counterdefendants admit that Abhyanker purports to partially quote a trademark application.  Counterdefendants are without knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 160, and on that basis, deny them.

161.     Counterdefendants are without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 161, and on that basis, deny them.

162.     Counterdefendants are without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 162, and on that basis, deny them.

163.      Counterdefendants are without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 163, and on that basis, deny them.

164.     Counterdefendants are without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 164, and on that basis, deny them.

165.     Counterdefendants admit that Abhyanker purports to refer to a trademark application.  Counterdefendants are without knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 165, and on that basis, deny them.

166.     Counterdefendants admit that Abhyanker purports to partially quote a trademark application.  Counterdefendants are without knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 166, and on that basis, deny them.

167.      Counterdefendants are without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 167, and on that basis, deny them.

168.      Counterdefendants are without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 168, and on that basis, deny them.

FENWICK & WEST LLP
ATTORNEYS AT LAW
SAN FRANCISCO

FENWICK & WEST LLP
ATTORNEYS AT LAW
SAN FRANCISCO

169.     Counterdefendants are without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 169, and on that basis, deny them.

170.     Counterdefendants are without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 170, and on that basis, deny them.

171.     Counterdefendants are without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 171, and on that basis, deny them.

172.     Denied.

173.     Counterdefendants are without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 173, and on that basis, deny them.

174.     Counterdefendants admit that Abhyanker purports to refer to the trademark application, Serial No. 85236918, which speaks for itself.  Counterdefendants admit that Nextdoor.com, Inc. was officially named Fanbase Inc. when the 85236918 trademark application was filed.  Counterdefendants deny any remaining allegations in Paragraph 174.

175.     Counterdefendants admit that Abhyanker purports to refer to the trademark application, Serial No. 85236918, which speaks for itself.  Counterdefendants deny any remaining allegations in Paragraph 175.

176.     Counterdefendants admit that Abhyanker purports to refer to the trademark application, Serial No. 85236918, which speaks for itself.  Counterdefendants deny any remaining allegations in Paragraph 176.

177.     As stated in Nextdoor.com's Complaint [Dkt. No. 1 ¶¶ 73-76], Abhyanker's use of Nextdoor.com's NEXTDOOR mark is likely to cause confusion with Nextdoor.com and its mark. Counterdefendants deny any remaining allegations in Paragraph 177.

178.     Denied.

179.     Counterdefendants admit that the United States Patent and Trademark Office suspended Abhyanker's application for the NEXTDOOR mark because of Nextdoor.com's pre-existing application for the NEXTDOOR mark.  Counterdefendants are without knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 179, and on that basis, deny them.

180.   Counterdefendants deny that Abhyanker developed the NEXTDOOR mark. Counterdefendants are without knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 180, and on that basis, deny them.

181.   Counterdefendants are without knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 181, and on that basis, deny them.

182.   Denied.

183.   Denied

184.   Denied.

185.   Denied.

186.   Denied.

## FIRST COUNTERCLAIM
## TRADE SECRET MISAPPROPRIATION
### (Against All Defendants)

187.   To the extent any response is required, Counterdefendants hereby incorporate their responses to Paragraphs 86-186 herein.

188.   Denied.

189.   Denied.

190.   Denied.

191.   Denied.

192.   Denied.

193.   Denied.

194.   Denied.

## SECOND COUNTERCLAIM
## TRADEMARK INFRINGEMENT
### (Against Nextdoor.com)

195.   To the extent any response is required, Counterdefendants hereby incorporate their responses to Paragraphs 86-194 herein.

196.   Denied.

197.   Denied.

198.   Denied.

FENWICK & WEST LLP
ATTORNEYS AT LAW
SAN FRANCISCO

1    199.   Denied.

2    200.   Denied.

3    201.   Denied.

4                    **THIRD COUNTERCLAIM**
                **INFRINGEMENT OF UNREGISTERED TRADEMARK**
5                        **(Against Nextdoor.com)**

6    202.   To the extent any response is required, Counterdefendants hereby incorporate their

7    responses to Paragraphs 86-201 herein.

8    203.   Denied.

9    204.   Denied.

10   205.   Denied.

11   206.   Denied.

12   207.   Denied.

13                   **FOURTH COUNTERCLAIM**
                **CALIFORNIA UNFAIR COMPETITION**
14                       **(Against Nextdoor.com)**

15   208.   To the extent any response is required, Counterdefendants hereby incorporate their

16   responses to Paragraphs 86-207 herein.

17   209.   Denied.

18   210.   Denied.

19   211.   Denied.

20                   **ABHYANKER'S PRAYER FOR RELIEF**

21         To the extent any response is required, Counterdefendants deny that Abhyanker is entitled

22   to judgment on any allegations or claims asserted in the SACC and further deny that Abhyanker

23   is entitled to any of the relief requested.

24                **ABHYANKER'S SUPPLEMENTAL STATEMENT**

25         All allegations in Abhyanker's Supplemental Statement [Dkt. No. 141], whether explicit

26   or implicit and including allegations contained in headings or introductory paragraphs, that

27   require an answer are denied to the extent that those allegations are not expressly and specifically

28

FENWICK & WEST LLP
ATTORNEYS AT LAW
SAN FRANCISCO

admitted herein.

## <u>SUPPLEMENTAL ALLEGATIONS</u>

1.      Counterdefendants admit that Nextdoor.com's trademark application for the NEXTDOOR mark would provide a priority date of at least as early as February 8, 2011, and that the Nextdoor.com website was publicly launched at least as early as October 26, 2011. Counterdefendants further admit that Abhyanker purports to attach a print out from the USPTO's website and Nextdoor.com's October 26, 2011 press release as exhibits, which speak for themselves.  Counterdefendants deny any remaining allegations in Paragraph 1.

2.      Counterdefendants deny that Abhyanker has priority in the NEXTDOOR mark and further deny any alleged infringement by the Counterdefendants.  Counterdefendants are without knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 2, and on that basis, deny them.

3.      Counterdefendants are without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 3, and on that basis, deny them.

4.      Counterdefendants are without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 4, and on that basis, deny them.

5.      Counterdefendants are without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 5, and on that basis, deny them.

6.      Counterdefendants deny that the documents purportedly related to the eDirectree website produced to them in this action are either source code or confirm the use of the Nextdoor name in database structures originating in 2008.  Counterdefendants are without knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 6, and on that basis, deny them.

7.      Counterdefendants deny that Exhibit D, as provided by Abhyanker, is "a true and correct copy of a printout from the eDirectree website, which shows how Mr. Abhyanker used his NEXTDOOR trademark years before Nextdoor.com . . . ."  Counterdefendants deny that Abhyanker has priority in the NEXTDOOR mark, and further deny any other allegations in Paragraph 7 relating to them.  Counterdefendants are without knowledge or information sufficient

FENWICK & WEST LLP
ATTORNEYS AT LAW
SAN FRANCISCO

1  to form a belief as to the truth of the remaining allegations in Paragraph 7, and on that basis, deny

2  them.

3         8.      Counterdefendants deny any allegations in Paragraph 8 relating to them.

4  Counterdefendants are without knowledge or information sufficient to form a belief as to the truth

5  of the remaining allegations in Paragraph 8, and on that basis, deny them.

6         9.      On July 19, 2013, the Court held that Abhyanker disclosed "nextdoor.com" in

7  patent applications [Dkt. No. 100]. Counterdefendants are without knowledge or information

8  sufficient to form a belief as to the truth of the remaining allegations in Paragraph 9, and on that

9  basis, deny them.

10        10.     Denied.

11  **AFFIRMATIVE DEFENSES**

12        Counterdefendants assert the following affirmative defenses without regard to whether

13  they are "affirmative" or defenses.

14  **FIRST AFFIRMATIVE DEFENSE**

15  **(Failure to State a Cause of Action)**

16        Abhyanker's claims fail to state facts sufficient to state a claim against Counterdefendants.

17  **SECOND AFFIRMATIVE DEFENSE**

18  **(Standing)**

19        Abhyanker's claims are barred, in whole or in part, by his lack of ownership of the

20  trademarks and the trade secrets asserted.

21  **THIRD AFFIRMATIVE DEFENSE**

22  **(Unclean Hands)**

23        Abhyanker's claims are barred, in whole or in part, by the doctrine of unclean hands

24  and/or *in pari delicto*, including without limitation because of Abhyanker's bad faith

25  misrepresentation of his ownership of the purported trademarks and trade secrets at issue here.

26  **FOURTH AFFIRMATIVE DEFENSE**

27  **(Waiver/Estoppel)**

28        Abhyanker's claims are barred, in whole or in part, by the doctrines of waiver and

FENWICK & WEST LLP
ATTORNEYS AT LAW
SAN FRANCISCO

estoppel, including without limitation because Abhyanker has previously pleaded that he does not

personally own any of the purported trade secrets or trademarks at issue here.

### FIFTH AFFIRMATIVE DEFENSE

### (Disclosure)

Abhyanker's claim for trade secret misappropriation is barred, in whole or in part, because

he disclosed the purported trade secrets without any conditions of confidentiality, including

without limitation to the general public through patent applications and to third parties.

### SIXTH AFFIRMATIVE DEFENSE

### (Alleged Trade Secrets Known or Readily Ascertainable)

Abhyanker's trade secret misappropriation claim is barred, in whole or in part, because

Abhyanker's purported trade secrets are known or readily ascertainable by the relevant industry

and/or by persons who could obtain economic value, if any, from their information and were in

the public domain.

### SEVENTH AFFIRMATIVE DEFENSE

### (No Improper Means)

Abhyanker's trade secret misappropriation claim is barred, in whole or in part, because

Counterdefendants did not obtain any purported trade secrets by improper means.

### EIGHTH AFFIRMATIVE DEFENSE

### (No Basis for Injunctive Relief)

Abhyanker's claims for injunctive relief are barred, in whole or in part, because

Abhyanker has failed to state facts sufficient to provide a legal or factual basis to award

injunctive relief against Counterdefendants.

### NINTH AFFIRMATIVE DEFENSE

### (Failure to Disclose)

Abhyanker's claim for trade secret misappropriation is barred, in whole or in part, because

he has failed to identify and describe any valid trade secrets with the particularity required by the

Uniform Trade Secrets Act, Cal. Civil Code § 3426, *et seq.*

FENWICK & WEST LLP
ATTORNEYS AT LAW
SAN FRANCISCO

1

**TENTH AFFIRMATIVE DEFENSE**

2

**(Acquiescence)**

3      Abhyanker's trademark claims are barred, in whole or in part, by the doctrine of

4   acquiescence, in particular due to Abhyanker's approval of Nextdoor.com's use of the

5   NEXTDOOR mark.

6

**ELEVENTH AFFIRMATIVE DEFENSE**

7

**(Non-Ownership of the Alleged Marks for the Purposes Asserted)**

8      Abhyanker's claims are barred, in whole or in part, because he does not own the alleged

9   trademarks for the purposes asserted.

10

**TWELFTH AFFIRMATIVE DEFENSE**

11

**(Abandonment)**

12      Abhyanker's claims for trademark infringement are barred, in whole or in part, by the

13   doctrine of trademark abandonment, because he ceased, without intent to resume, any plausible

14   use of the asserted trademarks.  *See* 15 USC § 1127.  Such cessation included a period of more

15   than three years of non-use.

16

**THIRTEENTH AFFIRMATIVE DEFENSE**

17

**(Trademark Priority)**

18      Abhyanker's claims for trademark infringement are barred, in whole or in part, because he

19   does not have priority in the NEXTDOOR mark over Nextdoor.com, including due to

20   Nextdoor.com's belief of Abhyanker's unlawful use of the NEXTDOOR mark.

21

**FOURTEENTH AFFIRMATIVE DEFENSE**

22

**(Insufficient Notice of Registration)**

23      Abhyanker's trademark infringement claims are barred, in whole or in part, by lack of

24   sufficient notice of their alleged trademark registrations, including Abhyanker's failure to

25   properly mark the alleged goods and/or services offered under his alleged registered marks with

26   the ® symbol.

27

28

FENWICK & WEST LLP
ATTORNEYS AT LAW
SAN FRANCISCO

1

**FIFTEENTH AFFIRMATIVE DEFENSE**

2

**(Descriptiveness and Lack of Secondary Meaning)**

3

Abhyanker's alleged FATDOOR and FATDOOR GET TO KNOW YOUR NEIGHBOR

4

trademark claims are barred, in whole or in part, because his alleged trademarks are descriptive

5

and lack secondary meaning.

6

**SIXTEENTH AFFIRMATIVE DEFENSE**

7

**(Non-Incontestability)**

8

Abhyanker's alleged registrations are not incontestable, subject to cancellation and,

9

among other things, 15 U.S.C. §§ 1064 and 1141.

10

**SEVENTEENTH AFFIRMATIVE DEFENSE**

11

**(Naked License)**

12

Abhyanker's claims for trademark infringement are barred, in whole or in part, by the

13

doctrine of naked licensing based, in whole or in part, on his purported license to Fatdoor, Inc.

14

**RESERVATION OF RIGHT TO ASSERT ADDITIONAL DEFENSES**

15

Counterdefendants reserve the right to assert additional affirmative defenses in the event

16

that clarification of Abhyanker's claims or allegations, discovery, or investigation reveals the

17

appropriateness of such defenses.

18

Dated:   January 9, 2014               FENWICK & WEST LLP

19

20

By: */s/ Jennifer L. Kelly*
      Jennifer L. Kelly

21

Attorneys for Plaintiff and Counterdefendant

22

NEXTDOOR.COM, INC. and Counterdefendant
PRAKASH JANAKIRAMAN

23

24

25

26

27

28

FENWICK & WEST LLP
ATTORNEYS AT LAW
SAN FRANCISCO

1

## **DEMAND FOR A JURY TRIAL**

2          Counterdefendants hereby demand a jury trial on all issues so triable.

3    Dated:    January 9, 2014          FENWICK & WEST LLP

4

                                        By: */s/ Jennifer L. Kelly*
5                                           Jennifer L. Kelly

6                                       Attorneys for Plaintiff and Counterdefendant
                                        NEXTDOOR.COM, INC. and Counterdefendant
7                                       PRAKASH JANAKIRAMAN

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

FENWICK & WEST LLP
ATTORNEYS AT LAW
SAN FRANCISCO