1  LAURENCE F. PULGRAM (CSB No. 115163)
   lpulgram@fenwick.com
2  JENNIFER L. KELLY (CSB No. 193416)
   jkelly@fenwick.com
3  ERIC J. BALL (CSB No. 241327)
   eball@fenwick.com
4  MATTHEW B. BECKER (CSB No. 291865)
   mbecker@fenwick.com
5  FENWICK & WEST LLP
   555 California Street
6  San Francisco, CA  94104
   Telephone:415.875.2300
7  Facsimile: 415.281.1350

8  Attorneys for Plaintiff and Counterdefendant
   NEXTDOOR.COM, INC. and Counterdefendant
9  PRAKASH JANAKIRAMAN

10              UNITED STATES DISTRICT COURT

11             NORTHERN DISTRICT OF CALIFORNIA

12                SAN FRANCISCO DIVISION

13  NEXTDOOR.COM, INC., a Delaware            CASE NO. 3:12-cv-05667-EMC
    corporation,
14                                             **JOINT STATUS REPORT**
                    Plaintiff,
15                                             Date:   February 20, 2014
           v.                                  Time:   1:30 p.m.
16                                             Judge:  Honorable Edward M. Chen
    RAJ ABHYANKER, an individual,
17
                    Defendant.
18

19  RAJ ABHYANKER, an individual,

20                  Counterclaimant,

21         v.

22  NEXTDOOR.COM, INC., a Delaware
    corporation; PRAKASH JANAKIRAMAN, an
23  individual; BENCHMARK CAPITAL
    PARTNERS, L.P., a Delaware limited
24  partnership; BENCHMARK CAPITAL
    MANAGEMENT CO. LLC, a Delaware limited
25  liability company; SANDEEP SOOD, an
    individual; MONSOON ENTERPRISES, INC., a
26  California corporation, and DOES 1-50,
    inclusive,
27
                    Counterdefendants.
28

FENWICK & WEST LLP
ATTORNEYS AT LAW
SAN FRANCISCO

JOINT STATUS REPORT                                    CASE NO. 3:12-cv-05667-EMC

Pursuant to the Court's Minute Order following the December 12, 2013 Case Management Conference (Dkt. No. 137), the undersigned parties respectfully submit the following Joint Status Report to apprise the Court of developments since the prior CMC.

**1.**      **Facts**

For the Court's convenience, this section not only includes recent developments but includes a truncated version of the background of the case.

**Plaintiff and Counterdefendants' Statement of Facts.** Plaintiff Nextdoor.com brought this action to settle its ownership interest in and right to use the name NEXTDOOR.COM, and to recover for Defendant Abhyanker's infringement and cybersquatting in using that name and the domain www.nextdoor.cm.

In response, Defendant Abhyanker alleged that he founded a company called Fatdoor, Inc. ("Fatdoor") in late 2006 to pursue a neighborhood-based social networking business. Fatdoor operated a beta-website for this business at www.fatdoor.com for a short period of time before shutting down and eventually being acquired by Google Inc. (after changing its name and business model multiple times). Abhyanker further alleges that in relation to this Fatdoor business, Abhyanker applied for trademarks for FATDOOR and FATDOOR GET TO KNOW YOUR NEIGHBORS. Abhyanker allegedly made attempts to obtain the domain name www.nextdoor.com in 2006 but was unable to do so. Fatdoor never launched any website using the name Nextdoor, and, to Plaintiffs' and Counterdefendants' knowledge, made no public use of the Nextdoor name in connection with any goods or services until 2012, well after Plaintiff and Counterdefendant Nextdoor.com commenced using the NEXTDOOR mark in connection with its business.

Indeed, Nextdoor.com, along with its co-founder Counterdefendant Prakash Janakiraman ("Janakiraman"), independently developed the concept for an online social network designed to help neighbors connect in 2010. This network was developed based on entirely original software code written by Nextdoor.com's engineers. In January 2011, the company obtained the domain www.nextdoor.com to use for its website, and in February 2011, Nextdoor.com applied for a trademark in the NEXTDOOR mark. In October 2011, Nextdoor.com publicly launched its

FENWICK & WEST LLP
ATTORNEYS AT LAW
SAN FRANCISCO

website and social network bearing that name.  Nextdoor.com and Janakiraman had no knowledge of Abhyanker's alleged previous plans for a social network to be called Nextdoor or his previous attempts to obtain the www.nextdoor.com domain.

In his Second Amended Counterclaim (Dkt. No. 132, Ex. A "SAC"), Abhyanker alleges that he, independently of his company Fatdoor, developed and owns two neighborhood-based social networking concepts to be called LegalForce and Nextdoor.  Abhyanker claims that his LegalForce/Nextdoor concepts are entirely "separate and distinct," SAC ¶ 127, from the Fatdoor concept, which he now recasts as a "wiki based commenting tool," *id.* ¶ 114 (although he contradictorily claimed in his state court action in Santa Clara Superior Court, Case No. 11-cv-212924, that Fatdoor embodied this social networking concept that he now calls LegalForce/Nextdoor).  Abhyanker alleges that he developed and disclosed trade secrets related to the LegalForce/Nextdoor concept[s] to Counterdefendant Sandeep Sood while Sood was a contractor working for him in 2006 and 2007, or to Counterdefendants Benchmark Capital Partners, L.P. and Benchmark Capital Management Co. LLC (collectively, "Benchmark") in 2007 in an effort to obtain funding for Fatdoor.  Abhyanker contends that either or both Sood and Benchmark then wrongfully disclosed those trade secrets to Nextdoor.com and Janakiraman, and that Nextdoor.com wrongfully used those secrets in developing its business three years later.  The alleged trade secrets that Abhyanker has disclosed in this action, pursuant to Court Order that he provide "additional detail regarding the trade secrets" he alleges Counterdefendants misappropriated and "how each secret was allegedly misappropriated" by Counterdefendants, (Dkt. No. 100, at 10), consist of the following: (i) "the bidding history of the Nextdoor.com domain" and (ii) "identification of the Lorelei neighborhood in Menlo Park, California as the ideal first neighborhood to use to test and launch a neighborhood social network."  (Second Am. Trade Designation of Trade Secrets, Dkt. No. 135, at 2.)  Counterdefendants deny that the trade secret disclosure sufficiently identifies the alleged trade secrets pursuant to Court Order, that the identified items constitute trade secrets, or that Counterdefendants wrongfully disclosed, used, or acquired the alleged trade secrets.

///

FENWICK & WEST LLP
ATTORNEYS AT LAW
SAN FRANCISCO

1    Lacking any sound basis for his trade secret misappropriation claim, Abhyanker once

2    again changed strategies with his SAC, adding a claim for trademark infringement based on his

3    alleged prior rights in an unregistered NEXTDOOR mark.  Ironically, although Abhyanker

4    initially claimed that the name NEXTDOOR.COM itself qualifies for trade secret status because

5    it was not publicly known, he now hopes to allege that he used that secret name widely in

6    commerce so as to achieve priority for trademark purposes.  But Abhyanker's SAC did not set

7    forth facts plausibly indicating that he used the NEXTDOOR mark in commerce *prior to*

8    Nextdoor.com's use of the mark commencing in 2011.  Thus, on December 12, 2013, this Court

9    ordered Abhyanker to "file a supplemental statement to his Counterclaims identifying *prior*

10   commercial use and attaching documentary exhibits."  (Dkt.  No. 137 (emphasis added)).

11    Facing this direct order, Abhyanker attached six exhibits (A-F) to his Supplemental

12   Statement Regarding Prior Trademark Use.  *See* Dkt. No. 141 ("Supplemental Statement").

13   These exhibits were supposed to be his best documentary support for his alleged prior use in

14   commerce of the NEXTDOOR mark.  Yet none of these exhibits supports a plausible claim of

15   prior use in commerce.  Rather, Exhibits A and B relate to *Nextdoor.com's* use of the

16   NEXTDOOR mark.  Exhibits D, E and F show use of the NEXTDOOR mark in 2012 *after*

17   Nextdoor.com's adoption and use of the mark commencing in 2011.  And Exhibit C is an alleged

18   mockup of a potential future service; not an example of a mark used in commerce in connection

19   with an existing service.

20    Abhyanker's Supplemental Statement further alleges that the document attached as

21   Exhibit D reflected his use in commerce of the NEXTDOOR mark "years before Nextdoor.com"

22   and that the "source code" for the website purportedly shown in Exhibit D "confirms the use of

23   the Nextdoor name in database structures originating in 2008."  *See* Dkt. No. 141 at ¶ 6-7.  These

24   allegations are patently false.  Exhibit D was, both on its face, and as admitted in meet and confer

25   communications, actually created in 2012 or later, not 2008.  And there is no evidence of use of

26   the NEXTDOOR name in any purported "database structures" for the website shown in

27   Exhibit D.

28   ///

FENWICK & WEST LLP
ATTORNEYS AT LAW
SAN FRANCISCO

On January 7, 2014 Nextdoor.com sent Abhyanker another Rule 11 letter demanding that he correct or withdraw these false allegations (among others). In response to the Rule 11 letter, on January 30, 2014, Abhyanker filed an "Errata to Supplemental Statement" that purported to amend his Supplemental Statement (Dkt. No. 153) in certain respects.[1] Specifically, he modified his allegation regarding the purported source code and database structures relating to Exhibit D to remove any claim that they show use of the NEXTDOOR mark in 2008 or at any time before Nextdoor.com's use of the NEXTDOOR mark. Abhyanker, however, maintains his grossly misleading allegation that Exhibit D, a document created in 2012 or later, reflects his use in commerce of the NEXTDOOR mark prior to Nextdoor.com's use commencing in 2011.

Abhyanker's "Errata," in response to the Rule 11 letter, also removed his allegation that each of his Exhibit C mockups of potential websites were later made public. Instead, he now alleges that only "some of" the Exhibit C mockups were later made public. *Id*. at ¶ 9. Abhyanker alleges no facts about how these mockups were made public, or when, leaving no basis upon which to infer any prior use.

**Defendant and Counterclaimant Abhyanker's Statement of Facts.** Nextdoor.com, Benchmark, and the individuals associated with them have a pattern and practice of building companies based on stolen information. This case is one example of their common pattern and practice. Around September 2006, Abhyanker developed the concept of a private online neighborhood social network for inventors to be called LegalForce, and a separate spin off idea using the same code base called Nextdoor. In connection with his LegalForce and Nextdoor concept, Abhyanker developed and owned trade secret information, which is described in Abhyanker's counterclaim. Abhyanker disclosed the trade secrets to Counterdefendants Sandeep Sood, Monsoon Enterprises, and the Benchmark entities under obligations of confidentiality. Despite their obligations of confidentiality, Sandeep Sood, Monsoon, and Benchmark disclosed

---

[1] This is now the second time Abhyanker has materially altered his allegations in response to a Rule 11 letter from Nextdoor.com. As discussed in the parties' Third Supplemental Joint Case Management Statement, in response to a previous Rule 11 letter, Abhyanker removed any allegation regarding misappropriation of his purported source code trade secret. *See* Dkt. No. 131.

1   the trade secrets to Nextdoor.com and Prakash Janakiraman.  Despite knowing that the trade
2   secret information was improperly acquired (and encouraging the improper disclosure),
3   Nextdoor.com and Janakiraman publicly launched the www.nextdoor.com online neighborhood
4   social network that uses and was built on the trade secrets misappropriated from Abhyanker.

5          In addition to Counterdefendants' trade secret misappropriation, Mr. Abhyanker has prior
6   trademark rights in the NEXTDOOR and FATDOOR trademarks.  Nextdoor.com's unauthorized
7   subsequent use of the NEXTDOOR trademark infringes Mr. Abhyanker's trademark rights.

8   **2.      Pending and Anticipated Motions**

9          Nextdoor.com and Janakiraman's motion for summary judgment and/or Rule 41(b) relief
10  regarding Abhyanker's trade secret misappropriation claim is currently pending and set for
11  hearing on February 20, 2014.   As explained in Nextdoor.com and Janakiraman's motion:
12  (i) Abhyanker's two remaining identified trade secrets (bidding for the domain name and
13  selection/use of the Lorelei neighborhood) cannot qualify as secrets under governing law; and
14  (ii) Abhyanker has failed comply with multiple Court orders requiring him to identify his alleged
15  trade secrets with particularity.  Counterdefendants Sandeep Sood and Monsoon Enterprises, Inc.
16  joined Nextdoor.com and Janakiraman's motion for summary judgment.  Mr. Abhyanker has
17  opposed the motion.  As explained in Mr. Abhyanker's opposition: (i) his two trade secrets do
18  qualify as trade secrets because they were not generally known, had independent economic value,
19  and were the subject of reasonable efforts to maintain their secrecy; (ii) Nextdoor.com failed to
20  submit any declarations refuting Mr. Abhyanker's allegations of misappropriation or otherwise
21  explaining how the trade secrets were allegedly obtained through proper means; (iii) summary
22  judgment is inappropriate because Mr. Abhyanker has not been permitted to conduct any
23  discovery on his trade secret claim; (iv) Mr. Abhyanker's trade secret designation is more than
24  sufficiently particular to allow the Court and the parties to determine the appropriate scope of
25  discovery; and (v) at a minimum, there are disputed issues of fact that preclude summary
26  judgment.

27         Benchmark's motion to dismiss under Federal Rule of Civil Procedure 12(b)(6) is also
28  currently pending and set for hearing on February 20, 2014, and likewise addresses the

FENWICK & WEST LLP
ATTORNEYS AT LAW
SAN FRANCISCO

deficiencies in Abhyanker's trade secret misappropriation claim. Benchmark argues that Abhyanker's SAC should be dismissed with prejudice because (i) Abhyanker has failed to plead facts that establish that either the bidding history or the identification of the Lorelei neighborhood is a trade secret, as both were publicly disclosed at the time of the purported misconduct and lack independent economic value; (ii) Abhyanker has failed to plead that he took reasonable steps to protect the alleged trade secrets when he allegedly disclosed them to Benchmark; or that Benchmark breached any cognizable duty of nondisclosure with respect to these items; and (iii) Abhyanker's allegations in the SAC (even if true) do not establish a plausible claim for trade secret misappropriation. *See* Dkt. No. 145. Mr. Abhyanker has opposed the motion. As explained in Mr. Abhyanker's opposition: (i) Mr. Abhyanker pled facts sufficient to show that his two trade secrets do qualify as trade secrets because they were not generally known, had independent economic value, and were the subject of reasonable efforts to maintain their secrecy; (ii) Mr. Abhyanker disclosed his trade secrets to Benchmark only after Benchmark agreed to maintain the secrecy of Mr. Abhyanker's trade secrets and other confidential information; (iii) Benchmark's promise is not subject to the statute of frauds; and (iv) Mr. Abhyanker's pleadings satisfy the requirements set forth by the Supreme Court.

Beyond the pending motions, Nextdoor.com anticipates filing a motion for judgment on the pleadings and for Rule 11 sanctions directed at Abhyanker's trademark claims based on the NEXTDOOR mark and his continued false and frivolous claims to priority in that mark.

Nextdoor.com also anticipates filing a motion for summary judgment on its affirmative claims and any remaining trademark counterclaims—including that Nextdoor.com has infringed any rights held by Abhyanker in his purported Fatdoor marks, namely, FATDOOR and FATDOOR GET TO KNOW YOUR NEIGHBORS. Such motion would be based, *inter alia*, on the facts that: (i) Abhyanker does not own the Fatdoor marks and has no standing to pursue any claims based on them; (ii) the NEXTDOOR mark is not confusingly similar to the Fatdoor marks; and (iii) Abhyanker engaged in cybersquatting in registering and using the www.nextdoor.cm domain long after Nextdoor.com adopted and commenced using the NEXTDOOR mark in commerce.

Defendant and Counterclaimant Abhyanker anticipates filing one or more motions for summary judgment directed at Nextdoor.com's claims and/or Abhyanker's counterclaims.

**3. Discovery**

**Discovery Served by Nextdoor.com:** At the December 12, 2013 Case Management Conference, the Court addressed the dispute between Nextdoor.com and Abhyanker relating to Nextdoor.com's discovery requests which were outlined in the parties' December 5, 2013 Case Management Conference Statement (Dkt. No. 131). Among other things, the Court directed counsel for Nextdoor.com to provide counsel for Abhyanker with a list of factual representations made by Abhyanker's counsel in various meet and confer letters, which Nextdoor.com wanted Abhyanker to include in verified responses to Nextdoor.com's interrogatories. On December 20, 2013, Nextdoor.com's counsel provided a list of items responsive to those interrogatories and directly relevant to the claims on which discovery is currently open. Because Abhyanker refuses to provide that information on the ground of relevancy, this dispute remains unresolved. Thus, the parties are currently preparing a joint discovery letter to the Court to address their disagreement on this issue in greater detail.

In addition, and as relevant to the issue of ownership of the FATDOOR mark and purported interests in NEXTDOOR.COM, Nextdoor.com has requested that Abhyanker provide documentation reflecting his standing, including documentation identifying what assets of the former Fatdoor, Inc. (later renamed Center'd Corporation) were acquired by Google Inc. Despite his representation that he has obtained historical records of Fatdoor/Center'd, Abhyanker has still failed to provide this basic document critical to his claim that he acquired Fatdoor/Center'd's trademarks and rights to sue on them. This issue is also being prepared for presentation to the Court by letter.

**Discovery Served by Abhyanker**: On November 14, 2013, Mr. Abhyanker served requests for documents and admissions on Counterdefendants Sandeep Sood, Monsoon, and Benchmark relating to his trade secret misappropriation claim. Counterdefendants Sood and Monsoon have not substantively responded to Abhyanker's requests since the Court deemed "[d]iscovery on trade secrets . . . deferred until dispositive motions are resolved." (Dkt. No. 137.) For the same

FENWICK & WEST LLP
ATTORNEYS AT LAW
SAN FRANCISCO

1    reason, among others, Benchmark objected to the requests on December 19, 2013.

2         On January 6, 2014, Abhyanker served Nextdoor.com with his first set of interrogatories

3    and first set of requests for production of documents.  Nextdoor.com served its objections and

4    responses, including its initial document production, on February 10, 2014.

5

6    Dated:   February 13, 2014              FENWICK & WEST LLP

7                                           By:  /s/Jennifer L. Kelly
                                                 Jennifer L. Kelly
8
                                           Attorneys for Plaintiff and Counterdefendant
9                                          NEXTDOOR.COM, INC. and Counterdefendant
                                           PRAKASH JANAKIRAMAN
10

11                                         LATHAM & WATKINS LLP

12
                                           By:  /s/Matthew Rawlinson
13                                               Matthew Rawlinson

14                                         Attorneys for Counterdefendants BENCHMARK
                                           CAPITAL PARTNERS, L.P. and BENCHMARK
15                                         CAPITAL MANAGEMENT CO. LLC.

16                                         LEGALFORCE RAJ ABHYANKER, P.C.

17
                                           By:  /s/Bruno W. Tarabichi
18                                               Bruno W. Tarabichi

19                                             Attorneys for Defendant and Counterclaimant
                                               RAJ ABHYANKER
20

21                                         ROYSE LAW FIRM, PC

22
                                           By:  /s/Harpreet S. Walia
23                                               Harpreet S. Walia

24                                             Attorneys for Counterdefendants SANDEEP
                                               SOOD and MONSOON ENTERPRISES, INC.
25

26

27

28

FENWICK & WEST LLP
ATTORNEYS AT LAW
SAN FRANCISCO

**ATTESTATION PURSUANT TO CIVIL LOCAL RULE 5-1**

       I, Jennifer L. Kelly, am the ECF User whose identification and password are being used to file this **Joint Status Report.**  In compliance with Civil Local Rule 5-1, I hereby attest that all signatories have concurred in this filing.

Dated:    February 13, 2014               */s/Jennifer L. Kelly*
                                          Jennifer L. Kelly

Fenwick & West LLP
Attorneys at Law
San Francisco