Harpreet S. Walia, Esq. (SBN 176136)
Lisa M. Chapman, Esq.  (SBN 118113)
ROYSE LAW FIRM, PC
1717 Embarcadero Road
Palo Alto, California   94303
Telephone:   (650) 813-9700
Facsimile:    (650) 813-9777
E-Mail:  hwalia@rroyselaw.com
         lchapman@rroyselaw.com

Attorneys for Counterdefendants SANDEEP SOOD and
MONSOON ENTERPRISES, INC. a California corporation

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| NEXTDOOR.COM, INC., a Delaware corporation,<br><br>               Plaintiff,<br><br>       v.<br><br>RAJ ABHYANKER, an individual,<br><br>               Defendant. | Case No.: 3:12-cv-05667-EMC<br><br>**COUNTERDEFENDANTS SANDEEP SOOD AND MONSOON ENTERPRISES, INC.'S MOTION IN OPPOSITION TO DEFENDANT AND COUNTERCLAIMANT RAJ ABHYANKER'S SUPPLEMENTAL BRIEF ATTACHING SOOD CONFIDENTIALITY AGREEMENT** |
| RAJ ABHYANKER, an individual,<br><br>               Counterclaimant,<br><br>       v.<br><br>NEXTDOOR.COM, INC., a Delaware corporation; PRAKASH JANAKIRAMAN, an individual; BENCHMARK CAPITAL PARTNERS, L.P., a Delaware limited partnership; BENCHMARK CAPITAL MANAGEMENT CO. LLC, a Delaware limited liability company; SANDEEP SOOD, an individual; MONSOON ENTERPRISES, INC., a California corporation, and DOES 1-50, inclusive,<br><br>               Counterdefendants. | Judge:     Honorable Edward M. Chen |

{00033684;6}                                                                                     Case No.: 3:12-cv-05667-EMC

COUNTERDEFENDANTS SANDEEP SOOD AND MONSOON ENTERPRISES, INC.'S MOTION IN OPPOSITION TO DEFENDANT AND COUNTERCLAIMANT RAJ ABHYANKER'S SUPPLEMENTAL BRIEF ATTACHING SOOD CONFIDENTIALITY AGREEMENT

**COUNTERDEFENDANTS SANDEEP SOOD AND MONSOON ENTERPRISES, INC.'S MOTION IN OPPOSITION TO DEFENDANT AND COUNTERCLAIMANT RAJ ABHYANKER'S SUPPLEMENTAL BRIEF ATTACHING SOOD CONFIDENTIALITY AGREEMENT**

Counterdefendants SANDEEP SOOD ("Sood") and MONSOON ENTERPRISES, INC. ("Monsoon") hereby submit this Motion in Opposition to Defendant and Counterclaimant Raj Abhyanker's Supplemental Brief Attaching Sood Confidentiality Agreement.

### A. Sood Never Signed the Confidentiality Documents Abhyanker Offers this Court, the Authenticity of which Abhyanker Misstates the Record to Exaggerate.

Raj Abhyanker ("Abhyanker") has presented an Independent Contractor Agreement and a Non-Disclosure Agreement to this Court, both of which he claims Sood electronically signed. Def. Countercl. Abhyanker's Supplemental Brief Attaching Sood Confidentiality Agreement, Dkt. No. 165-1, Exh. A ("Supplemental Brief"). Sood explicitly disputes any assertion that he placed his signature on either document, both of which purport to bear electronic signatures. Declaration of Sandeep Sood, March 6, 2014, at 1 ("Sood Decl."). Sood never authorized another party to type his name as an electronic signature to either such document. *Id.*

Abhyanker attempts to mislead this Court when he states, "I asked Mr. Sandeep Sood if he was aware that he was subject to a written confidentiality and a written non-disclosure agreement with me to which he responded 'Correct.'" Supplemental Brief at 1:27-2:1. Abhyanker's unlawful audio recording of a conversation with Sood demonstrates that Abhyanker actually said, "Anyway, so you know you were under a confidentiality agreement with me and my LegalForce Inc, not FatDoor Inc, because this is before that and you had signed an NDA and confidentiality agreements five years in effect. ***So I trust you didn't say anything to [Prakash Janakiraman], is that right?***" *Id.* at 15 (emphasis added). In other words, Abhyanker asked Sood is to confirm Sood did not disclose allegedly sensitive information to Janakiraman, to which Sood ostensibly replied, "[c]orrect." Sood Decl. at 1; *see* Supplemental Brief at 15–16. Abhyanker never "asked Mr. Sandeep Sood if he was aware that he was subject to" the above documents, as Abhyanker now claims. *Id.* at 1:27–2:1, Exh. C. In selectively quoting his own unlawful audio recording, Abhyanker seeks to manipulate the record and confuse this Court.

**B. There Is No Genuine Dispute of Material Fact because Even If the Agreements Were Authentic, the Non-Disclosure Agreement by Its Terms Does Not Apply Because It Was Never Incorporated into the Independent Contractor Agreement and the Independent Contractor Agreement Pertains to Website Development Work for LegalForce Inc., Not to FatDoor Inc.**

Summary judgment is appropriate when "the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." FED. R. CIV. P. 56(a). An issue is "genuine" only when the evidence allows a reasonable trier of fact to return a verdict for the nonmoving party. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 251 (1986). Here, there is no genuine dispute of material fact because the Non-Disclosure Agreement by its terms is inapplicable and the Independent Contractor Agreement pertains to LegalForce Inc. ("LegalForce"), not FatDoor Inc. ("FatDoor"), and is thus completely unrelated to the alleged Lorelei "trade secret."

**1. The Non-Disclosure Agreement By Its Terms Does Not Apply Because It Was Never Incorporated Into the Independent Contractor Agreement.**

The Non-Disclosure Agreement serves "a) to evaluate whether to enter into a contemplated business transaction; and b) if the Parties enter into an agreement related to such business transaction, to fulfill each party's confidentiality obligations to the extent the terms set forth below are incorporated therein". Supplemental Brief at 8. Abhyanker claims that the Independent Contractor Agreement governs a business relationship between himself and Sood. Abhyanker Declaration, Feb. 27, 2014, at 1:20–22 ("Abhyanker Decl."). Even if the Non-Disclosure Agreement were authentic, it was never explicitly incorporated into the Independent Contractor Agreement and is thus inapplicable.

**2. The Independent Contractor Agreement Pertains to Website Development Work for LegalForce, Not to FatDoor.**

Abhyanker has provided this Court with a transcript of an unlawful audio recording in which Abhyanker states Sood was party to "a confidentiality agreement *with me and my LegalForce Inc, not FatDoor Inc, because this is before that*". Supplemental Brief at 15. Abhyanker discusses the alleged Lorelei trade secret repeatedly in his briefs, and repeatedly attributes the alleged trade secret to FatDoor and not to LegalForce. First, Abhyanker states that "after identifying the Lorelei neighborhood, Mr. Abhyanker and FatDoor engaged in even further efforts to transform the Lorelei

{00033684;6} -2- Case No.: 3:12-cv-05667-EMC

COUNTERDEFENDANTS SANDEEP SOOD AND MONSOON ENTERPRISES, INC.'S MOTION IN OPPOSITION TO DEFENDANT AND COUNTERCLAIMANT RAJ ABHYANKER'S SUPPLEMENTAL BRIEF ATTACHING SOOD CONFIDENTIALITY AGREEMENT

neighborhood into the ideal neighborhood to test neighborhood social network [sic]" Opp'n to Summ. J., Dkt. No. 150 at 11:2–4. Second, Abhyanker states that the alleged Lorelei trade secret resulted from "the prior effort of Mr. Abhyanker and Fatdoor." *Id.* at 14:7–8. Third, Abhyanker states that "Lorelei was carefully and confidentially maintained as a secret . . . for the best neighborhood to start the Nextdoor/Fatdoor social network." Abhyanker Decl. at 5:15–18. In none of these examples does Abhyanker attribute the alleged Lorelei trade secret to LegalForce. Because Abhyanker admits that the purported confidentiality agreements only extend to LegalForce and occurred "before" FatDoor, the LegalForce-related purported confidentiality agreements do not encompass the FatDoor-related alleged trade secret. *See* Supplemental Brief at 15. The purported confidentiality agreements are thus irrelevant to the alleged Lorelei trade secret and do not create a "genuine" dispute.[1]

### C. No Evidence Obtained as a Result of Recording a Confidential Communication in Violation of California Penal Code Section 632 Is Admissible in this Proceeding.

Abhyanker unlawfully obtained the audio recording to which Exhibit C of the Supplemental Brief pertains, as briefed in Counterdefendants' Objections to Evidence Offered in Raj Abhyanker's Supplemental Brief Attaching Sood Confidentiality Agreement at 1:20–2:16.[2] This Court should not accept Abhyanker's secret audio recordings or purported transcripts thereof into evidence.

Dated: March 6, 2014                ROYSE LAW FIRM, PC


                                    By: /s/ Harpreet S. Walia
                                        Harpreet S. Walia
                                        Attorney for Counterdefendants
                                        SANDEEP SOOD and
                                        MONSOON ENTERPRISES, INC.

---

[1] Further, it is not plausible that Abhyanker both guarded the Lorelei "trade secret" and disclosed it to Sood for no reason in the context of LegalForce, a completely unrelated project.

[2] Secret audio recordings appear standard practice for Abhyanker, who also presented transcripts of recordings with one Nirav Tolia. *See* Abhyanker Decl. at 16, 52-70. That transcript and Abhyanker's explanation thereof drew objections as a "grossly mischaracterized" interpretation of a "confidential" settlement communication. Declaration of Jennifer L. Kelly ISO Reply ISO Mot. for Summ. J., Dkt. No. 155-5, ¶¶ 2-16 & Exs. A-J; Obj. to Evid. Offered in Abhyanker's Opp'n, Dkt. No. 155-33 at 4.