Harpreet S. Walia, Esq. (SBN 176136)
Lisa M. Chapman, Esq.  (SBN 118113)
ROYSE LAW FIRM, PC
1717 Embarcadero Road
Palo Alto, California   94303
Telephone:   (650) 813-9700
Facsimile:    (650) 813-9777
E-Mail:  hwalia@rroyselaw.com
           lchapman@rroyselaw.com

Attorneys for Counterdefendants SANDEEP SOOD and
MONSOON ENTERPRISES, INC. a California corporation

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| NEXTDOOR.COM, INC., a Delaware corporation,<br><br>            Plaintiff,<br><br>    v.<br><br>RAJ ABHYANKER, an individual,<br><br>            Defendant. | Case No.: 3:12-cv-05667-EMC<br><br>**OBJECTIONS TO EVIDENCE OFFERED IN RAJ ABHYANKER'S SUPPLEMENTAL BRIEF ATTACHING SOOD CONFIDENTIALITY AGREEMENT** |
| RAJ ABHYANKER, an individual,<br><br>            Counterclaimant,<br><br>    v.<br><br>NEXTDOOR.COM, INC., a Delaware corporation; PRAKASH JANAKIRAMAN, an individual; BENCHMARK CAPITAL PARTNERS, L.P., a Delaware limited partnership; BENCHMARK CAPITAL MANAGEMENT CO. LLC, a Delaware limited liability company; SANDEEP SOOD, an individual; MONSOON ENTERPRISES, INC., a California corporation, and DOES 1-50, inclusive,<br><br>            Counterdefendants. | Judge:     Honorable Edward M. Chen |

Plaintiff and Counterdefendant Sandeep Sood ("Sood") and Monsoon Enterprises, Inc. ("Monsoon") hereby object to certain evidence offered by Defendant and Counterclaimant Raj Abhyanker ("Abhyanker") in support of his Supplemental Brief Attaching Sood Confidentiality Agreement, Dkt. No. 165-1 (the "Supplemental Brief"); specifically certain portions of Abhyanker's declaration in which he references a secret audio recording of a conversation between Sood and Abhyanker, and a purported transcript of such audio recording, on the following grounds:

| Abhyanker Declaration Page | Grounds for Objection |
|---|---|
| 1:22–24 | **Inadmissible Legal Conclusion. Fed. R. Evid. 701.** Abhyanker states that he "provided Sandeep Sood notice that I would be recording the conversation right at the beginning of the phone call when I specifically say that I would 'record everything' during the phone call." Supplemental Brief at 1:22–24. In addition to grossly misstating his own unlawful audio recording, whether Abhyanker provided adequate notice is a question of law and Abhyanker's mere assertion that his vague use of the word "record" satisfied the legal standard, with no law whatsoever presented in his accompanying Supplemental Brief, is insufficient to substantiate that the audio recording to which he refers was created in conformity with applicable law. |
| Exh. C [Audio Recording Transcript] | **Fruit of the Poisonous Tree.** The audio recording was obtained unlawfully. Under California law, it is a crime to secretly record a private conversation without the consent of all parties thereto. CAL. PENAL CODE § 632. For consent to be given, the recording party must first inform all other parties "that the conversation is being recorded." *Kearney v. Salomon Smith Barney, Inc.*, 39 Cal. 4th 95, 117 (2006) (footnote omitted). Such disclosure is sufficient if the non-recording party no longer has a "reasonable expectation" that the call is not being recorded. *Id.* at 127. |

Here Abhyanker stated "I just wanted to take some time out to just talk to you today and *really* record everything *that happened*". Supplemental Brief Exh. C (emphasis added). Such language is not synonymous with a disclosure that the conversation itself is being audio recorded. Abhyanker has offered no legal authority demonstrating that his language was sufficient to cause Sood to believe their call was not private, thus the conversation was recorded in violation of Penal Code section 632. Abhyanker grossly misleads this Court in claiming "I provided Sandeep Sood notice that I would 'record everything' *during the phone call*". *Id.* at 1:22–23 (emphasis added).

"Except as proof in an action or prosecution for violation of this section, no evidence obtained as a result of eavesdropping upon or recording a confidential communication in violation of this section shall be admissible in any judicial, administrative, legislative, or other proceeding." CAL. PENAL CODE § 632(d). Thus, the unlawful audio recording, like Abhyanker's other secret audio recordings, is inadmissible in these proceedings. *See* Dkt. No. 155-33 at 4 (discussing a recorded conversation between Abhyanker and Nextdoor.com's CEO, Nirav Tolia, to which Nextdoor.com has objected on the basis that the recording was unlawful). This Court should reject Abhyanker's repeated attempts to admit secret and illegal audio recordings, or transcripts thereof, into evidence.

**Irrelevant. Fed. R. Evid. 401, 402.** Sood's communications with Abhyanker (which are grossly mischaracterized) discuss purported confidentiality agreements pertaining to, in Abhyanker's words, "a confidentiality agreement *with me and my LegalForce Inc, not FatDoor Inc, because this is before that*". Supplemental Brief at 15 (emphasis added). For the reasons discussed in Counterdefendants' Motion in Opposition to the Supplemental Brief, such agreements are irrelevant to the alleged Lorelei "trade secrets."

Dated:   March 6, 2014               ROYSE LAW FIRM, PC


                                     By: /s/ Harpreet S. Walia
                                         Harpreet S. Walia
                                         Attorney for Counterdefendants
                                         SANDEEP SOOD and
                                         MONSOON ENTERPRISES, INC.