1   **BRUNO W. TARABICHI**, CA State Bar No. 215129
    bruno@legalforcelaw.com
2   **HEATHER R. NORTON,** CA State Bar No. 257014
    heather@legalforcelaw.com
3   **ROY MONTGOMERY**, CA State Bar No. 279531
    roy@legalforcelaw.com
4   **SCOTT J. ALLEN,** CA State Bar No. 178925
    scott@legalforcelaw.com
5   **LEGALFORCE RAJ ABHYANKER, P.C.**
    1580 W. El Camino Real, Suite 13
6   Mountain View, California 94040
    Telephone:  650.965.8731
7   Facsimile:   650.989.2131

8

9   Attorneys for Defendant and Counterclaimant
    Raj Abhyanker

10                    UNITED STATES DISTRICT COURT

11                   NORTHERN DISTRICT OF CALIFORNIA

12                     SAN FRANCISCO DIVISION

13   NEXTDOOR.COM, INC., a Delaware           Case No. 3:12-cv-05667-EMC
     corporation,
14
                    Plaintiff,
15                                             **DECLARATION OF SCOTT J. ALLEN**
           vs.
16
     RAJ ABHYANKER, an individual,
17
                    Defendant.
18
     RAJ ABHYANKER, an individual,
19
                    Counterclaimant,
20
           vs.
21
     NEXTDOOR.COM, INC., a Delaware
22   corporation; PRAKASH JANIKIRAMAN,
     an individual; BENCHMARK CAPITAL
23   PARTNERS, L.P., a Delaware limited
     partnership; BENCHMARK CAPITAL
24   MANAGEMENT CO. LLC, a Delaware
     limited liability company; SANDEEP
25   SOOD, an individual; MONSOON
     ENTERPRISES, INC., a California
26   Corporation, and DOES 1–50, inclusive;

27                  Counterdefendants.

28

                                               DECLARATION OF SCOTT J. ALLEN
                                               (CASE NO. 3:12-cv-05667-EMC)

1    I, Scott J. Allen, hereby declare as follows:

2       1.      I am an attorney at law license to practice in the State of California and before this

3    Court.  I am attorney of record for Defendant/Counterclaimant Raj Abhyanker (hereafter

4    "Defendant") in this case.  The matters stated herein are within my personal knowledge unless I

5    state otherwise.  I submit this declaration in support of Defendant's (1) MOTION TO SHORTEN

6    TIME FOR HEARING ON MOTION TO MODIFY DISCOVERY CUT-OFF DATES;  and (2)

7    MOTION TO MODIFY DISCOVERY CUT-OFF DATES.

8       2.      Attached hereto as Exhibit A are true and correct copies of email correspondence

9    between me and counsel for the Plaintiffs seeking a stipulation to avoid the need for filing these

10   motion.  The parties were unable to reach such a stipulation.

11      I declare under penalty of perjury under the laws of the United States of America that the

12   foregoing is true and correct.

13

14   Dated: April 15, 2014                              Scott J. Allen

15

16

17                                                      /s/ Scott J. Allen

18

19

20

21

22

23

24

25

26

27

28

                                                DECLARATION OF SCOTT J. ALLEN
                                                (CASE NO. 3:12-cv-05667-EMC)

# EXHIBIT A



Scott Allen <scott@legalforcelaw.com>

# Nextdoor.com v. Abhyanker - proposed modification of discovery schedule

**Scott Allen** <scott@legalforcelaw.com>                   Fri, Apr 4, 2014 at 9:20 AM
To: Jennifer Kelly <jkelly@fenwick.com>, cwebb@fenwick.com, steve.bauer@lw.com, Matt.rawlinson@lw.com,
Adam.regoli@lw.com, lchapman@rroyselaw.com, Harpreet Walia <hwalia@rroyselaw.com>
Cc: Bruno Tarabichi <bruno@legalforcelaw.com>, Heather Norton <heather@legalforcelaw.com>

Dear Counsel:

I am writing to see if the Plaintiffs will agree to a modification of the Court's current scheduling order.

As you know, the Court has not yet ruled on the Plaintiffs' summary judgment motion regarding Mr. Abhyanker's trade secret claims, and discovery on the trade secret claims remains stayed pending the Court's ruling. Discovery is open on the trademark claims, however. Under the Case Management and Pretrial Order for Jury Trial (ECF 139), non-expert discovery must be completed by June 12, 2014, opening expert reports are due June 12, 2014, and expert discovery ends July 31, 2014.

In light of the current schedule, there is a distinct possibility that the parties could end up duplicating efforts in discovery - for example, by taking the depositions of the same witnesses twice (once for trademark issues and once for trade secret issues). This could be highly inconvenient to witnesses (both Plaintiffs' and Mr. Abhyanker's) as well as highly inefficient from a cost standpoint.

To avoid this, Mr. Abhyanker hereby suggests that the parties stipulate to modify the scheduling order as follows:

(1) non-expert discovery to close 75 days after the Court issues its ruling on the pending summary judgment motion;

(2) opening expert reports to be exchanged 75 days after the Court issues its ruling on the pending summary judgment motion; and

(3) expert discovery closes 120 days after the Court issues its ruling on the pending summary judgment motion.

If you are agreeable to such a stipulation, please let me know and I will circulate a stipulation.

Very truly yours,

Scott J. Allen
LegalForce RAPC Worldwide
1580 W. El Camino Real
Mountain View, CA 94040
scott@legalforcelaw.com

Counsel for Defendant/Counterclaimant Raj Abhyanker



Scott Allen <scott@legalforcelaw.com>

## Nextdoor.com v. Abhyanker - proposed modification of discovery schedule

**Jennifer Kelly** <JKelly@fenwick.com>          Mon, Apr 7, 2014 at 5:48 PM
To: Scott Allen <scott@legalforcelaw.com>, Clifford Webb <cwebb@fenwick.com>, "steve.bauer@lw.com"
<steve.bauer@lw.com>, "Matt.rawlinson@lw.com" <Matt.rawlinson@lw.com>, "Adam.regoli@lw.com"
<Adam.regoli@lw.com>, "lchapman@rroyselaw.com" <lchapman@rroyselaw.com>, Harpreet Walia
<hwalia@rroyselaw.com>
Cc: Bruno Tarabichi <bruno@legalforcelaw.com>, Heather Norton <heather@legalforcelaw.com>

Hi Scott – thank you for your email.  I have conferred with counter-defendants on this, and we are all
inclined to wait another week or so and see how Judge Chen rules as that could happen any day now.  At
that point, we will know whether the trade secret claim is in the case and if so, whether a stipulation is
needed.

---

**From:** Scott Allen [mailto:scott@legalforcelaw.com]
**Sent:** Friday, April 04, 2014 9:21 AM
**To:** Jennifer Kelly; Clifford Webb; steve.bauer@lw.com; Matt.rawlinson@lw.com; Adam.regoli@lw.com;
lchapman@rroyselaw.com; Harpreet Walia
**Cc:** Bruno Tarabichi; Heather Norton
**Subject:** Nextdoor.com v. Abhyanker - proposed modification of discovery schedule

Dear Counsel:

[Quoted text hidden]

---------------------------------------------
IRS Circular 230  Disclosure:  To ensure compliance with requirements imposed by the IRS, we inform you that
any U.S. federal tax advice in this communication (including attachments) is not intended or written by Fenwick &
West LLP to be used, and cannot be used, for the purpose of (i) avoiding penalties under the Internal Revenue
Code or (ii) promoting, marketing, or recommending to another party any transaction or matter addressed herein.
---------------------------------------------

ATTENTION:

The information contained in this message may be legally privileged and confidential.  It is intended to be read only by the individual or entity to
whom it is addressed or by their designee. If the reader of this message is not the intended recipient, you are on notice that any distribution of
this message, in any form, is strictly prohibited.

If you have received this message in error, please immediately notify the sender and/or Fenwick & West LLP by telephone at (650) 988-8500 and
delete or destroy any copy of this message.



Scott Allen <scott@legalforcelaw.com>

# Nextdoor.com v. Abhyanker - proposed modification of discovery schedule

**Scott Allen** <scott@legalforcelaw.com>                                    Tue, Apr 8, 2014 at 1:53 PM
To: Jennifer Kelly <JKelly@fenwick.com>
Cc: Clifford Webb <cwebb@fenwick.com>, "steve.bauer@lw.com" <steve.bauer@lw.com>, "Matt.rawlinson@lw.com"
<Matt.rawlinson@lw.com>, "Adam.regoli@lw.com" <Adam.regoli@lw.com>, "lchapman@rroyselaw.com"
<lchapman@rroyselaw.com>, Harpreet Walia <hwalia@rroyselaw.com>, Bruno Tarabichi
<bruno@legalforcelaw.com>, Heather Norton <heather@legalforcelaw.com>

Jennifer:

I am hoping to clarify your position for my client - if the judge has not ruled on the trade secret claims by next
Monday, 4/14/14, will the counter-defendants agree to the proposed stipulation to extend the deadlines in the
hopes of avoiding the burden of possible duplicative discovery?

On Mon, Apr 7, 2014 at 5:48 PM, Jennifer Kelly <JKelly@fenwick.com> wrote:

> Hi Scott – thank you for your email.  I have conferred with counter-defendants on this, and we are all
> inclined to wait another week or so and see how Judge Chen rules as that could happen any day now.
> At that point, we will know whether the trade secret claim is in the case and if so, whether a stipulation
> is needed.
>
> ---
>
> **From:** Scott Allen [mailto:scott@legalforcelaw.com]
> **Sent:** Friday, April 04, 2014 9:21 AM
> **To:** Jennifer Kelly; Clifford Webb; steve.bauer@lw.com; Matt.rawlinson@lw.com; Adam.regoli@lw.com;
> lchapman@rroyselaw.com; Harpreet Walia
> **Cc:** Bruno Tarabichi; Heather Norton
>
> **Subject:** Nextdoor.com v. Abhyanker - proposed modification of discovery schedule
>
>
> Dear Counsel:
>
>
> I am writing to see if the Plaintiffs will agree to a modification of the Court's current scheduling order.
>
>
> As you know, the Court has not yet ruled on the Plaintiffs' summary judgment motion regarding Mr.
> Abhyanker's trade secret claims, and discovery on the trade secret claims remains stayed pending the Court's
> ruling.  Discovery is open on the trademark claims, however.  Under the Case Management and Pretrial Order
> for Jury Trial (ECF 139), non-expert discovery must be completed by June 12, 2014, opening expert reports are
> due June 12, 2014, and expert discovery ends July 31, 2014.

In light of the current schedule, there is a distinct possibility that the parties could end up duplicating efforts in discovery - for example, by taking the depositions of the same witnesses twice (once for trademark issues and once for trade secret issues). This could be highly inconvenient to witnesses (both Plaintiffs' and Mr. Abhyanker's) as well as highly inefficient from a cost standpoint.

To avoid this, Mr. Abhyanker hereby suggests that the parties stipulate to modify the scheduling order as follows:

(1) non-expert discovery to close 75 days after the Court issues its ruling on the pending summary judgment motion;

(2) opening expert reports to be exchanged 75 days after the Court issues its ruling on the pending summary judgment motion; and

(3) expert discovery closes 120 days after the Court issues its ruling on the pending summary judgment motion.

If you are agreeable to such a stipulation, please let me know and I will circulate a stipulation.

Very truly yours,


Scott J. Allen

LegalForce RAPC Worldwide

1580 W. El Camino Real

Mountain View, CA 94040

scott@legalforcelaw.com


Counsel for Defendant/Counterclaimant Raj Abhyanker

---------------------------------------------

IRS Circular 230 Disclosure: To ensure compliance with requirements imposed by the IRS, we inform you that any U.S. federal tax advice in this communication (including attachments) is not intended or written by Fenwick & West LLP to be used, and cannot be used, for the purpose of (i) avoiding penalties under the Internal Revenue Code or (ii) promoting, marketing, or recommending to another party any transaction or matter addressed herein.
---------------------------------------------
ATTENTION:
The information contained in this message may be legally privileged and confidential. It is intended to be read only by the individual or entity to whom it is addressed or by their designee. If the reader of this message is not the intended recipient, you are on notice that any distribution of this message, in any form, is strictly prohibited.

If you have received this message in error, please immediately notify the sender and/or Fenwick & West LLP by telephone at (650) 988-8500 and delete or destroy any copy of this message.



Scott Allen <scott@legalforcelaw.com>

# Nextdoor v. Abhyanker: Modification to Discovery Deadlines

**Scott Allen** <scott@legalforcelaw.com>                    Tue, Apr 15, 2014 at 9:48 AM
To: Jennifer Kelly <jkelly@fenwick.com>, Clifford Webb <cwebb@fenwick.com>, "steve.bauer@lw.com" <steve.bauer@lw.com>, "Matt.rawlinson@lw.com" <Matt.rawlinson@lw.com>, "Adam.regoli@lw.com" <Adam.regoli@lw.com>, "lchapman@rroyselaw.com" <lchapman@rroyselaw.com>, Harpreet Walia <hwalia@rroyselaw.com>, Heather Norton <heather@legalforcelaw.com>

Good morning Jennifer:

It has now been over a week since your email saying that you and your colleagues for the Plaintiffs wanted to wait to see whether Judge Chen would rule on the trade secret issue, so I thought I would ask whether the Plaintiffs are willing to stipulate to revise the discovery deadlines as set out in my email of April 4. As I told you, Defendant believes that a modification of the order is in the best interest of the parties and third party witnesses, as it would avoid the undue time and expense of duplicating discovery efforts -- for example, requiring that witnesses be deposed twice in the event that some part of the trade secret claims are allowed to stand.

Please let me know whether the Plaintiffs will agree to the proposed modification of the scheduling order by 3 pm today. Mr. Abhyanker will likely move ahead with a motion of his own if we do not receive the Plaintiffs' consent by that time.

Feel free to call or email me with any questions or concerns. My direct phone number is (831) 655-3606.

Scott



Scott Allen <scott@legalforcelaw.com>

## Nextdoor v. Abhyanker: Modification to Discovery Deadlines

**Jennifer Kelly** <JKelly@fenwick.com>          Tue, Apr 15, 2014 at 12:24 PM
To: Scott Allen <scott@legalforcelaw.com>, Clifford Webb <cwebb@fenwick.com>, "steve.bauer@lw.com"
<steve.bauer@lw.com>, "Matt.rawlinson@lw.com" <Matt.rawlinson@lw.com>, "Adam.regoli@lw.com"
<Adam.regoli@lw.com>, "lchapman@rroyselaw.com" <lchapman@rroyselaw.com>, Harpreet Walia
<hwalia@rroyselaw.com>, Heather Norton <heather@legalforcelaw.com>

Scott:  can you advise on how this proposal would stack up against the other deadlines in the case?

---

**From:** Scott Allen [mailto:scott@legalforcelaw.com]
**Sent:** Tuesday, April 15, 2014 9:49 AM
**To:** Jennifer Kelly; Clifford Webb; steve.bauer@lw.com; Matt.rawlinson@lw.com; Adam.regoli@lw.com;
lchapman@rroyselaw.com; Harpreet Walia; Heather Norton
**Subject:** Nextdoor v. Abhyanker: Modification to Discovery Deadlines

Good morning Jennifer:

[Quoted text hidden]

---------------------------------------------
IRS Circular 230  Disclosure:  To ensure compliance with requirements imposed by the IRS, we inform you that
any U.S. federal tax advice in this communication (including attachments) is not intended or written by Fenwick &
West LLP to be used, and cannot be used, for the purpose of (i) avoiding penalties under the Internal Revenue
Code or (ii) promoting, marketing, or recommending to another party any transaction or matter addressed herein.
---------------------------------------------
ATTENTION:
The information contained in this message may be legally privileged and confidential.  It is intended to be read only by the individual or entity to
whom it is addressed or by their designee. If the reader of this message is not the intended recipient, you are on notice that any distribution of
this message, in any form, is strictly prohibited.

If you have received this message in error, please immediately notify the sender and/or Fenwick & West LLP by telephone at (650) 988-8500 and
delete or destroy any copy of this message.

Case3:12-cv-05667-EMC Document176 Filed04/16/14 Page1 of 14



# Nextdoor v. Abhyanker: Modification to Discovery Deadlines

**Scott Allen** <scott@legalforcelaw.com>                                     Tue, Apr 15, 2014 at 12:40 PM
To: Jennifer Kelly <JKelly@fenwick.com>
Cc: Clifford Webb <cwebb@fenwick.com>, "steve.bauer@lw.com" <steve.bauer@lw.com>, "Matt.rawlinson@lw.com"
<Matt.rawlinson@lw.com>, "Adam.regoli@lw.com" <Adam.regoli@lw.com>, "lchapman@rroyselaw.com"
<lchapman@rroyselaw.com>, Harpreet Walia <hwalia@rroyselaw.com>, Heather Norton
<heather@legalforcelaw.com>

Jennifer:

I am not exactly sure what you are asking.  However, apart from the discovery cutoffs (non-expert and expert),
the closest deadline that I can see is the deadline for hearing on dispositive motions - 9/4/14. The pretrial
conference is not until mid November (11/18/14), with pretrial statements to be filed 21 days before that.  While I
haven't spoken to Mr. Abhyanker or my co-counsel, I suspect that we would be willing to agree to push back the
dispositive motion deadline along with the discovery cutoff dates - say, 35 days after the expert discovery cutoff,
which is what motion date is currently.  I do not think we should ask to change the pretrial date, however.

[Quoted text hidden]



Scott Allen <scott@legalforcelaw.com>

# Nextdoor v. Abhyanker - Shortened Time for Hearing On Motion to Modify Schedule

**Scott Allen** <scott@legalforcelaw.com>                           Tue, Apr 15, 2014 at 2:26 PM
To: Jennifer Kelly <jkelly@fenwick.com>, "steve.bauer@lw.com" <steve.bauer@lw.com>, "Adam.regoli@lw.com" <Adam.regoli@lw.com>, "lchapman@rroyselaw.com" <lchapman@rroyselaw.com>, "Matt.rawlinson@lw.com" <Matt.rawlinson@lw.com>, Harpreet Walia <hwalia@rroyselaw.com>, Bruno Tarabichi <bruno@legalforcelaw.com>, Heather Norton <heather@legalforcelaw.com>

Counsel:

If the Plaintiffs will not agree to a stipulation to modify the discovery cutoffs as requested in my email of April 4, Defendant is prepared to file a motion to change the cutoff dates.

In accord with Civ.L.R. 6-3, I write to request that you consent to have that motion heard on shortened time so that the parties will know ASAP whether the Court will re-set the cut-off dates to a set amount of time following its ruling on the pending motion for summary judgment on the trade secret claims.

Defendant proposes to have the motion to modify the scheduling order heard on shortened time next Thursday, April 24, 2014 at 1:30 pm. Defendant would file its motion tomorrow, April 16, and Plaintiff would file any opposition on Monday, April 21, 2014.

Please let me know ASAP whether you will agree to briefing and hearing the motion on this shortened time schedule.

Scott J. Allen



## Nextdoor v. Abhyanker - Shortened Time for Hearing On Motion to Modify Schedule

**Jennifer Kelly** <JKelly@fenwick.com>                    Tue, Apr 15, 2014 at 4:28 PM
To: Scott Allen <scott@legalforcelaw.com>, "steve.bauer@lw.com" <steve.bauer@lw.com>, "Adam.regoli@lw.com" <Adam.regoli@lw.com>, "lchapman@rroyselaw.com" <lchapman@rroyselaw.com>, "Matt.rawlinson@lw.com" <Matt.rawlinson@lw.com>, Harpreet Walia <hwalia@rroyselaw.com>, Bruno Tarabichi <bruno@legalforcelaw.com>, Heather Norton <heather@legalforcelaw.com>
Cc: Laurence Pulgram <LPulgram@fenwick.com>, Eric Ball <EBall@fenwick.com>, Matthew Becker <mbecker@fenwick.com>

Scott:   per our call just now, we (speaking only for my clients) are not willing to enter into a stipulation to modify dates at this time, without knowing how Judge Chen is going to come out on the pending SJ motion.   If he grants it, the point is moot and no extension is needed.   If he denies it, then depending on when the ruling comes an adjustment may be needed and we want input into the new deadlines to avoid a number of scheduling problems that we foresee given summer and holiday plans that have been made based on the current schedule.   As I mentioned, asking for floating dates tied to the date of his ruling does not provide certainty, so we would propose picking specific dates.   We are hopeful that the parties can at least come to agreement on these dates, even if they cannot agree on the timing of when the move needs to happen.


Here are the dates that would work for us:


Fact discovery cutoff:  July 10

Opening expert reports:  July 10

Rebuttal reports:  August 7

Expert discovery cutoff:  August 29

L/D for dispositive motions to be heard:  October 17 (making L/D to file them October September 12)

L/D to complete ADR:  November 15 (this deadline is not currently in the schedule, but may have appeal to Judge Chen, particularly since we would be asking for dates that would allow us to not be working on Christmas)

Pretrial conference:  December 23

Trial:  January 19


As I mentioned, I'm out of the office Wed-Fri of this week so please be sure to copy my colleagues on all correspondence about this.

Best,

Jennifer

---

**From:** Scott Allen [mailto:scott@legalforcelaw.com]
**Sent:** Tuesday, April 15, 2014 2:26 PM
**To:** Jennifer Kelly; steve.bauer@lw.com; Adam.regoli@lw.com; lchapman@rroyselaw.com;
Matt.rawlinson@lw.com; Harpreet Walia; Bruno Tarabichi; Heather Norton
**Subject:** Nextdoor v. Abhyanker - Shortened Time for Hearing On Motion to Modify Schedule

Counsel:

[Quoted text hidden]

--------------------------------------------
IRS Circular 230 Disclosure: To ensure compliance with requirements imposed by the IRS, we inform you that
any U.S. federal tax advice in this communication (including attachments) is not intended or written by Fenwick &
West LLP to be used, and cannot be used, for the purpose of (i) avoiding penalties under the Internal Revenue
Code or (ii) promoting, marketing, or recommending to another party any transaction or matter addressed herein.
--------------------------------------------
ATTENTION:
The information contained in this message may be legally privileged and confidential. It is intended to be read only by the individual or entity to
whom it is addressed or by their designee. If the reader of this message is not the intended recipient, you are on notice that any distribution of
this message, in any form, is strictly prohibited.

If you have received this message in error, please immediately notify the sender and/or Fenwick & West LLP by telephone at (650) 988-8500 and
delete or destroy any copy of this message.