May 23, 2014

Hon. Edward M. Chen
District Judge
U.S. District Court Northern District of California
San Francisco Courthouse, Courtroom 5-17th Floor
450 Golden Gate Avenue
San Francisco, CA 94102

>           **Re:    Case No. 3:12-cv-05667-EMC**
>           ***Nextdoor.com, Inc. v. Raj Abhyanker, et al*. - Discovery Letter Brief**

Dear Judge Chen:

      Nextdoor.com, Inc. and Third Party Daniel Hansen jointly submit this Discovery Letter Brief seeking the Court's assistance with the below discovery issue. Nextdoor.com served Hansen with a subpoena for documents and testimony because Raj Abhyanker has identified him as a witness on certain topics. Counsel for Nextdoor.com and Mr. Hansen have engaged in extensive meet and confer, including numerous telephone calls, emails and an in-person meeting to narrow the issues in dispute. Mr. Hansen's deposition is set for May 27, 2014. But the key documents sought by the subpoena are being withheld on the basis of privilege. By this letter, Nextdoor.com asks this Court to order their production in advance of Abhyanker's deposition set for June 6, 2014.

### Statement of Nextdoor.com's Position

      On April 21, 2014, Nextdoor.com served its subpoena on Daniel Hansen, setting a document production deadline of May 1, 2014 and a deposition for May 27, 2014. Hansen is a key witness on the matter of Abhyanker's standing to assert claims based on Fatdoor IP for at least two reasons: First, Abhyanker has alleged Hansen drafted key documents pertaining to the division of "Legalforce/Nextdoor" IP and assignment of "Fatdoor" IP (Dkt. 73 at 5), which Hansen purportedly did in his capacity as Fatdoor's lawyer, not Abhyanker's lawyer (Dkt. 73 at 5). To the extent Abhyanker plans to argue that the IP in question has always been owned by him and not Fatdoor (*see, e.g.*, Dkt. 132 ¶ 115), both these documents and Mr. Hansen's recollection of what the purported Nextdoor/Legalforce IP was and how it was handled are highly relevant. Abhyanker—who claims he has produced all relevant, responsive documents—has not produced one of the two assignment agreements identified on Mr. Hansen's privilege log (the "Employee Proprietary Information and Inventions Agreement between Fatdoor, Inc. and Raj Abhyanker" dated 1/31/2007), leaving Hansen as potentially the only person who has possession of it.

      Second, Abhyanker has claimed he owns and has standing to assert a claim for misappropriation of the Lorelei Trade Secret on the basis that in 2012, he obtained approval to be appointed "interim CEO" of Center'd, immediately after which he entered into a (highly questionable) assignment agreement, in which he transferred all of Fatdoor's assets and IP to himself, in his personal capacity, for $1. Dkt. 150-1 ¶ 44-48, Exhs. G & H. Abhyanker claims in part that this appointment was valid because Hansen told him that it was. *Id.* at ¶ 46. Given that Hansen purportedly gave any advice on behalf of Center'd (as his privilege log appears to confirm), and that Abhyanker disclosed the contents of his communications with Hansen on this specific subject in his declaration in opposition to Nextdoor.com's summary judgment motion [Dkt No. 150-1, ¶46], there is no colorable assertion of unwaived privilege. All documents and communications relating to Abhyanker' alleged appointment as interim CEO (of which there are several identified on Mr. Hansen's privilege log) and subsequent self-dealing transaction should be produced.

      Significantly, the holder of the privilege, Fatdoor no longer exists; no one owns its prior privileges; and no one other than Abhyanker has attempted to prevent production. After changing its name to Center'd in 2008, Fatdoor sold certain assets (but not its privileges) to Google in 2011 and it is undisputed that all remaining assets were put into a liquidating trust managed by Sherwood Partners. Nextdoor.com served subpoenas on both Sherwood as well as Goodwin Procter, the law firm that took over representation of Center'd in 2011. Both Sherwood and Goodwin Procter are cooperating, but neither has

the documents Nextdoor.com seeks by way of this discovery letter.  If Center'd/Fatdoor exists at all after liquidation, it is aware of this inquiry: its final counsel, Goodwin Procter, is both responding to its own subpoena and also representing Center'd's final board members in responding to subpoenas.

To date, Hansen has produced only a single document (his letter transmitting his files to Goodwin Procter) and a privilege log, which does not even appear to contain all responsive documents over which Hansen is asserting a privilege.  In response to Hansen's blanket objections based on burden and privilege, Nextdoor agreed to narrow its requests substantially.  With respect to some categories, Hansen eventually confirmed that he had no responsive documents.  But Hansen continues to refuse to produce any documents in the following categories, all of which remain critical:

(1) his communications about Nextdoor.com or this lawsuit.  Hansen's offer to log only certain communications in the 2006-2008 time frame is utterly insufficient; Nextdoor.com suspects that Abhyanker has communicated with Hansen extensively about his dispute with Nextdoor and the subpoena served on Hansen, at a time when Hansen was not acting a lawyer for long defunct Fatdoor/Center'd.

(2) documents related to Abhyanker's appointment of himself as interim CEO of Fatdoor, Inc. Mr. Hansen has logged these communications (of which there were several, in 2012, long after Abhyanker was fired from Fatdoor in 2007 and Hansen ceased acting as Center'd's lawyer in 2011); however, as noted above, Abhyanker disclosed the contents of these discussions in public filings in this case and thus waived any purported privilege that might have existed.

(3) Abhyanker's Employee Proprietary Information and Inventions Agreement with Fatdoor (listed on Hansen's log).  As noted above this is a critical document in the case, and Abhyanker claims not to have a copy of it.  Further, there is no conceivable basis for a claim of privilege over an executed agreement.

Nextdoor.com respectfully requests that the Court order Mr. Hansen to produce the foregoing categories of documents no later than June 2, 2014, so that they can be used at Abhyanker' deposition.

**<u>Statement of Daniel Hansen</u>**

Mr. Hansen is a lawyer and upstanding member of the California bar for over 20 years, who, through his law firm Montgomery & Hansen LLP, has represented various entities in which Raj Abhyanker was the President or founder, including Fatdoor, Inc., in specific matters.  Mr. Abhyanker  has also from time to time sought Mr. Hansen's legal advice.  The records subpoena served by Nextdoor contained numerous broad requests seeking privileged and confidential documents relating to Mr. Hansen's representation of the firm's clients, and Mr. Hansen appropriately asserted objections based on privilege, work product, undue burden and related grounds, including his duty to protect his former clients' confidences under California ethical rules.  Mr. Hansen also objected that Nextdoor documents and communications with the parties should be obtained from the parties, not Mr. Hansen.  It's not clear that Nextdoor has exhausted its inter-parties discovery efforts before subpoenaing Mr. Hansen. Since then, counsel for Nextdoor and Mr. Hansen have engaged in meet and confer whereby Nextdoor has narrowed and changed its requests, but still continues to seek privileged and confidential documents and insist on overbroad requests encompassing events in which there was no purported involvement of Mr. Hansen.  In many cases, Nextdoor.com has broadened and changed ts requests mid-stream, over the course of many email exchanges, several phone calls and the in-person meeting.  Mr. Hansen and his counsel have been forced to spend numerous hours responding to the subpoena and the evolving meet and confer, far in excess of what would normally be required of a third party witness.

Mr. Hansen does not hold the privilege, and legal and ethical duties require him to assert the privilege on behalf of his former clients.  Most of the requested communications pertain to Mr. Hansen's representation of Fatdoor, which is not a party to these proceedings and, as far as Mr. Hansen knows, has not waived the privilege or confidentiality.  Mr. Hansen believes that the owner of the Fatdoor documents and privileges (presumably Google) should be obtained prior to disclosure of Fatdoor's documents. Nextdoor.com has provided no verification of who owns the privilege or that it has been waived.  We

understand that Google acquired all or substantially all the intellectual property from Center'd (aka The Deal Map.)  Since the privilege rights would normally follow the assets, Google may hold the privilege.  In any event, Mr. Hansen is required to assert the privilege unless the holder of the privilege (or this Court) instructs him otherwise.  Cal. Evid. Code section 958

With respect to the specific requests as now set forth by Nextdoor, Mr. Hansen's response is as follows:

(1)  Communications about Nextdoor.com or this litigation:  there is no basis asserted for this wide-ranging request.  In a good faith effort to resolve issues in dispute, Mr. Hansen has listed on the privilege log communications dating from 2006-2008 that concern Mr. Abhyanker's use or potential use of the "nextdoor" mark for a social networking product (per the request in Nextdoor's meet and and confer letter of May 9, 2014), which covers the time period in which Mr. Hansen was purportedly involved in this and the time period in which his firm represented Fatdoor.  Mr. Hansen understands that this case involves claims of misappropriation of trade secrets from the 2007 time frame.  Expanding the request beyond that is unduly burdensome and oppressive, not likely to lead to the discovery of admissible evidence, and more easily available from parties to this litigation.  Mr. Hansen has had numerous communications with Mr. Abhyanker  over the years in different contexts, much of which is privileged due to Mr. Abhyanker's role in entity clients of Mr. Hansen's firm.  Additionally, from time to time Mr. Abhyanker  has sought legal advice from Mr. Hansen on other issues.  Determining whether a given communication is privileged would be a difficult and time-consuming exercise, and any such communications—not directly related to issues in dispute—should be obtained from Mr. Abhyanker  in the first instance.  Indeed, Nextdoor hasn't even taken the deposition of Mr. Abhyanker . We feel that, at a minimum, Mr. Abhyanker's deposition should be completed before compelling Mr. Hansen on broad requests unconnected with matters in which he was purportedly involved.  These communications are not "critical," as asserted by Nextdoor.  Third parties, particularly attorneys who are bound to assert privilege, should be afforded protection.

(2))  Documents related to Abhyanker's appointment of himself as interim CEO of Fatdoor, Inc.  Mr. Hansen understand that this request is referring to the purported appointment of Mr. Abhyanker  as interim CEO of Center'd  around November 2012.  In which case, Mr. Hansen has listed responsive documents on the privilege log.  It appears that certain of Mr. Abhyanker's communications to Mr. Hansen on this issue were in the course of seeking legal advice, and as such Mr. Hansen is obligated to assert the privilege.

(3)  Abhyanker's Employee Proprietary Information and Inventions Agreement with Fatdoor (listed on Hansen's log):  Mr. Hansen has logged this document in an abundance of caution as protected by the duty of confidentiality.

Mr. Hansen requests that this Court exercise appropriate discretion in deciding the issues raised by this motion, commensurate with the limitations placed upon third parties pursuant to FRCP 45 and consistent with the attorney-client privilege, work product doctrine, and duty of confidentiality.  Mr. Hansen can provide the documents in question for the Court's in camera review if appropriate.


/s/ Jennifer L. Kelly                          /s/  Merri Baldwin
Attorneys for Nextdoor.com              Attorney for Daniel Hansen