**United States District Court**
For the Northern District of California

1
2
3
4
5    UNITED STATES DISTRICT COURT
6    NORTHERN DISTRICT OF CALIFORNIA
7
8    NEXTDOOR.COM, INC.,                          No. C-12-5667 EMC
9            Plaintiff,
10           v.
11   RAJ ABHYANKER,                               **ORDER RE PARTIES' JOINT DISCOVERY LETTER BRIEF OF MAY 27, 2014**
12           Defendant.
                                                  **(Docket No. 197-3)**
13   _____/
14   RAJ ABHYANKER,
15           Counterclaimant,
16           v.
17   NEXTDOOR.COM, INC., *et al.*,
18           Counterdefendants.
19   _____/
20

21       Nextdoor.com requests the Court to order Abhyanker to produce the following by May 30,
22   2014, in advance of Abhyanker's deposition on June 6, 2014:  (1)(a) the original hard drive that
23   contained the December 5 PowerPoint, which Abhyanker took to Central Computer to have the data
24   transferred, or precisely describe what happened to the hard drive, and (b) the native copies of each
25   version of the Original PowerPoint previously produced, with metadata and file trees showing where
26   they are located on which computers; and (2) the earliest native versions with metadata of two
27   mockups of Nextdoor.com and Fatdoor.com websites that Abhyanker has produced in the litigation.
28

In response to (1)(a), Abhyanker states that he informed Nextdoor.com in an email on May 22, 2104 that, "We do not have the hard drive and therefore cannot produce it for inspection. . . . We do not know what became of the hard drive after it was delivered to Central Computer and so cannot provide further information about its whereabouts." Docket No. 197-3. In response to (1)(b) and (2), Abhyanker states that he has already agreed to produce these items and therefore, "an order compelling further production is unnecessary."

From Abhyanker's response, the Court fails to see what the dispute is about, but evidently there is one. Abhyanker is ordered to produce by May 30, 2014 the hard drive in (1)(a) and items in (1)(b) and (2) if they are within his possession, custody, or control. Fed. R. Civ. P. 34. As for the description in (1)(a) that Nextdoor.com seeks if the hard drive is not produced, Abhyanker has provided a description in his email. Nextdoor.com can obtain under oath a description at the level of detail it desires on this question at Abhyanker's deposition.

This order disposes of Docket No. 197-3.

IT IS SO ORDERED.

Dated: May 29, 2014

_____
EDWARD M. CHEN
United States District Judge

2