UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| NEXTDOOR.COM, INC., | No. C-12-5667 EMC |
| Plaintiff, | |
| v. | **ORDER RE PARTIES' DISCOVERY LETTER BRIEFS OF MAY 23, 2014 AND MAY 27, 2014** |
| RAJ ABHYANKER, | |
| Defendant. | **(Docket Nos. 195-196)** |
| RAJ ABHYANKER, | |
| Counterclaimant, | |
| v. | |
| NEXTDOOR.COM, INC., *et al.*, | |
| Counterdefendants. | |

Nextdoor.com has served a subpoena for documents and testimony on Attorney Daniel Hansen, a third party to this action. Attorney Hansen is withholding the documents on the basis of attorney-client privilege. Nextdoor.com requests the Court to order Hansen to produce (1) Hansen's "communications about Nextdoor.com or his lawsuit" and (2) "documents related to Abhyanker's appointment of himself as interim CEO of Fatdoor." Docket No. 195.

Attorney Hansen began representing Fatdoor, Inc. ("Fatdoor") upon its formation in October 2006. Docket Nos. 73 at 5; 150-1 ¶ 43. Abhyanker was the founder and Chief Executive Officer of Fatdoor, but left Fatdoor in Fall 2007. Docket Nos. 150-1 ¶ 43; 132 ¶ 126. Fatdoor changed its

1  name to Center'd, Inc. ("Center'd") in April 2008. Docket No. 132 ¶ 127. On November 11 or 12,
2  2012, Abhyanker was purportedly appointed interim CEO of Center'd by Jeff Drazan, a preferred
3  shareholder of Center'd. Docket No. 150-1 ¶ 44, Exh. H. Attorney Hansen informed Abhyanker
4  that Drazan had the ability to appoint Abhyanker as interim CEO. *Id.* ¶ 46. On November 12, 2012,
5  Abhyanker, on behalf of Center'd as interim CEO, assigned all of Center'd's "residual assets" to
6  himself. *Id.* Exh. H.

7      Hansen objects to Nextdoor.com's request for documents in both (1) and (2) on the basis of
8  attorney-client privilege. He states that he "has had numerous communications with Mr. Abhyanker
9  over the years in different contexts, much of which is privileged due to Mr. Abhyanker's role in
10 entity clients of Mr. Hansen's firm. . . . Additionally, from time to time Mr. Abhyanker has sought
11 legal advice from Mr. Hansen on other issues." Docket No. 195 at 3.

12     However, as far as the Court can tell, Hansen's client was Fatdoor and Center'd, not
13 Abhyanker. Therefore, perhaps except for the periods when Abhyanker was the CEO of Fatdoor
14 upon its formation until he left in Fall 2007, and when Abhyanker was the interim CEO of Center'd
15 beginning on November 11 or 12, 2012 (it is unclear until when), it appears Hansen and Abhyanker
16 did not have an attorney-client relationship. In particular, if Hansen advised Center'd on the
17 propriety of appointing Abhyanker as interim CEO, *see* Docket No. 150-1 ¶¶ 44-46, the interests of
18 Center'd and Abhyanker at this time would have been, if anything, adverse, and there is no
19 indication that Hansen engaged in dual representation.

20     The Court **ORDERS** Hansen to produce by June 2, 2014 the documents that Nextdoor.com
21 requests, unless he has a basis for claiming privilege. Any documents he withholds on the basis of
22 privilege must be listed in a privilege log, which he must also produce by June 2, 2014. The
23 privilege log should include the following for each document: (1) a Bates stamp (if not available, at
24 least the number of pages in the document); (2) date of the document; (3) author(s) of the document;
25 ///
26 ///
27 ///
28 ///

2

1  (4) recipient(s) of the document (includes cc, bcc, etc.); and (5) a description of the document and
2  the basis for the claim of privilege. In (3) and (4), descriptions of the author(s) and recipient(s), not
3  simply their names, should also be provided.
4      This order disposes of Docket Nos. 195 and 196.

6      IT IS SO ORDERED.

8  Dated: May 29, 2014

                                                   _____
                                                   EDWARD M. CHEN
                                                   United States District Judge

**United States District Court**
For the Northern District of California

3