On June 4, 2014, the parties conferred in person on the issues contained herein but were unable to reach a resolution.

**Mr. Abhyanker's Position**

Currently, Mr. Abhyanker is scheduled to take the depositions of Prakash Janikaraman, Nextdoor.com, Sandeep Sood, and Benchmark starting Tuesday, June 10th. However, Nextdoor.com and Janikaraman have produced no real documents – just court filings and public Internet articles. Contrary to Nextdoor's attempt to create the impresson that it has made a substantive production, these filler documents constitute the first 1,189 of the 1,235 pages and were served before trade secret discovery opened. And Sood and Benchmark have produced no documents whatsoever. With discovery set to close on June 20th, even if these parties start producing documents, Mr. Abhyanker will not have sufficient time to review and digest them before taking the scheduled depositions.

Mr. Abhyanker seeks an order (1) compelling Nextdoor.com to produce all documents responsive to the RFPs served on April 30, 2014 (attached as Exhibit A to this letter); (2) compelling Sandeep Sood and Benchmark to produce documents responsive to Mr. Abhyanker's outstanding document requests, and (3) extending Mr. Abhyanker's deadline for completion of fact discovery and production of expert reports by 30 days to allow time to review and analyze the documents, once they are produced by Nextdoor.com, Sood, and Benchmark. *See*, Fed.R.Civ.P. 37(a)(3)(B)(iv) (order to compel authorized where party "fails to respond that inspection will be permitted—or fails to permit inspection—as requested under Rule 34."); 37(a)(4)("[E]vasive or incomplete disclosure, answer, or response must be treated as a failure to disclose, answer, or respond.").

On April 30, 2014, Mr. Abhyanker served requests for production (RFPs) on Nextdoor containing 54 categories of document requests. Exhibit A hereto. Under the Court's schedule, responses were due May 19, 2014. Nextdoor served written responses on May 21, 2014 (2 days late). Subsequently, Nextdoor produced a mere 45 pages of documents. Nextdoor has failed to any documents whatsoever responsive to many of the categories covered by the RFPs, including but not limited to failing to produce documents regarding (a) Nextdoor's revenues, deductible expenses, or corporate finances, all of which are calculated to be relevant to Mr. Abhyanker's claims for monetary relief under the Lanham Act and/or California Trade Secrets Act; *see*, 15 U.S.C. 1117(a)(Lanham Act remedies include "defendant's profits"; Cal.Civ.C. 3426.3(a)(unjust enrichment under trade secrets act); (b) documents supporting Nextdoor's claims to financial recovery; (c) the surveys completed by Counterdefendant Sandeep Sood; and (d) documents relating to Nextdoor's knowledge of Mr. Abhyanker's funding pitch to Benchmark. Nextdoor's production regarding the other categories of requests is almost certainly incomplete and/or evasive, as evidenced by the fact that Nextdoor produced a sum total of only 45 pages. Notably, Nextdoor failed to produce even a single email communication in

response to the RFPs.  It is inconceivable that a social network company like Nextdoor.com has no emails whatsoever responsive to the RFPs.[1]

Mr. Abhyanker's counsel requested that Nextdoor's counsel provide assurance that a complete production would be provided forthwith, but Nextdoor has failed to provide that assurance.  In any event, an immediate production would not likely mitigate the prejudice to Mr. Abhyanker given the limited time to complete discovery.  On June 3, 2014, Nextdoor for the first time stated that it was withholding AEO documents until it received assurances that Mr. Abhyanker will not access AEO documents.  This is disingenuous as Nextdoor already produced a small set of AEO documents and there is a protective order in place governing the production of AEO documents such that no assurances are required. ECF No. 102.  In any event, assurances were provided by phone.  Moreover, Nextdoor's counsel indicated that the production of AEO documents are only a portion of the documents that it still has to produce.

Mr. Abhyanker has been, and continues to be, seriously prejudiced by Nextdoor's failure to respond.  Since the Court's ruling on the trade secret claims, the parties are under a very short time frame for completion of discovery, with fact discovery set to close on June 20, 2014 and expert reports to be exchanged that same day.  The parties have set a full deposition schedule for the remainder of the month leading to the June 20, 2014 cutoff.  Even if Nextdoor.com were to immediately produce the documents covered by the RFPs, Mr. Abhyanker's will likely be unable to fully review and analyze those documents sufficiently to take meaningful deposition or to have their experts prepare timely reports based on those documents.  Mr. Abhyanker's prejudice is compounded by the fact that the other Counterdefendants – Benchmark and Sandeep Sood/Monsoon Enterprises – have produced no documents whatsoever in discovery.

Accordingly, Mr. Abhyanker requests an order compelling full production by Nextdoor, Sood, and Benchmark of documents responsive to the RFPs and granting Mr. Abhyanker an additional 30 days to complete fact discovery and opening produce expert reports.  At a minimum, Mr. Abhyanker requests that the time to take the depositions of Nextdoor and Janikaraman and the time to make expert initial disclosures be extended so that Mr. Abhyanker can receive and review productions not yet made by the other parties.

---

[1] Even though Nextdoor has failed to fully produce documents to Mr. Abhyanker's, Nextdoor's counsel at Fenwick and West has bombarded Mr. Abhyanker with multiple sets of discovery requests of their own (serving three additional sets of RFPs, additional interrogatories and RFAs), and has sent well over 100 emails arbitrarily setting very short time frames (often same day or next day deadlines) to meet and confer regarding alleged deficiencies in Mr. Abhyanker's discovery responses. The number and scope of Nextdoor.com's discovery requests and email demands has been oppressive.  Nevertheless, in contrast to the de minimis, and clearly incomplete, production made by Nextdoor.com, Mr. Abhyanker has produced over electronic files containing over 200,000 individual electronic files (many with multiple pages) to Nextdoor.com in this case.

Finally, Nextdoor is attempting to designate the entirety of the depositions of Nextdoor and Prakash Janikaraman as Attorneys' Eyes Only (AEO) so that Mr. Abhyanker cannot attend.  As a party, Mr. Abhyanker requests that he be permitted to attend the depositions of Nextdoor and Prakash Janikaraman.  Nextdoor is under a duty to narrowly designate testimony as AEO rather than use a blanket designation to keep Mr. Abhyanker from attending depositions.

**Nextdoor.com's Position**

Nextdoor opposes entry of the order sought by Mr. Abhyanker, and in turn asks the Court to order: (1) that Mr. Abhyanker's counsel certify in writing that Mr. Abhyanker has not accessed Nextdoor's AEO documents, that he will not review them, and that a protocol will be established preventing his access; and (2) that Mr. Abhyanker be excluded from the depositions of Nextdoor, Janikaraman and Nirav Tolia at which substantial AEO information is expected to be discussed.  Section 5.2(b) of the Protective Order (Dkt. 102) expressly contemplates that only authorized persons may attend a deposition that will include protected materials.

Mr. Abhyanker misstates numerous facts in his letter; Nextdoor has produced documents in the areas identified (not 45 pages as he wrongly claims, but over 1300 pages), including its only records of Mr. Sood's survey responses and other internal documents.  But more importantly, Mr. Abhyanker's position omits a critical point: ***Nextdoor has offered repeatedly to produce responsive documents to these RFPs,*** but as a threshold condition has asked for assurance that Mr. Abhyanker himself has not reviewed, will not review, and will not have access to Nextdoor's "Attorneys' Eyes Only" (AEO) documents.  He has not yet agreed, hence the production delay.

On Friday May 30, counsel for Nextdoor asked Mr. Abhyanker's counsel for assurances that (1) Mr. Abhyanker has not received access to already-produced AEO materials; (2) counsel has a system for storing AEO material that does not permit his access; and (3) Mr. Abhyanker would not attend upcoming depositions where AEO material would be discussed.  Nextdoor repeatedly asked for a response, and offered to produce responsive AEO documents when such protection was guaranteed.  To date, Nextdoor has received no written assurance that Mr. Abhyanker's counsel has any intention of providing adequate safeguards against Mr. Abhyanker's access to Nextdoor's AEO material.  To the contrary, on the eve of this letter's filing, when asked whether AEO documents would be shielded from Mr. Abhyanker such that Nextdoor could safely start producing, his counsel pointedly avoided a direct response, asserting only that, "given the protective order, Nextdoor has no right to withhold responsive documents."  In conference, his counsel again would not certify to Mr. Abhyanker's lack of access, but could only say that Mr. Abhyanker "knows he is not supposed to review AEO documents" and counsel had no reason to suspect such review occurred.  Such equivocation provides Nextdoor scant comfort.

This case reflects a very unusual scenario - Mr. Abhyanker is not only a party and competitor of Nextdoor, but also a partner at the law firm trying the case, and is actively seeking to manage the litigation, appearing at depositions and aggressively directing counsel's questioning. Nextdoor presumes he has high level administrative access to firm documents, as partners typically have.  Under such highly irregular circumstances, Nextdoor cannot accept a mere assurance that Mr. Anhyanker will voluntarily refrain from looking at AEO documents in his firm's custody.

Nextdoor's position is true to the Protective Order's bar on parties' receipt of AEO material.  Moreover, Nextdoor is simply taking commercially prudent and necessary precautions.  The RFPs seek confidential information regarding Nextdoor's strategy, finances, and more, and Mr. Abhyanker **has openly declared himself to be in direct competition with Nextdoor.com**.  He recently launched his own website, www.fatdoor.com, which describes itself as a neighborhood social network paralleling the platform offered by Nextdoor.com.  Nextdoor will produce AEO documents once properly assured they will not be shown to a hostile competitor, but it should not be ordered to produce absent such assurance.  Nor should its officers have to testify as to sensitive business matters in Mr. Abhyanker's presence.

Moreover, Mr. Abhyanker's demand that Nextdoor be ordered to produce all documents requested in its RFPs is manifestly improper and should be denied, as he has not met and conferred regarding Nextdoor's responses and objections to those RFPs.  Nextdoor never agreed to produce everything requested, but rather stated in responses what it would produce and what was objectionable.  Mr. Abhyanker is now moving for an order demanding production of everything requested, bypassing entirely the normal meet and confer process as to Nextdoor's objections.

Mr. Abhyanker's request for a 30 day extension of the discovery deadline should likewise be denied.  Benchmark has represented that it will produce its documents this week, allowing ample time for review, and it is Mr. Abhyanker's own refusal to provide reasonable security assurances that is blocking Nextdoor from continuing its production.  Mr. Abhyanker should not receive special accommodation for a delay he himself has caused.  Assuming Mr. Abhyanker soon clears the way for Nextdoor's production by assuring that AEO documents will not reach Mr. Abhyanker, his counsel will have time to review the documents prior to depositions.