1  LATHAM & WATKINS LLP
       Steven M. Bauer (Bar No. 135067)
2       *steven.bauer@lw.com*
   505 Montgomery Street, Suite 2000
3  San Francisco, California  94111-6538
   Telephone:  +1.415.391.0600
4  Facsimile:  +1.415.395.8095

5  LATHAM & WATKINS LLP
       Matthew Rawlinson (Bar No. 231890)
6       *matt.rawlinson@lw.com*
       Adam M. Regoli (Bar No. 262903)
7       *adam.regoli@lw.com*
       Julian W. Park (Bar No. 263501)
8       *julian.park@lw.com*
   140 Scott Drive
9  Menlo Park, California  94025
   Telephone:  +1.650.328.4600
10 Facsimile:  +1.650.463.2600

11 Attorneys for Counterdefendant
   Benchmark Capital Management Co. LLC

12                    UNITED STATES DISTRICT COURT

13                   NORTHERN DISTRICT OF CALIFORNIA

14                       SAN FRANCISCO DIVISION

15

16 NEXTDOOR.COM, INC., a Delaware          CASE NO. 3:12-cv-05667-EMC
   corporation,
17                                          **BENCHMARK CAPITAL MANAGEMENT
                  Plaintiff,                CO. LLC'S ANSWER TO DEFENDANT RAJ
18                                          ABHYANKER'S SECOND AMENDED
             vs.                            COUNTERCLAIM FOR TRADE SECRET
19                                          MISAPPROPRIATION, TRADEMARK
   RAJ ABHYANKER, an individual,            INFRINGEMENT, INFRINGEMENT OF
20                                          UNREGISTERED TRADEMARK, AND
                  Defendant.                CALIFORNIA UNFAIR COMPETITION**
21
                                            **DEMAND FOR JURY TRIAL**
22
                                            Case Filed: November 5, 2012
23
                                            Judge: Honorable Edward M. Chen
24

25                                          *(Caption continues next page)*

26

27

28

1    RAJ ABHYANKER, an individual,

2                        Counterclaimant,

3                        vs.

4    NEXTDOOR.COM, INC., a Delaware
     corporation;  PRAKASH
5    JANAKIRAMAN, an individual;
     BENCHMARK CAPITAL PARTNERS,
6    L.P., a Delaware limited partnership;
     BENCHMARK CAPITAL
7    MANAGEMENT CO. LLC,
     a Delaware limited liability company;
8    SANDEEP SOOD, an individual;
     MONSOON ENTERPRISES, INC., a
9    California corporation, and DOES 1-50,
     inclusive,

10                       Counterdefendants.

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

1   Counterdefendant Benchmark Capital Management Co. LLC[1] ("Benchmark") hereby

2   answers Defendant and Counterclaimant Raj Abhyanker's ("Abhyanker") Second Amended

3   Counterclaim ("SACC") [Dkt. No. 132], to the extent Abhyanker's counterclaims were not

4   dismissed by the Court's July 19, 2013 Order Granting in Part and Denying in Part

5   Counterdefendants' Motions to Dismiss Counterclaim [Dkt. No. 100] ("July 2013 Dismissal

6   Order") and April 23, 2014 Order Granting in Part and Denying in Part Nextdoor.com's Motion

7   for Partial Summary Judgment; and Granting in Part and Denying in Part Counterdefendant

8   Benchmark Capital's Motion to Dismiss Second Amended Counterclaim [Dkt. No. 182] ("April

9   2014 Dismissal Order").

10   Any allegations not specifically admitted below are hereby denied.  These answers are

11   based on the knowledge and information currently available to Benchmark, and Benchmark

12   reserves the right to amend these answers based on facts later discovered, pled, or offered.

13   **PARTIES**[2]

14   86.   Benchmark lacks knowledge or information sufficient to form a belief about the

15   allegations contained in paragraph 86 and, on that basis, denies them.

16   87.   Benchmark lacks knowledge or information sufficient to form a belief about the

17   allegations contained in paragraph 87 and, on that basis, denies them.

18   88.   Benchmark lacks knowledge or information sufficient to form a belief about the

19   allegations contained in paragraph 88 and, on that basis, denies them.

20   89.   Benchmark lacks knowledge or information sufficient to form a belief about the

21   allegations contained in paragraph 89 and, on that basis, denies them.

22   90.   Benchmark lacks knowledge or information sufficient to form a belief about the

23   allegations contained in paragraph 91 and, on that basis, denies them.

[1]   Purported Counterdefendant Benchmark Capital Partners, L.P. no longer exists. Benchmark Capital Management Co. LLC formerly was the general partner of Benchmark Capital Partners, L.P. and answers on its behalf, to the extent any answer is required.

[2]   For the Court's convenience, Benchmark has included the headings and subheadings that appear in Abhyanker's pleadings.  To the extent any headings or subheadings constitute or include allegations, Benchmark denies such allegations.

LATHAM&WATKINS LLP
ATTORNEYS AT LAW
SILICON VALLEY
1
BENCHMARK'S ANSWER TO ABHYANKER'S SECOND
AMENDED COUNTERCLAIM
Case Number: 3:12-cv-05667-EMC

91.    Benchmark admits that Benchmark Capital Management Co. LLC is a Delaware limited liability company.  Benchmark denies the remaining allegations in this paragraph.

92.    Benchmark lacks knowledge or information sufficient to form a belief about the allegations contained in paragraph 92 and, on that basis, denies them.

## JURISDICTION AND VENUE

93.    Paragraph 93 is a legal conclusion to which no response is required.  To the extent any response is required, Benchmark admits that this Court has subject matter jurisdiction over the SACC.

94.    Paragraph 94 is a legal conclusion to which no response is required.  To the extent any response is required, Benchmark admits that Benchmark is subject to personal jurisdiction in this district.

95.    Paragraph 95 is a legal conclusion to which no response is required.  To the extent any response is required, Benchmark admits that venue is proper in this judicial district.

## FACTS RELEVANT TO ALL COUNTERCLAIMS

A.    **Nextdoor.com And Benchmark Capital Have A History Of Stealing Information And Ideas**

96.    Denied.

97.    Benchmark admits that it hosts Entrepreneurs-in-Residence ("EIRs").  Benchmark further admits that EIRs do not necessarily have a fully formulated business concept while they are in residence, and that Benchmark selects EIRs with the hope of investing in the EIRs in the future.  Benchmark further admits that EIRs are sometimes invited to participate in meetings with companies that are pitching ideas to Benchmark.  Benchmark denies all remaining allegations contained or implied in this paragraph.

98.    Benchmark lacks knowledge or information sufficient to form a belief about the allegations contained in paragraph 98 and, on that basis, denies them.

LATHAM&WATKINS LLP
ATTORNEYS AT LAW
SILICON VALLEY

2

BENCHMARK'S ANSWER TO ABHYANKER'S SECOND
AMENDED COUNTERCLAIM
Case Number: 3:12-cv-05667-EMC

**B.      Abhyanker Develops The LegalForce/Nextdoor Online Neighborhood Social Network Concepts and Trade Secrets**

99.      Benchmark lacks knowledge or information sufficient to form a belief about the allegations contained in paragraph 99 and, on that basis, denies them.

100.      To the extent this paragraph alleges trade secrets other than the Lorelei Trade Secret, as defined in Abhyanker's Second Amended Designation of Trade Secrets [Dkt. No. 135] ("SAD"), it has been dismissed by the July 2013 and April 2014 Dismissal Orders and no response is required.  To the extent this paragraph contains legal conclusions, no response is required.  Benchmark lacks knowledge or information sufficient to form a belief about the remaining allegations in this paragraph and, on that basis, denies them.

101.      Benchmark lacks knowledge or information sufficient to form a belief about the allegations contained in paragraph 101 and, on that basis, denies them.

102.      Benchmark lacks knowledge or information sufficient to form a belief about the allegations contained in paragraph 102 and, on that basis, denies them.

103.      Benchmark lacks knowledge or information sufficient to form a belief about the allegations contained in paragraph 103 and, on that basis, denies them.

**C.      Abhyanker Hires Sood to Work On His Trade Secret LegalForce/Nextdoor Concept**

104.      Benchmark lacks knowledge or information sufficient to form a belief about the allegations contained in paragraph 104 and, on that basis, denies them.

105.      To the extent Paragraph 105 contains legal conclusions, no response is required. Benchmark lacks knowledge or information sufficient to form a belief about the remaining allegations in this paragraph and, on that basis, denies them.

106.      Benchmark lacks knowledge or information sufficient to form a belief about the allegations contained in paragraph 106 and, on that basis, denies them.

107.      Benchmark admits that Kevin R. Harvey and Peter Fenton are managing members and equity holders of Benchmark Capital Management Co. VII, LLC, which is the General Partners of Benchmark Capital Partners VII, L.P.  Benchmark otherwise lacks knowledge or

LATHAM&WATKINS LLP
ATTORNEYS AT LAW
SILICON VALLEY

3

BENCHMARK'S ANSWER TO ABHYANKER'S SECOND
AMENDED COUNTERCLAIM
Case Number: 3:12-cv-05667-EMC

1  information sufficient to form a belief about the allegations contained in paragraph 107 and, on

2  that basis, denies them.

3       108.     Benchmark lacks knowledge or information sufficient to form a belief about the

4  allegations contained in paragraph 108 and, on that basis, denies them.

5  **D.    Abhyanker Forms Fatdoor, Inc.**

6       109.     Benchmark lacks knowledge or information sufficient to form a belief about the

7  allegations contained in paragraph 109 and, on that basis, denies them.

8       110.     Benchmark lacks knowledge or information sufficient to form a belief about the

9  allegations contained in paragraph 110 and, on that basis, denies them.

10      111.     Benchmark lacks knowledge or information sufficient to form a belief about the

11  allegations contained in paragraph 111 and, on that basis, denies them.

12      112.     Benchmark lacks knowledge or information sufficient to form a belief about the

13  allegations contained in paragraph 112 and, on that basis, denies them.

14      113.     Benchmark lacks knowledge or information sufficient to form a belief about the

15  allegations contained in paragraph 113 and, on that basis, denies them.

16      114.     Benchmark lacks knowledge or information sufficient to form a belief about the

17  allegations contained in paragraph 114 and, on that basis, denies them.

18      115.     Benchmark lacks knowledge or information sufficient to form a belief about the

19  allegations contained in paragraph 115 and, on that basis, denies them.

20  **E.    Sood Was Not Chosen To Be Part Of Fatdoor's Founding Team**

21      116.     Benchmark lacks knowledge or information sufficient to form a belief about the

22  allegations contained in paragraph 116 and, on that basis, denies them.

23  **F.    Abhyanker Confidentially Discloses His Trade Secrets To Benchmark
             Capital**
24

25      117.     Benchmark lacks knowledge or information sufficient to form a belief about the

26  allegations contained in paragraph 117 and, on that basis, denies them.

27      118.     Benchmark lacks knowledge or information sufficient to form a belief about the

28  allegations contained in paragraph 118 and, on that basis, denies them.

LATHAM&WATKINS LLP
ATTORNEYS AT LAW
SILICON VALLEY

4

BENCHMARK'S ANSWER TO ABHYANKER'S SECOND
AMENDED COUNTERCLAIM
Case Number: 3:12-cv-05667-EMC

119.    Benchmark lacks knowledge or information sufficient to form a belief about the allegations contained in paragraph 119 and, on that basis, denies them.

120.    Benchmark admits that Fatdoor.com and Benchmark had one or more meetings in or about the period between June 20 and 22, 2007. Benchmark denies all remaining allegations contained or implied in this paragraph.

121.    To the extent this paragraph relates to alleged trade secrets other than the Lorelei Trade Secret, as defined in Abhyanker's SAD, it has been dismissed by the July 2013 and April 2014 Dismissal Orders and no response is required. Benchmark admits that Fatdoor.com and Benchmark had one or more meetings in or about the period between June 20 and 22, 2007. Benchmark denies all remaining allegations contained or implied in this paragraph.

122.    To the extent this paragraph relates to alleged trade secrets other than the Lorelei Trade Secret, as defined in Abhyanker's SAD, it has been dismissed by the July 2013 and April 2014 Dismissal Orders and no response is required. Benchmark denies all remaining allegations contained or implied in this paragraph.

123.    To the extent this paragraph relates to alleged trade secrets other than the Lorelei Trade Secret, as defined in Abhyanker's SAD, it has been dismissed by the July 2013 and April 2014 Dismissal Orders and no response is required. Benchmark denies all remaining allegations contained or implied in this paragraph.

124.    To the extent this paragraph relates to alleged trade secrets other than the Lorelei Trade Secret, as defined in Abhyanker's SAD, it has been dismissed by the July 2013 and April 2014 Dismissal Orders and no response is required. Benchmark denies all remaining allegations contained or implied in this paragraph.

125.    To the extent this paragraph relates to alleged trade secrets other than the Lorelei Trade Secret, as defined in Abhyanker's SAD, it has been dismissed by the July 2013 and April 2014 Dismissal Orders and no response is required. Benchmark denies all remaining allegations contained or implied in this paragraph.

LATHAM&WATKINS LLP
ATTORNEYS AT LAW
SILICON VALLEY

5

BENCHMARK'S ANSWER TO ABHYANKER'S SECOND
AMENDED COUNTERCLAIM
Case Number: 3:12-cv-05667-EMC

126.    Benchmark deny all allegations in paragraph 126 pertaining to Benchmark. Benchmark lacks knowledge or information sufficient to form a belief about the remaining allegations contained in paragraph 126 and, on that basis, denies them.

**G.    The Subsequent History Of Fatdoor And LegalForce, Inc.**

127.    Benchmark lacks knowledge or information sufficient to form a belief about the allegations contained in paragraph 127 and, on that basis, denies them.

128.    To the extent this paragraph alleges Patent Application No. 11/603,442 did not publicly disclose any trade secret alleged by Abhyanker in the SACC, the Court has ruled to the contrary in its July 2013 Dismissal Order, and no response is required.  Benchmark lacks knowledge or information sufficient to form a belief about the remaining allegations in paragraph 128 and, on that basis, denies them.

129.    Benchmark lacks knowledge or information sufficient to form a belief about the allegations contained in paragraph 129 and, on that basis, denies them.

130.    Benchmark lacks knowledge or information sufficient to form a belief about the allegations contained in paragraph 130 and, on that basis, denies them.

131.    Benchmark lacks knowledge or information sufficient to form a belief about the allegations contained in paragraph 131 and, on that basis, denies them.

132.    Benchmark lacks knowledge or information sufficient to form a belief about the allegations contained in paragraph 132 and, on that basis, denies them.

133.    Benchmark lacks knowledge or information sufficient to form a belief about the allegations contained in paragraph 133 and, on that basis, denies them.

**H.    Nextdoor.com's Founders Janakiraman And Tolia Were EIRs At Benchmark Capital**

134.    To the extent this paragraph relates to alleged trade secrets other than the Lorelei Trade Secret, as defined in Abhyanker's SAD, it has been dismissed by the July 2013 and April 2014 Dismissal Orders and no response is required.  Benchmark denies the remaining allegations contained in paragraph 134 that relate to Benchmark.  Benchmark otherwise lacks knowledge or

LATHAM&WATKINS LLP
ATTORNEYS AT LAW
SILICON VALLEY

6

BENCHMARK'S ANSWER TO ABHYANKER'S SECOND
AMENDED COUNTERCLAIM
Case Number: 3:12-cv-05667-EMC

information sufficient to form a belief about the allegations contained in paragraph 134 and, on that basis, denies them.

135.     To the extent this paragraph relates to alleged trade secrets other than the Lorelei Trade Secret, as defined in Abhyanker's SAD, it has been dismissed by the July 2013 and April 2014 Dismissal Orders and no response is required.  Benchmark denies the remaining allegations in this paragraph.

**I.     Nextdoor.com, Inc. Founder Janakiraman's Secret Communications With Sood**

136.     Benchmark lacks knowledge or information sufficient to form a belief about the allegations contained in paragraph 136 and, on that basis, denies them.

137.     Benchmark lacks knowledge or information sufficient to form a belief about the allegations contained in paragraph 137 and, on that basis, denies them.

138.     Benchmark lacks knowledge or information sufficient to form a belief about the allegations contained in paragraph 138 and, on that basis, denies them.

**J.     Sood Communicates With Prakash Janakiraman About Abhyanker's Trade Secrets**

139.     Benchmark lacks knowledge or information sufficient to form a belief about the allegations contained in paragraph 139 and, on that basis, denies them.

140.     Benchmark lacks knowledge or information sufficient to form a belief about the allegations contained in paragraph 140 and, on that basis, denies them.

141.     To the extent this paragraph relates to alleged trade secrets other than the Lorelei Trade Secret, as defined in Abhyanker's SAD, it has been dismissed by the Dismissal Order and no response is required.  Benchmark lacks knowledge or information sufficient to form a belief about the allegations contained in paragraph 141 and, on that basis, denies them.

142.     Benchmark lacks knowledge or information sufficient to form a belief about the allegations contained in paragraph 141 and, on that basis, denies them.

143.     Benchmark lacks knowledge or information sufficient to form a belief about the allegations contained in paragraph 142 and, on that basis, denies them.

LATHAM&WATKINSLLP
ATTORNEYS AT LAW
SILICON VALLEY

7

BENCHMARK'S ANSWER TO ABHYANKER'S SECOND
AMENDED COUNTERCLAIM
Case Number: 3:12-cv-05667-EMC

144.     Benchmark admits that Tolia sometimes was consulted regarding potential pitches.  Benchmark denies all remaining allegations contained or implied in this paragraph.

**K.      Nextdoor.com, Inc. Prototypes Abhyanker's LegalForce/Nextdoor Concept In Abhyanker's Neighborhood**

145.     Benchmark lacks knowledge or information sufficient to form a belief about the allegations contained in paragraph 145 and, on that basis, denies them.

146.     Benchmark lacks knowledge or information sufficient to form a belief about the allegations contained in paragraph 146 and, on that basis, denies them.

147.     Benchmark lacks knowledge or information sufficient to form a belief about the allegations contained in paragraph 147 and, on that basis, denies them.

148.     To the extent this paragraph relates to alleged trade secrets other than the Lorelei Trade Secret, as defined in Abhyanker's SAD, it has been dismissed by the Dismissal Order and no response is required.  Benchmark lacks knowledge or information sufficient to form a belief about the allegations contained in paragraph 148 and, on that basis, denies them.

149.     Benchmark lacks knowledge or information sufficient to form a belief about the allegations contained in paragraph 149 and, on that basis, denies them.

150.     Benchmark lacks knowledge or information sufficient to form a belief about the allegations contained in paragraph 150 and, on that basis, denies them.

**L.      After Sood's Wrongful Disclosure, Nextdoor.com Adopts The Stolen Nextdoor Name**

151.     Benchmark lacks knowledge or information sufficient to form a belief about the allegations contained in paragraph 151 and, on that basis, denies them.

152.     Benchmark lacks knowledge or information sufficient to form a belief about the allegations contained in paragraph 152 and, on that basis, denies them.

**M.      The Counterdefendants' Misappropriation And Wrongful Acts Lead To Litigation**

153.     Benchmark admits that Abhyanker filed a complaint in the Superior Court of California for the County of Santa Clara, in which he asserted claims for trade secret

LATHAM&WATKINS^LLP
ATTORNEYS AT LAW
SILICON VALLEY

8

BENCHMARK'S ANSWER TO ABHYANKER'S SECOND
AMENDED COUNTERCLAIM
Case Number: 3:12-cv-05667-EMC

misappropriation, breach of contract and, additional torts ("State Court Action"). Benchmark denies that Abhyanker's claims had any merit and notes that he voluntarily dismissed the action. Benchmark lacks knowledge or information sufficient to form a belief about the allegations contained in paragraph 153 and, on that basis, denies them.

154. Benchmark lacks knowledge or information sufficient to form a belief about the allegations contained in paragraph 154 and, on that basis, denies them.

155. Benchmark admits that Abhyanker voluntarily dismissed State Court Action. Benchmark denies that Abhyanker's claims had any merit. Benchmark lacks knowledge or information sufficient to form a belief about the allegations contained in paragraph 155 and, on that basis, denies them.

156. Benchmark admits that Nextdoor.com filed the above-captioned lawsuit on November 5, 2012 and that Nextdoor.com has asserted claims for trademark misappropriation against Abhyanker. Benchmark denies that Abhyanker's claims against Benchmark have any merit. Benchmark lacks knowledge or information sufficient to form a belief about the remaining allegations contained in paragraph 156 and, on that basis, denies them.

157. Denied.

158. To the extent this paragraph alleges Patent Application No. 11/603,442 did not publicly disclose any trade secret alleged by Abhyanker in the SACC, the Court has ruled to the contrary in its July 2013 Dismissal Order, and no response is required. Benchmark lacks knowledge or information sufficient to form a belief about the remaining allegations contained in paragraph 158 and, on that basis, denies them.

**N.     Abhyanker's Trademark Rights In The NEXTDOOR Mark**

159. Benchmark lacks knowledge or information sufficient to form a belief about the allegations contained in paragraph 159 and, on that basis, denies them.

160. Benchmark lacks knowledge or information sufficient to form a belief about the allegations contained in paragraph 160 and, on that basis, denies them.

161. Benchmark lacks knowledge or information sufficient to form a belief about the allegations contained in paragraph 161 and, on that basis, denies them.

LATHAM&WATKINS LLP
ATTORNEYS AT LAW
SILICON VALLEY

9

BENCHMARK'S ANSWER TO ABHYANKER'S SECOND
AMENDED COUNTERCLAIM
Case Number: 3:12-cv-05667-EMC

1    162.    Benchmark lacks knowledge or information sufficient to form a belief about the
2  allegations contained in paragraph 162 and, on that basis, denies them.

3    163.    Benchmark lacks knowledge or information sufficient to form a belief about the
4  allegations contained in paragraph 163 and, on that basis, denies them.

5  **O.    Abhyanker's Trademark Rights In The FATDOOR Marks**

6    164.    Benchmark lacks knowledge or information sufficient to form a belief about the
7  allegations contained in paragraph 164 and, on that basis, denies them.

8    165.    Benchmark lacks knowledge or information sufficient to form a belief about the
9  allegations contained in paragraph 165 and, on that basis, denies them.

10    166.    Benchmark lacks knowledge or information sufficient to form a belief about the
11  allegations contained in paragraph 166 and, on that basis, denies them.

12    167.    Benchmark lacks knowledge or information sufficient to form a belief about the
13  allegations contained in paragraph 167 and, on that basis, denies them.

14    168.    Benchmark lacks knowledge or information sufficient to form a belief about the
15  allegations contained in paragraph 168 and, on that basis, denies them.

16    169.    Benchmark lacks knowledge or information sufficient to form a belief about the
17  allegations contained in paragraph 169 and, on that basis, denies them.

18    170.    Benchmark lacks knowledge or information sufficient to form a belief about the
19  allegations contained in paragraph 170 and, on that basis, denies them.

20    171.    Benchmark lacks knowledge or information sufficient to form a belief about the
21  allegations contained in paragraph 171 and, on that basis, denies them.

22    172.    Benchmark lacks knowledge or information sufficient to form a belief about the
23  allegations contained in paragraph 172 and, on that basis, denies them.

24    173.    Benchmark lacks knowledge or information sufficient to form a belief about the
25  allegations contained in paragraph 173 and, on that basis, denies them.

26  **P.    Nextdoor.com's Infringing Trademark Application**

27    174.    Benchmark lacks knowledge or information sufficient to form a belief about the
28  allegations contained in paragraph 174 and, on that basis, denies them.

LATHAM&WATKINS LLP
ATTORNEYS AT LAW
SILICON VALLEY

10

BENCHMARK'S ANSWER TO ABHYANKER'S SECOND
AMENDED COUNTERCLAIM
Case Number: 3:12-cv-05667-EMC

175.     Benchmark lacks knowledge or information sufficient to form a belief about the allegations contained in paragraph 175 and, on that basis, denies them.

176.     Benchmark lacks knowledge or information sufficient to form a belief about the allegations contained in paragraph 176 and, on that basis, denies them.

177.     Benchmark lacks knowledge or information sufficient to form a belief about the allegations contained in paragraph 177 and, on that basis, denies them.

178.     Benchmark lacks knowledge or information sufficient to form a belief about the allegations contained in paragraph 178 and, on that basis, denies them.

179.     Benchmark lacks knowledge or information sufficient to form a belief about the allegations contained in paragraph 179 and, on that basis, denies them.

**Q.     Nextdoor.com, Inc. Knew Of Abhyanker's Rights In The Nextdoor/Fatdoor Names Prior To Filing Its Federal Trademark Application For NEXTDOOR**

180.     Benchmark lacks knowledge or information sufficient to form a belief about the allegations contained in paragraph 180 and, on that basis, denies them.

181.     Benchmark lacks knowledge or information sufficient to form a belief about the allegations contained in paragraph 181 and, on that basis, denies them.

182.     Benchmark denies the allegations contained in paragraph 182 that relate to Benchmark.  Benchmark otherwise lacks knowledge or information sufficient to form a belief about the allegations contained in paragraph 182 and, on that basis, denies them.

183.     Benchmark lacks knowledge or information sufficient to form a belief about the allegations contained in paragraph 183 and, on that basis, denies them.

184.     Benchmark lacks knowledge or information sufficient to form a belief about the allegations contained in paragraph 184 and, on that basis, denies them.

185.     Benchmark lacks knowledge or information sufficient to form a belief about the allegations contained in paragraph 185 and, on that basis, denies them.

186.     Benchmark lacks knowledge or information sufficient to form a belief about the allegations contained in paragraph 186 and, on that basis, denies them.

LATHAM&WATKINS LLP
ATTORNEYS AT LAW
SILICON VALLEY

11

BENCHMARK'S ANSWER TO ABHYANKER'S SECOND
AMENDED COUNTERCLAIM
Case Number: 3:12-cv-05667-EMC

**FIRST COUNTERCLAIM**
**TRADE SECRET MISAPPROPRIATION**
**(Against All Defendants)**

187.   Benchmark incorporates its responses to the foregoing paragraphs 86-186 herein.

188.   Denied.

189.   Denied.

190.   Denied.

191.   Denied.

192.   Denied.

193.   Denied.

194.   Denied.

**SECOND COUNTERCLAIM**
**TRADEMARK INFRINGEMENT**
**(Against Nextdoor.com)**

195.   Benchmark incorporates its responses to the foregoing paragraphs 86-194 herein.

196.   As the allegations in this paragraph pertain to a claim that is not asserted against Benchmark, Benchmark has no obligation to admit or deny these allegations.

197.   As the allegations in this paragraph pertain to a claim that is not asserted against Benchmark, Benchmark has no obligation to admit or deny these allegations.

198.   As the allegations in this paragraph pertain to a claim that is not asserted against Benchmark, Benchmark has no obligation to admit or deny these allegations.

199.   As the allegations in this paragraph pertain to a claim that is not asserted against Benchmark, Benchmark has no obligation to admit or deny these allegations.

200.   As the allegations in this paragraph pertain to a claim that is not asserted against Benchmark, Benchmark has no obligation to admit or deny these allegations.

201.   As the allegations in this paragraph pertain to a claim that is not asserted against Benchmark, Benchmark has no obligation to admit or deny these allegations.

**THIRD COUNTERCLAIM**
**INFRINGEMENT OF UNREGISTERED TRADEMARK**
**(Against Nextdoor.com)**

202.   Benchmark incorporates its responses to the foregoing paragraphs 86-201 herein.

LATHAM&WATKINS LLP
ATTORNEYS AT LAW
SILICON VALLEY

12

BENCHMARK'S ANSWER TO ABHYANKER'S SECOND
AMENDED COUNTERCLAIM
Case Number: 3:12-cv-05667-EMC

1    203.    As the allegations in this paragraph pertain to a claim that is not asserted against

2    Benchmark, Benchmark has no obligation to admit or deny these allegations.

3    204.    As the allegations in this paragraph pertain to a claim that is not asserted against

4    Benchmark, Benchmark has no obligation to admit or deny these allegations.

5    205.    As the allegations in this paragraph pertain to a claim that is not asserted against

6    Benchmark, Benchmark has no obligation to admit or deny these allegations.

7    206.    As the allegations in this paragraph pertain to a claim that is not asserted against

8    Benchmark, Benchmark has no obligation to admit or deny these allegations.

9    207.    As the allegations in this paragraph pertain to a claim that is not asserted against

10    Benchmark, Benchmark has no obligation to admit or deny these allegations.

11
**FOURTH COUNTERCLAIM**
**CALIFORNIA UNFAIR COMPETITION**
12
**(Against Nextdoor.com)**

13    208.    Benchmark incorporates its responses to the foregoing paragraphs 86-207 herein.

14    209.    As the allegations in this paragraph pertain to a claim that is not asserted against

15    Benchmark, Benchmark has no obligation to admit or deny these allegations.

16    210.    As the allegations in this paragraph pertain to a claim that is not asserted against

17    Benchmark, Benchmark has no obligation to admit or deny these allegations.

18    211.    As the allegations in this paragraph pertain to a claim that is not asserted against

19    Benchmark, Benchmark has no obligation to admit or deny these allegations.

20
**PRAYER FOR RELIEF**

21    Benchmark denies that Abhyanker is entitled to judgment on any allegations or claims

22    asserted in the SACC and deny that he is entitled to any requested relief.

23
**AFFIRMATIVE DEFENSES**

24    Benchmark asserts the following defenses in response to the allegations contained in the

25    SACC.  By asserting these defenses, Benchmark does not concede that it bears the burden of

26    proof on any such defenses.

27
**FIRST AFFIRMATIVE DEFENSE**

28    Abhyanker fails to state facts sufficient to state a claim against Benchmark.

LATHAM&WATKINSLLP
ATTORNEYS AT LAW
SILICON VALLEY

13

BENCHMARK'S ANSWER TO ABHYANKER'S SECOND
AMENDED COUNTERCLAIM
Case Number: 3:12-cv-05667-EMC

**SECOND AFFIRMATIVE DEFENSE**

Abhyanker has brought or alleged certain of his claims in bath faith, without reasonable inquiry, and for an improper purpose.

**THIRD AFFIRMATIVE DEFENSE**

Abhyanker's claims are barred, in whole or in part, because Abhyanker lacks standing due to his lack of ownership of the alleged trade secrets asserted.

**FOURTH AFFIRMATIVE DEFENSE**

Abhyanker's claims are barred, in whole or in part, by the doctrines of laches, waiver and/or estoppel.

**FIFTH AFFIRMATIVE DEFENSE**

Abhyanker's claims are barred, in whole or in part, by the doctrine of unclean hands and/or *in pari delicto*.

**SIXTH AFFIRMATIVE DEFENSE**

Abhyanker's claim for trade secret misappropriation is barred, in whole or in part, because he disclosed the purported trade secrets without any conditions of confidentiality, including, without limitation to the general public through patent applications and to third parties.

**SEVENTH AFFIRMATIVE DEFENSE**

Abhyanker's trade secret misappropriation claim is barred, in whole or in part, because Abhyanker's purported trade secrets are known or readily ascertainable by the relevant industry and/or by persons who could obtain economic value, if any, from their information and were in the public domain.

**EIGHTH AFFIRMATIVE DEFENSE**

Abhyanker's trade secret misappropriation claim is barred, in whole or in part, because Benchmark did not obtain any purported trade secrets by improper means.

**NINTH AFFIRMATIVE DEFENSE**

Abhyanker's claim for trade secret misappropriation is barred, in whole or in part, because he has failed to identify and describe any valid trade secrets with the particularity required by the Uniform Trade Secrets Act, Cal. Civil Code § 3426 *et seq*

LATHAM&WATKINS<sub>LLP</sub>
ATTORNEYS AT LAW
SILICON VALLEY

14

BENCHMARK'S ANSWER TO ABHYANKER'S SECOND
AMENDED COUNTERCLAIM
Case Number: 3:12-cv-05667-EMC

**TENTH AFFIRMATIVE DEFENSE**

Abhyanker's claims are barred, in whole or in part, because each cause of action is vague, ambiguous and uncertain.

**ELEVENTH AFFIRMATIVE DEFENSE**

Abhyanker's claims are barred, in whole or in part, because Abhyanker has not suffered and will not suffer any injury or damage.

**TWELFTH AFFIRMATIVE DEFENSE**

Abhyanker's claims are barred, in whole or in part, because Abhyanker failed to mitigate any alleged damages.

**THIRTEENTH AFFIRMATIVE DEFENSE**

If Abhyanker has suffered and/or will suffer any damages as alleged in the SACC, such damages have been and/or will be proximately caused, in whole or in part, by the negligent, willful, or tortious acts or omissions and comparative fault of Abhyanker, which acts or omissions equal or exceed any alleged wrongdoing by Benchmark and which bar or diminish any recovery by Abhyanker from Benchmark.

**FOURTEENTH AFFIRMATIVE DEFENSE**

If Abhyanker has suffered and/or will suffer any damages as alleged in the SACC, such damages have been and/or will be proximately caused, in whole or in part, by the negligent, willful, or tortious acts or omissions and comparative fault of persons or entities over whom Benchmark had/have no control, and for whose conduct Benchmark is not responsible, which bars or diminishes any recovery by Abhyanker against Benchmark.

**FIFTEENTH AFFIRMATIVE DEFENSE**

Granting Abhyanker the relief sought by the SACC would constitute unjust enrichment.

**SIXTEENTH AFFIRMATIVE DEFENSE**

Abhyanker's claims are barred, in whole or in part, because the damages, if any, suffered by Abhyanker were not proximately caused by any conduct on the part of Benchmark.

LATHAM&WATKINS LLP
ATTORNEYS AT LAW
SILICON VALLEY

15

BENCHMARK'S ANSWER TO ABHYANKER'S SECOND
AMENDED COUNTERCLAIM
Case Number: 3:12-cv-05667-EMC

1

## SEVENTEENTH AFFIRMATIVE DEFENSE

2      The losses allegedly suffered by Abhyanker, if any, were caused by intervening and

3 superseding causes, thereby relieving Benchmark of any purported liability in this action.

4

## EIGHTEENTH AFFIRMATIVE DEFENSE

5      Abhyanker's claims are barred, in whole or in part, by the statute of frauds.

6

## NINETEENTH AFFIRMATIVE DEFENSE

7      Benchmark acted in good faith at all times.

8

## TWENTIETH AFFIRMATIVE DEFENSE

9      The SACC fails to justify an award of exemplary or punitive damages.

10

## RESERVATION OF RIGHT TO ASSERT ADDITIONAL DEFENSES

11      Benchmark reserves the right to assert additional affirmative defenses in the event that

12 clarification of Abhyanker's claims or allegations, discovery, analysis, or investigation reveals

13 that other defenses are appropriate.

14

## PRAYER FOR RELIEF

15      **WHEREFORE,** Benchmark prays for judgment as follows:

16      1.      That Abhyanker take nothing by his SACC;

17      2.      That the SACC, and each purported causes of action against Benchmark, be

18 dismissed with prejudice against Benchmark;

19      3.      That the Court award Benchmark its reasonable attorneys' fees and costs of suit

20 incurred in this action; and

21      4.      That the Court grant Benchmark such other and further relief as to which it is

22 now, or hereafter may be entitled.

23

24 Dated:  June 5, 2014                                Respectfully submitted,

25                                                    LATHAM & WATKINS LLP

26                                                    By   /s/ Matthew Rawlinson
                                                         Matthew Rawlinson
27
                                                    Attorneys for Counterdefendant
28                                                   Benchmark Capital Management Co. LLC

LATHAM&WATKINS LLP
ATTORNEYS AT LAW
SILICON VALLEY

16

BENCHMARK'S ANSWER TO ABHYANKER'S SECOND
AMENDED COUNTERCLAIM
Case Number: 3:12-cv-05667-EMC

1

## **DEMAND FOR JURY TRIAL**

2          Benchmark demands a jury trial on all issues so triable.

3

4   Dated:  June 5, 2014                    Respectfully submitted,

5                                           LATHAM & WATKINS LLP

6
                                            By   /s/ Matthew Rawlinson
7                                               Matthew Rawlinson

8                                           Attorneys for Counterdefendant
                                            Benchmark Capital Management Co. LLC
9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

LATHAM&WATKINS LLP
ATTORNEYS AT LAW
SILICON VALLEY

17

BENCHMARK'S ANSWER TO ABHYANKER'S SECOND
AMENDED COUNTERCLAIM
Case Number: 3:12-cv-05667-EMC