**BRUNO W. TARABICHI**, CA State Bar No. 215129
bruno@legalforcelaw.com
**HEATHER R. NORTON**, CA State Bar No. 257014
heather@legalforcelaw.com
**SCOTT J. ALLEN**, CA State Bar No. 178925
scott@legalforcelaw.com
**BRIAN ORION**, CA State Bar No. 239460
brian@legalforcelaw.com
**LEGALFORCE RAJ ABHYANKER, P.C.**
1580 W. El Camino Real, Suite 13
Mountain View, California 94040
Telephone:  650.965.8731
Facsimile:   650.989.2131

Attorneys for Defendant
Raj Abhyanker

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| NEXTDOOR.COM, INC., a Delaware corporation,<br><br>             Plaintiff,<br><br>       vs.<br><br>RAJ ABHYANKER, an individual,<br><br>             Defendant. | Case No. 3:12-cv-05667-EMC<br><br>**[PROPOSED] ORDER REGARDING JOINT DISCOVERY LETTER FILED AS ECF NO. 213**<br><br>Date:          July 17, 2014<br>Time:         1:30 p.m.<br>Courtroom: 5 – 17th Floor<br>Judge:        Honorable Edward M. Chen |
| RAJ ABHYANKER, an individual<br><br>             Counterclaimant,<br><br>       vs.<br><br>NEXTDOOR.COM, INC., a Delaware corporation; PRAKASH JANAKIRAMAN, an individual; BENCHMARK CAPITAL PARTNERS, L.P., a Delaware limited partnership; BENCHMARK CAPITAL MANAGEMENT CO. LLC, a Delaware limited liability company; SANDEEP SOOD, an individual; MONSOON ENTERPRISES, INC., a California corporation, and DOES 1–50, inclusive;<br><br>             Counterdefendants. | |

**AFTER FULL CONSIDERATION** of the Joint Discovery Letter submitted by Plaintiff Nextdoor.com and Defendant Raj Abhyanker, **THE COURT HEREBY FINDS AND ORDERS THAT**

1. <u>Abhyanker's Preservations Efforts To Date Are Sufficient</u>. On Monday, June 9, 2014, Mr. Abhyanker's counsel took physical custody of various computers and storage drives identified as potentially having been used by Mr. Abhyanker personally or used for shared storage of documents within the LegalForce offices. The computers and storage drives were taken from (1) three LegalForce offices (two in Mountain View and one in Palo Alto), and (2) Mr. Abhyanker's personal possession (his personal laptop and iPad). Counsel turned the computers and storage drives over to an outside computer forensic expert to make forensic copies. Additionally, the passwords on Mr. Abhyanker's email accounts (icloud, rajpatent, trademarkia, legalforce, legalforcelaw, eatbid, and fatdoor) were re-set in order to temporarily deny Mr. Abhyanker access to those accounts. The new passwords have been stored with encryption by a single staff member with strict instructions that the passwords are not to be provided to Mr. Abhyanker. Thus, for the time being, Mr. Abhyanker should have no access to his emails or associated cloud storage (google drives, iCloud, etc). The new passwords were given to the outside computer forensic expert, who has been asked to make copies of the information stored on those emails and any associated cloud-based storage services. Mr. Abhyanker will not be given access to his computers or the email/storage accounts again until after the forensic expert completes the process of making copies of the data. Forensic imaging of the computers was completed by June 11, 2014, but images of several storage drives and the email accounts/cloud storage is still in the works. The forensic expert has estimated that the process may take until the end of this week. The Court finds that the aforementioned efforts taken by Mr. Abhyanker's counsel are sufficient and adequately preserve the discoverable records.

2. <u>Abhyanker Is Entitled to a Protective Order Against Burdensome Discovery</u>. Mr. Abhyanker has dismissed his counterclaims against Benchmark, Sood and Monsoon and has stated his intention to dismiss his counterclaims against Nextdoor.com, subject to a stipulation or

1 motion to dismiss to be filed in the near future. The remaining issue in this case consists of
2 imposing an unreasonable burden on Mr. Abhyanker to search through hundreds of thousands of
3 documents stored in electronic format, including the additional burden of locating every version
4 of every electronic document in the hopes of obtaining metadata to call into question the
5 authenticity of documents. Accordingly, Mr. Abhyanker is not required to engage in discovery
6 relating to claims that have been dismissed or agreed to be dismissed and whose sole remaining
7 relevancy is Nextdoor's claim for attorneys' fees.

8       3. <u>Mr. Abhyanker's Computer Forensic Expert Should Not Be Required To Take
9 Instruction From Nextdoor.com</u>: The computer forensic expert hired by Mr. Abhyanker's
10 counsel, Jon Berryhill, is preserving electronic data as described above. However,
11 Nextdoor.com's proposed order seeks to require Mr. Berryhill to take joint direction from
12 Nextdoor.com and Mr. Abhyanker's counsel to perform tasks of searching and producing
13 electronic documents. Mr. Abhyanker objects to Nextdoor.com's attempt to co-opt his expert in
14 this manner. Mr. Abhyanker's counsel may use Mr. Berryhill as an expert to testify about
15 interpretation of metadata or other matters and to rebut arguments or opinions presented by
16 experts offered by Nextdoor.com. Mr. Abhyanker and his counsel are willing to work with
17 Nextdoor.com's counsel to retain a separate electronic information search firm (not Mr. Berryhill)
18 to search the electronic data for the responsive documents sought by Nextdoor.com, although Mr.
19 Abhyanker must retain the right to designate documents as privileged (the Court should keep in
20 mind that Mr. Abhyanker is an attorney and his computers likely contain privileged
21 communications with and work performed for third party clients, which privilege must be
22 maintained).

23       4. <u>Abhyanker May Be Given Additional Time To Search, Review, and Produce
24 Voluminous Records.</u> Mr. Abhyanker's counsel has preserved 16 computers and storage devices
25 (one of which contained 4 storage drives) containing of electronic data. Several of the drives
26 have storage capacities equal to or exceeding 1 terabyte (a terabyte is 1,024 Gigabytes). In short,
27 the electronic data most likely equates to at least hundreds of thousands of pages of documents.
28 Mr. Abhaynker and his counsel do not have the resources to search, review, and produce

documents from such a voluminous amount of electronic information by June 20, 2014 (much less the July 16 date proposed by Nextdoor.com. Accordingly, Mr. Abhyanker is afforded an additional 30 days to complete this process.

5. <u>Abhyanker Shall Not Be Deposed a Third Day</u>. The Federal Rules of Civil Procedure ("FRCP") limit the deposition of an individual to a single day of seven hours. This limit was extended by agreement to two days of 14 hours when there were many additional parties and claims in this case. Since then, Benchmark Capital, Sandeep Sood, and Monsoon Enterprises have been dimissed as parties. In addition, Mr. Abhyanker has agreed to dismiss all of his counterclaims against the remaining party Nextdoor.com. Accordingly, there is no need for a third day of deposition of Raj Abhyanker. The only item that remains is Nextdoor.com's intention to seek its attorneys fees for having to bring claims and defend claims in this case. A third day of deposition is not necessary given the limited nature of the matters that remain in this case.

6. <u>Abhyanker Is Entitled to Reschedule the Depositions of Nextdoor.com, Prakash Janakiraman, and Nirav Tolia</u>. Mr. Abhyanker had originally noticed and scheduled the depositions of Prakash Janakiraman, Nextdoor.com, and Nirav Tolia for June 10, 11, and 17 respectively. During his deposition, Mr. Abhyanker instructed his counsel and advised opposing counsel that he wished to cancel all remaining depositions. Accordingly, the depositions were cancelled and taken off-calendar. Yesterday, Mr. Abhyanker changed his mind and now seeks to depose Prakash Janikaraman, Nextdoor.com, and Nirav Tolia. Mr. Abhyanker requests that the Court allow the depositions to be taken either before or after the discovery cut-off. The Court orders that Nextdoor.com's counsel make these three parties available for deposition before the discovery cut-off date.

7. <u>Mr. Abhyanker Reserves the Right To Supplement This Proposed Order.</u> Given that Mr. Abhyanker's email access has been cut off temporarily, it has been difficult for counsel to obtain his consent to each of the terms of this proposed order, and Mr. Abhyanker therefore reserves the right to supplement this proposed order.

3

[PROPOSED] ORDER
CASE NO. 3:12-cv-05667-EMC

1     ENTERED this _____ day of June, 2014.

                                                        HON. NATHANAEL M. COUSINS
                                                       UNITED STATES MAGISTRATE JUDGE