Hon. Nathanael M. Cousins
United States District Court
450 Golden Gate Avenue
San Francisco, CA 94102

      Re:    ***Nextdoor.com, Inc. v. Raj Abhyanker*, No. 3:12-cv-05667-EMC,**
                  **Joint Discovery Letter:  Discovery Cutoff June 19, 2014**

Dear Judge Cousins:

      Nextdoor.com, Inc. ("Nextdoor") and Raj Abhyanker ("Mr. Abhyanker") jointly submit this Discovery Letter Brief seeking the Court's assistance with disputed discovery issues. Counsel represent they have met and conferred on these issues and have been unable to reach agreement.

**Nextdoor.com's Position**

      Nextdoor asks the Court to order that Mr. Tolia and Mr. Janakiraman need not appear for deposition, and that the only remaining discovery due from Nextdoor to Mr. Abhyanker shall be regarding Nextdoor.com's affirmative trademark infringement claim.

      Mr. Abhyanker acknowledged during his June 7, 2014 deposition that he now knows his misappropriation claim against Nextdoor.com and Mr. Janakiraman is baseless, and that Nextdoor.com is innocent of wrongdoing.  His counsel later advised Nextdoor.com's counsel that he intends to withdraw not only his misappropriation claim but all his remaining claims against Nextdoor.com.  Mr. Abhyanker has further informed the Court of his intention to dismiss his counterclaims against Nextdoor.com. [Dkt. 219].

      The only remaining claims in this case, then, are Nextdoor's claims against Mr. Abhyanker for infringement of Nextdoor's own NEXTDOOR trademark, and for cybersquatting.  No actual damages are claimed; at this juncture, Nextdoor seeks only statutory damages and attorneys' fees.  Judge Chen has already determined that Nextdoor owns the NEXTDOOR mark, and it has likewise been established that Mr. Abhyanker used this mark.  *See* Dkt.  193.  Thus, the only issue remaining to be determined is whether Mr. Abhyanker's use of the NEXTDOOR mark was in bad faith.  There has been no credible argument put forth by Mr. Abhyanker that the prospective deponents at issue, Mr. Tolia and Mr. Janakiraman, have any knowledge necessary to resolve this residual issue of whether Mr. Abhyanker acted in good or bad faith when he used the mark such that they, and Nextdoor, should have to suffer the time, expense and inconvenience of depositions.[1]

---

[1] To the extent that Mr. Abhyanker seeks to assert an earlier priority date for his use of the NEXTDOOR mark, Nextdoor has offered to produce documents reflecting Nextdoor's first use of the mark.  Nextdoor believes that no deposition testimony is needed on this point, but should the Court deem it necessary, Nextdoor is willing to produce a 30(b)(6) witness on the limited topic of the date of first use by Nextdoor of the NEXTDOOR mark.

P A G E | **2**

At Mr. Abhyanker's deposition, in light of the collapse of his own affirmative claims, he completely and expressly withdrew all outstanding discovery requests and affirmative claims. This included a withdrawal of the previously noticed depositions of Mr. Tolia and Mr. Janakiraman scheduled to occur the week of June 16, 2014, as subsequently confirmed in correspondence to his counsel.  Now Mr. Abhyanker is going back on his statements, claiming that he needs the disclaimed discovery (including the depositions of Mr. Tolia and Mr. Janakiraman and production of documents relating to his dropped claims) in order to defend against Nextdoor's affirmative claims.  However, he does not have any legitimate evidentiary need for such depositions and other discovery – the issues remaining in dispute are very narrow and do not require any discovery beyond the limited document production that Nextdoor has already offered.  Mr. Abhyanker's continued insistence that these depositions go forward is nothing more than harassment of Nextdoor, designed to improperly inflict cost and burden.  The court should thus order that the depositions of Messrs. Tolia and Janakiraman be taken off calendar, and that any further discovery be strictly limited to the trademark infringement and cybersquatting claims asserted by Nextdoor.

**Mr. Abhyanker's Position:**

Mr. Abhyanker, a Defendant, will be severely prejudiced if he is not allowed to take depositions of Nextdoor.com and its co-founders Nirav Tolia and Prakash Janakiraman, and a third party, Jon R. Love ('Love') in this case.   The remaining issues in this case include whether there is a likelihood of confusion between Nextdoor's infringing use of the NEXTDOOR mark verses Abhyanker's rights in a U.S. Registered Trademark 86045328 for FATDOOR, and Abhyanker's rights in a U.S. Registered Trademark 85537718 for FATDOOR GET TO KNOW YOUR NEIGHBORS, as well as whether Mr. Abhyanker committed cyberpiracy by registering nextdoor.cm, which requires an evaluation of whether Mr. Abhyanker registered the domain name in bad faith.  The depositions of Nextdoor.com, Tolia, Janakiraman, and Jon R. Love are essential to determining resolution of this additional issue for the following reasons.

First, deposition of Tolia is essential to resolve remaining issues at least because evidence in this case suggests that Nextdoor intentionally sought to create confusion between the NEXTDOOR mark and the FATDOOR mark by doing research on press coverage on the FATDOOR mark prior to launching of his competing Nextdoor.com website (Dkt. 150-1, Exhibit J, page 78 of 155).[2]   Furthermore, evidence offered in this case suggests that Tolia lied about when he first heard about Mr. Abhyanker's use of the FATDOOR mark (Dkt. 150-1, Exhibit J, page 69 of 155). [3]   In his meeting with Mr. Abhyanker around September 28, 2012

---

[2] **Dkt. 150-1, Exhibit J, page 78 of 155** quoted as:  "I think the first time that we really came up on Fatdoor was almost nine months later before we were launching when we started to look for what has the press covered around this space. That's when we found the Fatdoor stuff."

[3] Compare **Dkt. 150-1, Exhibit J, page 69 of 155** quoted as:  "There was zero communication ever until we heard from you the first time that there was even this guy Raj and there was this

P A G E | 3

(hereinafter '2012 meeting'), Tolia first said he heard of the FATDOOR mark when he was informed of it shortly before the launch of the infringing Nextdoor.com website (Dkt. 150-1, Exhibit J, page 78 of 155). [4]   In contrast, evidence obtained through third parties suggests Tolia may have been aware of Mr. Abhyanker's use of the FATDOOR marks much earlier because Tolia was named on a list of Chief Executive Officer candidates to replace Mr. Abhyanker in or about September 2007 in Fatdoor, Inc, more than three years before Nextdoor's use of the NEXTDOOR mark (Dkt. 150-1, Exhibit L).   For at least these reasons, Mr. Abhyanker respectfully requests that he be allowed to take a deposition of Tolia.

Second, the deposition of Janakiraman is essential to resolve remaining issues in this case at least because evidence from the 2012 meeting between Mr. Abhyanker and Tolia suggests that Janakiraman may have chosen the NEXTDOOR mark based on his prior knowledge of the prior history of the FATDOOR mark popularized by Mr. Abhyanker.  Specifically, evidence obtained during the 2012 meeting suggests that Sandeep Sood, a software development contractor who had worked Mr. Abhyanker, filled out a survey for Janakiraman prior on the launch of Nextdoor.com (Dkt. 150-1, Exhibit J, page 75 of 155). [5]   For at least these reasons, Mr. Abhyanker respectfully requests that he be allowed to take a deposition of Janakiraman.

Third, deposition of Love is essential to resolve remaining issues in this case because evidence suggests that Tolia was on a list of CEO candidates to replace Mr. Abhyanker in or about September 2007 in Fatdoor, Inc. (Dkt. 150-1, Exhibit L).  This suggests that Tolia may have had knowledge of Mr. Abhyanker's efforts to popularize the FATDOOR mark as a neighborhood social network prior to using the NEXTDOOR mark for his business.  For at least

---

thing called Fatdoor" to…. **Dkt. 150-1, Exhibit J, page 75 of 155** quoted as "but there's a guy who worked with you early on that Prakash knows. I haven't met him. It's an Indian guy. I don't actually remember his name. You probably know who he is. But we had sent a survey out to our friends and family saying if there were a website that would help you connect with your neighbors, would you use it? What would you use it for - et cetera, et cetera. He was one of the recipients of the survey. He answered it and he said oh by the way, I worked on this thing. I left because - I forget exactly what he said - the founders didn't get along or the CEO got fired. But he said some - there was some reason why he didn't work with the thing."

[4] **Dkt. 150-1, Exhibit J, page 78 of 155** quoted as:  "I think the first time that we really came up on Fatdoor was almost nine months later before we were launching when we started to look for what has the press covered around this space. That's when we found the Fatdoor stuff."

[5] **Dkt. 150-1, Exhibit J, page 75 of 155** quoted as "but there's a guy who worked with you early on that Prakash knows. I haven't met him. It's an Indian guy. I don't actually remember his name. You probably know who he is. But we had sent a survey out to our friends and family saying if there were a website that would help you connect with your neighbors, would you use it? What would you use it for - et cetera, et cetera. He was one of the recipients of the survey. He answered it and he said oh by the way, I worked on this thing. I left because - I forget exactly what he said - the founders didn't get along or the CEO got fired. But he said some - there was some reason why he didn't work with the thing."

**P A G E | 4**

these reasons, Mr. Abhyanker respectfully requests that he be allowed to take a deposition of Love.

Fourth, Nextdoor mischaracterizes Mr. Abhyanker' positions.  Mr. Abhyanker respectfully submits that his counterclaims are different than Nextdoor's claims brought against him.  For example, Mr. Abhyanker's Day 2 rough transcript indicates that Abhyanker did not wish to dismiss Nextdoor's claims brought against him at least because he indicated that he still believed that Sandeep Sood gave the user interface of his original Nextdoor to the current Nextdoor.

For the above mentioned reasons, Mr. Abhyanker asks the Court to order that Nextdoor, Tolia, Janakiraman, and Love appear immediately for deposition.


/s/ Ilana Rubel                             /s/  Raj V. Abhyanker
Attorneys for Nextdoor                      Defendant