1  **BRUNO W. TARABICHI**, CA State Bar No. 215129
   bruno@legalforcelaw.com
2  **HEATHER R. NORTON,** CA State Bar No. 257014
   heather@legalforcelaw.com
3  **SCOTT J. ALLEN,** CA State Bar No. 178925
   scott@legalforcelaw.com
4  **LEGALFORCE RAJ ABHYANKER, P.C.**
   1580 W. El Camino Real, Suite 13
5  Mountain View, California 94040
   Telephone:  650.965.8731
6  Facsimile:   650.989.2131

7

8  Attorneys for Defendant and Counterclaimant
   Raj Abhyanker

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| NEXTDOOR.COM, INC., a Delaware corporation,<br><br>                Plaintiff,<br><br>    vs.<br><br>RAJ ABHYANKER, an individual,<br><br>                Defendant. | Case No. 3:12-cv-05667-EMC<br><br>**DEFENDANT RAJ ABHYANKER'S OPPOSITION TO ADMINISTRATIVE MOTION TO CONSIDER WHETHER CASES SHOULD BE RELATED PURSUANT TO L.R. 3-12 AND 7-11**<br><br>Hearing Date:  No Date Set<br>Judge:        Honorable Edward M. Chen |
| RAJ ABHYANKER, an individual,<br><br>                Counterclaimant,<br><br>    vs.<br><br>NEXTDOOR.COM, INC., a Delaware corporation; PRAKASH JANIKIRAMAN, an individual; BENCHMARK CAPITAL PARTNERS, L.P., a Delaware limited partnership; BENCHMARK CAPITAL MANAGEMENT CO. LLC, a Delaware limited liability company; SANDEEP SOOD, an individual; MONSOON ENTERPRISES, INC., a California Corporation, and DOES 1–50, inclusive;<br><br>                Counterdefendants. | |

OPPOSITION TO MOTION TO RELATE CASES
(CASE NO. 3:12-cv-05667-EMC)

Defendant, Raj Abhyanker, hereby opposes the Administrative Motion to Consider Whether Cases Should Be Related Pursuant to L.R. 3-12 and 7-11 filed by the Plaintiff. ECF Docket No. 229 (hereafter the "Motion"). Plaintiff, Nextdoor.com, seeks to have this case related with case alleging patent infringement, case number 14-02335-KAW (hereafter the "patent case").

Civil Local Rule 3-12(a) has a two part standard for relating cases. The rule states: "(1) The actions concern substantially the same parties, property, transaction or event; and (2) It appears likely that there will be an unduly burdensome duplication of labor and expense or conflicting results if the cases are conducted before different Judges."

First, the actions do not involve "substantially the same parties." Although Defendant Abhyanker was originally a co-plaintiff in the patent case, he dismissed his personal claims before this motion was filed. *See*, ECF Docket Entry No. 9, filed in the patent case (Notice of Voluntary Dismissal by Raj V. Abhyanker). Following Abhyanker's dismissal of his personal claims in the patent case, the sole remaining plaintiff is a corporation, Fatdoor, Inc., which is not a party to this case. While it is true that Mr. Abhyanker is one of the equity holders of Fatdoor, the fact remains that a corporation is a separate legal person and that there are other equity holders. The parties in the two cases cannot, therefore, be considered "substantially the same."

Second, the actions do not concern "substantially the same. . . property, transaction or event." Indeed, in this case, Nextdoor.com previously argued that patent claims are "qualitatively different" from the trademark and trade secret claims that have been at issue in this case. *See*, ECF Docket No. 118 in this case at p. 14 (Nextdoor.com's opposition to Abhyanker's motion to amend complaint to add a claim for patent infringement). As Nextdoor.com acknowledged in its prior pleading, the issues in a patent infringement case include "involved and time consuming" disclosures of alleged infringement contentions, invalidity contentions, and claim construction,

governed by the District's patent local rules.  *Id*.  Such issues are completely foreign to the claims of trademark and trade secret at issue in this case.  Moreover, unlike the rights to trademarks (the rights at issue in the current case) which are determined by first use of a mark in commerce, rights to a patented invention are not determined by first use but by the date of invention.

Third, there is no reason to believe it is likely that there will be an "unduly burdensome duplication of labor or expense" of the cases are not related before a single Judge.  As noted in the preceding paragraph, the patent case involves numerous factual and legal issues that were not of concern in this case.  The primary issues to be litigated in the patent case – patent ownership, infringement, validity, claim construction, date of invention – have not been previously litigated in this case, so there can be no credible suggestion that litigation of those issues in the patent case would be duplicative of anything done in this case.  Indeed, Nextdoor.com does not even attempt to suggest that those central patent issues have been litigated here.  In an attempt to find at least one supposedly common issue between this case and the patent case, Nextdoor.com points to a partial assignment of a patent application (NOT the application for the patent asserted in the patent case), and then asserts, without presenting any supporting evidence, that the assignment is a "sham."  That assignment relates to a patent application other than the patent asserted in the patent case, and does not demonstrate that there will be any overlap or duplication of effort if the cases are not consolidated.  That assignment does not relate in any way to the trademarks or trade secrets at issue in this case.  Since the assignment has no relationship to the issues in this case, it has not been an area of discovery in this case (other than Nextdoor.com asking Mr. Abhyanker a few questions during his deposition).  For example, there was no subpoena issued to the assignor (a third party known as GeoTag) in this case to determine the validity of that assignment.

Nextdoor.com also argues that Abhyanker previously asserted, then withdrew, his patent claims as part of *this* case.  This is simply not true.  The patent case involves a brand new patent

that was not even issued until May 20, 2014, the same day on which the patent case itself was filed.  Thus, Mr. Abhyanker has not previously asserted, and could not have asserted, that patent in this case.  Motion (ECF 229) at 2:18-20.

In sum, this case and the patent case are not properly considered "related" pursuant to Civ.L.R. 3-12.  The Motion should therefore be denied..

Respectfully submitted,

Dated: June 23, 2014                    **LEGALFORCE RAJ ABHYANKER, P.C.**

　　　　　　　　　　　　　　　　　　　　 /s/ Scott J. Allen
　　　　　　　　　　　　　　　　　　　　Bruno W. Tarabichi
　　　　　　　　　　　　　　　　　　　　Heather R. Norton
　　　　　　　　　　　　　　　　　　　　Scott J. Allen
　　　　　　　　　　　　　　　　　　　　Attorneys for Defendant Raj Abhyanker