1

2

3

4

5

6

7

8                        **UNITED STATES DISTRICT COURT**

9                      **NORTHERN DISTRICT OF CALIFORNIA**

10                        **SAN FRANCISCO DIVISION**

11

12  NEXTDOOR.COM, INC.,                        Case No. 12-cv-05667 EMC (NC)

13              Plaintiff,                     **ORDER REGARDING DISCOVERY**
                                               **DISPUTE**
14        v.
                                               Re: Dkt. Nos. 213, 227, 228, 232
15  RAJ ABHYANKER,

16              Defendant.

17

18        In this trademark and cyberpiracy action, the parties dispute whether defendant should

19  be compelled to produce newly revealed documents on the eve of the close of fact

20  discovery.  Balancing the relevance of the documents against the burden to defendant, the

21  Court orders that defendant produce discovery relevant to plaintiff's remaining affirmative

22  claims.  In order to limit the burden on defendant, the Court imposes a cost-sharing scheme.

23        In general, "[p]arties may obtain discovery regarding any nonprivileged matter that is

24  relevant to any party's claim or defense."  Fed. R. Civ. P. 26(b)(1).  Information is relevant

25  for discovery purposes if it "appears reasonably calculated to lead to the discovery of

26  admissible evidence."  *Id.*  However, the Court must limit the scope of discovery if it

27  determines that "the burden or expense of the proposed discovery outweighs its likely

28  benefit, considering the needs of the case, the amount in controversy, the parties' resources,

Case No. 12-cv-05667 EMC (NC)
ORDER REGARDING DISCOVERY
DISPUTE

1   the importance of the issues at stake in the action, and the importance of the discovery in

2   resolving the issues." Fed. R. Civ. P. 26(b)(2)(C).  In other words, the Court seeks to

3   "strike[] the proper balance between permitting relevant discovery and limiting the scope

4   and burdens of the discovery to what is proportional to the case."  *Kaiser v. BMW of N. Am.,*

5   *LLC*, No. 12-cv-01311 DMR, 2013 WL 1856578, at *3 (N.D. Cal. May 2, 2013).

6        First, the Court finds that plaintiff seeks documents that are reasonably calculated to

7   lead to the discovery of admissible evidence related to its affirmative cyberpiracy and

8   trademark infringement claims.  Defendant does not dispute that the documents are

9   relevant, but instead argues that the burden of producing the documents is so great—

10  especially in light of the late stage of this litigation—that no documents should be produced.

11  This dispute indeed arose on the eve of the close of discovery, but the Court finds that this

12  predicament is largely of defendant's making.  Plaintiff served document requests as early

13  as April 2013.  Dkt. No. 213 at 2.  Defendant half-heartedly argues that "it is not clear to

14  Mr. Abhyanker that all of these [newly revealed] documents have been specifically

15  requested in Nextdoor's discovery requests." *Id.* at 6.  The Court finds that plaintiff has

16  been diligent in its attempts to get all relevant discovery from defendant Abhyanker, and

17  that plaintiff could not have specifically requested the documents at issue any earlier, given

18  that their existence did not come to light until the deposition of defendant Abhyanker on

19  June 6 and 7. *See id.* at 4-5.  Based on this recent development, the Court finds that there is

20  good cause to require some discovery despite the late stage of the litigation.

21       As for the burden of cost, the parties have explained to the Court that the cost of this

22  production can be divided into two phases: first, an "initial cull" which includes the

23  collection and filtering of data, and second, the processing and searching of data.  Dkt. No.

24  227 at 4; Dkt. No. 231-1 at 6-7.  Defendant's vendor has estimated that the initial collection

25  of data alone will cost approximately $50,000, and that this cost is fixed regardless of what

26  searches are applied to the data later.  Dkt. No. 231-1 at 6.  The additional cost of searching,

27  however, is dependent on the breadth and number of the searches. *Id.*  The Court finds it

28  appropriate to impose the cost of extracting and culling the data solely on defendant. *See*

Case No. 12-cv-05667 EMC (NC)
ORDER REGARDING DISCOVERY          2
DISPUTE

1   Dkt. No. 231-1 at 6 ("Collection" and "Initial Cull").  Defendant was under an obligation to

2   collect and process this data much earlier in the litigation, and cannot now use its own delay

3   to pass the cost to plaintiff.

4       However, the Court finds it appropriate to order the parties to share equally in the cost

5   of processing and searching the data.  Plaintiff has expressed an intent to use this production

6   to obtain documents relevant to a future attorney's fees motion.  Dkt. Nos. 213 at 3; 227 at

7   5.  But Judge Chen has ordered that discovery related to attorney's fees should be

8   postponed until after judgment, and that discovery at this stage must be focused on

9   plaintiff's remaining affirmative claims.  Dkt. No. 241.  In order to keep both parties

10  focused on this limited scope, the Court orders the parties to split the cost of processing and

11  searching data newly produced by defendant.  *See* Dkt. No. 231-1 at 6-7 ("Data

12  Processing," "Native Review Hosting," and "Production Processing").  The parties are each

13  to bear the cost of their own attorneys' fees spent on review of the production.

14      Defendant is ordered to work with its vendor to begin the process of data collection

15  and processing immediately.  The parties are ordered to meet and confer by 5:00 p.m. on

16  July 2, 2014, in order to finalize a search protocol that is focused on plaintiff's remaining

17  affirmative claims.  *See* Dkt. No. 232-1.  By 5:00 p.m. on July 3, 2014, the parties must

18  submit to the Court the updated joint protocol, highlighting any search terms or procedures

19  that remain in dispute, with a short description of each party's position.  Once searching

20  takes place, the parties should work together to adjust search terms as appropriate to

21  eliminate false positives.  Defendant may produce documents in a rolling fashion, but the

22  production must be completed by the close of discovery on Friday, July 18, 2014.  *See* Dkt.

23  No. 241.

24      Finally, plaintiff seeks several documents that it argues were identified by defendant,

25  but which defendant now claims are not in his possession, custody, or control.  *See* Dkt. No.

26  232-1 at 3(b, d-e).  Plaintiff asks for "a description under oath of the efforts undertaken to

27  locate the documents or information in question, and an explanation of what happened to

28  them, as they evidently existed at some point during the course of the litigation and now do

1   not." *Id.* The Court finds this request reasonable and orders defendant, within 14 days of

2   this order, to submit a declaration made under penalty of perjury explaining what

3   knowledge he has as to the existence of the documents in question, and what efforts he

4   made to locate those documents.

5       Any party may object to this order to Judge Chen within 14 days.  Fed. R. Civ. P.

6   72(a).

7

8       IT IS SO ORDERED.

9       Date:  July 1, 2014

10      _____
        Nathanael M. Cousins
11      United States Magistrate Judge

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

Case No. 12-cv-05667 EMC (NC)
ORDER REGARDING DISCOVERY          4
DISPUTE