July 16, 2014

Hon. Nathanael M. Cousins
United States District Court
450 Golden Gate Avenue
San Francisco, CA 94102

      Re:    *Nextdoor.com, Inc. v. Raj Abhyanker,* **No. 3:12-cv-05667-EMC,**
            **July 16, 2014 Joint Discovery Letter: Production of LegalForce Agreement**

Dear Judge Cousins:

    Nextdoor.com, Inc. ("Nextdoor.com") and Raj Abhyanker ("Mr. Abhyanker") jointly submit this Discovery Letter Brief seeking the Court's assistance with disputed discovery issues. in person on July 11 and by repeated communications thereafter, and have been unable to reach agreement.

**Whether Mr. Abhyanker must provide Nextdoor.com with the original of the alleged June 4, 2007 LegalForce Assignment Agreement.**

    **Nextdoor.com's Position:**   Bad faith use of a mark is an element of a cyberpiracy claim, and therefore fundamentally relevant to Nextdoor.com's affirmative claims. 17 U.S.C. § 1125(D)(1). The disputed June 4, 2007 LegalForce Assignment Agreement ("the disputed agreement") is the lynchpin of Mr. Abhyanker's claim to have had a good faith belief that he had rights to the NEXTDOOR name prior to the launch of Nextdoor.com. Abhyanker claims to have derived such rights from Legalforce. *See* SAAC ¶¶ 109-112, 115, 130. The disputed agreement (Exhibit A hereto) purports to assign all of Legalforce's "residual rights" to Mr. Abhyanker, including Legalforce's purported use of a NEXTDOOR trademark. In order to test the authenticity of this highly suspicious document, Nextdoor.com requested the original signed version of the disputed agreement in the guidelines filed with the Court (Dkt. 228, item 3.f.). On June 17, Mr. Abhyanker provided Nextdoor.com with what he represented to be the original signed version of this document. This was reported to the Court at the discovery hearing on June 18 and reflected in subsequent discovery filings (Dkt. 232, item 3.f.). Now nearly one month later, Mr. Abhyanker has admitted this representation was not true, that the document he provided is actually just a copy, and his attorneys claim he does not know what happened to the original document. Nextdoor.com's forensic expert has subsequently confirmed that the document Abhyanker provided was a copy. With expert reports due in just two weeks, Nextdoor.com is now left with a retained forensic expert, but no original document to analyze. As explained below, the original is necessary for his analysis.

    For a litany of reasons, Nextdoor.com has a strong basis to believe that the disputed agreement is not from 2007, but is actually a document recently fabricated. Although it bears a date of June 4, 2007, Mr. Abhyanker never mentioned the existence of this document, nor did he produce a copy of it in his September or December 2013 productions in this action. It only surfaced in May 21, 2014, when he first provided it in support of an ethics complaint against Nextdoor.com's counsel. The only electronic version of the disputed agreement that has been produced is a PDF created by scanning a document on May 21, 2014. The letterhead is unlike any LegalForce document from 2007; every page of the document is numbered "1"; it is written

with bizarre language that matches all-too-perfectly to issues that have come up recently in the present litigation; and the assignment of rights is inconsistent in both timing and substance to other LegalForce documents that show that *different* rights were actually transferred *in 2008*.

When Nextdoor.com requested a native electronic copy of the disputed agreement, Mr. Abhyanker stated that no such document could be located. Instead, during a deposition on June 17, 2014, Mr. Abhyanker's counsel, Scott Allen, provided Nextdoor.com with what he represented to be the original signed version of the disputed agreement for testing. During the deposition, Nextdoor.com's counsel asked Mr. Allen about whether he had searched for a native copy of the disputed agreement, and Mr. Allen responded on the record:

> "Well, I just made the original hard copy -- we just discussed that. I have it with me. I offered to make it available to you *for your inspection by your expert if need be*. And this is a topic, I know, that's to be discussed with the magistrate tomorrow." (emphasis added)

At 5:00 pm that same day, Nextdoor.com's counsel sent Mr. Allen a confirming email stating "This email is to confirm that today I received what Raj Abhyanker claims to be the original version of the Legalforce Agreement (dated June 4, 2007) at Ravi Soni's deposition."

From Mr. Allen's statements, it is clear that Mr. Abhyanker expected that the disputed agreement would be examined by a forensic expert hired by Nextdoor.com to determine the date when it was actually created, and on Monday July 7, Nextdoor.com informed Mr. Abhyanker that its expert would begin his forensic examination on the morning of Wednesday, July 9. It was not until well into the evening of Wednesday July 9 that Mr. Abhyanker's counsel, Bruno Tarabichi, sent Nextdoor.com an email stating "Mr. Abhyanker has requested that I communicate to you that he is not representing that the physical copy that was provided to you was the original. He does not know if it was an original or simply a copy." This was the first time Mr. Abhyanker had ever made such a suggestion, and sure enough Nextdoor.com's forensic expert confirmed it to be a copy. The expert cannot perform the dating analysis he was retained to provide with a copy; the original is necessary.

Mr. Abhyanker's current story is that the paper document he gave to Nextdoor.com is the only copy he had, and that on May 21, 2014 he scanned a PDF of that paper copy and sent the PDF to Nextdoor.com's counsel. However, comparing the scanned PDF to this paper copy tells a different story: the paper copy has the same scanning artifacts and "trash marks" as the PDF, and the color fidelity and image detail are too precise for the paper copy to have been used to create the scan. Nextdoor.com believes that Mr. Abhyanker actually printed the paper copy from the PDF itself – a PDF with a creation date of May 21 – meaning there must have been some other original paper document in Abhyanker's possession less than two months ago. Metadata on the PDF states that it was created by scanning on a Canon device, and Mr. Abhyanker's present position—that he cannot remember what Canon scanner he used just this past May— lacks credibility

Now, left with only two weeks before the expert report is due, Nextdoor.com requests that Mr. Abhyanker be ordered to produce the original version immediately. If Abhyanker continues to claim that the original no longer exists, Nextdoor.com requests that Abhyanker be

ordered to state in writing under oath what happened to the original and to the native electronic file from which it was created. Nextdoor.com requests that Mr. Abhyanker also state under oath (i) when the later paper copy and the PDF he provided Nextdoor.com with was made (ii) by whom (iii) on what machine or facility, (iv) where it was stored, (v) why it was produced, rather than the original, (vi) who provided the document to Scott Allen, and (vii) Abhyanker and his counsel's basis for claiming that it was an original document. Nextdoor.com further requests an order that Abhyanker turn over for forensic inspection the computer on which the PDF has been found, as well as any other computer that received a copy of the .pdf made by the Canon scanner. Forensic inspection would be limited to review by expert (not counsel of record) who would not share with counsel, without prior notice to Abhyanker and opportunity to object based on privilege, any other files than the Agreement and information relating to its creation, transmittal or duplication. Nextdoor.com requests that if Mr. Abhyanker cannot produce the original signed copy expediently, that it be granted an extension to file the expert report, so that it may perform the appropriate tests to determine the date when the disputed agreement was signed or, if it is not produced, a forensic inspection of computers to attempt to locate the deleted original native version. Finally, Nextdoor.com requests that Mr. Abhyanker be ordered to pay the costs to Nextdoor.com for the delivery of a copy in lieu of the original document, which may include the cost of the non-refundable retainer for the forensic expert if his services are rendered unnecessary by Mr. Abhyanker's failure to produce the original document.

**Mr. Abhyanker's Position:**

Nextdoor.com fails to show how the assignment document in dispute is relevant to its affirmative claims for declaratory judgment and cyberpiracy. According to Judge Chen's case management order, the only claims on which discover is allowed are Nextdoor.com's affirmative claims. Discovery regarding allegations of supposed bad faith by Mr. Abhyanker is not permitted. Contrary to Nextdoor.com's assertion, Mr. Abhyanker's claims in regards to his rights in the Nextdoor trademark have been set forth in ECF No. 141, which do not corroborate Nextdoor.com's allegations in this joint statement. Mr. Abhyanker submits that the assignment document is relevant only to Nextdoor.com's assertion of bad faith litigation that Judge Chen has stayed, and further discovery on this issue is thus not permitted at this time. Mr. Abhyanker and his counsel searched for the hard copies of the 2007 assignment document and found only one, which was produced to Nextdoor.com. While it apparently turned out that the document was not the original pen-signed agreement (a fact that Mr. Abhyanker has not been able to confirm, as the document remains in Nextdoor.com's possession), Mr. Abhyanker is not able to produce the pen-signed original of the 7-year old document because it cannot now be located within his possession, custody or control. Thus, an order to produce the original would be a pointless act because the document cannot be found. The Court should note, however, that the document was produced under the mistaken belief that it was original and without an intent to mislead or delay Nextdoor.com's examination. In fact, Nextdoor.com's counsel Matthew Becker and Eric Ball also examined the physical copy provided by Mr. Abhyanker and could not determine whether it contained the original ink signatures or whether it was a copy.

Mr. Abhyanker's forensic computer expert has fully preserved the computer drive on which the electronic scanned copy (in PDF format) is located, and the native version of that PDF file, with its metadata intact, is being produced by Mr. Abhyanker as part of the on-going discovery effort set to be completed this coming Friday.

While Nextdoor.com seeks to have its own forensic expert examine the computer on which the PDF is located, Nextdoor.com offers no explanation of what information such an examination is calculated to produce or why examination of the native version PDF with intact metadata is allegedly inadequate. There is this no basis for the court to conclude that such an examination is anything other than a fishing expedition into the contents of the computer.

Mr. Abhyanker objects to having anyone - whether an expert or Nextdoor.com itself -- examine the computer on which the PDF is located on the grounds that the computer contains confidential and privileged files of third party clients of the LegalForce law firm, files that Mr. Abhyanker is bound to preserve in confidence.

As for the various questions that Nextdoor.com seeks to have answered about the assignment document and why a copy was apparently produced rather than the pen signed original, those are questions that seem appropriate to ask Mr. Abhyanker during his upcoming 4 hour deposition, rather than in have this Court order those questions to be answered.

/s/ *Laurence Pulgram*  /s/ *Kuscha Hatami*
Attorneys for Nextdoor.com   Attorneys for Mr. Abhyanker