1  LAURENCE F. PULGRAM (CSB No. 115163)
   lpulgram@fenwick.com
2  JENNIFER L. KELLY (CSB No. 193416)
   jkelly@fenwick.com
3  ILANA S. RUBEL (CSB No. 221517)
   irubel@fenwick.com
4  GUINEVERE L. JOBSON (CSB No. 251907)
   gjobson@fenwick.com
5  FENWICK & WEST LLP
   555 California Street
6  San Francisco, CA  94104
   Telephone: (415) 875-2300
7  Facsimile:  (415) 281-1350

8  ERIC J. BALL (CSB No. 241327)
   eball@fenwick.com
9  MATTHEW B. BECKER (CSB No. 291865)
   mbecker@fenwick.com
10 Fenwick and West LLP
   801 California Street
11 Mountain View, CA 94041
   Telephone: (650) 988-8500
12 Facsimile:  (650) 938-5200

13 Attorneys for Plaintiff
   NEXTDOOR.COM, INC.

14

15                UNITED STATES DISTRICT COURT

16              NORTHERN DISTRICT OF CALIFORNIA

17                 SAN FRANCISCO DIVISION

18

| | |
|---|---|
| 19 NEXTDOOR.COM, INC., a Delaware corporation, | Case No.: 3:12-cv-05667-EMC |
| 20 | **FIFTH SUPPLEMENTAL JOINT CASE MANAGEMENT STATEMENT** |
| 21 Plaintiff, | |
| v. | Date:      July 24, 2014 |
| 22 | Time:     10:30 a.m. |
| RAJ ABHYANKER, an individual, | Judge:    Honorable Edward M. Chen |
| 23 | |
| 24 Defendant. | |

25

26

27

28

FENWICK & WEST LLP
ATTORNEYS AT LAW
SAN FRANCISCO

Pursuant to Civ. L.R. 16-10, the Court's Standing Order, and the Court's Minute Order following the June 26, 2014 hearing [Dkt No. 241], the undersigned parties respectfully submit the following Fifth Supplemental Joint Case Management Statement.

1.    **Status Report**

**Nextdoor.com's Statement of Recent Events**

Since the parties' last Case Management Conference, Judge Orrick granted Abhyanker's prior lead counsel's request to withdraw after they raised ethical concerns in continuing to represent Abhyanker. [Dkt. 217, 263]. Sadly, Abhyanker's contempt for these proceedings and his discovery obligations has continued.

***First,*** Abhyanker has once again misled this Court and Nextdoor.com regarding the contents of his document production. In this instance, it relates to the production of an original hardcopy of a disputed June 4, 2007 LegalForce Assignment Agreement ("the disputed agreement"). On June 17, 2014, Abhyanker's Counsel represented to Nextdoor.com—on the record—that it was producing the signed original of the disputed agreement.[1] It did so with full knowledge that the original was necessary for an expert assessment of when the document was created, especially in light of Abhyanker's claim that there was no digital version of the document before May, 2014. On June 19, 2014, Abhyanker's Counsel repeated this representation to the Court. [Dkt. 232, item 3.f]. These representations, however, were false. What Abhyanker produced was merely a photocopy of the disputed agreement.

The disputed agreement is the lynchpin of Abhyanker's claim to a good faith belief that he had rights to the NEXTDOOR name prior to the launch of Nextdoor.com (and thus, is critical to Nextdoor.com's claim for cybersquatting, which remains in this case). Abhyanker claims that LegalForce, an entity with which he was affiliated, assigned to him the purported use of a NEXTDOOR trademark. However, the disputed agreement only first came to light to both Nextdoor.com *and* Abhyanker's own attorneys when Abhyanker provided it as part of his

---

[1] The representation that the document was the original was made to Nextdoor.com during the deposition of Ravi Soni on June 17, 2014. "Well, I just made the original hard copy -- we just discussed that. I have it with me. I offered to make it available to you for your inspection by your expert if need be. And this is a topic, I know, that's to be discussed with the magistrate tomorrow." Ravi Soni June 17, 2014 Deposition, p. 78:4-9.

FENWICK & WEST LLP
ATTORNEYS AT LAW
MOUNTAIN VIEW

renewed attempt to seek disqualification of Nextdoor.com's counsel on May 21, 2014. The document does not appear to be authentic. Among other things, the letterhead is unlike any LegalForce document from 2007; every page of the document is numbered "1"; it is written with bizarre language that matches all-too-perfectly to issues that have come up recently in the present litigation; and the assignment of rights is inconsistent in both timing and substance to other documents that show that *different* rights were transferred after the disputed agreement.

Abhyanker knew that production of an original version of the disputed agreement was necessary for Nextdoor.com's experts to conduct its analysis regarding the authenticity and date of the disputed agreement. Now however, with expert reports due in eight days, Nextdoor.com is left with a retained forensic expert, but no original document to analyze, and no explanation of what happened to it, or even as to the origins of the non-original version provided.

*Second*, because of concerns over spoliation by Abhyanker, he has been ordered to retain a computer expert (Mr. Berryhill) to create forensic copies of all of the computers and devices in his possession that may contain relevant and discoverable evidence, and to identify the computers and devices that have been preserved in this manner. In conjunction with this effort, Nextdoor.com asked if Abhyanker or Mr. Berryhill would provide it with a list identifying the preserved devices by their MAC addresses and to confirm that particular MAC addresses were among those preserved. A MAC address is assigned to and identifies each individual computer or peripheral device (e.g., hard drive). The address is trivial to look up, even by a lay person. It only requires 2 to 5 short steps (depending on the operating system). *See, e.g.*, *How to Find the MAC Address of Your Computer*, wikiHow, http://www.wikihow.com/Find-the-MAC-Address-of-Your-Computer (last visited July 15, 2014). Even though this information is essential for determining that all relevant computers and devices have been adequately preserved according to this Court's order [Dkt. 223], and even though providing the MAC addresses is a trivial exercise in terms of both time and cost, Abhyanker has refused to provide the MAC addresses to Nextdoor.com.

*Third*, on July 11, 2014, following an in camera hearing of Abhyanker's counsel's motion to withdraw, counsel filed a Notice Regarding Plan to Transition Discovery Tasks From

FENWICK & WEST LLP
ATTORNEYS AT LAW
MOUNTAIN VIEW

FENWICK & WEST LLP
ATTORNEYS AT LAW
MOUNTAIN VIEW

1   Withdrawing Counsel to Remaining Counsel of Record ("Transition Plan") [Dkt. 262].  This

2   Transition Plan suggests that Abhyanker, now, at this late stage in discovery, intends to exclude

3   additional materials from production applying some kind of undefined "relevancy screen",

4   separate from and in addition to a privilege screen.  This new "relevance" screen is inconsistent

5   with the Document Production Guidelines [Dkt. 232], a protocol established and agreed upon by

6   the parties, and submitted to the Court as an objective, defined basis for completion of production

7   within the discovery deadlines.  Abhyanker's newly proposed relevance screen is likewise

8   inconsistent with Abhyanker's prior agreements to produce all documents *responsive* to

9   Nextdoor.com's requests, not merely those Abhyanker views as "relevant." [*See, e.g.*, Dkt. 198].

10      ***Fourth***, despite multiple meet and confers, discovery hearings, Court orders, and

11  extensions of the discovery deadline, Abhyanker has only produced three documents since June

12  17, 2014.  Indeed, during the parties last Case Management Conference on June 26, 2014, this

13  Court extended the discovery deadline by one month so that Nextdoor.com could receive

14  Abhyanker's document production.  To date, Nextdoor.com has not received this promised

15  production.

16      Based on these continued discovery violations, on July 16, 2014, the parties filed with

17  Judge Cousins two Joint Letter Briefs addressing the parties' respective positions.  [Dkt Nos. 265,

18  266].  In that letter brief, Nextdoor.com has asked Magistrate Judge Cousins to:

19  - Order that Abhyanker and his counsel immediately produce the original version of the

20      disputed agreement (or if he cannot, provide a statement under oath as to what

21      happened to it and the basis for the prior false statements regarding it being an

22      original) and that he be ordered to pay the costs to Nextdoor.com for the delivery of a

23      copy in lieu of the original document.

24  - Order that (A) Abhyanker allow Mr. Berryhill to identify the computers and devices

25      that he has preserved by their MAC addresses and confirm that the several MAC

26      addresses Nextdoor.com has identified are listed among them and, (B) if not, that

27      Abhyanker and his counsel search for the missing devices and, if found, preserve

28      them.

FIFTH SUPPLEMENTAL JOINT CMC
STATEMENT                                        3                           Case No. 3:12-cv-05667-EMC

- Order that Abhyanker produce all documents and information within the production protocol, subject to the Protective Order [Dkt. 102], without limitation on production other than for privileged materials logged per the Court's order.

**Fifth**, unless Mr. Abhyanker is more forthcoming as to the actual origins of the challenged documents—each of which is relevant to the bad faith element of Nextdoor.com's cybersquatting claim—Nextdoor.com anticipates that it will need to allow its own forensic expert to review specific computers or hard drives to attempt to determine what happened. Specifically, Nextdoor.com's claim that Abhyanker acted in bad faith in arguing he was entitled to use the NEXTDOOR mark is evidenced by the fact that Abhyanker invented documents to support his argument. His fabrication of the Assignment Agreement (which he claims conveyed him trademark rights from LegalForce), and the Diligence CD (which he claims evidence prior use of the NEXTDOOR mark) are critical facts towards showing that he never had, and knew he never had, a basis to claim priority in the NEXTDOOR mark. Abhyanker asserts that, shucks, he just can't find the originals of those documents, and that his expert couldn't either. This warrants an examination of the relevant computers by Nextdoor.com's expert, to determine whether a more advanced analysis can detect deleted documents, or whether the relevant computers were wiped clean of this evidence.[2]

In short, due to Abhyanker's misleading representations and continued refusal to comply with his discovery obligations, some adjustment to the expert discovery and dispositive motion

---

[2] Mr. Abhyanker's claim below that Nextdoor.com has not objected to his forensic expert's methodology is false. Nextdoor.com has made multiple objections to Mr. Berryhill's methodology. For example, on July 11, 2014, Counsel had an in-person meet and confer during which they discussed Nextdoor.com's objections to the scope and quality of Mr. Berryhill's methodology. Even as recently as yesterday and today, Counsel have exchanged emails regarding Nextdoor.com's objections to Mr. Berryhill's methodology. Finally, Nextdoor.com only received Mr. Berryhill's one-page expert report yesterday. Nextdoor.com anticipates further objections to Mr. Berryhill's report as the parties proceed with expert depositions, discovery and related motion practice, including regarding the admissibility of Mr. Berryhill's expert report or testimony.

(After Abhyanker's Counsel provided for the first time his portion of the Joint CMC Statement on Thursday evening, Abhyanker's Counsel refused to discuss or cooperate further regarding the Joint CMC Statement. Thereafter, Nextdoor.com added this footnote to specifically address Mr. Abhyanker's false representation regarding Nextdoor.com's objections to Mr. Berryhill's methodology. Nextdoor.com also provided Mr. Abhyanker's Counsel a copy of the Joint CMC Statement including this footnote prior to filing).

FENWICK & WEST LLP
ATTORNEYS AT LAW
MOUNTAIN VIEW

deadlines is needed.  There will also need to be certain discovery that occurs after the fact cutoff

(including depositions the parties stipulated for August 4 and 5, 2014), and completion of

delivery information necessary to complete forensic analysis.  But for these specific issues,

Nextdoor.com's proposal would leave the close of fact discovery, trial date and other pre-trial

dates intact.  Without an extension of the expert and dispositive motion deadlines, Nextdoor.com

and its experts would not have sufficient time to complete their analysis once Abhyanker

produces the required materials.  Instead, Abhyanker delays and obfuscation would be rewarded

by running out the clock, notwithstanding Nextdoor.com's diligent efforts to obtain what it needs.

**Abhyanker's Statement of Recent Events**

As an initial matter, Mr. Abhyanker, in connection with his counsel, an eDiscovery vendor

and a team of contract attorneys, has been working diligently to meet the current discovery

deadlines.  Despite Nextdoor.com's constant requests for meet and confer, which only serve to

distract Abhyanker and his team and delay their production efforts, Abhyanker expects that he

will meet those deadlines.  Accordingly, some of the issues raised by Nextdoor.com will soon be

moot.

Mr. Abhyanker will briefly address the specific issues raised by Nextdoor.com:

*First*, Nextdoor.com argues that the June 4, 2007 LegalForce Assignment Agreement

("the Agreement"), produced in this action is not the original copy.  The copy that was produced

was obtained from Mr. Abhyanker's business files, and produced with the belief that it is the

original version of the Agreement.   It does not, on its face, appear to be a photocopy.  Mr.

Abhyanker has not had the Agreement independently analyzed to determine whether it is the

original or whether it is a photocopy of the original.  Mr. Abhyanker has not been able to locate

any other copies of the Agreement.

*Second*, Nextdoor.com has only now, essentially on the eve of the discovery deadline,

requested a list of certain MAC addresses.  Providing those addresses to Nextdoor.com would

pose an undue hardship in terms of money and time.  For example, Nextdoor.com's request

would necessitate that Abhyanker's forensic expert spend a day traveling back and forth between

his office in Benecia and Mr. Abhaynker's offices.  Mr. Abhyanker also asserts that

FENWICK & WEST LLP
ATTORNEYS AT LAW
MOUNTAIN VIEW

FENWICK & WEST LLP
ATTORNEYS AT LAW
MOUNTAIN VIEW

1  Nextdoor.com has failed to demonstrate that the MAC addresses are relevant to proof of

2  Nextdoor.com's claims for declaratory judgment or cyberpiracy.  "Lorelei Power Point"

3  document (the only document specifically mentioned by Nextdoor.com) is a document that

4  Nextdoor.com claims is evidence of Mr. Abhyanker's bad faith, and has nothing to do with the

5  declaratory judgment or cyberpiracy claims.  Thus, Mr. Abhyanker submits that Nextdoor.com is

6  impermissibly seeking the MAC addresses as a means of bolstering their bad faith allegations and

7  not in order prove their affirmative claims in this case.

8     **Third**, Nextdoor.com quibbling over the use of the word "relevant" as opposed to

9  "responsive" in the transition plan that Abhyanker's former counsel filed with Judge Orrick.  Mr.

10  Abhyanker's counsel subsequently clarified to Nextdoor.com that the only screens that are being

11  performed are a responsive screen and a privilege screen.

12     **Fourth**, as described above, Mr. Abhyanker and his counsel have been working diligently

13  with an eDiscovery vendor and a team of contract attorneys to meet production deadline, and they

14  anticipate that they will do so.  Mr. Abhyanker notes that the bulk of Nextdoor.com's production

15  was only provided to Mr. Abhyanker very recently.  Before the previously set discovery deadline,

16  Nextdoor.com produced a very small volume of documents, the vast majority of which were

17  publicly available.  Only now, on the eve of the discovery deadline, has Nextdoor.com suddenly

18  produced thousands of pages of documents.

19     **Fifth** and finally, Mr. Abhyanker has retained an independent forensic expert who is

20  working diligently to comply with Nextdoor.com's discovery request.  Nextdoor.com has not

21  objected to the expert's qualifications, or called the expert's methodology into question.

22  Accordingly, Nextdoor.com has not set forth a sufficient justification for their invasive and

23  burdensome request to examine Mr. Abhyanker's computers.

24  **2.**  **Motions**

25     Nextdoor.com anticipates filing a motion for summary judgment on its remaining

26  claims—including that Abhyanker does not own any rights in the FATDOOR mark that pre-exist

27  Nextdoor.com's use of NEXTDOOR; that Nextdoor.com's mark does not infringe that mark; that

28  Abhyanker infringed Nextdoor.com's rights in the NEXTDOOR mark (which rights have already

FIFTH SUPPLEMENTAL JOINT CMC
STATEMENT         6       Case No. 3:12-cv-05667-EMC

25592/00401/LIT/1366862.12

1   been resolved by the partial judgment and injunction entered in this action), and that Abhyanker

2   engaged in cybersquatting in registering and using the www.nextdoor.cm domain in bad faith.

3   Nextdoor.com also anticipates filing a motion for attorneys' fees and costs in connection with

4   Nextdoor.com's affirmative claims and Abhyanker's counterclaims which have been adjudicated

5   or dismissed with prejudice.  Finally, Nextdoor.com is evaluating a motion for monetary and

6   evidentiary sanctions because of Abhyanker's continued defiance of discovery rules and Court

7   orders, his false statements and his efforts to increase the cost of these proceedings.

8   **3.    Related Cases**

9          There are co-pending oppositions to Nextdoor.com's registration of its NEXTDOOR mark

10  in the Trademark Trial and Appeal Board ("TTAB") filed by Abhyanker (Opposition Nos.

11  31203462 and 91203762).  Those opposition proceedings have been suspended pending the

12  outcome of this case.  However, because of the Court's Judgment confirming Nextdoor.com's

13  right to the NEXTDOOR mark [Dkt Nos. 192-193] and Abhyanker's dismissal of all claims [Dkt.

14  226], the parties were required to notify the TTAB of the resolution of Abhyanker's claims so that

15  the TTAB proceedings can resume and Nextdoor.com's application for the NEXTDOOR mark

16  can proceed to registration.  On July 7, 2014, Nextdoor.com filed a Notice of Judgment with the

17  TTAB notifying the TTAB of the resolution of Abhyanker's claims, and requesting that the

18  TTAB dismiss the co-pending oppositions and allow the NEXTDOOR mark to proceed to

19  registration.

20         **Abhyanker's Statement:**

21         Nextdoor.com's Notice of Judgment with the Trademark Trial and Appeal Board

22  ("TTAB") is premature since Count I of the TTAB proceedings alleges priority and likelihood of

23  confusion as between Mr. Abhyanker's trademarks FATDOOR, U.S. Registration No. 4505281

24  and FATDOOR GET TO KNOW YOUR NEIGHBORS *stylized*, U.S. Registration No. 4287987

25  and Nextdoor.com's trademark NEXTDOOR, U.S. Serial No. 85/236,918.  The court's judgment

26  is in regards to Nextdoor.com's ownership of the NEXTDOOR trademark, but not the issue of

27  likelihood of confusion and priority as between NEXTDOOR, FATDOOR, and FATDOOR GET

28  TO KNOW YOUR NEIGHBORS.  This issue is currently the subject of Nextdoor.com's Count II

FENWICK & WEST LLP
ATTORNEYS AT LAW
MOUNTAIN VIEW

1   in this proceeding, which is the declaratory judgment yet to be adjudicated.  In response to

2   Nextdoor.com's Notice of Judgment with the TTAB, Mr. Abhyanker filed a rebuttal brief on July

3   17, 2014.

4   **4.**      **Settlement and ADR**

5       The parties attended a settlement conference before Magistrate Judge Vadas on November

6   21, 2013.  The parties also had substantive settlement discussions on June 7 and 8, 2014, and

7   exchanged proposed settlement term sheets.  Abhyanker remains willing to discuss settlement.

8   Based on what has happened in the case to date, Nextdoor.com does not expect that further

9   settlement discussions are likely to be productive.

10

11   **5.**      **Proposed Modifications to the Current Schedule**

12       Subject to the Court's calendar, Nextdoor.com proposes the following modifications to the

13   pretrial schedule in light of the additional discovery needed from Abhyanker (as has been briefed

14   to Judge Cousins) and Abhyanker's continued delays in providing the ordered and agreed to

15   discovery:

|  | Current Schedule | Proposed Modification |
|---|---|---|
| • Fact Discovery Cutoff: | July 18, 2014 | No change[3] |
| • Opening expert reports: | July 25, 2014 | August 8, 2014 |
| • Rebuttal expert reports | August 8, 2014 | August 22, 2014 |
| • Expert discovery cutoff | August 22, 2014 | September 1, 2014 |
| • L/D to hear dispositive motions: | October 9, 2014 | October 16, 2014 |
| • Final pretrial conference: | 11/18/2014 | No change |
| • Trial: | 12/1/2014 | No change |

24   **Abhyanker's Statement:**

25       For the reasons discussed above, Mr. Abhyanker opposes any modification to the existing

26   schedule, including but not limited to, continued discovery of materials necessary for forensic

27   ---
[3] Exception:  Deposition of Abhyanker to occur on August 4 and Deposition of Nextdoor.com's
28   30(b)(6) witness on priority of use to occur on August 5, and discovery of materials necessary for
forensic analysis to continue.

Fenwick & West LLP
ATTORNEYS AT LAW
MOUNTAIN VIEW

analysis as set forth in footnote 2 below by Nextdoor.com.  Finally, with respect to footnote 2

below, Mr. Abhyanker's counsel has informed Nextdoor.com on July 17, that he is not available

on August 5, and that he will inform Nextdoor.com of his availability for August.


Dated:   June 17, 2013                              FENWICK & WEST LLP


                                                    By: */s/ Laurence F. Pulgram*
                                                         Laurence F. Pulgram

                                                    Attorneys for Plaintiff and Counterdefendant
                                                    NEXTDOOR.COM, INC. and Counterdefendant
                                                    PRAKASH JANAKIRAMAN



                                                    LEGALFORCE RAJ ABHYANKER, P.C.


                                                    By: */s/ Kuscha Hatami*
                                                         Kuscha Hatami

                                                        Attorneys for Defendant and Counterclaimant
                                                        RAJ ABHYANKER

## ATTESTATION PURSUANT TO CIVIL LOCAL RULE 5-1

I, Laurence F. Pulgram, am the ECF User whose identification and password are being used to file this **FIFTH SUPPLEMENTAL JOINT CASE MANAGEMENT STATEMENT**. In compliance with Civil Local Rule 5-1, I hereby attest that all signatories have concurred in this filing.

Dated:    July 17, 2014                         */s/ Laurence F. Pulgram*
                                                Laurence F. Pulgram

FENWICK & WEST LLP
ATTORNEYS AT LAW
MOUNTAIN VIEW