| | |
|---|---|
| 1 | LAURENCE F. PULGRAM (CSB No. 115163)<br>lpulgram@fenwick.com |
| 2 | JENNIFER L. KELLY (CSB No. 193416)<br>jkelly@fenwick.com |
| 3 | ILANA S. RUBEL (CSB No. 221517)<br>irubel@fenwick.com |
| 4 | GUINEVERE L. JOBSON (CSB No. 251907)<br>gjobson@fenwick.com |
| 5 | FENWICK & WEST LLP<br>555 California Street |
| 6 | San Francisco, CA 94104<br>Telephone: (415) 875-2300 |
| 7 | Facsimile: (415) 281-1350 |
| 8 | ERIC J. BALL (CSB No. 241327)<br>eball@fenwick.com |
| 9 | MATTHEW B. BECKER (CSB No. 291865)<br>mbecker@fenwick.com |
| 10 | Fenwick and West LLP<br>801 California Street |
| 11 | Mountain View, CA 94041<br>Telephone: (650) 988-8500 |
| 12 | Facsimile: (650) 938-5200 |
| 13 | Attorneys for Plaintiff<br>NEXTDOOR.COM, INC. |

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| NEXTDOOR.COM, INC., a Delaware corporation,<br><br>　　　　　Plaintiff,<br><br>　　v.<br><br>RAJ ABHYANKER, an individual,<br><br>　　　　　Defendant. | Case No.: 3:12-cv-05667-EMC<br><br>**AMENDED FIFTH SUPPLEMENTAL JOINT CASE MANAGEMENT STATEMENT**<br><br>Date:　　July 24, 2014<br>Time:　　10:30 a.m.<br>Judge:　　Honorable Edward M. Chen |

Pursuant to Civ. L.R. 16-10, the Court's Standing Order, and the Court's Minute Order following the June 26, 2014 hearing [Dkt No. 241], the undersigned parties respectfully submit the following Fifth Supplemental Joint Case Management Statement.

1.  **Status Report**

    **Nextdoor.com's Statement of Recent Events**

    Since the parties' last Case Management Conference, Judge Orrick granted Abhyanker's prior lead counsel's request to withdraw after they raised ethical concerns in continuing to represent Abhyanker. [Dkt. 217, 263]. Sadly, Abhyanker's contempt for these proceedings and his discovery obligations has continued.

    *First,* Abhyanker has once again misled this Court and Nextdoor.com regarding the contents of his document production. In this instance, it relates to the production of an original hardcopy of a disputed June 4, 2007 LegalForce Assignment Agreement ("the disputed agreement"). On June 17, 2014, Abhyanker's Counsel represented to Nextdoor.com—on the record—that it was producing the signed original of the disputed agreement.[1] It did so with full knowledge that the original was necessary for an expert assessment of when the document was created, especially in light of Abhyanker's claim that there was no digital version of the document before May, 2014. On June 19, 2014, Abhyanker's Counsel repeated this representation to the Court. [Dkt. 232, item 3.f]. These representations, however, were false. What Abhyanker produced was merely a photocopy of the disputed agreement.

    The disputed agreement is the lynchpin of Abhyanker's claim to a good faith belief that he had rights to the NEXTDOOR name prior to the launch of Nextdoor.com (and thus, is critical to Nextdoor.com's claim for cybersquatting, which remains in this case). Abhyanker claims that LegalForce, an entity with which he was affiliated, assigned to him the purported use of a NEXTDOOR trademark. However, the disputed agreement only first came to light to both Nextdoor.com *and* Abhyanker's own attorneys when Abhyanker provided it as part of his

---

[1] The representation that the document was the original was made to Nextdoor.com during the deposition of Ravi Soni on June 17, 2014. "Well, I just made the original hard copy -- we just discussed that. I have it with me. I offered to make it available to you for your inspection by your expert if need be. And this is a topic, I know, that's to be discussed with the magistrate tomorrow." Ravi Soni June 17, 2014 Deposition, p. 78:4-9.

| AMENDED FIFTH SUPPLEMENTAL JOINT CMC STATEMENT | 1 | Case No. 3:12-cv-05667-EMC |

renewed attempt to seek disqualification of Nextdoor.com's counsel on May 21, 2014. The document does not appear to be authentic. Among other things, the letterhead is unlike any LegalForce document from 2007; every page of the document is numbered "1"; it is written with bizarre language that matches all-too-perfectly to issues that have come up recently in the present litigation; and the assignment of rights is inconsistent in both timing and substance to other documents that show that *different* rights were transferred after the disputed agreement.

Abhyanker knew that production of an original version of the disputed agreement was necessary for Nextdoor.com's experts to conduct its analysis regarding the authenticity and date of the disputed agreement. Now however, with expert reports due in eight days, Nextdoor.com is left with a retained forensic expert, but no original document to analyze, and no explanation of what happened to it, or even as to the origins of the non-original version provided.

*Second*, because of concerns over spoliation by Abhyanker, he has been ordered to retain a computer expert (Mr. Berryhill) to create forensic copies of all of the computers and devices in his possession that may contain relevant and discoverable evidence, and to identify the computers and devices that have been preserved in this manner. In conjunction with this effort, Nextdoor.com asked if Abhyanker or Mr. Berryhill would provide it with a list identifying the preserved devices by their MAC addresses and to confirm that particular MAC addresses were among those preserved. A MAC address is assigned to and identifies each individual computer or peripheral device (e.g., hard drive). The address is trivial to look up, even by a lay person. It only requires 2 to 5 short steps (depending on the operating system). *See, e.g.*, *How to Find the MAC Address of Your Computer*, wikiHow, http://www.wikihow.com/Find-the-MAC-Address-of-Your-Computer (last visited July 15, 2014). Even though this information is essential for determining that all relevant computers and devices have been adequately preserved according to this Court's order [Dkt. 223], and even though providing the MAC addresses is a trivial exercise in terms of both time and cost, Abhyanker has refused to provide the MAC addresses to Nextdoor.com.

*Third*, on July 11, 2014, following an in camera hearing of Abhyanker's counsel's motion to withdraw, counsel filed a Notice Regarding Plan to Transition Discovery Tasks From

Withdrawing Counsel to Remaining Counsel of Record ("Transition Plan") [Dkt. 262]. This Transition Plan suggests that Abhyanker, now, at this late stage in discovery, intends to exclude additional materials from production applying some kind of undefined "relevancy screen", separate from and in addition to a privilege screen. This new "relevance" screen is inconsistent with the Document Production Guidelines [Dkt. 232], a protocol established and agreed upon by the parties, and submitted to the Court as an objective, defined basis for completion of production within the discovery deadlines. Abhyanker's newly proposed relevance screen is likewise inconsistent with Abhyanker's prior agreements to produce all documents *responsive* to Nextdoor.com's requests, not merely those Abhyanker views as "relevant." [*See, e.g.*, Dkt. 198].

*Fourth*, despite multiple meet and confers, discovery hearings, Court orders, and extensions of the discovery deadline, Abhyanker has only produced three documents since June 17, 2014. Indeed, during the parties last Case Management Conference on June 26, 2014, this Court extended the discovery deadline by one month so that Nextdoor.com could receive Abhyanker's document production. To date, Nextdoor.com has not received this promised production.

Based on these continued discovery violations, on July 16, 2014, the parties filed with Judge Cousins two Joint Letter Briefs addressing the parties' respective positions. [Dkt Nos. 265, 266]. In that letter brief, Nextdoor.com has asked Magistrate Judge Cousins to:

- Order that Abhyanker and his counsel immediately produce the original version of the disputed agreement (or if he cannot, provide a statement under oath as to what happened to it and the basis for the prior false statements regarding it being an original) and that he be ordered to pay the costs to Nextdoor.com for the delivery of a copy in lieu of the original document.

- Order that (A) Abhyanker allow Mr. Berryhill to identify the computers and devices that he has preserved by their MAC addresses and confirm that the several MAC addresses Nextdoor.com has identified are listed among them and, (B) if not, that Abhyanker and his counsel search for the missing devices and, if found, preserve them.

- Order that Abhyanker produce all documents and information within the production protocol, subject to the Protective Order [Dkt. 102], without limitation on production other than for privileged materials logged per the Court's order.

*Fifth*, unless Mr. Abhyanker is more forthcoming as to the actual origins of the challenged documents—each of which is relevant to the bad faith element of Nextdoor.com's cybersquatting claim—Nextdoor.com anticipates that it will need to allow its own forensic expert to review specific computers or hard drives to attempt to determine what happened. Specifically, Nextdoor.com's claim that Abhyanker acted in bad faith in arguing he was entitled to use the NEXTDOOR mark is evidenced by the fact that Abhyanker invented documents to support his argument. His fabrication of the Assignment Agreement (which he claims conveyed him trademark rights from LegalForce), and the Diligence CD (which he claims evidence prior use of the NEXTDOOR mark) are critical facts towards showing that he never had, and knew he never had, a basis to claim priority in the NEXTDOOR mark. Abhyanker asserts that, shucks, he just can't find the originals of those documents, and that his expert couldn't either. This warrants an examination of the relevant computers by Nextdoor.com's expert, to determine whether a more advanced analysis can detect deleted documents, or whether the relevant computers were wiped clean of this evidence.[2]

In short, due to Abhyanker's misleading representations and continued refusal to comply with his discovery obligations, some adjustment to the expert discovery and dispositive motion deadlines is needed. There will also need to be certain discovery that occurs after the fact cutoff (including depositions the parties stipulated for August 4 and 5, 2014), and completion of delivery information necessary to complete forensic analysis. But for these specific issues,

---

[2] Mr. Abhyanker's claim below that Nextdoor.com has not objected to his forensic expert's methodology is false. Nextdoor.com has made multiple objections to Mr. Berryhill's methodology. For example, on July 11, 2014, Counsel had an in-person meet and confer during which they discussed Nextdoor.com's objections to the scope and quality of Mr. Berryhill's methodology. Even as recently as yesterday and today, Counsel have exchanged emails regarding Nextdoor.com's objections to Mr. Berryhill's methodology. Finally, Nextdoor.com only received Mr. Berryhill's one-page expert report yesterday. Nextdoor.com anticipates further objections to Mr. Berryhill's report as the parties proceed with expert depositions, discovery and related motion practice, including regarding the admissibility of Mr. Berryhill's expert report or testimony.

Nextdoor.com's proposal would leave the close of fact discovery, trial date and other pre-trial dates intact. Without an extension of the expert and dispositive motion deadlines, Nextdoor.com and its experts would not have sufficient time to complete their analysis once Abhyanker produces the required materials. Instead, Abhyanker delays and obfuscation would be rewarded by running out the clock, notwithstanding Nextdoor.com's diligent efforts to obtain what it needs.

**Abhyanker's Statement of Recent Events**

As an initial matter, Mr. Abhyanker, in connection with his counsel, an eDiscovery vendor and a team of contract attorneys, has been working diligently to meet the current discovery deadlines. Despite Nextdoor.com's constant requests for meet and confer, which only serve to distract Abhyanker and his team and delay their production efforts, Abhyanker expects that he will meet those deadlines. Accordingly, some of the issues raised by Nextdoor.com will soon be moot.

Mr. Abhyanker will briefly address the specific issues raised by Nextdoor.com:

*First*, Nextdoor.com argues that the June 4, 2007 LegalForce Assignment Agreement ("the Agreement"), produced in this action is not the original copy. The copy that was produced was obtained from Mr. Abhyanker's business files, and produced with the belief that it is the original version of the Agreement. It does not, on its face, appear to be a photocopy. Mr. Abhyanker has not had the Agreement independently analyzed to determine whether it is the original or whether it is a photocopy of the original. Mr. Abhyanker has not been able to locate any other copies of the Agreement.

*Second*, Nextdoor.com has only now, essentially on the eve of the discovery deadline, requested a list of certain MAC addresses. Providing those addresses to Nextdoor.com would pose an undue hardship in terms of money and time. For example, Nextdoor.com's request would necessitate that Abhyanker's forensic expert spend a day traveling back and forth between his office in Benecia and Mr. Abhaynker's offices. Mr. Abhyanker also asserts that Nextdoor.com has failed to demonstrate that the MAC addresses are relevant to proof of Nextdoor.com's claims for declaratory judgment or cyberpiracy. "Lorelei Power Point" document (the only document specifically mentioned by Nextdoor.com) is a document that

Nextdoor.com claims is evidence of Mr. Abhyanker's bad faith, and has nothing to do with the declaratory judgment or cyberpiracy claims. Thus, Mr. Abhyanker submits that Nextdoor.com is impermissibly seeking the MAC addresses as a means of bolstering their bad faith allegations and not in order prove their affirmative claims in this case.

*Third*, Nextdoor.com quibbling over the use of the word "relevant" as opposed to "responsive" in the transition plan that Abhyanker's former counsel filed with Judge Orrick. Mr. Abhyanker's counsel subsequently clarified to Nextdoor.com that the only screens that are being performed are a responsive screen and a privilege screen.

*Fourth*, as described above, Mr. Abhyanker and his counsel have been working diligently with an eDiscovery vendor and a team of contract attorneys to meet production deadline, and they anticipate that they will do so. Mr. Abhyanker notes that the bulk of Nextdoor.com's production was only provided to Mr. Abhyanker very recently. Before the previously set discovery deadline, Nextdoor.com produced a very small volume of documents, the vast majority of which were publicly available. Only now, on the eve of the discovery deadline, has Nextdoor.com suddenly produced thousands of pages of documents.

*Fifth* and finally, Mr. Abhyanker has retained an independent forensic expert who is working diligently to comply with Nextdoor.com's discovery request. Nextdoor.com has not objected to the expert's qualifications, or called the expert's methodology into question. If Nextdoor.com voiced any concerns, they were asserted weeks after Mr. Berryhill had already commenced with his analysis. Specifically, Mr. Abhaynker's computers were collected for forensic preservation on June 9. Mr. Berryhill's name and specific process was disclosed to Nextdoor's counsel shortly thereafter. Nextdoor's counsel, as admitted above in footnote 2, made no objections or voiced any concerns until nearly one month later. Nextdoor.com's counsel even spoke to Mr. Berryhill in early July over the phone, where he described how he would make a "deep dive" into the data provided to him, still no objections by Nextdoor.com's counsel. In addition, Nextdoor.com's arguments in regards to Mr. Abhyanker's forensics expert and the sequestering of computers are premature. It seems that Nextdoor.com is on a fishing expedition for evidence to support their post trial motion for attorneys' fees and sanctions, rather than, as

previously ordered by the Court, evidence that would go the merits of the case. Finally, Mr. Berryhill's report, which was produced to Nextdoor.com's counsel was not intended to be Mr. Berryhill's formal rule 26 report, rather, it was voluntarily produced in order to clarify questions about the data searched. Accordingly, Nextdoor.com has not set forth a sufficient justification for their invasive and burdensome request to examine Mr. Abhyanker's computers, when a qualified expert has already done so.

## 2. **Motions**

Nextdoor.com anticipates filing a motion for summary judgment on its remaining claims—including that Abhyanker does not own any rights in the FATDOOR mark that pre-exist Nextdoor.com's use of NEXTDOOR; that Nextdoor.com's mark does not infringe that mark; that Abhyanker infringed Nextdoor.com's rights in the NEXTDOOR mark (which rights have already been resolved by the partial judgment and injunction entered in this action), and that Abhyanker engaged in cybersquatting in registering and using the www.nextdoor.cm domain in bad faith. Nextdoor.com also anticipates filing a motion for attorneys' fees and costs in connection with Nextdoor.com's affirmative claims and Abhyanker's counterclaims which have been adjudicated or dismissed with prejudice. Finally, Nextdoor.com is evaluating a motion for monetary and evidentiary sanctions because of Abhyanker's continued defiance of discovery rules and Court orders, his false statements and his efforts to increase the cost of these proceedings.

## 3. **Related Cases**

There are co-pending oppositions to Nextdoor.com's registration of its NEXTDOOR mark in the Trademark Trial and Appeal Board ("TTAB") filed by Abhyanker (Opposition Nos. 31203462 and 91203762). Those opposition proceedings have been suspended pending the outcome of this case. However, because of the Court's Judgment confirming Nextdoor.com's right to the NEXTDOOR mark [Dkt Nos. 192-193] and Abhyanker's dismissal of all claims [Dkt. 226], the parties were required to notify the TTAB of the resolution of Abhyanker's claims so that the TTAB proceedings can resume and Nextdoor.com's application for the NEXTDOOR mark can proceed to registration. On July 7, 2014, Nextdoor.com filed a Notice of Judgment with the TTAB notifying the TTAB of the resolution of Abhyanker's claims, and requesting that the

1  TTAB dismiss the co-pending oppositions and allow the NEXTDOOR mark to proceed to
2  registration.

3  **Abhyanker's Statement:**

4  Nextdoor.com's Notice of Judgment with the Trademark Trial and Appeal Board
5  ("TTAB") is premature since Count I of the TTAB proceedings alleges priority and likelihood of
6  confusion as between Mr. Abhyanker's trademarks FATDOOR, U.S. Registration No. 4505281
7  and FATDOOR GET TO KNOW YOUR NEIGHBORS *stylized*, U.S. Registration No. 4287987
8  and Nextdoor.com's trademark NEXTDOOR, U.S. Serial No. 85/236,918. The court's judgment
9  is in regards to Nextdoor.com's ownership of the NEXTDOOR trademark, but not the issue of
10 likelihood of confusion and priority as between NEXTDOOR, FATDOOR, and FATDOOR GET
11 TO KNOW YOUR NEIGHBORS. This issue is currently the subject of Nextdoor.com's Count II
12 in this proceeding, which is the declaratory judgment yet to be adjudicated. In response to
13 Nextdoor.com's Notice of Judgment with the TTAB, Mr. Abhyanker filed a rebuttal brief on July
14 17, 2014.

15 **4.  Settlement and ADR**

16 The parties attended a settlement conference before Magistrate Judge Vadas on November
17 21, 2013. The parties also had substantive settlement discussions on June 7 and 8, 2014, and
18 exchanged proposed settlement term sheets. Abhyanker remains willing to discuss settlement.
19 Based on what has happened in the case to date, Nextdoor.com does not expect that further
20 settlement discussions are likely to be productive.

21 **5.  Proposed Modifications to the Current Schedule**

22 Subject to the Court's calendar, Nextdoor.com proposes the following modifications to the
23 pretrial schedule in light of the additional discovery needed from Abhyanker (as has been briefed
24 to Judge Cousins) and Abhyanker's continued delays in providing the ordered and agreed to
25 discovery:

|  | Current Schedule | Proposed Modification |
|---|---|---|
| • Fact Discovery Cutoff: | July 18, 2014 | No change[3] |

---

[3] Exception: Deposition of Abhyanker to occur on August 4 and Deposition of Nextdoor.com's

| | | | |
|---|---|---|---|
| • Opening expert reports: | July 25, 2014 | August 8, 2014 |
| • Rebuttal expert reports | August 8, 2014 | August 22, 2014 |
| • Expert discovery cutoff | August 22, 2014 | September 1, 2014 |
| • L/D to hear dispositive motions: | October 9, 2014 | October 16, 2014 |
| • Final pretrial conference: | 11/18/2014 | No change |
| • Trial: | 12/1/2014 | No change |

**Abhyanker's Statement:**

For the reasons discussed above, Mr. Abhyanker opposes any modification to the existing schedule, including but not limited to, continued discovery of materials necessary for forensic analysis as set forth in footnote 3 above and below by Nextdoor.com.  Finally, with respect to footnote 3 above and below, Mr. Abhyanker's counsel has informed Nextdoor.com on July 17, that he is not available on August 5, and that he will inform Nextdoor.com of his availability for August.

Dated:   June 18, 2014          FENWICK & WEST LLP

                                By: */s/ Laurence F. Pulgram*
                                    Laurence F. Pulgram

                                Attorneys for Plaintiff
                                NEXTDOOR.COM, INC.


                                LEGALFORCE RAJ ABHYANKER, P.C.

                                By: */s/ Kuscha Hatami*
                                    Kuscha Hatami

                                Attorneys for Defendant
                                RAJ ABHYANKER

---

30(b)(6) witness on priority of use to occur on August 5, and discovery of materials necessary for forensic analysis to continue.

**ATTESTATION PURSUANT TO CIVIL LOCAL RULE 5-1**

I, Laurence F. Pulgram, am the ECF User whose identification and password are being used to file this **AMENDED FIFTH SUPPLEMENTAL JOINT CASE MANAGEMENT STATEMENT**. In compliance with Civil Local Rule 5-1, I hereby attest that all signatories have concurred in this filing.

Dated: July 18, 2014

*/s/ Laurence F. Pulgram*
Laurence F. Pulgram