July 25, 2014

Hon. Nathanael M. Cousins
U.S. Magistrate Judge
United States District Court
450 Golden Gate Avenue
San Francisco, CA 94102

      Re:    *Nextdoor.com, Inc. v. Raj Abhyanker,* **No. 3:12-cv-05667-EMC**
              **Discovery Letter Re Abhyanker's Compliance With Prior Court Orders**

Dear Judge Cousins:

      Nextdoor.com, Inc. submits this Discovery Letter Brief seeking the Court's assistance with issues related to compliance with the Court's prior orders to Mr. Abhyanker. Nextdoor.com's Counsel has met and conferred with Abhyanker's Counsel on these issues in person, and have been unable to reach agreement. Given the parties' impending deadlines and the deposition of Abhyanker on August 4, 2014, Nextdoor.com has combined four separate issues into this brief.

**Nextdoor.com's Basis for Filing this Discovery Letter Brief Without Abhyanker's Joinder**

      Abhyanker's actions during the meet and confer process, and his refusal to agree to any reasonable time to provide a response to this Discovery Brief has compelled Nextdoor.com to file this Discovery Brief without Abhyanker's response. The parties began their most recent meet and confer process on July 11, 2014. They then exchanged follow-up emails in which Nextdoor.com requested the in-person meet and confer required by the Court on no less than five occasions. Abhyanker's counsel refused to offer any available time to meet and confer until 4:00 p.m. on July 23, (which at the time was only two days before the motion to compel deadline).

      On the afternoon of July 24, Nextdoor.com provided Abhyanker with its portion of the Discovery Brief. Nextdoor.com requested that Abhyanker provide his response by Friday at 3:00 p.m. so that Nextdoor.com could have sufficient time to incorporate and revise to address Abhyanker's response before filing the Joint Discovery Brief on Friday. Abhyanker's Counsel refused to provide its portion of the brief before Tuesday – five days later. Abhyanker's Counsel provided no reason for why it needed five days to respond when Nextdoor.com only had one day to draft its portion of the Joint Discovery Brief. Abhyanker's refusal to provide its portion of the Discovery Brief for five days is unreasonable given the circumstances of the parties' schedule. Specifically, Nextdoor.com needs these materials to prepare for Abhyanker's deposition, which was ordered taken *after* completion of discovery, and which has been scheduled for August 4, 2014. (Abhyanker claims he is not available for any later date for the next five weeks due to international travel). Further, the information is needed now for active, time-consuming work in expert reports, which are now due August 8. As previously ordered Abhyanker should provide the discovery *before* Abhyanker's deposition and the expert discovery deadlines. Not after. And not on the eve of a deadline.

During the parties' Status Conference hearing on July 24, Judge Chen orally ruled that the motion to compel deadline would be moved by one week, until August 1. But this extension does not mean that production of past due information should be further deleted. This extension was needed since Abhyanker's counsel had refused to provide their final answer as to *other* discovery issues not at issue in this Discovery Brief. While the extension provides the parties time to hopefully resolve several other issues without further briefing to the Court, this extension did not alleviate Abhyanker's obligation to comply with the Court's existing orders well in advance of Abhyanker's deposition and the parties' expert disclosure deadline.

**Issue One: Mr. Abhyanker's failure to inform counsel for Nextdoor.com whether the device with MAC address 00-24-8C-F8-70-B2 has been preserved, as this Court ordered.**

**Nextdoor.com's position**: On July 18, 2014, the Court ruled that Nextdoor.com had "demonstrated the relevance of determining whether the device with MAC address 00-24-8C-F8-70-B2 has been preserved" and ordered him to inform counsel for Nextdoor.com by July 21, whether that critical device had in fact been preserved. Dkt. 269. In violation of the Court's order, Mr. Abhyanker has not done so, and now refuses to do so. Abhyanker's counsel has advised that no review has been made of any device to attempt to locate this MAC. Abhyanker should not be allowed to defy court orders just because he disagrees with them.

Previously, Abhyanker argued that the burden of verifying multiple MAC addresses would be great, in that it would involve $3,000-$5,000 in expert fees. Dkt. 266. Nextdoor.com (and public sources) disagree that it takes an expert to look at MAC addresses. But regardless, the Court has already ordered, as a compromise, that a single MAC address be verified. Given that the parties have now expended attorney's fees in drafting two discovery letters on the same question (the instant letter and Dkt. 266), any further suggestion that the cost of providing the ordered information, is prohibitive is simply untenable. He should stop concealing this information and provide it within 24 hours.

Nextdoor.com requests that the Court order Mr. Abhyanker to immediately comply with its previous order in Dkt. No. 269 by specifically identifying which, if any, of the already preserved devices is associated with MAC address 00-24-8C-F8-70-B2. If, however, none of the already preserved devices is associated with MAC address 00-24-8C-F8-70-B2, then Nextdoor.com requests that that the Court order Mr. Abhyanker to work to identify and immediately preserve this device.

**Mr. Abhyanker's position**:


**Issue Two: Mr. Abhyanker's Failure to Produce the Fatdoor Diligence CD files.**

**Nextdoor.com's position**: The Fatdoor Diligence CD files, which Nextdoor.com claims were fabricated by Mr. Abhyanker on December 5, 2013, are central to this case. These are the files that Abhyanker claims he "found" on a restored hard drive when, in fact, the evidence suggests he fabricated those files and that purported Diligence CD. Their fabrication will show that Mr. Abhyanker had no good faith basis to claim the rights that he asserted entitled him to

use the NEXTDOOR name, and this bad faith is an element of Nextdoor.com's cybersquatting claim.  As Nextdoor.com believes that the term NEXTDOOR was incorporated into documents only during the course of this litigation in an effort to substantiate Mr. Abhyanker's otherwise unsupportable position, Nextdoor.com's expert needs to determine, *inter alia*, the creation dates of the various Fatdoor Diligence CD files and when they were modified.  Importantly, Nextdoor.com's expert cannot complete its analysis until he is given access to all the files.

The obligation to produce these files is no surprise to Mr. Abhyanker, as Judge Chen ordered production of the Fatdoor Diligence CD files since December 2013.  *See* December 12, 2013 Hearing Transcript at 12:18-14:22 ("I'm going to order it produced for attorneys' eyes only at this point.").  While Mr. Abhyanker has previously represented that all relevant files had been produced [Dkt. 155-30], that representation was false.  A folder identified as FatdoorDiligenceCD\ residing on device 870-01 was included in documents finally produced by Abhyanker on July 18, 2014.  But the full contents of that folder were not produced.  Rather, only a smattering of nine files, out of the dozens in that folder, were produced.  Because a comparison needs to be made of *all* files in that folder to the files that Abhyanker claims are authentic, Abhyanker had specifically agreed to produce all the Fatdoor Diligence CD files, as reflected in the parties' joint Document Production Guidelines submitted to the Court.  *See* Dkt. 256-2 (Appendix A to the Updated Document Production Guidelines, a 6 page list of the known file names associated with the Fatdoor Diligence CD files).

Despite being subject to an order [Dec. 12, 2013 Hearing], and having represented Mr. Abhyanker would produce the documents in question [Dkt. 256-1and 256-2], in the most recent meet and confer between the parties, counsel states only that they will look for such files, and refuse to agree to produce anything for another two weeks.  This would be nineteen days after the Court ordered deadline for Abhyanker to produce his remaining responsive documents.  Even more, that time frame will run out the clock on Nextdoor.com's expert, who has long awaited these files for analysis.  That time frame is also after Mr. Abhyanker's deposition, which this Court ordered to occur *after* all documents were produced, and which Abhyanker claims can't be moved because he is leaving thereafter for a month in India.  These files should have been produced long ago.  Abhyanker's continued withholding of them appears to be nothing more than a deliberate attempt to further delay Nextdoor.com's ability to provide its expert with the documents he needs to perform his analysis.  All FatdoorDiligenceCD files should be ordered produced within 24 hours.

**Mr. Abhyanker's position**:


**Issue Three: The sufficiency of Mr. Abhyanker's Court-ordered declaration regarding the existence of missing documents and efforts undertaken to locate them.**

**Nextdoor.com's position**:  On July 1, 2014, the Court ordered Mr. Abhyanker to submit by July 15, 2014 a declaration under penalty of perjury "explaining what knowledge he has as to the existence of the documents in question, and what efforts he made to locate those documents." Dkt. 250 (the "Order").  This Order followed Nextdoor.com's request that Mr. Abhyanker produce critical items that had previously been identified as being in his or counsel's possession,

but were later represented as either not existing or not locatable.[1]  In response to (or, more accurately defiance of) the Court's Order, Mr. Abhyanker submitted a cursory declaration [Dkt. 264 the "Declaration" or "Abhyanker's Declaration"], which does nothing to describe either his knowledge as to the existence of the documents in question or efforts made to locate them.

Instead, the Declaration avoids the essential issue of what happened to the documents and items in question, and merely states, generically, that Mr. Abhyanker gave 'responsive' documents to his attorneys.  Noticeably absent from the Declaration is any confirmation of (i) whether each of the documents in question ever existed, (ii) what did they comprise, (iii) who they were given to, (iv) when, and (v) what happened to them thereafter. Further, Abhyanker has not identified (vi) what locations were searched for them, or (vii) what media were reviewed (e.g., which CDs, flash drives, etc.) in an effort to find them. This information is critical, and, at this point, items (i) through (vii) should be specifically ordered to be included in Abhyanker's declaration.

If the documents in question did exist but were lost or destroyed, there should be consequences.  These documents are, *inter alia*, of continued relevance to Nextdoor.com's com cyberpiracy claim: they can demonstrate (or refute) Mr. Abhyanker's lack of a good faith basis to claim the rights he asserted entitled him to use the NEXTDOOR name, and bad faith is an element of Nextdoor.com's cybersquatting claim.  On the other hand, if the original documents in question never existed in the first instance, the Declaration should so state, as this too has serious consequences in confirming that later produced versions are fabrications.

Abhyanker understandably seeks to avoid being pinned down on this issue, as evidence of destruction, or fabrication, will show his bad faith.  But his failure to provide an adequate declaration after the Court so ordered allows him to continue to skirt the issues.  Questioning Abhyanker at his deposition will not cure his continued efforts to muddle the record with nothing more than "all responsive documents were given to counsel," and stating that his counsel (or prior counsel), not himself, knows the answer.  As the Court recognized in ordering the declaration in the first place, a party—indeed, attorney's—duty to preserve and produce evidence at least requires a well collected, concrete response.

**Mr. Abhyanker's position**:

---

[1] These documents in question were described in the Document Production Guidelines as 3(b) a copy of the "CD or flash drive" that Mr. Abhyanker claims he received from his assistant containing the Benchmark Diligence CD after the Toshiba Hard Drive was located; 3(d) the original physical copies of the 2006 LegalForce entity corporate records (which would include the purported June 4, 2007 "Assignment Agreement"; and 3(e) the original physical copy of the Sandeep Sood confidentiality agreements.  While the Declaration states that he produced the *information* contained in the "CD or flash drive" to Nextdoor.com in document RA396; according to Abhyanker's deposition testimony, RA396 is *not* the original CD or flash drive used internally at Abhyanker's office to transmit information. RA396 is a *production copy* made later.  It is the original source that is being sought and that is reportedly lost.

**Issue Four**: **Whether Mr. Abhyanker must produce tax returns from 2006 – 2009 which do not redact signatures, dates and preparer information.**

**Nextdoor.com's position**:   On July 8, 2009, the Court ordered Mr. Abhyanker to "produce his tax returns from 2006 through 2009, subject to the parties' protective order. Defendant may redact information in the tax returns unrelated to whether he took any tax deductions or losses related to LegalForce." *Id*.  While Mr. Abhyanker has since provided versions of those tax returns, he deftly redacted all information identifying who prepared and signed the documents, when, and whether under penalty of perjury.  This prevents Nextdoor.com from validating and effectively using or following up on the content of those documents.  Abhyanker has since refused to produce versions removing these redactions, or to tell Nextdoor.com who prepared them.  Nextdoor.com should be allowed to verify whether or not the documents produced to it were ever signed by Mr. Abhyanker or someone else and, if so, who that person is, as s/he is a material witness.  Nextdoor.com should be able to show those signatures to the fact finder.  Any confidentiality as to this information is resolved by the protective order already in place.  Unredacted versions should be ordered produced within 24 hours.

**Mr. Abhyanker's position**:

/s/ *Laurence Pulgram*
Attorneys for Nextdoor.com