Re: *Nextdoor.com, Inc. v. Raj Abhyanker,* No. 3:12-cv-05667-EMC
**Discovery Letter Brief Opposition To Follow-on Discovery**

As noted in his companion response and discussed at greater length there, Mr. Abhyanker strenuously objects to the filing of Nextdoor.com's present discovery motions without affording him a fair opportunity to respond prior to filing. Nextdoor.com did not meet and confer as to a filing schedule, but simply demanded an overnight response. When Mr. Abhyanker, through his counsel, pleaded with Nextdoor.com, through its counsel, to permit further time for consideration, response, and even possible resolution of the items in its letter brief, rather than wait, Nextdoor.com filed its briefs with the Court reflexively – and this in spite of the fact that, just two days before, Mr. Abhyanker had proposed and agreed during status conference in front of Judge Chen to extend the motion to compel deadline by two weeks, as has since been ordered, precisely to avoid a rush into motion practice. The lack of scheduling cooperation from Nextdoor.com has been, and remains, unjustifiable.

**Issue One**

**Mr. Abhyanker's position:** Nextdoor.com has not presented Mr. Abhyanker's compliance with the Court's order in Dkt. 269 correctly. To set the record straight: on July 21, 2014, Mr. Abhyanker informed Nextdoor.com that, despite considerable effort, he had not been able to that point to locate the device in question based on connection to MAC address 00-24-8C-F8-70-B2. So Mr. Abhyanker informed Nextdoor.com that the search by Mr. Abhyanker's expert could be assisted if he were provided with information with respect to how Nextdoor.com came to identify the specific MAC address. In response, Nextdoor.com informed Mr. Abhyanker that the MAC address was located on a "Toshiba hard drive." Nextdoor.com then followed with additional technical demands not set forth in the Court's Order in an unwarranted attempt to expand the Order's reach. Nevertheless, Mr. Abhyanker attempted to comply. On July 25, 2014, he informed Nextdoor.com that five of the devices at issue in their expanded inquiry were external hard drives which do not have MAC addresses, and that the MAC address at issue is not associated with any of the remaining 13 devices.

Mr. Abhyanker also reported that since the MAC address in question came from an external hard drive, it would be nearly impossible for Mr. Abhyanker's expert to identify the specific machine or device associated with the MAC address in question. As his forensic expert explained, MAC addresses identify a network source of a file, and not the local device. It is very likely that the MAC address in question came from a cloud-based source, which means that the address could link to a device owned by Google or any other similar company around the world. It is evident that Nextdoor.com has sent Mr. Abhyanker on an unproductive search.

Moreover and perhaps more important, Nextdoor.com has not shown to Mr. Abhyanker or to the Court any conceivable relevance of tracing the MAC address at

issue to the claims made in its complaint.  Mr. Abhyanker is at a loss to discern how this MAC address could lend any part in revealing the bad faith alleged of him when registering a domain name, or whether there is likelihood of confusion between Fatdoor and Nextdoor.  More likely, Nextdoor.com is engaged in attenuated discovery in an attempt to further a planned motion for attorneys' fees – discovery which the Court has made clear is off-limits at present.  Due to lack of discernible relevance, and perhaps for more pernicious reasons, this discovery route has been, and should be reaffirmed as, closed to Nextdoor.com.

**Issue Two**

**Mr. Abhyanker's position:**  Again, Nextdoor.com is contorting the procedural history in order to paint Mr. Abhyanker as uncooperative in the discovery process, even though Mr. Abhyanker has bent over backward to be cooperative in the face of ever-continuing follow-on discovery demands from Nextdoor.com.  As has been indicated to Nextdoor.com, brand-new counsel recently retained by Mr. Abhyanker needs time – then cited as two weeks - to review the current document production to verify Nextdoor.com's assertion that all files contained in the Fatdoor Diligence CD have not already been produced to Nextdoor.com.  Should any files be shown to be missing from the production, any inadvertence leading to their absence will be acknowledged and they will be produced.

Even so, it remains mysterious to Mr. Abhyanker why this additional discovery follow-up is needed given that Nextdoor.com is clearly in possession of all of the files in question on the Fatdoor Diligence CD through other sources.  Nextdoor.com asserts merely that the information it seeks is necessary to establish that Mr. Abhyanker did not have a good faith basis to claim the rights that he asserted entitled him to use the NEXTDOOR name.  What Nextdoor.com fails to acknowledge is that Mr. Abhyanker's claim to the NEXTDOOR name has been established in other public documents at that time, for example by virtue of Mr. Abhyanker's '442 Patent Application filed November 22, 2006, in which he asserted that "Advertisers can 'own' their listing by placing a display ad on nextdoor.com."  So there does not appear to be any reason to pursue evidence of bad faith by way of an expanded inquiry into the contents of the Fatdoor Diligence CD to reflect the mindset of Mr. Abhyanker at that time.  Nevertheless, Mr. Abhyanker has indicated that he will confirm that the CD was complete or that he will provide any missing content following a full review that is currently underway.

**Issue 3**

**Mr. Abhyanker's Position:**  On July 1, 2014, the Court ordered Mr. Abhyanker to submit a declaration made under penalty of perjury explaining what knowledge he has as to the existence of documents in question and what efforts he made to locate those documents.  In response, Mr. Abhyanker's declaration under oath specifically asserted that (a) his knowledge is that any and all media that he had within his possession, custody, or control responsive to the specific issue had been timely

provided to his counsel, and (b) that he and his counsel have searched all computers and physical spaces that might contain responsive documents. Mr. Abhyanker's declaration was categorical and fully responsive to the Court's order. Mr. Abhaynker should not be required to make yet another declaration because Nextdoor.com did not find the last one to be as descriptive as it would have liked.

**Issue 4**

**Mr. Abhyanker's Position:** Mr. Abhyanker was ordered to provide his 2006 – 2009 tax returns, and, given the especially private nature of tax information, was specifically authorized to redact the returns as to anything beyond the deductions and losses taken. Nextdoor.com seeks to view the identity and signature block of the tax preparer. The identity of the tax preparer has nothing to do with the fact that the revealed deductions were taken. It appears that Nextdoor.com, without any substantiation, wishes to extend the inquiry into who prepared and signed off on the deductions, and to find out more information about why the deductions were selected and/or how they were calculated. Such an inquiry goes beyond the Court's order, and, on balance, delves too deeply into tax matters strictly protected by law in the civil litigation context. Tax inquiries need to stop at the boundary previously set by the Court.

For the foregoing reasons, Nextdoor.com's motion for follow-on discovery demands should be denied. Given that a companion discovery motion filing is expected later this week, and that new counsel has a previous and longstanding engagement with family and friends over July 28, July 29 and July 30, Mr. Abhyanker respectfully requests that the Court re-set the hearing on this motion for the August 6, 2014 calendar, or to any date after July 30 convenient to the Court.