1
2
3
4
5
6
7
8                      UNITED STATES DISTRICT COURT

9                    NORTHERN DISTRICT OF CALIFORNIA

10                       SAN FRANCISCO DIVISION

11
                                              Case No. 12-cv-05667 EMC (NC)
12   NEXTDOOR.COM, INC.,
                                              **ORDER REGARDING DISCOVERY
13                  Plaintiff,                **DISPUTES: GRANTING IN PART
                                              AND DENYING IN PART
14          v.                                PLAINTIFFS' REQUESTS TO
                                              COMPEL**
15   RAJ ABHYANKER,
                                              Re: Dkt. Nos. 272, 277, 281, 283
16                  Defendant.

17

18         The parties have presented four discovery letter briefs which the Court considered at a

19   consolidated hearing on August 1.  The Court rules as follows, tracking the issues in the

20   order presented.

21         1.  Dkt. 272 issue one (preservation of device with MAC address 00-24-8C-F8-

22             70-B2): reported resolved without need for further order.

23         2.  Dkt. 272 issue two (Abhyanker's failure to produce all Fatdoor Diligence CD

24             files): The Court grants the request to compel, finding that the production of

25             multiple sets of Fatdoor Diligence CD files is appropriate so that plaintiff may

26             assess when files were created and modified.  All Fatdoor Diligence CD files

27             (including from devices identified as 870-01 and F-014) must be produced to

28             plaintiff by noon on August 4.

3. Dkt. 272 issue three (sufficiency of Abhyanker's declaration about missing documents, dkt. 264, in response to prior Court order). Plaintiff's request is granted. Abhyanker's vague declaration is insufficient. Abhyanker must refile a declaration under penalty of perjury by August 8, specifically answering the inquiries set forth in dkt. 272 at page 4. A further failure may subject the defense to sanctions.

4. Dkt. 272 issue four (Abhyanker tax returns for 2006-2009 which do not redact signatures, dates, and preparer information). This Court previously ordered Abhyanker to produce portions of his tax returns, subject to a protective order. The relevant purpose of this discovery was to explore whether he took deductions or losses related to LegalForce. The Court now grants plaintiff's request for further relief. Signatures, dates and preparer information are needed for context and completeness. The tax returns must be produced by noon on August 4.

5. Abhyanker's request to continue his August 4 deposition: denied.

6. Dkt. 281 (plaintiff's request for forensic examination of selected devices from Abhyanker). This request substantially is based on plaintiff's charges of evidence fabrication and spoliation by the defense. There is good reason for concern. But at this point, the turnover of specific devices for inspection is denied. The Court, in this and prior orders, is compelling discovery that may demonstrate the alleged spoliation. On balance, the Court finds that the likely benefit of discovering relevant information on the devices is outweighed by the burden of turning over devices to the other side. The Court is concerned that the request is overly broad and cumulative, given the many other discovery requests made by plaintiff in the final week of the discovery period.

7. Dkt. 283 (Abhyanker's privilege log): Plaintiff's request to compel a proper privilege log is granted. By August 7 at 5:00 p.m. the defense must file a revised log that specifically and sufficiently established the privilege for each

document, and attachment, on the log.  Any responsive documents on the log that the defense determines (after reviewing the objections made by plaintiff in docket 283) are not privileged must be produced by August 3 at noon.  If the revised August 7 log is still deficient, the parties must meet and confer and file a joint letter brief by August 14.

8. Finally, the parties presented at the hearing a dispute concerning production of duplicate documents.  They are to meet and confer and submit a joint brief by August 6 on this issue.

Any party may object to this order to District Court Judge Edward M. Chen within 14 days.  Fed. R. Civ. P. 72(a).


IT IS SO ORDERED.

Date:  August 1, 2014

_____
Nathanael M. Cousins
United States Magistrate Judge

Case No. 12-cv-05667 EMC (NC)
ORDER REGARDING DISCOVERY
DISPUTES

3