LAURENCE F. PULGRAM (CSB No. 115163)
lpulgram@fenwick.com
JENNIFER L. KELLY (CSB No. 193416)
jkelly@fenwick.com
ILANA S. RUBEL (CSB No. 221517)
irubel@fenwick.com
GUINEVERE L. JOBSON (CSB No. 251907)
gjobson@fenwick.com
FENWICK & WEST LLP
555 California Street
San Francisco, CA 94104
Telephone: (415) 875-2300
Facsimile: (415) 281-1350

ERIC J. BALL (CSB No. 241327)
eball@fenwick.com
MATTHEW B. BECKER (CSB No. 291865)
mbecker@fenwick.com
FENWICK AND WEST LLP
801 California Street
Mountain View, CA 94041
Telephone: (650) 988-8500
Facsimile: (650) 938-5200

Attorneys for Plaintiff
NEXTDOOR.COM, INC.

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| NEXTDOOR.COM, INC., a Delaware corporation,<br><br>Plaintiff,<br><br>v.<br><br>RAJ ABHYANKER, an individual,<br><br>Defendant. | Case No.: 3:12-cv-05667-EMC-NMC<br><br>**NOTICE OF MOTION AND MOTION TO DISMISS NEXTDOOR.COM, INC.'S CLAIMS FOR DECLARATORY RELIEF FOR LACK OF JUSTICIABILITY**<br><br>Date: September 18, 2014<br>Time: 1:30 p.m.<br>Courtroom: 5, 17th Floor<br>Judge: Hon. Edward M. Chen |

## **NOTICE OF MOTION AND MOTION**

**TO ALL PARTIES AND THEIR COUNSEL OF RECORD:**

**PLEASE TAKE NOTICE** that on September 18, 2014 at 1:30 p.m., or as soon thereafter as the matter may be heard, in the courtroom of the Honorable Edward M. Chen, 450 Golden Gate Avenue, San Francisco, California, Plaintiff Nextdoor.com, Inc. will and hereby does move for an order dismissing without prejudice Nextdoor.com, Inc.'s Count II for lack of justiciability pursuant to Federal Rules of Civil Procedure 41(a)(2). This motion is based upon this Notice of Motion and Motion and the Memorandum of Points and Authorities in support thereof, the pleadings and other papers on file in this action, and any other oral or written submissions as the Court may entertain.

FENWICK & WEST LLP
ATTORNEYS AT LAW
SAN FRANCISCO

MOTION TO DISMISS NEXTDOOR.COM'S
CLAIMS FOR DECLARATORY RELIEF
FOR LACK OF JUSTICIABILITY

1

CASE NO. 3:12-cv-05667-EMC-NMC

# MEMORANDUM OF POINTS AND AUTHORITIES

## INTRODUCTION

Plaintiff Nextdoor.com, Inc. ("Nextdoor.com" or the "Company") seeks to dismiss without prejudice[1] its claim for declaratory judgment of non-infringement of Abhyanker's alleged FATDOOR and FATDOOR GET TO KNOW YOUR NEIGHBORS marks (Count II).  Because Abhyanker dismissed, with prejudice, his parallel counterclaims, no justiciable controversy remains between the parties on this issue, and Nextdoor.com's Count II should be dismissed without prejudice.  [Dkt. Nos.  224, 226].

## FACTUAL BACKGROUND

### I. ABHYANKER HAS NO REMAINING CLAIMS AGAINST NEXTDOOR.COM

On November 5, 2012, Nextdoor.com instituted the present action seeking to resolve the parties' dispute regarding Abhyanker's allegations of trademark infringement and put an end to Abhyanker's harassment.  Nextdoor.com's Complaint against Abhyanker sought a declaratory judgment of non-infringement of Abhyanker's alleged NEXTDOOR marks (Count I); a declaratory judgment of non-infringement of Abhyanker's alleged FATDOOR and FATDOOR GET TO KNOW YOUR NEIGHBORS marks (Count II); a judgment regarding Abhyanker's alleged Cyperpiracy (Count III); and a judgment regarding Abhyanker's alleged infringement of Nextdoor.com's NEXTDOOR mark (Count IV).

Abhyanker counterclaimed, alleging, among other claims, that Nextdoor.com infringed Abhyanker's purported rights in NEXTDOOR, FATDOOR and FATDOOR GET TO KNOW YOUR NEIGHBORS.  [Dkt. 132, Second Amended Answer and Counterclaims ("SAAC")].  Since then, however, all of Abhyanker's claims against Nextdoor.com have been resolved.  On May 16, 2014, this Court entered an Order and Partial Final Judgment fully resolving the question of ownership of the NEXTDOOR Mark and that Nextdoor.com "owns trademark rights in and

---

[1] Nextdoor.com sought to stipulate to dismissal without prejudice of its Count II, the subject of this motion, but Abhyanker has refused, and has indicated his intention to oppose the instant motion.

MOTION TO DISMISS NEXTDOOR.COM'S
CLAIMS FOR DECLARATORY RELIEF          1          CASE NO. 3:12-cv-05667-EMC-NMC
FOR LACK OF JUSTICIABILITY

FENWICK & WEST LLP
ATTORNEYS AT LAW
SAN FRANCISCO

has priority of use of the NEXTDOOR mark in the field of online social networking." [Dkt. 192 at 3]. Additionally, Abhyanker's claims to priority of use and ownership of the NEXTDOOR mark were dismissed with prejudice. [Dkt. Nos. 192 and 193].

Thereafter, and at Abhyanker's request [Dkt. 224], on June 17, 2014, this Court entered an Order dismissing with prejudice each and every one of Abhyanker's remaining claims against Nextdoor.com, including any claims for infringement of Abhyanker's alleged FATDOOR and FATDOOR GET TO KNOW YOUR NEIGHBORS marks. [Dkt. 226]. This was on the heels of his statement on the record, during his deposition, disavowing his claims against Nextdoor.com: "I think we should cancel all the depositions and cancel this case. I want to drop both counterclaims. I want this case to go away." June 7, 2014 Deposition of Raj Abhyanker at 389:15-17. By dismissing his claims with prejudice, Abhyanker has conceded that there is no infringement of any of his purported rights by Nextdoor.com, which is the very issue Nextdoor.com sought to be decided through its declaratory judgment action. Thus, the only remaining live issues for trial involve Abhyanker's cyberpiracy and his infringement of Nextdoor.com's NEXTDOOR Mark (Counts III and IV).

**II. ABHYANKER'S INFRINGEMENT CLAIM, NOW DISMISSED WITH PREJUDICE, IS PARALLEL TO THE CLAIM NEXTDOOR.COM SEEKS TO DISMISS**

Among the allegations Abhyanker has now dismissed against Nextdoor.com are his infringement claims, which directly correspond to the declaratory relief claim Nextdoor.com seeks to dismiss. Specifically, in its Complaint, Nextdoor.com sought a declaration that it was and is lawfully using the NEXTDOOR Mark and not committing infringement of any purported rights held by Abhyanker in the terms "fatdoor" and "Fatdoor get to know your neighbors." Dkt. 1 ("Complaint") at ¶ 63. Abhyanker's corresponding counterclaims alleged that Nextdoor.com infringes his purported rights in the FATDOOR and FATDOOR GET TO KNOW YOUR NEIGHBORS marks. SAAC at ¶197-207 (Counterclaims II and III). Abhyanker has now dismissed with prejudice these same claims: "Abhyanker, on behalf of himself and any entities he controls, now or in the future, wishes to *dismiss with prejudice and forever release all*

MOTION TO DISMISS NEXTDOOR.COM'S
CLAIMS FOR DECLARATORY RELIEF  2  CASE NO. 3:12-cv-05667-EMC-NMC
FOR LACK OF JUSTICIABILITY

*remaining counterclaims* against Nextdoor.com and Janakiraman. Dkt. 224 at ¶3.

## ARGUMENT

### I. THERE IS NO JUSTICIABLE ISSUE REGARDING ABHYANKER'S INFRINGEMENT COUNTERCLAIM

Article III of the Constitution grants the federal courts the power "to decide legal questions only in the context of actual 'Cases' or 'Controversies.'" *Alvarez v. Smith*, 130 S. Ct. 576, 580 (2009). An "actual controversy" must exist not only "at the time the complaint is filed," but through "all stages" of the litigation. *Alvarez v. Smith*, 558 U.S. 87, 92 (2009) (internal quotation marks omitted); *Arizonans for Official English v. Arizona*, 520 U.S. 43, 67 (1997) ("To qualify as a case fit for federal-court adjudication, 'an actual controversy must be extant at all stages of review, not merely at the time the complaint is filed.'"). A case becomes moot—and therefore no longer a "Case" or "Controversy" for purposes of Article III—"when the issues presented are no longer 'live' or the parties lack a legally cognizable interest in the outcome." *Murphy v. Hunt*, 455 U.S. 478, 481 (1982); *Already, LLC v. Nike, Inc.*, 133 S.Ct. 721 (2013) (dismissal of claims with prejudice, together with covenant not to sue rendered corresponding claim for declaratory relief moot).

Abhyanker's disavowal and subsequent with-prejudice dismissal of his claims of infringement against Nextdoor.com, based on his own purported rights in FATDOOR and FATDOOR GET TO KNOW YOUR NEIGHBOR marks, renders Nextdoor.com's Count II moot, as there is no longer a 'live' dispute between the parties. Further, it precludes him from asserting an infringement action based on claims he made or could have made in this action. *Intermedics, Inc. v. Ventritex, Inc.*, 775 F. Supp. 1258, 1262-63 (N.D. Cal. 1991) ("voluntary dismissal, with prejudice, entered by stipulation of the parties, is considered a final judgment on the merits for purposes of *res judicata*") citing *Eichman v. Fotomat Corp.*, 759 F.2d 1434, 1438-39 (9th Cir.1985); *San Remo Hotel, L.P. v. City & Cnty. of San Francisco*, 545 U.S. 323, 336 n.16 (2005) (issues previously adjudicated may not be further litigated). To wit, Abhyanker has committed to "forever release all remaining counterclaims" against Nextdoor.com. [Dkt. 224 at ¶3].

FENWICK & WEST LLP
ATTORNEYS AT LAW
SAN FRANCISCO

In the wake of Abhyanker's dismissal of his own parallel counterclaim of infringement with prejudice, there is no justiciable controversy with respect to any previously alleged infringement of Abhyanker's purported rights in either the FATDOOR or FATDOOR GET TO KNOW YOUR NEIGHBORS marks. Accordingly, the Court should dismiss without prejudice, Nextdoor.com's request for a declaratory judgment regarding Abhyanker's purported rights in either the FATDOOR or FATDOOR GET TO KNOW YOUR NEIGHBORS marks against Nextdoor.com. That issue has already been decided.

## II. DISMISSAL WITHOUT PREJUDICE WILL NOT PREJUDICE DEFENDANT

Rule 41(a)(2) provides that "unless otherwise specified in the order, a dismissal under this paragraph is without prejudice." Courts generally exercise their discretion under the rule by granting dismissal without prejudice absent demonstrable legal prejudice to the defendant. *See generally* 8 MOORE'S FEDERAL PRACTICE 3d § 41.40 [5]. Indeed, "the decision to grant a voluntary dismissal under Rule 41(a)(2) is addressed to the sound discretion of the District Court..." *Kern Oil Refining Co. v. Tenneco Oil Co.*, 792 F.2d 1380, 1389 (9th Cir. 1986); *Sharper Image Corp. v. Neotec, Inc.*, 373 F. Supp. 2d 993, 1000 (N.D. Cal. 2005) (dismissing without prejudice patent infringement claims rendered moot by summary judgment ruling). "The purpose of the rule is to permit a plaintiff to dismiss an action without prejudice so long as the defendant will not be prejudiced or unfairly affected by dismissal." *Stevedoring Servs. of Am. v. Armilla Intern. B.V.*, 889 F.2d 919, 921 (9th Cir. 1989) (*citations omitted*). "A district court should grant a motion for voluntary dismissal under Rule 41(a)(2) unless a defendant can show that it will suffer some plain legal prejudice as a result." *Smith v. Lenches*, 263 F.3d 972, 975 (9th Cir. 2001). "Legal prejudice" is defined as "prejudice to some legal interest, some legal claim, some legal argument." *Id.* at 976 (quotation marks omitted). "[T]he expense incurred in defending against a lawsuit does not amount to legal prejudice." *Westlands Water Dist. v. United States*, 100 F.3d 94, 97 (9th Cir. 1996). Nor is there legal prejudice "simply when defendant faces the prospect of a second lawsuit or when plaintiff merely gains some tactical advantage." *Hamilton v. Firestone Tire & Rubber Co.*, 679 F.2d 143, 145 (9th Cir. 1982).

MOTION TO DISMISS NEXTDOOR.COM'S
CLAIMS FOR DECLARATORY RELIEF      4      CASE NO. 3:12-cv-05667-EMC-NMC
FOR LACK OF JUSTICIABILITY

Here, defendant Abhyanker has already dismissed with prejudice his claims regarding Nextdoor.com's alleged infringement of the FATDOOR and FATDOOR GET TO KNOW YOUR NEIGHBORS marks.  *See* Dkt. No. 226.  This dismissal is an adjudication on the merits of his legal interest or claim with respect to Nextdoor.com's alleged infringement of these marks.  *Stewart v. U.S. Bancorp*, 297 F.3d 953, 956 (9th Cir. 2002) (The phrase "final judgment on the merits" is often used interchangeably with "dismissal with prejudice."); *Intermedics,* 775 F. Supp. at 1262-63 (finding that a "voluntary dismissal, with prejudice, entered by stipulation of the parties, is considered a final judgment on the merits for purposes of res judicata") citing *Eichman v. Fotomat Corp.*, 759 F.2d 1434, 1438-39 (9th Cir.1985).  Thus, Abhyanker has no legal interest left in his infringement claims regarding the FATDOOR and FATDOOR GET TO KNOW YOUR NEIGHBORS marks; and without a legal interest he cannot suffer legal prejudice.  The Court should therefore dismiss without prejudice Nextdoor.com's parallel declaratory judgment claim, for non-infringement of these very same marks.

## CONCLUSION

For the foregoing reasons, Nextdoor.com's Count II should be dismissed without prejudice.

Dated:   _August 8, 2014            FENWICK & WEST LLP


By: /s/ *Jennifer L. Kelly*
    Jennifer L. Kelly

Attorneys for Plaintiff
Nextdoor.com Inc.

MOTION TO DISMISS NEXTDOOR.COM'S
CLAIMS FOR DECLARATORY RELIEF                 5               CASE NO. 3:12-cv-05667-EMC-NMC
FOR LACK OF JUSTICIABILITY