August 11, 2014

Hon. Nathanael M. Cousins
U.S. Magistrate Judge
United States District Court
450 Golden Gate Avenue
San Francisco, CA 94102

      Re:    *Nextdoor.com, Inc. v. Raj Abhyanker,* No. 3:12-cv-05667-EMC
            Update on the Status of the Parties' Discovery Disputes

Dear Judge Cousins:

      Pursuant to the Court's notice [Dkt. 297] Nextdoor.com, Inc. ("Nextdoor.com") and Raj Abhyanker ("Mr. Abhyanker") jointly submit this update on the status of their discovery disputes.

**Issue One: Documents withheld documents as "duplicates," but which also come from different sources.**

      Since the parties submitted their Joint Letter Brief on August 6, 2014, Mr. Abhyanker has agreed to produce, from the subset of documents requested by Nextdoor.com, a further subset consisting of those it deems not-privileged and responsive. As of the filing of this update, Abhyanker has agreed to produce those documents in native form, as was done with the last production. As a reminder, Nextdoor.com believes that these documents are not actually duplicative in the traditional sense, and instead, each of the documents had its own origin and history, such that native production is necessary for Nextdoor.com to compare and trace the documents' creation, who had access to and modified the documents and assess Mr. Abhyanker's claims that they were actually duplicates in the first instance.

**Mr. Abhyanker's Position:**

      Since Nextdoor.com's counsel requested a list of duplicated out files, which Mr. Abhyanker understands to be files that were not produced during discovery because they were duplicate versions of produced files, Mr. Abhyanker forwarded the request to Blackstone Discovery, and subsequently submitted it to Nextdoor.com. Blackstone Discovery also provided Mr. Abhyanker with thousands of duplicate out files that his counsel is currently sifting through in order to pinpoint which files in Nextdoor.com's requested subset are not privileged and/or non-responsive. Mr. Abhyanker does not know whether the files provided by Blackstone Discovery, and/or in existence, are duplicative in the traditional sense or whether they have their own origin and history. Mr. Abhyanker's promise to produce the files in native form is based on Blackstone Discovery submitting duplicate out files both in PDF and Native format to Mr. Abhyanker. Mr. Abhyanker's counselors are making their best efforts to produce the non-privileged and/or responsive files to Nextdoor.com's counsel by 12 p.m. August 12, 2014.

**Issue Two: Production of documents as to entries for which Mr. Abhyanker's does not establish privilege.**

On Thursday August 7, 2014, Defendant Abhyanker provided a revised privilege log to Nextdoor.com, which he filed with the Court the following day. *See* Dkt. 302. This revised log does not even come close to curing the serious deficiencies recognized by the Court, including providing the identity of the user still described only as "H60sere." *See* Dkt. 289. For some entries, no date or author information is included at all, only a bare claim to privilege or work product protection. The revised log also merely identifies "certain individuals" as attorneys (with no detail offered as to whether these individuals were acting as counsel in this matter) or as employees of the non-party law firm that Defendant is affiliated with. Nor does it clarify whether the revised log covers all productions, or, as Nextdoor.com suspects, only the July 18 production, or whether the revised privilege log covers all attachments to the documents listed on the current log. This despite these questions having been raised numerous times in the past, during the parties' most recent meet and confer, counsel is still unable to answer. *See* Dkt. 283, citing Dkt Nos. 256, 259. The parties have now engaged in three in-person meet and conferences, had a Court hearing, and questioned Mr. Abhyanker on these matters at his August 4 deposition, all to no avail. As of the filing of this update, for the many of the entries, counsel continues to be unable to state whose work production they are asserting is protected (including documents identifying H60sere, MP015096 or Owner as the author): counsel admits that they don't know who these entities are. As such, the log is inadequate, fails to support the claimed privileges and at this late stage, any privilege should be deemed waived. Nextdoor.com respectfully submits that the parties are at an impasse on this matter. It thus is prepared to discuss it at tomorrow's hearing, or, if the Court prefers, to further brief this issue on August 14, as previously ordered.[1]

**Mr. Abhyanker's Position**

As has been so often the case, counsel for Nextdoor insisted that counsel for Mr. Abhyanker provide a response for inclusion in a joint discovery filing upon demand - in this case, within two hours of receipt, and within three hours of a meet-and-confer session discussing the matter. This is so even the Court's last order provided until August 14 for full briefing on this issue. It is becoming increasingly difficult for Mr. Abhyanker to tolerate such patently oppressive and unreasonable demands. Mr. Abhyanker respectfully requests that the Court advise Nextdoor that all of its case-related demands be accompanied by sufficient and reasonable time to respond to them.

In keeping with discovery rules governing the need for a privilege log and this court's prior orders with respect to creation and updating of a privilege log, Mr. Abhyanker has updated his privilege log to include a general description or characterization of all withheld documents. Together with the type of applicable privilege or protection already noted, the updated privilege log now includes all required information, such that the opposing party can assess the application of the noted privilege or protection.

---

[1] Nextdoor.com also specifically reminded Mr. Abhyanker last week that his continued failures on this matter caused Netdoor.com prejudice with respect to its expert's analysis, but Mr. Abhyanker refused to even consider the issue. [*See* Dkt. 289].

Nextdoor persists in complaining that the privilege log is not descriptive enough. It remains dissatisfied that some user names consisting of letters and digits have not been identified from among the staff at Mr. Abyhanker's law office. This is so because counsel for Mr. Abhyanker have not been able to identify which personnel they link to. However, as noted persistently in the meet and confer sessions, it is clear from the nature and content of the communications or other documents at issue that the matters discussed therein are matters of legal strategy and direction among lawyers and legal staff, and thus subject to a proper exercise of attorney-client privilege, or among lawyers and others assisting the lawyers to distill or make sense of facts or law arising from the case, and thus subject to a proper exercise of work product protection.

From Nextdoor's portion of the joint discovery letter on this issue, Mr. Abhyanker cannot determine which documents Nextdoor continues to question, or why it is unable to accept the privilege characterization provided on the log and further substantiated during the meet and confer session of earlier today. Generalized concerns are not sufficient to warrant relief - questioned log entries must be identified specifically to enable meaningful review. In any event, after review of the documents included in the log - which are a tiny volume relative to the document production provided to Nextdoor - Mr. Abhyanker continues to believe that he has asserted privilege and protection conservatively and properly based on the participants and/or nature of the content of the documents, and stands by these designations.

**Issue Three: Abhyanker's Declaration regarding his access to the Google Drive from June 8, 2014 through the present.**

On July 8, 2014, the Court ordered Mr. Abhyanker to provide a sworn declaration regarding "whether he had access to the password and Google Drive for Fatdoor.com at any time from June 8, 2014 through the present." *See* Dkt. 259. On the afternoon of August 1, 2014, Abhyanker served, but did not file, a declaration only addressing the period of June 13 to the present. Abhyanker did not answer whether he had access to the password and Google Drive for Fatdoor *at any time* from June 8-12. Today, Mr. Abhyanker's counsel orally represented that Mr. Abhyanker *did have access* to the password and Google Drive for Fatdoor.com on June 8, 2014, but he did not access between June 9-12. Nextdoor.com requests, as already ordered by the Court, that Abhyanker file a declaration, which answers under penalty of perjury, whether he had access to the password and Google Drive for Fatdoor.com at any time between June 8, 2014 through June 12, 2014.

**Mr. Abhyanker's Position**

Counsel for Mr. Abhyanker is preparing a new declaration for execution and will submit it to Mr. Abhyanker who is currently out of the country via email today. Mr. Abhyanker's counsel hopes, subject to Mr. Abhyanker being able to locate a printer and scanner while abroad in a timely manner, that they will be able to file an executing version upon its receipt by August 12, 2014 at 12:00 p.m.

**Issue Four: Abhyanker's Updated Declaration [Dkt. 291] re the Due Diligence CD/LegalForce Agreement/Sood Agreement.**

On July 1, 2014 and August 2, 2014, the Court ordered Abhyanker to file a declaration under penalty of perjury "explaining what knowledge he has as to the existence of the documents in question, and what efforts he made to locate those documents?" In response, Abhyanker filed two declarations (Dkt. 264 and 291). For the reasons explained in Nextdoor.com's July 25, 2014 letter brief (Dkt 272), Abhyanker's declaration is insufficient and does not comply with the Court's orders. In particular, Abhyanker's latest declaration does not explain: (1) who found the documents in question; (2) to whom specifically Abhyanker provided the documents; or (3) whether an original copy of the Sood confidentiality agreements ever existed. Answers to these issues are necessary. First, if it was Abhyanker who originally found the documents, then he is the sole source of the documents, and Abhyanker cannot independently verify their existence. Second, Abhyanker now appears to be blaming his prior counsel for misplacing the 2006 LegalForce Corporate records and a copy of the Sood confidentiality agreements. If Abhyanker is placing blame elsewhere, then he must specifically name this potential fact witness. Nextdoor.com is entitled to question this witnesses regarding whether he or she ever received the documents in question and whether he or she misplaced the documents, as Abhyanker now claims. Third, Abhyanker must answer whether an *original* version of the Sood Confidentiality Agreement exists. So far, he's only explained whether a copy of the original document existed. If an original version does not exist, then again Abhyanker cannot independently verify its existence or even its creation date.

Abhyanker has now had two chances to provide a full and complete accounting of: (1) the CD or flash drive containing the Benchmark Diligence CD; (2) the 2006 LegalForce entity corporate records; and (3) the Sandeep Sood confidentiality agreements. He has now failed to comply with the Court's order two times. As the Court warned in its August 2 order, a second failure to provide a sufficient declaration "may subject the defense to sanctions." *See* Dkt. 289. Nextdoor.com respectfully requests that because of Abhyanker's second and continued failure to comply the Court's order, the Court should sanction Abhyanker by prohibiting him from using these three categories of documents in his defense of Nextdoor.com's claims.

**Abhyanker's Positions:**

In his recently-submitted declaration, Mr. Abhyanker did just as the court's order directed him to do: "explaining what knowledge he has as to the existence of the documents in question, and what efforts he made to locate those documents". His declaration discusses what he remembered of these documents, and what he did to locate them. Mr. Abhyanker clearly makes an effort to answer the court's two questions.

Perennially not satisfied with any effort by Mr. Abhyanker, Nextdoor and its counsel follow up with sub-questions designed to elicit information not sought by the Court's order, with the clear intent to pursue further discovery with persons they want identified through one of the sub-parts of their expanded inquiry. Nextdoor and its counsel go so far as to ask for sanctions because Mr. Abhyanker did not address every last of the sub-parts of their ever-expanding inquiry.

Mr. Abhyanker racked his brain to be responsive to the Court's inquiry.  Expanding the inquiry now to multiple sub-parts - weeks after the fact-discovery cutoff - should not result in an ever-expanding response, let alone sanctions, when the response already provided evidences Mr. Abhyanker's effort and good faith in responding to the best of his memory.

To conclude:  Nextdoor continues to engage in full-throated discovery covering more than a dozen items, even though the discovery cut-off set. and extended, by the District Court has long since passed.  Nextdoor's continued efforts at fact discovery extend well beyond the narrow allowances for follow-on discovery made by this Court, and need to end.


*/s/ Guinevere L. Jobson*  　　　　　　　*/s/ Kuscha Hatami*
Attorneys for Nextdoor.com　　　　　　Attorneys for Mr. Abhyanker