1  DAVID S. LAVINE, CA State Bar No. 166744
   dave@legalforcelaw.com
2  KUSCHA HATAMI, CA State Bar No. 282954
   kuscha@legalforcelaw.com
3  **LEGALFORCE RAJ ABHYANKER, P.C.**
   1580 W. El Camino Real, Suite 13
4  Mountain View, California 94040
   Telephone: 650.965.8731
5  Facsimile:  650.989.2131

6  Attorneys for Defendant
   Raj Abhyanker
7

8

9             UNITED STATES DISTRICT COURT

10            NORTHERN DISTRICT OF CALIFORNIA

11               SAN FRANCISCO DIVISION

12 NEXTDOOR.COM, INC.,

13            Plaintiff,

14       vs.

15 RAJ ABHYANKER,

16            Defendant.

17 ─────────────────────────────

18 RAJ ABHYANKER,

19            Counterclaimant,

20       vs.

21 NEXTDOOR.COM, INC., et al.,

22            Counterdefendants.

Case No. 3:12-cv-05667-EMC

**AMENDED DECLARATION OF RAJ ABHYANKER REGARDING CERTAIN DOCUMENTS IN RESPONSE TO JUDGE COUSINS' AUGUST 12, 2014 ORDER (ECF NO. 306).**

Courtroom:       A – 15th Floor
Discovery Judge: Hon. Nathanael Cousins

23

24

25

26

27

28

I, RAJ ABHYANKER, declare as follows:

1. I am the Defendant in this lawsuit. On July 1, 2014, Judge Cousins issued an order requiring me to submit a declaration explaining my knowledge as to three categories of documents and my efforts to locate these documents. ECF No. 250, at 3:24 – 4:4. The three categories of documents are set out in ECF No. 232-1: (1) Item 3.b ("A copy of the 'CD or flash drive' that Mr. Abhyanker claims he received from his assistant containing the Benchmark Diligence CD"); (2) Item 3.d ("The original physical copies of the 2006 LegalForce entity corporate records"); and (3) Item 3.e ("The original physical copy of the Sandeep Sood confidentiality agreements." ECF No. 232-1, at 2.

2. Each of the documents in question existed. Counsel and I made our best efforts to search all relevant CDs, flash drives, and media we had in our possession at our 1580 W. El Camino Real Mountain View office locations Suite 8, 10, 12, 13, and 14, 451 Shoreline Mountain View building, and 323 University Palo Alto location. I searched the 4211 E. Wilshire Dr. Phoenix location myself, but did not find anything there.

3. It is my belief that documents in question comprised whatever was produced. They were each given to my counsel in this case. I have described below what my understanding is what happened to them thereafter, but my understanding is limited given I do not have full visibility into the actions of my counsel.

4. In accordance with Judge Cousins' Order, each of these categories of documents is addressed below.

### Item 3.b – A Copy of the CD or Flash Drive Containing the Benchmark Diligence CD

5. My recollection of this document is as follows: My recollection is that legal assistant Ravi Soni provided me a copy in late 2013 when he created multiple copies for counsel in this case based on data of the Benchmark Diligence CD recovered by Central Computers. We have determined that the copy was a CD and it has been given to my counsel for production.

### Item 3.d – The Original Physical Copies of the 2006 LegalForce Entity Corporate Records

6. My recollection of this category of documents is as follows: Babar Rana had left behind a physical folder of documents when he left his employment as the Director of Operations

of Raj Abhyanker LLP and Co-Founder, COO, and Interim CEO of LegalForce, Inc. in or around January 2008. This folder of documents was located at 1580 W. El Camino Suite 8 in a filing cabinet. I gave the folder of documents to Attorney Hannibal Odisho ("Odisho") who had been assigned to Nextdoor.com v. Raj Abhyanker (the "case") in or around May 2013. Odisho had been assisting my lead attorney Bruno Tarabichi ("Tarabichi"). Odisho was specifically asked to preserve the folder of documents.

7. Despite this, I do not believe that Odisho preserved the folder of documents. Particularly, on or about June 22, 2013, I asked Odisho to confirm whether he had in fact saved this folder of documents. Odisho admitted having possession of the physical folder of documents but asserted that that he handed the folder of documents to another Attorney Roy Montgomery ("Montgomery") instead of retaining it himself. A spirited disagreement ensued between Montgomery and Odisho in the days following as to the whereabouts of the physical folder of documents and individual responsibilities with respect to organizing and preserving evidence for discovery in this case. These disagreements were internal between my counsel, and therefore my knowledge is limited. All I know is that I insisted that the physical folder be preserved and provided my counsel permission to use requested calendaring and case management tools.

8. My efforts to locate the folder of documents include having my staff search the Palo Alto and Mt. View offices, where Attorneys Odisho and Montgomery worked, and inquiring with Attorneys Montgomery, Odisho, and then lead counsel Bruno Tarabichi whether they have any knowledge of the whereabouts. It is my understanding that they no longer do not have any knowledge of the whereabouts of the folder of documents.

**Item 3.e – The Original Physical Copy of the Sandeep Sood Confidentiality Agreements**

9. My recollection of this copy of documents is that they were part of the folder described in item 3.d above.

I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

Executed August 14, 2014 at Naples, Italy.

_____  Aug 14, 2014
Raj Abhyanker