UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| NEXTDOOR.COM, INC., <br><br>　　　　　Plaintiff, <br><br>　　v. <br><br>RAJ ABHYANKER, <br><br>　　　　　Defendant. | Case No. 12-cv-05667 EMC (NC) <br><br>**ORDER REQUIRING DEFENDANT TO UPDATE PRIVILEGE LOG** <br><br>Re: Dkt. Nos. 294, 302, 306 |

　　The Court ordered defendant Abhyanker to submit three documents—numbers 182, 183, and 194 in the privilege log at docket entry 302—for in camera review. The Court has reviewed the documents and finds that defendant has failed to describe the documents with sufficient particularity in the privilege log.

　　Federal Rule of Civil Procedure 26 requires a party asserting a privilege to "describe the nature of the documents, communications, or tangible things not produced or disclosed—and do so in a manner that, without revealing information itself privileged or protected, will enable other parties to assess the claim." Fed. R. Civ. P. 26(b)(5)(A)(ii). The Ninth Circuit has specified that a privilege log must contain: (a) the attorney and client involved, (b) the nature of the document, (c) all persons or entities shown on the document to have received or sent the document, (d) all persons or entities known to have been

furnished the document or informed of its substance, and (e) the date the document was generated, prepared, or dated. *In re Grand Jury Investigation*, 974 F.2d 1068, 1071 (9th Cir. 1992).

The Court finds that the privilege log fails to describe the documents with sufficient particularity. The privilege log's description for a slew of documents offers only, "standalone document reflecting legal advice of counsel regarding litigation strategy." This is not an adequate description in order to assess the legitimacy of the privilege claim. *See Natural Res. Def. Council v. Gutierrez*, No. 01-cv-00421 JL, 2008 WL 2468494, at *3 (N.D. Cal. June 17, 2008) (finding that "[t]he short sentence fragments and dates [defendant] has provided for each excluded document do not describe the documents' type or nature, let alone reveal their subject matter or establish the elements of the privilege."). Is the document a chart? Is it a back-and-forth communication between identifiable parties? Is it a document obviously made in preparation for a deposition? If defendant is able to answer these questions and other obvious inquiries that would shed light on the general nature of what the document is, he must do so in the privilege log. He can certainly do so with regard to documents 182, 183, and 194. It is defendant's burden to establish the privilege applies with respect to the withheld documents, *Clarke v. Am. Commerce Nat. Bank*, 974 F.2d 127, 129 (9th Cir. 1992), and the privilege log in its current form does not make the cut.

With regard to document 194, the document does not appear obviously privileged on its face, but it is possible that this document was made at the request of counsel. That would only be the case, however, if the creator of the document could attest to that fact. The Court is concerned that the identity of the author of document 194 appears obvious, despite defendant claiming to be unable to assess who created the document. Counsel for defendant must make additional effort to identify the author of this and other documents withheld based on privilege, and identify the author or creator of withheld documents when possible. If the author of document 194 cannot be identified and thus cannot attest that the document was made in preparation for litigation, then defendant cannot meet his burden of

Case No. 12-cv-05667 EMC (NC)
ORDER REQUIRING DEFENDANT TO
UPDATE PRIVILEGE LOG

2

1 showing the document is privileged and he must produce it.

2     The Court therefore orders defendant to serve an updated privilege log on plaintiff
3 and file it with the Court within seven days of this order.  Defendant must update the
4 privilege log with respect to every withheld document, not just those reviewed by the Court
5 in camera.  Defendant must provide a detailed description of each document, and identify
6 the creator of the document when possible.  The Court will reevaluate the sufficiency of the
7 updated log, in particular with regard to document 194, when it is filed.

8     Any party may object to this order to District Court Judge Edward M. Chen within 14
9 days.  Fed. R. Civ. P. 72(a).

11     IT IS SO ORDERED.

12     Date:  August 18, 2014

13     _____
    Nathanael M. Cousins
14     United States Magistrate Judge