1
2
3
4
5
6

7               **UNITED STATES DISTRICT COURT**

8              **NORTHERN DISTRICT OF CALIFORNIA**

9                 **SAN FRANCISCO DIVISION**

10

11   NEXTDOOR.COM, INC.,                    Case No. 12-cv-05667 EMC (NC)

12              Plaintiff,                  **ORDER SETTING DEPOSITION SCHEDULE; DENYING DEFENDANT'S MOTION FOR RECONSIDERATION OR TO REOPEN DISCOVERY**

13         v.

14   RAJ ABHYANKER,                         Re: Dkt. No. 311

15              Defendant.

16

17          The parties submitted a joint letter brief seeking the Court's resolution of two

18   disputes: first, the scheduling of expert depositions and second, whether to reopen discovery

19   to allow defendant to take three fact depositions.  The Court now schedules the expert

20   depositions and denies the motion to reopen fact discovery for lack of good cause.

21   **A.    Expert Deposition Scheduling**

22          The parties were unable to agree on a schedule for the depositions of the seven total

23   expert witnesses, and the deadlines for production of documents associated with those

24   depositions.  Therefore, at oral argument today, the Court set the following deadlines:

25          1) The deposition of O'Leary[1] is to take place on August 22 at 12:00 p.m.  Documents

26   _____

27   [1] Because the parties did not provide the names of the experts in writing, the Court spells
     the experts' names phonetically and trusts that the parties understand to whom the Court is
28   referring.

1  are to be produced by August 22 at 9:00 a.m.

2      2) The deposition of Sugarman is to take place on August 25. Documents are to be
3  produced by August 25 at 9:00 a.m.

4      3) The deposition of Berryhill is to take place on August 26. Documents are to be
5  produced by August 25 at 9:00 a.m.

6      4) The deposition of Fisher is to take place on August 27. Documents are to be
7  produced by August 26 at 12:00 p.m.

8      5) The deposition of Jay is to take place on August 28. Documents are to be
9  produced by August 26 at 12:00 p.m.

10     6) The deposition of Sheldon is to take place on August 29. Documents are to be
11 produced by August 25 at 9:00 a.m.

12     7) The deposition of McCain is to take place on September 2. Documents are to be
13 produced by August 26 at 12:00 p.m.

14 **B.    Motion to Reopen Discovery**

15     Next, defendant moves to take the deposition of two fact witnesses and one 30(b)(6)
16 person most knowledgeable. Viewing the motion as one for reconsideration of the Court's
17 previous order denying the request to compel these depositions, the motion is denied for
18 lack of showing of new material facts or a change of law. Viewing the motion as one to
19 reopen discovery, the Court denies the motion because defendant has not demonstrated
20 good cause.

21     First, viewing the motion as one for reconsideration of the Court's earlier order
22 denying Abhyanker's request to take the depositions of Tolia and Janakiraman, Dkt. No.
23 223, the Court finds that Abhyanker has not met the standard for demonstrating that
24 reconsideration is warranted. First, the procedurally correct method to challenge the order
25 of the Court would have been to appeal the order to Judge Chen within 14 days of the order.
26 Fed. R. Civ. P. 72(a). Defendant did not appeal the order. Even if it were proper to ask this
27 Court directly to reconsider its order, the form of the motion is procedurally improper. Our
28 Local Rules specify that a party may "make a motion before a Judge requesting that the

Case No. 12-cv-05667 EMC (NC)
ORDER SETTING DEPOSITIONS;          2
DENYING MOTION TO RECONSIDER

1 Judge grant the party leave to file a motion for reconsideration of any interlocutory order"

2 and the rule makes clear that "[n]o party may notice a motion for reconsideration without

3 first obtaining leave of Court to file the motion." Civ. L. R. 7-9(a). Defendant has failed to

4 take the step of seeking leave of Court, and has instead filed a motion that in effect asks the

5 Court to reverse its previous holding that the depositions would not go forward for lack of

6 relevance and good cause.

7       Even if the Court were to consider the motion despite the improper form, the Local

8 Rules instruct that a party seeking reconsideration must demonstrate:

9
10
11
12
13
14
15
16

> (1) That at the time of the motion for leave, a material difference in fact
> or law exists from that which was presented to the Court before entry of
> the interlocutory order for which reconsideration is sought. The party
> also must show that in the exercise of reasonable diligence the party
> applying for reconsideration did not know such fact or law at the time
> of the interlocutory order; or
> (2) The emergence of new material facts or a change of law occurring
> after the time of such order; or
> (3) A manifest failure by the Court to consider material facts or
> dispositive legal arguments which were presented to the Court before
> such interlocutory order.

17 Defendant has failed to demonstrate that any of these circumstances exist. The only

18 circumstance that has changed since defendant's original motion is that fact discovery has

19 closed, the parties are well underway with expert discovery, and dispositive motions are due

20 in roughly three weeks. Dkt. No. 274. Defendant's argument that the Court's previous

21 extension of fact discovery means that the Court should again extend time for fact discovery

22 is without merit. Putting aside the questionable relevance of the depositions, the date of

23 trial is approaching, the experts have written their reports, and defendant has not identified a

24 new fact or change of law that would warrant the Court reconsidering its previous order

25 denying these depositions. The motion to reconsider is thus denied.

26       Next, viewing the motion as one to reopen discovery, the Court denies the requested

27 relief for lack of good cause. Federal Rule of Civil Procedure 16(b) provides that the

28 district court must issue a scheduling order that limits the time to join other parties, amend

1  the pleadings, complete discovery, and file motions. Fed. R. Civ. P. 16(b)(1)-(3). Once in

2  place, "[a] schedule may be modified only for good cause and with the judge's consent."

3  Fed. R. Civ. P. 16(b)(4). The "good cause" requirement of Rule 16 primarily considers the

4  diligence of the party seeking the amendment. *Johnson v. Mammoth Recreations, Inc.*, 975

5  F.2d 604, 609 (9th Cir. 1992). "The district court may modify the pretrial schedule if it

6  cannot reasonably be met despite the diligence of the party seeking the extension." *Id.*

7  (internal citation and quotation marks omitted).

8      Here, defendant has admitted that he could have sought these depositions much

9  earlier, and offers no explanation as to why defendant waited over 18 months after the filing

10 of the complaint, and only two months before the original close of fact discovery, to notice

11 a fact deposition. Nor has defendant shown that he diligently pursued the depositions after

12 noticing them. Defendant has thus failed to act with diligence in the discovery process and

13 has not shown good cause to reopen discovery at this extremely late stage.

14     Defendant's only argument for reopening discovery is that fairness requires that he be

15 permitted to take depositions, so that he is better prepared for trial. But there are two sides

16 to the fairness coin. It would prejudice plaintiff, particularly in light of the lack of diligence

17 by defendant in pursuing fact discovery, for the Court to now order three fact depositions to

18 take place. This would likely require experts to amend their reports or create new ones, and

19 it would require continuing the expert depositions that the Court has just scheduled. In light

20 of defendant's lack of diligence in pursuing the depositions, and the prejudice to plaintiff,

21 the Court denies the motion.

22     Any party may object to this order to District Court Judge Edward M. Chen within 14

23 days. Fed. R. Civ. P. 72(a).

24     IT IS SO ORDERED.

25     Date: August 21, 2014

26                                                        _____
                                                         Nathanael M. Cousins
27                                                       United States Magistrate Judge

28

Case No. 12-cv-05667 EMC (NC)
ORDER SETTING DEPOSITIONS;                    4
DENYING MOTION TO RECONSIDER