1 | **DAVID S. LAVINE**, CA State Bar No. 166744
dave@legalforcelaw.com
2 | **NICHOLAS M. GEROVAC,** CA State Bar No. 289910
nick@legalforcelaw.com
3 | **LEGALFORCE RAJ ABHYANKER, P.C.**
1580 W. El Camino Real, Suite 13
4 | Mountain View, California 94040
Telephone: 650.965.8731
5 | Facsimile: 650.989.2131

6 | Attorneys for Defendant
RAJ ABHYANKER

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| NEXTDOOR.COM, INC., | Case No. 3:12-cv-05667-EMC |
|---|---|
| Plaintiff, | **DEFENDANT RAJ ABHYANKER'S OBJECTION TO PLAINTIFF'S EVIDENCE SUBMITTED BY REPLY AND REQUEST FOR LEAVE TO FILE SURREPLY IN OPPOSITION TO MOTION TO DISMISS FOR NON-JUSTICIABILITY** |
| vs. | |
| RAJ ABHYANKER, | |
| Defendant. | |

Pursuant to L.Civ.R. 7-3(d)(1), defendant Raj Abhyanker hereby objects to the evidence submitted on reply by plaintiff Nextdoor.com in support of its motion to dismiss the declaratory relief claim in its complaint.

A reply brief is supposed to be just that - for reply to arguments presented in opposition to a motion. It is not supposed to be a new opportunity for a movant to present evidence in support of the motion, which, with diligence, could have been presented in the opening motion papers. A movant who waits to present evidence - especially evidence the movant thinks is compelling or determinative - on reply undermines the motion process and scuttles the sequence of point-counterpoint-reply designed to assist the Court in deciding the motion. Presenting new evidence on reply leaves no established channel for the opposing party to respond to or rebut it. As such, plaintiff's new evidence presented by way of declaration, and the argument interpreting that evidence, has no place on reply and should be stricken as not consistent with fair play.

In the alternative, defendant requests that the court grant defendant leave to file a short surreply to take up and rebut the evidence newly-introduced by plaintiff on reply. Such surreplies have been authorized by this Court in similar situations. *See, e.g., Toomey v. Nextel Commc'ns, Inc.*, Case No. C-03-2887 MMC, 2004 U.S. Dist. LEXIS 30793, at *2 (N.D. Cal. Sept. 23, 2004) (granting motion for leave to file surreply to address arguments "raised for the first time in [defendant's] reply, and purported misstatements of fact in [defendant's] reply"); *Sharper Image Corp. v. Consumers Union of United States, Inc.*, Case No. 03-4094 MMC, 2004 U.S. Dist. LEXIS 24484 at *2 n.1 (N.D. Cal. Feb. 23, 2004) (granting motion for leave to file surreply, and considering the extent surreply "responds to arguments raised first time on reply"). Defendant has sought plaintiff's position with respect to seeking such leave. Even though plaintiff clearly understands that it submitted evidence by way of declaration, as well as related argument, only on reply and not in its moving papers, plaintiff did not give its consent to defendant's request for

//
//
//
//
//

leave to file a surreply upon inquiry - instead insisting that it view a draft of the surreply beforehand. Accordingly, defendant requests that the Court sustain its objection, and/or grant leave for defendant to file a surreply to the newly-introduced evidence and related argument.

                                      Respectfully Submitted,

Date: September 4, 2014        /s/David Lavine_____
                                      David Lavine

                                      LegalForce RAPC Worldwide
                                      Attorneys for Defendant Raj Abhyanker