September 9, 2014

Hon. Nathanael M. Cousins
U.S. Magistrate Judge
United States District Court
450 Golden Gate Avenue
San Francisco, CA 94102

      Re:    *Nextdoor.com, Inc. v. Raj Abhyanker,* **No. 3:12-cv-05667-EMC**
             **Discovery Letter Re Abhyanker's Compliance with Expert Discovery**

Dear Judge Cousins:

      Nextdoor.com, Inc. ("Nextdoor.com") and Raj Abhyanker ("Mr. Abhyanker") jointly submit this Discovery Letter Brief seeking the Court's assistance with issues related to expert discovery. Counsel represent they have met and conferred on these issues in person, and have been unable to reach agreement.

**Issue: Whether Mr. Abhyanker must produce (i) the tax preparer workpapers and (ii) unredacted tax documents that his expert reviewed and relied upon in his expert report.**

      **Nextdoor.com's position**: Abhyanker's tax expert, Randy Sugarman, stated at deposition and in his expert report that he inspected the workpapers of Abhyanker's tax preparer as well as Abhyanker's unredacted tax returns for 2006-2009, and that he relied on these documents in reaching the conclusions outlined in his report. However, Abhyanker has refused to turn over these documents, despite the fact that (1) Abhyanker is obligated by the Federal Rules of Civil Procedure to turn them over contemporaneous with his report, (2) they have been specifically requested by Nextdoor.com through discovery requests to both Mr. Sugarman and Abhyanker, and (3) under the Court's August 2nd Order (Dkt. 289 ¶ 4) Abhyanker was required by August 4—over month ago—to turn over tax returns that do not have the signatures, dates, or preparer information redacted..

      Rule 26(a)(2)(B)(ii) requires that the expert report "must contain … the facts or data considered by the witness in forming [his or her opinion]." On multiple occasions, Mr. Sugarman's report confirms that he considered and actively relied on the tax preparer workpapers and Abhyanker's unredacted tax returns in forming his opinion. For example, on page 2 of his report, Mr. Sugarman states that he based his opinion on the documents that he inspected, including "the 2006 through 2009 amended tax returns," and then on page 3 Mr. Sugarman goes on to detail the documents he inspected, noting: "I inspected the supporting tax preparer workpapers…in reaching my conclusion." On pages 4-5 of his expert report, Mr. Sugarman then wrote "[the tax preparer] provided me with access to each of Abhyanker's unredacted tax returns and related tax files supporting those years' tax returns [2006-2009]. My inspection of those returns indicated there were no deductions involving LegalForce, Inc. other than those set forth on the 2008 schedule D."

      At deposition, Mr. Sugarman confirmed that he met with tax preparer Shirley Tay on July 21, 2014 who was working at Mr. Abhyanker's LegalForce office and reviewed the work papers there. Depo at p. 9. His time records show he spent over five hours on the project that day. Depo Exh. 200. His testimony confirmed that Ms. Tay made the work papers available at Mr.

Abhyanker's direction. Depo at pp. 47-48. Sugarman then attached to his expert report an Exhibit 4D, which consists of a short excerpt from the tax preparer's work papers which Ms. Tay later emailed to him. This exhibit consists of a schedule of purported debt owed to Mr. Abhyanker by LegalForce and forgiven in 2008. However, Exhibit 4D differs materially from the numbers on a similar schedule previously provided by Abhyanker in the litigation. (Depo Exh. 76). Sugarman Exhibit 4D, which can be provided to the Court on request, also reflects the preparer's internal work-paper cross-references, used by CPAs to track the way in which documents substantiate calculations. Sugarman's report relies on the tax preparer's use of these work papers, stating that "the basis which produced the capital loss is from a schedule (Exhibit 4D) included in [the] 2008 work papers." Report at 2. Without access to the full work papers and unredacted returns provided to Mr. Sugarman, Nextdoor.com's rebuttal expert, CPA Greg Regan, is unable to complete his own analysis. (Regan Preliminary Rebuttal Report dated August 25, 2014 [the designated date for rebuttal reports] at 1).

The conclusion is inescapable: Mr. Sugarman relied on the tax preparer workpapers and unredacted 2006-2009 tax returns as the essential basis for his opinions, and so he was required by FRCP 26 to provide these documents alongside his expert report. At a minimum, Abhyanker, who controls access to these documents and obtained access for Mr. Sugarman, must be ordered to produce them now for review by Nextdoor.com's expert.

Furthermore, at Mr. Sugarman's deposition, he stated that Abhyanker's 2008 tax returns had been amended and that he had reviewed both the original and amendments. But Abhyanker's counsel has not been able to confirm whether the redacted 2008 tax returns provided to Nextdoor.com were the original or amended returns, nor has Abhyanker's counsel been able to confirm when those returns were amended. The fact that Abhyanker did, or did not, change his tax returns to correspond to his present story at particular times may be highly relevant to the credibility of his present position.

In addition, despite the Court's August 2 order to turn over all signed returns with signatures unredacted, Mr. Abhyanker has still failed to provide the returns *he signed* with *his signature*. Rather, he has either redacted the taxpayer's signature (2007 and 2009) or provided only the "taxpayer's copy" signed by his preparer prior to (and therefore not reflecting) his own signature. This precludes Nextdoor.com's ability to know if these were, in fact, the final returns submitted, and, more importantly, precludes the ability to question Mr. Abhyanker about his signature under penalty of perjury. All signature lines must be provided unredacted (as the Court previously ordered).

Abhyanker's argument that these documents are not in Mr. Sugarman's possession is transparent. Nextdoor.com raised Abhyanker's and Mr. Sugarman's obligations to produce them under Rule 26 on August 11, the first business day after receiving Mr. Sugarman's report. In response, Abhyanker's counsel contested whether in fact the workpapers had been relied on to support Mr. Sugarman's opinion (despite the plain language of the report in which Mr. Sugarman says so). Abhyanker's counsel next wrote that "[the workpapers] can be requested by way of the deposition process *to the extent in the expert's possession*" (emphasis added). This appears to have been a deliberately misleading statement: Abhyanker's counsel admitted on August 13 that, despite his suggestion the previous day to seek the papers through deposition requests, Mr.

Sugarman did not possess the workpapers.  Counsel then wrote that the papers "were reviewed only for a brief time with the tax accountant to confirm his opinion.  He was not offered or provided with a copy set of the workpapers.  Since they are not in his possession, custody or control, Mr. Sugarman cannot produce the workpapers … I hope this ends your inquiry."   But reviewing documents even to "confirm" an opinion does not allow those documents to be withheld.  And Sugarman in fact relied *expressly* on the work papers—selected excerpts of which he provided, without full context—as the basis for his opinion.  As to possession of the documents, Mr. Abhyanker directed that access be provided to Mr. Sugarman, and he should be directed to provide access to Nextdoor.com' expert.  Indeed, to address this game of hide the documents,  Nextdoor specifically served a Seventh Request for Production of Documents on Abhyanker for materials his experts relied on—a request requiring production here. .

      Mr. Sugarman cannot claim that his opinion was based on the supporting tax preparer workpapers but then hide behind his failure to retain a copy of the documents.  Moreover, Abhyanker cannot attempt to game the discovery process by showing this new and unproduced evidence to his expert after the close of fact discovery.  Documents that are shown to an expert and relied on by that expert for the basis of his opinions must be produced through expert discovery, as FRCP 26(a)(2)(B)(ii) makes clear.[1]

---

[1] This Court already twice ordered Abhyanker's tax returns produced, finding good cause to do so [Dkts. 259, 289], yet prior to the eve of filing the present motion Abhyanker had not provided any authority for his assertion that public policy warrants non-disclosure of his tax records.  Moreover, the cases Abhyanker cites are outdated and inaccurate.  As Magistrate Judge Trumbull has noted, "[n]othing in [*Premium Services Corp. v. Sperry & Hutchinson Co.*] requires [a compelling need] standard for discovery of tax returns.  The language of *Premium Services* is only that the 'unnecessary public disclosure of tax returns,' is to be avoided, which would seem to allow both 'necessary' public disclosures and any *non-public* disclosures." *Advanced Microtherm, Inc. v. Norman Wright Mechanical Equip. Corp.*, No. C 04-2266 JW (PVT), 2009 WL 3320421, at *1 (N.D. Cal. October 9, 2009) (emphasis in original).  Here, a protective order will keep Abhyanker's returns from becoming public.  Moreover, Judge Trumbull went on to note that *Premium Services* relies on a broad reading of 26 U.S.C. § 6103 (restricting disclosure of tax returns by government employees) that the 9th Circuit subsequently departed from, stating "the only risk Congress sought to eliminate was federal agencies other than the IRS obtaining taxpayer information directly from the IRS... The Ninth Circuit affirmed the District Court's decision, which had included a finding that tax return and return information in the taxpayer's hands 'are subject to no greater protection than other private papers in taxpayer's possession.'" *Id.* at *2 (quoting *Stokwitz v. United States*, 831 F.2d 893 (9th Cir. 1987)).
      In all events, none of the cases suggesting tax returns may be protected suggests that they may be provided to one's own expert but withheld from an opponent's.  If Mr. Abhyanker did not want such materials considered, he should not have provided them to his expert witness, who subsequently relied upon them in his report, thereby waiving any protection and introducing them into the record.  It makes no sense to claim that returns are protected or not sufficiently relevant after being intentionally revealed to and relied upon by one's own expert.

3

Nextdoor.com therefore requests that Abhyanker be ordered to produce the following documents: (1) Abhyanker's tax preparer workpapers for 2006 through 2009, and (2) copies of Abhyanker's unredacted tax returns for 2006 through 2009, including both the original and amended versions, and (3) copies of those returns bearing tax payer signatures.

**Mr. Abhyanker's position**:

Initially, Mr. Abhyanker notes and objects to Nextdoor.com's last-minute race to file this motion prior to the expert discovery motion to compel filing deadline. Nextdoor.com did not indicate it wanted to meet and confer about any expert discovery issues until late at night on September 3, 2014. Mr. Abyhanker agreed the next day to meet and confer, and did so the following day. Mr. Abhyanker was then presented with the present motion to compel on September 8, 2014, which had to be responded to and filed by September 9, 2014. There is no reason that perceived deficiencies in expert discovery could not have been presented for discussion and resolution a week or more earlier, as the issues presented here were already known to Nextdoor.com and in a state of dispute at that earlier time. Following on the heels of the Court's comments at the last hearing that the parties should cooperate with each other through the meet and confer and briefing process, Nextdoor.com did not do so, instead waiting to the last minute, and rushing Mr. Abhyanker for a meet and confer and his contribution to this motion.

As to the merits of this issue: Mr. Abhyanker faces initial confusion as to whether the requested tax material is the subject of party discovery or expert discovery. Though most of the issue is briefed by Nextdoor.com as a failure on accountancy expert Sugarman's part, the problem complained of is Mr. Abhyanker's failure to produce the tax returns and related workpapers in the form demanded. If Nextdoor.com is claiming that expert Sugarman had a duty to produce the demanded tax documents, it should have moved to compel expert Sugarman to do so pursuant to the subpoena issued to him. If, on the other hand, Nextdoor.com is attempting to compel Mr. Abhyanker as a party to produce tax documents, the time to compel party discovery has long since passed, and the motion must be denied as late. Mr. Abhyanker explained all of this at the September 5, 2014 meet and confer.

If Nextdoor.com is seeking to compel Mr. Abhyanker to produce the demanded tax documents as a matter of expert discovery, Nextdoor.com has provided no authority – not when requested at the meet and confer, and not since, even in the current briefing – that a party can seek documents under the guise of expert discovery from the opposing party, rather than from the opposing party's expert. Mr. Abhyanker has never understood the expert discovery provisions of Rule 26 to work in this fashion. If an expert does not produce materials which the opposing party believes are properly discoverable, the opposing party's recourse is by motion to compel the subpoenaed expert – not to compel the party engaging the expert. Otherwise, the party seeking the documents is simply taking another bite of the party discovery apple even though party discovery is concluded. It suspiciously appears that this is what Nextdoor.com is doing by this motion, in that, as the Court well knows, Nextdoor.com has been seeking full tax disclosure from Mr. Abhyanker for months, and was permitted by earlier order only a small, redacted portion. In the absence of any authority by the movant for its end-around attempt to

4

obtain party discovery through the expert discovery process, this demand should be denied – and Nextdoor.com cautioned against such improper use of the expert discovery process.

In spite of the above, were Nextdoor.com's demand for tax documents properly issued, and this motion properly brought, it should still be denied for Nextdoor.com's failure to clear the very high bar for obtaining tax documents through discovery. Though not as potent as California's constitutional protection of tax matter, the federal protection against disclosure of tax matter in federal litigation discovery is ample. There is a "public policy against unnecessary disclosure" arising from the "need to encourage taxpayers to file complete and accurate returns." *Premium Service Group Corp. v. Sperry & Hutchinson Co.* 511 F.2d 225, 229 (9th Cir. 1975). Such tax matter discovery is not to be compelled absent both a strong showing of relevancy and a compelling need for production. *Aliotti v. Vessel Senora*, 217 F.R.D. 496, 497-98 (N.D. Cal. 2003). Compelling need can be found only when the patently-relevant portions desired from the demanded tax matter cannot be sought less intrusively – such as by posing focused interrogatories on income for a given year – because such an approach "eliminates the need to delve into … any accompanying personal information that is patently irrelevant to the case." *Id.*

Nextdoor.com does not address this test for the disclosure of tax matter during discovery, let alone meet its very high burden for disclosure. Indeed, in the draft motion supplied to Mr. Abhyanker for the present response, Nextdoor.com does not cite any cases establishing and interpreting the federal common law protection of tax matter at all – and thus cannot possibly satisfy its burden of meeting that standard. But to do Nextdoor.com's work for it: Nextdoor.com makes no effort to assert the relevance of its demand to any element of either the claims or the defenses at issue in this case. It would appear that Nextdoor.com wants the tax material to launch some further credibility attack on Mr. Abhyanker – but seeking impeachment-style evidence is not cited by the case law as the kind of direct relevance necessary to overcome the public policy against tax disclosure during discovery. Nor has Nextdoor.com even tried to establish compelling need. Nextdoor.com does not offer what it plans to use the evidence before apart from providing it to a rebuttal expert it just engaged, does not delineate which portions of the tax material it was hoping to have its rebuttal expert focus on for some manner of opinion so as to limit demanded disclosure to particular tax return entries, does not explain why it has demanded or why it needs the tax preparer's underlying workpapers, and does not explain why it could not have sought particular information about particular tax return entries in interrogatories or deposition, such as income for a particular year or a deduction for a particular year, per the guidance of *Aliotti*, 217 F.R.D. at 496-98. In the absence of any showing in compliance with the strict requirements to overcome tax matter protection during discovery, Nextdoor.com's motion must be denied.

The only argument Nextdoor.com appears to make in support of disclosure is that expert Sugarman looked at, without keeping, the unredacted returns from the tax preparer's file to confirm the opinion he reached. But how that translates into a proper request of Mr. Abhyanker to produce the unredacted tax returns and tax workpapers from the tax preparer's file does not clearly follow. If Nextdoor.com thought that it could overcome tax matter protection by way of substantiation of relevancy and compelling need, it could have issued – and, in fact, did issue, a subpoena to the tax preparer for production. That Nextdoor.com was not successful in obtaining

the demanded tax matter in this fashion does not entitle it to seek the same broad tax documents from its party-opponent following the close of fact discovery and during expert discovery.

      Finally, to the extent that Nextdoor.com is seeking to uncover redaction(s) from certain information appearing on the tax returns already provided during fact discovery pursuant to Court order, its recourse is not to simply demand removal of those redactions, but to have sought reconsideration of that order in light of whatever new information it cared to present. Nextdoor.com did not do so, and cannot uncover the redacted tax material any other way.

      Because the expert discovery demand to Mr. Abhyanker was improper, and because Nextdoor.com does not overcome the high bar designed to protect tax disclosure from discovery as a matter of public policy, Nextdoor.com's motion must be denied.


*/s/ Laurence F. Pulgram*                   */s/ David Lavine*
Attorneys for Nextdoor.com             Attorneys for Mr. Abhyanker