# EXHIBIT G

| | |
|---|---|
| 1 | **BRUNO W. TARABICHI**, CA State Bar No. 215129<br>bruno@legalforcelaw.com |
| 2 | **HEATHER R. NORTON**, CA State Bar No. 257014<br>heather@legalforcelaw.com |
| 3 | **ROY MONTGOMERY**, CA State Bar No. 279531<br>roy@legalforcelaw.com |
| 4 | **LEGALFORCE RAJ ABHYANKER, P.C.**<br>1580 W. El Camino Real, Suite 13 |
| 5 | Mountain View, California 94040<br>Telephone: 650.965.8731 |
| 6 | Facsimile: 650.989.2131 |

Attorneys for Defendant
Raj Abhyanker

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| NEXTDOOR.COM, INC., a Delaware corporation,<br><br>Plaintiff,<br><br>vs.<br><br>RAJ ABHYANKER, an individual,<br><br>Defendant. | Case No. 3:12-cv-05667-EMC<br><br>**DEFENDANT RAJ ABHYANKER'S FIRST SUPPLEMENTAL OBJECTIONS AND RESPONSES TO PLAINTIFF NEXTDOOR.COM, INC.'S FIRST SET OF INTERROGATORIES**<br><br>Case Filed: November 5, 2012<br>Judge: Honorable Edward M. Chen |

| | |
|---|---|
| 1 | RAJ ABHYANKER, an individual, |
| 2 | Counterclaimant, |
| 3 | vs. |
| 4 | NEXTDOOR.COM, INC., a Delaware corporation; PRAKASH JANIKIRAMAN, an individual; BENCHMARK CAPITAL PARTNERS, L.P., a Delaware limited partnership; BENCHMARK CAPITAL MANAGEMENT CO. LLC, a Delaware limited liability company; SANDEEP SOOD, an individual; MONSOON ENTERPRISES, INC., a California Corporation, and DOES 1–50, inclusive; |
| 10 | Counterdefendants. |

PROPOUNDING PARTY: Nextdoor.com, Inc.

RESPONDING PARTY: Raj Abhyanker

SET NUMBER: One

Defendant Raj Abhyanker ("Abhyanker"), by and through his attorneys, hereby provides his first supplemental responses to Plaintiff Nextdoor.com, Inc.'s ("Nextdoor.com") First Set of Interrogatories as follows:

**PRELIMINARY STATEMENT**

Abhyanker has not completed his investigation of the facts relating to this lawsuit, has not received meaningful discovery, and has not completed preparation for trial. Accordingly, because discovery is just beginning, the responses contained herein are based only upon the information and documents presently available and known to Abhyanker. Further discovery, independent investigation, legal research, and analysis may supply additional facts or lend new meaning or clarification to known facts and may also establish new factual conclusions or legal contentions, all of which may lead to substantial changes, additions to, or modifications of the matters set forth herein. Abhyanker specifically reserves the right, without acknowledging any obligation to do so, except as required by law, to supplement or amend these responses or to introduce at or prior to

1

RESPONSES TO INTERROGATORIES
(CASE NO. 3:12-cv-05667-EMC)

the time of trial information that is subsequently discovered, inadvertently admitted, or mistakenly stated.

Abhyanker asserts his objections and responds herein without in any way waiving or intending to waive but, on the contrary, intending to preserve and preserving:

(a) the right to raise all questions of authenticity, relevancy, materiality, privilege, and admissibility as evidence of any information or documents produced in response to these interrogatories in the trial of this action or any subsequent proceeding;

(b) the right to object on any grounds to the use of any information or documents produced in response to these interrogatories in the trial of this action or any subsequent proceeding; and

(c) the right to object at any time to other interrogatories or discovery involving any information or documents produced in response to these interrogatories or the subject matter thereof.

## GENERAL OBJECTIONS

1. The General Objections shall be deemed incorporated in full into each and every response and objection to each interrogatory set forth below. Failure to repeat one or more of the General Objections in response to a specific interrogatory shall not be deemed a waiver of any General Objection. Further, when Abhyanker specifically repeats one or more of these General Objections and responds to a specific interrogatory, such specific response shall not be a waiver of these General Objections.

2. Abhyanker objects to each instruction and definition and to each interrogatory to the extent that it imposes upon Abhyanker duties greater than those imposed by the Federal Rules of Civil Procedure.

3. Abhyanker objects to Nextdoor.com's definitions to the extent that they are overbroad, unduly burdensome, vague, ambiguous, or calculated to impose an unreasonable and needless expense. Defendant also objects to Plaintiff's definitions to the extent they are inconsistent with the ordinary dictionary definitions for the words purportedly defined.

4. Abyanker objects to Nextdoor.com's defintions of "you," "your," "Nextdoor.com,

Inc.," "Fatdoor.com, Inc.," and "LegalForce, Inc." as overly broad, vague, and ambiguous. These definitions do not comport with the generally accepted meaning of an individual or company.

5. Abhyanker objects to each interrogatory to the extent that it seeks information that is not relevant to the subject matter of this lawsuit or is not reasonably calculated to lead to the discovery of admissible evidence and, therefore, is beyond the scope of permissible discovery.

6. Abhyanker objects to these interrogatories to the extent that they seek information that is within Nextdoor.com's control or information equally available to Nextdoor.com.

7. Abhyanker objects to each interrogatory to the extent that it seeks information that is protected from disclosure by the attorney-client privilege, the work product doctrine, or any other applicable privilege or limitation on discovery. In responding to each interrogatory, Abhyanker will not provide any information protected from disclosure by the attorney-client privilege or the attorney work product doctrine. To the extent that Abhyanker inadvertently discloses information protected from discovery under the attorney-client privilege, the work product doctrine or any other applicable privilege, such inadvertent disclosure does not constitute a waiver of any such privilege.

## SPECIFIC OBJECTIONS AND REPONSES

In addition to the foregoing General Objections, Defendant objects and responds to each interrogatory as follows:

### INTERROGATORY NO. 1:

Identify all public uses by you of the name "nextdoor," or any variation thereof, on or in connection with any product or service prior to October 26, 2011, including any documents showing that use.

### RESPONSE TO INTERROGATORY NO. 1:

Abhyanker objects to this interrogatory as being vague, ambiguous, unclear, and indefinite in that the phrases "public uses" and "any variation thereof" are undefined and have no clear meaning in the context of this interrogatory.

Subject to and without waiving the General Objections and foregoing specific objections, and as this interrogatory is interpreted and understood by Abhyanker, Abhyanker responds as

follows: Abhyanker used the NEXTDOOR trademark and name publicly at least as early as August 2005 in connection with neighborhood map services; Abhyanker publicly distributed and marketed such maps under the NEXTDOOR trademark and name to local groups, including groups in and around the City of Cupertino; Abhyanker also used the NEXTDOOR trademark and name publicly in connection with various website services, including eDirectree and Eatbid.

Abhyanker refers Nextdoor.com to documents Bates numbered 40, 41, 45, 47-49, 50, 51, 150-154, 159-163, 164, 165, 167-169, 125-127, 128, and 280-283.

**INTERROGATORY NO. 2:**

State all facts supporting your claim to ownership of the mark FATDOOR, including any documents supporting your claim to ownership.

**RESPONSE TO INTERROGATORY NO. 2:**

Abhyanker objects to this interrogatory on the grounds that it is a premature contention interrogatory, as Abhyanker has not yet received any meaningful discovery from Nextdoor.com or otherwise completed his investigation of facts relating to this lawsuit. Abhyanker also objects that the interrogatory to the extend that it calls for information that is subject to the attorney-client privilege, the attorney-work product doctrine, or any other applicable privilege or limitation on discovery.

Subject to and without waiving the General Objections and foregoing specific objections, and as this interrogatory is interpreted and understood by Abhyanker, Abhyanker responds as follows: Abhyanker owns the FATDOOR trademark as a result of his use of the FATDOOR trademark in commerce; Abhyanker also owns U.S. Trademark Registration No. 4,287,987 for FATDOOR GET TO KNOW YOUR NEIGHBORS.

Abhyanker refers Nextdoor.com to documents Bates numbered 295-344, 345, 346-352, and 353.

**INTERROGATORY NO. 3:**

State all facts supporting your claim to ownership of the mark FATDOOR GET TO KNOW YOUR NEIGHBORS, including any documents supporting your claim to ownership.

**RESPONSE TO INTERROGATORY NO. 3:**

1  Abhyanker objects to this interrogatory on the grounds that it is a premature contention
2  interrogatory, as Abhyanker has not yet received any meaningful discovery from Nextdoor.com
3  or otherwise completed his investigation of facts relating to this lawsuit. Abhyanker also objects
4  that the interrogatory to the extend that it calls for information that is subject to the attorney-client
5  privilege, the attorney-work product doctrine, or any other applicable privilege or limitation on
6  discovery.

7  Subject to and without waiving the General Objections and foregoing specific objections,
8  and as this interrogatory is interpreted and understood by Abhyanker, Abhyanker responds as
9  follows: Abhyanker owns the FATDOOR GET TO KNOW YOUR NEIGHBORS trademark as a
10 result of his use of the FATDOOR GET TO KNOW YOUR NEIGHBORS trademark in
11 commerce; Abhyanker also owns U.S. Trademark Registration No. 4,287,987 for FATDOOR
12 GET TO KNOW YOUR NEIGHBORS.

13 Abhyanker refers Nextdoor.com to documents Bates numbered 295-344, 345, 346-352,
14 and 353.

15 **INTERROGATORY NO. 4:**
16 State all facts supporting your claim to ownership of the mark GET TO KNOW YOUR
17 NEIGHBORS, including any documents supporting your claim to ownership.

18 **RESPONSE TO INTERROGATORY NO. 4:**
19 Abhyanker objects to this interrogatory on the grounds that it is a premature contention
20 interrogatory, as Abhyanker has not yet received any meaningful discovery from Nextdoor.com
21 or otherwise completed his investigation of facts relating to this lawsuit. Abhyanker also objects
22 that the interrogatory to the extend that it calls for information that is subject to the attorney-client
23 privilege, the attorney-work product doctrine, or any other applicable privilege or limitation on
24 discovery.

25 Subject to and without waiving the General Objections and foregoing specific objections,
26 and as this interrogatory is interpreted and understood by Abhyanker, Abhyanker responds as
27 follows: Abhyanker owns the GET TO KNOW YOUR NEIGHBORS trademark as a result of his
28 use of the GET TO KNOW YOUR NEIGHBORS trademark in commerce; Abhyanker also owns

U.S. Trademark Registration No. 4,287,987 for FATDOOR GET TO KNOW YOUR NEIGHBORS.

Abhyanker refers Nextdoor.com to documents Bates numbered 295-344, 345, 346-352, and 353.

**INTERROGATORY NO. 5:**

State all facts supporting your claim to ownership of the mark NEXTDOOR, including any documents supporting your claim to ownership.

**RESPONSE TO INTERROGATORY NO. 5:**

Abhyanker objects to this interrogatory on the grounds that it is a premature contention interrogatory, as Abhyanker has not yet received any meaningful discovery from Nextdoor.com or otherwise completed his investigation of facts relating to this lawsuit. Abhyanker also objects that the interrogatory to the extend that it calls for information that is subject to the attorney-client privilege, the attorney-work product doctrine, or any other applicable privilege or limitation on discovery.

Subject to and without waiving the General Objections and foregoing specific objections, and as this interrogatory is interpreted and understood by Abhyanker, Abhyanker responds as follows: Abhyanker owns the NEXTDOOR trademark and name as a result of his use of the NEXTDOOR trademark in commerce at least as early as August 2005. Abhyanker refers Nextdoor.com to his answer to Interrogatory No. 1 above, and to documents Bates numbered 40, 41, 45, 47-49, 50, 51, 150-154, 159-163, 164, 165, 167-169, and 204-294.

**INTERROGATORY NO. 6:**

Identify and describe in detail your efforts to obtain the www.nextdoor.com domain name.

**RESPONSE TO INTERROGATORY NO. 6:**

Subject to and without waiving the General Objections, and as this interrogatory is interpreted and understood by Abhyanker, Abhyanker responds as follows: On or around September of 2006, Abhyanker began his efforts to obtain the nextdoor.com domain name. By searching the Whois records, Abhyanker discovered that a company called Forsyte Corporation, located in Nassau, BS, was the owner of the nextdoor.com domain. Abhyanker contacted Forsyte

1  Coproration, and made multiple offers or the purchase of the domain name, but his offers were
2  rejected. Abhyanker continued to make offers to Forsyte Corporation until the fall of 2007.
3     In November 2007, the nextdoor.com domain name was purchased by a private proxy
4  owner and registered via godaddy.com. Abhyanker was unable to contact the private owner in
5  order to make offers to purchase the domain name. In 2010, the domain was transferred to an
6  individual named Kevin Watson, located in Columbia, Tennessee. At the time, Mr. Watson was
7  the owner of nextdoor, llc, which manufactures doorframes. Abhyanker contacted Mr. Watson,
8  and extended multiple offers for the purchase of the nextdoor.com domain name, which Mr.
9  Watson rejected.
10    Mr. Watson informed Abhyanker that another party was also attempting to purchase the
11 domain name. That other party was ultimately successful in purchasing the nextdoor.com domain
12 name from Mr. Watson. Mr. Watson later informed Mr. Abhyanker that the person who
13 purchased the domain name was Josh Becker, who was representing Benchmark Capital.
14    Abhyanker refers Nextdoor.com to documents Bates numbered 113, 173-176, and 162.

**INTERROGATORY NO. 7:**

Identify all products or services that you have marketed or offered in connection with the www.nextdoor.cm domain, including documents identifying those products or services.

**RESPONSE TO INTERROGATORY NO. 7:**

Abhyanker objects to this interrogatory as being vague, ambiguous, unclear, and indefinite in that the phrase "in connection with the www.nextdoor.cm domain" is undefined and has no clear meaning in the context of this interrogatory.

Subject to and without waiving the General Objections and foregoing specific objections, and as this interrogatory is interpreted and understood by Abhyanker, Abhyanker responds as follows: Abhyanker used the nextdoor.cm domain name for a local neighborhood commerce website to allow users to find restaurant deals in their neighborhoods.

Abhyanker refers Nextdoor.com to documents Bates numbered 114-124.

**INTERROGATORY NO. 8:**

7

RESPONSES TO INTERROGATORIES
(CASE NO. 3:12-cv-05667-EMC)

Identify and describe in detail any communication that you have had with any person referring or relating to the www.nextdoor.cm domain, including without limitation the decision to register and registration of that domain and its actual or intended use.

**RESPONSE TO INTERROGATORY NO. 8:**

Abhyanker objects to this interrogatory on the grounds that it is overly broad, unduly burdensome, and seeks information that is not relevant to the subject matter of this litigation and not reasonably calculated to lead to the discovery of admissible evidence. Abhyanker also objects to this interrogatory to the extent that it calls for information that is subject to the attorney-client privilege, the attorney-work product doctrine, or any other applicable privilege or limitation on discovery. Abhyanker objects to the phrase "any communication that you have had with any person referring or relating to..." as being overly broad.

Subject to and without waiving the General Objections and foregoing specific objections, and as this interrogatory is interpreted and understood by Abhyanker, Abhyanker responds as follows: the only communications that Abhyanker had referring or relating to the www.nextdoor.cm domain were oral conversations with his wife.

Abhyanker refers Nextdoor.com to the document Bates numbered 354-369.

**INTERROGATORY NO. 9:**

Identify all uses of the term "nextdoor," or any variation thereof (including as a mark), in connection with the www.nextdoor.cm domain, including documents showing this use.

**RESPONSE TO INTERROGATORY NO. 9:**

Abhyanker objects to this interrogatory as being vague, ambiguous, unclear, and indefinite in that the phrases "all uses, "any variation thereof," and "in connection with the www.nextdoor.cm domain" are undefined and have no clear meaning in the context of this interrogatory.

Subject to and without waiving the General Objections and foregoing specific objections, and as this interrogatory is interpreted and understood by Abhyanker, Abhyanker responds as follows: Nextdoor appeared on the nextdoor.cm website.

Abhyanker refers Nextdoor.com to documents Bates numbered 114-124.

**INTERROGATORY NO. 10:**

Identify all products or services that you have marketed or offered in connection with the www.edirectree.com website, including documents identifying these products or services.

**RESPONSE TO INTERROGATORY NO. 10:**

Subject to and without waiving the General Objections and foregoing specific objections, and as this interrogatory is interpreted and understood by Abhyanker, Abhyanker responds as follows: edirectree.com offered users a way to enter their addresses and zip codes and to create manual and automatic groups in relation to users' neighborhoods based on users' interests, locations, and statuses.

Abhyanker refers Nextdoor.com to documents Bates numbered 129-130.

**INTERROGATORY NO. 11:**

Identify any use of the term "nextdoor," or any variation thereof (including as a mark), on the www.edirectree.com website prior to February 9, 2012, including documents showing this use.

**RESPONSE TO INTERROGATORY NO. 11:**

Abhyanker objects to this interrogatory as being vague, ambiguous, unclear, and indefinite in that the phrases "any use" and "any variation thereof" are undefined and have no clear meaning in the context of this interrogatory.

Subject to and without waiving the General Objections and foregoing specific objections, and as this interrogatory is interpreted and understood by Abhyanker, Abhyanker responds as follows: Nextdoor appeared on the edirectree.com website.

Abhyanker refers Nextdoor.com to documents Bates numbered 129-130.

**INTERROGATORY NO. 12:**

Identify the first date the term "nextdoor," or any variation thereof (including as a mark), was used on the www.edirectree.com website in connection with the feature labeled "Nextdoor™ Neighbors."

**RESPONSE TO INTERROGATORY NO. 12:**

1  Abhyanker objects to this interrogatory as being vague, ambiguous, unclear, and indefinite
2  in that the phrase "any variation thereof" is undefined and has no clear meaning in the context of
3  this interrogatory.
4  Subject to and without waiving the General Objections and foregoing specific objections,
5  and as this interrogatory is interpreted and understood by Abhyanker, Abhyanker responds as
6  follows: at least as early as 2009.

7  **INTERROGATORY NO. 13:**
8  Identify all products or services that you have marketed or offered in connection with the
9  www.eatbid.com website, including documents identifying these products or services.

10 **RESPONSE TO INTERROGATORY NO. 13:**
11 Abhyanker objects to this interrogatory as being vague, ambiguous, unclear, and indefinite
12 in that the phrase "in connection with the www.eatbid.com website" is undefined and has no clear
13 meaning in the context of this interrogatory.
14 Subject to and without waiving the General Objections and foregoing specific objections,
15 and as this interrogatory is interpreted and understood by Abhyanker, Abhyanker responds as
16 follows: the eatbid.com website was a neighborhood commerce website and social network to
17 connect neighbors to restaurants and eating establishments around them.
18 Abhyanker refers Nextdoor.com to documents Bates numbered 125-127 and 128.

19
20
21  Dated: September 19, 2013                    **LEGALFORCE RAJ ABHYANKER, P.C.**
22
23
24                                              /s/ Bruno W. Tarabichi
                                                ─────────────────────────
25                                              Bruno W. Tarabichi
                                                Heather R. Norton
26                                              Roy Montgomery
                                                Attorney for Defendant Raj Abhyanker
27
28

## VERIFICATION

I, Raj Abhyanker, have read the foregoing Defendant Raj Abhyanker's First Supplemental Objections and Responses to Plaintiff Nextdoor.com, Inc.'s First Set of Interrogatories. I hereby verify that the answers contained therein, if any, are true and correct.

I declare under penalty of perjury under the laws of the State of California that the foregoing is true and corrected.

Date: 9/19/2013

Raj Abhyanker

## PROOF OF SERVICE

I am employed in the County of Santa Clara, State of California, I am over the age of 18 years and not a party to the within action. My business address is 1580 W. El Camino Real, Suite 13, Mountain View, California 94040. On September 19, 2013, I caused copies of the document(s) described as follows:

**DEFENDANT RAJ ABHYANKER'S OBJECTIONS AND RESPONSES TO NEXTDOOR.COM, INC.'S FIRST SET OF INTERROGATORIES**

to be served on:

Jennifer L. Kelly
jkelly@fenwick.com
Clifford C. Webb
cwebb@fenwick.com
Fenwick & West
555 California Street, 12th Floor
San Francisco, California 94104

Steven Mark Bauer
steve.bauer@lw.com
Matthew Rawlinson
Matt.rawlinson@lw.com
Adam Regoli
Adam.regoli@lw.com
Latham & Watkins
505 Montgomery Street
19th Floor
San Francisco, CA 94111

Lisa Madeline Chapman
lchapman@rroyselaw.com
Harpreet Singh Walia
hwalia@rroyselaw.com
Royse Law Firm, PC
1717 Embarcadero Road
Palo Alto, CA 94303

☑ (BY FIRST CLASS MAIL) I caused each such envelope to the addressee(s) noted above, with postage thereon fully prepaid, to be placed in the United States mail in San Jose, California. I am readily familiar with the practice of Raj Abhyanker, P.C. for the collection and processing of correspondence for mailing, said practice being that in the ordinary course of business mail is deposited in the United States Postal Service the same date as it is placed for collection.

☐ (BY PERSONAL SERVICE) The person whose name is noted below caused to be delivered by hand each such envelope to the addressee(s) noted above.

☐ (BY FACSIMILE) The person whose name is noted below caused to be transmitted by facsimile each such document to the addressee(s) noted above.

☐ (BY ELECTRONIC MAIL) The person whose name is noted below caused to be transmitted by electronic mail to the addressee(s) noted above.

I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

Dated: September 19, 2013

[signature]