# EXHIBIT J

**BRUNO W. TARABICHI**, CA State Bar No. 215129
bruno@legalforcelaw.com
**HEATHER R. NORTON**, CA State Bar No. 257014
heather@legalforcelaw.com
**SCOTT J. ALLEN**, CA State Bar No. 178925
scott@legalforcelaw.com
**LEGALFORCE RAJ ABHYANKER, P.C.**
1580 W. El Camino Real, Suite 13
Mountain View, California 94040
Telephone: 650.965.8731
Facsimile: 650.989.2131

Attorneys for Defendant and Counterclaimant
Raj Abhyanker

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| NEXTDOOR.COM, INC., a Delaware corporation,<br><br>Plaintiff,<br><br>vs.<br><br>RAJ ABHYANKER, an individual,<br><br>Defendant. | Case No. 3:12-cv-05667-EMC<br><br>**DEFENDANT AND COUNTERCLAIMANT RAJ ABHYANKER'S RESPONSE TO NEXTDOOR.COM, INC.'S SECOND SET OF INTERROGATORIES TO DEFENDANT RAJ ABHYANKER** |
| RAJ ABHYANKER, an individual<br><br>Counterclaimant,<br><br>vs.<br><br>NEXTDOOR.COM, INC., a Delaware corporation; PRAKASH JANAKIRAMAN, an individual; BENCHMARK CAPITAL PARTNERS, L.P., a Delaware limited partnership; BENCHMARK CAPITAL MANAGEMENT CO. LLC, a Delaware limited liability company; SANDEEP SOOD, an individual; MONSOON ENTERPRISES, INC., a California corporation, and DOES 1–50, inclusive;<br><br>Counterdefendants. | |

| | | |
|---|---|---|
| 1 | PROPOUNDING PARTY: | Nextdoor.com, Inc. |
| 2 | RESPONDING PARTY: | Raj Abhyanker |
| 3 | SET NUMBER: | Two |

Defendant Raj Abhyanker ("Abhyanker"), by and through his attorneys, hereby provides his responses to Plaintiff Nextdoor.com, Inc.'s ("Nextdoor.com") Second Set of Interrogatories as follows:

**PRELIMINARY STATEMENT**

Abhyanker has not completed his investigation of the facts relating to this lawsuit, has not received meaningful discovery, and has not completed preparation for trial. Accordingly, because discovery is just beginning, the responses contained herein are based only upon the information and documents presently available and known to Abhyanker. Further discovery, independent investigation, legal research, and analysis may supply additional facts or lend new meaning or clarification to known facts and may also establish new factual conclusions or legal contentions, all of which may lead to substantial changes, additions to, or modifications of the matters set forth herein. Abhyanker specifically reserves the right, without acknowledging any obligation to do so, except as required by law, to supplement or amend these responses or to introduce at or prior to the time of trial information that is subsequently discovered, inadvertently admitted, or mistakenly stated.

Abhyanker asserts his objections and responds herein without in any way waiving or intending to waive but, on the contrary, intending to preserve and preserving:

(a)  the right to raise all questions of authenticity, relevancy, materiality, privilege, and admissibility as evidence of any information or documents produced in response to these interrogatories in the trial of this action or any subsequent proceeding;

(b)  the right to object on any grounds to the use of any information or documents produced in response to these interrogatories in the trial of this action or any subsequent proceeding; and

(c) the right to object at any time to other interrogatories or discovery involving any information or documents produced in response to these interrogatories or the subject matter thereof.

## GENERAL OBJECTIONS

1. The General Objections shall be deemed incorporated in full into each and every response and objection to each interrogatory set forth below. Failure to repeat one or more of the General Objections in response to a specific interrogatory shall not be deemed a waiver of any General Objection. Further, when Abhyanker specifically repeats one or more of these General Objections and responds to a specific interrogatory, such specific response shall not be a waiver of these General Objections.

2. Abhyanker objects to each instruction and definition and to each interrogatory to the extent that it imposes upon Abhyanker duties greater than those imposed by the Federal Rules of Civil Procedure.

3. Abhyanker objects to Nextdoor.com's definitions to the extent that they are overbroad, unduly burdensome, vague, ambiguous, or calculated to impose an unreasonable and needless expense. Defendant also objects to Plaintiff's definitions to the extent they are inconsistent with the ordinary dictionary definitions for the words purportedly defined.

4. Abyanker objects to Nextdoor.com's defintions of "you," "your," "Nextdoor.com, Inc.," "Fatdoor.com, Inc.," and "LegalForce, Inc." as overly broad, vague, and ambiguous. These definitions do not comport with the generally accepted meaning of an individual or company.

5. Abhyanker objects to each interrogatory to the extent that it seeks information that is not relevant to the subject matter of this lawsuit or is not reasonably calculated to lead to the discovery of admissible evidence and, therefore, is beyond the scope of permissible discovery.

6. Abhyanker objects to these interrogatories to the extent that they seek information that is within Nextdoor.com's control or information equally available to Nextdoor.com.

7. Abhyanker objects to each interrogatory to the extent that it seeks information that is protected from disclosure by the attorney-client privilege, the work product doctrine, or any other applicable privilege or limitation on discovery. In responding to each interrogatory,

Abhyanker will not provide any information protected from disclosure by the attorney-client privilege or the attorney work product doctrine. To the extent that Abhyanker inadvertently discloses information protected from discovery under the attorney-client privilege, the work product doctrine or any other applicable privilege, such inadvertent disclosure does not constitute a waiver of any such privilege.

## RESPONSES TO INTERROGATORIES

In addition to the foregoing General Objections, Abhyanker objects and responds to each interrogatory as follows:

**INTERROGATORY NO. 14**:

Identify all of the modifications made in 2012 and 2013 to your www.edirectree.com website source code files that were produced as Bates No. RA389.

**RESPONSE TO INTERROGATORY NO. 14**:

Abhyanker objects to this interrogatory on the grounds that it seeks information that is not relevant to the subject matter of this litigation and not reasonably calculated to lead to the discovery of admissible evidence following the withdrawal of Abhyanker's Third Counterclaim as it relates to the infringement of Abhyanker's rights in the NEXTDOOR mark.

**INTERROGATORY NO. 15**:

Identify the geographic scope of the Fatdoor, Inc. social network from 2006-2008.

**RESPONSE TO INTERROGATORY NO. 15**:

Abhyanker objects to this interrogatory on the grounds that it is vague, ambiguous, unclear, and indefinite in that the phrase "geographic scope" is undefined and has no clear meaning in the context of this interrogatory.

Subject to and without waiving the General Objections and foregoing specific objections, and as this interrogatory is interpreted and understood by Abhyanker, Abhyanker responds as follows:

In 2007, the Fatdoor, Inc. social network included Menlo Park, Cupertino, and Woodside, California as part of an alpha launch in select neighborhoods. Thereafter, Fatdoor, Inc. expanded

as part of a national rollout to include neighborhoods across the United States. The Fatdoor, Inc. social network had profile pages and users across the United States.

**INTERROGATORY NO. 16**:

Identify the geographic scope of your "Nextdoor" social network product, as identified in Paragraph 99 of your Second Amended Counterclaims, Docket No. 132.

**RESPONSE TO INTERROGATORY NO. 16**:

Abhyanker objects to this interrogatory on the grounds that it seeks information that is not relevant to the subject matter of this litigation and not reasonably calculated to lead to the discovery of admissible evidence following the withdrawal of Abhyanker's Third Counterclaim as it relates to the infringement of Abhyanker's rights in the NEXTDOOR mark. Abhyanker objects to this interrogatory on the grounds that it is vague, ambiguous, unclear, and indefinite in that the phrase "geographic scope" is undefined and has no clear meaning in the context of this interrogatory. Abhyanker further objects to this interrogatory on the grounds that it is overly broad and unduly burdensome in that it lacks any time limitation.

Subject to and without waiving the General Objections and foregoing specific objections, and as this interrogatory is interpreted and understood by Abhyanker, Abhyanker responds as follows:

In and around the Lorelei neighborhood of Menlo Park, California.

**INTERROGATORY NO. 17**:

If you contend that there have been instances of actual confusion among consumers between the NEXTDOOR mark and the FATDOOR mark at any time since October 2011, state all facts and identify all documents that support that contention, including the precise words and speaker of any communications that purportedly demonstrated such confusion.

**RESPONSE TO INTERROGATORY NO. 17**:

Subject to and without waiving the General Objections, and as this interrogatory is interpreted and understood by Abhyanker, Abhyanker responds as follows:

1        The following documents and individuals have been confused between his social network
2 operated under the FATDOOR mark and the social network operated under the NEXTDOOR
3 mark since October 2011:
4        Pankaj Mathur, email of August 20, 2013 to raj@legalforcelaw.com, noting "striking
5 similarities" between www.nextdoor.com and www.fatdoor.com, and inquiring whether Mr.
6 Abhyanker was involved in the www.nextdoor.com venture.
7        Ken Maples, email of August 31, 2012 to raj@rajpatent.com, requesting to be removed
8 "from ALL your mailing lists. . . . I no longer wish to receive ANY emails of ANY sort from
9 you." This message to Mr. Abhyanker was in response to an email sent from
10 nextdoor@enextdoor.com.
11        Tweet by SeanGorman (@SeanGorman) on October 26, 2011 stating "@cageyjames
12 @DiAnnEisnor I remember Fatdoor – claim your personal geo-address or we'll publish it.
13 Nextdoor the same? Geoblackmailfail[.]"
14        Tweet by James Fee (@cageyjames) on October 26, 2011 stating "So Nextdoor is like
15 Fatdoor but what? Does anyone but @DiAnnEisnor remember how that worked out?"
16        Seema Mehta, email of February 12, 2013 to sabhyanker@gmail.com, forwarding link to
17 news story about Nextdoor.com (http://abcnews.go.com/m/story?id=18470589) and stating "saw
18 this article but it made me think that wasn't this what Fatdoor was??"
19        Michael Madison, email of November 1, 2013 to raj@legalforcelaw.com, stating "As
20 soon as I read about Nextdoor I said to myself, holdy crap this is exactly what Fatdoor was!"
21        K Suresh email of December 23, 2013 to rajabhyanker@icloud.com, stating: "I signed up
22 with Fatdoor when you first sent me an invitation and have remained a member all through the
23 changes of name and site. It appears to be seeing a growing level of activity in the last year."
24        Abhyanker refers Nextdoor.com to the document Bates numbered RA000132.
25        **INTERROGATORY NO. 18**:
26        If you contend that the NEXTDOOR mark and associated goodwill is of value to you,
27 state all facts and identify all documents that support that contention.
28        **RESPONSE TO INTERROGATORY NO. 18**:

Abhyanker objects to this interrogatory on the grounds that it seeks information that is not relevant to the subject matter of this litigation and not reasonably calculated to lead to the discovery of admissible evidence following the withdrawal of Abhyanker's Third Counterclaim as it relates to the infringement of Abhyanker's rights in the NEXTDOOR mark.

**INTERROGATORY NO. 19**:

If you contend that the FATDOOR mark and associated goodwill is of value to you, state all facts and identify all documents that support that contention.

**RESPONSE TO INTERROGATORY NO. 19**:

Abhyanker objects to this interrogatory on the grounds that it is vague, ambiguous, unclear, unintelligible, and indefinite in that the phrase "value" is undefined and has no clear meaning in the context of this interrogatory. Abhyanker further objects to this interrogatory calls for expert witness testimony and the deadline for producing such testimony has not yet occurred.

Subject to and without waiving the General Objections and foregoing specific objections, and as this interrogatory is interpreted and understood by Abhyanker, Abhyanker responds as follows:

In 2006, Mr. Abhyanker developed his Fatdoor online social network concept and disclosed it to equity investors. The materials he developed in 2006 included the FATDOOR mark. Mr. Abhyanker developed prototypes and mockups of his Fatdoor social networking concept in 2007. Those prototypes and mockups displayed the FATDOOR mark. Mr. Abhyanker invested significant time and resources in marketing the Fatdoor online social network concept under the FATDOOR mark. The launch of the Fatdoor social network in 2007 was branded with the FATDOOR mark. Fatdoor, Inc. invested substantial marketing resources in promoting this launch. Abhyanker publicly distributed and marketed the online social network under the FATDOOR trademark and name to local groups, including groups in and around the City of Cupertino and Menlo Park. The Fatdoor social network was also promoted through events in the San Francisco Bay Area and through the hiring of public relations firm Sterling Communications (http://sterlingpr.com/) to perform public relations services to publicize the launch of the Fatdoor social network. These marketing efforts resulted in significant media

1  coverage and brand recognition of the FATDOOR mark.  These efforts generated significant
2  goodwill value in the FATDOOR mark.
3      Abhyanker used the FATDOOR mark in connection with the www.fatdoor.us website at
4  least as early as April 15, 2008.  In addition, Abhyanker also used the FATDOOR trademark on
5  the edirectree.com website in or around 2008.  The eDirectree.com website offered users a way to
6  enter their addresses and zip codes and to create manual and automatic groups in relation to users'
7  neighborhoods based on users' interests, locations, and statuses.
8      Abhyanker refers Nextdoor.com to documents Bates numbered 129-130.
9  **INTERROGATORY NO. 20**:
10  Describe in detail all uses made of the www.fatdoor.us domain during each year from
11  2007 to the present, including without limitation any goods and services offered, the trademarks
12  (if any) used, and any users of the goods or services.
13  **RESPONSE TO INTERROGATORY NO. 20**:
14  Subject to and without waiving the General Objections, and as this interrogatory is
15  interpreted and understood by Abhyanker, Abhyanker responds as follows:
16  Abhyanker purchased the www.fatdoor.us domain in April 2007.  The www.fatdoor.us
17  domain functioned as a neighborhood social network with the same functionality as the
18  www.fatdoor.com domain up until the time when Fatdoor, Inc. ceased using the
19  www.fatdoor.com domain in or around April 2008.  The www.fatdoor.us domain remained
20  accessible until the domain name expired in or around April 2009.  Abhyanker repurchased the
21  www.fatdoor.us domain on or about February 8, 2012 and the website has been accessible ever
22  since.
23  **INTERROGATORY NO. 21**:
24  Describe in detail your alleged first use in commerce of the Fatdoor mark, including
25  without limitation its date, the goods or services in connection with which the mark was used, the
26  manner and location of the use (including the domain names of any websites on which it was
27  used), and any users of the goods or services.
28  **RESPONSE TO INTERROGATORY NO. 21**:

Mr. Abhyanker objects that this interrogatory is vague as to the time period for which information is requested. To the extent the interrogatory may be interpreted as seeking the requested information for an unlimited period of time, the interrogatory is unduly burdensome.

Subject to and without waiving the General Objections and foregoing specific objections, and as this interrogatory is interpreted and understood by Abhyanker, Abhyanker responds as follows:

The FATDOOR mark was first used in commerce at least as early as April 15, 2008 in connection with the following goods or services: Computer services in the nature of customized web pages featuring user-defined information, personal profiles and information, namely, providing location tagged profiles using spatial and geo-coded information through the Internet; Computer services, namely, providing a specialized search engine for finding personal, geographical and business data on a global network. The FATDOOR mark was first used in commerce on the domains www.fatdoor.us, www.fatdoor.com, and www.edirectree.com.

**INTERROGATORY NO. 22**:

Describe in detail all uses in commerce of the FATDOOR mark since April 15, 2008 in connection with a neighborhood-based social network (including the domain names of any websites on which it was used), and the identity of the person or entity that made such use of the mark.

**RESPONSE TO INTERROGATORY NO. 22**:

Mr. Abhyanker objects that this interrogatory is vague and confusing as to whether it seeks all persons or entities that made use of the Fatdoor mark since April 15, 2008 or the persons or entities that made use of the Fatdoor goods or services since April 15, 2008.  Mr. Abhyanker also objects that the term "since" is vague and confusing as to whether the time period includes all times since or some time since.

Subject to and without waiving the General Objections and foregoing specific objections, and as this interrogatory is interpreted and understood by Abhyanker, Abhyanker responds as follows:

1  Since April 15, 2008, the FATDOOR mark has been used in commerce in connection with
2  the following goods or services: Computer services in the nature of customized web pages
3  featuring user-defined information, personal profiles and information, namely, providing location
4  tagged profiles using spatial and geo-coded information through the Internet; Computer services,
5  namely, providing a specialized search engine for finding personal, geographical and business
6  data on a global network. Since April 15, 2008, the FATDOOR mark has been used in commerce
7  on the domains www.fatdoor.us, www.fatdoor.com, and www.edirectree.com. This use has been
8  made by Abhyanker and licensee Fatdoor, Inc.

9  **INTERROGATORY NO. 23**:

10  Identify, by name and address, any and all users of any services offered in connection with
11  the FATDOOR mark since April 15, 2008.

12  **RESPONSE TO INTERROGATORY NO. 23**:

13  Mr. Abhyanker objects that this interrogatory is vague and confusing as to whether it
14  seeks any and all users of the services used by the Fatdoor, Inc. that subsequently ceased
15  operation before being relaunched under the name Center'd as opposed to the subsequent entity
16  using the FATDOOR mark. To the extent this interrogatory seeks the identity of users of the
17  subsequent entity using the FATDOOR mark, Abhyanker states that this entity is currently
18  performing a private testing phase and users of this private testing are not relevant to any claim or
19  defense in this case nor would such information be reasonably calculated to lead to the discovery
20  of admissible evidence.

21  Subject to and without waiving the General Objections and foregoing specific objections,
22  and as this interrogatory is interpreted and understood by Abhyanker, Abhyanker responds as
23  follows:

24  The names and addresses of the users of the services offered in connection with the
25  FATDOOR mark since April 15, 2008 are not known to Abhyanker.

26  **INTERROGATORY NO. 24**:

27  For each copy of the PowerPoint file titled "Executive_Summary-Fatdoor-06-21-07"
28  produced in the Benchmark Diligence CD (Bates No. RA396) or of any prior or subsequent

-10-  RAJ ABHYAKER'S FIRST SET OF REQUESTS FOR
PRODUCTION TO BENCHMARK CAPITAL
3:12-cv-05667-EMC

1  version of that PowerPoint file, describe the file name, physical location (e.g., name, owner and
2  location of computer or flash drive, DropBox location, etc.), date of creation, date of last
3  modification, and if such copy has been produced in this action its identifying information (Bates
4  Number, file title, etc.).

5  **RESPONSE TO INTERROGATORY NO. 24**:

6  Mr. Abhyanker objects that this interrogatory as seeking information not relevant to any
7  claim or defense and not reasonably calculated to lead to the discovery of admissible evidence.
8  Mr. Abhyanker also objects to the extent this interrogatory seeks information protected by the
9  attorney/client or work product privilege insofar as creation date, modification date, and other
10 metadata of the relevant file could reflect cousnel's impressions as reflected through counsel's
11 copying and sharing of the file among counsel.

12 Subject to and without waiving the General Objections and foregoing specific objections,
13 and as this interrogatory is interpreted and understood by Abhyanker, Abhyanker responds as
14 follows:

15 A copy of the file titled "Executive_Summary-Fatdoor-06-21-07" produced in the
16 Benchmark Diligence CD (Bates No. RA396) exists on a Toshiba hard drive in the possession of
17 counsel for Mr. Abhyanker at 451 N. Shoreline Blvd., Mountain View, CA 94043. This hard
18 drive was produced to counsel for Nextdoor.com (HD RA 0001) for examination and
19 subsequently returned to counsel for Mr. Abhyanker.

20 A copy of the file titled "Executive_Summary-Fatdoor-06-21-07" produced in the
21 Benchmark Diligence CD (Bates No. RA396) exists on a flash drive in the possession of counsel
22 for Mr. Abhyanker at 451 N. Shoreline Blvd., Mountain View, CA 94043. That version bears a
23 "Content created" date of October 31, 2006, a "Created" and "Date created" date of December 5,
24 2013, and a "Date modified" and "Modified" date of December 5, 2013. This version of the
25 document was copied off the Toshiba hard drive that was produced for inspection to counsel for
26 Nextdoor.com (HD RA 0001) and subsequently returned to counsel for Mr. Abhyanker.

27 A copy of the file titled "Executive_Summary-Fatdoor-06-21-07" produced in the
28 Benchmark Diligence CD (Bates No. RA396) exists on a computer assigned to a legal assistant

1  for LegalForce RAPC Worldwide. That version bears a "Created" date of December 5, 2013, and
2  a "Modified" date of December 5, 2013. This version of the document was copied off the Toshiba
3  hard drive that was produced for inspection to counsel for Nextdoor.com (HD RA 0001) and
4  subsequently returned to counsel for Mr. Abhyanker.

5  **INTERROGATORY NO. 25**:

6  If your response to RFAs Nos. 221, 223-224, 233-235, 237-242 is anything other than an
7  unqualified admission, state all facts and identify all documents (either by Bates number or
8  detailed description and location) that support your response.

9  **RESPONSE TO INTERROGATORY NO. 25**:

10  Mr. Abhyanker objects to this interrogatory on the grounds that it exceeds the numerical
11  limit of interrogatories set forth in Federal Rule of Civil Procedure 33(a)(1). The Requests for
12  Admission referenced in this interrogatory relate to separate and discrete topics for which
13  separate interrogatories are required.

14  Subject to and without waiving the General Objections and foregoing specific objections,
15  and as this interrogatory is interpreted and understood by Abhyanker, Abhyanker responds as
16  follows:

17  Request for Admission No. 221 states: "Admit that you have no evidence that Center'd
18  maintained the confidentiality of the Lorelei Trade Secret." Mr. Abhyanker responded to this
19  request as follows: "Abhyanker admits that to the extent such evidence exists, it is not in his
20  custody or control." Mr. Abhyanker responds to this interrogatory by stating that he has no facts
21  or documents in his possession or control that show that Center'd maintained the confidentiality
22  of the Lorelei Trade Secret.

23
24
25
26
27
28

| | | |
|---|---|---|
| 1 | Dated: May 15, 2014 | Respectfully submitted, |
| 2 | | LEGALFORCE RAJ ABHYANKER, P.C. |
| 3 | | /s/ Heather R. Norton |
| 4 | | Bruno W. Tarabichi<br>Heather R. Norton |
| 5 | | Scott J. Allen<br>Attorneys for Defendant |
| 6 | | Raj Abhyanker |

## VERIFICATION

I, Raj Abhyanker, am the defendant and counterclaimant in this action, have read the foregoing RESPONSE TO NEXTDOOR.COM, INC.'S SECOND SET OF INTERROGATORIES TO DEFENDANT RAJ ABHYANKER and know the contents thereof, and the same are true and correct based on my personal knowledge.

I declare under penalty of perjury under the laws of the United States that the foregoing is true and correct.

Date: May 15, 2014

_____
Raj Abhyanker

**CERTIFICATE OF SERVICE**

I hereby certify that on May 15, 2013, a true and correct copy of the foregoing **DEFENDANT AND COUNTERCLAIMANT RAJ ABHYANKER'S RESPONSES TO NEXTDOOR.COM'S THIRD SET OF REQUESTS FOR PRODUCTION** was sent by first class mail to counsel listed below:

Lisa Madeline Chapman
Harpreet Singh Walia
Royse Law Firm, PC
1717 Embarcadero Road
Palo Alto, CA 94303

Guinevere Louise Jobson
Jennifer Lloyd Kelley
Laurence F. Pulgram
Clifford Charles Webb
Fenwick & West LLP
555 California Street
12th Floor
San Francisco, CA 94104

Matthew Rawlinson
Adam Michael Regoli
Latham & Watkins LLP
140 Scott Drive
Menlo Park, CA 94025


Date: May 15, 2014

                 /s/ Chancellor Tseng_____
                 Chancellor Tseng