# EXHIBIT P

1 | BRUNO W. TARABICHI, CA State Bar No. 215129
bruno@legalforcelaw.com
2 | HEATHER R. NORTON, CA State Bar No. 257014
heather@legalforcelaw.com
3 | LEGALFORCE RAJ ABHYANKER, P.C.
1580 W. El Camino Real, Suite 13
4 | Mountain View, California 94040
Telephone: 650.965.8731
5 | Facsimile: 650.989.2131

6 | Attorneys for Defendant and Counterclaimant
Raj Abhyanker

## UNITED STATES DISTRICT COURT

## NORTHERN DISTRICT OF CALIFORNIA

## SAN FRANCISCO DIVISION

| | |
|---|---|
| NEXTDOOR.COM, INC., a Delaware corporation,<br><br>Plaintiff,<br><br>vs.<br><br>RAJ ABHYANKER, an individual,<br><br>Defendant. | Case No. 3:12-cv-05667-EMC<br><br>**DEFENDANT AND COUNTERCLAIMANT RAJ ABHYANKER'S RESPONSE TO NEXTDOOR.COM'S FIRST SET OF REQUESTS FOR ADMISSION (NOS. 1-190)** |
| RAJ ABHYANKER, an individual<br><br>Counterclaimant,<br><br>vs.<br><br>NEXTDOOR.COM, INC., a Delaware corporation; PRAKASH JANAKIRAMAN, an individual; BENCHMARK CAPITAL PARTNERS, L.P., a Delaware limited partnership; BENCHMARK CAPITAL MANAGEMENT CO. LLC, a Delaware limited liability company; SANDEEP SOOD, an individual; MONSOON ENTERPRISES, INC., a California corporation, and DOES 1–50, inclusive;<br><br>Counterdefendants. | |

trademark on that website, although he believes he first used it on the Eatbid website after October 26, 2011. Other than this, Mr. Abhyanker does not have any additional information responsive to this request."

**RESPONSE TO REQUEST NO. 3**:

Abhyanker objects to this Request to the extent it states that Abhyanker previously made any claim as to the statements in the October 8, 2013 letter from his counsel to Jennifer Kelly in this action.

Subject to and without waving the foregoing General and Specific Objections, Abhyanker responds as follows: Admitted that the statements in Request No. 3 reflect Abhyanker's belief and his understanding of the facts.

**REQUEST NO. 4**:

Admit that you claim the following statements from the October 8, 2013 letter from your counsel to Jennifer Kelly in this action are accurate: "In addition, Request No. 1 asks Mr. Abhyanker to identify any documents showing that use. Obviously, the actual maps and actual eDirectree website as it existed prior to October 26, 2011 would be documents showing such use. However, these documents are not in the possession, custody, or control of Mr. Abhyanker."

**RESPONSE TO REQUEST NO. 4**:

Abhyanker objects to this Request to the extent it states that Abhyanker previously made any claim as to the statements in the October 8, 2013 letter from his counsel to Jennifer Kelly in this action.

Subject to and without waving the foregoing General and Specific Objections, Abhyanker responds as follows: Admitted that the statements in Request No. 4 reflect Abhyanker's belief and his understanding of the facts. Abhyanker subsequently produced the source code for the eDirectree website

**REQUEST NO. 5**:

Admit that you claim the following statements from the October 8, 2013 letter from your counsel to Jennifer Kelly in this action are accurate: "After Mr. Abhyanker left Fatdoor, Fatdoor

decided to abandon and cease using the FATDOOR trademark. Fatdoor then consented to Mr. Abhyanker personally adopting and using the FATDOOR trademark. He did so in connection with the www.fatdoor.us website at least as early as April 15, 2008, which is accessible. In addition, Mr. Abhyanker also used the FATDOOR trademark on the eDirectree website. Mr. Abhyanker then also filed trademark applications in his personal name to secure his rights to the FATDOOR trademark. Mr. Abhyanker's personal use of FATDOOR precedes Nextdoor's first use of NEXTDOOR."

**RESPONSE TO REQUEST NO. 5**:

Abhyanker objects to this Request to the extent it states that Abhyanker previously made any claim as to the statements in the October 8, 2013 letter from his counsel to Jennifer Kelly in this action.

Subject to and without waving the foregoing General and Specific Objections, Abhyanker responds as follows: Admitted that the statements in Request No. 5 reflect Abhyanker's belief and his understanding of the facts.

**REQUEST NO. 6**:

Admit that you claim the following statement from the October 8, 2013 letter from your counsel to Jennifer Kelly in this action is accurate:

"In addition, Mr. Abhyanker refers Nextdoor.com to the www.fatdoor.us website, where he has used the trademark since leaving Fatdoor."

**RESPONSE TO REQUEST NO. 6**:

Abhyanker objects to this Request to the extent it states that Abhyanker previously made any claim as to the statements in the October 8, 2013 letter from his counsel to Jennifer Kelly in this action.

Subject to and without waving the foregoing General and Specific Objections, Abhyanker responds as follows: Admitted that Abhyanker used the FATDOOR mark on the www.fatdoor.us website after he left Fatdoor.

**REQUEST NO. 7**:

**REQUEST NO. 19:**

Admit that prior to October 26, 2011, you did not use the NEXTDOOR mark in 2011.

**RESPONSE TO REQUEST NO. 19:**

Abhyanker admits that he did not use the NEXTDOOR mark publicly in 2011 prior to October 26, 2011, though he possessed the intent to resume his use of the mark.

**REQUEST NO. 20:**

Admit that you did not use the FATDOOR mark in 2006.

**RESPONSE TO REQUEST NO. 20:**

Denied.

**REQUEST NO. 21:**

Admit that you did not use the FATDOOR mark in 2007.

**RESPONSE TO REQUEST NO. 21:**

Denied.

**REQUEST NO. 22:**

Admit that you did not use the FATDOOR mark in 2008.

**RESPONSE TO REQUEST NO. 22:**

Denied.

**REQUEST NO. 23:**

Admit that you did not use the FATDOOR mark in 2009.

**RESPONSE TO REQUEST NO. 23:**

Denied.

**REQUEST NO. 24:**

Admit that you did not use the FATDOOR mark in 2010.

**RESPONSE TO REQUEST NO. 24:**

Abhyanker admits that he did not use the FATDOOR mark publicly in 2010, though he possessed the intent to resume his use of the mark.

**REQUEST NO. 25:**

Admit that you did not use the FATDOOR mark in 2011.

**RESPONSE TO REQUEST NO. 25:**

Abhyanker admits that he did not use the FATDOOR mark publicly in 2011, though he possessed the intent to resume his use of the mark.

**REQUEST NO. 26:**

Admit that prior to October 26, 2011, you did not use the FATDOOR mark in 2011.

**RESPONSE TO REQUEST NO. 26:**

Abhyanker admits that he did not use the FATDOOR mark publicly in 2011 prior to October 26, 2011, though he possessed the intent to resume his use of the mark.

**REQUEST NO. 27:**

Admit that you did not use the FATDOOR GET TO KNOW YOUR NEIGHBOR mark in 2006.

**RESPONSE TO REQUEST NO. 27:**

Abhyanker admits that he did not use the FATDOOR GET TO KNOW YOUR NEIGHBOR mark publicly in 2006. Abhyanker owns the federal registration for a logo mark for FATDOOR GET TO KNOW YOUR NEIGHBORS, Registration No. 4287987. The date of first use in commerce listed on the Registration is April 15, 2008.

**REQUEST NO. 28:**

Admit that you did not use the FATDOOR GET TO KNOW YOUR NEIGHBOR mark in 2007.

**RESPONSE TO REQUEST NO. 28:**

Abhyanker admits that he did not use the FATDOOR GET TO KNOW YOUR NEIGHBOR mark publicly in 2007. Abhyanker owns the federal registration for a logo mark for FATDOOR GET TO KNOW YOUR NEIGHBORS, Registration No. 4287987. The date of first use in commerce listed on the Registration is April 15, 2008.

**REQUEST NO. 29:**

Admit that you did not use the FATDOOR GET TO KNOW YOUR NEIGHBOR mark in 2008.

**RESPONSE TO REQUEST NO. 29**:

Denied.

**REQUEST NO. 30:**

Admit that you did not use the FATDOOR GET TO KNOW YOUR NEIGHBOR mark in 2009.

**RESPONSE TO REQUEST NO. 30**:

Denied.

**REQUEST NO. 31:**

Admit that you did not use the FATDOOR GET TO KNOW YOUR NEIGHBOR mark in 2010.

**RESPONSE TO REQUEST NO. 31**:

Abhyanker admits that he did not use the FATDOOR GET TO KNOW YOUR NEIGHBOR mark publicly in 2010, though he possessed the intent to resume his use of the mark.

**REQUEST NO. 32:**

Admit that you did not use the FATDOOR GET TO KNOW YOUR NEIGHBOR mark in 2011.

**RESPONSE TO REQUEST NO. 32**:

Abhyanker admits that he did not use the FATDOOR GET TO KNOW YOUR NEIGHBOR mark publicly in 2011, though he possessed the intent to resume his use of the mark.

**REQUEST NO. 33:**

Admit that prior to October 26, 2011, you did not use the FATDOOR GET TO KNOW YOUR NEIGHBOR mark in 2011.

**RESPONSE TO REQUEST NO. 33**:

Admitted.

**REQUEST NO. 34:**

Admit that you did not offer an online social network in 2008 in connection with the NEXTDOOR mark.

**RESPONSE TO REQUEST NO. 34**:

Denied.

**REQUEST NO. 35**:

Admit that you did not offer an online social network in 2009 in connection with the NEXTDOOR mark.

**RESPONSE TO REQUEST NO. 35**:

Denied.

**REQUEST NO. 36**:

Admit that you did not offer an online social network in 2010 in connection with the NEXTDOOR mark.

**RESPONSE TO REQUEST NO. 36**:

Abhyanker admits that he did not offer an online social network in 2010 in connection with the NEXTDOOR mark, though he possessed the intent to offer an online social network in connection with the NEXTDOOR mark.

**REQUEST NO. 37**:

Admit that you did not offer an online social network in 2011 in connection with the NEXTDOOR mark.

**RESPONSE TO REQUEST NO. 37**:

Abhyanker is unable to recall whether he offered an online social network in December of 2001 in connection with the NEXTDOOR mark, and on that basis, denies this request.

**REQUEST NO. 38**:

Admit that prior to October 26, 2011, you did not offer an online social network in 2011 in connection with the NEXTDOOR mark.

**RESPONSE TO REQUEST NO. 38**:

-14-

Admit that you did not offer an online social network in 2010 in connection with the FATDOOR mark.

**RESPONSE TO REQUEST NO. 43**:

Abhyanker admits that he did not offer an online social network in 2010 in connection with the FATDOOR mark, though he possessed the intent to offer an online social network in connection with the FATDOOR mark.

**REQUEST NO. 44**:

Admit that you did not offer an online social network in 2011 in connection with the FATDOOR mark.

**RESPONSE TO REQUEST NO. 44**:

Abhyanker admits that he did not offer an online social network in 2011 in connection with the FATDOOR mark, though he possessed the intent to offer an online social network in connection with the FATDOOR mark.

**REQUEST NO. 45**:

Admit that prior to October 26, 2011, you did not offer an online social network in 2011 in connection with the FATDOOR mark.

**RESPONSE TO REQUEST NO. 45**:

Abhyanker admits that he did not offer an online social network in 2011 prior to October 26, 2011 in connection with the FATDOOR mark, though he possessed the intent to offer an online social network in connection with the FATDOOR mark.

**REQUEST NO. 46**:

Admit that your neighborhood walking maps were publicly accessible only on paper.

**RESPONSE TO REQUEST NO. 46**:

Admitted.

**REQUEST NO. 47**:

Admit that your neighborhood walking maps were not publicly accessible in an electronic format.

**REQUEST NO. 190:**

Admit that files necessary to reproduce the depiction of the www.edirectree.com website that was filed as Exhibit D to your Supplemental Statement (Dkt. 141) are not included in the www.edirectree.com website files (Bates No. RA389).

**RESPONSE TO REQUEST NO. 190:**

Denied.

Dated: February 27, 2014

Respectfully submitted,

LEGALFORCE RAJ ABHYANKER, P.C.

/s/ Heather R. Norton
Bruno W. Tarabichi
Heather R. Norton
Attorneys for Defendant
Raj Abhyanker

**CERTIFICATE OF SERVICE**

1  I hereby certify that on February 27, 2014, a true and correct copy of the foregoing RAJ
2  ABHYANKER'S FIRST SET OF REQUESTS FOR ADMISSION TO
3  COUNTERDEFENDANTS BENCHMARK CAPITAL PARTNERS, L.P. AND BENCHMARK
4  CAPITAL MANAGEMENT CO. LLC was sent by first class mail to counsel listed below:

Lisa Madeline Chapman
Harpreet Singh Walia
Royse Law Firm, PC
1717 Embarcadero Road
Palo Alto, CA 94303

Guinevere Louise Jobson
Jennifer Lloyd Kelley
Laurence F. Pulgram
Clifford Charles Webb
Fenwick & West LLP
555 California Street
12th Floor
San Francisco, CA 94104

Matthew Rawlinson
Adam Michael Regoli
Latham & Watkins LLP
140 Scott Drive
Menlo Park, CA 94025

Chancellor Tseng

-51-

3:12-cv-05667-EMC

RAJ ABHYAKER'S RESPONSE TO FIRST SET OF REQUESTS FOR ADMISSION