Hon. Nathanael M. Cousins
U.S. Magistrate Judge
United States District Court
450 Golden Gate Avenue
San Francisco, CA  94102

      Re: *Nextdoor.com, Inc. v. Raj Abhyanker,* No. 3:12-cv-05667-EMC
      Discovery Letter Re:  Additional Information Requested From Abhyanker

Dear Judge Cousins:

Defendant Raj Abhyanker ("Mr. Abhyanker") respectfully submits this letter brief responding to the Court's inquiries in its most recent order (Dkt. 330).

Preliminarily, Mr. Abhyanker notes the awkwardness of *his* being called upon to respond to questions better put to plaintiff Nextdoor.com, Inc. ("Nextdoor.com").  When the Court issued its order late on September 10, 2014, that same night Nextdoor.com fired off to Mr. Abhyanker its position on this letter brief with respect to inquiry (1), which it clearly wanted Mr. Abhyanker to integrate into its own, or at least into this filing.  Similarly, Mr. Abhyanker does not carry the burden on this motion – the movant and proponent of the discovery request at issue does – yet he is being asked in inquiry (2) to supply case law to negate the position Nextdoor.com is required to establish to win its motion.

Nevertheless, Mr. Abhyanker does his best to respond, as follows:

(1) On July 18, 2014 and on August 4 before noon, respectively, Mr. Abhyanker produced to Nextdoor.com under the guise of the protective order on file in this case the jointly-filed tax returns of him and his wife, as ordered on July 8, 2014 (Dkt. 259) and before noon on August 2, 2014 (Dkt. 289), respectively.  To the extent allowed by the orders, and in keeping with the well-established common-law protection accorded to tax records, many of the entries on the returns were redacted, apart from "the deductions or losses related to LegalForce," and associated "signatures, dates and preparer information."  (Dkt. 330).  Pursuant to its late-night e-mail on September 10, 2014, and consistent with its approach of always demanding more and more production without any sensible limit, Nextdoor.com is not satisfied with this production and wants more tax return information unredacted and visible; the signed originals of the returns filed with the IRS rather than the taxpayer-retained copies; and amended returns filed later even though the amendments were not related to deductions or losses.

(2) Mr. Abhyanker has found no controlling authority on how to resolve the tension between the broad disclosure dictate of Fed.R.Civ.P. 26(a)(2)(B)(ii) and the common-law protection afforded to tax returns and related records in civil litigation.  It is clear from a recent Ninth Circuit decision that the duty to produce under the expert disclosure rule is broad.  *Republic of Ecuador v. Kelsh,* No. 12-15848 (9th Cir., Jan 31, 2014) (the disclosure requirement should "be interpreted broadly" to encompass "any material considered by the expert, from whatever source, that contains factual ingredients" but to

exclude the "theories or mental impressions of counsel." Fed. R. Civ. P. 26(a)(2)(B) advisory committee's notes (2010 amendments). But neither that case nor any other in this circuit Mr. Abhyanker was able to locate in the limited time offered to him directly takes up whether disclosure of tax matter reviewed by a proposed expert is encompassed by the Rule. Nor does the Ninth Circuit case law take up, assuming *arguendo* that some manner of disclosure is otherwise required, whether the expert discovery demand for such disclosure upon which any later motion to compel is predicated must have been directed to the expert him/herself, or may be directed to a third-party holder of the desired tax records (as was done here), or even, post-fact-discovery deadline, to the party who engaged the expert (as was done here). Nor does the Ninth Circuit case law take up, assuming some manner of disclosure is otherwise required, whether demanded disclosure of a jointly-filed tax return is subject to a privacy objection from the non-party spouse – who, whatever else can be said about the party-spouse putting the tax materials at issue by virtue of the expert's review of those materials, had nothing to do with bringing about the circumstances which led to the expert's review of those materials (as is the case here).

Mr. Abhyanker submits that there is no easy answer to how to resolve the tension between the broad expert discovery disclosure dictate, and the common-law protection of tax materials and the other above-listed concerns raised by the context he presents which all militate against disclosure (or, at least, militate in favor of strict restrictions on the content to be disclosed based on proffer by Nextdoor.com of very-much-disputed relevance to claims or defenses). At a minimum, any consideration of this question will require balancing the broad duty to disclose materials reviewed by an expert, with the common-law protection of tax records together with the other competing concerns presented above. Mr. Abhyanker respectfully requests that the Court set the matter for oral argument – preferably on September 17, 2014, when the parties are scheduled to be in a hearing before Judge Chen in any event.