**United States District Court**
For the Northern District of California

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

NEXTDOOR.COM, INC.,                             Case No. C12-5667 EMC

        Plaintiff,

    v.                                          **FIRST AMENDED CASE MANAGEMENT AND PRETRIAL ORDER FOR JURY TRIAL**

RAJ ABHYANKER,

        Defendant.

_____

Pursuant to Federal Rule of Civil Procedure 16 and Civil Local Rule 16-10, THE FOLLOWING

DEADLINES ARE HEREBY ORDERED:

| | | |
|---|---|---|
| 1. | <u>TRIAL DATE</u>: | <u>12/8/2014, at 8:30 a.m. (Reset from 12/1/2014)</u><br>Courtroom 5, 17th Floor<br>Jury (<u>x</u>) or Court ( ) |
| 2. | <u>TRIAL LENGTH</u>: | Estimated <u>eight (8) </u>court days<br>(typical court day for trial is 8:30 a.m. to 2:00 p.m.; **Thursdays are dark**) |
| 3. | <u>FINAL PRETRIAL CONFERENCE</u>: | <u>11/25/2014, at 2:30 p.m.</u><br>**LEAD COUNSEL WHO WILL TRY THE CASE MUST ATTEND.** |
| 4. | <u>DISPOSITIVE MOTIONS</u>: | Last day to be *heard* <u>10/16/2014 at 1:30 p.m.</u><br>See Civil Local Rules for notice and filing requirements. |
| 5. | <u>NON-EXPERT DISCOVERY CUT-OFF</u>: | <u>Closed</u> |
| 6. | <u>EXPERT REPORTS</u>: | Opening reports by <u>Closed</u> |

Rebuttal reports by <u>Closed</u>

7.    <u>EXPERT DISCOVERY CUT-OFF</u>:        <u>Closed</u>

8.    <u>DISCOVERY LIMITATIONS</u>:        Prior to completion of ADR, each party is
      (F.R.C.P. applies unless        limited to:
      otherwise indicated)

Note:   <u>Discovery closed.</u>

                                        Interrogatories _____

                                        Depositions    _____

                                        Document Requests  ____

                                        Requests for Admission ____

                          After ADR, each party is limited to: FRCP

                                        Interrogatories ____

                                        Depositions ____

                                        Document Requests ____

                                        Requests for Admission ____

9.    <u>ADR</u>:                          To be completed _____

                                        Court-sponsored mediation  __

                                        Court-sponsored ENE ___

                                        Mag. Judge Settlement Conf. <u> X </u>

                                        Private mediation ____

                                        Private arbitration ____

                                        Other :   <u>Settlement conference call
                                        before Magistrate Judge Vadas is
                                        scheduled for 9/23/14 at 1:00 p.m. </u>

10.   <u>LAST DAY TO AMEND PLEADING:</u>        <u>N/A</u>

11.   <u>FURTHER STATUS CONFERENCE</u>:        <u>N/A</u>

United States District Court
For the Northern District of California

**United States District Court**
For the Northern District of California

**PRETRIAL INSTRUCTIONS**

**A.**    **MEET AND CONFER**

At least forty-two (42) days prior to the final pretrial conference, lead counsel who will try the case shall meet and confer regarding the following:

- Preparation and content of the joint pretrial conference statement, *see* Part B, *infra*;

- Preparation and exchange of pretrial materials, *see* Part C, *infra*; and

- Settlement of the action.

**B.**    **JOINT PRETRIAL CONFERENCE STATEMENT**

At least twenty-one (21) days prior to the final pretrial conference, the parties shall file a joint pretrial conference statement.  The statement shall contain the following information:

1. **The Action.**

   a.    Substance of the Action.  A brief description of the substance of claims and defenses which need to be decided.

   b.    Relief Prayed.  A statement of all relief sought, particularly itemizing all elements of damages claimed.

2. **Factual Basis of the Action.**

   a.    Undisputed Facts.  A list of all stipulated facts, *i.e.*, all facts parties to which the parties will stipulate to for incorporation into the trial record without the necessity of supporting testimony or exhibits.

   b.    Disputed Factual Issues.  A list of all factual issues that remain to be tried, stating the issues with the same generality/specificity as any contested elements in the relevant jury instructions and organized by counts.

United States District Court

For the Northern District of California

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

3. **Disputed Legal Issues.** *Without extended legal argument*, a concise statement of each disputed point of law concerning liability or relief, citing supporting statutes and decisions.

4. **Estimate of Trial Time.** An estimate of the number of hours needed for the presentation of each party's case.

5. **Trial Alternatives and Options.**

    a.    Settlement Discussion.  A statement summarizing the status of settlement negotiations and indicating whether further negotiations are likely to be productive.

    b.    Consent to Trial Before a Magistrate Judge.  A statement whether reference of all or part of the action to a master or magistrate judge is feasible, including whether the parties consent to a court or jury trial before a magistrate judge, with appeal directly to the Ninth Circuit.

    c.    Amendments or Dismissals.  A statement of requested or proposed amendments to pleadings or dismissals of parties, claims, or defenses.

    d.    Bifurcation or Separate Trial of Issues.  A statement of whether bifurcation or a separate trial of specific issues is feasible and desired.

6. **Witnesses.** *The following information should be provided as an appendix to the joint pretrial conference statement.*  For each party, a list of all witnesses likely to be called at trial, including those appearing by deposition.  For each witness, there should be a short statement of the substance of his or her testimony and an estimate regarding the length of testimony (including direct and cross-examination).  If the witness is an expert witness, the short statement should clearly state the expert's theories and conclusions and the bases therefor; in addition, the expert's curriculum

United States District Court
For the Northern District of California

vitae and report (if any) should be attached.  If there are objections to a live witness's

testimony, whether in whole or in part, that objection should be raised through a

motion in limine.  For objections to deposition testimony, *see* Part B.8, *infra*.

7.   **Exhibits.**  *The following information should be provided as an appendix to the joint*

*pretrial conference statement.*  A *joint* exhibit list in tabular form, with (a) a column

that briefly describes the exhibit; (b) a column that describes for what purpose the

party will offer the exhibit and identifies its sponsoring witness; (c) a column that

states any objections to the exhibit; (d) a column that briefly responds to the

objections; and (e) a blank column for the Court's use.  Before this list is filed with

the Court, the parties shall meet and confer, in person, to consider exhibit numbers, to

eliminate duplicate exhibits and confusion over exhibits, and to make a good faith

effort to stipulate to admissibility.  If stipulation is not possible, the parties shall make

every effort to stipulate to authenticity and foundation absent a legitimate (not

tactical) objection.  In addition to the above, a *joint* statement in which each party

identifies fifteen (15) of the opposing party's exhibits for which the identifying party

seeks rulings on objections *in advance* of trial.  A party may identify, *e.g.*, an exhibit

that it believes is critical to the case (if admitted or if not admitted) or an exhibit that

it believes is representative of other exhibits such that the identified exhibit will

provide a bellwether as to how the Court will rule on other exhibits.

8.   **Use of Discovery Responses.**  *The following information should be provided as an*

*appendix to the joint pretrial conference statement.*  Excerpts of interrogatory

responses, responses to requests for admission, and deposition testimony (with

specific line references identified) that each party intends to present at trial.  If there

are objections to the use of written responses, the parties should include a joint

United States District Court

For the Northern District of California

memorandum that briefly states the objecting party's objection and the opposing

party's response.  If there is an objection to the general subject matter of a deponent's

testimony, the objection should be made through a motion in limine.  If specific

objections were made during the deposition that are still in need of a Court ruling, the

parties should include a joint memorandum that identifies the deposition testimony at

issue and that briefly states the objecting party's objection (including any counter-

designation) and the opposing party's response (including any counter-designation).

The Court expects the parties to meet and confer in good faith in the attempt to

resolve those specific objections regarding deposition testimony before any

memorandum regarding objections are filed.

**C.**   **PRETRIAL MATERIALS**

At least twenty-one (21) days prior to the final pretrial conference, the parties shall file the

following pretrial materials.

**1.**   **Motions in Limine.**  The following procedure should be used with respect to motions

in limine.  At least thirty-two (32) days before the pretrial conference, serve – but do not file – the

moving papers.  At least twenty-five (25) days before the conference, serve – but do not file – the

oppositions.  When the oppositions are received, the moving party should collate the motion and

opposition together, back to back, and then file the paired sets (each under separate cover) at least

twenty-one (21) days prior to the conference.

Each motion in limine should address a single topic and contain no more than seven pages of

briefing per side.  Reply briefs are not permitted.  Usually, each party or side should not need to file

more than five motions in limine.  Each party shall number its motions in limine in order of

importance, the first being the most important.

**2.**   **Preliminary Statement to the Jury.**  In a jury trial, the parties shall provide a

simplified statement of the case to be read to the jury during voir dire and as a part of the proposed

jury instructions.  Unless the case is extremely complex, this statement should not exceed one

paragraph.

    **3.**      **Jury Instructions.**  In a jury trial, a *joint* set of proposed jury instructions on

substantive issues of law, arranged in a logical sequence.

    If undisputed, an instruction shall be identified as "Stipulated Instruction No. _____ re

_____," with the blanks filled in as appropriate.  Even if stipulated, the instruction

shall be supported by citation.

    If disputed, each version of the instruction shall be inserted together, back to back, in their

logical place in the overall sequence.  A disputed instruction shall be identified as "Disputed

Instruction No. _____ re _____ offered by _____," with the blanks filled in

as appropriate.  All disputed versions of the same basic instruction shall bear the same number.  If a

party does not have a counter-version and simply contends that no such instruction in any version

should be given, then that party should so state on a separate page inserted in lieu of an alternate

version.  Each party should support its version of a disputed instruction, and/or oppose the version

offered by the opposing party, with a brief argument and citation to any relevant authority.  The

argument and citation should be provided immediately following the disputed instructions.  The

parties are encouraged to keep disputed instructions to a minimum.

    Finally, absent objection, the Court shall give the following jury instructions from the Ninth

Circuit Manual of Model Civil Jury Instructions (2007 ed.): 1.1-1.2, 1.6-1.14, 1.18-1.19, 3.1-3.3.

///

///

///

**4.   Voir Dire.**  In a jury trial, the Court will conduct a voir dire based on the attached (or a similar) questions/subjects.  Counsel may also submit for the Court's consideration an *agreed upon* set of additional voir dire questions to be posed by the Court.  Any voir dire questions on which counsel cannot agree may be submitted separately.  Counsel will be allowed a brief (15 minutes) follow-up voir dire after the Court's questioning.

**5.   Verdict Form.**  In a jury trial, the parties shall submit a *joint* proposed verdict form. If the parties are unable to stipulate to a verdict form, then each party or side shall submit a proposed verdict form.

**6.   Proposed Findings of Fact and Conclusions of Law.**  In a bench trial, each party or side shall submit proposed findings of fact and conclusions of law.

**7.   Exhibits.**  The parties shall submit *two* sets of all exhibits.  Exhibits are not to be filed but rather shall be submitted to chambers.  *Exhibits must be premarked.  In addition, one set of exhibits must be tagged.*  Exhibits shall be three-hole punched and shall be submitted in binders. Sample tags may be obtained from the Courtroom Deputy and are attached as Exhibit A hereto.

**8.   Trial Brief.**  Each party shall submit a trial brief not to exceed 15 pages absent court order.  A trial brief is most helpful to the Court when it:  (1) summarizes the party's theory of the case, (2) identifies key evidence, and (3) provides summary briefing on any controlling issues of law.

Dated:   September 18, 2014

_____
EDWARD M. CHEN
United States District Judge

United States District Court
For the Northern District of California

**JUROR QUESTIONNAIRE**

1.      Name.

2.      City of residence.

3.      Occupational status.

4.      Educational background.

5.      Organizations.

6.      Hobbies.

7.      Marital status.

8.      Spouse's occupation.

9.      Children (including ages).

10.     If a juror on another case.

11.     If ever a grand juror.

12.     If ever in the military.

# **EXHIBIT A**

| | | |
|---|---|---|
| UNITED STATES DISTRICT COURT<br>NORTHERN DISTRICT OF CALIFORNIA<br><br>Case Number:<br><br>PLTF / DEFT EXHIBIT NO._____<br><br>Date Admitted:_____<br><br>By:_____<br><br>Betty Lee, Deputy Clerk<br>-------------------------------------------------------- | UNITED STATES DISTRICT COURT<br>NORTHERN DISTRICT OF CALIFORNIA<br><br>Case Number:<br><br>PLTF / DEFT EXHIBIT NO._____<br><br>Date Admitted:_____<br><br>By:_____<br><br>Betty Lee, Deputy Clerk<br>-------------------------------------------------------- | UNITED STATES DISTRICT COURT<br>NORTHERN DISTRICT OF CALIFORNIA<br><br>Case Number:<br><br>PLTF / DEFT EXHIBIT NO._____<br><br>Date Admitted:_____<br><br>By:_____<br><br>Betty Lee, Deputy Clerk<br>-------------------------------------------------------- |
| UNITED STATES DISTRICT COURT<br>NORTHERN DISTRICT OF CALIFORNIA<br><br>Case Number:<br><br>PLTF / DEFT EXHIBIT NO._____<br><br>Date Admitted:_____<br><br>By:_____<br><br>Betty Lee, Deputy Clerk<br>-------------------------------------------------------- | UNITED STATES DISTRICT COURT<br>NORTHERN DISTRICT OF CALIFORNIA<br><br>Case Number:<br><br>PLTF / DEFT EXHIBIT NO._____<br><br>Date Admitted:_____<br><br>By:_____<br><br>Betty Lee, Deputy Clerk<br>-------------------------------------------------------- | UNITED STATES DISTRICT COURT<br>NORTHERN DISTRICT OF CALIFORNIA<br><br>Case Number:<br><br>PLTF / DEFT EXHIBIT NO._____<br><br>Date Admitted:_____<br><br>By:_____<br><br>Betty Lee, Deputy Clerk<br>-------------------------------------------------------- |
| UNITED STATES DISTRICT COURT<br>NORTHERN DISTRICT OF CALIFORNIA<br><br>Case Number:<br><br>PLTF / DEFT EXHIBIT NO._____<br><br>Date Admitted:_____<br><br>By:_____<br><br>Betty Lee, Deputy Clerk<br>-------------------------------------------------------- | UNITED STATES DISTRICT COURT<br>NORTHERN DISTRICT OF CALIFORNIA<br><br>Case Number:<br><br>PLTF / DEFT EXHIBIT NO._____<br><br>Date Admitted:_____<br><br>By:_____<br><br>Betty Lee, Deputy Clerk<br>-------------------------------------------------------- | UNITED STATES DISTRICT COURT<br>NORTHERN DISTRICT OF CALIFORNIA<br><br>Case Number:<br><br>PLTF / DEFT EXHIBIT NO._____<br><br>Date Admitted:_____<br><br>By:_____<br><br>Betty Lee, Deputy Clerk<br>-------------------------------------------------------- |