**United States District Court**
For the Northern District of California

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| NEXTDOOR.COM, INC., <br><br>  Plaintiff, <br><br>  v. <br><br> RAJ ABHYANKER, <br><br>  Defendant. <br>———————————————————/ <br> RAJ ABHYANKER, <br><br>  Counterclaimant, <br><br>  v. <br><br> NEXTDOOR.COM, INC., *et al.*, <br><br>  Counterdefendants. <br>———————————————————/ | No. C-12-5667 EMC <br><br> **ORDER GRANTING PLAINTIFF'S MOTION TO DISMISS** <br><br> **(Docket No. 303)** |

On August 8, 2014, Plaintiff Nextdoor.com filed a motion to dismiss its own claim for declaratory relief on the ground of lack of justiciability, and alternatively requesting a voluntary dismissal of its claim under FRCP 41(a)(2). Docket No. 303. Because the parties are familiar with the factual and procedural history of this case, the Court repeats only those facts necessary to resolve the issues presented by the motion.[1]

---

[1] The Court **OVERRULES** Defendant's objection pursuant to L-Civ. R. 7-3(d)(1). Docket No. 325. Defendant has failed to specify what evidence or arguments to which it is objecting with meaningful clarity. Moreover, the Court finds that the arguments and evidence submitted by the Plaintiff in its reply were proper.

Plaintiff's request for a declaratory judgement provided:

> The Company seeks a declaration from this Court that it is lawfully using the NEXTDOOR Mark and is not committing infringement of any purported trademark rights held by Abhyanker because, *inter alia*, there is no likelihood of confusion between the Company's use of the mark NEXTDOOR and Abhyanker's purported rights, if any, in the terms "fatdoor" and "fatdoor get to know your neighbors."

In determining whether such a claim for declaratory relief is mooted by one party's voluntary conduct, the Supreme Court has stated that the party advancing mootness has the burden "to show that it 'could not reasonably be expected' to resume its enforcement efforts." *Already, LLC v. Nike, Inc.*, 133 S.Ct. 721, 727 (2013) (quoting *Friends of the Earth, Inc. v. Laidlaw Envtl. Servs., Inc.*, 528 U.S. 167, 190 (2000)).

Applying the *Already* standard in this case, Plaintiff has the burden of showing that Defendant "could not reasonably be expected to resume its enforcement" of its FATDOOR and FATDOOR GET TO KNOW YOUR NEIGHBOR marks against Plaintiff's use of its NEXTDOOR mark. The Court determines that Plaintiff has met that burden, and thus the claim is moot.

## I.  BACKGROUND

A.  Res Judicata

In general, *res judicata* "prohibits the parties or their privies from relitigating issues that were or could have been raised in an action resulting in a final judgment on the merits." *Herb Reed Enterprises, LLC v. Florida Entm't Mgmt., Inc.*, 736 F.3d 1239, 1245 (9th Cir. 2013) (quoting *Federated Department Stores, Inc. v. Moitie*, 452 U.S. 394, 398 (1981)). "*Res judicata* applies where there is (1) an identity of claims, (2) a final judgment on the merits, and (3) identity or privity between parties." *Tritz v. U.S. Postal Serv.*, 721 F.3d 1133, 1141 (9th Cir. 2013).

Here, Defendant's second counter-claim set out: "[Plaintiff]'s use of the NEXTDOOR mark infringes on [Defendant]'s rights in the common law rights in the FATDOOR word mark, and the registered FATDOOR GET TO KNOW YOUR NEIGHBOR mark." SAAC, ¶197. Defendant's third counter-claim set out: "[Plaintiff]'s use of the NEXTDOOR mark infringes on [Defendant]'s common law rights in the NEXTDOOR and FATDOOR Marks, in violation of 15 U.S.C. §1125." SAAC, ¶203. Defendant's with-prejudice dismissal of these claims for infringement constituted a

final judgement on the merits. *Intermedics, Inc. v. Ventritex, Inc.*, 775 F. Supp. 1258, 1262-63 (N.D. Cal. 1991) ("a voluntary dismissal, with prejudice, entered by stipulation of the parties, is considered a final judgment on the merits for purposes of res judicata") (citing *Eichman v. Fotomat Corp.,* 759 F.2d 1434, 1438–39 (9th Cir.1985). As such, *res judicata* will bar the Defendant from bringing any future claims that the Plaintiff's current use of their NEXTDOOR mark infringes upon his FATDOOR or FATDOOR GET TO KNOW YOUR NEIGHBORS marks. Thus, Defendant cannot reasonably be expected to resume these enforcement efforts, because they are barred from doing so as a matter of law.

B. <u>Release of Claims</u>

Defendant also signed a release of the above cited claims. Docket No. 224. Releases are contracts, and the intent of the parties governs the meaning of the contract. *See, e.g., United Commercial Ins. Serv., Inc. v. Paymaster Corp.*, 962 F.2d 853, 856 (9th Cir.1992); *see also* 18A Wright et al., Federal Practice and Procedure: Jurisdiction § 4465.1 at n. 17 ("If the terms of the judgment are dictated by settlement, preclusion consequences might be measured by the test that applies to all consent judgments – the intent of the parties").

Here, Defendant's intent in signing the release is not difficult to divine. The release, in relevant portion, provides: "Abhyanker, on behalf of himself and any entities he controls, now or in the future, wishes to dismiss with prejudice and forever release all remaining counterclaims against Nextdoor.com." Docket No. 224 ¶3. The Court finds and determines that Defendant released and intended to release his claims that Plaintiff's use of the NEXTDOOR mark infringes his FATDOOR and FATDOOR GET TO KNOW YOUR NEIGHBORS marks. As a result, the release precludes Defendant from bringing these claims in the future. Thus, in addition to the bar of *res judicata*, Defendant cannot "reasonably be expected to resume" these enforcement efforts because he contractually waived any such claim.

## II. <u>DISCUSSION</u>

Defendant's counter-arguments are mistaken and irrelevant – respectively.

First, Defendant asserts that the case is not moot because he may still bring claims against other infringing conduct – *e.g.* future infringing conduct by the Plaintiff and infringing conduct by

other parties. Defendant seems to be relying on *Already* for the proposition that a case is not moot unless one party is completely without rights to the trademark at issue. Defendant's reliance is misplaced.

In *Already* the declaration at issue was a validity challenge to Nike's trademark. *Already*, 133 S.Ct. at 725. Thus, to moot the case, Nike had to abandon all claims regarding the enforcement of that trademark against Already. *See Id*. at 728. Here, crucially, the declaration sought is much narrower – relating exclusively to whether Plaintiff's use of the NEXTDOOR mark, as currently understood, infringes Defendant's Fatdoor marks. Docket No. 1 ¶63. Thus, to moot this claim, Defendant need only abandon all claims regarding enforcement of his trademarks against Plaintiff's use of the NEXTDOOR mark. As discussed, this is exactly what Defendant did.

Second, Defendant argues that Fatdoor, as licensee of Defendant's marks, could enforce these same trademark rights against the Plaintiff. According to Defendant, if Fatdoor can bring these claims in the future, this case is still "live." The Court does not address whether Fatdoor can bring such claims because this argument is irrelevant. Assuming, *arguendo*, that Fatdoor could bring these claims in a *future* case (notwithstanding the broad scope of the release and possible privity with Abhyanker under *res judicata* analysis), that does not revive the controversy of *this* case. As discussed, Plaintiff has met their burden of demonstrating that *Defendant* cannot reasonably be expected to enforce these claims in the future. Under *Already*, that is sufficient to moot their claim.

For the foregoing reasons, the Court determines that Plaintiff's claim for declaratory relief is moot, and grants Plaintiff's motion to dismiss for lack of justiciability.

The Court also notes that, if Plaintiff's claim were not constitutionally moot, it would grant Plaintiff's request to dismiss without prejudice, pursuant to Rule 41(a)(2). "Where the request is to dismiss without prejudice, a District Court should grant a motion for voluntary dismissal under Rule 41(a)(2) unless a defendant can show that it will suffer some plain legal prejudice as a result." *WPP Luxembourg Gamma Three Sarl v. Spot Runner, Inc*., 655 F.3d 1039, n. 6 (9th Cir. 2011). Here, Defendant has failed to show that it will suffer legal prejudice if Plaintiff's claim were dismissed. Defendant contends that legal prejudice will result from dismissal because (1) it has incurred the

costs of trial preparations; and (2) it contends it would not have dismissed its claims had it known that it would not get a chance to litigate Plaintiffs' declaratory relief claim. Once again, Defendant's arguments are mistaken and irrelevant – respectively. First, trial preparations are not legal prejudice. *Hamilton v. Firestone Tire & Rubber Co.*, 679 F.2d 143, 145 (9th Cir. 1982) (holding that the defendant had not established sufficient prejudice from the granting of a voluntary dismissal "merely by asserting that it had begun trial preparations"). Second, Defendant's assertions that he would not have released his claims had he known this would moot Plaintiff's declaratory relief claim is irrelevant. His feelings of regret are not legal prejudice; Defendant has been represented by counsel and is charged with knowing the consequences of his action in this suit.

### III. CONCLUSION

Having considered the parties' briefs and accompanying submissions, as well as the oral argument of counsel, the Court hereby **GRANTS** Plaintiff's motion to dismiss for lack of justiciability.

This order disposes of Docket No. 303.

IT IS SO ORDERED.

Dated: September 19, 2014

_____
EDWARD M. CHEN
United States District Judge