DAVID S. LAVINE, SBN 166744
dave@legalforcelaw.com
NICHOLAS M. GEROVAC, SBN 289910
nick@legalforcelaw.com
LEGALFORCE RAJ ABHYANKER,
P.C. 1580 W. El Camino Real, Suite 13
Mountain View, California 94040
Telephone: 650.965.8731
Facsimile: 650.989.2131

Attorneys for Defendant
Raj Abhyanker

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| NEXTDOOR.COM, INC., a Delaware corporation, <br><br> Plaintiff, <br><br> v. <br><br> RAJ ABHYANKER, an individual, <br><br> Defendant. | Case No. 3:12-cv-05667-EMC <br><br> **DECLARATION OF PATRICK MICHAEL O'LEARY IN SUPPORT OF DEFENDANT RAJ ABHYANKER'S OPPOSITION TO NEXTDOOR.COM, INC.'S MOTION FOR PARTIAL SUMMARY JUDGMENT** |

I, Patrick Michael O'Leary declare as follows:

1. I have been engaged by defendant Raj Abhyanker ("Mr. Abhyanker" or "Defendant") as an expert in this case. I declare to the following facts of my own knowledge, and if called upon could and would testify thereto.

2. I have a degree in Electrical Engineering / Computer Science from the NYU / Polytechnic Institute of Brooklyn, New York. Since graduating, I have worked in and been the founder of several different startup companies across the telecommunications, transportation, and Internet industries, including stints domestically and internationally for NEC, US West, American Airlines, Ryder Truck, Santa Fe Rail Roads, and Ansett Airlines. I have experience in Internet business areas of Planning, Strategy, Analysis, Operations Research, Sales, Marketing, Branding, Finances, Budgeting, Human Resources, Real Estate, Acquisitions, Mergers, Due Diligence, Risk Management, Sale of Company, Venture Capital, Investment Bankers, Social Media, Intellectual Property, Patents, Prior Art and Trademarks. I have experience in Internet technical areas of Security, Programming, Databases, Websites, SEO, Engineering, Software, Hardware, Networking, Routing, Life-cycle, Risk Management, Information Technology, Facility Maintenance/Construction, Social Networking, Linux, Apache, MySQL, PHP, HTML, and content management systems like Drupal. I have been successfully involved in the Internet and in on-line businesses since the late 1980s.

3. Much of my recent experience has been focused as a consulting or litigation expert, including engagements by Yahoo, Twitter and Google. I acquired the names *"ExpertWitness.com"* and *"FindExperts.com"* for use in expert and consultant marketing. A significant portion of my time has been given over to advising clients on choosing or altering a business or domain name with an eye toward and for the purpose of securing trade and service marks for their businesses.

4. I was asked based on my training and experience to offer an expert opinion as to whether the NEXTDOOR trademark is distinctive, as such a finding is a predicate to both infringement and cybersquatting enforcement. Upon thorough review, I have concluded that the NEXTDOOR trademark is descriptive, not distinctive, and thus cannot form the basis of either

an infringement claim or a cybersquatting claim in the absence of having accrued secondary meaning by the time of the allegedly-infringing acts.

5. A trademark is classified along a range or spectrum running from strong marks to weak marks. At the head of this spectrum, the strongest mark is fanciful, in that it is entirely invented and made up, such as EXXON or KODAK.

6. Next strongest along the trademark spectrum is arbitrary, in that such a mark is a commonly-used word used out of context with its commonly-ascribed meaning, such as APPLE to describe a line of computer products, not the fruit.

7. In the middle of the spectrum are suggestive marks – those that reflect the nature, quality or a characteristic of the products or services in the manner they are to be used, but which require imagination from the consumer to make the associative leap from the mark to the product or service offered. Examples of some well-known suggestive trademarks are: Citibank for national financial services, Greyhound for bus transportation, and Jaguar / Mustang for "fast" cars. Clearly, these are suggestive trademarks because it is a characteristic and/or nature of the product, yet it still requires an imaginative leap to associate the name with the product.

8. At the weaker end of the spectrum, a descriptive mark is a term whose commonly-understood dictionary meaning is used in connection with the offering of products or services directly related to that meaning – that is, when the mark immediately and without the need for any associative leap conveys a quality, feature, function or other characteristic of the products or services offered. The term "MatchMaker," for example, is a merely descriptive mark because it is an accepted term describing a person or service that matches two or more persons or entities.

9. Finally, the weakest trademark is generic, in that it is nothing more than the common name for a product or service in connection with how it is used. An example of a generic mark is ExpertWitness, as found in my own company's domain name. This mark is generic because it is the common name or title of a person that gives an opinion in litigation matters.



10. The NEXTDOOR name is so frequently used in the common parlance that it is defined by the dictionary as any of three parts of speech, depending on its usage. The public uses this term as an adverb, an adjective, and a noun. Whatever its part-of speech usage, consumers who use the term "nextdoor" are immediately drawn to the notion of neighborhood, and to structures situated and persons living nearby within it. This is precisely the definitional notion that Nextdoor.com is tapping into when advertising and selling its online service. No imaginative or creative leap is necessary to associate the trademark NEXTDOOR with the notion of bringing neighbors together.

11. Further, the term "nextdoor", in addition to being its own word used in three parts of speech, is a combination of two component words – "next" and "door." Like "nextdoor", "next" and "door" are extremely common, to the point of entering everyday usage. Each component word is itself highly descriptive, and not at all fanciful / arbitrary or even suggestive of anything beyond their normal, everyday meanings.

12. Looking at the NEXTDOOR trademark as both a single term and as a product of its two component words, I have easily concluded that the NEXTDOOR mark is no stronger than descriptive.

13. Suggestive trademarks often contain parts of, or play on, real words – such as Liquid Paper for corrective fluid, or Enchancia for a magical place enjoyed by children in games or on television. From the extensions of real words, or the play on or interplay between words, the consumer's imagination is sparked into an associative jump from the trademark term toward the product or service offered in connection with it. It is this creativity, this imaginative jump from trademark term to product or service offered, that stands as the hallmark of a suggestive mark and precisely what enables it to gain trademark protection. By contrast, descriptive marks do not spur the consumer's imagination to jump to a far-off place, or to a new commercial notion derived from the playfulness of words comprising the trademark – they simply direct the consumer, in one fell swoop, through their dictionary definitions, to the qualities or characteristics of the product or service being offered.

14. As a term with a fixed meaning in our vernacular, NEXTDOOR does not invite the imagination to leap, but simply takes the mind on a linear course to a characteristic or feature of what it means to be "nextdoor" – that is, interacting with one's neighbors, crossing between one's homes. This is precisely the service offered by Nextdoor.com. I therefore conclude that NEXTDOOR is a merely descriptive trademark.

15. Finally, I have learned that the allegedly infringing acts attributed to Mr. Abhyhanker occurred within a few short months of Nextdoor.com's launch in 2011. As secondary meaning must be measured at the time of the infringing acts, I conclude that it was not yet possible for the NEXTDOOR trademark to have acquired secondary meaning with the public at that early stage of Nextdoor.com's development.

I declare under penalty of perjury under the laws of the United States and the foregoing is true and correct.

Executed on **Friday, September 26, 2014** in **Southlake TX.**

_____
Partick Michael O'Leary