October 6, 2014

Hon. Nathanael M. Cousins
U.S. Magistrate Judge
United States District Court
450 Golden Gate Avenue
San Francisco, CA 94102

**Re:**   ***Nextdoor.com, Inc. v. Raj Abhyanker,*** **No. 3:12-cv-05667-EMC**
**Discovery Letter Re Mr. Abhyanker's Failure to Reimburse Nextdoor.com's**
**Expert for the Expert's Response to Abhyanker's Subpoena.**

Dear Judge Cousins:

Nextdoor.com, Inc. ("Nextdoor.com") and Raj Abhyanker ("Mr. Abhyanker") jointly submit this Discovery Letter Brief seeking the Court's assistance with issues related to expert discovery. Counsel represent they have met and conferred on these issues in person, and have been unable to reach agreement.

**Issue 1: Whether Mr. Abhyanker must pay for the expenses incurred by Nextdoor.com's expert Deborah Jay in response to Mr. Abhyanker's subpoena.**

**Nextdoor.com's position**:  On August 8, 2014, Nextdoor.com disclosed that it may use Deborah Jay as an expert in this matter in support of Count II of its complaint, which sought declaratory relief regarding Abhyanker's alleged FATDOOR marks. Prior to disclosing Ms. Jay as an expert, Nextdoor.com had requested on July 23 and again on August 5 that Mr. Abhyanker agree to a stipulated dismissal of Count II, since Mr. Abhyanker's with-prejudice dismissal of his claims regarding his FATDOOR marks on June 14, 2012 had mooted any need for further declaratory relief, and because such a stipulation could avoid unnecessary fees and costs associated with expert discovery and trial preparation. Mr. Abhyanker refused to allow Nextdoor.com to dismiss Count II of its complaint. Accordingly, due to Abhyanker's refusal to stipulate, Nextdoor.com was compelled to disclose Ms. Jay as an expert in support of Count II on the expert cutoff, August 8.

Also on August 8, 2014, Nextdoor.com moved to dismiss as moot Count II of its complaint. Thereafter on August 14, 18, 20 and 27, Nextdoor.com orally and in writing repeated its position to Mr. Abhyanker that Ms. Jay's deposition and related document production was irrelevant in light of Abhyanker's prior dismissal with prejudice and the pending motion to dismiss as moot. Ignoring these admonishments, Mr. Abhyanker doggedly pursued discovery of Ms. Jay. On August 21, he subpoenaed Ms. Jay to produce documents and attend a deposition. In pursuing such discovery of Ms. Jay, Mr. Abhyanker was fully aware that Ms. Jay would incur expenses. He was also aware that Mr. Abhyanker would be required to reimburse these expenses under Fed. R. Civ. Proc. 26(b)(4)(E) and under *Mr. Abhyanker's counsel's* demand that the parties respective experts be reimbursed by the subpoenaing party for all time spent responding to the other side's subpoena and preparing for deposition.[1]  On August 26, Ms. Jay produced

---

[1] With the sole exception of Ms. Jay, Nextdoor.com and Mr. Abhyanker have each reimbursed the other side's experts' for such expenses incurred in responding to the parties' subpoenas. One of Mr. Abhyanker's billed Nextdoor.com more than $10,000 for such expenses. While there is a split in authority as to whether such preparation time is recompensible, having acceded to Abhyanker's insistence that such time be compensated, Nextdoor.com is entitled to the same. Indeed, in a similar circumstance where one of Mr. Abhyanker's experts was not deposed because his testimony was inadmissible and would be mooted by dismissal of Count II of the

documents in response to Mr. Abhyanker's subpoena. The expenses Ms. Jay incurred in responding to Mr. Abhyanker's subpoena total $7,387.50.[2] (This total does not include the fees for time Nextdoor.com's counsel also had to spend assisting Ms. Jay).

Despite Ms. Jay's document production and substantial efforts to prepare for a deposition, Nextdoor.com continued to seek a compromise with Mr. Abhyanker regarding his pursuit of such needless discovery. Ultimately, *on the morning* of Ms. Jay's scheduled deposition, after the preparation was complete and costs incurred, Mr. Abhyanker agreed to postpone her deposition pending the outcome of Nextdoor.com's motion to dismiss.

On September 19, 2014, the Court granted Nextdoor.com's motion to dismiss Count II of its complaint. *See* Dkt. 340. Specifically, the Court found that Mr. Abhyanker's June 14, 2014 dismissal with prejudice of his allegations regarding the FATDOOR marks had mooted Nextdoor.com's request for declaratory relief under Count II, and therefore there was no justiciable issues left for the Court to decide. The Court ruled that Mr. Abhyanker's arguments against dismissal were "mistaken and irrelevant." *Id.* at 3. Despite this order, Mr. Abhyanker still continued to pursue Ms. Jay's deposition, even though it was unrelated and irrelevant to any issues remaining in the case. Nextdoor.com requested that Mr. Abhyanker provide the basis for his continued attempt to depose Ms. Jay and specifically how her deposition is relevant to the remaining issues in the case. Mr. Abhyanker has provided no such explanation.

Rather than explain how his discovery was relevant, Mr. Abhyanker demanded that Nextdoor.com withdraw Ms. Jay as a potential expert, apparently as a basis to then argue that he has no obligation to pay the expenses his subpoena had, in August, caused her to incur. In response, Nextdoor.com explained that since Ms. Jay's report was limited to issues that are no longer in the case, there was nothing to "withdraw," and certainly no legal requirement to do so. Nevertheless, in a further effort to compromise with Mr. Abhyanker, Nextdoor.com offered to "withdraw" Ms. Jay as an expert, provided that he compensate Ms. Jay for her efforts to date in responding to his unnecessary subpoena. Mr. Abhyanker refused Nextdoor.com's compromise.

Despite Mr. Abhyanker's claims to the contrary below, Nextdoor.com has not withdrawn Ms. Jay as expert. Rather, because the Court's September 19 order affirmed what Nextdoor.com had asked Mr. Abhyanker to agree to since July 23—*i.e.* dismissal of Count II and mooting of the need for her disclosure and testimony—Nextdoor.com has objected to producing Ms. Jay for a deposition. At this stage, Ms. Jay's deposition would be an irrelevant endeavor and a further unnecessary waste of the parties' time and resources. In response, Mr. Abhyanker has refused to pay for Ms. Jay's time spent responding to his subpoena—time all incurred prior to *his* last

---

Complaint, Mr. Abhyanker demanded and Nextdoor.com paid for the expert's deposition preparation and travel time. Applying that same rule to these circumstances, since Ms. Jay prepared for a deposition and produced documents in response to a subpoena, but ultimately was not deposed, Mr. Abhyanker should pay for the expenses incurred by Ms. Jay.

[2] Mr. Abhyanker's claim that Nextdoor.com has not provided support for Ms. Jay's expenses is false. On no less than seven occasions, Nextdoor.com sent Mr. Abhyanker's counsel a copy of Ms. Jay's itemized invoice providing detail above and beyond that provided by Mr. Abhyanker's experts. For example, the invoice itemizes the 12 hours Ms. Jay spent, at her regular rate of $600.00 per hour, in preparing for the deposition and responding to Mr. Abhyanker's document requests. As a point of reference, Mr. Abhyanker's purported trademark expert billed (and was paid by) Nextdoor.com 16 hours preparing for deposition and responding to document requests.

minute continuation of her deposition on the day it was to occur—unless he is able to engage in a futile deposition of Ms. Jay. Nextdoor.com should not have to incur the expenses due to Mr. Abhyanker's refusal to agree to the dismissal of Count II based on "mistaken and irrelevant" arguments and his stubborn pursuit of irrelevant discovery.

Mr. Abhyanker also now argues that Nextdoor.com has no right to relief for his last minute decisions because Nextdoor.com's motion comes after the official close of expert discovery. But that is because Ms. Jay's deposition had been continued for weeks *after* that closing date at Mr. Abhyanker's request (to avoid deposing her if her testimony became moot). Thus the issue was not ripe until after the motion to compel deadline. The first time Mr. Abhyanker said he would not pay Ms. Jay's expenses was on September 24—after the Court's September 19 order confirming that here testimony was moot. Nextdoor.com immediately thereafter again met and conferred with Mr. Abhyanker and asked for his portion of this joint letter brief.[3] It makes no sense to argue that relief is totally unavailable for issues the parties had deferred because Mr. Abhyanker only later reneged on his commitments.

If Mr. Abhyanker actually desires to depose Ms. Jay regarding an issue no longer in the case, he must explain how her deposition is still relevant. But regardless, the game playing over reimbursement must stop. Mr. Abhyanker must compensate Ms. Jay for the expenses she incurred in responding to his subpoena—just as Nextdoor.com has paid reciprocal expenses for all of Abhyanker's experts—both in producing documents and preparing for a deposition. Ms. Jay's requested expenses total $7,387.50.

Finally, in response to Mr. Abhyanker's claimed attempt to compromise, as discussed above, Nextdoor.com has tried to reach a resolution: (1) before disclosing Ms. Jay as an expert; (2) after the disclosure but before Mr. Abhyanker subpoenaed Ms. Jay; (3) after the subpoena but before her testimony; and (4) even after the Court's September 19 order. Although he has mentioned the idea of paying "something substantially less" than the expenses incurred by Ms. Jay, when asked for a proposal, he never made one. As Nextdoor.com further noted, it is inappropriate for Mr. Abhyanker to use the cost of enforcing his compliance with the expert payment rules he insisted on as a justification to not comply with those rules. To date, Nextdoor.com has not received any compromise proposal.

**Raj Abhyanker's position:** Nextdoor.com's motion for repayment of expenses associated with its engagement of expert Deborah Jay should be denied because (1) now that the motion to compel discovery deadline has passed by weeks, this Court no longer has authority to adjudicate discovery issues generally or the issue presented in particular; (2) even if there were legal authority to enable Court review, Nextdoor.com has provided no legal authority for the proposition that an expert witness prevented from testifying at deposition pursuant to service of process, for whatever reason, by the party which engaged that witness should nevertheless be compensated by the opposing party for her work; and (3) even if the Court were able to work through the first two obstacles, Nextdoor.com provides no substantiation to the Court to enable it

---

[3]Mr. Abhyanker's complaints over the exchange of portions of this letter are inexplicable. After sending its draft of this letter to Mr. Abhyanker on September 24, Nextdoor.com agreed at his request to wait a full week, until October 1 to receive his response, to accommodate his holiday schedule and need to brief summary judgment at the same time. Despite its own summary judgment reply due on October 2, Nextdoor.com transmitted its edits in response to Abhyanker's portion in less than 24 hours.

to assess the reasonableness of Ms. Jay's high-priced charges.

<u>There is no continuing authority for the Court to resolve this discovery dispute</u>

Nextdoor.com brings its motion without a care that it comes too late for this Court to adjudicate it. This Court's authority to resolve discovery motions is derivative of the District Court's delegation of authority, and is restricted in time by the deadlines set by the District Court pursuant to statute or by federal or local rule and related orders. *See* 28 U.S.C. 636(b)(1)(A) (authorizing District Court delegation of authority to hear and adjudicate certain non-dispositive civil case matters to Magistrate Judges); Fed.R.Civ.P. 72(a) (governing delegation to Magistrate Judges of non-dispositive pretrial matters); L.Civ.R. 72-1 (limiting delegation of authority to Magistrate Judges in this Court). Apropos here, no motion to compel growing out of discovery disputes can be filed more than seven days following the governing discovery cut-off. *See* L.Civ.R. 37-3 (governing the filing and authority to hear discovery motions to compel).

In this case, pursuant to the last District Court order setting discovery deadlines, the expert discovery cut-off was September 2, 2014. Therefore, the last day for any party to file expert discovery motions with the court was September 9, 2014. The current motion comes well after that deadline. So there is no confusion, Mr. Abhyanker mentions that the motion was delayed at his counsel's request several days beyond when Nextdoor.com first proposed filing it due to the Jewish New Year holiday late last week. But even then the deadline to file the motion had long since passed by more than two weeks. The parties did not stipulate to extending the discovery motion filing deadline beyond September 9, but even if they had, in the absence of an order from the District Court extending this Court's authority to hear discovery motions, this Court cannot hear any further motions, including this one.

Nextdoor.com's counter-argument, added by way of reply to Mr. Abhyanker's, that Nextdoor.com is somehow justified in bringing its motion now, weeks after the motion to compel filing cut-off, is unsupportable. Nextdoor.com was on notice of the filing deadline, and never attempted to seek an extension to the deadline, either from Mr. Abhyanker or from the Court. Mr. Abhyanker disagrees that there are any equities favoring Nextdoor.com's argument to extend this Court's authority – quite to the contrary, as argued elsewhere in this brief -- but even if there were, there is no getting around that the deadline has long since come and gone. With the passing of this deadline, this Court's authority to review this motion ended.

As this motion comes too late, it should not be adjudicated by this Court.

<u>No legal authority has been cited by which the Court can issue a reimbursement order</u>

Mr. Abhyanker repeatedly asked Nextdoor.com during expert discovery and pursuant to meet-and-confer for legal authority requiring payment by the opposing party of expert expenses to an expert withdrawn prior to deposition by the party which engaged him/her. No such authority was forthcoming from Nextdoor.com, and none has been provided since or in the current motion. For his part, Mr. Abhyanker has found no authority for opposing-party reimbursement of an expert witness withdrawn by the engaging party prior to deposition. This is not surprising and stands to reason: if the opposing party is deprived of deposing an expert witness to explore the opinions offered in the expert's report, the most fundamental part of expert discovery is frustrated. Why should the opposing party then have to pay for that expert's earlier expenses following expert withdrawal?

4

Indeed, the timing of the selection of an expert, as well as any later withdrawal of that expert, is entirely within the purview of the engaging party. Nextdoor.com might not have selected Ms. Jay as an expert; or it could have selected, and then withdrawn, Ms. Jay as an expert, much earlier than it did. If, as Nextdoor.com contends, the timing of its expert selection and withdrawal was wrapped up with the filing and resolution of a motion seeking to dismiss the cause of action to which Ms. Jay's testimony was tied, then there is absolutely no reason that it could not have brought that motion, and obtained the clarity it sought, sooner – even months sooner – so that it did not have to engage Ms. Jay, or at least so it could have withdrawn Ms. Jay considerably sooner. The timing of Ms. Jay's entry into, and exit from, the case, in short, was entirely of Nextdoor.com's own making. That Nextdoor.com did not seek earlier dismissal of the cause of action toward which Ms. Jay's planned testimony was geared can in no way be attributed to Mr. Abhyanker.

It appears that Nextdoor.com simply waited too long to set the sequence of events in motion which led to its withdrawal of Ms. Jay as an expert. In the meantime, to carry out his due diligence, Mr. Abhyanker had no choice but to subpoena Ms. Jay for deposition and related document production. In the end, Mr. Abhyanker was deprived of that deposition, and the related document production which Nextdoor.com (for some unexplained reason in lieu of Ms. Jay herself) bates-stamped and provided prior to its withdrawal of Ms. Jay became worthless to Mr. Abhyanker.

Nextdoor.com's counter-argument, added by way of reply to Mr. Abhyanker's, is baffling. There was never an agreement to pay Ms. Jay, or any of Nextdoor.com's other experts, except at the close of deposition, when all expert hours dedicated to the case through deposition could be tallied and presented for payment. There was never any agreement that an expert not presented for deposition would nevertheless be paid – indeed, as stressed to Nextdoor.com, why would the opposing party pay an expert when deprived of that expert's deposition testimony? Nextdoor.com's argument that Ms. Jay is still active in the case and is not withdrawn as a testifying expert, at the same time she has been prevented from testifying, is unsupportable and makes no sense – except to show Nextdoor.com's duplicity.

Opposing this motion is not about the pursuit of irrelevant discovery, as Nextdoor.com would have the Court believe. If Ms. Jay is no longer acting as a testifying expert, then Mr. Abhyanker does not seek anything from her. Rather, the crux of the matter is that Nextdoor.com engaged Jay as a testifying expert and presented her as such during expert disclosures – and, at that time, Mr. Abhyanker pursued discovery from her in the normal course. But when Nextdoor.com dropped her prior to the time when Mr. Abhyanker could depose her, Mr. Abhyanker could no longer receive what he has been asked to pay for – discerning examination of her opinions and her support for them, with an eye toward exposing several structural weaknesses which Mr. Abhyanker was prepared to inquire into.[4]

---

[4] Nextdoor.com's comparison of its demanding payment from Mr. Abhaynker to a withdrawn expert, to its late payment toward the expenses of opposing expert O'Leary, is inapposite. Nextdoor.com conveyed its decision not to depose Mr. O'Leary when he was already in transit to the deposition. At no time did Mr. Abhaynker indicate, as with Ms. Jay, that Mr. O'Leary would not be presented for deposition in response to the subpoena requiring his testimony. That Nextdoor.com chose not to pursue Mr. O'Leary's testimony, even though his opinions spanned two causes of action, including one still very much active in this case, was its decision to make –

Without case law from Nextdoor.com supporting payment to an expert withdrawn under these – or, apparently, any – circumstances, the Court should not order Mr. Abhyanker to reimburse Ms. Jay here.  Instead, Nextdoor.com must live with the manner in which it has managed Ms. Jay's engagement, and subsequent withdrawal, by paying her bill itself.

<u>No support for Ms. Jay's billed charges has been provided for the Court's evaluation</u>

Even if the Court should find that it has the authority to decide this issue, and can see its way past Nextdoor.com's failure to supply legal authority for its reimbursement position, it remains to sort out, as with all requests for a monetary award, whether the amount requested by Ms. Jay in her invoice is reasonable.  Nextdoor.com provides no support to the Court for Ms. Jay's billed charges.  This is particularly remarkable given the high total Ms. Jay submits for reimbursement – a total higher than that presented by each of Nextdoor.com's other *deposed* witnesses, even though she was not presented for deposition and apparently is no longer a testifying expert.  As noted above, the very notion of being asked to pay for a withdrawn expert is without support.  But that such a former expert witness should present the highest bill of all of Nextdoor.com's expert witnesses seems way out-of-proportion, at least without very strong justification beyond the face of the invoice which is entirely lacking from Nextdoor.com's side of meeting and conferring, and from its portion of this argument.  For this reason, too, an order of payment to Ms. Jay should be denied.

<u>Mr. Abhyanker's attempt to resolve this matter was flatly refused by Nextdoor.com</u>

In an effort to be conciliatory, Mr. Abhyanker reached out to Nextdoor.com for possible compromise of Ms. Jay's billing total to avoid the cost of seeking Court resolution.  In an example of the maxim that no good deed goes unpunished, not only was Mr. Abhyanker told *no* as directly as could be, he was also warned that Nextdoor.com would seek attorneys' fees following the Court's hearing on this matter.  Though Mr. Abhyanker was not surprised by the failure of his effort to compromise, he was floored that his effort to resolve this matter would be met by such hostility and the threat of an attorneys' fees demand.  This is not the manner in which conferring toward resolution should work.

Upon reviewing a draft of this opposition, Nextdoor.com's reply was to blame Mr. Abhyanker for not providing a specific monetary offer – without any reference to Nextdoor.com's adamant position that no such offer was acceptable.  Again, foreclosing a discussion of resolution is not the manner in which conferring toward resolution should work.[5]

---

but by dropping its discovery demand, especially the day before the planned deposition, it could not avoid paying Mr. O'Leary for his incurred expenses.  This presents a very different situation than with Ms. Jay, who was directed not to testify by the party which engaged her.

[5] Mr. Abhyanker also notes that Nextdoor.com was adamant about having his opposition back to Nextdoor.com no later than the morning of October 1, 2014, so that the full letter-brief could be filed by that day.  Mr. Abhyanker obliged.  But that demand turned out to be posturing of the worst sort – as Nextdoor.com did not file this letter-brief that day, nor did it respond to inquiries from Mr. Abhyanker that day as to any revised schedule or change in plan.  Instead, it appears that Nextdoor.com simply wanted to impose a schedule on Mr. Abhyanker, and to leave its own schedule open-ended for further revision of the letter brief.

Conclusion

Mr. Abhyanker has honored his commitment to reimburse Nextdoor.com's expert witnesses without fail.  As each expert deposition concluded, Mr. Abhyanker had a check at the ready, filled it in, and tendered the check directly to the witness, as the rules require.  For its part, Nextdoor.com did not once pay any of Mr. Abhyanker's expert witnesses at deposition – instead waiting for repeated requests from Mr. Abhyanker to have the checks issued.  Such behavior caused considerable consternation among Mr. Abhyanker's expert witnesses, who had each expected to be paid upon concluding their deposition testimony.  Mr. Abhyanker would have gladly paid Ms. Jay as she concluded her deposition testimony had she been permitted to testify pursuant to the subpoena issued for her deposition.  She did not testify, because Nextdoor.com prevented her from doing so.

For present purposes, there is no legal support provided by Nextdoor.com for this Court to issue a discovery-related order at this point, no legal support provided by Nextdoor.com for an order reimbursing an expert withdrawn prior to deposition, and no substantiation provided to the Court for the large total sought to be reimbursed.  Accordingly, Mr. Abhyanker respectfully requests that the Court either refuse to hear this motion, or, alternatively, deny this motion.

If the Court reaches the conclusion that it is well past the deadline by which Nextdoor.com should have brought this motion, or that Nextdoor.com brings this motion with no legal authority to support it, then Mr. Abhyanker would request a modest award of attorneys' fees of $2,500 in his favor from Nextdoor.com for the cost of attorney time dedicated to having to defend against multiple drafts of a motion that should not have been brought.  This amount is well less than the actual per-hour charge attributable to preparation of this motion opposition, and, of course, does not include the cost of appearance at any hearing that may be ordered.

/s/ *Laurence F. Pulgram*                              /s/ *David Lavine*

Attorneys for Nextdoor.com                         Attorneys for Raj Abhyanker