UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| NEXTDOOR.COM, INC.,<br><br>Plaintiff,<br><br>v.<br><br>RAJ ABHYANKER,<br><br>Defendant. | Case No. 12-cv-05667 EMC (NC)<br><br>**ORDER GRANTING PLAINTIFF'S MOTION FOR DISCLOSURE OF DEFENDANT'S TAX MATERIALS**<br><br>Re: Dkt. Nos. 328, 333 |

The parties present two related disputes concerning discovery of defendant Raj Abhyanker's tax returns and tax workpapers.

First, has Abhyanker complied with prior orders that he produce portions of his tax returns for 2006 through 2009, without redactions of signatures, dates, and preparer information? Dkt. No. 259, July 8, 2014 Discovery Order (requiring production of tax return information for 2006-2009 showing whether Abhyanker took deductions or losses related to LegalForce); Dkt. No. 289, August 2, 2014 Discovery Order (requiring disclosure of signatures, dates, and preparer information on returns). Plaintiff's counsel asserts that defendant has failed to provide an amended 2008 return and has provided returns for 2007 and 2009 that lack a taxpayer's signature. Dkt. No. 328 at 2. Defendant's counsel, on the

1  other hand, states that the 2008 amendments "were not related to deductions or losses" and
2  that the taxpayer-retained copies of the 2007 and 2009 returns (without signatures) should
3  be sufficient.  Dkt. No. 333 at 1.

4  To enforce compliance with the prior orders, the Court directs as follows: by October
5  17, 2014, Raj Abhyanker must either provide a declaration under penalty of perjury (i) that
6  his amended 2008 return made no changes in deductions or losses related to LegalForce;
7  that the 2007 and 2009 returns he produced in this case are the same as returns filed with
8  the federal tax authorities (but for the signatures); and disclose who signed the filed 2007
9  and 2009 returns; or (ii) produce his amended 2008 return and signed copies of the 2007
10 and 2009 returns.  These supplemental discovery responses are subject to the protective
11 order in this case.

12 Second, must defendant produce materials his tax expert, Randy Sugarman,
13 considered in formulating his expert opinions, including defendant's unredacted tax
14 documents and tax preparer workpapers?

15 According to Federal Rule of Civil Procedure 26(a)(2)(B)(ii), a testifying expert's
16 report "must contain . . . the facts or data considered by the witness in forming [the expert's
17 opinions]."  Here, defendant does not contest that Sugarman's expert report states that he
18 considered defendant's unredacted amended tax returns for 2006 through 2009 and tax
19 preparer workpapers in formulating his opinions.  Dkt. No. 328 at 1.  Defendant concedes
20 that he has not produced all the facts or data considered by Sugarman.  He argues, however,
21 that tax materials should be shielded from application of this disclosure rule.  Dkt. No. 333.

22 Rule 26(a)(2)(B)(ii) provides no exception for tax materials.  And defendant provides
23 no case support for interpreting the rule narrowly in this context.  Indeed, if the rule were
24 applied as the defendant wishes, a testifying expert could use tax materials as both sword
25 and shield.  A tax expert would be allowed to opine at trial without the adversary being
26 allowed to discover the facts or data underlying the opinion.  This is neither the spirit nor
27 the letter of Rule 26.

28 Plaintiff's motion to compel defendant to provide a complete expert report from

Case No. 12-cv-05667 EMC (NC)
ORDER GRANTING MOTION FOR        2
DISCLOSURE

Sugarman is therefore granted. By October 17, 2014, defendant must either withdraw the Sugarman report or produce all "the facts or data considered by the witness" in forming his opinions, including unredacted amended tax returns for 2006 through 2009 and tax preparer workpapers. Fed. R. Civ. P. 26(a)(2)(B)(ii). This supplemental discovery is subject to the protective order in this case.

Any party may object to this nondispositive order, but must do so within 14 days. Fed. R. Civ. P. 72(a); Civil L.R. 72-2.

IT IS SO ORDERED.

Date: October 7, 2014

Nathanael M. Cousins
United States Magistrate Judge