1    **DAVID LAVINE**, CA State Bar No. 166744
      dave@legalforcelaw.com
2    **NICHOLAS GEROVAC**, CA State Bar No. 289910
      nick@legalforcelaw.com
3    **LEGALFORCE RAJ ABHYANKER, P.C.**
      1580 W. El Camino Real, Suite 13
4    Mountain View, California 94040
      Telephone:  650.965.8731
5    Facsimile:  650.989.2131

6    Attorneys for Defendant
      Raj Abhyanker
7

8                    UNITED STATES DISTRICT COURT

9                   NORTHERN DISTRICT OF CALIFORNIA

10                      SAN FRANCISCO DIVISION

11   NEXTDOOR.COM, INC., a Delaware         Case No. 3:12-cv-05667-EMC
      corporation,
12                                          **DECLARATION OF RAJ ABHYANKER
                    Plaintiff,              IN SUPPORT OF HIS MOTION TO
13                                          PRESERVE THE CONFIDENTIALITY OF
            vs.                             ENUMERATED DOCUMENTS**
14
      RAJ ABHYANKER, an individual,         Date:         December 4, 2014
15                                          Time:         1:30 p.m.
                    Defendant.              Courtroom:    5 – 17th Floor
16                                          Judge:        Honorable Edward M. Chen

17

18

19

20

21

22

23

24

25

26

27

28

I, Raj Abhyanker, declare as follows:

1.      I am the Defendant in this lawsuit.  I make this Declaration pursuant to a protective order in support of my motion to maintain the confidentiality designations on certain business records so as to avoid their public or indiscriminate disclosure.  The matters set forth herein are of my own personal knowledge, and if called upon to testify as to such matters, I could and would do so.

2.      I have designated certain disclosed documents as confidential in this case to limit their circulation, pursuant to the protective order on file in this case (Dkt. 102).  The protective order permits confidentiality designation on documents constituting, *inter alia*, sensitive "commercial information" pursuant to Fed.R.Civ.P. 26(e).  The protective order is attached hereto as Exhibit A.

3.      As an initial matter, much of the information that is sought to be kept confidential are confidential documents of third parties, including experts, non-party Fatdoor I, non-party Fatdoor II, non-party LegalForce I, and non-party Raj Abhyanker LLP.  I know of no concession of non-confidentiality on the part of any of these non-parties.  With that said, the following provides support to maintain the confidentiality of enumerated documents whose designations as confidential have been challenged by plaintiff Nextdoor.com, Inc.:



ABHYANKER DECLARATION
CASE NO. 3:12-cv-05667-EMC

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26



27   e.   Fatdoor diligence CD case labels:

28   I no longer seek confidential status for these records.

ABHYANKER DECLARATION
CASE NO. 3:12-cv-05667-EMC

f.  Fatdoor diligence CD file list:

I no longer seek confidential status for these records.



h.  Center'd Assignment Agreement:

I no longer seek confidential status for these records.

i. Specification drafts for Abhyanker's "Nextdoor/Fatdoor" concept:

I no longer seek confidential status for these records.



ABHYANKER DECLARATION
CASE NO. 3:12-cv-05667-EMC



4.    The following provides support to maintain the confidentiality of enumerated documents whose designations as confidential have been separately challenged by plaintiff Nextdoor.com, Inc.:

    a.   Abhyanker Deposition Exhibits 58, 64, and 161-165:

I no longer seek confidential status for these records.



4

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28



5




6



k.   Abhyanker Deposition Exhibit 103:

I no longer seek confidential status for these records.

l.   Abhyanker Deposition Exhibit 104:

I no longer seek confidential status for these records.

m.  Abhyanker Deposition Exhibits 105 and 106:

I no longer seek confidential status for these records.



ABHYANKER DECLARATION
CASE NO. 3:12-cv-05667-EMC

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28



8

ABHYANKER DECLARATION
CASE NO. 3:12-cv-05667-EMC



r.   Abhyanker Deposition Exhibit 159

I no longer seek confidential status for these records.



ABHYANKER DECLARATION
CASE NO. 3:12-cv-05667-EMC

1       5.     The following provides support to maintain the confidentiality of enumerated

2 documents whose designations as confidential have been separately challenged by plaintiff

3 Nextdoor.com, Inc.:



4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

ABHYANKER DECLARATION
CASE NO. 3:12-cv-05667-EMC

1
2
3
4
5
6
7

8      I declare under penalty of perjury under the laws of the State of California that the

9      foregoing is true and correct.

10      Executed this 8ᵗʰ of October, 2014 at Mountain View, California.

11

12                                                 _____
                                                   Raj Abhyanker
13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

                                        11                    ABHYANKER DECLARATION
                                                              CASE NO. 3:12-cv-05667-EMC

# EXHIBIT A

1  LAURENCE F. PULGRAM (CSB No. 115163)
   lpulgram@fenwick.com
2  JENNIFER L. KELLY (CSB No. 193416)
   jkelly@fenwick.com
3  CLIFFORD C. WEBB (CSB No. 260885)
   cwebb@fenwick.com
4  FENWICK & WEST LLP
   555 California Street, 12th Floor
5  San Francisco, CA 94104
   Telephone:    415.875.2300
6  Facsimile:    415.281.1350

7  Attorneys for Plaintiff and Counterdefendant
   NEXTDOOR.COM, INC., and Counterdefendant
8  PRAKASH JANAKIRAMAN

9  *Additional counsel listed on signature page*

10              UNITED STATES DISTRICT COURT

11             NORTHERN DISTRICT OF CALIFORNIA

12                 SAN FRANCISCO DIVISION

13

14  NEXTDOOR.COM, INC., a Delaware          Case No.: 3:12-cv-05667-EMC
    corporation,
15                                          **STIPULATED [PROPOSED]**
                                            **PROTECTIVE ORDER**
16              Plaintiff,

17         v.

18  RAJ ABHYANKER, an individual,

19              Defendant.

20  RAJ ABHYANKER, an individual ,

21              Counterclaimant,

22         v.

23  NEXTDOOR.COM, INC., a Delaware
    corporation; PRAKASH JANAKIRAMAN, an
24  individual; BENCHMARK CAPTIAL
    PARTNERS, L.P., a Delaware limited
25  partnership company; SANDEEP SOOD, an
    individual; MONSOON ENTERPRISES, INC., a
26  California corporations, and DOES 1-50,
    inclusive,
27
                Counterdefendants.
28

FENWICK & WEST LLP
ATTORNEYS AT LAW
SAN FRANCISCO

1

2      1.      PURPOSES AND LIMITATIONS

3              Disclosure and discovery activity in this action are likely to involve production of

4      confidential, proprietary, or private information for which special protection from public

5      disclosure and from use for any purpose other than prosecuting this litigation may be warranted.

6      Accordingly, the parties hereby stipulate to and petition the court to enter the following Stipulated

7      Protective Order. The parties acknowledge that this Order does not confer blanket protections on

8      all disclosures or responses to discovery and that the protection it affords from public disclosure

9      and use extends only to the limited information or items that are entitled to confidential treatment

10     under the applicable legal principles. The parties further acknowledge, as set forth in

11     Section 13.3, below, that this Stipulated Protective Order does not entitle them to file confidential

12     information under seal; Civil Local Rule 79-5 and General Order 62 set forth the procedures that

13     must be followed and the standards that will be applied when a party seeks permission from the

14     court to file material under seal.

15     2.      DEFINITIONS

16             2.1     Challenging Party: a Party or Non-Party that challenges the designation of

17     information or items under this Order.

18             2.2     "CONFIDENTIAL" Information or Items: information (regardless of how it is

19     generated, stored or maintained) or tangible things that qualify for protection under Federal Rule

20     of Civil Procedure 26(c).

21             2.3     Counsel: Outside Counsel of Record including their support staff.

22             2.4     Designating Party: a Party or Non-Party that designates information or items that it

23     produces in disclosures or in responses to discovery as "CONFIDENTIAL," "HIGHLY

24     CONFIDENTIAL – ATTORNEYS' EYES ONLY," or "HIGHLY CONFIDENTIAL – SOURCE

25     CODE."

26             2.5     Disclosure or Discovery Material: all items or information, regardless of the

27     medium or manner in which it is generated, stored, or maintained (including, among other things,

28

FENWICK & WEST LLP
ATTORNEYS AT LAW
SAN FRANCISCO

1  testimony, transcripts, and tangible things), that are produced or generated in disclosures or

2  responses to discovery in this matter.

3      2.6    Expert: a person with specialized knowledge or experience in a matter pertinent to

4  the litigation who (1) has been retained by a Party or its counsel to serve as an expert witness or

5  as a consultant in this action, (2) is not a Party, a past or current employee of a Party or of a

6  Party's competitor, and (3) at the time of retention, is not anticipated to become an employee of a

7  Party or of a Party's competitor.

8      2.7    "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" Information or

9  Items: extremely sensitive "Confidential Information or Items," disclosure of which to another

10  Party or Non-Party would create a substantial risk of serious harm that could not be avoided by

11  less restrictive means.

12      2.8    "HIGHLY CONFIDENTIAL – SOURCE CODE" Information or Items:

13  extremely sensitive "Confidential Information or Items" representing computer code and

14  associated comments and revision histories, formulas, engineering specifications, or schematics

15  that define or otherwise describe in detail the algorithms or structure of software or hardware

16  designs, disclosure of which to another Party or Non-Party would create a substantial risk of

17  serious harm that could not be avoided by less restrictive means.

18      2.9    Non-Party: any natural person, partnership, corporation, association, or other legal

19  entity not named as a Party to this action.

20      2.10   Outside Counsel of Record: attorneys who are not parties or employees of a party

21  to this action but are retained to represent or advise a party to this action and have appeared in this

22  action on behalf of that party.

23      2.11   Party: any party to this action, including all of its officers, directors, employees,

24  consultants, retained experts, and Outside Counsel of Record (and their support staffs).

25      2.12   Producing Party: a Party or Non-Party that produces Disclosure or Discovery

26  Material in this action.

27      2.13   Professional Vendors: persons or entities that provide litigation support services

28  (e.g., photocopying, videotaping, translating, preparing exhibits or demonstrations, and

FENWICK & WEST LLP
ATTORNEYS AT LAW
SAN FRANCISCO

1  organizing, storing, or retrieving data in any form or medium) and their employees and

2  subcontractors.

3       2.14   Protected Material: any Disclosure or Discovery Material that is designated as

4  "CONFIDENTIAL," "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY," or as

5  "HIGHLY CONFIDENTIAL – SOURCE CODE."

6       2.15   Receiving Party: a Party that receives Disclosure or Discovery Material from a

7  Producing Party.

8  3.   SCOPE

9       The protections conferred by this Stipulation and Order cover not only Protected Material

10  (as defined above), but also (1) any information copied or extracted from Protected Material; (2)

11  all copies, excerpts, summaries, or compilations of Protected Material; and (3) any testimony,

12  conversations, or presentations by Parties or their Counsel that might reveal Protected Material.

13  However, the protections conferred by this Stipulation and Order do not cover the following

14  information: (a) any information that is in the public domain at the time of disclosure to a

15  Receiving Party or becomes part of the public domain after its disclosure to a Receiving Party as

16  a result of publication not involving a violation of this Order, including

17  becoming part of the public record through trial or otherwise; and (b) any information known to

18  the Receiving Party prior to the disclosure or obtained by the Receiving Party after the disclosure

19  from a source who obtained the information lawfully and under no obligation of confidentiality to

20  the Designating Party. Any use of Protected Material at trial shall be governed by a separate

21  agreement or order.

22  4.   DURATION

23       Even after final disposition of this litigation, the confidentiality obligations imposed by

24  this Order shall remain in effect until a Designating Party agrees otherwise in writing or a court

25  order otherwise directs. Final disposition shall be deemed to be the later of (1) dismissal of all

26  claims and defenses in this action, with or without prejudice; and (2) final judgment herein after

27  the completion and exhaustion of all appeals, rehearings, remands, trials, or reviews of this action,

28

FENWICK & WEST LLP
ATTORNEYS AT LAW
SAN FRANCISCO

1   including the time limits for filing any motions or applications for extension of time pursuant to

2   applicable law.

3   5.      DESIGNATING PROTECTED MATERIAL

4          5.1     Exercise of Restraint and Care in Designating Material for Protection. Each Party

5   or Non-Party that designates information or items for protection under this Order must take care

6   to limit any such designation to specific material that qualifies under the appropriate standards.

7   To the extent it is practical to do so, the Designating Party must designate for protection only

8   those parts of material, documents, items, or oral or written communications that qualify – so that

9   other portions of the material, documents, items, or communications for which protection is not

10  warranted are not swept unjustifiably within the ambit of this Order.

11         Mass, indiscriminate, or routinized designations are prohibited. Designations that are

12  shown to be clearly unjustified or that have been made for an improper purpose (e.g., to

13  unnecessarily encumber or retard the case development process or to impose unnecessary

14  expenses and burdens on other parties) expose the Designating Party to sanctions.

15         If it comes to a Designating Party's attention that information or items that it designated

16  for protection do not qualify for protection at all or do not qualify for the level of protection

17  initially asserted, that Designating Party must promptly notify all other parties that it is

18  withdrawing the mistaken designation.

19         5.2     Manner and Timing of Designations. Except as otherwise provided in this Order

20  (see, e.g., second paragraph of section 5.2(a) below), or as otherwise stipulated or ordered,

21  Disclosure or Discovery Material that qualifies for protection under this Order must be clearly so

22  designated before the material is disclosed or produced.

23         Designation in conformity with this Order requires:

24         (a) for information in documentary form (e.g., paper or electronic documents, but

25  excluding transcripts of depositions or other pretrial or trial proceedings), that the Producing

26  Party affix the legend "CONFIDENTIAL," "HIGHLY CONFIDENTIAL – ATTORNEYS'

27  EYES ONLY," or "HIGHLY CONFIDENTIAL – SOURCE CODE" to each page that contains

28  protected material. If only a portion or portions of the material on a page qualifies for protection,

FENWICK & WEST LLP
ATTORNEYS AT LAW
SAN FRANCISCO

1  the Producing Party also must clearly identify the protected portion(s) (e.g., by making

2  appropriate markings in the margins) and must specify, for each portion, the level of protection

3  being asserted.

4      A Party or Non-Party that makes original documents or materials available for inspection

5  need not designate them for protection until after the inspecting Party has indicated which

6  material it would like copied and produced. During the inspection and before the designation, all

7  of the material made available for inspection shall be deemed "HIGHLY CONFIDENTIAL –

8  ATTORNEYS' EYES ONLY." After the inspecting Party has identified the documents it wants

9  copied and produced, the Producing Party must determine which documents, or portions thereof,

10  qualify for protection under this Order. Then, before producing the specified documents, the

11  Producing Party must affix the appropriate legend ("CONFIDENTIAL," "HIGHLY

12  CONFIDENTIAL – ATTORNEYS' EYES ONLY," or "HIGHLY CONFIDENTIAL – SOURCE

13  CODE) to each page that contains Protected Material. If only a portion or portions of the material

14  on a page qualifies for protection, the Producing Party also must clearly identify the protected

15  portion(s) (e.g., by making appropriate markings in the margins) and must specify, for each

16  portion, the level of protection being asserted.

17      (b) for testimony given in deposition or in other pretrial or trial proceedings, that the

18  Designating Party identify on the record, before the close of the deposition, hearing, or other

19  proceeding, all protected testimony and specify the level of protection being asserted. When it is

20  impractical to identify separately each portion of testimony that is entitled to protection and it

21  appears that substantial portions of the testimony may qualify for protection, the Designating

22  Party may invoke on the record (before the deposition, hearing, or other proceeding is concluded)

23  a right to have up to 21 days to identify the specific portions of the testimony as to which

24  protection is sought and to specify the level of protection being asserted. Only those portions of

25  the testimony that are appropriately designated for protection within the 21 days shall be covered

26  by the provisions of this Stipulated Protective Order. Alternatively, a Designating Party may

27  specify, at the deposition or up to 21 days afterwards if that period is properly invoked, that the

28

FENWICK & WEST LLP
ATTORNEYS AT LAW
SAN FRANCISCO

1  entire transcript shall be treated as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL –

2  ATTORNEYS' EYES ONLY."

3       Parties shall give the other parties notice if they reasonably expect a deposition, hearing or

4  other proceeding to include Protected Material so that the other parties can ensure that only

5  authorized individuals who have signed the "Acknowledgment and Agreement to Be Bound"

6  (Exhibit A) are present at those proceedings. The use of a document as an exhibit at a deposition

7  shall not in any way affect its designation as "CONFIDENTIAL" or "HIGHLY

8  CONFIDENTIAL – ATTORNEYS' EYES ONLY."

9       Transcripts containing Protected Material shall have an obvious legend on the title page

10  that the transcript contains Protected Material, and the title page shall be followed by a list of all

11  pages (including line numbers as appropriate) that have been designated as Protected Material and

12  the level of protection being asserted by the Designating Party. The Designating Party shall

13  inform the court reporter of these requirements. Any transcript that is prepared before the

14  expiration of a 21-day period for designation shall be treated during that period as if it had been

15  designated "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" in its entirety unless

16  otherwise agreed. After the expiration of that period, the transcript shall be treated only as

17  actually designated.

18       (c) for information produced in some form other than documentary and for any other

19  tangible items, that the Producing Party affix in a prominent place on the exterior of the container

20  or containers in which the information or item is stored the legend "CONFIDENTIAL,"

21  "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY," or "HIGHLY CONFIDENTIAL

22  – SOURCE CODE". If only a portion or portions of the information or item warrant protection,

23  the Producing Party, to the extent practicable, shall identify the protected portion(s) and specify

24  the level of protection being asserted.

25       5.3    Inadvertent Failures to Designate. If timely corrected, an inadvertent failure to

26  designate qualified information or items does not, standing alone, waive the Designating Party's

27  right to secure protection under this Order for such material. Upon timely correction of a

28

FENWICK & WEST LLP
ATTORNEYS AT LAW
SAN FRANCISCO

1   designation, the Receiving Party must make reasonable efforts to assure that the material is

2   treated in accordance with the provisions of this Order.

3   6.      CHALLENGING CONFIDENTIALITY DESIGNATIONS

4          6.1      Timing of Challenges. Any Party or Non-Party may challenge a designation of

5   confidentiality at any time. Unless a prompt challenge to a Designating Party's confidentiality

6   designation is necessary to avoid foreseeable, substantial unfairness, unnecessary economic

7   burdens, or a significant disruption or delay of the litigation, a Party does not waive its right to

8   challenge a confidentiality designation by electing not to mount a challenge promptly after the

9   original designation is disclosed.

10          6.2      Meet and Confer. The Challenging Party shall initiate the dispute resolution

11   process by providing written notice of each designation it is challenging and describing the basis

12   for each challenge. To avoid ambiguity as to whether a challenge has been made, the written

13   notice must recite that the challenge to confidentiality is being made in accordance with this

14   specific paragraph of the Protective Order. The parties shall attempt to resolve each challenge in

15   good faith and must begin the process by conferring directly (in voice to voice dialogue; other

16   forms of communication are not sufficient) within 14 days of the date of service of notice. In

17   conferring, the Challenging Party must explain the basis for its belief that the confidentiality

18   designation was not proper and must give the Designating Party an opportunity to review the

19   designated material, to reconsider the circumstances, and, if no change in designation is offered,

20   to explain the basis for the chosen designation. A Challenging Party may proceed to the next

21   stage of the challenge process only if it has engaged in this meet and confer process first or

22   establishes that the Designating Party is unwilling to participate in the meet and confer process in

23   a timely manner.

24          6.3      Judicial Intervention. If the Parties cannot resolve a challenge without court

25   intervention, the Designating Party shall file and serve a motion to retain confidentiality under

26   Civil Local Rule 7 (and in compliance with Civil Local Rule 79-5 and General Order 62, if

27   applicable) within 21 days of the initial notice of challenge or within 14 days of the parties

28   agreeing that the meet and confer process will not resolve their dispute, whichever is earlier. Each

FENWICK & WEST LLP
ATTORNEYS AT LAW
SAN FRANCISCO

such motion must be accompanied by a competent declaration affirming that the movant has complied with the meet and confer requirements imposed in the preceding paragraph. Failure by the Designating Party to make such a motion including the required declaration within 21 days (or 14 days, if applicable) shall automatically waive the confidentiality designation for each challenged designation. In addition, the Challenging Party may file a motion challenging a confidentiality designation at any time if there is good cause for doing so, including a challenge to the designation of a deposition transcript or any portions thereof. Any motion brought pursuant to this provision must be accompanied by a competent declaration affirming that the movant has complied with the meet and confer requirements imposed by the preceding paragraph.

The burden of persuasion in any such challenge proceeding shall be on the Designating Party. Frivolous challenges and those made for an improper purpose (e.g., to harass or impose unnecessary expenses and burdens on other parties) may expose the Challenging Party to sanctions. Unless the Designating Party has waived the confidentiality designation by failing to file a motion to retain confidentiality as described above, all parties shall continue to afford the material in question the level of protection to which it is entitled under the Producing Party's designation until the court rules on the challenge.

7.   ACCESS TO AND USE OF PROTECTED MATERIAL

7.1   Basic Principles. A Receiving Party may use Protected Material that is disclosed or produced by another Party or by a Non-Party in connection with this case only for prosecuting, defending, or attempting to settle this litigation. Such Protected Material may be disclosed only to the categories of persons and under the conditions described in this Order. When the litigation has been terminated, a Receiving Party must comply with the provisions of section 15 below (FINAL DISPOSITION).

Protected Material must be stored and maintained by a Receiving Party at a location and in a secure manner that ensures that access is limited to the persons authorized under this Order.

7.2   Disclosure of "CONFIDENTIAL" Information or Items. Unless otherwise ordered by the court or permitted in writing by the Designating Party, a Receiving Party may disclose any information or item designated "CONFIDENTIAL" only to:

FENWICK & WEST LLP
ATTORNEYS AT LAW
SAN FRANCISCO

1        (a) the Receiving Party's Outside Counsel of Record in this action, as well as employees

2    of said Outside Counsel of Record to whom it is reasonably necessary to disclose the information

3    for this litigation and who have signed the "Acknowledgment and Agreement to Be Bound" that

4    is attached hereto as Exhibit A;

5        (b) the officers, directors, and employees of the Receiving Party to whom disclosure is

6    reasonably necessary for this litigation (or the Receiving Party if the Receiving Party is an individual)

7    and who have signed the "Acknowledgment and Agreement to Be Bound" (Exhibit A);

8        (c) Experts (as defined in this Order) of the Receiving Party to whom disclosure is

9    reasonably necessary for this litigation and who have signed the "Acknowledgment and

10   Agreement to Be Bound" (Exhibit A);

11       (d) the court and its personnel;

12       (e) court reporters and their staff, professional jury or trial consultants, and Professional

13   Vendors to whom disclosure is reasonably necessary for this litigation and who have signed the

14   "Acknowledgment and Agreement to Be Bound" (Exhibit A);

15       (f) during their depositions, witnesses in the action to whom disclosure is reasonably

16   necessary and who have signed the "Acknowledgment and Agreement to Be Bound" (Exhibit A),

17   unless otherwise agreed by the Designating Party or ordered by the court. Pages of transcribed

18   deposition testimony or exhibits to depositions that reveal Protected Material must be separately

19   bound by the court reporter and may not be disclosed to anyone except as permitted under this

20   Stipulated Protective Order.

21       (g) the author or recipient of a document containing the information or a custodian or

22   other person who otherwise possessed or knew the information.

23       7.3   Disclosure of "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" and

24   "HIGHLY CONFIDENTIAL – SOURCE CODE" Information or Items. Unless otherwise

25   ordered by the court or permitted in writing by the Designating Party, a Receiving Party may

26   disclose any information or item designated "HIGHLY CONFIDENTIAL – ATTORNEYS'

27   EYES ONLY" or "HIGHLY CONFIDENTIAL – SOURCE CODE" only to:

28

1      (a) the Receiving Party's Outside Counsel of Record in this action, as well as employees

2   of said Outside Counsel of Record to whom it is reasonably necessary to disclose the information

3   for this litigation (except for any employee who is a Party) and who have signed the

4   "Acknowledgment and Agreement to Be Bound" that is attached hereto as Exhibit A;

5      (b) Experts of the Receiving Party (1) to whom disclosure is reasonably necessary for this

6   litigation, (2) who have signed the "Acknowledgment and Agreement to Be Bound" (Exhibit A),

7   and (3) as to whom the procedures set forth in paragraph 7.4(a)(2), below, have been followed;

8      (c) the court and its personnel;

9      (d) court reporters and their staff, professional jury or trial consultants, and Professional

10  Vendors to whom disclosure is reasonably necessary for this litigation and who have signed the

11  "Acknowledgment and Agreement to Be Bound" (Exhibit A); and

12     (e) the author or recipient of a document containing the information or a custodian or

13  other person who otherwise possessed or knew the information.

14     7.4   Procedures for Approving or Objecting to Disclosure of "HIGHLY

15  CONFIDENTIAL – ATTORNEYS' EYES ONLY" or "HIGHLY CONFIDENTIAL – SOURCE

16  CODE" Information or Items to Experts.

17     (a) Unless otherwise ordered by the court or agreed to in writing by the Designating

18  Party, a Party that seeks to disclose to an Expert (as defined in this Order) any information or item

19  that has been designated "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" or

20  "HIGHLY CONFIDENTIAL – SOURCE CODE" pursuant to paragraph 7.3(c) first must make a

21  written request to the Designating Party that (1) identifies the general categories of "HIGHLY

22  CONFIDENTIAL – ATTORNEYS' EYES ONLY" or "HIGHLY CONFIDENTIAL – SOURCE

23  CODE" information that the Receiving Party seeks permission to disclose to the Expert, (2) sets

24  forth the full name of the Expert and the city and state of his or her primary residence, (3)

25  attaches a copy of the Expert's current resume, (4) identifies the Expert's current employer(s), (5)

26  identifies each person or entity from whom the Expert has received compensation or funding for

27  work in his or her areas of expertise or to whom the expert has provided professional services,

28

FENWICK & WEST LLP
ATTORNEYS AT LAW
SAN FRANCISCO

1  including in connection with a litigation, at any time during the preceding five years,[1] and (6)

2  identifies (by name and number of the case, filing date, and location of court) any litigation in

3  connection with which the Expert has offered expert testimony, including through a declaration,

4  report, or testimony at a deposition or trial, during the preceding five years.

5      (b) A Party that makes a request and provides the information specified in the preceding

6  respective paragraphs may disclose the subject Protected Material to the identified Expert unless,

7  within 14 days of delivering the request, the Party receives a written objection from the

8  Designating Party. Any such objection must set forth in detail the grounds on which it is based.

9      (c) A Party that receives a timely written objection must meet and confer with the

10  Designating Party (through direct voice to voice dialogue) to try to resolve the matter by

11  agreement within seven days of the written objection. If no agreement is reached, the Party

12  seeking to make the disclosure to the Expert may file a motion as provided in Civil Local Rule 7

13  (and in compliance with Civil Local Rule 79-5 and General Order 62, if applicable) seeking

14  permission from the court to do so. Any such motion must describe the circumstances with

15  specificity, set forth in detail the reasons why the disclosure to the Expert is reasonably necessary,

16  assess the risk of harm that the disclosure would entail, and suggest any additional means that

17  could be used to reduce that risk. In addition, any such motion must be accompanied by a

18  competent declaration describing the parties' efforts to resolve the matter by agreement (i.e., the

19  extent and the content of the meet and confer discussions) and setting forth the reasons advanced

20  by the Designating Party for its refusal to approve the disclosure.

21      In any such proceeding, the Party opposing disclosure to the Expert shall bear the burden

22  of proving that the risk of harm that the disclosure would entail (under the safeguards proposed)

23  outweighs the Receiving Party's need to disclose the Protected Material to its Expert.

24  8.      SOURCE CODE

25

26

---

[1] If the Expert believes any of this information is subject to a confidentiality obligation to a third-

27  party, then the Expert should provide whatever information the Expert believes can be disclosed
without violating any confidentiality agreements, and the Party seeking to disclose to the Expert

28  shall be available to meet and confer with the Designating Party regarding any such engagement.

FENWICK & WEST LLP
ATTORNEYS AT LAW
SAN FRANCISCO

1    (a)    To the extent production of source code becomes necessary in this case, a

2    Producing Party may designate source code as "HIGHLY CONFIDENTIAL - SOURCE CODE"

3    if it comprises or includes confidential, proprietary or trade secret source code.

4    (b)    Protected Material designated as "HIGHLY CONFIDENTIAL – SOURCE

5    CODE" shall be subject to all of the protections afforded to "HIGHLY CONFIDENTIAL –

6    ATTORNEYS' EYES ONLY" information, and may be disclosed only to the individuals to

7    whom "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" information may be

8    disclosed, as set forth in Paragraphs 7.3 and 7.4.

9    (c)    Any source code produced in discovery shall be made available for inspection, in a

10   format allowing it to be reasonably reviewed and searched, during normal business hours or at

11   other mutually agreeable times, at an office of the Producing Party's counsel or another mutually

12   agreed upon location. The source code shall be made available for inspection on a secured

13   computer in a secured room without Internet access or network access to other computers, and the

14   Receiving Party shall not copy, remove, or otherwise transfer any portion of the source code onto

15   any recordable media or recordable device. The Producing Party may visually monitor the

16   activities of the Receiving Party's representatives during any source code review, but only to

17   ensure that there is no unauthorized recording, copying, or transmission of the source code.

18   (d)    The Receiving Party may request paper copies of limited portions of source code

19   that are reasonably necessary for the preparation of court filings, pleadings, expert reports, or

20   other papers, or for deposition or trial, but shall not request paper copies for the purposes of

21   reviewing the source code other than electronically as set forth in paragraph (c) in the first

22   instance. The Producing Party shall provide all such source code in paper form including bates

23   numbers and the label "HIGHLY CONFIDENTIAL - SOURCE CODE." The Producing Party

24   may challenge the amount of source code requested in hard copy form pursuant to the dispute

25   resolution procedure and timeframes set forth in Paragraph 6 whereby the Producing Party is the

26   "Challenging Party" and the Receiving Party is the "Designating Party" for purposes of dispute

27   resolution.

28

FENWICK & WEST LLP
ATTORNEYS AT LAW
SAN FRANCISCO

1    (e)    The Receiving Party shall maintain a record of any individual who has inspected

2 any portion of the source code in electronic or paper form. The Receiving Party shall maintain all

3 paper copies of any printed portions of the source code in a secured, locked area. The Receiving

4 Party shall not create any electronic or other images of the paper copies and shall not convert any

5 of the information contained in the paper copies into any electronic format. The Receiving Party

6 shall only make additional paper copies if such additional copies are (1) necessary to prepare

7 court filings, pleadings, or other papers (including a testifying expert's expert report),

8 (2) necessary for deposition, or (3) otherwise necessary for the preparation of its case. Any paper

9 copies used during a deposition shall be retrieved by the Producing Party at the end of each day

10 and must not be given to or left with a court reporter or any other individual.

11    9.    PROTECTED MATERIAL SUBPOENAED OR ORDERED PRODUCED IN OTHER
12          LITIGATION

13    If a Party is served with a subpoena or a court order issued in other litigation that compels

14 disclosure of any information or items designated in this action as "CONFIDENTIAL,"

15 "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY," or "HIGHLY CONFIDENTIAL

16 – SOURCE CODE" that Party must:

17    (a) promptly notify in writing the Designating Party. Such notification shall include a

18 copy of the subpoena or court order;

19    (b) promptly notify in writing the party who caused the subpoena or order to issue in the

20 other litigation that some or all of the material covered by the subpoena or order is subject to this

21 Protective Order. Such notification shall include a copy of this Stipulated Protective Order; and

22    (c) cooperate with respect to all reasonable procedures sought to be pursued by the

23 Designating Party whose Protected Material may be affected.[2]

24    If the Designating Party timely seeks a protective order, the Party served with the

25 subpoena or court order shall not produce any information designated in this action as

26

27  _____
    [2] The purpose of imposing these duties is to alert the interested parties to the existence of this
    Protective Order and to afford the Designating Party in this case an opportunity to try to protect
28  its confidentiality interests in the court from which the subpoena or order issued.

STIPULATED PROTECTIVE ORDER          14          Case No.: 3:12-cv-05667-EMC

1    "CONFIDENTIAL," "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY," or

2    "HIGHLY CONFIDENTIAL – SOURCE CODE" before a determination by the court from

3    which the subpoena or order issued, unless the Party has obtained the Designating Party's

4    permission. The Designating Party shall bear the burden and expense of seeking protection in that

5    court of its confidential material – and nothing in these provisions should be construed as

6    authorizing or encouraging a Receiving Party in this action to disobey a lawful directive from

7    another court.

8    10.    A NON-PARTY'S PROTECTED MATERIAL SOUGHT TO BE PRODUCED IN THIS
        LITIGATION
9

10          (a)    The terms of this Order are applicable to information produced by a Non-Party in

11   this action and designated as "CONFIDENTIAL," "HIGHLY CONFIDENTIAL –

12   ATTORNEYS' EYES ONLY," or "HIGHLY CONFIDENTIAL – SOURCE CODE". Such

13   information produced by Non-Parties in connection with this litigation is protected by the

14   remedies and relief provided by this Order. Nothing in these provisions should be construed as

15   prohibiting a Non-Party from seeking additional protections.

16          (b)    In the event that a Party is required, by a valid discovery request, to produce a

17   Non-Party's confidential information in its possession, and the Party is subject to an agreement

18   with the Non-Party not to produce the Non-Party's confidential information, then the Party shall:

19          1.    promptly notify in writing the Requesting Party and the Non-Party that

20   some or all of the information requested is subject to a confidentiality agreement with a Non-

21   Party;

22          2.    promptly provide the Non-Party with a copy of the Stipulated Protective

23   Order in this litigation, the relevant discovery request(s), and a reasonably specific description of

24   the information requested; and

25          3.    make the information requested available for inspection by the Non-Party.

26          (c)    If the Non-Party fails to object or seek a protective order from this court within 14

27   days of receiving the notice and accompanying information, the Receiving Party may produce the

28   Non-Party's confidential information responsive to the discovery request. If the Non-Party timely

FENWICK & WEST LLP
ATTORNEYS AT LAW
SAN FRANCISCO

STIPULATED PROTECTIVE ORDER              15              Case No.: 3:12-cv-05667-EMC

1   seeks a protective order, the Receiving Party shall not produce any information in its possession

2   or control that is subject to the confidentiality agreement with the Non-Party before a

3   determination by the court.[3] Absent a court order to the contrary, the Non-Party shall bear the

4   burden and expense of seeking protection in this court of its Protected Material.

5   11.    UNAUTHORIZED DISCLOSURE OF PROTECTED MATERIAL

6          If a Receiving Party learns that, by inadvertence or otherwise, it has disclosed Protected

7   Material to any person or in any circumstance not authorized under this Stipulated Protective

8   Order, the Receiving Party must immediately (a) notify in writing the Designating Party of the

9   unauthorized disclosures, (b) use its best efforts to retrieve all unauthorized copies of the

10  Protected Material, (c) inform the person or persons to whom unauthorized disclosures were

11  made of all the terms of this Order, and (d) request such person or persons to execute the

12  "Acknowledgment and Agreement to Be Bound" that is attached hereto as Exhibit A.

13  12.    INADVERTENT PRODUCTION OF PRIVILEGED OR OTHERWISE PROTECTED
        MATERIAL
14

15         When a Producing Party gives notice to Receiving Parties that certain inadvertently

16  produced material is subject to a claim of privilege or other protection, the obligations of the

17  Receiving Parties are those set forth in Federal Rule of Civil Procedure 26(b)(5)(B).  However, the

18  Receiving Party of an inadvertently produced document may not "sequester" or in any way use the

19  document(s) pending resolution of a challenge to the claim of privilege or other protection to the extent it

20  would be otherwise allowed by Federal Rule of Civil Procedure 26(b)(5)(B).   This provision is not

21  intended to modify whatever procedure may be established in an e-discovery order that provides

22  for production without prior privilege review. Pursuant to Federal Rule of Evidence 502(d) and

23  (e), insofar as the parties reach an agreement on the effect of disclosure of a communication or

24  information covered by the attorney-client privilege or work product protection, the parties may

25  incorporate their agreement in the stipulated protective order submitted to the court.

26

27  [3] The purpose of this provision is to alert the interested parties to the existence of confidentiality
    rights of a Non-Party and to afford the Non-Party an opportunity to protect its confidentiality
28  interests in this court.

FENWICK & WEST LLP
ATTORNEYS AT LAW
SAN FRANCISCO

13.   <u>MISCELLANEOUS</u>

13.1   <u>Right to Further Relief</u>. Nothing in this Order abridges the right of any person to seek its modification by the court in the future.

13.2   <u>Right to Assert Other Objections</u>. By stipulating to the entry of this Protective Order no Party waives any right it otherwise would have to object to disclosing or producing any information or item on any ground not addressed in this Stipulated Protective Order. Similarly, no Party waives any right to object on any ground to use in evidence of any of the material covered by this Protective Order.

13.3   <u>Filing Protected Material</u>. Without written permission from the Designating Party or a court order secured after appropriate notice to all interested persons, a Party may not file in the public record in this action any Protected Material. A Party that seeks to file under seal any Protected Material must comply with Civil Local Rule 79-5 and General Order 62. Protected Material may only be filed under seal pursuant to a court order authorizing the sealing of the specific Protected Material at issue. Pursuant to Civil Local Rule 79-5 and General Order 62, a sealing order will issue only upon a request establishing that the Protected Material at issue is privileged, protectable as a trade secret, or otherwise entitled to protection under the law. If a Receiving Party's request to file Protected Material under seal pursuant to Civil Local Rule 79-5(d) and General Order 62 is denied by the court, then the Receiving Party may file the Protected Material in the public record pursuant to Civil Local Rule 79-5(e) unless otherwise instructed by the court.

14.   <u>FINAL DISPOSITION</u>

Within 60 days after the final disposition of this action, as defined in paragraph 4, each Receiving Party must return all Protected Material to the Producing Party or destroy such material. As used in this subdivision, "all Protected Material" includes all copies, abstracts, compilations, summaries, and any other format reproducing or capturing any of the Protected Material. Whether the Protected Material is returned or destroyed, the Receiving Party must submit a written certification to the Producing Party (and, if not the same person or entity, to the Designating Party) by the 60-day deadline that (1) identifies (by category, where appropriate) all

FENWICK & WEST LLP
ATTORNEYS AT LAW
SAN FRANCISCO

1    the Protected Material that was returned or destroyed and (2) affirms that the Receiving Party has

2    not retained any copies, abstracts, compilations, summaries or any other format reproducing or

3    capturing any of the Protected Material. Notwithstanding this provision, Counsel are entitled to

4    retain an archival copy of all pleadings, motion papers, trial, deposition, and hearing transcripts,

5    legal memoranda, correspondence, deposition and trial exhibits, expert reports, attorney work

6    product, and consultant and expert work product, even if such materials contain Protected

7    Material. Any such archival copies that contain or constitute Protected Material remain subject to

8    this Protective Order as set forth in Section 4 (DURATION).

9         IT IS SO STIPULATED, THROUGH COUNSEL OF RECORD.

10   Dated:    July 24, 2013                              FENWICK & WEST LLP

11

12                                                        By: /s/ Jennifer L. Kelly
                                                              Jennifer L. Kelly
13
                                                          Attorneys for Plaintiff and Counterdefendant
14                                                        NEXTDOOR.COM, INC., and
                                                          Counterdefendant PRAKASH
15                                                        JANAKIRAMAN

16

17

18   Dated:    July 24, 2013                              ROYSE LAW FIRM, PC

19

20                                                        By: /s/ Harpreet S. Walia
21                                                            Harpreet S. Walia
                                                              Lisa M. Chapman
22
                                                          Attorneys for Counterdefendants
23                                                        SANDEEP SOOD and MOONSOON
                                                          ENTERPRISES, INC.
24

25

26

27

28

STIPULATED PROTECTIVE ORDER                 18                  Case No.: 3:12-cv-05667-EMC

Dated:   July 24, 2013

LEGALFORCE RAJ ABHYANKER, P.C.


By: _/s/ Bruno W. Tarabichi_____
    Bruno W. Tarabichi
    Roy Montgomery

Attorneys for Defendant and Counterclaimant
RAJ ABHYANKER

PURSUANT TO STIPULATION, IT IS SO ORDERED.


DATED:   _____July 31, 2013_____

Hon. Edward M. ...
Unit...  ...  ...  Judge

IT IS SO ORDERED

Judge Edward M. Chen

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA

FENWICK & WEST LLP
ATTORNEYS AT LAW
SAN FRANCISCO

EXHIBIT A

ACKNOWLEDGMENT AND AGREEMENT TO BE BOUND

I, _____ [print or type full name], of _____ [print or type full address], declare under penalty of perjury that I have read in its entirety and understand the Stipulated Protective Order that was issued by the United States District Court for the Northern District of California on [date] in the case of _____ **[insert formal name of the case and the number and initials assigned to it by the court]**. I agree to comply with and to be bound by all the terms of this Stipulated Protective Order and I understand and acknowledge that failure to so comply could expose me to sanctions and punishment in the nature of contempt. I solemnly promise that I will not disclose in any manner any information or item that is subject to this Stipulated Protective Order to any person or entity except in strict compliance with the provisions of this Order.

I further agree to submit to the jurisdiction of the United States District Court for the Northern District of California for the purpose of enforcing the terms of this Stipulated Protective Order, even if such enforcement proceedings occur after termination of this action.

I hereby appoint _____ [print or type full name] of _____ [print or type full address and telephone number] as my California agent for service of process in connection with this action or any proceedings related to enforcement of this Stipulated Protective Order.


Date: _____

City and State where sworn and signed: _____

Printed name: _____
       [printed name]

Signature: _____
       [signature]

# EXHIBIT B
# (UNDER SEAL)

# EXHIBIT C
# (UNDER SEAL)

# EXHIBIT D
# (UNDER SEAL)

# EXHIBIT E
# (UNDER SEAL)

# EXHIBIT F
# (UNDER SEAL)

# EXHIBIT G
# (UNDER SEAL)

# EXHIBIT H
# (UNDER SEAL)

# EXHIBIT I
# (UNDER SEAL)

# EXHIBIT J
# (UNDER SEAL)

# EXHIBIT K
# (UNDER SEAL)

# EXHIBIT L
# (UNDER SEAL)

# EXHIBIT M
# (UNDER SEAL)

# EXHIBIT N
# (UNDER SEAL)

# EXHIBIT O
# (UNDER SEAL)

# EXHIBIT P
# (UNDER SEAL)

# EXHIBIT Q
# (UNDER SEAL)

# EXHIBIT R
# (UNDER SEAL)

# EXHIBIT S
# (UNDER SEAL)

# EXHIBIT T
# (UNDER SEAL)

# EXHIBIT U
# (UNDER SEAL)

# EXHIBIT V
# (UNDER SEAL)

# EXHIBIT W
# (UNDER SEAL)

# EXHIBIT X
## (UNDER SEAL)

# EXHIBIT Y
# (UNDER SEAL)

# EXHIBIT Z
# (UNDER SEAL)