DAVID S. LAVINE, SBN 166744
dave@legalforcelaw.com
NICHOLAS M. GEROVAC, SBN 289910
nick@legalforcelaw.com
LEGALFORCE RAJ ABHYANKER, P.C.
1580 W. El Camino Real, Suite 13
Mountain View, California 94040
Telephone: 650.965.8731
Facsimile: 650.989.2131

Attorneys for Defendant
Raj Abhyanker

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| NEXTDOOR.COM, INC., a Delaware corporation,<br><br>Plaintiff,<br><br>v.<br><br>RAJ ABHYANKER, an individual,<br><br>Defendant. | Case No. 3:12-cv-05667-EMC-NMC<br><br>**DEFENDANT RAJ ABHYANKER'S OBJECTIONS TO EVIDENCE OFFERED IN NEXTDOOR.COM'S REPLY IN SUPPORT OF PARTIAL SUMMARY JUDGMENT**<br><br>Date: October 16, 2014<br>Time: 1:30 P.M.<br>Courtroom: 5, 17th Floor<br>Judge: Hon. Edward M. Chen |

Pursuant to L.Civ.R. 7-3(d)(1), Defendant Raj Abhyanker ("Abhyanker") objects to certain evidence submitted by Plaintiff Nextdoor.com, Inc. ("Nextdoor.com") in its Reply in Support of Its Motion for Summary Judgment on Counts II and IV of its Complaint (Dkt. 349 ("Reply")); specifically, evidence referred in and attached to the declarations of Jennifer Kelly ("Kelly Declaration"), and David McCain ("McCain Declaration").

Initially, Abhyanker objects that evidence was supplied at all – and, certainly, in so much volume – on reply, when that evidence could have been submitted by way of Nextdoor.com's opening papers. Submission of copious evidence on reply sandbags the opposing party, which is restricted by rule to a plain statement of objections against inadmissible evidence, without the

-1-

opportunity to argue the import, or lack thereof, of any evidence ultimately admitted and taken under consideration by the Court. Nextdoor.com should not have used its reply brief to so substantially build the evidentiary record.

**Objections to Evidence in and Attached to the Kelly Declaration**

The Kelly Declaration is objectionable because it attaches and refers to inadmissible hearsay.

Exhibit D to the Kelly Declaration is a copy of an email sent between Abhyanker's counsel and an expert witness in this case. Kelly Decl. ¶5. The statements therein, and reference to them in the body of the declaration, are inadmissible hearsay. They are offered for the truth of the matters asserted therein – not for the mere fact that they were sent, or for any other permissible reasons -- and thus fall outside of any hearsay exceptions under Fed.R.Evid. 803. *See* Fed.R.Evid. 801(c); Fed.R.Evid. 802; *In re Cygnus Telecomms. Tech., LLC, Patent Litig.*, No. C-04-04247 RMW, 2007 WL 2261543, at *3 n.6 (N.D. Cal. Aug. 6, 2007).

Exhibit F to the Kelly Declaration is a copy of the Expert Report of Patrick O'Leary. Kelly Decl. ¶6. These statements therein, and reference to them in the body of the declaration, are inadmissible hearsay. They are similarly offered for the truth of the matters asserted therein, and fall outside of any hearsay exceptions under Fed. R. Evid. 803. Expert reports are generally "not to be received in evidence without violating the hearsay rule . . .", *Sommerfield v. City of Chicago*, 254 F.R.D. 317 (N.D. Ill. 2008), and should not be considered for purposes of summary judgment review. *Smith v. Prudential Ins. Co. of Am.*, 864 F. Supp. 2d 654 (M.D. Tenn. 2012).

**Abhyanker's Objections to Evidence in and Attached to the McCain Declaration**

The McCain Declaration is objectionable because it attaches and refers to inadmissible hearsay.

First, Exhibit A to the McCain Declaration is a copy of expert McCain's report. McCain Decl. ¶¶4-8. The statements therein, and reference to them in the body of the declaration, are inadmissible hearsay. They are offered for the truth of the matters asserted therein, and fall outside of any hearsay exceptions under Fed. R. Evid. 803. Expert reports are generally "not to

1 be received in evidence without violating the hearsay rule . . .", *Sommerfield v. City of Chicago*, 254 F.R.D. 317 (N.D. Ill. 2008), and should not be considered for purposes of summary judgment review. *Smith v. Prudential Ins. Co. of Am.*, 864 F.Supp.2d 654 (M.D. Tenn. 2012). To the extent that an expert witness independently attests to specific statements from the report in a submitted declaration, those statements would no longer be hearsay in that format; however, that fact still not does make submission of the expert report admissible as a declaration exhibit.

Exhibit B-F to the McCain Declaration is a copy of a series of Powerpoint presentation slides. McCain Decl. ¶6. These statements and references to them in the body of the declaration are inadmissible hearsay. They are offered for the truth of the matters asserted therein – that is, whether they reflect that Lorelei was or was not a target neighborhood so that its apparent absence can therefore show that it was not, in fact, a target neighborhood. The statements are offered for no other permissible reason. Thus, they fall outside of any hearsay exceptions under Fed.R.Evid. 803.

Exhibit G to the McCain Declaration is a set of copies of screenshots from the Fatpak website. McCain Decl. ¶7. These statements and references to them in the body of the declaration are inadmissible hearsay. They are offered for the truth of the matters asserted therein – that is, whether they reflect that Lorelei was in the target neighborhood drop-down menus so that its apparent absence can therefore show that it was not, in fact, a target neighborhood. The statements are offered for no other permissible reason. Thus, they fall outside of any hearsay exceptions under Fed.R.Evid. 803.

For the foregoing reasons, the above-described documents, and references to them in their respective declarations, should be excluded from consideration in support of Nextdoor.com's Reply or for any other purpose requiring the support of admissible evidence.

Respectfully Submitted,

Dated: October 9, 2014

**LEGALFORCE RAJ ABHYANKER, P.C.**
/s/ David Lavine
David Lavine
Attorney for Defendant Raj Abhyanker

-3-