1  LAURENCE F. PULGRAM (CSB No. 115163)
   lpulgram@fenwick.com
2  JENNIFER L. KELLY (CSB No. 193416)
   jkelly@fenwick.com
3  ILANA S. RUBEL (CSB No. 221517)
   irubel@fenwick.com
4  GUINEVERE L. JOBSON (CSB No. 251907)
   gjobson@fenwick.com
5  FENWICK & WEST LLP
   555 California Street, 12th Floor
6  San Francisco, CA 94104
   Telephone: (415) 875-2300
7  Facsimile: (415) 281-1350

8  ERIC J. BALL (CSB No. 241327)
   eball@fenwick.com
9  MATTHEW B. BECKER (CSB No. 291865)
   mbecker@fenwick.com
10 FENWICK AND WEST LLP
   801 California Street
11 Mountain View, CA 94041
   Telephone: (650) 988-8500
12 Facsimile: (650) 938-5200

13 Attorneys for Plaintiff
   NEXTDOOR.COM, INC.

14

15                UNITED STATES DISTRICT COURT

16              NORTHERN DISTRICT OF CALIFORNIA

17                 SAN FRANCISCO DIVISION

18 NEXTDOOR.COM, INC., a Delaware          Case No.: 3:12-cv-05667-EMC-NMC
   corporation,
19
                     Plaintiff,            **NEXTDOOR.COM, INC.'S**
20                                         **SUPPLEMENTAL BRIEFING ON ITS**
           v.                              **MOTION FOR SUMMARY**
21                                         **JUDGMENT ON COUNT IV OF ITS**
   RAJ ABHYANKER, an individual,           **COMPLAINT [PER DOCKET 357]**
22
                     Defendant.            Date:      October 16, 2014
23                                         Time:      1:30 p.m.
                                           Courtroom: 5, 17th Floor
24                                         Judge:     Hon. Edward M. Chen

25

26

27

28

NEXTDOOR.COM'S SUPP. BRIEF                          CASE NO. 3:12-cv-05667-EMC

Nextdoor.com, Inc. submits this brief pursuant to the Court's Order re Supplemental Briefing (Dkt. No. 357) directing the parties to address why the Stipulation (Dkt. No. 192) and Partial Final Judgment (Dkt. No. 193) does not constitute a judicial admission, by Abhyanker, that the NEXTDOOR mark is valid and enforceable.

Nextdoor.com submits that they _do_ constitute judicial admissions, and that this is yet another (and related) basis to preclude Abhyanker from making any arguments to the contrary, including his new argument, minted in opposition to the pending summary judgment motion, that the NEXTDOOR mark is not distinctive. That argument not only defies the undisputed facts, but flies in the face of his admissions contained in: (1) the Stipulation and Partial Final Judgment; (2) his pleadings; and (3) other filings both here and before the TTAB, as detailed in Nextdoor.com's prior briefing on this motion (Dkt. Nos. 332 and 348-3). The Court thus can and should quickly dispense with Abhyanker's about-face attack on the validity of the NEXTDOOR mark.[1]

## I. ABHYANKER'S STIPULATION CONSTITUTES A JUDICIAL ADMISSION OF ALL FACTS STATED OR NECESSARILY IMPLIED THEREIN

The law is clear: "Stipulations are treated as judicial admissions." *Matter of Christian & Porter Aluminum Co.*, 584 F.2d 326, 334 (9th Cir. 1978) (citing 9 WIGMORE ON EVIDENCE (3d Ed. 1940) § 2588 at 581); *Metro-Goldwyn-Mayer Studios, Inc. v. Grokster, Ltd.*, 454 F.Supp.2d 966, 972 (C.D. Cal. 2006) (identifying stipulations as one form of judicial admission); *Gray Line Co. v. Goodyear Tire & Rubber Co.*, 280 F.2d 294, 298 (9th Cir. 1960) (holding that a statement in a stipulation constituted a judicial admission). Because Abhyanker stipulated that "Nextdoor.com, Inc. owns trademark rights in and has priority of use of the NEXTDOOR mark in the field of online social networking" (Dkt. 192), he cannot now reverse course and assert that Nextdoor.com does not own trademark rights in that mark. *See Am. Title Ins. Co. v. Lacelaw Corp.*, 861 F.2d 224, 226 (9th Cir. 1988) (judicial admissions, including stipulations, are conclusively binding on the party who made them).

Significantly, this conclusively binding effect is not limited to the precise facts or wording

---

[1] Two additional reasons why summary judgment should be granted that were addressed in Nextdoor.com, Inc.'s prior briefing are issue preclusion [Dkt. 349 at 4-7] and the absence of material facts in dispute [Dkt. 349 at 7-14].

FENWICK & WEST LLP
ATTORNEYS AT LAW
SAN FRANCISCO

used in the stipulation.  The Ninth Circuit has held in an analogous case that facts that necessarily are implied from a stipulation are also treated as judicial admissions.  In *Fernhoff v. Tahoe Reg'l Planning Agency*, the plaintiff had a stipulation that said he was required to obtain an administrative permit from a planning agency before beginning work on a road, yet the plaintiff later argued that his proposed development had been deemed approved by the planning agency. The court reasoned that if the plaintiff had stipulated that he needed to obtain a permit before beginning work, then, by implication, the development could not have been deemed approved by the planning agency, despite Fernhoff's contention that the planning agency had effectively approved the project years before and would issue the final permit in due course.  This is analogous to our case, where Abhyanker is trying to evade the necessary implication of his stipulation that Nextdoor.com owns rights in the NEXTDOOR mark, since distinctiveness and validity are prerequisites to ownership, just like Fernhoff's administrative permit was a prerequisite to planning agency approval. 803 F.2d 979, 985 (9th Cir. 1986).  Indeed, as Nextdoor.com previously explained (*see* Dkt.331 (Motion for Summary Judgment) at 20; Dkt. 349 (Reply ISO MSJ) at 4-5)), one cannot "own" rights in a mark that is not valid, and, a mark cannot be valid unless it is distinctive.  *See* J. McCarthy, McCarthy on Trademarks and Unfair Competition § 11:2, (4th ed. 2004)  ("Without achieving distinctiveness... a designation does not have the legal status of a 'trademark' or 'service mark.' No distinctiveness-no mark.").  Thus, Abhyanker's judicial admission that Nextdoor.com "owns trademark rights in and has priority of use of the NEXTDOOR mark in the field of online social networking" necessarily extends to facts underlying the conclusion that Nextdoor.com has trademark rights in the mark, including that the mark is valid and enforceable.[2]

---

[2] Given that Abhyanker's judicial admissions were made in the context of a stipulated judgment, the preclusive effect should be even more pronounced.  There are significant limitations on a party's ability to attack a judgment in subsequent proceedings.  *See Nasalok Coating Corp. v. Nylok Corp.*, 522 F.3d 1320 (Fed. Cir. 2008) (prohibiting later challenge to validity of a trademark in cancellation proceedings because prior default judgment had already established trademark rights; to allow otherwise would constitute an impermissible collateral attack and would impair competitors' rights as previously established).

FENWICK & WEST LLP
ATTORNEYS AT LAW
SAN FRANCISCO

1

## II. TRADEMARK DISTINCTIVENESS IS PROPERLY THE SUBJECT OF A JUDICIAL ADMISSION

Abhyanker cannot argue that his admissions were of statements of law, which this Court has recognized may fall outside the concept of judicial admissions. *Lam Research Corp. v. Schunk Semiconductor*, No. C–03–1335 EMC, 2014 WL 4180935 at *5 (N.D. Cal. Aug. 22, 2014) (only statements of fact can constitute judicial admissions). Rather, as this Court also has previously recognized, trademark validity is a question of fact—albeit facts that Nextdoor.com believes present no material dispute here. *Humboldt Wholesale, Inc. v. Humboldt Nation Distribution, LLC*, C-11-4144 EMC, 2012 WL 2572065 at *3 (N.D. Cal. July 2, 2012) (citing *Zobmondo Entm't, LLC v. Falls Media, LLC*, 602 F.3d 1108, 1113 (9th Cir. 2010)). Therefore, Abhyanker's admission that the NEXTDOOR mark is valid and owned by Nextdoor.com, Inc. is a factual admission that is properly within the scope of judicial admissions.[3]

## III. ABHYANKER'S ADMISSION WAS DELIBERATE, CLEAR AND UNAMBIGUOUS.

As this Court also recognized in *Lam*, a judicial admission must be deliberate, clear and unambiguous. *Lam*, 2014 WL 4180935 at *5. Abhyanker's readily meets this standard.

To begin with, the language of the Stipulation and Partial Final Judgment is clear as a bell. Abhyanker stipulated to and the Court entered its Judgment that: "Nextdoor.com, Inc. owns trademark rights in and has priority of use of the NEXTDOOR mark in the field of online social networking." *See* Dkts. 192 and 193. The only reasonable reading of this judicial admission is that Nextdoor.com owns valid and enforceable trademark rights in the NEXTDOOR mark. There is no such thing as trademark rights in an invalid and unenforceable mark. *See* McCarthy, § 11:2; *Lahoti v. VeriCheck, Inc.*, 586 F. 3d 1190, 1197 (9th Cir. 2009).

Abhyanker was well aware of the gravity of his admission. It was Nextdoor.com's valid

---

[3] As Section III.B of Nextdoor.com, Inc.'s Reply brief makes clear, even though trademark validity is a question of fact, it can still be determined by a court when there is no material dispute from which a reasonable jury could reach a different conclusion. *See also Surfvivor Media, Inc. v. Survivor Productions*, 406 F.3d 625, 631-32 (9th Cir. 2005) (considering various attributes of the mark on summary judgment and finding mark to be suggestive, and therefore protectable); *Rearden LLC v. Rearden Commerce, Inc.*, 683 F.3d 1190, 1211 (9th Cir. 2012) (affirming lower court's determination at summary judgment that mark was suggestive).

FENWICK & WEST LLP
ATTORNEYS AT LAW
SAN FRANCISCO

and enforceable trademark rights that formed the basis of the Court's injunction against Abhyanker prohibiting him from ever using the NEXTDOOR mark. Moreover, as the self-proclaimed filer of more trademark applications than anyone else in the world (*See* Dkt. 150-1 ¶¶ 3 & 4 & Ex. A thereto), Abhyanker certainly was aware of the implications of his judicial admission. He understood that when he voluntarily stipulated to Nextdoor.com, Inc's ownership and priority in this mark (and reaped the benefits of that stipulation, namely, avoiding a Rule 11 motion[4]), he was conceding the mark's validity. Indeed by that same stipulation, he dismissed with prejudice his own claims based on his alleged rights in the same "NEXTDOOR" mark which he previously had asserted was a *valid* mark. SAAC, ¶¶ 202-207.

Finally, the inclusion of language in the Stipulation stating that "[n]othing in this Stipulation shall be construed as an admission of liability or wrongdoing of any kind by any of the parties hereto," [Dkt. 192 ¶ 4] does nothing to diminish the conclusion that Abhyanker has admitted the mark's validity and enforceability. Rather this provision clarified that while the parties had stipulated to certain facts—including Nextdoor.com's trademark rights—Abhyanker was not conceding he committed the ultimate wrong on other causes of action. Thus, the Stipulation did not resolve the remaining elements of Nextdoor.com's infringement and cybersquatting claims, such as Abhyanker's use of the NEXTDOOR mark and www.nextdoor.cm domain, the likelihood of confusion stemming from this use, and Abhyanker's bad faith.

Any suggestion that Abhyanker's non-admission regarding *liability* takes away from his admission of *facts* in the stipulation would defy both logic and the Court's prior holding. In agreeing to an injunction and declaration resolving Nextdoor.com's claim that acknowledged its trademark rights in the NEXTDOOR mark, what could Abhyanker have been stipulating to if not the validity and enforceability of Nextdoor.com's NEXTDOOR mark? Indeed, as Abhyanker himself explained in his Opposition, the Stipulation leaves unaffected those claims not stipulated to, but *did* resolve Nextdoor.com's claim for Declaratory Relief, which was premised on the

---

[4] As Nextdoor.com explained in footnote 2 of its opening brief [Dkt. No. 332 at 2], Abhyanker entered into the Stipulation and Partial Judgment following service of Nextdoor.com's Rule 11 motion directed at the baselessness of his allegation that he used the NEXTDOOR mark in commerce before Nextdoor.com did.

FENWICK & WEST LLP
ATTORNEYS AT LAW
SAN FRANCISCO

1   theory that Nextdoor.com had priority of use in the NEXTDOOR mark.  *See* Dkt. 345 at 8.

2   Under the Declaratory Relief claim, the Court's Partial Judgment followed from Abhyanker's

3   judicial admission that Nextdoor.com owns trademark rights in the NEXTDOOR mark.

4       Imagine, by analogy, that the stipulation Abhyanker entered into was that Nextdoor.com

5   owned a navy blue Maserati, with the license plate number XYZ1234.  Such a stipulation is

6   logically premised on the fact that a navy blue Maserati, with the license plate numbered

7   XYZ1234 in fact exists.  Those facts would necessarily be admitted by entry of a stipulation that

8   Nextdoor.com owned that specific car.  The same is true here—Abhyanker's judicial admission

9   of Nextdoor.com's ownership in the NEXTDOOR mark necessarily includes his admission of the

10  factual predicate that a valid and enforceable NEXTDOOR mark exists.  And even if the Maserati

11  stipulation included a provision that Abhyanker was not admitting to any "liability or

12  wrongdoing" this would not change the underlying admission that the Maserati exists.  Rather,

13  the exclusion of "liability or wrongdoing" would only mean that Abhyanker had not made the

14  separate admission regarding another ultimate wrong:  *e.g.*, that he stole or damaged the blue

15  Maserati in question.  Here, the Stipulation does not alone resolve Abhyanker's "liability or

16  wrongdoing" regarding the ultimate wrong:  infringement or bad faith cybersquatting.  That

17  limitation, however, does nothing to alter the essence of the Stipulation, namely the existence,

18  ownership and priority of Nextdoor.com's valid and enforceable NEXTDOOR mark.

19  **IV.   ABHYANKER IS ALSO JUDICIALLY ESTOPPED FROM DENYING HIS
        PRIOR JUDICIAL ADMISSIONS.**

20      Related to a judicial admission, the doctrine of judicial estoppel provides yet another basis

21  for finding that Abhyanker has conceded the validity and enforceability of the NEXTDOOR

22  mark.  The Supreme Court has identified three factors that courts may consider in determining

23  whether to apply judicial estoppel.  *New Hampshire v. Maine*, 532 U.S. 742 (2001); *Hamilton v.*

24  *State Farm Fire & Cas. Co.*, 270 F.3d 778, 782 (9th Cir. 2001).  First, a party's later position

25  must be "clearly inconsistent" with its earlier position.  Second, courts ask whether the party has

26  succeeded in persuading a court to accept that party's earlier position, so that judicial acceptance

27  of an inconsistent position in a later proceeding would create "the perception that either the first

28

Fenwick & West LLP
Attorneys at Law
San Francisco

FENWICK & WEST LLP
ATTORNEYS AT LAW
SAN FRANCISCO

or the second court was misled." *Edwards v. Aetna Life Ins. Co.,* 690 F.2d 595, 599 (6th Cir. 1982). Third, courts ask whether the party seeking to assert an inconsistent position would derive an unfair advantage or impose an unfair detriment on the opposing party if not estopped. *See Davis v. Wakelee,* 156 U.S. 680, 689 (1895); *Scarano v. Central R.R. Co.,* 203 F.2d 510, 513 (3d Cir. 1953) (judicial estoppel forbids use of "intentional self-contradiction ... as a means of obtaining unfair advantage").

Here, Abhyanker's Stipulation meets each of the Supreme Court's judicial estoppel factors. Abhyanker's positions are clearly inconsistent since he now claims Nextdoor.com does not own trademark rights in the NEXTDOOR mark. Abhyanker previously persuaded the Court to enter a judgment based on his concessions regarding Nextdoor.com's trademark rights. A contrary judgment here would be so inconsistent that it would necessarily create the impression that Abhyanker misled the Court. Finally, Abhyanker's inconsistent position unfairly prejudices Nextdoor.com who relied on the finality of the Court's judgment both in its prosecution of this action and its waiver of certain damages against Abhyanker. See Dkt. 192 at ¶ 3.

## V.   CONCLUSION

Abhyanker's statements in pleadings, various filings, and Stipulation and Partial Judgment constitute an unambiguous judicial admission that the NEXTDOOR mark is valid and enforceable.[5] No other language in the Stipulation or elsewhere could change this admission and Abhyanker should be precluded from once again trying to backtrack on his settled admissions.

Dated:   October 15, 2014                    FENWICK & WEST LLP


                                             By: */s/ Jennifer L. Kelly* _____
                                                  Jennifer Kelly

                                             Attorneys for Plaintiff
                                             NEXTDOOR.COM, INC.

---

[5] Abhyanker has also judicially admitted the likelihood of confusion between his use of the NEXTDOOR mark and Nextdoor.com's use, alleging precisely such confusion in his own pleadings, as noted in Nextdoor.com's opening brief. Dkt. No. 332 at 16-17 (citing Abhyanker's Second Amended Counterclaim, Dkt. 132 at ¶ 177 ("There has been and continues to be actual confusion between Nextdoor.com's use of the NEXTDOOR name and mark with Abhyanker's Nextdoor concept and mark")).