1   LAURENCE F. PULGRAM (CSB No. 115163)
    lpulgram@fenwick.com
2   JENNIFER L. KELLY (CSB No. 193416)
    jkelly@fenwick.com
3   ILANA S. RUBEL (CSB No. 221517)
    irubel@fenwick.com
4   GUINEVERE L. JOBSON (CSB No. 251907)
    gjobson@fenwick.com
5   FENWICK & WEST LLP
    555 California Street
6   San Francisco, CA  94104
    Telephone: (415) 875-2300
7   Facsimile:   (415) 281-1350

8   ERIC J. BALL (CSB No. 241327)
    eball@fenwick.com
9   MATTHEW B. BECKER (CSB No. 291865)
    mbecker@fenwick.com
10  FENWICK AND WEST LLP
    801 California Street
11  Mountain View, CA 94041
    Telephone: (650) 988-8500
12  Facsimile:   (650) 938-5200

13  Attorneys for Plaintiff
    NEXTDOOR.COM, INC.

14

15                 UNITED STATES DISTRICT COURT

16              NORTHERN DISTRICT OF CALIFORNIA

17                   SAN FRANCISCO DIVISION

18  NEXTDOOR.COM, INC., a Delaware         Case No.: 3:12-cv-05667-EMC-NMC
    corporation,
19                                          **[PROPOSED] FORM OF INJUNCTION
                                            FOR COUNT IV OF
20            Plaintiff,                     NEXTDOOR.COM'S COMPLAINT**

21        v.                                Date:       October 16, 2014
                                            Time:       1:30 p.m.
22  RAJ ABHYANKER, an individual,           Courtroom: 5, 17th Floor
                                            Judge:      Hon. Edward M. Chen
23            Defendant.

24

25        At the hearing on October 16, 2014, in which the Court rendered its oral ruling granting

26  summary judgment on Plaintiff Nextdoor.com, Inc.'s Count IV for Trademark Infringement

27  under the Lanham Act, both parties agreed that there was additional relief the Court could order

28  under Count IV that had not previously been entered under Count I.  Nextdoor.com submits this

FENWICK & WEST LLP
ATTORNEYS AT LAW
SAN FRANCISCO

proposed form of injunction to clarify what relief is appropriate and, in particular, what specific

relief appropriate under Count IV, if entered, would obviate the need for trial of the only

remaining claim, Count III, for Cybersquatting.

The injunction previously entered in the Partial Judgment (Dkt 193) provides that:

> "Abhyanker and each of his agents, servants, and employees, and those persons in active concert or participation with any of them who receive actual notice of this order, shall not use the NEXTDOOR mark, or any colorable imitation thereof or confusingly similar term, in the field of online social networking for so long as Nextdoor.com or its successors has not abandoned or ceased use of the NEXTDOOR mark."

As stated at the October 16, hearing, Nextdoor.com believes that in addition to this relief,

and in accordance with the Lanham Act's prohibition on false designation of origin, the

injunction on Count IV should further specify that Defendant Raj Abhyanker shall not pass off

any product that he offers as originating with, associated with, or sponsored by Nextdoor.com.

Further, in order to obviate the need for trial of Count III, Nextdoor.com believes that the

injunction on Count IV should specifically address the use of nextdoor.cm, or any other

"nextdoor" derived domain name, for the purpose of offering, operating, promoting, or

redirecting to any social network.  As the record reflects, Defendant Abhyanker used the domain

nextdoor.cm to create a likelihood of confusion and redirect persons who visited that address to a

website operated by Abhyanker that purported to offer "a private social network for your

neighborhood."  *See* Dkt. 332-1 – 332-9 (Kelly Decl. ¶¶ 6, 7, 9, 11, 12 and Exhs. C, D, F, G

(describing redirect from nextdoor.cm to eatbid.com), H).  Given the Court's finding that the

NEXTDOOR mark is distinctive and that its use by Abhyanker is likely to confuse, it is

appropriate that the Court's injunction against infringement specifically preclude the future use

by Abhyanker of nextdoor.cm in this manner.  *See Compana, LLC v. Aetna, Inc.*, 2006 U.S.Dist.

LEXIS 22782, 17-19 (W.D. Wash. Mar. 27, 2006) (domain name using trademark to redirect

users supports infringement claim) *citing Nissan Motor Co. v. Nissan Computer Co.*, 378 F.3d

1002, 1006 (9th Cir. 2004); *Panavision Int'l, L.P. v. Toeppen*, 141 F. 3d 1316 (9th Cir. 1998)

(affirming, as trademark dilution under Lanham Act, injunction against use of trademark in

domain name to redirect users to site for commercial benefit); *Fagnelli Plumbing Co. v. Gillece*

FENWICK & WEST LLP
ATTORNEYS AT LAW
SAN FRANCISCO

1   *Plumbing & Heating, Inc.*, 2011 U.S. Dist. LEXIS 15090 at *23 (W.D. Pa. Feb. 15, 2011)

2   (enjoining, as infringement under the Lanham Act, use of trademark in a domain name that

3   redirected consumers to the defendant's separate website).[1]

4           If specific injunctive relief preventing the misuse of the nextdoor.cm domain is afforded

5   in the injunction under Count IV, Nextdoor.com will not need to proceed forward with its trial as

6   to Count III, as its concern over misuse of the nextdoor.cm domain will be adequately remedied

7   for its business purposes.[2]

8           Accordingly, Nextdoor.com submits that the proposed form of injunction, attached hereto

9   as Exhibit A, be entered or included with respect to the Court's judgment on Count IV.

10

11  Dated:   October 20, 2014                        Respectfully submitted,

12                                                   FENWICK & WEST LLP

13

14                                                   By: /s/ *Laurence F. Pulgram*
                                                         Laurence F. Pulgram

15
                                                     Attorneys for Plaintiff
16                                                   NEXTDOOR.COM, INC.

17

18

19

20

21

22

23

24  [1] While a mere registration of a domain name using a trademarked term may not necessarily
    constitute infringement, here, as in the cases cited, Abhyanker has used, and threatens to continue
25  to use, the trademarked name for his commercial and competitive benefit.

    [2] Unlike a judgment for cybersquatting, the injunction under Count IV would not direct the
26  conveyance of the www.nextdoor.cm name to Nextdoor.com. So long as it receives specific
    injunctive relief sufficient to ensure that the offending website is not misused in the context of
27  online social networking, Nextdoor.com would be willing to forego that conveyance (as well as
    damages), to which it would otherwise be entitled under its cybersquatting claim.
28  NEXTDOOR.COM'S [PROPOSED] FORM
    OF INJUNCTION FOR COUNT IV OF ITS         3         CASE NO. 3:12-cv-05667-EMC-NMC
    COMPLAINT

FENWICK & WEST LLP
ATTORNEYS AT LAW
SAN FRANCISCO

**EXHIBIT A**

**PROPOSED FORM OF INJUNCTION**

Pursuant to and in accordance with its order of October \_\_\_\_, 2014, the Court hereby
ORDERS, ADJUDGES AND DECREES:

1. The Court grants enters summary judgment in favor of Plaintiff Nextdoor.com, Inc.,
   and against Defendant Raj Abhyanker on Count IV of the Complaint, for violation of
   the Lanham Act.

   a. Abhyanker's unauthorized use of Nextdoor.com's NEXTDOOR trademark in
      Abhyanker's offering and promotion of online social networking goods and
      services is likely to confuse the public regarding the source or sponsorship of
      Abhyanker's goods and services.

   b. Abhyanker's unauthorized and confusing use of Nextdoor.com's distinctive
      NEXTDOOR trademark is trademark infringement in violation of Section
      43(a)(1)(A) of the Lanham Act, 15 U.S.C. § 1125(a)(1)(A)

2. The Court has previously entered Partial Final Judgment Pursuant to Fed. R. Civ. P.
   54(b) and 58(a), which has become final and not been appealed.  That order stated in
   part that "Abhyanker and each of his agents, servants, and employees, and those
   persons in active concert or participation with any of them who receive actual notice
   of this order, shall not use the NEXTDOOR mark, or any colorable imitation thereof
   or confusingly similar term, in the field of online social networking for so long as
   Nextdoor.com or its successors has not abandoned or ceased use of the Nextdoor
   mark."  The present order provides additional injunctive relief.

3. Abhyanker and each of his agents, servants, assigns and employees, and those persons
   in active concert or participation with any of them who receive actual notice of this
   order, shall not use the term "NEXTDOOR," or any colorable imitation thereof or any
   confusingly similar term, in connection with, or in any domain names (including,
   without limitation, nextdoor.cm), offering, operating, selling, promoting, or redirecting
   to any provider of goods or services in the field of online social networking.

FENWICK & WEST LLP
ATTORNEYS AT LAW
SAN FRANCISCO

1    4.   Abhyanker and each of his agents, servants, assigns and employees, and those persons

2         in active concert or participation with any of them who receive actual notice of this

3         order, shall not falsely designate, hold out, or pass off any product or service as being

4         offered by, sponsored by, affiliated with, associated with, or endorsed by Plaintiff

5         Nextdoor.com, Inc. or any of its officers, directors, or employees.

6

7    Dated: _____, 2014

8

9                                                    _____

10                                                   United States District Judge

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

FENWICK & WEST LLP
ATTORNEYS AT LAW
SAN FRANCISCO

EXHIBIT A – PROPOSED FORM OF
INJUNCTION                          2          CASE NO. 3:12-cv-05667-EMC-NMC