1   DAVID S. LAVINE, SBN 166744
    dave@legalforcelaw.com
2   NICHOLAS M. GEROVAC, SBN 289910
    nick@legalforcelaw.com
3   LEGALFORCE RAJ ABHYANKER, P.C.
    1580 W. El Camino Real, Suite 13
4   Mountain View, California 94040
    Telephone: 650.965.8731
5   Facsimile: 650.989.2131

6   Attorneys for Defendant
    Raj Abhyanker
7

8                      UNITED STATES DISTRICT COURT

9                    NORTHERN DISTRICT OF CALIFORNIA

10                         SAN FRANCISCO DIVISION

11

12  NEXTDOOR.COM, INC., a Delaware          Case No. 3:12-cv-05667-EMC-NMC
    corporation,
13                                          **DEFENDANT RAJ ABHYANKER'S**
                                            **OBJECTIONS TO FORM OF SUMMARY**
14              Plaintiff,                   **JUDGMENT INJUNCTIVE ORDER LODGED**
                                            **BY PLAINTIFF NEXTDOOR.COM, INC.,**
15         v.                               **AND PERSISTENCE IN JURY DEMAND**
                                            **ABSENT RESOLUTION OF THE THIRD**
16  RAJ ABHYANKER, an individual,           **CAUSE OF ACTION**

17              Defendant.                   Date:      October 16, 2014
                                            Time:      1:30 P.M.
18                                          Courtroom: 5, 17th Floor
                                            Judge:     Hon. Edward M. Chen
19

20

21       Defendant Raj Abhyanker ("Abhyanker") hereby objects to the proposed form of

22  injunctive order lodged by plaintiff Nextdoor.com, Inc. ("Nextdoor.com") for the following

23  reasons:  (1) any proposed order was required to be filed with the filing of the motion

24  engendering the order pursuant to L.Civ.R. 7-2(c), and no proposed order was invited to be filed

25  by the Court at the partial summary judgment hearing; (2) Nextdoor.com did not meet and confer

26  with Abhyanker in an effort to resolve issues concerning the scope and terms of the proposed

27  order prior to lodging it, or since; and (3) if it was Nextdoor.com's intention to utilize any order

                                            -1-

arising from the granting of partial summary judgment on the fourth cause of action (for trademark infringement) to resolve the third cause of action (for cybersquatting) simultaneously, then why did Nextdoor.com take up the Court's time with an extended discussion of minute scheduling of pre-trial matters which would be obviated by dismissal of the third cause of action – Nextdoor.com should have simply proposed its intended resolution instead. Nextdoor.com's unilateral and non-cooperative approach to this case continues to frustrate both efficient case management and case resolution.

Nevertheless, in the interest of sparing sparse judicial resources, Abhyanker agrees that a proper form of injunctive order can be drafted to resolve both the fourth (for trademark infringement) and third (for cybersquatting) causes of action, without the need to hold a trial. That injunctive order can prohibit use of the NEXTDOOR trademark. But that injunctive order should (1) be directed only against Raj Abhyanker, as he is the only named defendant, and there is no authority for the order to reach any other person or entity; (2) specify its scope more clearly than the proposed form of injunctive order lodged by Nextdoor.com, as the term "colorable imitation thereof" (in numbered paragraph three of the proposed injunctive order) is too imprecise to provide Abhyanker needed guidance or to support any later enforcement action; (3) not include any more sweeping restriction beyond use of the NEXTDOOR trademark, as has been attempted by Nextdoor.com (in numbered paragraph four of the proposed injunctive order), as there is no authority granted by the Lanham Act for extending the injunction beyond protection of the trademark at issue; and (4) direct that Abhyanker's FATDOOR trademark, put at issue in this case by Nextdoor.com through another, already-dismissed, claim, is expressly not subject to the injunction.

Further, in order for Abhyanker to agree to resolution of the third cause of action (for cybersquatting) without the trial otherwise guaranteed to him, and to avoid confusion going forward, the injunctive order should make explicit that there has not been, and there will not be, any finding of an "extraordinary case" warranting the payment of attorneys' fees, as that term is used in Section 35 of the Lanham Act or in the cases interpreting it; nor has there been, nor will there be, any finding of bad faith or willfulness warranting the payment of attorneys' fees on the

-2-

part of Abhyanker, as those terms are used in the cybersquatting statute or in the cases interpreting it.  Further, the injunctive order should make explicit that nothing in it makes Nextdoor.com the prevailing party as to the third cause of action (for cybersquatting), or as to the case as a whole.

 With the above clarifications, Abhyanker is amenable to an injunctive order that would dispose of both the fourth cause of action (for trademark infringement) and third cause of action (for cybersquatting) without a trial.  In the event of agreement by Nextdoor.com, Abhyanker would then consent to Nextdoor.com's voluntary dismissal of the third cause of action (for cybersquatting), with prejudice, to avoid having this claim resurface later in spite of having been fully resolved by injunctive order.  In the event of disagreement by Nextdoor.com, Abhyanker respectfully suggests that the parties take up the drafting of the injunctive order with Magistrate Judge Laporte at the settlement conference scheduled for October 27, 2014, in the hope of reaching an order agreeable to the parties.

 Until resolution of the third cause of action (for cybersquatting) is pursued to conclusion, Abhyanker persists in his jury trial demand.

 Finally, given the deliberate and indiscreet manner in which Nextdoor.com has leaked the contents of settlement conference discussions made confidential by L.Adr.R. 7.5(a) into the public record and before the judge presiding over the case, Abhyanker requests that the Court specifically admonish Nextdoor.com to keep all discussions shared at the settlement conference between the parties or with Judge Laporte confidential.  Without a guarantee of confidentiality, the settlement process is hampered for fear that conciliatory offers to compromise will be blithely and insensitively revealed to the Court or the public.

 Respectfully Submitted,

Dated:  October 21, 2014 **LEGALFORCE RAJ ABHYANKER, P.C.**
 /s/    David Lavine
 David Lavine
 Attorney for Defendant Raj Abhyanker

DEFENDANT'S OBJECTIONS TO NEXTDOOR.COM'S PROPOSED FORM OF INJUNCTIVE ORDER
Case No. 3:12-cv-05667-EMC-NMC