LAURENCE F. PULGRAM (CSB No. 115163)
lpulgram@fenwick.com
JENNIFER L. KELLY (CSB No. 193416)
jkelly@fenwick.com
ILANA S. RUBEL (CSB No. 221517)
irubel@fenwick.com
GUINEVERE L. JOBSON (CSB No. 251907)
gjobson@fenwick.com
FENWICK & WEST LLP
555 California Street, 12th Floor
San Francisco, CA 94104
Telephone: (415) 875-2300
Facsimile: (415) 281-1350

ERIC J. BALL (CSB No. 241327)
eball@fenwick.com
MATTHEW B. BECKER (CSB No. 291865)
mbecker@fenwick.com
FENWICK AND WEST LLP
801 California Street
Mountain View, CA 94041
Telephone: (650) 988-8500
Facsimile: (650) 938-5200

Attorneys for Plaintiff
NEXTDOOR.COM, INC.

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| NEXTDOOR.COM, INC., a Delaware corporation,<br><br>Plaintiff,<br><br>v.<br><br>RAJ ABHYANKER, an individual,<br><br>Defendant. | Case No.: 3:12-cv-05667-EMC-NMC<br><br>**MOTION TO DISMISS STATUTORY DAMAGES CLAIM AND STRIKE JURY TRIAL DEMAND**<br><br>Date: N/A<br>Time: N/A<br>Courtroom: 5, 17th Floor<br>Judge: Hon. Edward M. Chen |

**NOTICE OF MOTION AND MOTION TO DISMISS
STATUTORY DAMAGES CLAIM AND STRIKE JURY TRIAL DEMAND**

Pursuant to the Court's Order in open Court on October 16, 2014, Plaintiff Nextdoor.com hereby moves to dismiss its claims for statutory damages contingent on and contemporaneously with the striking of Defendant's jury demand. Pursuant to the Court's Order, Defendant shall file its response hereto by October 27, 2014, the matter will then be deemed submitted, with no reply brief or hearing scheduled.

As the Court is aware the only claim remaining in this action is Nextdoor.com's Count III for cybersquatting under the Anti-Cybersquatting Consumer Protection Act, 15 U.S.C. § 1125(a). All of Abhyanker's claims have been dismissed with prejudice. Nextdoor.com has prevailed on its First and Fourth Causes of Action. And Nextdoor.com's Second Cause of Action was mooted by Abhyanker's concession and withdrawal of his claim that Nextdoor.com was infringing his alleged FATDOOR mark. As to the sole remaining claim, Plaintiff has sought legal relief in the form of statutory damages and equitable relief in the form of an injunction and order for conveyance to Nextdoor.com of the website www.nextdoor.cm (".cm Domain"), (which is the subject of the cybersquatting), as well as recovery, after trial or entry of judgment, of its attorneys' fees.

The amount of statutory damages available is limited to $100,000 by statute. 15 U.S.C. § 1117(d). The attorneys' fees that Nextdoor.com will be seeking to recover for Abhyanker's conduct in this litigation over the last two years are well over an order of magnitude greater than the statutory damages available. The amount of statutory damages available thus are comparatively inconsequential to the overall case. Further, the attorneys' fees and costs of proceeding through the process for a jury trial rather than a bench trial, would likely exceed the amount of statutory damages, as well as require far more expenditure of Court resources. While those attorneys' fees could be recoverable after trial, it can take a long time to enforce a fee judgment. Further, it is not Nextdoor.com's desire to incur unnecessary fees, even if ultimately recoverable, nor to consume Court resources.

FENWICK & WEST LLP
ATTORNEYS AT LAW
SAN FRANCISCO

| MOTION TO DISMISS STATUTORY DAMAGES CLAIM AND STRIKE JURY TRIAL DEMAND | 1 | CASE NO. 3:12-cv-05667-EMC-NMC |
|---|---|---|

By far the more important relief from Plaintiff's perspective is to ensure that Abhyanker refrains from continuing use of Nextdoor.com's NEXTDOOR trademark through the use of the .cm Domain in furtherance of his competing business. This relief should be achievable by entry of an order on Nextdoor.com's Fourth Cause of Action, for trademark infringement as explained in Nextdoor.com's Proposed Form of Judgment submitted after the summary judgment ruling was announced. Dkt. 367.[1] Alternatively, if the Court does not explicitly preclude use of .cm Domain by Abhyanker in its order on the Fourth Cause of Action, this Court will be requested to enter such injunctive relief, plus conveyance of that domain to Nextdoor.com, after trial of the cybersquatting claim.

For these reasons, if this case must proceed to trial, Nextdoor.com is prepared to waive its claim for statutory damages—as it has stated multiple times to Abhyanker, including twice on the record in Court—in order to eliminate the necessity of a jury trial. Abhyanker has declined to agree by stipulation to do so.

When the only relief remaining in a case is equitable, there is no right to trial by jury. *See Anti–Monopoly, Inc. v. Gen. Mills Fun Group*, 611 F.2d 296, 307 (9th Cir.1979). In *Anti-Monopoly,* where plaintiff initially asserted a claim for damages but then withdrew the claim, a jury trial was no longer appropriate because only equitable issues remained in the case. *Id.,* (noting that "[Plaintiff] has not cited any authority for the proposition that, having once asserted a claim for damages, a party may not withdraw such a claim, or that upon such a withdrawal a jury trial remains appropriate although only equitable issues remain in the case."). In a cybersquatting claim, where a party waives any claim to damages such that the only relief sought is appropriate for resolution by the court, no jury trial is warranted. *Starbucks Corp. v. Lundberg*, CV.02-948-

---

[1] Abhyanker has submitted objections to the Proposed Form of Judgment (Dkt. 369) that would undermine the needed relief. Thus, for example, Abhyanker's proposal that the injunction not reach those acting in concert with him (permitting him to transfer .cm Domain to his company, Fatdoor, Inc.) and not reach confusingly similar marks take away the customary scope of an injunction, indeed, the scope to which he previously stipulated. Dkt. 192. Abhyanker's suggestion that he receive a broad carve out for all use of the mark FATDOOR might allow him to use the .cm Domain site to promote or redirect to his Fatdoor.com business. Such a result is not only unsupported by law (*see* Dkt. 367 at pp. 2-3) but would achieve exactly the result that Nextdoor.com seeks to prohibit—the misuse of its mark in a domain name to Abhyanker's commercial advantage.

1  HA, 2005 WL 6036699 (D. Or. May 25, 2005). In *Starbucks*, although the plaintiffs had initially
2  asserted a claim for damages, the court found it appropriate for plaintiff to abandon the damages
3  claim in order to convert the matter from legal to equitable and thereby avoid the necessity of a
4  jury trial. *Id.* (noting that "[c]ourts have held that parties may abandon claims for damages in
5  order to convert the matter from a legal to an equitable claim and avoid a jury trial."). Though
6  advised of this authority, Abhyanker has not identified to Nextdoor.com any authority to the
7  contrary.

8  Accordingly, Nextdoor.com moves to dismiss and withdraw its claim for damages,
9  conditioned on an order of the Court striking Abhyanker's jury demand. *See, e.g., United States*
10 *v. Hempfling*, 1:05-CV-00594 LJO-SMS, 2007 WL 1994069 (E.D. Cal. July 5, 2007) (motion to
11 strike demand for jury trial granted where only equitable relief sought). Although Abhyanker has
12 cited no law for this proposition, should the Court nonetheless conclude that a dismissal of the
13 damages remedy did *not* eliminate a jury trial, then the purpose of conserving judicial resources
14 would not be fulfilled and there would be no reason to waive the damages claim. Hence, the
15 striking of the jury demand should occur concurrently with the Court's order approving dismissal
16 and waiver of the statutory damage claims.

17                         Respectfully submitted,

18 Dated: October 22, 2014      FENWICK & WEST LLP

20                    By: */s/ Laurence F. Pulgram*
                         Laurence F. Pulgram

22                      Attorneys for Plaintiff
                     NEXTDOOR.COM, INC.

Fenwick & West LLP
Attorneys At Law
San Francisco