LAURENCE F. PULGRAM (CSB No. 115163)
lpulgram@fenwick.com
JENNIFER L. KELLY (CSB No. 193416)
jkelly@fenwick.com
ILANA RUBEL (CSB No. 221517)
irubel@fenwick.com
GUINEVERE L. JOBSON (CSB No. 251907)
gjobson@fenwick.com
FENWICK & WEST LLP
555 California Street, 12th Floor
San Francisco, CA 94104
Telephone: 415.875.2300
Facsimile: 415.281.1350

ERIC BALL (CSB No. 241327)
eball@fenwick.com
MATTHEW BECKER (CSB No. 291865)
mbecker@fenwick.com
FENWICK & WEST LLP
Silicon Valley Center
801 California Street
Mountain View, CA 94041
Telephone: 650.988.8500
Facsimile: 650.938.5200

Attorneys for Plaintiff
NEXTDOOR.COM

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| NEXTDOOR.COM, INC., a Delaware corporation,<br><br>Plaintiff,<br><br>v.<br><br>RAJ ABHYANKER, an individual,<br><br>Defendant. | Case No.: 3:12-cv-05667-EMC-NMC<br><br>**PLAINTIFF NEXTDOOR.COM'S RESPONSE TO DEFENDANT RAJ ABHYANKER'S OBJECTIONS TO FORM OF SUMMARY JUDGMENT INJUNCTIVE ORDER (DKT. 369)** |

1  Plaintiff Nextdoor.com, Inc. hereby responds to Defendant Raj Abhyanker's Objections to
2 Form of Summary Judgment Injunctive Order ("Objections") filed October 21, 2014, as
3 Docket 369.

4  Nextdoor.com requests that the Court enter its order defining injunctive relief as soon as
5 practicable, so that the parties may know whether the case will need to proceed to trial on the
6 cybersquatting claim, or whether the injunctive relief on Count IV supplants the need for such a
7 trial. *See* Dkt. 367. With pre-trial submissions due November 4, 2014, time is of the essence.
8 Because the parties have been unable to reach agreement on language, Nextdoor.com responds
9 briefly to Abhyanker's Objections as follows:

10  Abhyanker's objection that the Order should not include the standard language binding his
11 "agents, servants, assigns, employees, and those in active concert or participation with any of
12 them" is contrary to the language of Fed. R. Civ. P. 65(d)(2), which provides that exactly such
13 persons will be bound. The only proposed term not appearing in Rule 65(d)(2) is "assigns,"
14 which the Court has discretion to include and has included in other trademark injunctions. *See,*
15 *e.g., Feiya Cosmetics, LLC v. Beyond Beauty Int'l, LLC*, C 10-0967 PJH, 2011 WL 4506165, at
16 *1 (N.D. Cal. Sept. 29, 2011) (permanent injunction included Rule 65(d)(2) persons plus "privies,
17 successors, and assigns"); *Jet Works Air Ctr. Mgmt. L.L.C. v. Jetworks Int'l, Inc.*, C-09-1395
18 MMC, 2009 WL 2849608, at *1 (N.D. Cal. Sept. 2, 2009) (trademark injunction order including
19 Rule 65(d)(2) persons plus "representatives, successors and assigns").

20  Abhyanker's second objection—that the language proscribing uses that are "confusingly
21 similar" or "colorable imitations" is too vague—ignores his prior stipulation to exactly that
22 language in the prior injunction the Court already issued. *See* Dkt. 193. This type of language is
23 regularly used to prevent evasion of trademark injunctions by using variations or derivatives of
24 the mark. *See, e.g., Feiya Cosmetics, LLC*, 2011 WL 4506165, at *1 (enjoining "colorable
25 imitations"); *Jet Works Air Ctr. Mgmt. L.L.C.*, 2009 WL 2849608, at *1 (enjoining "colorable
26 imitations" or any conduct "likely to confuse"); *Adobe Sys. Inc. v. Colorado Internet Servs., LLC*,
27 3:13-cv-04193-EMC (N.D. Cal. February 27, 2014) (stipulated injunction prohibiting use
28 "confusingly or substantially similar to, or that constitutes a colorable imitation" of trademarks);

FENWICK & WEST LLP
ATTORNEYS AT LAW
SAN FRANCISCO

*BMW of North America, LLC v. Dinodirect Corp.*, 3:11-cv-04598-WHA (N.D. Cal. July 2, 2013) (stipulated injunction barring "confusingly similar" or "colorable imitations").

Third, Nextdoor.com does not agree with Abhyanker that there is any issue respecting the term FATDOOR raised by the proposed order. Abhyanker seems to be angling to leave open the opportunity for his entity Fatdoor, Inc. to continue to misuse www.nextdoor.cm, or the NEXTDOOR mark. If the Court concluded any issue required revision, it could include an express disclaimer that this order did not affect use of the term FATDOOR, so long as the order cannot be misinterpreted to allow use of www.nextdoor.cm or the NEXTDOOR mark to promote Abhyanker's competing Fatdoor, Inc. business. A sentence could be added at the end of paragraph 3 of the Proposed Order (Dkt. 367), to read: "Nothing in the foregoing affects Abhyanker's use of the term 'FATDOOR' in the field of online social networking if separate and unconnected to any use of the term NEXTDOOR, nor alters any ruling in the Court's orders at Dockets 226 or 303 in this action."

Finally, there is no necessity at this time for the Court to make a determination of prevailing parties or attorneys' fees. That issue can be determined on the record at the end of the proceeding, provided in the Court's prior injunction Order. *See* Dkt. 193. For present purposes, all that appears necessary to avoid trial, and further preparation for trial, is entry of an injunction on the Fourth Cause of Action that will allow a voluntary dismissal of the Third by ensuring no continuing misuse of the www.nextdoor.cm domain.

Respectfully,

Dated: October 27, 2014      FENWICK & WEST LLP

By: /s/ *Laurence F. Pulgram*
Laurence F. Pulgram

Attorneys for Plaintiff
NEXTDOOR.COM, INC.

FENWICK & WEST LLP
ATTORNEYS AT LAW
SAN FRANCISCO

NEXTDOOR.COM'S RESPONSE TO ABHYANKER'S OBJECTIONS TO FORM OF SUMMARY JUDGMENT INJUNCTIVE ORDER   2   Case No. 3:12-CV-05667-EMC-NMC