1  LAURENCE F. PULGRAM (CSB No. 115163)
   lpulgram@fenwick.com
2  JENNIFER L. KELLY (CSB No. 193416)
   jkelly@fenwick.com
3  ILANA S. RUBEL (CSB No. 221517)
   irubel@fenwick.com
4  GUINEVERE L. JOBSON (CSB No. 251907)
   gjobson@fenwick.com
5  FENWICK & WEST LLP
   555 California Street, 12th Floor
6  San Francisco, CA 94104
   Telephone: (415) 875-2300
7  Facsimile: (415) 281-1350

8  ERIC J. BALL (CSB No. 241327)
   eball@fenwick.com
9  MATTHEW B. BECKER (CSB No. 291865)
   mbecker@fenwick.com
10 FENWICK AND WEST LLP
   801 California Street
11 Mountain View, CA 94041
   Telephone: (650) 988-8500
12 Facsimile: (650) 938-5200

13 Attorneys for Plaintiff
   NEXTDOOR.COM, INC.

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| NEXTDOOR.COM, INC., a Delaware corporation,<br><br>Plaintiff,<br><br>v.<br><br>RAJ ABHYANKER, an individual,<br><br>Defendant. | Case No.: 3:12-cv-05667-EMC-NMC<br><br>**PLAINTIFF NEXTDOOR.COM, INC.'S MOTION *IN LIMINE* NO. 3 TO JEFFREY SHELDON TESTIMONY**<br><br>Final Pretrial<br>Conference: November 25, 2014<br>Time: 2:30 p.m.<br>Courtroom: 5, 17th Floor<br>Judge: Hon. Edward M. Chen<br>Trial Date: December 8, 2014 |

**REDACTED VERSION OF DOCUMENT SOUGHT TO BE FILED UNDER SEAL**

**NOTICE OF MOTION AND MOTION**

**TO ALL PARTIES AND THEIR COUNSEL OF RECORD**:

**PLEASE TAKE NOTICE THAT** Plaintiff Nextdoor.com, Inc. ("Nextdoor.com") will and hereby does move the Court *in limine* for an order excluding Defendant Raj Abhyanker ("Abhyanker") from presenting directly or indirectly, any evidence, argument, or other assertion relating to the testimony of Jeffery Sheldon. Nextdoor.com's motion is based upon this Notice of Motion and Motion, the accompanying Memorandum of Points and Authorities, the Declaration of Jennifer L. Kelly In Support of Plaintiff Nextdoor.com, Inc.'s Motions *in Limine* Nos. 1-3 ("Kelly Decl."), the pleadings and other papers on file with the Court in this matter, and such further argument and evidence which may be presented at or before the pretrial conference.

# MEMORANDUM OF POINTS AND AUTHORITIES

## INTRODUCTION

Nextdoor.com, Inc. respectfully requests, under Federal Rules of Evidence 401, 403 and 702, that the Court grant Nextdoor.com's Motion *in Limine* Number 3 and exclude Jeffrey Sheldon, Abhyanker's purported patent expert, from testifying on behalf of Raj Abhyanker.

Sheldon has no testimony relevant to the remaining issue: whether Abhyanker's registration in 2011 and thereafter use of the www.nextdoor.cm domain (the ".cm Domain) was in bad faith. Sheldon's opinion does not address: (1) Abhyanker's ownership of any trademark or any other intellectual property rights *in,* rather than *relating to,* NEXTDOOR or the www.nextdoor.cm domain (*see* 15 U.S.C. § 1125(d)(1)(B)(i)(I)); (2) Abhyanker's bad faith acquisition or use of www.nextdoor.cm in *2011*; (3) whether the patent and applications Sheldon reviewed were even valid; and (4) whether these patent and applications were validly assigned or licensed. In fact, ███████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████ Beyond this irrelevant opinion on patent law, Sheldon has no information to provide the Court and should be excluded under Rule 401.

Besides being irrelevant, permitting Sheldon to testify will be an unnecessary waste of time and confuse the issues. To evaluate and respond to Sheldon's testimony the parties would have to conduct multiple mini-trials regarding: (1) the validity of the patent and applications; (2) ownership of the patent and applications; (3) whether these applications contain elements needed to create priority for a valid patent; (4) Abhyanker's fabrication of assignments to himself relating to the patent and applications (as documented by the actual prior owners of the patents);[1] and (5)

---

[1] The latest fabrication is exposed in a lawsuit filed against Abhyanker by his former client, GeoTag, Inc. GeoTag alleges, with reference to supporting documents, that Abhyanker assigned one of GeoTag's applications to himself without its knowledge or authorization. *See* Kelly Decl., Ex. Q (*GeoTag, Inc. and IP Analytics, LLC v. Raj Abhyanker et. al.,* Case No. 4:14-cv-00562, E.D. Texas, Amended Complaint filed October 13, 2014) (asserting claims for breach of fiduciary duty; malpractice/professional negligence).

FENWICK & WEST LLP
ATTORNEYS AT LAW
SAN FRANCISCO

1  Abhyanker's ethical violations in assigning to himself the application of his client. Yet, even
2  after these issues were decided, ███████████████████████████████████
3  ███████████████████████████████ which does not and cannot suggest that Abhyanker
4  owned any rights in the NEXTDOOR name or mark in December 2011, when Abhyanker
5  registered the .cm Domain. Thus, any probative value of Sheldon's testimony is outweighed by
6  the waste of time and confusion of the issues caused by multiple mini-trials on issues of patent
7  law. Sheldon's testimony should be excluded under Rule 403.

8  Finally, Sheldon's testimony should be excluded for a third reason: under Rule 702 and
9  the Supreme Court's *Daubert* line of cases, Sheldon's opinion is based on unsupported
10 speculation and does not help the Court decide Abhyanker's bad faith. The Court does not need
11 Sheldon's opinion to reach the conclusion that if there is a legitimate owner of a valid patent
12 right, then that legitimate owner owns rights in the valid patent. This tautology is unhelpful to the
13 Court, does nothing to refute Abhyanker's bad faith, and should be excluded under Rule 702.

## **FACTUAL BACKGROUND**

15 Sheldon's opinion addresses ████████████████████████████████
16 ██████████████████████████████████████████████████████████
17 ████████████████████████████████████████████████████ Sheldon
18 concedes, however, ███████████████████████████████████████████
19 ██████████████████████████████████████████████████████████
20 ██████████████████████████████████████████████████████████
21 ██████████████████████████████████████████████████████████
22 █████████████████████████████████████████████████████████
23 ██████████████████████████████████████████████████████████
24 ████████████████
25 Sheldon first opines, ████████████████████████████████████████
26 █████████████████████████████████████████████████████████
27 ██████████████████████████████████████████████████████████
28 ████████████████████████████████████████████████

That Abhyanker was aware of www.nextdoor.com is undisputed. Indeed, Nextdoor.com has never disputed that Abhyanker conceived of an idea, considered purchasing (but did not purchase) the www.nextdoor.com domain, and that he then transferred the concept to Fatdoor, Inc. in 2007. What Nextdoor.com consistently has maintained—and what the Court has already found—is that Nextdoor.com took *nothing* from Abhyanker when it formed its successful network four years later. Sheldon's undisputed opinion regarding Abhyanker's knowledge of www.nextdoor.com is irrelevant and unhelpful to any remaining issue in this case.

Next, Sheldon opines that ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮

From these assumptions, Sheldon opines that ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮ But the patent regime does not provide rights to a name; trademark does. ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮[2]

---

[2] Indeed, Sheldon cannot opine that Abhyanker has any rights in the NEXTDOOR name or mark since the Court has already found that Nextdoor.com owns and has trademark rights in the NEXTDOOR mark prior to any of Abhyanker's purported rights. *See* Dkts. 192, 193 and 361.

1 ▮

2 ▮

3 ▮

4     Finally, Sheldon offers no opinion relating to any of the bad faith factors under the Anti-Cybersquatting law. 15 U.S.C. § 1125(d)(1)(B). ▮

6 ▮

7 ▮ Even still, Sheldon's opinion does not address: (1) whether Abhyanker owns "any intellectual property rights *in* . . . the [www.nextdoor.com] domain name"; (2) whether www.nextdoor.com was ever used to identify Abhyanker personally; or (3) whether he ever used the www.nextdoor.com domain to offer any goods or services.

## ARGUMENT

    Sheldon should be excluded from testifying for at least three reasons. First, his opinion regarding patent rights, divorced from the domain at issue, the critical time period, and any of the bad faith factors of the Anti-Cybersquatting statute is irrelevant under Rule 401. Second, his opinion regarding patent rights would require a series of mini-trials regarding issues unnecessary to deciding Abhyanker's bad faith. The waste of time and confusion caused by these mini-trials would outweigh any probative value of his testimony. Third, his tautological opinion that if one owns a patent, then one owns patent rights relating to the patent, is unhelpful to this Court's evaluation of Abhyanker's bad faith.

### I. SHELDON'S TESTIMONY IS IRRELEVANT UNDER RULE 401

    Sheldon's opinion, and thus his testimony, does not address any facts relating to the core issue remaining in dispute. ▮

23 ▮

24 ▮

25 ▮ Rather than address these issues, ▮

27 ▮

28 ▮

FENWICK & WEST LLP
ATTORNEYS AT LAW
SAN FRANCISCO

1 ▮

2 ▮

3 ▮

4     Given Sheldon's failure to offer an opinion regarding any issues remaining in this case, Abhyanker cannot meet his burden of establishing relevancy. Sheldon's testimony must therefore be excluded under Rule 401. *See also*, *Jinro v. Secure Investments, Inc*. 266 F.3d 993, 1011 (9th Cir. 2001) (concurring opinion) (concurring in the exclusion of expert testimony under Rule 401 which was "simply not relevant to any issue in this case.").

    To the extent any purpose may be divined for offering Sheldon, it appears to be to bolster Abhyanker's purported good faith by substantiating a potential basis for Abhyanker to believe he had a right to squat on the domain. But nothing that Sheldon offers comes close. Sheldon cannot testify as to what Abhyanker believed. ▮

▮

▮

▮ *See* 15 U.S.C. § 1125(d)(1)(B)(i)(I). If a party has intellectual property rights *in the domain name—e.g.*, trademark rights, or publicity rights (such as Kanye.com)—such ownership of rights in the domain would weigh against finding use of the domain in bad faith. ▮

▮ Nor has even Abhyanker ever claimed patent rights in the domain name, since it is not a patentable subject matter. *See, e.g.*, 35 U.S.C. § 101 *et seq*. In any event, ▮

▮

▮

## II. UNDER RULE 403 ANY PROBATIVE VALUE OF SHELDON'S TESTIMONY IS OUTWEIGHED BY THE COSTS

▮

▮

▮

FENWICK & WEST LLP
ATTORNEYS AT LAW
SAN FRANCISCO

▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇ Until these assumptions are established as evidentiary facts, his opinion has no conceivable probative value. Abhyanker cannot have any patent rights even "related to" a word in the patent if the patent is invalid. Similarly Abhyanker cannot own patent rights if he fabricated the assignment or license for the patent. Yet here, that is exactly what Abhyanker appears to have done—assigning to himself the rights in an application that was owned by his client, GeoTag, not only without its consent, but without any written disclosure as required for entering such a transaction under California Rules of Prof. Conduct 3-300. Kelly Decl. at Ex. Q (GeoTag's malpractice and conversion complaint).

Thus, before there is any conceivable relevance to Sheldon's opinion, the parties would have to first conduct mini-trials regarding patent validity and Abhyanker's purported acquisition of any rights in the patent and applications.[3] And these trials would occur without any discovery on the patent issues, as Abhyanker has insisted, in opposing relation of the patent cases to this one, that the patent claims were entirely unrelated to this one. *See, e.g.*, Dkt. 236.

The waste of time and confusion of issues caused by multiple mini-trials regarding patent law outweighs any limited probative value of Sheldon's opinion. *See* Fed. R. Evid. 403; *United States v. Hoac,* 990 F.2d 1099, 1103 (9th Cir. 1993); *Tennison v. Circus Circus Enterprises, Inc.*, 244 F. 3d 684, 690 (9th Cir. 2001) (affirming exclusion of evidence on Rule 403 grounds, which might have resulted in a mini-trial and waste of time, in part because the trial court "enjoys considerable discretion" in weighing the probative value of testimony under Rule 403). Given that the most Sheldon could establish, even after those mini-trials, would be ownership of patent rights, not trademark rights, and in 2014, not 2011, Rule 403 counsels exclusion.

### III. UNDER RULE 702 SHELDON'S TESTIMONY IS UNHELPFUL AND NOT SUPPORTED BY SUFFICIENT FACTS

A witness may not offer expert opinion testimony unless the testimony "will help the trier

---

[3] Indeed there are already pending two separate actions relating to the ownership and validity of the patent and applications. *See*, *GeoTag, Inc. and IP Analytics, LLC v. Raj Abhyanker et. al.,* Case No. 4:14-cv-00562 (asserting that Abhyanker fabricated documents to claim ownership in the '194 application); *Fatdoor, Inc. v. Nextdoor.com, Inc.*, Case No. 4:14-cv-2335-BLF, N.D. California, Complaint filed May 20, 2014 (requesting an adjudication relating to the '328 patent). There is no need to take up this Court's time regarding issues to be decided elsewhere.

of fact to understand the evidence or to determine a fact in issue." Fed. R. Evid. 702(a). For expert testimony to meet this helpfulness requirement, it must "address an issue beyond the common knowledge of the average layman." *United States v. Vallejo*, 237 F.3d 1008, 1019, *opinion amended on denial of reh'g*, 246 F.3d 1150 (9th Cir. 2001). Expert testimony is unhelpful where the factfinder is "fully capable of understanding the evidence and deciding the issues through the use of its common knowledge and common sense." *In re Apollo Grp. Inc. Sec. Litig.*, 527 F. Supp. 2d 957, 961-62 (D. Ariz. 2007) (quoting 3 Weinstein & Berger, ¶702.03[2][a], at 702-36). Abhyanker bears the burden of establishing admissibility and thus the helpfulness of Sheldon's testimony. *See Bourjaily v. United States*, 483 U.S. 171, 175-76 (1987).

Here, Sheldon's opinion that ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮

▮▮ The Court does not need expert testimony to help it understand that, assuming one owns rights in a written thing (*e.g.*, a book), then the owner has rights *related to* the words in that thing. ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮ *See* 15 U.S.C. § 1125(d)(1)(B)(i)(I). Nor does it support the right to imitate another's website.

Finally, Sheldon's speculative assumptions that ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮ ▮▮▮▮ have no factual basis for or analysis supporting them. This further renders his opinion excludable under Rule 702(b) and (d) as not "based on sufficient facts or data" and not "reliably applying any principle and method to the facts of the case."

## **CONCLUSION**

Nextdoor.com respectfully requests that the Court grant this motion *in limine* and exclude Jeffrey Sheldon's, irrelevant and unhelpful testimony regarding unrelated patent issues. Absent exclusion, Nextdoor.com requests leave to supplement its witness and exhibit lists to submit additional evidence regarding: (1) ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮ ▮▮▮▮ report; (2) Abhyanker's non-ownership of the patent and applications at issue; and (3) Abhyanker's fabrication of documents relating to the patent and applications at issue.

FENWICK & WEST LLP
ATTORNEYS AT LAW
SAN FRANCISCO

NEXTDOOR.COM'S MOTION *IN LIMINE* NO. 3
TO JEFFREY SHELDON'S TESTIMONY

7

CASE NO. 3:12-CV-05667-EMC-NMC

Dated: October 24, 2014      FENWICK & WEST LLP

By: */s/ Laurence F. Pulgram*
    Laurence F. Pulgram

Attorneys for Plaintiff
NEXTDOOR.COM, INC.

DAVID S. LAVINE, SBN 166744
dave@legalforcelaw.com
NICHOLAS M. GEROVAC, SBN 289910
nick@legalforcelaw.com
LEGALFORCE RAJ ABHYANKER, P.C.
1580 W. El Camino Real, Suite 13
Mountain View, California 94040
Telephone: 650.965.8731
Facsimile: 650.989.2131

Attorneys for Defendant Raj Abhyanker

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| NEXTDOOR.COM, INC., a Delaware corporation,<br><br>Plaintiff,<br><br>v.<br><br>RAJ ABHYANKER, an individual,<br><br>Defendant. | Case No. 3:12-cv-05667-EMC-NMC<br><br>**DEFENDANT RAJ ABHYANKER'S OPPOSITION TO PLAINTIFF NEXTDOOR.COM, INC.'S MOTION IN LIMINE NO. 3 TO EXCLUDE TESTIMIONY OF JEFFREY SHELDON** |

Defendant Raj Abhyanker ("Abhyanker") hereby opposes the motion *in limine* of plaintiff Nextdoor.com, Inc. ("Nextdoor.com") to exclude the testimony of expert Jeffrey Sheldon ("expert Sheldon") in its entirety.

The remaining issue in this case centers around a central element of the Anticybersquatting Consumer Protection Act (ACPA), that is, whether Abhyanker had a "bad faith intent to profit" when he registered the domain in question, nextdoor.cm. The statutory framework addressing what constitutes a "bad faith intent to profit" is complex and multifaceted. One of the key elements to examine in determining whether a defendant had a "bad faith intent to

-1-

profit" is whether the defendant had "trademark or *other intellectual property rights* . . . in the domain name." 15 U.S.C. § 1125(d)(1)(B)(i)(I). Abhyanker registered the domain name in question precisely because of the other intellectual property rights he held containing the same name. Abhyanker choose the domain name of nextdoor.cm, in part, because the domain name's main elements appear within a patent held by Abhyanker.

At trial, defendant intends to show, *inter alia*, that the other intellectual property – that is, patent – rights Abhyanker held in the domain name in question establish that he did not act with a bad faith intent to profit when registering the domain name. The patent rights asserted by Abhyanker here are complicated and necessarily benefit from a through and complete expert's explanation. Patents are long, at times confusingly worded, and, with an entire field of law dedicated to their drafting and prosecution, are of a character wholly unto themselves. Therefore, defendant enlisted the aid of expert Sheldon to review, analyze, and explain ownership rights in, and the legal consequences of, aspects of the patents Abhyanker filed as an inventor. At trial, expert Sheldon is anticipated to do exactly that. Expert Sheldon will explain the various components of a patent, and the legal ramifications for certain words or terms appearing in them. Such evidence will provide support for Abhyanker's working in good faith to protect intellectual property interests generated from the patents. Of particular importance to Nextdoor.com's motion: that good-faith reliance by Abhyanker would not be affected even if the intellectual property rights expert Sheldon discusses did not, in fact, accrue in the manner in which Abhyanker thought, so long as he genuinely believed in the accrual of those rights, and his thinking was reasonable for an inventor in his situation.

Despite the clear relevance and importance of expert Sheldon's testimony, Nextdoor.com has moved to have it excluded from this trial. Abhyanker opposes this motion. Sheldon's explanation and review is necessary in order to properly and sufficiently understand the basis for a chief component of Abhyanker's defense as to why any bad faith with intent to profit is absent in this case. As such, his testimony is relevant, even critical, and he should be allowed to testify in this case.

**Argument**

Nextdoor.com has objected to the testimony of expert Sheldon at trial on the basis of Federal Rule of Evidence 401, 403, and 702.

A. Sheldon's Testimony Is Relevant.

Nextdoor.com first objects to the testimony of expert Sheldon on the basis of Federal Rule of Evidence 401, which states that "evidence is relevant if . . . it has any tendency to make a fact more or less probable than it would be without the evidence; and the fact is of consequence in determining the action."

To be admissible as relevant, evidence is only required to "logically advance a material aspect of the party's case." *Cooper v. Brown*, 510 F.3d 870, 942 (9th Cir. 2007). Sheldon's expert testimony will do exactly that: it will help advance and explain complicated issues surrounding a key factor used to determine the lack of bad faith with an intent to profit by the defendant in this case.

The issue remaining to be tried in this case is whether the defendant violated 15 U.S.C. § 1125(d)(1)(A) of the ACPA. To be found liable under the ACPA, the defendant must have, amongst other things, had "a bad faith intent to profit" from a mark that was registered as a domain name. 15 U.S.C. § 1125(d)(1)(A)(i)-(ii); *Interstellar Starship Servs. v. Epix, Inc.*, 304 F.3d 936, 946 (9th Cir. 2002) ("A finding of 'bad faith' is an essential prerequisite to finding an . . . ACPA . . . violation."). The ACPA includes a list of nine statutory factors that are designed to help guide a court's determination as to "whether a person has a bad faith intent" described under the statute. 15 U.S.C. § 1125(B)(i). The very first of these factors examines "the trademark *or other intellectual property rights* of the person, if any, in the domain name." 15 U.S.C. § 1125(d)(B)(i)(I) (emphasis added). The ACPA further provides that registrants who "believed and had reasonable grounds to believe that the use of the domain name was a fair use or otherwise lawful" cannot be found to have the bad faith intent required under the statute. 15 U.S.C. § 1125(d)(B)(ii).

-3-
OPPOSITION TO MOTION IN LIMINE TO EXCLUDE TESTIMONY OF JEFFREY SHELDON
Case No. 3:12-cv-05667-EMC-NMC

Nextdoor.com has attempted to confuse the issue as to the purpose of expert Sheldon's testimony. Expert Sheldon will testify and explain the basis behind the defendant's belief that he had rights in the domain name at the time of registration. An important part of Abhyanker's belief in these rights stems from the appearance of the words "Nextdoor" in patent applications filed by Mr. Abhyanker. If, at the time of registering the domain name in question, Mr. Abhyanker held a reasonable belief that the appearance of the words "Nextdoor" in his previously filed patent applications granted him intellectual property rights in that name, then Mr. Abhyanker can make a critical showing that he lacked the required bad faith intent to profit in attempting to use that name, and therefore did not violate the ACPA.

Expert Sheldon's testimony will provide valuable and highly-relevant insight into the patent drafting and prosecution process, which is a difficult, tricky, and foreign process to most. The facts of this case present something of a unique circumstance, in that inventor Abhyanker is also a patent prosecution lawyer, and thus is and was well versed in patent minutia when he registered the nextdoor.cm domain name. Indeed, it was Abhyanker's personal knowledge of the inner workings of patent law that were in mind when he registered the nextdoor.cm domain name, as he drew upon the significance of the fact that Nextdoor appeared in his protected patents, and he therefore believed that he was registering the domain name in good faith. Through his testimony of the accrual of intellectual property ownership rights from patents, expert Sheldon will lend credence to Abhyanker's conducting himself in good faith to protect his interests.

Critically, Nextdoor.com does not attempt to base its objection on the argument that the words "*other intellectual property rights*" found within the text of the ACPA do not include patent rights. The text of the statute in question is broadly written, by design, and on its face includes rights arising out of all manner of intellectual property rights, including those generated from patents.

Moreover, these same facts constitute a "unique circumstance" to be considered as part of Abhyanker's defense. *See Interstellar Starship*, 304 F.3d at 946-47 ("Congress did not mean these factors to be an exclusive list; instead, the most important grounds for finding bad faith are

-4-

the unique circumstances of the case, which do not fit neatly into the specific factors enumerated by Congress") (internal quotations omitted). The fact that an inventor is himself a patent prosecutor with an understanding, guided both by his own knowledge and that of more skilled patent lawyers he consulted, of the interplay between patent rights and trademark rights, speaks to his good faith in attempting to protect his intellectual property rights, in a mutually-supporting sequence, in both the patent and trademark arenas.

Abhyanker's intent when he registered the domain name in question, and whether he subjectively held a reasonable belief that he had the right to use the term Nextdoor as part of a domain name based on the appearance of the very same words in patents filed by Abhyanker, is the central issue in the remaining portion of this case. Expert Sheldon, through careful and helpful testimony, will explain how that belief came to be, and will lend credence to how the belief is in fact a reasonable one, in light of ownership rights growing out of the patent materials he has been asked to review.

### B. The Probative Value of Expert Sheldon's Testimony is Not Substantially Outweighed By Undue Delay or Other Risk Identified by Rule of Evidence 403

Nextdoor.com also objects to expert Sheldon's testimony on the grounds of Federal Rule of Evidence 403, which states that a court "may exclude relevant evidence if its probative value is *substantially* outweighed by a danger of one or more of the following: unfair prejudice, confusing the issues, misleading the jury, undue delay, wasting time, or needlessly presenting cumulative evidence." (emphasis added).

Nextdoor.com appears to base its Rule 403 objections around the idea that multiple "mini-trials" will need to be conducted before expert Sheldon can testify in this case. That is simply not true. Expert Sheldon will testify at trial primarily about the various components in a patent and the patent drafting process, and how intellectual property ownership rights then follow. He will provide important testimony to help explain how it is objectively reasonable that Abhyanker held the belief that the appearance of the words "Nextdoor" in the patent applications granted him legal, enforceable rights. No "mini-trial" or other extended session is required for expert Sheldon

to testify in this case, as he need only explain how the components of a patent application work, and how an individual who accrues such rights would understand their significance and enforceability.

### C. Sheldon's Testimony is Necessary and Helpful to Assist the Trier of Fact and is Based on Sufficient Facts.

Finally, Nextdoor.com has objected to expert Sheldon's testimony in this case on the basis that it will not meet the requirements for expert testimony set forth in Federal Rule of Evidence 702. Nextdoor.com states that expert Sheldon does not meet the standard set forth in 702(a), which requires that "the expert's scientific, technical, or other specialized knowledge will help the trier of fact to understand the evidence or to determine a fact in issue."

Nextdoor.com bases this objection around the false premise that expert Sheldon will testify to the notion that if one owns rights in a written thing like a book, then the owner has rights related to the words in that thing. This objection, however, misses the point and purpose of expert Sheldon's testimony. Expert Sheldon is a highly qualified expert in the field of patent prosecution: he is the author of an entire treatise dedicated to the art of writing patent applications, has written over thirty published articles on the topic of patent law, and has served as an expert witness in ten prior proceedings. Expert Sheldon will explain and call attention to the various components of a patent application and the significance of words appearing in a patent application as a means of generating intellectual property ownership rights. Expert Sheldon can and will provide valuable and meaningful testimony to help guide the court in its determination as to the various components and structure of a patent in light of the requirements inherent in patent prosecution. This explanation, in turn, will be of significant help in reaching a determination as to whether Abhyanker lacked a bad faith intent to illicitly profit from Nextdoor.com when registering the domain name in question based on his earlier use of the term Nextdoor inside the patent applications examined by expert Sheldon.

**Conclusion**

For all of the aforementioned reasons, Abhyanker respectfully contends that expert Sheldon should be permitted to testify at trial in this case. He will provide valuable, highly relevant testimony that will reflect on whether defendant Abhyanker lacked the required bad faith intent to profit from a competitor when registering the domain name in question based on an examination and discussion of the components of two patents that utilize the very same word Abhyanker registered as a domain name.

Respectfully submitted,

Dated: October 31, 2014  LEGALFORCE RAJ ABHYANKER, P.C.

___/s/ david lavine_____
DAVID LAVINE
Attorney for Defendant RAJ ABHYANKER