DAVID S. LAVINE, SBN 166744
dave@legalforcelaw.com
NICHOLAS M. GEROVAC, SBN 289910
nick@legalforcelaw.com
LEGALFORCE RAJ ABHYANKER, P.C.
1580 W. El Camino Real, Suite 13
Mountain View, California 94040
Telephone: 650.965.8731
Facsimile: 650.989.2131

Attorneys for Defendant Raj Abhyanker

**UNITED STATES DISTRICT COURT**

**NORTHERN DISTRICT OF CALIFORNIA**

**SAN FRANCISCO DIVISION**

NEXTDOOR.COM, INC., a Delaware corporation,

Plaintiff,

v.

RAJ ABHYANKER, an individual,

Defendant.

Case No. 3:12-cv-05667-EMC-NMC

**DEFENDANT RAJ ABHYANKER'S AMENDED MOTION IN LIMINE No. 2 TO EXCLUDE THE TESTIMONY OF EXPERT WITNESS DAVID McCAIN, AND DILIGENCE CD AND COVERS EXAMINATION**

Defendant Raj Abhyanker ("Abhyanker") hereby moves to exclude the testimony of expert witness David McCain, and what has become known as the diligence CD and covers he examined, due to the irrelevance of his opinions and this material to the remaining claims and defenses at issue.

Pertinent Procedural Posture

During the expert discovery phase of this case, plaintiff Nextdoor.com, Inc. ("Nextdoor.com") engaged David McCain as a testifying expert on forensic computing. As part of his expert assignment, Mr. McCain examined many electronic documents found on hard drives

given to him for forensic review. Chief among the items examined was the contents of the diligence CD prepared by an entity known as Fatdoor, Inc. as it pursued venture capital funding, as well as the covers of the diligence CD. Mr. McCain gave much time in his report and deposition testimony to the search for references to the Lorelei neighborhood of Menlo Park, as the selection of that neighborhood as a pilot for initial testing of both Abhyanker's and Nextdoor.com's neighborhood-based social networking platforms was a key issue earlier in the case, but no longer is with respect to the remaining claims and defenses. For his part, Abhyanker engaged Jon Berryhill as a consultant and then as a testifying expert in the same area of expertise.

The case has since been narrowed to two claims - trademark infringement and trademark cybersquatting.

Argument

Both of the active claims speak to specific conduct involving allegedly-illicit use of the Nextdoor trademark dating back to 2011. By contrast, Mr. McCain's opinions and planned testimony speak to the alleged tampering of computerized documents during litigation, which initiated in 2012. Moreover, none of the documents about which he offers a forensic computing opinion speak at all to any illicit use of the Nextdoor trademark; rather they speak to earlier business developments by Abhyanker in trying to raise the profile of and money for an entity known as Fatdoor, Inc. None of the documents commented on by Mr. McCain figure into whether Mr. Abhyanker infringed or cybersquatted during the 2011 early stage of the unregistered Nextdoor mark. This is also true of the diligence CD, whose contents and covers are simply not in play with respect to the remaining two claims or any defenses to them.

In short, Mr. McCain's testimony, and the diligence CD and its covers, add nothing to the evaluation of the evidence supporting the elements of or the defenses to the pending claims. Rather, it is abundantly clear that Mr. McCain was engaged for the purpose of, and directed his opinions to, perceived discovery abuse through concerns about document fabrication or tampering. Such evidence may speak to a sanctions motion planned by Nextdoor.com, but the Court has ordered that any such motion - and any discovery in support of it - be pursued only

following trial, and not before or during trial. (Dkt. 241). To the extent that Nextdoor.com is still interested in McCain's opinions and testimony, or in the contents or covers of the diligence CD, it must wait to present them until after trial in a post-trial hearing.

Respectfully submitted,

Dated: October 31, 2014

LEGALFORCE RAJ ABHYANKER, P.C.

(NG)

DAVID LAVINE
Attorney for Defendant RAJ ABHYANKER

**Case Name:**

**Nextdoor.com v. Raj Abhyanker USDC NO CA 3:12-cv-05667 RMC-NMC**

**PROOF OF SERVICE**

I am over the age of eighteen years and not a party to the above-entitled action; my business address is 1580 W. El Camino Real, Suite 3, Mountain View, CA 94040

On the date of execution of this Proof of Service, I served the attached

Defendant's Amended Motion In Limine No. 2 to exlude the testimony of expert witness David McCain, and diligence CD and Covers examination

on the interested parties in the within action by placing a true copy thereof enclosed in a sealed envelope addressed as follows:

Eric Ball
Matthew Becker
Fenwick and West
801 California St.
Mountain View, CA 94041

______ **[By Mail]** I placed each such sealed envelope, with postage thereon fully prepaid for first-class mail, for collection and mailing at San Jose, California, following ordinary business practices. I am readily familiar with this company's practice for processing of correspondence; said practice being that in the ordinary course of business, correspondence is deposited in the United State Postal Service the same day as it is placed for processing.

______ **[By Facsimile]** I caused said document to be transmitted by Facsimile machine to the number indicated after the address(es) noted above. A copy of said document was also sent by first class mail on the same date.

__X___ **[By Personal Service]** I delivered such envelope by hand to the addressees as listed above.

I declare under penalty of perjury, under the laws of the state of California, that the foregoing is true and correct.

Executed on October 31, 2014 at Mountain View, California.

Chancellor Tseng

Law Offices of
Richard J. Staskus, A.P.C.
94 W. Santa Clara Street
Suite 850
San Jose, CA 95113
(408) 995-0800

LAURENCE F. PULGRAM (CSB No. 115163)
lpulgram@fenwick.com
JENNIFER L. KELLY (CSB No. 193416)
jkelly@fenwick.com
ILANA RUBEL (CSB No. 221517)
irubel@fenwick.com
GUINEVERE L. JOBSON (CSB No. 251907)
gjobson@fenwick.com
FENWICK & WEST LLP
555 California Street, 12th Floor
San Francisco, CA 94104
Telephone: 415.875.2300
Facsimile: 415.281.1350

ERIC BALL (CSB No. 241327)
eball@fenwick.com
MATTHEW BECKER (CSB No. 291865)
mbecker@fenwick.com
FENWICK & WEST LLP
Silicon Valley Center
801 California Street
Mountain View, CA 94041
Telephone: 650.988.8500
Facsimile: 650.938.5200

Attorneys for Plaintiff
NEXTDOOR.COM

FENWICK & WEST LLP
ATTORNEYS AT LAW
SAN FRANCISCO

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

NEXTDOOR.COM, INC., a Delaware corporation,

Plaintiff,

v.

RAJ ABHYANKER, an individual,

Defendant.

Case No.: 3:12-cv-05667-EMC-NMC

**PLAINTIFF NEXTDOOR.COM'S OPPOSITION TO DEFENDANT RAJ ABHYANKER'S *MOTION IN LIMINE* NO. 2 TO EXCLUDE TESTIMONY OF DAVID MCCAIN AND DIGILENCE CD AND COVERS EXAMINATION**

Final Pretrial Conference: November 25, 2014
Time: 2:30 p.m.
Courtroom: 5, 17th Floor
Judge: Hon. Edward M. Chen
Trial Date: December 8, 2014

FENWICK & WEST LLP
ATTORNEYS AT LAW
SAN FRANCISCO

## INTRODUCTION AND SUMMARY

This trial is about whether Raj Abhyanker's registration and use of the www.nextdoor.cm domain was a bad faith play for competitive advantage against Plaintiff Nextdoor.com, Inc. Abhyanker previously admitted he registered the .cm Domain because he was upset and mad. At trial he hopes to counteract that by claiming he believed he "had senior rights to and in the NEXTDOOR mark" when he grabbed the .cm Domain just weeks after Nextdoor.com launched. *See* Defendant's Disclosure of Witnesses, Abhyanker entry. Whether Abhyanker actually and reasonably believed he had a right to use NEXTDOOR, or whether he fabricated evidence to make it *look* like he did, is exactly what forensic expert David McCain will testify about. Simply put, McCain will testify that Abhyanker fabricated or spoliated evidence in at least three areas showing that Abhyanker could not have believed, in good faith, that he had senior rights.

in them.

Numerous additional files altered on December 5, 2013 also inserted the word "Nextdoor" instead of, or in addition to "Fatdoor," on contents in the diligence CD. Why? So that he could claim he had some continued interest in the NEXTDOOR name long after he opted to use the name Fatdoor instead. *See id.* at ¶ 17 and Exs. 20.1 – 25. 2.

Abhyanker's Motion *in Limine* No. 2 ("MIL No. 2") casually ignores the actual content of the McCain report and the Diligence CD. Instead, the motion sweeps with a broad brush into a category it labels "perceived discovery abuse," relevant only to a sanctions or fees motion. MIL No. 2 at 2. Certainly this conduct will be relevant to an eventual fees motion, as well as to Abhyanker's credibility. But for present purposes, this evidence is relevant precisely to the issue that is front and center at trial: whether Mr. Abhyanker can prove a good faith basis to believe that he had rights in NEXTDOOR, when the purported basis for such rights depends on falsified web-pages, falsified assignments, and falsified PowerPoints and CDs.[1]

Abhyanker's motion also cavalierly asks for an order excluding from trial the entire

[1] To be sure, there have also been other fabrications, spoliations and non-productions by Mr. Abhyanker that do not so directly relate to his claim of a good faith basis to believe he had rights in the NEXTDOOR mark. But the existence of even more misconduct does not warrant exclusion of what is directly relevant here.

FENWICK & WEST LLP
ATTORNEYS AT LAW
SAN FRANCISCO

"contents or covers of the diligence CD," without providing the Court any evidence of what is in them. Beyond the fabricated PowerPoint, there are literally hundreds of files on the CD that Abhyanker claims he provided to Benchmark, and dozens are potentially relevant to this case. *See* Kelly Opp. Decl. ¶ 12, Ex. 14 (compiling list of documents on the asserted Benchmark diligence CD). Ironically, Abhyanker himself has included excerpts from over 5,000 pages of documents that he selected from the diligence files in the records of another investor in Fatdoor. *See* Defendant Exhibit, Nextdoor – Goodwin 00025 – 05820 (diligence documents obtained by Nextdoor from Goodwin Procter, counsel for investor Norwest).

Abhyanker's bare desire to exclude these records, simply to avoid the incriminating facts about his fabrication of evidence relevant to his own good faith belief in his case, has no basis.

## BACKGROUND

In the Spring of 2014 Nextdoor.com's counsel noticed anomalies in the documents produced by Abhyanker raising suspicion of evidence tampering. Kelly Opp. Decl. ¶ 16. On May 1, counsel raised this concern with prior counsel for Abhyanker, including the specific example of the altered PowerPoint and diligence CD. *Id.* That prior counsel immediately contacted a forensic expert, Mr. Berryhill (whom Abhyanker has offered as a witness in this action). *Id.* Counsel subsequently stipulated (Dkt. 213), and Judge Cousins ordered (Dkt. 223), that Abhyanker's media be immediately sequestered from his control and imaged to preserve a record against future alterations. Although Nextdoor.com initially was offered the opportunity to jointly direct Mr. Berryhill's collection and analysis of records, that offer was rescinded before work began. *Id.*[2] As a result, Nextdoor.com engaged its own forensic expert, David McCain.

Contrary to Abhyanker's MIL No. 2, McCain did not have the opportunity to review many hard drives. To date, he has been permitted to review and analyze only one, with many

[footnote redacted]

others having been withheld by Abhyanker. *Id.* The one drive reviewed was the so called "Toshiba Hard Drive" which Abhyanker claims was created by restoring a malfunction drive from his office onto a new Toshiba brand drive.

As explained in detail in his report, McCain discovered the following:



[redacted]

---

[3] In addition, the purported 2007 Assignment Agreement is inconsistent with an authentic

NEXTDOOR.COM'S OPPOSITION TO ABHYANKER'S *MOTION IN LIMINE* NO. 2     4     Case No. 3:12-CV-05667-EMC-NMC

[Page content redacted]

**ARGUMENT**

Abhyanker's MIL No. 2 seeks to bar critical evidence tending to show Abhyanker had no good faith basis to believe he had seniority of use in the NEXTDOOR mark. But the motion is based on no legal principle other than his desire to avoid that debilitating testimony. The motion does not assert McCain is not qualified; that he misanalyzed any data; that the fabrications did not occur. Nor does it assert that fabrication (or destruction) of evidence is irrelevant to whether a party could have a good faith basis for a claim that *depended* on such fabrication. Any analysis of Rule 401, 403 or other authorities is wholly absent.

On its face, this evidence is critically relevant because Abhyanker's defense depends on his argument that he had priority of use in the NEXTDOOR mark. He specifically advances, as proof supporting his good faith belief, evidence that he fabricated or spoliated: his claimed use of the mark NEXTDOOR on eDirectree.com; his claimed personal rights in all residual assets of LegalForce based on the purported 2007 Assignment Agreement; and his claimed continuous bidding for the nextdoor.com domain after 2006. That this evidence is not real, and has been tampered with, directly undermines Abhyanker's claim that he could have some good faith belief based on it.

In addition to plain relevance to the element of bad faith, this evidence of fabrication undermines entirely Abhyanker's credibility—an issue of fundamental importance where his bad faith is the only issue for trial. *See* 15 U.S.C. § 1125(d)(1)(A)(i) and MIL No. 1 at 2 ("trial . . . limited to determining whether . . . Abhyanker had a bad faith intent"). At trial, the Court can expect to hear Abhyanker's self-serving protestations that he was always acting in good faith and "with honest intentions" in squatting on the nextdoor.cm site. *See* Defendant's Witness Disclosure, Abhyanker entry. The ability to present concrete evidence against such testimony is critical to a fair trial—especially where that evidence is that he had fabricated the very facts upon which he rests his "honest" belief.

Rather than address what Mr. McCain actually reports, the motion argues that McCain's report is only about Lorelei, or that it is only about discovery abuse. But this ignores the content in Mr. McCain's proposed testimony directed at Abhyanker's assertion that he believed he owned

priority in the NEXTDOOR mark.

Moreover, it is incorrect to argue that conduct occurring after 2011 is inherently irrelevant. *See, e.g., Lahoti v. VeriCheck, Inc.*, 586 F.3d 1190, 1202 (9th Cir. 2009) ("Evidence of bad faith may arise well after registration of the domain name."); *Storey v. Cello Holdings, L.L.C.*, 347 F.3d 370, 385 (2d Cir. 2003) (evidence of bad faith may arise well after registration; domain name rights are based on ongoing conduct, not just fixed at the time of registration) and the statute makes domain name registration contingent on ongoing conduct rather than to make them fixed at the time of registration). Moreover, to the extent the bad faith analysis attempts to assess Abhyanker's good faith in 2011-2012, he is now advancing as the *proof* for a supposed good faith belief at that time evidence fabricated during the litigation. To the extent that *proof* was fabricated, whenever that occurred, no good faith belief could pertain to the fabricated facts.

Finally, Abhyanker's argument that the RA 396 "diligence CD" should be excluded as a whole ignores the hundreds of files it contains. It also ignores Abhyanker's insertion into that CD of evidence on which he specifically bases his good faith argument: *i.e.*, his purported interest in and bidding for the nextdoor.com domain after 2006, when there is no other evidence of same. The fact that Abhyanker doctored that CD and further manufactured back-dated covers to cover his tracks, undermines any good faith belief in the facts manufactured.

**CONCLUSION**

For all the foregoing reasons, Defendant's MIL No. 2 should be denied.

Dated: October 31, 2014

FENWICK & WEST LLP

By: /s/ *Laurence Pulgram*
Laurence F. Pulgram

Attorneys for Plaintiff
NEXTDOOR.COM

FENWICK & WEST LLP
ATTORNEYS AT LAW
SAN FRANCISCO