DAVID S. LAVINE, SBN 166744
dave@legalforcelaw.com
NICHOLAS M. GEROVAC, SBN 289910
nick@legalforcelaw.com
LEGALFORCE RAJ ABHYANKER, P.C.
1580 W. El Camino Real, Suite 13
Mountain View, California 94040
Telephone: 650.965.8731
Facsimile: 650.989.2131

Attorneys for Defendant Raj Abhyanker

# UNITED STATES DISTRICT COURT

# NORTHERN DISTRICT OF CALIFORNIA

# SAN FRANCISCO DIVISION

| | |
|---|---|
| NEXTDOOR.COM, INC., a Delaware corporation,<br><br>Plaintiff,<br><br>v.<br><br>RAJ ABHYANKER, an individual,<br><br>Defendant. | Case No. 3:12-cv-05667-EMC-NMC<br><br>**DEFENDANT RAJ ABHYANKER'S MOTION IN LIMINE No. 3 TO EXCLUDE THE TESTIMONY OF REBUTTAL EXPERT WITNESS GREG REGAN** |

Defendant Raj Abhyanker ("Abhyanker") hereby moves to exclude the testimony of expert rebuttal witness Greg Regan due to the Abhyanker's withdrawal of the expert whose testimony Mr. Regan was to rebut.

Pertinent Procedural Posture

During the expert discovery phase of this case, Abhyanker engaged Randy Sugarman as a testifying expert on tax matters. In response, defendant Nextdoor.com, Inc. ("Nextdoor.com") engaged Greg Regan as a rebuttal expert on the same tax matters.

As the case has narrowed, Mr. Sugarman's tax opinions have become less, and arguably no longer, relevant to remaining claims and defenses. As such, Abhyanker withdrew Mr.

Sugarman as a testifying expert. There has been no such withdrawal of Mr. Regan by Nextdoor.com, even though Mr. Regan was engaged as a rebuttal witness in response to Mr. Sugarman's opinions.

Argument

Mr. Regan's rebuttal expert testimony must be excluded.

The function of rebuttal evidence is "to explain, repel, counteract or disprove evidence of the adverse party." *United States v. Luschen*, 614 F.2d 1164, 1170 (8th Cir. 1980) (citation omitted). A rebuttal expert witness may only testify after the opposing party's initial expert witness testifies. *Linder v. MeadowGold Dairies, Inc.*, 249 F.R.D. 625, 636 (D. Haw. 2008). Even then, a rebuttal expert's testimony can address only the same subject matter raised by the initial expert and not introduce any new opinions or arguments. *Robinson v. HD Supply, Inc.* 2:12-cv-604 GEB (E.D. Cal. 2013); *Meyer Mfg. Co. v. Telebrands Corp.,* No. 2:11 cv-03153, 2013 WL 3242209, at *2 (E.D. Cal. June 20, 2013); *General Elec. Co. v. Wilkins*, 1:10-cv-00674, 2012 WL 5398407, at *2-3 (E.D. Cal. Nov. 2, 2012); *Perez v. State Farm Mut. Auto. Ins. Co.*, No. C06-01962, 2011 WL 8601203, at *6 (N.D. Cal. Dec. 7, 2011).

It follows from these rules that if Mr. Sugarman does not testify, nor can Mr. Regan

Conclusion

Once Abhyanker withdrew Mr. Sugarman as a testifying expert, Mr. Regan lost his role in this case. Accordingly, Mr. Regan 's testimony should be excluded.

Respectfully Submitted,

Dated: October 24, 2014        LEGALFORCE RAJ ABHYANKER, P.C.

*/s/ David Lavine*
DAVID LAVINE
Attorney for Defendant RAJ ABHYANKER