DAVID S. LAVINE, SBN 166744
dave@legalforcelaw.com
NICHOLAS M. GEROVAC, SBN 289910
nick@legalforcelaw.com
LEGALFORCE RAJ ABHYANKER, P.C.
1580 W. El Camino Real, Suite 13
Mountain View, California 94040
Telephone: 650.965.8731
Facsimile: 650.989.2131

Attorneys for Defendant Raj Abhyanker

# UNITED STATES DISTRICT COURT

# NORTHERN DISTRICT OF CALIFORNIA

# SAN FRANCISCO DIVISION

| | |
|---|---|
| NEXTDOOR.COM, INC., a Delaware corporation,<br><br>Plaintiff,<br><br>v.<br><br>RAJ ABHYANKER, an individual,<br><br>Defendant. | Case No. 3:12-cv-05667-EMC-NMC<br><br>**DEFENDANT RAJ ABHYANKER'S MOTION IN LIMINE No. 5 TO EXCLUDE THE TESTIMONY OF EXPERT WITNESS DEBORAH JAY** |

Defendant Raj Abhyanker ("Abhyanker") hereby moves to exclude the testimony of expert witness Deborah Jay, due to the irrelevance of her opinions to the remaining claim and defenses at issue.

**Pertinent Procedural Posture**

Nextdoor.com presented Ms. Deborah Jay as an expert in public opinion surveys. Her testimony was limited to establishing support for one or more elements of the second cause of action, which sought declaratory relief regarding the enforceability of the FATDOOR trademarks as against Nextdoor.com. Ms. Jay's expert report was provided by Nextdoor.com on August 8, 2014. The deposition of Ms. Jay, originally scheduled for August 28, 2014, was postponed

pending the outcome of Nextdoor.com's late-breaking motion to voluntarily dismiss the second cause of action. Since the dismissal of Count II was granted, Nextdoor.com has refused to withdraw Ms. Jay as an expert, even though it has acknowledged that her testimony is irrelevant to the issues remaining in the case. Dkt. 351 at p.2. Nextdoor.com has objected to producing Ms. Jay for deposition. Dkt. No. 351 at p.2. For these reasons, the Court should exclude Ms. Jay from serving as a testifying expert.

**Argument**

To be admissible, expert testimony must, *inter alia*, "help the trier of fact to understand the evidence or to determine *a fact in issue*." *See* Fed. R. Evid. 702(a) (italics added); *see also Daubert v. Merrell Dow Pharms.*, 509 U.S. 579, 597 (1993) ("...the Rules of Evidence -- especially Rule 702 -- do assign to the trial judge the task of ensuring that an expert's testimony both rests on a reliable foundation and is relevant to the task at hand").

The scope of Ms. Jay's engagement was limited to supply factual support for elements of a cause of action which has been dismissed. Nextdoor.com itself conceded that Ms. Jay's report "was limited to issues that are no longer in the case" and that any deposition of Ms. Jay would be "unrelated and irrelevant to any issues remaining in the case." Dkt. 351 at p.2. Nevertheless, Nextdoor.com refused to withdraw Ms. Jay in an attempt to leverage reimbursement for Ms. Jay's costs from Mr. Abhyanker, a matter which was decided by Magistrate Judge Cousins against Nextdoor.com and Ms. Jay. Dkt. 352. As Ms. Jay has nothing relevant to add to the narrowed case at hand, the court should preclude her from testifying.

Moreover, Rule 26 of the Federal Rules of Civil Procedure provides that a party has the right to depose any person who has been identified as an expert whose opinions may be presented at trial. Fed. R. Civ. P. 26(b)(4)(A). The opportunity to review the opposing party's expert witness's report does not satisfy a party's right to depose that expert. *Harris v. United States*, 132 Fed. Appx. 183, 185 (9th Cir. 2005).

Nextdoor.com has refused to permit the deposition of Ms. Jay. Having been denied the opportunity guaranteed by Rule 26 to examine the opinions of Ms. Jay and her support for them,

1  it would be patently unfair to Mr. Abhyanker to allow Ms. Jay to be a testifying expert regarding
2  the remaining issues in the case.
3       In short, Nextdoor.com has held Ms. Jay out as an expert whose opinion is limited to
4  issues irrelevant to the narrowed case at hand.  Inexplicably, Nextdoor.com has refused to
5  withdraw Ms. Jay as a testifying expert, yet it has also refused to allow Mr. Abhyanker to depose
6  her as a testifying expert.  For the foregoing reasons, Mr. Abhyanker respectfully requests that the
7  Court grant his Motion and bar the testimony of expert Deborah Jay.

                                              Respectfully submitted,

Dated:  October 24, 2014                      LEGALFORCE RAJ ABHYANKER, P.C.

                                              */s/ David Lavine*
                                              DAVID LAVINE
                                              Attorney for Defendant RAJ ABHYANKER