**DAVID LAVINE**, CA State Bar No. 166744
dave@legalforcelaw.com
**NICHOLAS GEROVAC**, CA State Bar No. 289910
nick@legalforcelaw.com
**LEGALFORCE RAJ ABHYANKER, P.C.**
1580 W. El Camino Real, Suite 13
Mountain View, California 94040
Telephone:  650.965.8731
Facsimile:   650.989.2131

Attorneys for Defendant
Raj Abhyanker

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| NEXTDOOR.COM, INC., a Delaware corporation,<br><br>Plaintiff,<br><br>vs.<br><br>RAJ ABHYANKER, an individual,<br><br>Defendant. | Case No. 3:12-cv-05667-EMC-NMC<br><br>**DEFENDANT RAJ ABHYANKER'S PROPOSED CONCLUSIONS OF LAW AND FINDINGS OF FACT FOLLOWING BENCH TRIAL**<br><br>Final Pretrial<br>Conference:    November 25, 2014<br>Time:              2:30 p.m.<br>Courtroom:    5, 17th Floor<br>Judge:            Hon. Edward M. Chen<br>Trial Date:     December 8, 2014 |

Defendant Raj Abhyanker ("Abhyanker") hereby submits its proposed findings of fact and conclusions of law following bench trial in the above-referenced case.  Abhyanker reserves the right to amend these proposed findings prior to and during trial to comport with evidence.

|  |  |
|---|---|
|  | Respectfully Submitted, |
| Dated:  November 4, 2014 | LEGALFORCE RAJ ABHYANKER, P.C. |
|  | /s/ David Lavine<br>David Lavine<br>Attorneys for Defendant Raj Abhyanker |

ABHYANKER'S PROPOSED
CONCLUSIONS OF LAW AND FINDINGS
OF FACT FOLLOWING BENCH TRIAL                                                               CASE NO. 3:12-cv-05667-EMC-NMC

**Proposed Findings of Fact**

1. By October 2006, Abhyanker conceived of an idea for a neighborhood social network.

2. Abhyanker used the mark NEXTDOOR to identify a neighborhood social network in 2006.

3. By 2006, Abhyanker was working with Babar Rana to develop a neighborhood social networking website using the Nextdoor name.

4. Abhyanker created screenshots and wireframes of a website showing the name "Nextdoor" and the tag-line "get to know your neighbors" by 2006.

5. Abhyanker is the sole inventor of a U.S. Provisional Patent application titled METHOD AND APPARATUS OF A NEIGHBORHOOD EXPRESSION AND USER CONTRIBUTION SYSTEM, filed as U.S. Provisional Patent application 60/853,499 (the "'499 provisional").

6. The '499 provisional describes a neighborhood social network.

7. On October 19, 2006, the '499 provisional patent application was filed.

8. Abhyanker attempted to purchase the domain www.nextdoor.com on October 21, 2006, and at multiple later times.

9. On October 23, 2006, Abhyanker purchased domains "nextlawn.com" and "nextyard.com", and "walkdoor.com".

10. On October 24, 2006, and at later dates, Abhyanker learned that the domain www.nextdoor.com was not available to purchase.

11. Abhyanker started a company named Fatdoor, Inc. (Fatdoor I) on October 25, 2006.

12. Sandeep Sood worked as an independent contractor for Legalforce, Inc. (Legalforce I) on a social network to be called Nextdoor.

13. Abhyanker and Sood created a capitalization table and equity distribution spreadsheet for a company called NextDoor.

14. Abhyanker and Sood created an early, Alpha version of a social networking

1  website, called "Nextdoor."

2  15. Abhyanker is an inventor of a U.S. Provisional Patent application titled METHOD
3  AND APPARATUS OF A NEIGHBORHOOD EXPRESSION AND USER CONTRIBUTION
4  SYSTEM, filed as U.S. Provisional Patent application 60/854,230 (the "'230 provisional").

5  16. The '230 provisional discloses the NEXTDOOR mark in the context of a
6  neighborhood social network.

7  17. On October 25, 2006, the '230 provisional patent application was filed.

8  18. Abhyanker is the sole inventor of a U.S. Patent application titled MAP BASED
9  NEIGHBORHOOD SEARCH AND COMMUNITY CONTRIBUTION, filed as U.S. Patent
10  application 11/603,442 (the "'442 patent application").

11  19. The '442 patent application discloses the NEXTDOOR mark

12  20. On November 22, 2006, the '442 patent application was filed.

13  21. Plaintiff's CEO Nirav Tolia was listed as a Chief Executive Officer candidate for
14  Fatdoor I in 2007.

15  22. On February 1, 2008, Abhyanker launched the social networking website
16  eDirectree.com.

17  23. The Internet Archive shows that on July 6, 2008, Abhyanker had a blog post titled
18  "Creating a consumer domain name" which stated Abhyanker believed the name NEXTDOOR
19  was "descriptive" of a geo-spatial social network.

20  24. Abhyanker turned his attention to other projects following his departure from
21  Fatdoor I in 2008.

22  25. In 2009, Abhyanker used the Nextdoor name with his eDirectree.com website.

23  26. On December 14, 2010, Abhyanker met with Kevin Harvey and Jeff Drazan to
24  discuss plans to re-launch a neighborhood social network, as well as his past attempts at bidding
25  on the nextdoor.com domain.

26  27. Plaintiff's Prakash Janikiraman chose the name NEXTDOOR for the Plaintiff.

27  28. Prakash Janikiraman was a college friend of Sandeep Sood.

28  29. Nextdoor.com applied for registration of the mark NEXTDOOR in February 2011.

30. Nextdoor.com publicly launched its website www.nextdoor.com on October 26, 2011.

31. In October 2011, Abhyanker learned of the launch of Nextdoor.com's website after reading an article in TechCrunch.

32. On October 27, 2011, Abhyanker sent Nirav Tolia, Nextdoor.com's CEO, a congratulatory email letting Tolia know of his prior work related to neighborhood social networking.

33. On December 21, 2011 the USPTO published a Notice of Publication to announce that the Plaintiff's NEXTDOOR mark in its trademark application "appeared to be entitled to registration" and would be published in the *Official Gazette* for "opposition by any person who believes he will be damaged by the registration of the mark" on January 10, 2012.

34. On December 28, 2011, Abhyanker filed an Intent to Use trademark application for the term NEXTDOOR with the USPTO, serial number 85504896, including, among other fields, online social networking.

35. On December 28, 2011, Abhyanker sent an email to Google's Senior Vice President, Corporate Development and Chief Legal Officer David Drummond proposing that Google, Inc. assign him rights in certain social networking assets.

36. On December 28, 2011, Abhyanker received a follow up email from Google Ventures partner Wesley Chan saying that Google, Inc. would be "happy to consider" investing in Abhyanker's restart of his neighborhood social network, and that licensing Abhyanker's patent rights will be separately explored.

37. On December 28, 2011, Abhyanker told Google Ventures that he will rebuild his neighborhood social network.

38. Following receipt of this email, Abhyanker believed that he needed to strengthen the rights he held in the name Nextdoor in connection with a neighborhood-based social network.

39. Abhyanker believed that the appearance of the domain name nextdoor.com in his prior patent applications, together with his previous use of the name, afforded him intellectual property rights to the name.

40. Abhyanker believed it was necessary to increase his Internet presence in order to strengthen his intellectual property rights to the Nextdoor name.

41. Abhyanker registered the www.nextdoor.cm domain on December 28, 2011.

42. Abhyanker owns and controls the www.nextdoor.cm domain.

43. The .cm portion of www.nextdoor.cm refers to the country code top-level domain (ccTLD) for the nation of Cameroon.

44. There is no residency requirement for registering a .cm domain for the nation of Cameroon.

45. Abhyanker used the domain name nextdoor.cm as a gateway to his social networking websites.

46. Abhyanker listed his full and correct name, work address, and work phone in the contract information for the registration of the nextdoor.cm domain.

47. No banner ads or referral links appeared on the nextdoor.cm web page.

48. Since registering the domain name nextdoor.cm, Abhyanker has not offered to sell the domain to any third party, including the Plaintiff.

49. Abhyanker has consistently made constructive use of the domain names he has registered.

50. Abhyanker does not have a prior history of selling any domain names for profit.

51. Nextdoor.com does not own any registered U.S. trademarks.

52. In December 2011, Nextdoor.com's NEXTDOOR mark was not famous.

53. Nextdoor.com's NEXTDOOR mark is not currently famous.

54. Abhyanker currently holds the only federally registered U.S. trademark that features the literal element "DOOR" in connection with a social network that utilizes spatial and geo-coded information via the Internet.

55. On January 10, 2012, USPTO published "Official Gazette Publication Confirmation" indicating that the Plaintiff's Nextdoor mark has entered its 30-day opposition period window during which "any party who believes it will be damaged by the registration of the mark may file a notice of opposition".

56. On January 20, 2012, Abhyanker timely petitioned the USPTO by filing a Notice of Opposition to the Plaintiff's Nextdoor mark.

57. Abhyanker has opposed registration of Nextdoor.com's trademark application.

58. Abhyanker's Oppositions remain pending before the TTAB.

59. On February 9, 2012, Abhyanker re-purchased the Nextyard.com and Nextlawn.com domains.

60. Abhyanker in 2013 and 2012, respectively, filed applications to register, and now owns the registered trademark for, FATDOOR and FATDOOR GET TO KNOW YOUR NEIGHBORS.

61. Abhyanker is the sole inventor of a U.S. Patent titled GEOSPATIALLY CONSTRAINED PRIVATE NEIGHBORHOOD SOCIAL NETWORK, issued as U.S. Patent 8,775,328 (the "'328 patent").

62. Abhyanker is the sole inventor of a U.S. Patent titled NEXTDOOR NEIGHBORHOOD SOCIAL NETWORK METHOD, APPARATUS, AND SYSTEM, issued as U.S. Patent 8,863,245 (the "'245 patent").

63. During the prosecution of the '245 patent, the Examiner considered Plaintiff's Nextdoor.com website launched on October 25, 2011.

64. The '245 Patent carries an express presumption of validity over the Plaintiff's Nextdoor.com website launched on October 26, 2011.

65. On July 8, 2014, the '328 patent issued, thereby granting Abhyanker intellectual property rights to the Nextdoor name mentioned in the claim therein.

66. On October 14, 2014, the '245 patent issued thereby granting Abhyanker intellectual property rights to the Nextdoor name mentioned in the claim therein.

**Proposed Conclusions of Law**

1. Abhyanker did not have a bad-faith intent to profit, as is necessary for cybersquatting liability under the Anticybersquatting Consumer Protection Act, 15 U.S.C. § 1125(d)(1)(A), when he registered and briefly used the domain name nextdoor.cm. The statutory factors testing bad faith decidedly weigh in Abhyanker's favor and demonstrate that his behavior was far removed from that of the typical cybersquatter, as follows:

    a. Abhyanker did not attempt to sell, assign, or otherwise transfer the domain name in question. This statutory factor, 15 U.S.C. § 1125(d)(1)(B)(i)(VI), thus weighs in Abhyanker's favor and demonstrates a lack of bad-faith intent to profit.

    b. Abhyanker does not have a prior history of selling domain names for a profit. This statutory factor, 15 U.S.C. § 1125(d)(1)(B)(i)(VI), thus weighs in Abhyanker's favor and demonstrates a lack of bad-faith intent to profit.

    c. Abhyanker did not profit from the use of advertising or referral links placed on the nextdoor.cm website. This statutory factor, 15 U.S.C. § 1125(d)(1)(B)(i)(VI), thus weighs in Abhyanker's favor and demonstrates a lack of bad-faith intent to profit.

    d. Abhyanker registered the domain name with his true and correct contact information. This statutory factor, 15 U.S.C. § 1125(d)(1)(B)(i)(VII), thus weighs in Abhyanker's favor and demonstrates a lack of bad-faith intent to profit.

    e. Abhyanker did not register multiple domain names for the purpose of storing or otherwise warehousing them to sell, transfer or assign in the future. This statutory factor, 15 U.S.C. § 1125(d)(1)(B)(i)(VII), thus weighs in Abhyanker's favor and demonstrates a lack of bad-faith intent to profit.

2. Abhyanker had a good faith, reasonable belief that he had intellectual property rights in the name Nextdoor at the time he registered the domain name nextdoor.cm. Abhyanker's reasonable, good faith belief in the existence of these intellectual property rights as to the term Nextdoor constitutes a highly important and unique circumstance warranting a conclusion of no liability for cybersquatting.

3. The statutory safe harbor, 15 U.S.C. § 1125(d)(1)(B)(ii), applies to Abhyanker and shields his conduct in registering and using the domain name from liability, in that Abhyanker held a reasonable, good-faith belief that his use of the nextdoor.cm domain name was fair and lawful, as well as consistent with his prior intellectual property rights in the Nextdoor name.