LAURENCE F. PULGRAM (CSB No. 115163)
lpulgram@fenwick.com
JENNIFER L. KELLY (CSB No. 193416)
jkelly@fenwick.com
ILANA S. RUBEL (CSB No. 221517)
irubel@fenwick.com
GUINEVERE L. JOBSON (CSB No. 251907)
gjobson@fenwick.com
FENWICK & WEST LLP
555 California Street
San Francisco, CA 94104
Telephone: (415) 875-2300
Facsimile: (415) 281-1350

ERIC J. BALL (CSB No. 241327)
eball@fenwick.com
MATTHEW B. BECKER (CSB No. 291865)
mbecker@fenwick.com
FENWICK AND WEST LLP
801 California Street
Mountain View, CA 94041
Telephone: (650) 988-8500
Facsimile: (650) 938-5200

Attorneys for Plaintiff
NEXTDOOR.COM, INC.

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| NEXTDOOR.COM, INC., a Delaware corporation,<br><br>Plaintiff,<br><br>v.<br><br>RAJ ABHYANKER, an individual,<br><br>Defendant. | Case No.: 3:12-cv-05667-EMC-NMC<br><br>**NEXTDOOR.COM'S FIRST AMENDED WITNESS LIST**<br><br>**[PER DOCKET 398]**<br><br>Final Pretrial<br>Conference: November 25, 2014<br>Time: 2:30 p.m.<br>Courtroom: 5, 17th Floor<br>Judge: Hon. Edward M. Chen<br>Trial Date: December 8, 2014 |

Nextdoor.com, Inc. ("Nextdoor.com") respectfully identifies the following potential trial witnesses pursuant to Fed. R. Civ. P. 26(b), the First Amended Case Management and Pretrial Order [Dkt. 339] and the Court's Order re Pre-Trial Filings [Dkt 398]. Nextdoor.com's estimated time for each of the witnesses below is based only on Nextdoor.com's examination of the witness and does not include any time Defendant Raj Abhyanker ("Abhyanker") intends to use in examining the witness.

**(1)    Raj Abhyanker**

Testimony will address all facts in dispute in this action, including, without limitation, Abhyanker's registration and use of the .cm Domain and the site offered at or redirected from the .cm Domain; his reasons for doing so; his bad faith intent in doing so; his intent to profit by that use and its combination with other conduct including USPTO and TTAB proceedings and this action invoking that use; his lack of any rights or standing individually (as opposed to rights of Fatdoor, Inc. and/or Legalforce, Inc.) in the "Nextdoor/Fatdoor" concept; and his lack of a subjective or reasonable objective belief that he could use the domain name, including his creation or destruction of facts and documents in this action to attempt to substantiate what is otherwise a baseless claim to rights in the NEXTDOOR mark. Abhyanker's testimony will further address the Anticybersquatting statute's factors for assessing bad faith, including: (1) that between at least 2006 and 2011, Abhyanker had no intellectual property rights in or even relating to the name "nextdoor"; (2) that at no time has Abhyanker had any intellectual property rights in the .cm Domain; (3) that "nextdoor" is not and was not, as the time of Abhyanker's registration of the .cm Domain, the legal or other commonly used name to identify Abhyanker; (4) that Abhyanker never previously used the .cm Domain, any other domain with .cm as the top-level domain, or any other domain with the word "nextdoor"; (5) his lack of any bona fide non-commercial or fair use of the .cm Domain; (6) his attempt to directly compete with Nextdoor.com; (7) his acknowledgement that Nextdoor.com has prior rights in the NEXTDOOR mark; and (8) that the .cm Domain is confusingly similar with Nextdoor.com's prior rights.

Finally, Abhyanker testimony will include that he has no credible evidence of use or an attempt to use the word "nextdoor" beyond a few days in October 2006.  Shortly thereafter he decided to use FATDOOR as the name and trademark for his social network.  Never again thereafter, until after Nextdoor.com's launch, is there any evidence of his use or intent to use the NEXTDOOR mark.  It was only once Nextdoor.com launched that Abhyanker decided to register the .cm Domain to directly compete in bad faith with Nextdoor.com.

The entire testimony is estimated to last approximately 3.0 hours

**(2)     Sarah Leary**

Nextdoor.com, Inc. co-founder and Vice President of Marketing and Operations will describe Nextdoor.com's launch of its NEXTDOOR website, Abhyanker's competition with Nextdoor, including through his www.nextdoor.cm website and fatdoor.com website, Abhyanker's registration and use of the .cm Domain as a typosquatting site, and Abhyanker's attempts to block Nextdoor.com's registration of its NEXTDOOR trademark through his alleged use of the www.nextdoor.cm website.  Ms. Leary can also testify about Abhyanker's continued harassment and bad faith claims and attacks against Nextdoor.com in this litigation and in multiple other forums and proceedings, as relevant to Abhyanker's claim that he acted in good faith in launching nextdoor.cm against Nextdoor.com.

Testimony is estimated to last approximately 15 minutes.

**(3)     Daniel Hansen**

Former attorney for Fatdoor, Inc. and Legalforce, Inc. will testify as to ownership and documentation of rights, if any, in the term or concept Nextdoor as between those entities and Abhyanker.  This includes the assignment of rights from Abhyanker to Fatdoor, Inc., and Abhyanker's representation in 2007 that Abhyanker did not personally hold any intellectual property relevant to Fatdoor, Inc. that had not previously been assigned.  Hansen will also testify that in 2012, a week after Nextdoor.com sued Abhyanker for cybersquatting, Abhyanker attempted to acquire rights from Center'd Corporation.  Contrary to Abhyanker's testimony in this matter, and his prior requests of Hansen, Hansen did not advise Abhyanker that he could act as interim CEO of Center'd Corporation. (Ignoring Hansen, Abhyanker then executed an

assignment agreement allegedly acting as CEO of Center'd Corporation, which Hansen did not prepare or see, in which he purports to assign all of the company's assets to himself personally for $1.00.)

Testimony is estimated to last approximately 15 minutes.

**(4) William H. Harris, Jr.**

Chairman of Fatdoor, Inc. (later known as Center'd Corporation) will testify as to Abhyanker's lack of ownership of a Nextdoor concept separate from Fatdoor, Inc., and absence of any grant of permission or transfer of assets, including rights in Nextdoor concept or name, to Abhyanker by Fatdoor, Inc or Center'd Corporation. In particular, Mr. Harris can testify regarding Abhyanker's acknowledgment in 2009, 2010 and 2012 that he did not own Fatdoor, Inc.'s or Center'd Corporation's intellectual property, including the patents Abhyanker assigned to Fatdoor, Inc. in February 2007. Mr. Harris can further testify regarding Abhyanker's competing with Nextdoor.com after its October 26, 2011 launch.

Testimony is estimated to last approximately 15 minutes.

**(5) David McCain**

Proving fabrication when the fabricator resists often requires another to establish the foundation of the fabrication and falsity of the fabricator's claims. As explained in Nextdoor.com's Oppositions to Abhyanker's Motion in Limine Nos. 1 and 2, Mr. McCain, a forensic expert, will testify as to Abhyanker's failure to preserve data and his manufacture of other documents critical to his assertion that he has a good faith basis to believe he has a right to use Nextdoor, including that: (1) Abhyanker fabricated a webpage of eDirectree.com to make it look like he had used the term NEXTDOOR prior to the launch of Nextdoor.com, when in fact he had not, and further destroyed the records of the eDirectree website necessary to determine its true content; (2) Abhyanker altered a Diligence CD to add references to "nextdoor" to support Abhyanker's narrative that he used and believed he had rights in that name; and (3) Abhyanker fabricated a June 4, 2007 Legalforce Assignment Agreement by which Abhyanker claims, contrary to a 2008 Settlement and Assignment Agreement, that Legalforce assigned him the rights he claims underlie his claim of good faith to use "nextdoor" and the .cm Domain.

FENWICK & WEST LLP
ATTORNEYS AT LAW
SAN FRANCISCO

Mr. McCain will also testify that a purported specification relied on by Abhyanker to show his belief in his rights in the "nextdoor" name appears to have been backdated.

Testimony is estimated to last approximately 45 minutes.

**(6)     Shirley Tay**

Abhyanker's accountant and tax preparer is expected to testify that she did not ever receive from Abhyanker, and his tax records (ordered produced by Judge Cousins) were not based on, the fabricated June 4, 2007 Assignment Agreement. Rather Abhyanker provided her, and Abhyanker's tax filing relied on, a different agreement dated December 23, 2008 that did not contain the same consideration and did not assign all of Legalforce, Inc.'s assets to Abhyanker. Such facts should be available by stipulation, and would not necessarily even require testimony as to the content of the returns themselves. These facts will contradict Abhyanker's claims that the June 4, 2007 Agreement was valid or existed before he fabricated it in an apparent attempt to use the fabricated agreement to support his purported claim of rights in the "nextdoor" concept and .cm Domain.

Testimony is estimated to last approximately 10 minutes.

**(7)     John Veenstra**

Nextdoor.com does not think that any evidence about Abhyanker's claim to patent ownership should come into the case, both because patents were not disclosed as a basis for Abhyanker's arguments during discovery, patents cannot establish trademark rights, and because Abhyanker indisputably did *not* own any patent rights between 2008 and 2014. But if any such information were deemed admissible, Mr. Veenstra, the CEO of GeoTag, Inc. will give percipient testimony that Abhyanker does not and did not own the applications (and resulting patents) that include the word "nextdoor.com." Rather, in 2014, Abhyanker defrauded Veenstra's company, GeoTag, by assigning from GeoTag to himself, one-half of GeoTag's interest in the patents that Abhyanker now claims support his good faith defense. In executing this self-interested assignment, Abhyanker represented that he was acting as counsel for GeoTag (signing the assignment agreement in both his attorney and individual capacity). Veenstra will testify that GeoTag never authorized or was even aware of Abhyanker's actions. Abhyanker's fraudulent

assignment defeats any ownership rights Abhyanker has in his asserted patents and any claim to a good faith belief that these patents conferred on him a right to use the "nextdoor" name or .cm Domain.

Testimony is estimated to last approximately 20 minutes.

**(8)    Bruno Tarabichi**

Bruno Tarabichi's testimony could be avoided by stipulation. But if no stipulation can be obtained, Mr. Tarabichi will provide foundational and percipient testimony as to documents produced, documents purportedly lost or never found, and facts represented in discovery. Mr. Tarabichi's knowledge includes the 2007 Legalforce Assignment Agreement, which Mr. Abhyanker claims existed before this litigation and has attested that he gave, with all Legalforce's corporate documents, to his former counsel, who he claims lost it.[1] Mr. Tarabichi, on the record, has already suggested that the 2007 Assignment Agreement was not given to counsel. *Id.* at Abhyanker Depo. Tx. 427:3 – 5. Mr. Tarabichi also is the percipient participant in the creation of the manufactured screenshot of the purported use of "nextdoor" on the eDirectree.com website.[2] Last, Mr. Tarabichi also has foundational knowledge regarding the custody and imaging of the Toshiba Hard Drive that, if disputed, would need to be presented.

Testimony is estimated to last approximately 10 minutes.

**(9)    Brad Bonnington or other Fenwick & West representative.**

This testimony should be avoided by stipulation. But if not, Mr. Bonnington or other appropriate Fenwick personnel will testify to the receipt, source, and authenticity of documents and their metadata. This includes copies of the www.nextdoor.cm website and documents produced by Abhyanker on the Diligence CD and Toshiba Hard Drive.

---

[1] Dkts. 291; 309; Declaration of Jennifer L. Kelly in Support of Plaintiff Nextdoor.com, Inc.'s Oppositions to Motions in Limine Nos. 1, 2 and 4 ("Kelly. Opp. Decl., ¶ 3, Ex. 2 (Raj Abhyanker Deposition Testimony Transcript at 424:23 – 427:19)). Given this testimony, whether former counsel received that document, as Abhyanker testified, is certainly *not* privileged or has been waived.
[2] Again, the facts of this creation have been confirmed in discovery meet and confer discussions and are not privileged, (*see* Kelly Opp. Decl. ¶ 4, Ex. 3 (Deposition Exhibit 133).

1  Testimony is estimated to last approximately 10 minutes.

2  Dated: November 10, 2014                    FENWICK & WEST LLP

By: */s/ Laurence F. Pulgram*
    Laurence F. Pulgram

Attorneys for Plaintiff
NEXTDOOR.COM, INC.

FENWICK & WEST LLP
ATTORNEYS AT LAW
SAN FRANCISCO

NEXTDOOR.COM'S FIRST
AMENDED WITNESS LIST                 6            CASE NO. 3:12-cv-05667-EMC-NMC