UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

NEXTDOOR.COM, INC.,

          Plaintiff,

    v.

RAJ ABHYANKER,

          Defendant.
_____/

No. C-12-5667 EMC

**ORDER REGARDING DISCOVERY HEARING**

On December 1, 2014, this Court issued an order vacating the December 3, 2014, hearing of Defendant Abhyanker's pending Motion to Preserve Confidentiality Designations on Enumerated Documents Pursuant to Protective Order and its accompanying Administrative Motion to File Under Seal. *See* Docket No. 412 (Court's Order); Docket No. 355 (Defendant's Motions). The Court further indicated it would decide these motions on the merits, rather than Magistrate Judge Cousins, to whom the motions had previously been referred. Docket No. 412.

The Court issued its Order out of concern that with trial fast approaching,[1] it would be an inefficient use of judicial resources for Judge Cousins to decide issues (such as whether documents likely to be admitted as trial exhibits could be filed under seal) that this Court might be asked to decide for itself at trial. Upon further consideration of Defendant's motions, however, the Court is convinced that there would be no such inefficiencies. Defendant's Motion to Preserve Confidentiality Designations on Enumerated Documents Pursuant to Protective Order involves

---

[1] A bench trial is currently scheduled to begin December 8, 2014.

issues and a legal standard which are distinct from the question whether documents that might be introduced at trial should be sealed. So does Abhyanker's Administrative Motion to File Documents Under Seal that he filed along with his discovery motion.

As Judge Koh explained in *Apple, Inc. v. Samsung Electronics Co., Ltd.*, No. 11-CV-01846-LHK, 2012 WL 2913669, at *1 (N.D. Cal. Jul. 17, 2012), the Ninth Circuit applies two different standards to requests to seal judicial records. Where, as here, a party seeks to seal records attached to non-dispositive motions, the Ninth Circuit applies a "good cause" standard. *Id.* But those "'who seek to maintain the secrecy of documents attached to dispositive motions'" or documents to be used at trial, "'must meet the high threshold showing that **compelling reasons** support secrecy.'" *Id.* (quoting *Kamakana v. City and Cnty. of Honolulu*, 447 F.3d 1172, 1177 (9th Cir. 2006) (emphasis added) (internal quotation marks omitted)). This is because "'the resolution of a dispute on the merits, whether by trial or summary judgment, is at the heart of the interest in ensuring the public's understanding of the judicial process and of significant public events.'" *Id.* (quoting *Kamakana*, 447 F.3d at 1177). Hence, courts in this District have held that "the presumption of openness will apply to all documents [introduced at trial] and only documents of **exceptionally sensitive information** that truly deserve protection will be allowed to be redacted or kept from the public." *Id.* at *2 (emphasis added); *see also Oracle America v. Google, Inc.*, 10-CV-03561-WHA, at ECF No. 540 (noting that the "United States district court is a public institution, and the workings of litigation must be open to public view" and therefore holding that "unless [motions to seal] identify a limited amount of exceptionally sensitive information that truly deserves protection, the motions will be denied outright").

Defendant's motion to seal, filed at Docket No. 355, seeks to keep secret documents attached to a non-dispositive motion. Thus, the "good cause" standard (as well as that set forth in Local Rule 79-5) will apply to Defendant's request. *See Apple*, 2012 WL 2913669 at *1. But "[n]early all of the documents which [meet] the lower, 'good cause' standard [will] not meet the higher, 'compelling reasons' standard for trial." *Id.* at *2. Thus, any determination that Judge Cousins might make when deciding Defendant's current motion to seal will not be dispositive to any determination this Court might be called to make under the more stringent sealing standard at trial.

Consequently, this Court re-refers the pending motions filed at Docket No. 355 to Judge Cousins for his resolution, with or without a hearing, and at a time he so orders.

IT IS SO ORDERED.

Dated: December 1, 2014

_____
EDWARD M. CHEN
United States District Judge