UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| NEXTDOOR, INC.,<br><br>        Plaintiff,<br><br>    v.<br><br>RAJ ABHYANKER,<br><br>        Defendant. | Case No. 12-cv-05667-EMC<br><br>**ORDER RE DEFENDANT'S NOTICE OF MATERIAL BREACH**<br><br>Docket No. 485 |

    Previously, the Court issued an order denying Mr. Abhyanker's motion for relief. *See* Docket No. 474 (order). That order was filed in its entirety under seal; however, the Court ordered the parties to meet and confer to determine which portions of the order could be publicly filed.

    The parties were unable to reach agreement on the scope of sealing. Thus, on March 1, 2021, at 11:59 p.m., Nextdoor filed a motion to file under seal. *See* Docket No. 480 (motion). Exhibit D to the Becker Declaration (filed in support of the sealing motion) was a copy of the Court order, with highlights reflecting the parties' respective positions on sealing. In the sealing motion, Nextdoor asked that Exhibit D be filed under seal. However, Exhibit D as filed on ECF was not filed under seal, but rather was publicly filed.

    Approximately two hours later (specifically, on March 2 at 1:54 a.m.), Nextdoor filed a motion to remove Exhibit D from ECF because it "was accidentally filed publicly, and should have been filed under seal." Docket No. 481 (motion). Nextdoor represented that it had "already contacted the Docket Correction email address for this case, and contacted the ECF Helpdesk." Docket No. 481 (motion).

    By approximately 5:30 a.m. on March 2, the Court had locked access to Exhibit D.

Subsequently, at 4:10 p.m. of March 2, Mr. Abhyanker filed a "Notice of Material Breach of Settlement Agreement" because Exhibit D had been publicly filed. Mr. Abhyanker asserted that the public filing was not an accident. He also asserted (without any supporting facts) that "untold numbers of unauthorized individuals have already accessed all the unredacted versions of the filing." Not. ¶ 5. Finally, Mr. Abhyanker maintained that, because of the public filing, he was relieved of certain obligations under the Settlement Agreement.

Because Mr. Abhyanker's filing is captioned a "Notice" and does not, in its content, make a request for any relief from the Court, *compare* Docket No. 476 (motion recently filed by Mr. Abhyanker, seeking clarification regarding the Court's order denying his request for relief), the Court does not take any action based on his Notice. To be clear, it makes no adjudication on, *e.g.*, whether Nextdoor has materially breached the Settlement Agreement.

**IT IS SO ORDERED**.

Dated: March 3, 2021

_____
EDWARD M. CHEN
United States District Judge

2