**Pages 1 - 9**

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

Before The Honorable Edward M. Chen, Judge

| | |
|---|---|
| NEXTDOOR, INC., ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| VS. ) | **NO. C 12-05667-EMC** |
| ) | **21-01534-EMC** |
| RAJ ABHYANKER, ) | **21-01586-EMC** |
| ) | **21-01853-EMC** |
| Defendant. ) | |
| ) | |

San Francisco, California
Tuesday, June 1, 2021

**TRANSCRIPT OF REMOTE VIDEOCONFERENCE PROCEEDINGS**

**APPEARANCES**: (Appearances via Zoom videoconference.)

For Plaintiff:

> FENWICK & WEST LLP
> 555 California Street - 12th Floor
> San Francisco, California 94104
> BY: **LAURENCE F. PULGRAM**
> **MATTHEW B. BECKER**
> **ATTORNEYS AT LAW**

**For Defendant Pro Se:**

> RAJ ABHYANKER, PC
> 1580 W. El Camino Real
> Suite 13
> Mountain View, California 94040
> BY: **RAJ V. ABHYANKER**
> **DEFENDANT PRO SE**

Reported By:  Ruth Levine Ekhaus, RMR, RDR, FCRR
         Official Reporter, CSR No. 12219

**Tuesday - June 1, 2021**                              **1:49 p.m.**

**PROCEEDINGS**

--oOo--

THE CLERK:  Court is now in session.  The Honorable Edward M. Chen is presiding.

Calling Civil Action 12-5667, Nextdoor, Inc. versus Abhyanker; related to Civil Action 21-1534; 21-1586; and 21-1853.

Counsel state your appearances for the record, beginning with counsel for plaintiff.

MR. PULGRAM:  Good morning, Your Honor.  Laurence Pulgram for plaintiff, Nextdoor.

THE COURT:  All right.  Good morning, Mr. Pulgram.

MR. BECKER:  Matthew Becker for plaintiff, Nextdoor.

THE COURT:  All right.  Good morning, Mr. Becker.

MR. ABHYANKER:  Your Honor, Raj Abhyanker, the defendant.

THE COURT:  All right.  Good morning, Mr. Abhyanker.

MR. ABHYANKER:  Good morning.

THE COURT:  All right.  So I understand that the appeal to the Ninth Circuit has been dismissed.  So where does that leave us at this point?

MR. PULGRAM:  For the plaintiff, we have a desire to file a motion for attorneys' fees with respect to the prior order enforcing the settlement; and we also have the matter of

making your order granting interim relief and deferring ruling on the motion to enforce final.

THE COURT:  All right.  Have you all met and conferred at all about whether there can be a stipulation reached as to next steps or have you had any discussions at all?

MR. PULGRAM:  We have not, Your Honor.  I'm happy to do that if it would be productive.

I think, from our perspective, the first issue is simply whether you will enter that interim order as a final order. Given the description in the order, it states that you're deferring going final, essentially, for the appeal to conclude.

THE COURT:  Right.

MR. PULGRAM:  But in terms of any further proceedings and scheduling them, we have not met and conferred.  Our position would be there is not need for further proceedings if Your Honor is now satisfied that the appeal concludes the basis for the deferral.

THE COURT:  All right.

Your views, Mr. Abhyanker?

MR. ABHYANKER:  Yes, Your Honor.

So after your order for interim relief, I wanted to mitigate all harm possible to Nextdoor, given that it seemed that it was not a material breach.  So I dropped all three federal complaints.  I dropped the TTAB opposition.  I abandoned the trademark.  I tried -- am trying to mitigate any

and all harm to Nextdoor.

I sent the requested notice to the USPTO.  I sent a copy to Nextdoor.  I asked Nextdoor if there was anything else I could do to mitigate harm to them.  I haven't gotten a reply, but I have done everything I can to continue delivering the promised consideration.

With respect to their motion for attorneys' fees, I respectfully would like, if possible, to file a motion to determine who is the prevailing party.

In the interim, since the last time we spoke, there has been six orders by the USPTO on the reexaminations.  And they have independently determined, not only that there is -- these patents that -- mine, were material to patentability, but raised substantial issues of patentability.

So what I've been trying to say all along is Nextdoor, after the settlement, effectively rewrote my patent applications into their own words.  Now there are orders -- there is about 60 pages of orders from six -- a total of nine different USPTO attorneys, as well as examiners that have sided with my view.

So I also -- I should note that four of those examiners have expressly mentioned my ethical duties as an omitted inventor, in the form of an IDS.

So with respect to inequitable conduct or fraud on the patent office is what I have been trying to argue for, it's not

just my word now, Your Honor.  I would respectfully request that you to take notice of what the USPTO's analysis of this matter is because there is a two-part -- step test for inequitable conduct.  One is whether there was knowledge of the prior art; and second is whether they were material to patentability.

Only a very short number of applications that are material to patentability rise to the standard of being substantial issues of patentability.  The USPTO has determined that not just for one or two claims, but for every single claim of every one of their six patents.  And they have written orders on that basis.  So --

**THE COURT:**  Well, let's --

**MR. ABHYANKER:**  -- could file a motion for determining who is the prevailing party.  And then, based on that, if you determine that they are the prevailing party, then I would be happy to, then, think that the attorneys' fees is proper.

**THE COURT:**  Well, I think the simplest way to do this is that Nextdoor can file its motion for fees and include a discussion of prevailing party.  I assume that's a predicate for fees.

And in your opposition -- I don't see a need to bifurcate this formally.  We'll just do it as we normally do.  They'll file their motion which, I assume, given your statements, will address the prevailing party question, as well as the amount,

and what's a reasonable amount.

And maybe what you just raised, perhaps, that's -- I don't know if that's relevant or not, but maybe that's relevant to the amount as well, what's reasonable.  And you can respond.  So rather than bifurcating, we should just do this as a single motion, wrap everything up within that context.

Is there any reason why the interim order should not be made final now that the appeal is no longer pending, in terms of the actual relief?

**MR. ABHYANKER:**  Your Honor, I don't see any reason.  I continue to deliver the promised consideration.  Everything that I've tried to do I -- you know, I've tried to mitigate any harm to them.

We do have our sanctions motions against Fenwick & West pending.  So to the extent that they were planning on trying to file this $1.5 million stipulated judgment, I believe that -- you know, that the promised consideration is continuing to be delivered.  And I've acted in good faith.  I did more than what you requested me to do.  I have no intention of not abiding by the settlement agreement.

**THE COURT:**  Your response, Mr. Pulgram?

**MR. PULGRAM:**  I did not hear a reason not to make the interim order final, so it doesn't sound like that's contested.

And with respect to the sanctions motion, we think that is all but mooted, if not mooted, by the interim orders findings;

but we'll address that if it's required to be put on calendar to be addressed.

THE COURT:  All right.  And that's pending still, the sanctions motion?

MR. PULGRAM:  It was stayed pending the appeal.

THE COURT:  And remind me, was there an opposition?

MR. PULGRAM:  It's not been filed yet.

THE COURT:  Not filed yet.  All right.

Well, let's do this:  I think Mr. Abhyanker's point is that, since he has complied, he doesn't -- there is no need to enter a final order; but I don't think voluntary compliance moots out the question.

Given the history here, there is a sufficient possibility of further action and therefore it's appropriate, and I think this Court still maintains jurisdiction, to enter a final order regarding the injunctive relief.  So I'm going to do that.  I will basically make the interim relief items permanent.

I will invite briefing on the attorneys' fees and ask the defendant -- I mean, the plaintiff to respond to the sanctions motion.  If you think it's moot, just tell me why.  I don't need a long elaborate -- and then -- so let's set up a schedule.  We can hear both those things, for efficiency purposes, at the same time.

So, Mr. Pulgram, when do you think you can file your fee motion?

**MR. PULGRAM:** There is a bunch of gathering and sorting of all that fee data over months. If it works for the Court, we'd propose July 1 or 2, before the July 4th weekend.

**THE COURT:** Okay. Let me just look.

**MR. PULGRAM:** July 1 would be on cycle for a Thursday hearing date.

**THE COURT:** Yeah. So July 1. And you can file your opposition to the sanctions motion also at the same time.

So you file your fee motion and your opposition to sanctions. And then the reply -- the opposition brief for the fee motion would be due July 15. And any reply to -- on the sanctions motion will be filed as well. And then I don't know if you need a reply on the fee, I guess you're entitled to that. That would be on the 22nd.

**MR. PULGRAM:** Yes.

**THE COURT:** Just reply on the fee motion. And then, normally, we would set a hearing two weeks thereafter, which would be August -- are we open August 5th, Angie?

**THE CLERK:** We are, Your Honor. August 5th.

**THE COURT:** Okay. We'll hear both motions on August 5th.

And I believe those are all the outstanding matters; is that right, at this point?

**MR. PULGRAM:** Correct.

**THE COURT:** All right. So we will get out a minute

order memorializing these dates, but that's the time frame.  So we'll see you on August 5th.

MR. PULGRAM:  Thank you so much.

MR. ABHYANKER:  Thank you.

THE COURT:  All right.  Thank you.

(Proceedings adjourned at 10:42 a.m.)

---o0o---

**CERTIFICATE OF REPORTER**

I certify that the foregoing is a correct transcript from the record of proceedings in the above-entitled matter.

DATE:   Thursday, June 10, 2021

_____
Ruth Levine Ekhaus, RMR, RDR, FCRR, CSR No. 12219
Official Reporter, U.S. District Court