United States District Court
Northern District of California

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

NEXTDOOR, INC.,

Plaintiff,

v.

RAJ ABHYANKER,

Defendant.

Case No. 12-cv-05667-EMC

**PUBLIC/REDACTED VERSION**

**ORDER GRANTING PLAINTIFF'S MOTION FOR ATTORNEYS' FEES**

Docket No. 577

Plaintiff Nextdoor, Inc. has filed a motion for attorneys' fees. The fee request is close to $1 million, representing more than 1,000 hours of work. *See* Mot. at 1; Pulgram Decl., Ex. B. All fees were incurred post-settlement. Defendant Raj Abhyanker opposes the motion. He contends that Nextdoor is not entitled to fees because it is not the prevailing party. He also argues that, even if Nextdoor were the prevailing party, many, if not all, of the attorney hours should not be compensated.

Having considered the parties' briefs and accompanying submissions, the Court hereby finds that Nextdoor is the prevailing party and thus **GRANTS** the fee motion.[1] The Court, however, does not adjudicate at this time the amount of fees that should be awarded. Instead, the Court orders the parties to a settlement conference with a magistrate judge to see if the parties can reach agreement on the amount of fees and/or otherwise resolve the current dispute. The hearing on the fee motion that was set for August 5, 2021, is hereby **VACATED**.

[1] Mr. Abhyanker has filed a motion for leave to file a sur-reply. *See* Docket No. 600 (motion). Out of an abundance of caution, the Court **GRANTS** that request.

United States District Court
Northern District of California

## I. FACTUAL & PROCEDURAL BACKGROUND

The parties entered into a Settlement Agreement in December 2014. *See* Docket No. 420-19 (Settlement Agreement). [redacted]

[redacted]

The fees requested by Nextdoor are, generally speaking, those incurred as of November 16, 2020. In terms of what has taken place since that date, the highlights are as follows:

- On December 8, 2020, Mr. Abhyanker filed a motion to be relieved of his obligations under the Settlement Agreement. *See* Docket No. 420-12 (motion). The parties refer to this as the first motion under the Court's retained jurisdiction ("FMRJ"). [redacted]
- On December 16, 2020, Mr. Abhyanker filed a second motion under the Court's retained jurisdiction ("SMRJ"), claiming that Nextdoor had breached a provision in the Settlement Agreement [redacted] *See* Docket No. 445 (motion).
- In late January 2021, the Court denied the SMRJ in late January 2021. *See* Docket No. 460 (order).
- In late February 2021, the Court denied the FMRJ. *See* Docket No. 474 (order).

United States District Court
Northern District of California

Mr. Abhyanker subsequently appealed that decision. *See* Docket No. 500 (notice of appeal).

- [redacted] The unilateral action taken by Mr. Abhyanker consisted of the following: (1) filing a lawsuit against Nextdoor seeking, *inter alia*, to invalidate six of its patents; (2) filing a lawsuit against Nextdoor asserting, *inter alia*, infringement of six of his own patents; (3) initiating six ex parte petitions for reexamination of Nextdoor's patents; (4) filing a lawsuit against Nextdoor seeking declaration that its logo was abandoned and invalid; and (5) initiating a TTAB proceeding challenging Nextdoor's logo. *See generally* Docket No. 560 (order).
- Mr. Abhyanker's unilateral actions led to Nextdoor filing a motion to enforce the settlement and for immediate interim relief (in March 2021). *See* Docket No. 524 (motion).
- In April 2021, the Court granted Nextdoor's motion for immediate relief [redacted] but reserved final adjudication of the motion to enforce the settlement (even though the motion had merit) because of the Ninth Circuit appeal. *See* Docket No. 560 (order).
- Mr. Abhyanker subsequently dismissed the Ninth Circuit appeal. The Court therefore held a status conference on June 1, 2021, to discuss with the parties what remained to be done in the action. Nextdoor indicated that it intended to file a

United States District Court
Northern District of California

motion for fees based on Mr. Abhyanker's conduct. Mr. Abhyanker stated that he still intended to proceed with his motion for sanctions (filed back in March 2021), [redacted]. *See* Docket No. 572 (minutes).

- Subsequently, the Court granted Nextdoor's motion to enforce the settlement (*i.e.*, giving final relief rather than just immediate interim relief). *See* Docket No. 574 (order).
- Nextdoor then filed the pending fee motion in July 2021. *See* Docket No. 577 (motion)/
- On July 16, 2021, the Court denied Mr. Abhyanker's motion for sanctions, noting that it lacked merit in light of the Court's prior order in which it had granted Nextdoor interim relief. *See* Docket No. 596 (order).

## II. DISCUSSION

There is no doubt that, in the instant case, Nextdoor is the prevailing party. The Court has repeatedly ruled in Nextdoor's favor – *e.g.*, denying Mr. Abhyanker's motion to be relieved of his obligations under the Settlement Agreement (*i.e.*, his FMRJ), denying his SMRJ, and granting Nextdoor's motion for immediate interim relief as well as its ultimate motion for enforcement the Settlement Agreement.

Mr. Abhyanker argues that he is the prevailing party because he was able to obtain one of his main litigation objectives, *see id.* at 877 (stating that "a party who is denied direct relief on a claim may nonetheless be found to be a prevailing party if it is clear that the party has otherwise achieved its main litigation objective") . But this argument is unavailing because it ignores the fact that the Court *denied* Mr. Abhyanker's FMRJ

Mr. Abhyanker contends still that, even if he is not the prevailing party, the Court should still reject finding Nextdoor as the prevailing party



United States District Court
Northern District of California

[redacted]

> "[T]ypically, a determination of no prevailing party results when both parties seek relief, but neither prevails, or when the ostensibly prevailing party receives only a part of the relief sought." By contrast, when the results of the litigation on the contract claims are not mixed – that is, when the decision on the litigated contract claims is purely good news for one party and bad news for the other – the Courts of Appeal have recognized that a trial court has no discretion to deny attorney fees to the successful litigant.

*Id.* at 875-76. In short, "those parties whose litigation success is not fairly disputable [are entitled] to claim attorney fees as a matter of right, while . . . the trial court [has] a measure of discretion to find no prevailing party when the results of the litigation are mixed." *Id.* at 876. "[W]hen one party obtains a 'simple, unqualified win' on the single contract claim presented by the action, the trial court may not invoke equitable considerations unrelated to litigation success, such as the parties' behavior during settlement negotiations or discovery proceedings, except as expressly authorized by statute." *Id.* at 877.

Given the standard articulated by the California Supreme Court in *Hsu*, the Court rejects Mr. Abhyanker's argument that there is no prevailing party in the instant case. The results in this case are, in essence, a simple, unqualified win for Nextdoor. [redacted]

Accordingly, the Court grants Nextdoor's motion for fees. However, at this juncture, the Court does not make a decision as to what constitutes a reasonable fee award. Instead, the Court finds that it would be more fruitful to order the parties to a settlement conference with a magistrate judge to determine if they can reach an agreement on the amount of fees and/or otherwise resolve

United States District Court
Northern District of California

the current dispute. Although this will require the parties to devote some additional resources, in the long run, it makes more sense to try to achieve a final resolution now as, otherwise, it seems likely that another appeal would follow.

## III. CONCLUSION

Nextdoor's fee motion is granted but the Court defers ruling on a reasonable fee award. The Clerk of the Court shall immediately refer this case to magistrate judge for a settlement conference to address the remaining part of the fee motion.

**IT IS SO ORDERED**.

Dated: July 26, 2021

EDWARD M. CHEN
United States District Judge